# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) Civil Action No. 1:23-cv-00853 |
| v. | ) |
| GREG ABBOTT, in his capacity as GOVERNOR OF THE STATE OF TEXAS, and THE STATE OF TEXAS, | ) |
| Defendants. | ) |

## COMPLAINT

Plaintiff, the United States of America, through its undersigned counsel, by the authority of the Attorney General of the United States, and at the request of the Secretary of the Army acting through the United States Army Corps of Engineers ("Corps"), files this Complaint and alleges as follows:

## NATURE OF THE ACTION

1. The United States brings this civil enforcement action under sections 12 and 17 of the Rivers and Harbors Appropriation Act of 1899 ("RHA" or "Rivers and Harbors Act"), 33 U.S.C. §§ 406 and 413, against Defendants Greg Abbott, in his official capacity as Governor of the State of Texas, and the State of Texas.

2. As alleged below, Defendants have built structures in the Rio Grande, a navigable water of the United States, without the Corps' authorization, in violation of RHA section 10, 33 U.S.C. § 403. These structures include a floating barrier and related infrastructure.

1

3. As alleged below, Defendants' structures also constitute an unauthorized obstruction to the navigable capacity of waters of the United States in violation of RHA section 10, 33 U.S.C. § 403.

4. In this action, the United States seeks: (1) to enjoin the building of structures in navigable waters and the obstruction to the navigable capacity of the waters of the United States in violation of the RHA, 33 U.S.C. § 403; and (2) to require Defendants, at their own expense and cost, to remove all structures and obstructions, including a floating barrier and all infrastructure related to the floating barrier, in the Rio Grande.

## **JURISDICTION AND VENUE**

5. This Court has subject-matter jurisdiction pursuant to 33 U.S.C. § 406 and 28 U.S.C. §§ 1331, 1345 and 1355.

6. Venue is proper in the Western District of Texas, Del Rio Division, pursuant to 33 U.S.C. § 406 and 28 U.S.C. § 1391(b) and (c), because the unauthorized structures and obstruction exist in the Rio Grande in the vicinity of Eagle Pass, Texas, which lies within this District, and the events giving rise to the cause of action alleged below occurred in the Rio Grande in the vicinity of Eagle Pass, Texas, which lies within this District.

7. Venue also is proper in the Western District of Texas, Austin Division, because Austin is the state capital and Defendant Greg Abbott is located in Austin, the unauthorized structures and obstruction exist in the Rio Grande in the vicinity of Eagle Pass, Texas, which lies within this District, and the events giving rise to the cause of action alleged below occurred in the Rio Grande in the vicinity of Eagle Pass, Texas, which lies within this District. The United States is filing suit in the Western District of Texas, Austin Division, because it is the capital and where a Defendant resides, and a related case is pending there. That case, *Epi's Canoe & Kayak Team, LLC v. State of Texas*, No. 1:23-cv-00836-DII, was removed to federal court by Governor Greg

Abbott, the State of Texas, and state agencies and officials on July 21, 2023. The plaintiffs in *Epi's Canoe* claim that the floating barrier in the Rio Grande in the vicinity of Eagle Pass, Texas, is unlawful and pray for, among other things, an injunction to restrain Governor Abbott, the State of Texas, and the other state defendants from installing the floating barrier.

## THE PARTIES

8. Plaintiff is the United States of America. Authority to bring this action is vested in the United States Department of Justice pursuant to 28 U.S.C. §§ 516 and 519 and 33 U.S.C. § 413.

9. Defendants are Greg Abbott, in his official capacity as Governor of the State of Texas, and the State of Texas.

10. At all times relevant to the Complaint, Defendants caused and/or controlled the placement and/or construction activities that occurred or are occurring in the Rio Grande and are the subject of this complaint.

## RIVERS AND HARBORS ACT STATUTORY AND REGULATORY BACKGROUND

11. RHA section 10, 33 U.S.C. § 403, prohibits the "creation of any obstruction not affirmatively authorized by Congress, to the navigable capacity of any of the waters of the United States." 33 U.S.C. § 403.

12. RHA section 10, 33 U.S.C. § 403, independently prohibits "build[ing] or commenc[ing] the building of any wharf, pier, dolphin, boom, weir, breakwater, bulkhead, jetty, or other structures in any port, roadstead, haven, harbor, canal, navigable river, or other water of the United States, outside established harbor lines, or where no harbor lines have been established, except on plans recommended by the Chief of Engineers and authorized by the Secretary of the Army."

