**United States District Court**
**Western District of Texas**
**Austin Division**

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff*, v. GREG ABBOTT, in his capacity as Governor of the State of Texas, and THE STATE OF TEXAS, *Defendants*. | No. 1:23-cv-00853-DII |

### DEFENDANTS' MOTION TO CONDUCT LIMITED EXPEDITED DISCOVERY

Texas is in the middle of an unmitigated humanitarian crisis at its border with Mexico. The federal government's failure to secure the border has led to never-before-seen levels of illegal border crossings that jeopardize the safety of Texans and migrants alike. The risks of human trafficking, black-market fentanyl distribution, cartel violence, and loss of life have soared in border communities. To reduce these risks by redirecting migrants to ports of entry at bridges, Texas deployed multiple foam-and-plastic buoys that span less than 1000 feet of the more than 1,250 miles that the Rio Grande runs along Texas's border with Mexico.

Instead of helping with the humanitarian crisis, the federal government sued the Governor and the State of Texas on July 24, 2023. Two days later, the federal government filed a preliminary-injunction motion that heavily relies on eight fact-based declarations, ECF No. 5 at Attachments 1–8 (declarations), from multiple federal employees, citing them a combined 65 times in their motion. *See generally* ECF 5 (motion).

The facts these declarants purport to establish are essential to the federal government's request for preliminary injunctive relief and are the basis of its legal

1

conclusions in this action. It is therefore equally essential to Texas's defense that it be able to discover and test the reliability, credibility, source, and scope of the declarants' knowledge and to determine gaps in and unattested additions to that knowledge.

To develop that defense in advance of its August 9 response deadline and the upcoming hearing in this matter, Texas requests permission to take on an expedited basis the oral depositions of six of these declarants employed by the federal government: Mario Gomez, Jason Owens, Jennifer Pena, Justin Peters, Hillary Quam, and Joseph Shelnutt. *See* ECF No. 5 at Attachments 2–3, 5–7. Texas seeks to conduct only targeted depositions of no more than five hours per witness—rather than the seven hours provided by the Federal Rules—and is prepared to conduct these depositions on a dual track (to be completed by no later than Saturday, August 5),[1] while coordinating the locations of those depositions with the federal government and its witnesses. Texas is not seeking written discovery at this time.

Texas seeks this narrowly targeted discovery pursuant to Federal Rules of Civil Procedure 34(b) and 26(d), which "allow a party to seek expedited discovery, and the Fifth Circuit has permitted such discovery in certain circumstances," including before a hearing on a motion for preliminary injunction. *NetChoice, LLC v. Paxton*, No. 1:21-cv-840, 2021 WL 7081122, at *2 (W.D. Tex. Oct. 22, 2021) (Pitman, J.) (citations omitted). For Texas to have a full opportunity to present its position to the Court, these depositions are necessary—and because of the schedule, expediting them is necessary, too.[2]

---

[1] In the alternative, Texas requests permission to take these depositions prior to any hearing on the motion for preliminary injunction and to subsequently file supplemental briefing based on them.

[2] The parties conferred regarding discovery on Thursday, July 27; Friday, July 28; and Monday, July 31. State Defendants requested depositions and inquired about the timing and location for them to begin, offering to begin as early as July 31 at a rate of two per day. The

2

ARGUMENT

I. **Expedited discovery is available upon a showing of good cause.**

Discovery is available on an expedited basis if a party demonstrates good cause for it. *See* Fed. R. Civ. P. 26(d) (party may seek discovery before the Rule 26(f) conference if "authorized by … court order"); Fed. R. Civ. P. 34(d) (expedited discovery "may be ordered by the court"); *Stockade Cos., L.L.C. v. Kelly Restaurant Grp., L.L.C.*, No. 1:17-cv-143-RP, 2017 WL 2635285, at *2 (W.D. Tex. June 19, 2019) (Pitman, J.) (applying good cause standard); *NetChoice, LLC*, 2021 WL 7081122, at *2 (same). The burden to demonstrate good cause lies on the party seeking the discovery, *Stockade Cos.*, 2017 WL 2635285 at *2, and good cause itself depends on five factors:

> (1) Whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made.

*Stockade Cos.*, 2017 WL 2635285, at *2 (quotations omitted).

