IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff*,<br><br>v.<br><br>GREG ABBOTT, in his capacity as GOVERNOR OF THE STATE OF TEXAS, and THE STATE OF TEXAS,<br><br>*Defendants*. | Case No. 1:23-cv-00853-DJE |

**PLAINTIFF UNITED STATES' MEMORANDUM IN OPPOSITION
TO DEFENDANTS' MOTION FOR EXPEDITED DISCOVERY**

JAIME ESPARZA
UNITED STATES ATTORNEY

JAMES E. DINGIVAN
  Assistant United States Attorney
  Texas Bar No. 24094139
United States Attorney's Office
Western District of Texas
601 N.W. Loop 410, Ste 600
San Antonio, TX 78216
(210) 384-7372 (tel)
(210) 384-7312 (fax)
James.dingivan@usdoj.gov

TODD KIM
ASSISTANT ATTORNEY GENERAL
Environment & Natural Resources Division

BRIAN H. LYNK
  Senior Trial Counsel
  DC Bar No. 459525
ANDREW D. KNUDSEN
  Trial Attorney
  DC Bar No. 1019697
U.S. Department of Justice
Environmental Defense Section
P.O. Box 7611
Washington, DC 20044
(202) 514-6187 (Lynk)
(202) 353-7466 (Knudsen)
(202) 514-8865 (fax)
Brian.lynk@usdoj.gov
Andrew.knudsen@usdoj.gov

Dated:  August 2, 2023

*Counsel for the United States of America*

**INTRODUCTION**

As detailed in the United States' Complaint and its Motion for Preliminary Injunction, Texas committed two *independent* violations of Section 10 of the Rivers and Harbors Act ("RHA" or "Act"), 33 U.S.C. § 403, when it built the Floating Barrier in the Rio Grande: (1) building a structure in a navigable water of the United States without permission from the U.S. Army Corps of Engineers; and (2) creating an obstruction to the navigable capacity of that water without affirmative Congressional authorization. Complaint ¶¶ 26-34 (ECF No. 1); Motion for P.I. at 8-12 (ECF No. 5). Texas admits its responsibility for this construction project. Motion for Expedited Disc. at 1 (ECF No. 11); Motion for P.I. Att. 10 (Governor Abbott's July 24, 2023 letter to President Biden) (ECF No. 5-10). Texas designed and installed its barrier buoys, and it knew full well that the Rio Grande is both a navigable water of the United States and an international boundary, such that Texas's action would have obvious repercussions under federal law and would impact U.S.-Mexico international relations. Texas's Motion for Expedited Discovery concedes by omission that there is no factual dispute regarding the first of the two asserted RHA violations.[1] Thus, whatever defense Texas may attempt to make against being held to account for that RHA violation will be legal, not factual. *See* Motion for P.I. Att. 10 (citing U.S. and State constitutions). Texas does not need, and does not argue that it needs, discovery to assert any such defense.

Nor does Texas argue that it needs discovery to respond to the United States' showing that the balance of equities and the public interest favor a preliminary injunction, to the extent

---

[1] As explained below, the only liability-related factual issue Texas identifies concerns the second alleged violation for "creating an obstruction," but even that dispute does not warrant expedited discovery before a preliminary injunction may issue. Because Texas is liable under the RHA for "building a structure," the United States is entitled to a preliminary injunction whether or not it is likely to succeed in proving the additional violation of "creating an obstruction." *See infra* at 5.

those factors are even relevant to the disposition of the United States' motion. That leaves only the degree of irreparable harm to the United States as even a conceivable subject of discovery. But, as we have explained, Motion for P.I. at 12-13, and as Texas' motion does not dispute, a showing of irreparable harm to the United States above and beyond the evident Section 10 violation is unnecessary to support a preliminary injunction in this RHA enforcement suit. *See, e.g.*, *United States v. Marine Shale Processors*, 81 F.3d 1329, 1359 (5th Cir. 1996).

