# ATTACHMENT 1
# Pre-filing Correspondence Between Counsel

# Lynk, Brian (ENRD)

| | |
|---|---|
| **From:** | Lynk, Brian (ENRD) |
| **Sent:** | Monday, July 31, 2023 6:21 PM |
| **To:** | Leif Olson |
| **Cc:** | Knudsen, Andrew (ENRD); Dingivan, James (USATXW); Patrick Sweeten; David Bryant; Ryan Walters; Munera Al-Fuhaid; Ethan Szumanski; Sharon Murray |
| **Subject:** | RE: US v. Abbott buoy case: Deposition schedules |

Good afternoon Leif:

I am in receipt of your last two emails below.  I understand that Texas will move for a court order compelling depositions of 6 of the United States' declarants, with a duration limit of up to 5 hours per deposition.  The United States will oppose the motion.  We generally refer you to our prior correspondence as stating the reasons for opposition.  In particular, we note that:

- Texas never explained why a limited evidentiary hearing in lieu of depositions (which our first response last Friday suggested as possible) would be insufficient as a means to conduct whatever factual development may be determined necessary to decide the preliminary injunction;

- Texas has declined to identify any specific fact in dispute, even though the caselaw in the Fifth Circuit holds that expedited discovery must be narrowly tailored and limited to the scope necessary to resolve disputed factual issues relevant to the PI.

Finally, we note Texas' reference in your first email today to the expedited discovery request in litigation related to SB 8.  We dispute the accuracy of Texas' summary of that dispute and its outcome, and that litigation is distinguishable in any event.

Brian H. Lynk
Senior Trial Counsel
Environmental Defense Section
Environment & Natural Resources Division
U.S. Department of Justice
202.514.6187
brian.lynk@usdoj.gov

---

**From:** Leif Olson <Leif.Olson@oag.texas.gov>
**Sent:** Monday, July 31, 2023 5:03 PM
**To:** Lynk, Brian (ENRD) <Brian.Lynk@usdoj.gov>
**Cc:** Knudsen, Andrew (ENRD) <Andrew.Knudsen@usdoj.gov>; Dingivan, James (USATXW) <JDingivan@usa.doj.gov>; Patrick Sweeten <Patrick.Sweeten@oag.texas.gov>; David Bryant <David.Bryant@oag.texas.gov>; Ryan Walters <Ryan.Walters@oag.texas.gov>; Munera Al-Fuhaid <Munera.Al-Fuhaid@oag.texas.gov>; Ethan Szumanski <Ethan.Szumanski@oag.texas.gov>; Sharon Murray <Sharon.Murray@oag.texas.gov>
**Subject:** [EXTERNAL] RE: US v. Abbott buoy case: Deposition schedules

I apologize for the typo, Brian. That should say 5 hours.

**From:** Leif Olson
**Sent:** Monday, July 31, 2023 3:58 PM
**To:** 'Lynk, Brian (ENRD)' <Brian.Lynk@usdoj.gov>
**Cc:** Knudsen, Andrew (ENRD) <Andrew.Knudsen@usdoj.gov>; Dingivan, James (USATXW) <James.Dingivan@usdoj.gov>; Patrick Sweeten <Patrick.Sweeten@oag.texas.gov>; David Bryant <David.Bryant@oag.texas.gov>; Ryan Walters <Ryan.Walters@oag.texas.gov>; Munera Al-Fuhaid <Munera.Al-Fuhaid@oag.texas.gov>; Ethan Szumanski <Ethan.Szumanski@oag.texas.gov>; Sharon Murray <Sharon.Murray@oag.texas.gov>
**Subject:** RE: US v. Abbott buoy case: Deposition schedules

Our motion follows up on your opposition to our request to take depositions of the witnesses we identified. (After further review, that list is now 6, not 5, names long; we also intend to take Joseph Shelnutt's deposition.) The depositions would be no more than 4 hours long. We're not intending to open full discovery. We intend to focus on the facts that your declarants have attested to, which we need to be able to explore and test now that your declarants have put them at issue. Limited depositions are the most efficient way to do this.

I trust that this addresses your concerns. If it doesn't, please call me as soon as you can. Because of the short time frame, we would like to get our motion on file before 6:00 p.m. Central time.

**From:** Lynk, Brian (ENRD) <Brian.Lynk@usdoj.gov>
**Sent:** Monday, July 31, 2023 12:39 PM
**To:** Leif Olson <Leif.Olson@oag.texas.gov>
**Cc:** Knudsen, Andrew (ENRD) <Andrew.Knudsen@usdoj.gov>; Dingivan, James (USATXW) <James.Dingivan@usdoj.gov>; Patrick Sweeten <Patrick.Sweeten@oag.texas.gov>; David Bryant <David.Bryant@oag.texas.gov>; Ryan Walters <Ryan.Walters@oag.texas.gov>; Munera Al-Fuhaid <Munera.Al-Fuhaid@oag.texas.gov>; Ethan Szumanski <Ethan.Szumanski@oag.texas.gov>; Sharon Murray <Sharon.Murray@oag.texas.gov>
**Subject:** RE: US v. Abbott buoy case: Deposition schedules

Good afternoon Leif:

Thank you for your email. You have asked whether the United States "will oppose [y]our motion for discovery." Your email does not provide, however, the information necessary to fairly evaluate the basis for Texas' motion and whether there is any possible means of resolution and, after such evaluation, to respond with the United States' position.

