**United States District Court**
**Western District of Texas**
**Austin Division**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff*,<br>v.<br>GREG ABBOTT, in his capacity as Governor of the State of Texas, and THE STATE OF TEXAS,<br><br>*Defendants*. | No. 1:23-cv-00853-DII |

### DEFENDANTS' NOTICE OF MOTION TO CONSOLIDATE IN RELATED CASE

# EXHIBIT A

**United States District Court**
**Western District of Texas**
**Austin Division**

| | |
|---|---|
| Epi's Canoe & Kayak Team, LLC and Jessie Fuentes,<br><br>*Plaintiffs*,<br><br>v.<br><br>State of Texas, *et al.*,<br><br>*Defendants*. | No. 1:23-cv-00836-DII |

### Texas's Motion to Consolidate

There is a dire humanitarian crisis at the Texas–Mexico border endangering Texans and migrants alike. Unprecedented levels of illegal border crossings have created severe risks of human trafficking, black-market fentanyl distribution, cartel violence, and the loss of life across border communities. To reduce these risks by redirecting migrants to ports of entry at bridges, Texas deployed a string of buoys that span less than 1,000 feet of the more than 1,250 miles that the Rio Grande runs along the border.

Those buoys are now the subject of two separate lawsuits, each seeking to have the buoys pulled from the river. First was this lawsuit, filed on July 7, 2023, and removed to this Court on July 21, 2023. *See* ECF No. 1-2 at 2–23; ECF No. 1. Second was the United States' lawsuit, filed on July 24, 2023, in this Court. *See United States v. Abbott*, No. 1:23-cv-853 (W.D. Tex. July 24, 2023); Ex. A (United States' Complaint). Texas respectfully asks this Court to consolidate the two cases.

The facts and legal issues overlap extensively. Both challenge the lawfulness of deploying the buoys. *See* ECF No. 1-2 at 2–23; Ex. A. Indeed, the United States filed "in the Western District of Texas, Austin Division, *because* … a related case"—this case—"is pending there," which also asserts "that the floating barrier in the Rio

1

Grande … is unlawful" and also seeks "an injunction to restrain [Texas] from installing the floating barrier." *See* Ex. A at ¶ 7 (emphasis added).

## Background

On March 6, 2021, Governor Abbott and the Texas Department of Public Safety launched Operation Lone Star (OLS) "to combat the smuggling of people and drugs into Texas."[1] As part of OLS, Governor Abbott announced in early June 2023 that Texas would deploy buoys in the Rio Grande beginning with the first 1,000 feet near Eagle Pass to "deter illegal crossings in hotspots" and "proactively prevent illegal crossings between ports of entry by making it more difficult to cross the Rio Grande and reach the Texas side of the southern border."[2]

On July 7, 2023, Epi's Canoe and Kayak Team, LLC and Jessie F. Fuentes (collectively, "Epi Plaintiffs") challenged Texas's deployment of buoys in the Rio Grande by filing this suit in the 98th Judicial District Court of Travis County against: the State of Texas; Greg Abbott in his official capacity as Governor of Texas and Commander-in-Chief of the Texas Military Department; Steve McCraw in his official capacity as Director/Colonel of the Texas Department of Public Safety; the Texas Department of Public Safety; Major General Thomas Suelzer in his official capacity as Adjutant General of the Texas Military Department; and the Texas Military Department (collectively, "Texas"). ECF No. 1-2 at 2–23. Because of the

---

[1] Press Release, *Governor Abbott, DPS Launch "Operation Lone Star" To Address Crisis at Southern Border*, Office of the Texas Governor (March 6, 2021), https://gov.texas.gov/news/post/governor-abbott-dps-launch-operation-lone-star-to-address-crisis-at-southern-border.

[2] Press Release, *Governor Abbott Signs Sweeping Package of Border Security Legislation*, Office of the Texas Governor (June 8, 2023), https://gov.texas.gov/news/post/governor-abbott-signs-sweeping-package-of-border-security-legislation.

federal nature of Epi Plaintiffs' suit, Texas removed this case to this Court on July 21, 2023. ECF No. 1.

