UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | No. 1:23-CV-853-DAE |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | |
| GREG ABBOTT, in his capacity as Governor of the State of Texas, and THE STATE OF TEXAS | § § § | |
| | § | |
| Defendants. | § | |

### ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR EXPEDITED DISCOVERY

Before the Court is an Opposed Motion for Expedited Discovery filed by Defendants Greg Abbott, in his official capacity as Governor of the State of Texas, and the State of Texas (together, "Defendants" or "Texas") on July 31, 2023.  (Dkt. # 11.)  Texas seeks to conduct depositions of six of the eight declarants whom Plaintiff United States of America (the "United States") used to support its Motion for Preliminary Injunction.  (Id.; see Dkt. # 5.)  The United States filed its Response on August 2, 2023.  (Dkt. # 14.)  For the following reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Defendants' Motion for Expedited Discovery.  (Dkt. # 11.)

BACKGROUND

On July 24, 2023, the United States filed this civil enforcement action under sections 12 and 17 of the Rivers and Harbors Appropriation Act of 1899, 33 U.S.C §§ 406 and 413 (the "RHA"), against Texas. (Dkt. # 1.) The United States alleges that Texas violated Section 10 of the RHA through its (1) construction of a floating barrier and related infrastructure in the Rio Grande River without authorization from the United States Army Corps of Engineers (the "Corps") and, (2) creation of an obstruction to the navigable capacity of that waterway without affirmative Congressional authorization. 33 U.S.C. § 403. (Id. ¶ 2.) Through the instant action, the United States aims to enjoin Defendants from further constructing or maintaining structures or obstructions in the navigable waters of the United States, except in compliance with the RHA and other applicable law. (Id. ¶ 35.) The United States also seeks to compel Defendants, at their own expense, to remove all such extant structures and obstructions in the Rio Grande River. (Id. ¶ 4.)

On July 26, 2023, the United States filed an Opposed Motion for Preliminary Injunction seeking the relief outlined above until a final judgment on the merits is entered in this case. (Dkt. # 5.) Texas filed the instant Motion for

Expedited Discovery on July 31, 2023, seeking limited discovery in advance of its responsive deadline of August 9, 2023.[1]  (Dkt. # 11.)

## LEGAL STANDARD

District courts have "wide discretion" to control the "scope and pace of discovery," and that discretion extends to managing the timing of discovery.  In re Ramu Corp., 903 F.2d 312, 318 (5th Cir. 1990).  Still, parties may seek expedited discovery through court order.  FED. R. CIV. P. 26 (providing that a party may seek discovery before the Rule 26(f) conference if "authorized by . . . court order"); see also FED. R. CIV. P. 34(b)(2)(A) (providing that shorter response times to discovery requests "may be ordered by the court").  Although the Federal Rules do not provide a standard for the Court to use in exercising its authority to order expedited discovery, courts generally use either (1) a "preliminary-injunction-style analysis," or (2) a "good cause standard."  Stockade Cos., LLC & Stockade Franchising, LP v. Kelly Rest. Group, LLC, 1:17-CV-143-RP, 2017 WL 2635285, at *2 (W.D. Tex. June 19, 2017) (quoting Greenthal v. Joyce, 4:16-CV-41, 2016 WL 362312, at *1 (S.D. Tex. Jan. 29, 2016)).  "While the Fifth Circuit has not explicitly adopted a standard to determine whether a party is entitled to expedited discovery, the majority of courts in this Circuit have adopted the 'good cause'

---

[1] Under the Local Rules, Texas has until August 9, 2023, to respond to the Motion for Preliminary Injunction, and the United States has until August 16, 2023, to reply.  Local Rule CV-7(d)-(e).

