**United States District Court**
**Western District of Texas**
**Austin Division**

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff*, v. GREG ABBOTT, in his capacity as Governor of the State of Texas, and THE STATE OF TEXAS, *Defendants*. | No. 1:23-cv-00853-DAE |

### DEFENDANTS' UNOPPOSED MOTION FOR LEAVE TO FILE SURREPLY

Defendants Greg Abbott, in his capacity as Governor of the State of Texas, and the State of Texas (collectively, "Texas") respectfully move for leave to file the attached surreply. It is Texas's position that the United States has raised new merits theories and factual allegations for the first time, including in its Notice of Survey by the International Boundary and Water Commission and Reply in Support of Motion for Preliminary Injunction. *See* ECF 32, 37. The United States also attached two additional declarations to its reply; Texas maintains that it has been deprived of the opportunity to respond—let alone "investigat[e] the factual assertions made by the declarants" as permitted by this Court. *See* ECF 19 at 6–7 (granting limited discovery).

Texas respectfully submits that a surreply is warranted. *See Mission Toxicology, LLC v. Unitedhealthcare Ins. Co.*, 499 F. Supp. 3d 350, 360 (W.D. Tex. 2020) (submission of supplemental appendix with reply brief "provide[d] good cause and extraordinary circumstances that warrant granting" leave to file surreply). Indeed, as a general matter, district courts may allow a surreply to respond to new arguments or evidence presented for the first time in the reply. *See Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 336 (5th Cir. 2017) (per curiam). After all, "[a] reply brief is for replying,

not for raising a new ground." *United States v. Van Smith*, 530 F.3d 967, 973 (D.C. Cir. 2008). "[S]ur-replies have . . . been useful briefing for courts when necessary to respond" to such new arguments or evidence. *Flores v. United Road Servs. Midwest, Inc.*, No. 5:19-cv-1066, 2021 WL 9908546, at *5 (W.D. Tex. July 22, 2021) (Ezra, J.). They are also necessary to avoid "potential prejudice" to the party that filed a response brief before new issues were injected into the case. *Matson v. NIBCO, Inc.*, 2021 WL 2374312, at *7 (W.D. Tex. June 10, 2021). Accordingly, surreplies are not limited to summary judgment. *See, e.g.*, *ADT, LLC v. Cap. Connect, Inc.*, 145 F. Supp. 3d 671 (N.D. Tex. 2015) (motion for preliminary injunction); *Domain Vault LLC v. Rightside Grp., Ltd.*, No. 3:17-cv-789, 2017 WL 4298133 (N.D. Tex. Sept. 8, 2017) (motion to compel arbitration); *Hageman v. Corporacion EG, S.A. de C.V.*, No. SA:14-cv-976, 2015 WL 1510009 (W.D. Tex. Mar. 31, 2015) (Ezra, J.) (motion to dismiss).

Here, Texas respectfully suggests that a surreply would aid the Court in its decision. Moreover, Texas maintains that a surreply is necessary to avoid prejudice to defendants because the United States has raised new merits theories, attached new factual evidence, and pressed a new foreign-relations basis for irreparable harm—all for the first time in filings docketed after defendants filed their response brief.

For those purposes only, Texas has prepared a brief surreply addressing these novel legal theories and evidentiary assertions. The proposed sur-reply is 6 pages, less than half the length of the United States' reply brief. Moreover, as indicated in the certificate of conference, the United States has indicated that it would be unopposed to the filing of a sur-reply not to exceed 6 pages, provided such brief is filed by 10:00 am Central on Saturday, 8/19/23; Texas has timely filed this motion. Texas therefore respectfully requests leave to file the attached surreply.

<table>
<tr><td>

Date: August 19, 2023

Angela Colmenero
Provisional Attorney General

Brent Webster
First Assistant Attorney General

Grant Dorfman
Deputy First Assistant Attorney General

Ralph Molina
Deputy Attorney General for Legal Strategy

Office of the Attorney General
P. O. Box 12548, MC-009
Austin, TX 78711-2548
(512) 936-2172

</td><td>

Respectfully submitted,

/s/ Patrick K. Sweeten
Patrick K. Sweeten
Special Counsel
Tex. State Bar No. 00798537
patrick.sweeten@oag.texas.gov

Ryan D. Walters
Deputy Chief
Special Litigation Division
Tex. State Bar No. 24105085
ryan.walters@oag.texas.gov

David Bryant
Special Counsel
Tex. State Bar No. 03281500
david.bryant@oag.texas.gov

Munera Al-Fuhaid
Special Counsel
Tex. State Bar No. 24094501
munera.al-fuhaid@oag.texas.gov

**Counsel for Defendants**

</td></tr>
</table>

## Certificate of Service

On August 19, 2023, this document was filed electronically through the Court's CM/ECF system, which automatically serves all counsel of record.

/s/ Patrick K. Sweeten
Patrick K. Sweeten

## Certificate of Conference

On August 18, 2023, counsel for the parties met and conferred on this matter telephonically and via email. Counsel for the United States indicated that there would be no opposition to a sur-reply limited to 6 pages and filed no later than 10:00 am Central on Saturday, August 19, 2023.

/s/ Patrick K. Sweeten
Patrick K. Sweeten