13. A Corps permit is required under RHA section 10, 33 U.S.C. § 403, for structures or work in or affecting navigable waters of the United States. 33 C.F.R. § 322.3(a).

14. "Navigable waters of the United States are those waters that are subject to the ebb and flow of the tide and/or are presently used, or have been used in the past, or may be susceptible for use to transport interstate or foreign commerce. A determination of navigability, once made, applies laterally over the entire surface of the waterbody, and is not extinguished by later actions or events which impede or destroy navigable capacity." 33 C.F.R. § 329.4.

15. A "structure" includes, but is not limited to, "any pier, boat dock, boat ramp, wharf, dolphin, weir, boom, breakwater, bulkhead, revetment, riprap, jetty, artificial island, artificial reef, permanent mooring structure, power transmission line, permanently moored floating vessel, piling, aid to navigation, or any other obstacle or obstruction." 33 C.F.R. § 322.2(b).

16. RHA section 12, 33 U.S.C. § 406, provides that "the removal of any structures or parts of structures erected in violation of the provisions of [33 U.S.C. § 403 and other specified statutory sections] may be enforced by the injunction of any district court exercising jurisdiction in any district in which such structures may exist, and proper proceedings to this end may be instituted under the direction of the Attorney General of the United States."

## **GENERAL ALLEGATIONS**

17. The Rio Grande in the vicinity of Eagle Pass, Texas, is a navigable water of the United States. *See* U.S. Army Corps of Engineers, Fort Worth District, Navigable Waters of the United States in the Fort Worth, Albuquerque, and Tulsa Districts Within the State of Texas at p. 1 (Dec. 20, 2011), Attachment 1[1]; U.S. Coast Guard, Memo from 8th District Commander re:

---

[1] This document also is publicly available at: www.swf.usace.army.mil/Portals/47/docs/regulatory/NavList2011.pdf. As such, the Court may take judicial notice of it. *See, e.g.*, *Hawk Aircargo, Inc. v. Chao*, 418 F.3d 453, 457 (5th Cir. 2005).

Navigability Determination (Oct. 19, 1984), Attachment 2; Decl. of Capt. Brandy Parker Regarding Navigability Determination of the Rio Grande (July 24, 2023), Attachment 3.

18. Beginning on or before July 10, 2023, and continuing through at least July 17, 2023, the Defendants, and/or persons acting on their behalf or at their direction, placed a floating barrier in the Rio Grande approximately two miles south of the Camino Real International Bridge, Eagle Pass, Texas (hereinafter the "Floating Barrier"). Declaration of Abraham Garcia ¶¶ 2-3 & Ex. 1-2 (July 24, 2023), Attachment 4. The Floating Barrier appears to include associated infrastructure designed to anchor or fix it in place in the Rio Grande. *Id.* Ex. 1.

19. The Floating Barrier consists of a string of buoys each of which is between 4 and 6 feet in diameter. According to a June 8, 2023, press statement by Governor Abbott, this string of buoys may stretch for at least 1,000 feet.[2]

20. Defendants do not have authorization from the Corps pursuant to 33 U.S.C. § 403 or 33 C.F.R. § 322.3 for the Floating Barrier or for any associated infrastructure.

21. Defendants did not seek authorization from the Corps prior to installing the Floating Barrier.

22. Governor Abbott stated publicly on June 8, 2023, that Texas may seek to build similar floating barriers within the Rio Grande along the United States-Mexico border in Texas in addition to the one then contemplated, and now constructed, in the vicinity of Eagle Pass, Texas.[3]

23. Because Texas installed the Floating Barrier without seeking the Corps' authorization, the Corps and other relevant federal agencies were deprived of the opportunity to evaluate risks the barrier poses to public safety and the environment, mitigate those risks as

---

[2] *See* https://gov.texas.gov/news/post/governor-abbott-signs-sweeping-package-of-border-security-legislation.

[3] *See* https://gov.texas.gov/news/post/governor-abbott-signs-sweeping-package-of-border-security-legislation.

necessary through the permitting process, and otherwise evaluate whether the project is in the public interest.

24. Governor Abbott has stated publicly that the Floating Barrier is part of a broader effort called "Operation Lone Star."[4] According to Governor Abbott, Operation Lone Star also includes the placement of concertina wire near the U.S.-Mexico border.[5] With respect to the placement of concertina wire, Governor Abbott has stated: "We aren't asking for permission."[6]

25. On July 20, 2023, United States Assistant Attorney General Todd Kim and United States Attorney Jaime Esparza wrote Governor Abbott and Texas Provisional Attorney General Angela Colmenero, giving the Texas officials notice that the Floating Barrier violates federal law and inviting the State in response to commit to expeditiously remove the Barrier and related structures. On July 24, 2023, the Governor responded with a letter addressed to President Biden. Attachment 5. The Governor's letter acknowledges "the floating marine barriers we have deployed in the Rio Grande River in Eagle Pass" and states that "Texas will see you in court, Mr. President." *Id.* at 1.