At its core, the good cause standard "is akin to a broader and more flexible totality of the circumstances analysis." *St. Louis Grp. v. Metals & Additives Corp.*, 275 F.R.D. 236, 239 (S.D. Tex. 2011) (citing *Dimension Data N. Am., Inc. v. NetStar-1, Inc.*, 226 F.R.D. 528, 531 (E.D.N.C. 2005)). The discovery request is thus considered "'on the entirety of the record to date and the *reasonableness* of the

---

federal government rejected any depositions relating to the preliminary-injunction proceedings. After back-and-forth discussions about the need for and scope of the depositions, the federal government stated that it would oppose this motion.

request in light of all the surrounding circumstances.'" *Id.* (emphasis in original) (quoting *Ayyash v. Bank Al-Madina*, 233 F.R.D. 325, 327 (S.D.N.Y. 2005)).

## II. All five factors favor expedited discovery here.

### A. The pendency of the preliminary-injunction hearing favors expedited discovery.

A preliminary-injunction motion is pending and will soon be set for hearing. *See* Fed. R. Civ. P. 26 Adv. Comm. Note (1993) (early discovery "will be appropriate in some cases, such as those involving requests for preliminary injunction"). Courts regularly allow expedited discovery for the parties to develop their cases and collect evidence in advance of such a hearing. *See, e.g.*, *Accruent, L.L.C. v. Short*, No. 1:17-cv-858-RP, 2017 WL 8811606, at *1 (W.D. Tex. Nov. 8, 2017) (Pitman, J.); *see also Miner, Ltd. v. Anguiano*, No. 3:19-cv-82, 2019 WL 9633302, at *2 (W.D. Tex. Mar. 20, 2019). This is just such a case. Indeed, since so much of the federal government's case relies on the facts its declarants seek to establish, denying Texas the discovery it seeks will deprive it of its ability to fully defend the case.

"'It goes without saying that the requirements of a fair hearing include notice of the claims of the opposing party and an opportunity to meet them.'" *Marshall Durbin Farms, Inc. v. Natl. Farmers Org., Inc.,* 446 F.2d 353, 356 (5th Cir. 1971) (quoting *FTC v. Natl. Lead Co.*, 352 U.S. 419, 427 (1965)). The notice requirement of Rule 65(a)(1) means that "'parties must be given a fair opportunity and a meaningful hearing to present their differing versions of those facts before a preliminary injunction may be granted.'" *Kaepa, Inc. v. Achilles Corp.*, 76 F.3d 624, 628 (5th Cir. 1996) (quoting *Com. Park at DFW Freeport v. Mardian Const. Co.*, 729 F.2d 334, 341 (5th Cir. 1984)).

When proceedings are filed to enjoin an obstruction, "it becomes a question of fact whether the act sought to be enjoined is one which fairly and directly tends to

4

obstruct (that is, interfere with or diminish) the navigable capacity of a stream." *United States v. Rio Grande Dam & Irrigation Co.*, 174 U.S. 690, 709 (1899). "The question is always one of fact, whether [the challenged action] substantially interferes with the navigable capacity within the limits where navigation is a recognized fact." *Id*. The relevant determination is whether the defendant's acts would "substantially diminish the navigability of that stream within the limits of present navigability." *Id*. at 710. The federal government concedes that it must prove that the buoys "interfere with or diminish the Rio Grande's capacity to be navigated." ECF No. 5 at 11 (cleaned up) (quoting *Rio Grande Dam*, 174 U.S. at 709).

The declarants that Texas seeks to depose make key factual assertions that the State is entitled to probe. *See* ECF No. 5 at 3, 6–7 (Owens and Peters testimony on buoys interfering with rescue operations); *id*. at 5–6, 14–15, 17–19 (Quam and Pena testimony on irreparable harm due to buoys causing harm to international relations); *id*. at 6–7, 11–12, 15 (Shelnutt and Gomez testimony on buoys obstructing navigation and posing risks to health and safety).

### B. The narrowness of Texas's request favors expedited discovery.

The narrowness of Texas's request—depositions of several of the government declarants—favors expedited discovery. A party is ordinarily entitled to depose an opposing party's declarants, *see, e.g.*, *Worsham v. B.G. Prop. Mgmt., L.L.C.*, No. 4:16-cv-2712, 2020 WL 7353906, at *7 (S.D. Tex. Sept. 4, 2020); *Berthelot v. Am. Postal Workers Union, Local 185*, No. 4:10-cv-18, 2012 WL 289869, at *2 (S.D. Tex. Jan. 31, 2012) (Atlas, J.).