For these reasons, the appropriate course under Federal Rule of Civil Procedure 65 is for Texas to file its brief opposing the United States' Motion for Preliminary Injunction and for the Court to decide whether it would benefit from hearing oral argument. There is no presumptive entitlement under Rule 65 to live witness testimony at the hearing, let alone the precipitous pre-hearing depositions that Texas seeks. *See Valentine v. Collier*, 956 F.3d 797, 801-02 n.1 (5th Cir. 2020) ("It long has been true that parties can present evidence at the preliminary-injunction stage with declarations or affidavits" in place of testimony). And where no identified material factual dispute requires resolution, "no oral hearing is required; under such circumstances the parties need only be given ample opportunity to present their respective views of the legal issues involved." *Kaepa Inc. v. Achilles Corp.*, 76 F.3d 624, 628 (5th Cir. 1996) (citation omitted).

The Court thus should deny Texas's motion without prejudice to a renewed application to compel testimony after briefing and oral argument on the Motion for Preliminary Injunction. At that stage, the Court can better discern if discovery is necessary. *See infra* Argument I.

If the Court gives Texas's motion any further consideration, it should deny the motion because Texas did not meet its burden to establish good cause or to make the necessary showing that its demand for 30 hours of deposition testimony is narrowly tailored to resolve factual disputes necessary to the Court's resolution of the preliminary injunction motion. Texas cannot

make this showing because the United States' declarations proffer information that either is within Texas's knowledge or is otherwise incontrovertible. And to the extent Texas aims to fish beyond the confines of those declarations and compel depositions about "unattested addition[al]" subject-matter, Motion for Expedited Disc. at 2, that motivation obviously falls short of good cause. *See infra* Argument II.

## BACKGROUND

Texas contacted the United States through counsel on Thursday night, July 27, seeking the United States' voluntary agreement to make five witnesses available for depositions beginning Monday, July 31. *See* Att. 1 at 5 (Email correspondence between counsel from July 27-July 31, 2023). Hours before filing its motion, Texas expanded its request to a sixth witness and clarified that it sought up to five hours of testimony per deposition. Att. 1 at 1-2.

The six federal officials that Texas seeks to depose include several who reside outside of Texas. Texas asks to compel all six to testify over the next three calendar days, *i.e.*, no later than Saturday, August 5. Motion for Expedited Disc. at 2. Given the burden this schedule would impose on the witnesses, the United States repeatedly asked Texas to identify the material factual issues that Texas believed required their expedited testimony. Att. 1 at 4 (July 28 email), 3 (July 31 email), 1 (later on July 31). Such candor might have enabled discussion of whether a more limited alternative to Texas' six-deposition request, such as live testimony at a preliminary injunction hearing, was mutually acceptable. Texas declined to identify any factual issues. *Id.*

## ARGUMENT

**I.    Rule 65 Authorizes the Court to Decide the United States' Preliminary Injunction Motion in this Enforcement Case Based on Briefing, Affidavits, and Oral Argument.**

Courts routinely decide preliminary injunctions on the basis of briefs, affidavits, and oral argument. Although Rule 65(a)(1) provides that "[t]he court may issue a preliminary injunction

3

only on notice to the adverse party," Fed. R. Civ. P. 65(a)(1), where the facts material to the preliminary injunction inquiry are not in dispute such notice merely requires that each party have a meaningful chance to be heard on the legal issues. *Kaepa*, 76 F.3d at 628.

Moreover, even in cases where (unlike here) factual disputes material to the preliminary injunction decision are genuinely presented, fair notice under Rule 65 simply requires that the parties "be given a fair opportunity and a meaningful hearing to present their differing versions of those facts before a preliminary injunction may be granted." *Id.* "At the preliminary injunction stage, the procedures in the district court are less formal, and the district court may rely on otherwise inadmissible evidence, including hearsay evidence." *Sierra Club, Lone Star Chapter v. FDIC*, 992 F.2d 545, 551 (5th Cir. 1993). Thus, it is normal and proper in a preliminary injunction proceeding to submit affidavits in support of a brief, and there is no presumption that the declarant must have given testimony at either a deposition or evidentiary hearing in order for the Court to consider the affidavit. *Id.*; *see also Valentine*, 956 F.3d at 801-02 n.1 ("The district court made much of the fact that [defendants] did not present 'live testimony' at the preliminary-injunction hearing. It's unclear to us why that matters.").