Courts in the 5th Circuit require a party seeking expedited discovery to establish good cause for it, considering the following factors: "(1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the [responding party] to comply with the requests; and (5) how far in advance of the typical discovery process the request was made." *E.g., Accruent, LLC v. Short*, 2017 WL 8811606, at *2 (W.D. Tex. Nov. 8, 2017) (attached) (internal quotation omitted). "The burden of showing good cause is on the party seeking the expedited discovery, and the subject matter related to requests for expedited discovery should be narrowly tailored in scope." *Id*.

Although your initial email Thursday night asked for voluntary agreement to 5 depositions, it also reserved Texas' rights as to additional depositions and other forms of discovery. Your communication today says nothing about what specific discovery you intend to ask the Court to order. Additionally, other than a general disagreement that the United States is suffering irreparable harm, you have identified no specific disputed facts that purportedly necessitate taking the unspecified discovery.

Furthermore, your emails to date have given us no information regarding any limits on the scope of the testimony Texas seeks, or on the additional discovery to which it has reserved rights, that could ensure it is "narrowly tailed in scope," would minimize the burden on the United States, and reasonably relates to material factual disputes.   For these reasons, your communications leave the United States unable to evaluate the 2d, 3d and 4th good cause factors quoted above.

I therefore ask that you explain more clearly and specifically what relief Texas intends to seek by motion, including the purpose and breadth of the discovery and any proposed limitations that would make it narrowly-tailored to relevant factual disputes, so that the United States can give an informed response to your question on whether we oppose the motion.   *See* Local Civil Rule 7.G.

Brian H. Lynk
Senior Trial Counsel
Environmental Defense Section
Environment & Natural Resources Division
U.S. Department of Justice
202.514.6187
brian.lynk@usdoj.gov

**From:** Leif Olson <Leif.Olson@oag.texas.gov>
**Sent:** Monday, July 31, 2023 11:24 AM
**To:** Lynk, Brian (ENRD) <Brian.Lynk@usdoj.gov>
**Cc:** Knudsen, Andrew (ENRD) <Andrew.Knudsen@usdoj.gov>; Dingivan, James (USATXW) <JDingivan@usa.doj.gov>; Patrick Sweeten <Patrick.Sweeten@oag.texas.gov>; David Bryant <David.Bryant@oag.texas.gov>; Ryan Walters <Ryan.Walters@oag.texas.gov>; Munera Al-Fuhaid <Munera.Al-Fuhaid@oag.texas.gov>; Ethan Szumanski <Ethan.Szumanski@oag.texas.gov>; Sharon Murray <Sharon.Murray@oag.texas.gov>
**Subject:** [EXTERNAL] RE: US v. Abbott buoy case: Deposition schedules

Brian,

Thank you for your response.

Your email itself demonstrates the need for the limited discovery Texas is seeking. As just one example, you assert that your motion "identifies ... an ongoing an imminent harm to the United States[.]" We disagree. But in any event, whether the federal government is harmed, the scope of the harm, and whether the harm in fact can't be remedied are questions the Court must decide. And a declarant's self-serving assertion does not establish any of those propositions beyond cavil, much less all of them. Indeed, when DOJ raised largely the same objections on the same bases to discovery in the earlier suit over Texas's S.B. 8, the deposition testimony we garnered demonstrated that the harms to which declarants had attested in DOJ's preliminary-injunction motion were entirely theoretical.

As for the difficulty of securing witness testimony on short notice, that is DOJ's doing, not ours. DOJ, not Texas, chose to bring this suit; DOJ, not Texas, chose to request accelerated relief; and DOJ, not Texas, chose to have the individuals attest to facts to support that request. There would be no need for Texas to investigate the truthfulness of and support for those attestations had DOJ chosen differently—but having made its choices, DOJ must now live with the consequences.

While it seems clear from your response that you will, please let us know by 5:00 p.m. Eastern today whether the defendants will oppose our motion for discovery.