Epi Plaintiffs claim that Texas has violated the Texas Disaster Act of 1975, the Texas Administrative Procedure Act, and Article I, § 3a of the Texas Constitution. ECF No. 6-1 at ¶ 1. Epi Plaintiffs also claim that Texas's deployment of buoys conflicts with federal law and is unlawful because Texas does "not have jurisdiction to enforce Texas law at the international boundary within the Rio Grande," as such actions "are preempted by federal law." ECF No. 6-1 at ¶ 2, 105; *see also* ECF No. 6-1 at ¶ 86 (claiming that Texas "does not have the power to stop unlawful immigration at the Texas–Mexico border because that power resides exclusively with the United States Government").

Specifically, Epi Plaintiffs claim that Texas lacks the authority to place buoys in the Rio Grande because the international waters or boundaries at issue are "exclusively governed" by the U.S.–Mexico Water Treaty of 1944 and within the "exclusive jurisdiction" of the International Boundary and Water Commission (IBWC), ECF No. 6-1 at ¶¶ 88–90, and preempted by "§ 403 of the Navigable Rivers Act"—a reference to Section 10 of the Rivers and Harbors Act of 1899, 33 U.S.C. § 403. ECF No. 6-1 at ¶ 32. Epi Plaintiffs allege that this "federal law preempts Texas law," and makes Texas's challenged actions *ultra vires*. ECF No. 6-1 at ¶ 38.

On July 24, 2023, the United States sued over the buoys in the Rio Grande too. *See* Ex. A. Like Epi Plaintiffs, the United States sued Governor Abbott and the State of Texas in the Austin Division of the Western District of Texas. Like Epi Plaintiffs, the United States challenges the deployment of buoys as outside Texas's legal authority under federal law, arguing Texas violated Section 10 of the Rivers and Harbors Act by deploying buoys without authorization from the U.S. Army Corps of Engineers. *See* Ex. A. at ¶ 1–4. And like Epi Plaintiffs, the United States seeks to

enjoin Texas from deploying any more buoys and to require Texas to remove the already-deployed ones. *See* Ex. A. at ¶ 4.

## Argument

This Court should consolidate *United States v. Abbott*, No. 1:23-cv-853 (W.D. Tex. July 24, 2023), with this case, *Epi's Canoe & Kayak Team, LLC*, No. 1:23-cv-836 (W.D. Tex. July 21, 2023). "If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). Although consolidation is discretionary, the Fifth Circuit has long "urged" district judges "to make good use of Rule 42(a) in order to expedite trial and eliminate unnecessary repetition and confusion." *In re Air Crash Disaster at Fla. Everglades on Dec. 29, 1972*, 549 F.2d 1006, 1013 (5th Cir. 1977) (cleaned up) (quoting *Gentry v. Smith*, 487 F.2d 571, 581 (5th Cir. 1973)).

As explained below, *see infra* Section I.C, these two cases involve many "common question[s] of law [and] fact." Fed. R. Civ. P. 42(a). As a result, consolidation would undoubtedly expedite matters as well as "eliminate unnecessary repetition and confusion" between potentially dueling preliminary-injunction motions.

### I. Under the five-factor test courts generally use, consolidation is in order.

To help determine if consolidation is appropriate, courts generally examine five factors: "(1) whether the actions are pending in the same court; (2) whether there are common parties; (3) whether there are common questions of law or fact; (4) whether there is risk of prejudice or confusion versus a risk of inconsistent adjudications if the cases are tried separately; and (5) whether consolidation will promote judicial economy." *Casillas v. McDonough*, No. SA-22-cv-00959-JKP, 2023

4

WL 4356689, at *1 (W.D. Tex. June 30, 2023) (citing *Frazier v. Garrison I.S.D.*, 980 F.2d 1514, 1531 (5th Cir. 1993) and *Parker v. Hyperdynamics Corp.*, 126 F. Supp. 3d 830, 835 (S.D. Tex. 2015)).