3

standard." Alamo Area Mut. Hous. Ass'n, Inc. v. Lazenby, No. 5:17-CV-634-DAE, 2017 WL 7052289, at *3–4 (W.D. Tex. July 19, 2017); see, e.g., Stockade, 2017 WL 2635285, at *2; Greenthal, 2016 WL 362312, at *1; Fiduciary Network, LLC v. Buehler, No. 3:15-CV-0808, 2015 WL 11120985, at *1 (N.D. Tex. Mar. 23, 2015); ELargo Holdings, LLC v. Doe-68.105.146.38, 318 F.R.D. 58, 61 (M.D. La. 2016).

Under the "good cause" standard for expedited discovery, "courts often consider '(1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made.'" Stockade, 2017 WL 2635285, at *2 (quoting Greenthal, 2016 WL 362312, at *1). The party seeking expedited discovery bears the burden of showing good cause, and the subject matter of the expedited discovery requests should be narrowly tailored in scope. Id.; see also St. Louis Grp., Inc. v. Metals & Additives Corp., Inc., 275 F.R.D. 236, 240 (S.D. Tex. 2011).

DISCUSSION

The Court finds that Texas has met its burden of showing that good cause exists to permit limited expedited discovery. But the Court also finds Texas' demand for five-hour depositions of six of the United States' eight declarants

4

extremely broad and overly burdensome at this stage in the litigation. Thus, the Court limits the expedited discovery to that which Texas describes as its principal factual dispute—whether Texas' buoy system constitutes an obstruction in the Rio Grande.

As the pendency of a preliminary injunction in this case is undisputed, the first consideration weighs in Texas' favor. See, e.g., Accruent, LLC. v. Short, No. 1:17-cv-858-RP, 2017 WL 8811606, at *1 (W.D. Tex. Nov. 8, 2017) (noting "that the pendency of a preliminary injunction hearing satisfies one criterion of the good-cause analysis"). The Court proceeds to evaluate the remaining good cause factors.

I.      Purpose for Requesting Expedited Discovery

Courts allow expedited discovery at the preliminary injunction stage "to develop a factual record that will aid Defendant in responding to the PI motion." NetChoice, LLC v. Paxton, No. 1:21-CV-840-RP, 2021 WL 7081122, at *2 (W.D. Tex. Oct. 22, 2021); see also Miner, Ltd. v. Anguiano, No. 3:19-cv-82, 2019 WL 9633302, at *2 (W.D. Tex. Mar. 20, 2019) (finding good cause existed for expedited discovery to "permit the parties to collect evidence that may be presented at the hearing on the motion for preliminary injunction"); Accruent, 2017 WL 8811606, at *1 (granting defendant's request for expedited discovery to prepare for preliminary injunction hearing).

Texas' asserted purpose in deposing the six declarants is to "probe" the "key factual assertions" offered by the United States in support of the preliminary injunction. (Dkt. # 11 at 5, 6.) Texas specifically argues that "[w]hen proceedings are filed to enjoin an obstruction, 'it becomes a question of fact whether the act sought to be enjoined is one which fairly and directly tends to obstruct . . . the navigable capacity of a stream.'" (Dkt. # 11 at 4-5 (quoting United States v. Rio Grande Dam & Irrigation Co., 174 U.S. 690, 709 (1899).) Thus, Texas argues, it is "entitled" to investigate the declarants' assertions as to whether the buoys "interfere with or diminish the Rio Grande's capacity to be navigated" such that they violate the RHA. (Dkt. # 11 at 5.) This is the only factual dispute that Texas identifies with any particularity.[2]

Given that eligibility for a preliminary injunction depends in part on the United States' likelihood of success on the merits,[3] factual allegations as to the buoys' obstruction of the Rio Grande do indeed supply a critical component of the United States' obstruction claim.[4] The Court finds it proper to allow expedited discovery for the limited purpose of investigating the factual assertions made by

---

[2] The Court notes that Texas fails to identify any particular fact that it takes issue with, or indicate its basis for doubt.
[3] Moore v. Brown, 868 F.3d 398, 402–03 (5th Cir. 2017) (per curiam).
[4] The relevance of declarants' factual assertions about obstruction does not undermine the fact that the United States may well qualify for a preliminary injunction based solely on the other RHA violation alleged—the unapproved creation of a structure in the Rio Grande.