## COUNT 1: VIOLATION OF THE RIVERS AND HARBORS ACT

26. The United States repeats the allegations set forth in Paragraphs 1 through 25 of this Complaint.

---

[4] *See* https://gov.texas.gov/news/post/operation-lone-star-boosts-border-response-with-new-marine-barriers.

[5] *See id.*

[6] *See* https://twitter.com/GregAbbott_TX/status/1638306917939380224?t=BB0rNKcTgwyDn0j8qRiQKQ&s=19.

27. The Floating Barrier, as constructed, installed, and placed by Defendants (and/or persons acting on their behalf or at their direction) wholly or partially in navigable waters of the United States, constitutes a "structure" within the meaning of RHA section 10, 33 U.S.C. § 403.

28. The Floating Barrier, as constructed, installed, and placed by Defendants (and/or persons acting on their behalf or at their direction) wholly or partially in navigable waters of the United States, constitutes a "structure," as that term is defined in 33 C.F.R. § 322.2(b).

29. The Floating Barrier is an obstruction to the navigable capacity of the Rio Grande, a navigable water of the United States.

30. The Floating Barrier required authorization under RHA section 10, 33 U.S.C. § 403, and the Corps' implementing regulations at 33 C.F.R. Part 322, including 33 C.F.R. § 322.3(a), for its construction, installation, and placement in navigable waters of the United States.

31. Defendants did not obtain a Corps permit or otherwise obtain the Corps' permission for the construction, installation, or placement of the Floating Barrier in the Rio Grande as required by RHA section 10, 33 U.S.C. § 403.

32. The unauthorized construction, installation, and placement of the Floating Barrier structure in navigable waters of the United States violates RHA section 10, 33 U.S.C. § 403.

33. The Floating Barrier's unauthorized obstruction to the navigable capacity of navigable waters of the United States violates RHA section 10, 33 U.S.C. § 403.

34. Defendants have violated and continue to violate RHA section 10, 33 U.S.C. § 403, by: (a) the construction, installation, and placement of the Floating Barrier in the Rio Grande without a Corps permit; and (b) the creation of an unauthorized obstruction to the navigable capacity of navigable waters of the United States.

# PRAYER FOR RELIEF

35. WHEREFORE, Plaintiff, the United States of America, respectfully requests that this Court order the following relief:

   a. Enjoin Defendants from further constructing, installing, placing, or maintaining structures in waters of the United States, except in compliance with the RHA and all other applicable law;

   b. Enjoin Defendants from creating or maintaining obstructions in or affecting the navigable waters of the United States, except in compliance with the RHA and all other applicable law;

   c. Compel Defendants to promptly remove the Floating Barrier and any related unauthorized structures from waters of the United States pursuant to the RHA, 33 U.S.C. § 401 *et seq.*, and in accordance with all other requirements of law and consultation with the relevant authorities, including the Corps;

   d. Compel Defendants to promptly remove the unauthorized obstruction to the navigable capacity of navigable waters of the United States pursuant to the RHA 33 U.S.C. § 401 *et seq.*, and in accordance with all other requirements of law and consultation with the relevant authorities, including the Corps;

   e. Award the United States its costs and disbursements; and

   f. Grant such other relief as the Court may deem just and proper.

Respectfully submitted,

TODD KIM
ASSISTANT ATTORNEY GENERAL
Environment & Natural Resources Division

Dated: July 24, 2023       By: *Brian H. Lynk*
                           BRIAN H. LYNK, D.C. Bar. No. 459525

Senior Trial Counsel
ANDREW KNUDSEN
Trial Attorney
Environmental Defense Section
United States Department of Justice
P.O. Box 7611
Washington, DC 20044
(202) 514-6187 (tel.)
(202) 514-8865 (fax)
brian.lynk@usdoj.gov
JAIME ESPARZA
UNITED STATES ATTORNEY

*James Dingivan*
JAMES E. DINGIVAN
Assistant United States Attorney
Texas Bar No. 24094139
United States Attorney's Office
Western District of Texas
601 N.W. Loop 410, Ste 600
San Antonio, TX 78216
 (210) 384-7372 (tel.)
 (210) 384-7312 (fax)
james.dingivan@usdoj.gov