Expedited discovery is permissible if it is "reasonably necessary for the preliminary injunction hearing." *Miner*, 2019 WL 9633302, at *2. What is reasonably necessary for the preliminary-injunction hearing, in turn, is directly proportional to the scope of the evidence offered by the movant: The more factual

contentions in the preliminary-injunction motion, the more discovery must be allowed in response. And that reasonable response is all Texas seeks—not wholesale probing into every fact that the federal government or some third party might have that might support its case, but testing the accuracy, veracity, and extent of some of the declarations made by the federal government's own employees to support the federal government's own motion. This is entirely common, and it is entirely reasonable. *See, e.g.*, *Red Lion Renewables, L.L.C. v. Haff*, No. 5:19-cv-1113, 2019 WL 13026038, at *1 (W.D. Tex. Nov. 6, 2019).

### C. The need to prepare for a preliminary-injunction hearing favors expedited discovery.

The purpose of the discovery—to obtain facts to build a defense for a hearing likely to take place soon—also favors permitting expedited discovery. Texas is not trying to speed up ordinary disclosure requirements, nor is it arguing that information might be withheld later. *See Stockade Cos.*, 2017 WL 2635285, at *1–2; *Valdez v. Pessco, L.L.C.*, No. 4:18-cv-94, 2019 WL 7761430, at *4 (W.D. Tex. Sep. 12, 2019). Instead, it asks for expedited depositions crucial to preparing its defense for the simple reason that it must do so to prepare for its responsive briefing and the impending hearing. This is one of the quintessential reasons for expedited discovery. *See, e.g.*, *Intel Corp. v. Rais*, No. 1:19-cv-20, 2019 WL 164958, at *7 (W.D. Tex. Jan. 10, 2019) (Pitman, J.) (ordering expedited discovery "to prepare for a hearing on the motion for a preliminary injunction"); *NetChoice, LLC*, 2021 WL 7081122, at *2 (same).

And the information is necessary. The federal government cites these declarations extensively to attempt to establish its entitlement to the extraordinary remedy of a preliminary injunction. *See* ECF No. 5 *passim*. For instance, declarants Gomez and Shelnutt claim to have "directly observed" Texas deploying the buoys, which the federal government relies on to describe the nature of the buoys. *See* ECF

No. 5 at 4. The federal government relies on declarant Shelnutt for the factual allegation that the buoys have affected "navigability and public safety on the river." *See* ECF No. 5 at 6. Texas disputes this, and that's just one example. The factual allegations abound.

Based on Pena's declaration, the federal government claims that the buoys have disrupted "day-to-day bilateral efforts" between Mexico and the United States. *See* ECF No. 5 at 6. And based on Quam's declaration, the federal government alleges a "significant and ongoing harm to the United States' foreign relations with Mexico." *See* ECF No. 5 at 14. Supported by declarants Owens and Gomez, the federal government asserts interference with Border Patrol's and IBWC's operations, *see* ECF No. 5 at 6–7, and the federal government relies on declarant Peters for the Coast Guard's operations on the Rio Grande, *see* ECF No. 5 at 3.

Texas is entitled to probe these and other similar factual assertions to adequately prepare for the preliminary-injunction hearing. And the federal government cannot now deny that its disputed factual contentions are relevant to its motion for preliminary injunction.

### D. The limited burden on the federal government favors expedited discovery.

The burden on the federal government—making its declarants available for deposition—is as reasonably limited as possible. That the depositions must be conducted on short notice is irrelevant; Texas controlled neither the scope nor the timing of the preliminary-injunction motion. It did not ask the federal government to make its declarants a central part of its preliminary-injunction motion.