Nothing about this case suggests any special and unusually urgent need to develop facts through depositions before the Court considers and hears oral argument on the United States' preliminary injunction motion and Texas's soon-to-be-filed opposition. The United States did not unexpectedly sue Texas over some obscure or previously unknown act or omission. Texas decided to put its barrier buoys in the Rio Grande without authorization. Texas selected the location, size, and type of buoys. Texas expected to be sued, and its Governor openly invited a lawsuit. Motion for P.I. Att. 10. Texas needs no discovery to understand facts that it alone created.

4

Moreover, there are no factual issues material to determining whether the United States is likely to succeed on the merits of its claim that Texas is liable for violating the RHA. Texas inaccurately asserts that the United States has conceded the materiality, at this stage of the lawsuit, of one liability-related factual issue. Specifically, in reference to the first clause of RHA Section 10, Texas contends "[t]he federal government concedes it must prove that the buoys 'interfere with the Rio Grande's capacity to be navigated.'" Motion for Expedited Disc. at 5 (citations omitted). This is wrong. As the United States alleged in its Complaint and demonstrated in the Motion for Preliminary Injunction, indisputable facts establish at minimum that Texas violated the second clause of RHA Section 10 by "building a structure" in the Rio Grande without the Corps' permission. Motion for P.I. at 8-10. Interference with the river's navigable capacity is unquestionably not required to establish *that* violation. *Id.* And, based on that violation alone, the Court may order the United States' requested injunctive relief against Texas. *See id.* at 8 ("Commission of *either* of these acts gives rise to liability under the RHA") (emphasis in original).[2]

The other factual issues Texas identifies relate not to liability but to the degree of irreparable harm to the United States. But those issues are immaterial to the preliminary injunction proceedings because the Court is not obligated to make a finding on the irreparable harm issue in order to grant a preliminary injunction here. Motion for P.I. at 12-13.

For these reasons, the most efficient and appropriate path forward in this case is to deny without prejudice Texas' motion for expedited discovery, and to proceed with the completion of

---

[2] Even as to Texas's additional violation of the first clause of RHA section 10, a preliminary injunction requires only that the United States show it is "likely to succeed" on the merits. And as explained, courts routinely resolve that question on the basis of affidavits without requiring depositions or live testimony. *See supra* at 2, 4.

5

briefing and, if necessary, oral argument on the preliminary injunction motion.  With the benefit of having both sides' initial arguments, the Court can discern if there is any genuine need for factual development.  Thus, the Court can and should deny Texas's motion for expedited discovery without prejudice.

## II.     Texas Also Fails to Show Good Cause for Six Expedited Depositions.

Even if the Court concludes that Texas identified a disputed factual issue material to the Court's resolution of the preliminary injunction motion, Texas has not shown good cause to expedite the requested depositions.  "A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except ... by court order."  Fed. R. Civ. P. 26(d)(1).  Although the Fifth Circuit has not expressly adopted a standard for granting a motion for expedited discovery, "the majority of courts considering the issue have adopted a 'good cause' standard."  *Red Lion Renewables, LLC v. Haff,* No. 5:19-cv-1113, 2019 WL 13026038, at *1 (W.D. Tex. Nov. 6, 2019).  To determine good cause, courts often consider:  (1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the responding party to comply with the requests; and (5) how far in advance of the typical discovery process the request was made.  *Id.* "The party seeking expedited discovery has the burden of showing good cause, and the subject matter of the discovery must be narrowly tailored."  *Id.* (citing *St. Louis Grp., Inc. v. Metals & Additives Corp.*, 275 F.R.D. 236, 240 (S.D. Tex. 2011)).  Texas fails to meet this burden.