3

**From:** Lynk, Brian (ENRD) <Brian.Lynk@usdoj.gov>
**Sent:** Friday, July 28, 2023 1:20 PM
**To:** Leif Olson <Leif.Olson@oag.texas.gov>
**Cc:** Knudsen, Andrew (ENRD) <Andrew.Knudsen@usdoj.gov>; Dingivan, James (USATXW) <James.Dingivan@usdoj.gov>; Patrick Sweeten <Patrick.Sweeten@oag.texas.gov>; David Bryant <David.Bryant@oag.texas.gov>; Ryan Walters <Ryan.Walters@oag.texas.gov>; Munera Al-Fuhaid <Munera.Al-Fuhaid@oag.texas.gov>; Ethan Szumanski <Ethan.Szumanski@oag.texas.gov>; Sharon Murray <Sharon.Murray@oag.texas.gov>
**Subject:** RE: US v. Abbott buoy case: Deposition schedules

Good afternoon Leif:

Thank you for your message last night. We have received your request and we do not agree to the proposed depositions, not least because you have not demonstrated that Texas needs this testimony in order to oppose our PI motion. However, following briefing and assuming the need to resolve material factual disputes, we would be willing to make at least some witnesses available for testimony at a PI hearing (either in person or remotely). Several grounds make a hearing more appropriate, including the following:

(1) Our motion identifies a clear and ongoing violation of law, and ongoing and imminent harm to the United States resulting from it. Arranging at least 5 and possibly many more depositions (including the 3 additional individuals for whom you have reserved rights) is inherently far more likely to result in delaying a decision on the PI motion, than simply scheduling a prompt evidentiary hearing following briefing.

(2) The witnesses reside in various parts of the country, and some are high-level officials. It would be far more difficult to secure their availability for depositions, with as little as one business day's notice (e.g., for a deposition as soon as Monday, the first day you propose), than it would be for a hearing following briefing.

(3) Our motion makes legal arguments, as well as factual arguments to which Texas reasonably can respond without the need for testimony of US officials—e.g., that Texas admitted it built the Floating Barrier. Texas should be able now to prepare and file a brief responding on the law, and identifying the factual issues it disputes in good faith. This will guide the parties and the Court on the necessary scope of a hearing; and even if we were conducting "targeted discovery," Texas's response to our brief would still be necessary to inform what limits should apply to such discovery so that it does not result in delaying a decision on the PI motion.

In the interest of cooperation, we would be willing to jointly request: (a) expedition of the briefing schedule for opposition and reply on the PI motion; and (b) the opportunity for both parties to file a short supplemental brief no later than 4PM CT the next business day after the hearing that takes the testimony into account, before the Court rules.

Please let me know if the above may be agreeable to Texas, and if so, we can confer on the details of a proposed joint procedural motion to the Court. Please respond no later than 3PM CT today so that there will remain an opportunity to discuss further today by phone as needed or to coordinate on the joint procedural motion if we agree on the approach I outlined above.

With regards,

Brian H. Lynk
Senior Trial Counsel
Environmental Defense Section
Environment & Natural Resources Division
U.S. Department of Justice
202.514.6187

brian.lynk@usdoj.gov

---

**From:** Leif Olson <Leif.Olson@oag.texas.gov>
**Sent:** Thursday, July 27, 2023 10:07 PM
**To:** Lynk, Brian (ENRD) <Brian.Lynk@usdoj.gov>
**Cc:** Knudsen, Andrew (ENRD) <Andrew.Knudsen@usdoj.gov>; Dingivan, James (USATXW) <JDingivan@usa.doj.gov>; Patrick Sweeten <Patrick.Sweeten@oag.texas.gov>; David Bryant <David.Bryant@oag.texas.gov>; Ryan Walters <Ryan.Walters@oag.texas.gov>; Munera Al-Fuhaid <Munera.Al-Fuhaid@oag.texas.gov>; Ethan Szumanski <Ethan.Szumanski@oag.texas.gov>; Sharon Murray <Sharon.Murray@oag.texas.gov>
**Subject:** [EXTERNAL] US v. Abbott buoy case: Deposition schedules

Brian:

While we'll undoubtedly have more issues to discuss with each other in the future, we want to raise one issue immediately. We intend to conduct targeted discovery before a hearing on the preliminary-injunction motion you filed yesterday. You supported your motion with seven declarations. We would like to work with you to coordinate scheduling the depositions of several of those declarants, specifically:

- Mario Gomez,
- Jason Owens,
- Jennifer Pena,
- Justin Peters, and
- Hillary Quam.

While we don't currently believe them necessary, we also reserve the right to take the depositions of the additional two declarants, Abraham Garcia and Brandy Parker, and of Demetrius Gaines, whom Gomez and Pena both attest to having knowledge of relevant facts.

We're happy to work with you regarding locations and timing of the depositions. We anticipate we could conduct these depositions at a rate of two per day, and we are available to begin taking those depositions starting on July 31.

Please let us know as soon as you can when we can discuss this scheduling and timing for whatever other discovery may be necessary.

**Leif Olson**
**Chief, Special Litigation Division**
**Office of the Attorney General**
P.O. Box 12548 (MC-009)
Austin, Texas 78711-2548
(512) 463-4139