Each factor weighs heavily in favor of consolidation. Accordingly, this Court should consolidate these two cases.

### A. The two cases are pending in the same court.

The first factor weighs in favor consolidation because the cases are pending in the same court—the Western District of Texas. Indeed, both cases are currently pending in the same division of this Court: Austin. This means that consolidation here poses no threat of inconvenience to any of the plaintiffs and this first factor is satisfied. *Texas v. United States*, No. 6:21-cv-16, 2021 WL 3171958, at *2 (S.D. Tex. July 26, 2021) ("Courts have interpreted 'same court' as the same district.") (citing *Wharton v. U.S. Dep't of Hous. & Urban Dev.*, No. 2:19-cv-300, 2020 WL 6749943, at *2 (S.D. Tex. Mar. 3, 2020)).

### B. The two cases involve substantially similar parties.

The second factor also weighs in favor of consolidation because the cases involve substantially similar parties. As party overlap increases, so too do the efficiencies gained through consolidation. *See, e.g.*, *Samataro v. Keller Williams Realty, Inc.*, No. 1:21-cv-76, 2021 WL 3596303, at *2–3 (W.D. Tex. Apr. 27, 2021) (noting common parties and ordering consolidation); *Raymond v. Invest Props., L.L.C.*, No. 5:20-cv-965, 2021 WL 725819, at *2–3 (W.D. Tex. Feb. 17, 2021) (same); *cf. Brown v. Fort Hood Fam. Hous. L.P.*, No. 5:20-cv-704, 2020 WL 10758046, at *2 (W.D. Tex. Sept. 25, 2020) (noting no common parties and denying consolidation). That is why this factor favors consolidation when the cases involve the same defendants. *See Wharton*, 2020 WL 6749943 at *2 (finding "the second factor satisfied because both cases involve the same four defendants").

Here, both cases name Greg Abbott in his official capacity as Governor and the State of Texas as defendants. The only difference is that *this* case also names other individuals as additional defendants: Steve McCraw in his official capacity as Director/Colonel of the Texas Department of Public Safety; the Texas Department of Public Safety; Major General Thomas Suelzer in his official capacity as Adjutant General of the Texas Military Department; and the Texas Military Department. But they are all part of the State of Texas.

To be sure, one case has the United States as a plaintiff, and the other involves a company and an individual as plaintiffs. But while nominally different, both sets of plaintiffs are quite similar in substance. They challenge the same actions (*i.e.*, the placement of the buoys), allege similar harms (*i.e.*, limited use of the river due to the buoys), and seek the same remedies (*i.e.*, removal of the buoys).

### C. The two cases involve common legal and factual issues.

The third factor weighs in favor of consolidation because the two cases present common legal and factual issues. As with the second factor, the efficiency gained by consolidation increases as the overlap of such issues increases. This is so because, where substantially similar cases are not consolidated, discovery and motion practice are "likely to be highly duplicative, which risks unnecessary costs and delay." *Dryshod Int'l, L.L.C., Haas Outdoors, Inc.*, No. 1:18-cv-596, 2019 WL 5149860, at *2 (W.D. Tex. Jan. 18, 2019); *see also Samataro*, 2021 WL 3596303, at *3. As explained above, both cases challenge Texas's deployment of buoys as contrary to federal law. Any minor differences with respect to the phrasing of their respective causes of action do not override the substantial similarity between the facts and legal issues in both lawsuits. What is of overriding importance is that the core issues are the same.

### D. Consolidation of the two cases poses no risk of confusion and would avoid risk of prejudice from inconsistent adjudications.

The fourth factor weighs in favor of consolidation. This asks the Court to weigh the risk of confusion if the cases are consolidated against the risk and prejudice of inconsistent adjudications if they are not. On the one hand, if there is a jury, it may improperly blend the issues in a consolidated case. On the other, the same issue may be inconsistently decided in unconsolidated cases. *See, e.g.*, *Yeti Coolers, LLC v. Beavertail Prod., LLC*, No. 1-15-cv-415, 2015 WL 4759297, at *2 (W.D. Tex. Aug. 12, 2015) (Pitman, J.); *Lay v. Spectrum Clubs, Inc.*, No. 5:12-cv-754, 2013 WL 788080, at *2–3 (W.D. Tex. Mar. 1, 2013).