6

the declarants on obstruction.  As described further below, however, Texas' discovery must be curtailed from its wide-ranging request.

II.     Breadth of Discovery Requests

As currently fashioned, Texas' expedited discovery request is overly broad.  Texas seeks to depose six of the eight declarants identified in the United States' Motion for Preliminary Injunction about everything from the ongoing harm the buoys have wreaked on U.S./Mexico relations to their potential interference with Border Patrol rescue operations.  (Dkt. # 11 at 7 ("Texas disputes [whether the buoys have affected the navigability and public safety on the river], and that's just one example.  The factual allegations abound.").)  Other than Texas' allusion to a factual dispute on whether the buoys obstruct the Rio Grande, Texas does not point to any specific factual disputes which necessitate expedited discovery at this early stage.  Moreover, Texas' intended questioning into, for instance, the "significant and ongoing harm to the United States' foreign relations with Mexico" goes to the issue of irreparable harm, which the United States points out may not even be necessary to the Court's resolution of the preliminary injunction.  (Dkt. # 5 at 16 ("Numerous courts have concluded this rule [under which no balancing of interest or need to show irreparable injury is required when an injunction is sought to enforce a public-interest statute] applies to RHA Section 10 in particular.").)

7

The Court agrees with the United States that several of the declarants merely recount information easily accessible to the public or provided by Texas' own representatives.  (See Dkt. # 14 at 8 (clarifying that one "declaration largely recounts what he was told by Texas Department of Public Safety representatives at a public meeting" and one-third of a different declarant's statement merely "summarizes international treaties between the United States and Mexico concerning the Rio Grande").)  Many of these declarations are extremely short, making the request for a five-hour deposition at this stage of the litigation extreme. (See Dkts. ## 5-3; 5-6.)  Because "the subject matter of the discovery must be narrowly tailored in scope," the Court will limit Texas' expedited discovery in duration and in number.  St. Louis Grp., Inc., 275 F.R.D. at 240.  In accordance with this principle, the Court identifies three declarants who speak to the factual dispute of obstruction: Mario Gomez, Joseph Shelnutt, and Captain Justin Peters. (Dkts. ## 5-2; 5-6; 5-8.)  The Court will permit Defendants to conduct three-hour depositions of each of these individuals.

III.   Burden to Comply with Expedited Discovery

Gomez, Shelnutt, and Captain Peters are federal employees, making their availability within the control of the United States.  Given that Defendants' response is due August 9, 2023, the Court finds it not unreasonable to require these depositions occur by August 7, 2023.

IV. How Far in Advance Request Made

Texas filed its request for expedited discovery five days after the Motion for Preliminary Injunction was filed. Correspondence between the parties indicates that Texas reached out to the United States with its request for the expedited depositions of many declarants the day after the Motion for Preliminary Injunction was filed. (Dkt. # 14-1 at 6.) Though the parties were unable to come to a resolution on the need for these depositions,[5] the Court finds that the timing of this request does not counsel in favor or against permitting the expedited discovery.

In summary, Defendants' Motion for Expedited Discovery is **GRANTED IN PART** and **DENIED IN PART**: Defendants are permitted to depose Mario Gomez, Joseph Shelnutt, and Captain Justin Peters on the issue of obstruction of the Rio Grande. Such depositions are to occur no later than August 7, 2023, and are limited to three hours.

**IT IS SO ORDERED.**

**DATED**: Austin, Texas, August 3, 2023.

_____
David Alan Ezra
Senior United States District Judge

---

[5] In large part, it appears, because of Texas' refusal to share more specific information about what factual disputes would be at issue. (Dkt. # 14-1 at 1-6.)