As explained above, the State Defendants would be entitled to depose the federal government's declarants in the regular course of discovery. *See Worsham*, 2020 WL 7353906, at *7; *Berthelot*, 2012 WL 289869, at *2. The only reason it must do so on an expedited basis is the expedited relief the federal government has

requested. A request for expedited discovery in this regard cannot possibly impose an impermissible burden; the federal government chose to take this burden upon itself. Indeed, it is common for courts to grant requests for expedited depositions in response to a request for a preliminary injunction. *See, e.g.*, *NetChoice, LLC*, 2021 WL 7081122, at *1–2; *Kruse Energy & Equip. Auctioneers, L.L.C. v. Long*, No. 4:19-cv-31, 2019 WL 11626268, at *4 (W.D. Tex. Feb. 19, 2019); *Miner*, 2019 WL 9633302, at *2–3.

The federal government is obligated at a minimum to bear the burden of allowing discovery into "the issues that will be relevant at the preliminary injunction hearing." *Miner*, 2019 WL 9633302, at *2. Texas asks the federal government for no more than that.

### E. Texas has requested this discovery as far in advance as can be expected.

Finally, the timing of Texas's request favors expedited discovery. This factor asks whether the movant is unjustifiably trying to conduct discovery sooner than would ordinarily be allowed. *See Legacy of Life, Inc. v. Am. Donor Serv., Inc.*, No. 5:06-cv-802, 2006 WL 8435983, at *1–2 (W.D. Tex. Oct. 10, 2006) (citing *In re Fannie Mae Deriv. Litig.*, 227 F.R.D. 142, 143 (D.D.C. 2005)). In other words, it asks whether the request is "a thinly veiled attempt to circumvent the normal litigation process." *Fannie Mae*, 227 F.R.D. at 143.

Here, Texas is not attempting to circumvent the normal litigation process. Instead, it seeks targeted, time-limited depositions of some of the federal government's witnesses. A typical preliminary injunction schedule includes—indeed, often expects—expedited discovery. *See, e.g.*, *NetChoice, LLC*, 2021 WL 7081122, at *2; *Red Lion*, 2019 WL 13026038, at *1; *Kruse Energy*, 2019 WL 11626268, at *4; *Miner*, 2019 WL 9633302, at *2–3.

### III. Considered together, the factors favor expedited discovery.

The five factors show that there is good cause for expedited depositions of the government declarants for "the legitimate purpose of preparing for a hearing" on the preliminary-injunction motion. *Legacy of Life*, 2006 WL 8435983, at *3. Testimony from these declarants goes to the very heart of the "the issues that will be relevant at the preliminary injunction hearing." *Miner*, 2019 WL 9633302, at *2. If Texas cannot take these depositions on an expedited basis, it will not be able to prepare a full defense in its opposition to the motion and at the inevitable preliminary injunction hearing. And the scope of this request is more than reasonable; it is foreseeable.

### Conclusion

Texas respectfully requests that it be allowed to depose six of the government declarants—Mario Gomez, Jason Owens, Jennifer Pena, Justin Peters, Hillary Quam, and Joseph Shelnutt—on an expedited basis. Specifically, the State Defendants request that the federal government be made to make each of those persons available for oral deposition no later than Saturday, August 5, so that the State can timely prepare its preliminary-injunction response, due Wednesday, August 9, and its case for the preliminary-injunction hearing to soon follow. In the alternative, Texas requests that any hearing be set after the opportunity to take these depositions and that the state be allowed to file supplemental briefing based on that evidence.

| | |
|---|---|
| Date: July 31, 2023 | Respectfully submitted, |
| ANGELA COLMENERO<br>Provisional Attorney General | LEIF A. OLSON<br>Chief, Special Litigation Division |
| BRENT WEBSTER<br>First Assistant Attorney General | */s/ David Bryant*<br>DAVID BRYANT<br>Special Counsel<br>Tex. State Bar No. 03281500<br>david.bryant@oag.texas.gov |
| GRANT DORFMAN<br>Deputy First Assistant Attorney General | |
| RALPH MOLINA<br>Deputy Attorney General for Legal Strategy | MUNERA AL-FUHAID<br>Special Counsel<br>Tex. State Bar No. 24094501<br>munera.al-fuhaid@oag.texas.gov |
| OFFICE OF THE ATTORNEY GENERAL<br>P. O. Box 12548, MC-009<br>Austin, TX 78711-2548<br>(512) 936-2172 | **Counsel for State Defendants** |

### CERTIFICATE OF SERVICE

On July 31, 2023, this document was filed electronically through the Court's CM/ECF system, which automatically serves all counsel of record.

*/s/ David Bryant*