**<u>Pendency of the preliminary injunction motion</u>.**  That the United States has moved for a preliminary injunction "is only one factor courts consider when determining good cause" and is "not conclusive." *Jani-King of Miami, Inc. v. Leicht*, No. 3:23-cv-389, 2023 WL 2335658, at *3 & n.3 (N.D. Tex. Mar. 2023) (denying expedited discovery where a preliminary injunction

motion was pending). Texas identifies nothing that necessitates taking emergency depositions before Texas has even filed its opposing brief. Any defenses Texas attempts to assert to liability under the RHA for building a structure in the Rio Grande will be legal, and its response to the United States' legal arguments is necessary to enable informed analysis of what facts (if any) are material at this stage. Thus, here, the first good cause factor carries little weight.

**The breadth of the discovery requests.** Prior to moving for expedited discovery, Texas made no attempt to distinguish those statements in the United States' declarations that are not in dispute, or are within Texas's knowledge, from those that might genuinely require factual development. *See* Att. 1 (pre-filing correspondence); Local Rule 7.G. As an example, Texas seeks to expedite a five-hour deposition of Mario Gomez, an Operations Manager for the International Boundary and Water Commission ("IBWC"). Mr. Gomez's declaration largely recounts what he was told by Texas Department of Public Safety representatives at a public meeting. *See* Motion for P.I. Att. 2 ¶¶ 3-8. Texas should have ready access to the information provided by its own representatives without having to depose the IBWC's Operations Manager.

Texas also seeks to expedite the deposition of the IBWC's Chief Legal Counsel, Jennifer Pena. About one-third of her declaration summarizes international treaties between the United States and Mexico concerning the Rio Grande. *See* Motion for P.I. Att. 5 ¶¶ 3-11. Those treaties are public documents already available to Texas. Between Ms. Pena's written summary and the public records, Texas has all the information it needs to address these treaties as necessary in its brief responding to the United States' preliminary injunction motion. It does not require emergency deposition testimony about them. Much of the remainder of Ms. Pena's declaration recounts a communication IBWC received from a Texas National Guard representative, and

statements at meetings that Texas attended.  *See id.* ¶¶ 17-22.  Texas can further investigate these matters on its own without taking an emergency deposition of Ms. Pena.

Two other declarants on Texas's list are high-level officials who submitted declarations totaling seven paragraphs each.  Mot. for P.I. Att. 3 (Declaration of Jason Owens, Chief of the U.S. Border Patrol); *id.* Att. 6 (Declaration of U.S. Coast Guard Captain Jason Peters, the Deputy Director of the Coast Guard's Office of Emergency Management).  Texas identifies just one factual subject matter that purportedly requires expediting Chief Owens' and Captain Peters' testimony:  whether the Floating Barrier interferes with their respective agencies' rescue operations.  Motion for Expedited Disc. at 5, 7.  However, Texas does not point to a dispute with any specific statement made in their declarations.  And, despite their declarations' brevity, Texas seeks the same five hours of testimony from them that it seeks from the other federal officials.

These non-exhaustive examples illustrate that Texas's expedited discovery is overbroad and that Texas has not even attempted to tailor its request to any genuine need.  *See Talon Transaction Techs., Inc. v. Stoneeagle Servs., Inc.*, No. 3:13-cv-902-P, 2013 WL 12172925, at *3 (N.D. Tex. May 14, 2013) (denying expedited discovery where the movants "failed to narrowly tailor their proposed requests for expedited discovery and also failed to demonstrate a real need"); *Jani-King,* 2023 WL 2335658, at *3 (the "breadth" and "lack of specific justification" of proposed expedited discovery, among other deficiencies, supported denial).

**The purpose for requesting the expedited discovery.**  The third good cause factor fails to support Texas's motion, for the reasons stated in Argument I.  The requested discovery has no bearing on determining if Texas will likely be proved liable under the RHA.  Its only conceivable relevance is in disputing the degree of irreparable harm to the United States.  As just discussed, Texas has not shown that this limited purpose requires expediting six depositions.