This factor weighs in favor of consolidation for two reasons. First, inconsistent adjudications would be especially prejudicial in these circumstances. The legality of Texas's actions is the quintessential type of issue that "call[s] for a uniform result," and resolution of that question will not be aided by multiple decisions. *Yeti Coolers*, 2015 WL 4759297, at *1 (quoting *Int'l Fid. Ins. Co. v. Sweet Little Mexico Corp.*, 665 F.3d 671, 678 (5th Cir. 2011)). The common issues presented by these two cases have only one answer: Texas's actions are either valid, or they are not. The issues presented in these cases demand uniform resolution, and consolidation will help ensure that uniformity. The risk of prejudice in the event of inconsistent adjudications is thus high.

Second, consolidation poses no risk of confusion or prejudice to the plaintiffs—this Court will ensure there is no improper blending of the issues. And to the extent consolidation would pose any procedural confusion, it would be greatly outweighed by the parties' interest in reaching a consistent judgment.

### E. Consolidation will conserve judicial resources.

The fifth and final factor—whether consolidation will conserve resources and promote judicial economy—weighs in favor of consolidation because these cases

7

involve the same legal and factual issues and will, therefore, proceed along the same procedural path.

Consolidation promotes judicial economy where the related cases will draw from the same witnesses or other sources of discovery, involve similar legal briefing, turn on similar issues of fact or law, or are otherwise able to efficiently proceed together. *See Frazier*, 980 F.2d at 1532; *Dryshod*, 2019 WL 5149860, at *2; *RTIC Drinkware, L.L.C. v. YETI Coolers, L.L.C.*, No. 1:16-cv-907, 2017 WL 5244173, at *3 (W.D. Tex. Jan. 18, 2017); *Lay*, 2013 WL 788080, at *3.

As explained above, each of these cases will determine whether Texas's deployment of the buoys is contrary to federal law. Those legal issues can and should be decided together. Further, if the cases proceed to discovery, the parties can avoid duplication and will no doubt rely on much the same evidence in subsequent motion practice or at trial. In short, all pertinent considerations indicate that these cases should be combined, and that consolidation will result in significant conservation of judicial resources.

### F.  Both cases are at an early stage.

Some courts also consider whether the cases are at similar stages of development, and this additional factor weighs in favor of consolidation here. Courts find it efficient to consolidate cases that are both newly filed, or both ready for trial. Likewise, it is inefficient to consolidate cases that are at starkly different stages in the litigation process. *See, e.g.*, *RTIC Drinkware, L.L.C.*, 2017 WL 5244173, at *3; *Lay*, 2013 WL 788080, at *3.

Here, both cases challenging Texas's deployment of buoys are at a very early stage—indeed, the cases were filed within mere days of each other. Neither case has involved an initial conference, nor have the parties in any of these cases conducted

any discovery yet. Thus, consolidation at this early point in time is appropriate and does not pose any logistical concerns.

* * *

The pertinent considerations overwhelmingly favor consolidation. Most importantly, both cases involve similar legal issues and facts; the legal issues must be decided uniformly; and consolidation will ensure there are no inconsistent adjudications. Both cases are also before the same court, involve substantially similar parties, and are at a very early stage. Further, consolidation poses no risk of confusion and will greatly conserve judicial resources. For these reasons, the proper course is for the Court to consolidate both cases here.

## II. Under the first-to-file rule, this Court decides the issue of consolidation.

Finally, Texas acknowledges that this Court transferred *United States v. Abbott* to Judge Ezra—still within the Austin Division. *See* Aug. 8, 2023, Order, *United States v. Abbott*, No. 1:23-cv-853 (W.D. Tex.) (Pitman, J.), at ECF No. 12. Texas takes no position on whether the consolidated cases should ultimately remain before Judge Pitman or be subsequently transferred to Judge Ezra. Setting that aside, this Court is the proper court to decide the issue of consolidation.