8

**The burden on the United States.**  Requiring six federal officials to each give nearly full-day depositions either tomorrow, Friday, or Saturday would impose a substantial burden. Their availability to testify on such short notice is limited, particularly given their day-to-day responsibilities.  Several are based outside of Texas, including Captain Peters (Washington, D.C.), Chief Owens (same), and U.S.-Mexico Border Coordinator for the U.S. State Department Hillary Quam (Hawaii).  Motion for P.I. Att. 7.  Arranging and appearing for *six* depositions of up to five hours each, over the next three days including the weekend, would be a severe imposition and is unsupported by Texas's mere desire to test the "accuracy, veracity, and [. . .] extent of some of the declarations."  Motion for Expedited Disc. at 6.  This factor thus weighs strongly against Texas's request for expedited discovery.  *See Digital Generation, Inc. v. Boring*, No. 12-cv-0329-L-BK, 2012 WL 12872463, at *2 (N.D. Tex. Mar. 5, 2012) (good cause not shown for expediting *one* deposition); *Fidelity Brokerage Servs., LLC v. Edwards*, No. 3:20-cv-00852-E, 2021 WL 3771771 (N.D. Tex. Feb. 4, 2021) (same).

**How far in advance of the typical discovery process the request was made**.  In the normal course of civil discovery, a meet-and-confer under Rule 26(f) is necessary before commencing discovery, and is to occur as soon as practicable and at least 21 days before the Court's first scheduling conference.  *See* Fed. R. Civ. P. 26(d)(1).  Within 14 days following that meet-and-confer, the parties would submit a proposed discovery plan to the Court.  Fed. R. Civ. P. 26(f)(2).  None of that has occurred here.  In the very near future, Texas will file its response to the Motion for Preliminary Injunction (due August 9, Local Rule 7.D.2) and its response to the Complaint (due August 14, Fed. R. Civ. P. 12(a)(1)(A)(i)), which will clarify what disputes are presented in the case.  Denying Texas's expedited discovery motion without prejudice will not prevent the parties and Court from identifying and addressing any genuine early-discovery issues

once the Court has the benefit of the arguments in Texas' opposition brief, and before the Court decides whether to grant the preliminary injunction. Accordingly, this last factor also weighs against granting Texas' expedited discovery request.

## CONCLUSION

For the foregoing reasons, the Court should deny Texas's motion for expedited discovery without prejudice.

Respectfully submitted,

Dated:  August 2, 2023

| | |
|---|---|
| JAIME ESPARZA<br>UNITED STATES ATTORNEY | TODD KIM<br>ASSISTANT ATTORNEY GENERAL<br>Environment & Natural Resources Division |
| /s/ James E. Dingivan<br>JAMES E. DINGIVAN<br>  Assistant United States Attorney<br>  Texas Bar No. 24094139<br>United States Attorney's Office<br>Western District of Texas<br>601 N.W. Loop 410, Ste 600<br>San Antonio, TX 78216<br>(210) 384-7372 (tel)<br>(210) 384-7312 (fax)<br>James.dingivan@usdoj.gov | /s/ Brian H. Lynk<br>BRIAN H. LYNK<br>  Senior Trial Counsel<br>  DC Bar No. 459525<br>ANDREW D. KNUDSEN<br>  Trial Attorney<br>  DC Bar No. 1019697<br>U.S. Department of Justice<br>Environmental Defense Section<br>P.O. Box 7611<br>Washington, DC 20044<br>(202) 514-6187 (Lynk)<br>(202) 353-7466 (Knudsen)<br>(202) 514-8865 (fax)<br>Brian.lynk@usdoj.gov<br>Andrew.knudsen@usdoj.gov<br><br>*Counsel for the United States of America* |

**CERTIFICATE OF SERVICE**

I certify that on August 2, 2023, a copy of this filing was served on counsel of record through the Court's electronic filing system.

*/s/  Brian Lynk*
Brian Lynk