Under the first-to-file rule, the court in which the last-filed case is pending "may refuse to hear" the second-filed case. *See Yeti Coolers, LLC v. Beavertail Prods., LLC*, No. 1-15-cv-415, 2015 WL 4759297, at *1 (W.D. Tex. Aug. 12, 2015) (Pitman, J.). If indeed the two cases share a "substantial overlap," "the proper course of action is for the second-filed court to transfer the case to the first-filed court." *Id.* at *2 (cleaned up). "It is then the responsibility of the first-filed court to decide whether the second suit filed must be dismissed, stayed, or transferred and consolidated." *Id.* (cleaned up) (quoting *Sutter Corp. v. P & P Indus., Inc.*, 125 F.3d 914, 917 (5th Cir. 1997)).

9

For the first-to-file rule to apply, the lawsuits do not have to be "identical," but rather need only "overlap on the substantive issues." *Mann Mfg. Inc. v. Hortex, Inc.*, 439 F.2d 403, 408 (5th Cir. 1971). As explained above, *see supra* Section I.C, these two cases share substantial overlap of questions of law and fact. And this case, *Epi's Canoe*, was first filed. *Compare* ECF No. 1-2 at 2–23 (complaint filed July 7, 2023), *and* ECF No. 1 (removal filed July 21), *with United States v. Abbott*, No. 1:23-cv-853 (W.D. Tex. July 24, 2023). *See also Dryshod Int'l, LLC v. Haas Outdoors, Inc.*, No. 1:18-CV-596-RP, 2019 WL 5149860, at *2 (W.D. Tex. Jan. 18, 2019) (Pitman, J.) ("[I]n the context of state court cases removed to federal court, the relevant date for purposes of the first-to-file rule is the date the case was originally filed in state court, not the date the case was removed to federal court.").

The first-to-file rule "establishes which court may decide whether the second suit filed must be … consolidated." *Sutter*, 125 F.3d at 917. And therefore, it is this Court that must decide the question of consolidation.

## Conclusion

For the foregoing reasons, Texas respectfully requests that this Court consolidate *United States v. Abbott,* No. 1:23-cv-853 (W.D. Tex. July 24, 2023), into this action.

| | |
|---|---|
| Date: August 2, 2023 | Respectfully submitted, |
| Angela Colmenero<br>Provisional Attorney General | */s/ David Bryant*<br>David Bryant<br>Special Counsel<br>Tex. State Bar No. 03281500<br>david.bryant@oag.texas.gov |
| Brent Webster<br>First Assistant Attorney General | |
| Grant Dorfman<br>Deputy First Assistant Attorney General | Munera Al-Fuhaid<br>Special Counsel<br>Tex. State Bar No. 24094501<br>munera.al-fuhaid@oag.texas.gov |
| Ralph Molina<br>Deputy Attorney General for Legal Strategy | |
| Office of the Attorney General<br>P. O. Box 12548, MC-009<br>Austin, TX 78711-2548<br>(512) 936-2172 | **Counsel for Defendants** |

### Certificate of Conference

I certify that on August 2, 2023, counsel for Defendants conferred with counsel for Plaintiffs in the present case, who indicated that they do not object to this Motion. On this same day, counsel for Defendants also conferred with counsel for the plaintiff in *United States v. Abbott, et al.*, No. 1:23-cv-00853 (W.D. Tex.), who expressed this position: "The United States is opposed. The cases are bought pursuant to wholly distinct legal authorities (state and federal law, respectively), and thus raise distinct issues. To the extent there is factual overlap, the United States further notes that the court may coordinate between related cases as necessary without consolidating them."

*/s/ David Bryant*

### Certificate of Service

On August 2, 2023, this document was filed electronically through the Court's CM/ECF system, which automatically serves all counsel of record.

*/s/ David Bryant*