# Exhibit 2

# Redline Comparison of Complaint and First Amended Complaint

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>v.<br><br>GREG ABBOTT, in his capacity as GOVERNOR OF THE STATE OF TEXAS, and THE STATE OF TEXAS,<br><br>        Defendants. | Civil Action No. 1:23-cv-00853-DAE |

### FIRST AMENDED COMPLAINT

Plaintiff, the United States of America, through its undersigned counsel, by the authority of the Attorney General of the United States, ~~and at the request of the Secretary of the Army acting through the United States Army Corps of Engineers ("Corps"), files this~~ files this First Amended Complaint and alleges as follows:

### NATURE OF THE ACTION

1. The United States brings this civil enforcement action under sections 12 and 17 of the Rivers and Harbors Appropriation Act of 1899 ("RHA" or "Rivers and Harbors Act"), 33 U.S.C. §§ 406 and 413, and the Treaty of Peace, Friendship, Limits, and Settlement between the United States and the Republic of Mexico, February 2, 1848, 9 Stat. 922, 1848 WL 6374 (hereinafter, "1848 Treaty"), against Defendants Greg Abbott, in his official capacity as Governor of the State of Texas, and the State of Texas.

2. As alleged below, Defendants have built structures in the Rio Grande, a navigable water of the United States, without the ~~Corps'~~ authorization~~,~~ of the U.S. Army Corps of Engineers

1

("Corps"), in violation of RHA section 10, 33 U.S.C. § 403. These structures include a floating barrier and related infrastructure.

3. As alleged below, Defendants' structures also constitute an unauthorized obstruction to the navigable capacity of waters of the United States in violation of RHA section 10, 33 U.S.C. § 403.

4. As alleged below, Defendants' structures are prohibited by the 1848 Treaty, which prohibits the "construct[ion] [of] any work that may impede or interrupt, in whole or in part, the exercise of the right" to "navigation" without first obtaining "the consent of [Mexico]." 1848 Treaty art. VII, 1848 WL 6374, at *4.

4.5. In this action, the United States seeks: (1) to enjoin the building of structures in navigable waters and the obstruction to the navigable capacity of the waters of the United States in violation of the RHA, 33 U.S.C. § 403; (2) to enjoin the building of structures in the Rio Grande in contradiction of the terms of the 1848 Treaty; and (23) to require Defendants, at their own expense and cost, to remove all structures and obstructions that they have unlawfully placed in the Rio Grande, including a the floating barrier and all infrastructure related to the floating barrier, in the Rio Grande as described in this First Amended Complaint.

## JURISDICTION AND VENUE

5.6. This Court has subject-matter jurisdiction pursuant to 33 U.S.C. § 406 and 28 U.S.C. §§ 1331, 1345 and 1355.

6. Venue is proper in the Western District of Texas, Del Rio Division, pursuant to 33 U.S.C. § 406 and 28 U.S.C. § 1391(b) and (c), because the unauthorized structures and obstruction exist in the Rio Grande in the vicinity of Eagle Pass, Texas, which lies within this

~~District, and the events giving rise to the cause of action alleged below occurred in the Rio Grande in the vicinity of Eagle Pass, Texas, which lies within this District.~~

6.7.    ~~7.    Venue also~~Venue is proper in the Western District of Texas, Austin Division, because Austin is the state capital and Defendant Greg Abbott is located in Austin, the unauthorized structures and obstruction exist in the Rio Grande in the vicinity of Eagle Pass, Texas, which lies within this District, and the events giving rise to the ~~cause~~causes of action alleged below occurred in the Rio Grande in the vicinity of Eagle Pass, Texas, which lies within this District.  The United States ~~is filing~~filed suit in the Western District of Texas, Austin Division, because it is the capital and where a Defendant resides, and, at the time this action was filed, a related case ~~is pending there. That case~~, *Epi's Canoe & Kayak Team, LLC v. State of Texas*, No. 1:23-cv-00836-DII, was ~~removed to federal court by Governor Greg Abbott, the State of Texas, and state agencies and officials on July 21, 2023.  The plaintiffs~~ pending in *Epi's Canoe* ~~claim that~~ the ~~floating barrier in the Rio Grande in the vicinity of Eagle Pass, Texas, is unlawful and pray for, among other things, an injunction to restrain Governor Abbott, the State of Texas, and the other state defendants from installing the floating barrier.~~Austin Division.

## THE PARTIES

7.8.    Plaintiff is the United States of America.  Authority to bring this action is vested in the United States Department of Justice pursuant to 28 U.S.C. §§ 516 and 519 and 33 U.S.C. § 413.

8.9.    Defendants are Greg Abbott, in his official capacity as Governor of the State of Texas, and the State of Texas.

9.10.    At all times relevant to the Complaint, Defendants caused and/or controlled the placement and/or construction activities that occurred or are occurring in the Rio Grande and are the subject of this complaint.

3

## ~~RIVERS AND HARBORS ACT~~CONSTITUTIONAL, STATUTORY, AND REGULATORY BACKGROUND

### I.     Rivers and Harbors Act

~~10.~~11.   RHA section 10, 33 U.S.C. § 403, prohibits the "creation of any obstruction not affirmatively authorized by Congress, to the navigable capacity of any of the waters of the United States." 33 U.S.C. § 403.

~~11.~~12.   RHA section 10, 33 U.S.C. § 403, independently prohibits "build[ing] or commenc[ing] the building of any wharf, pier, dolphin, boom, weir, breakwater, bulkhead, jetty, or other structures in any port, roadstead, haven, harbor, canal, navigable river, or other water of the United States, outside established harbor lines, or where no harbor lines have been established, except on plans recommended by the Chief of Engineers and authorized by the Secretary of the Army."

~~12.~~13.   A Corps permit is required under RHA section 10, 33 U.S.C. § 403, for structures or work in or affecting navigable waters of the United States. 33 C.F.R. § 322.3(a).

~~13.~~14.   "Navigable waters of the United States are those waters that are subject to the ebb and flow of the tide and/or are presently used, or have been used in the past, or may be susceptible for use to transport interstate or foreign commerce. A determination of navigability, once made, applies laterally over the entire surface of the waterbody, and is not extinguished by later actions or events which impede or destroy navigable capacity." 33 C.F.R. § 329.4.

~~14.~~15.   A "structure" includes, but is not limited to, "any pier, boat dock, boat ramp, wharf, dolphin, weir, boom, breakwater, bulkhead, revetment, riprap, jetty, artificial island, artificial reef, permanent mooring structure, power transmission line, permanently moored floating vessel, piling, aid to navigation, or any other obstacle or obstruction." 33 C.F.R. § 322.2(b).

~~15.~~16.   RHA section 12, 33 U.S.C. § 406, provides that "the removal of any structures or parts of structures erected in violation of the provisions of [33 U.S.C. § 403 and other specified

statutory sections] may be enforced by the injunction of any district court exercising jurisdiction in any district in which such structures may exist, and proper proceedings to this end may be instituted under the direction of the Attorney General of the United States."

## II. The 1848 Treaty

17. The Supremacy Clause of the Constitution directs that: "This Constitution, and the Laws of the United States which shall be made in Pursuance thereof; and all Treaties made, or which shall be made, under the Authority of the United States, shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding." U.S. Const. art. VI, cl. 2.

18. The 1848 Treaty, known as the Treaty of Guadalupe Hidalgo, ended the Mexican-American War, with Mexico ceding certain of its territory to the United States in exchange for payment of millions of dollars.

19. Article VII of the 1848 Treaty provides that navigation on the Rio Grande River "shall be free and common to the vessels and citizens of both countries; and neither shall, without the consent of the other, construct any work that may impede or interrupt, in whole or in part, the exercise of this right; not even for the purpose of favoring new methods of navigation." 1848 Treaty, art. VII, 1848 WL 6374, at *4.

20. Accordingly, under the 1848 Treaty, the United States "shall" not construct anything in the Rio Grande that "may" impede or interrupt navigation on the Rio Grande River in any way without Mexico's consent. This free-navigation requirement is binding and self-executing.

21. At the time the 1848 Treaty was ratified, the term "navigation" was commonly understood to mean "[t]he act of navigating; the act of passing on water in ships or other vessels." 1828 Webster's Dictionary; *see also A Dictionary of the English Language* (1868) (similar); Oxford

English Dictionary (1527-1860) ("a voyage; an expedition or journey by sea or water"); *Samuel Johnson's Dictionary* (1773) ("the act or practice of passing by water").

## GENERAL ALLEGATIONS

16.22.   The Rio Grande in the vicinity of Eagle Pass, Texas, is a navigable water of the United States.  *See* U.S. Army Corps of Engineers, Fort Worth District, Navigable Waters of the United States in the Fort Worth, Albuquerque, and Tulsa Districts Within the State of Texas at p. 1 (Dec. 20, 2011), Attachment 1[1]; U.S. Coast Guard, Memo from 8th District Commander re: Navigability Determination (Oct. 19, 1984), Attachment 2; Decl. of Capt. Brandy Parker Regarding Navigability Determination of the Rio Grande (July 24, 2023), Attachment 3.

23.   Construction that may impede navigation on the Rio Grande, including in the vicinity of Eagle Pass, is governed by the 1848 Treaty.  1848 Treaty, art. VII, 1848 WL 6374, at *4.

17.24.   Beginning on or before July 10, 2023, and continuing through at least July 17, 2023, the Defendants, and/or persons acting on their behalf or at their direction, placed a floating barrier in the Rio Grande approximately two miles south of the Camino Real International Bridge, Eagle Pass, Texas (hereinafter the "Floating Barrier").  Declaration of Abraham Garcia ¶¶ 2-3 & Ex. 1-2 (July 24, 2023), Attachment 4.  The Floating Barrier appears to include associated infrastructure designed to anchor or fix it in place in the Rio Grande.  *Id.* Ex. 1.

18.25.   The Floating Barrier consists of a string of buoys each of which is between 4 and 6 feet in diameter.  According to a June 8, 2023, press statement by Governor Abbott, this string of buoys may stretch for at least 1,000 feet.[2]

---

[1] This document also is publicly available at: www.swf.usace.army.mil/Portals/47/docs/regulatory/NavList2011.pdf.  As such, the Court may take judicial notice of it.  *See, e.g.*, *Hawk Aircargo, Inc. v. Chao*, 418 F.3d 453, 457 (5th Cir. 2005).
[2] *See* https://gov.texas.gov/news/post/governor-abbott-signs-sweeping-package-of-border-security-legislation.

19.26.   Defendants do not have authorization from the Corps pursuant to 33 U.S.C. § 403 or 33 C.F.R. § 322.3 for the Floating Barrier or for any associated infrastructure.

20.27.   Defendants did not seek authorization from the Corps prior to installing the Floating Barrier.

28.   Defendants did not obtain the consent of Mexico prior to installing the Floating Barrier.

21.29.   Governor Abbott stated publicly on June 8, 2023, that Texas may seek to build similar floating barriers within the Rio Grande along the United States-Mexico border in Texas in addition to the one then-contemplated, and now-constructed, in the vicinity of Eagle Pass, Texas.[3]

22.30.   Because Texas installed the Floating Barrier without seeking the Corps' authorization, the Corps and other relevant federal agencies were deprived of the opportunity to evaluate risks the barrier poses to public safety and the environment, mitigate those risks as necessary through the permitting process, and otherwise evaluate whether the project is in the public interest.

23.31.   Governor Abbott has stated publicly that the Floating Barrier is part of a broader effort called "Operation Lone Star."[4]  According to Governor Abbott, Operation Lone Star also includes the placement of concertina wire near the U.S.-Mexico border.[5]  With respect to the placement of concertina wire, Governor Abbott has stated: "We aren't asking for permission."[6]

---

[3] *See* https://gov.texas.gov/news/post/governor-abbott-signs-sweeping-package-of-border-security-legislation.

[4] *See* https://gov.texas.gov/news/post/operation-lone-star-boosts-border-response-with-new-marine-barriers.

[5] *See id.*

[6] *See* https://twitter.com/GregAbbott_TX/status/1638306917939380224?t=BB0rNKcTgwyDn0j8qRiQKQ&s=19.

24.32.   On July 20, 2023, United States Assistant Attorney General Todd Kim and United States Attorney Jaime Esparza wrote Governor Abbott and Texas Provisional Attorney General Angela Colmenero, giving the Texas officials notice that the Floating Barrier violates federal law and inviting the State in response to commit to expeditiously remove the Barrier and related structures.  On July 24, 2023, the Governor responded with a letter addressed to President Biden.  Attachment 5.  The Governor's letter acknowledges "the floating marine barriers we have deployed in the Rio Grande River in Eagle Pass" and states that "Texas will see you in court, Mr. President." *Id.* at 1.

## COUNT 1:  VIOLATION OF THE RIVERS AND HARBORS ACT

25.33.   The United States repeats the allegations set forth in Paragraphs 1 through 2516 and 22 through 32 of this Complaint.

26.34.   The Floating Barrier, as constructed, installed, and placed by Defendants (and/or persons acting on their behalf or at their direction) wholly or partially in navigable waters of the United States, constitutes a "structure" within the meaning of RHA section 10, 33 U.S.C. § 403.

27.35.   The Floating Barrier, as constructed, installed, and placed by Defendants (and/or persons acting on their behalf or at their direction) wholly or partially in navigable waters of the United States, constitutes a "structure," as that term is defined in 33 C.F.R. § 322.2(b).

28.36.   The Floating Barrier is an obstruction to the navigable capacity of the Rio Grande, a navigable water of the United States.

29.37.   The Floating Barrier required authorization under RHA section 10, 33 U.S.C. § 403, and the Corps' implementing regulations at 33 C.F.R. Part 322, including 33 C.F.R. § 322.3(a), for its construction, installation, and placement in navigable waters of the United States.

~~30.~~38.   Defendants did not obtain a Corps permit or otherwise obtain the Corps' permission for the construction, installation, or placement of the Floating Barrier in the Rio Grande as required by RHA section 10, 33 U.S.C. § 403.

~~31.~~39.   The unauthorized construction, installation, and placement of the Floating Barrier structure in navigable waters of the United States violates RHA section 10, 33 U.S.C. § 403.

~~32.~~40.   The Floating Barrier's unauthorized obstruction to the navigable capacity of navigable waters of the United States violates RHA section 10, 33 U.S.C. § 403.

~~33.~~41.   Defendants have violated and continue to violate RHA section 10, 33 U.S.C. § 403, by: (a) the construction, installation, and placement of the Floating Barrier in the Rio Grande without a Corps permit; and (b) the creation of an unauthorized obstruction to the navigable capacity of navigable waters of the United States.

### COUNT 2:  PREEMPTION BY THE 1848 TREATY

42.   The United States repeats the allegations set forth in Paragraphs 1 through 10 and 17 through 32 of this Complaint.

43.   The 1848 Treaty requires that navigation on the Rio Grande "shall be free and common to the vessels and citizens of both countries; and neither shall, without the consent of the other, construct any work that may impede or interrupt, in whole or in part, the exercise of this right; not even for the purpose of favoring new methods of navigation."  1848 Treaty, art. VII, 1848 WL 6374, at *4.

44.   Pursuant to the Constitution, provisions of treaties are the "supreme Law of the Land."  U.S. Const. art. VI, cl. 2.  The free-navigation requirement of the 1848 Treaty is self-executing and thus binding on Texas.

45.   The Floating Barrier constructed by Texas is "a work that may impede or interrupt, in whole or in part, the exercise" of the right of "the vessels and citizens of both countries" to

9

navigate the river.  1848 Treaty, art. VII, 1848 WL 6374, at *4.  Texas's placement of the Floating Barrier in the Rio Grande, without the permission of Mexico, is inconsistent with the 1848 Treaty and is preempted.

## PRAYER FOR RELIEF

~~34.~~46.   WHEREFORE, Plaintiff, the United States of America, respectfully requests that this Court order the following relief:

a. Enjoin Defendants from further constructing, installing, placing, or maintaining structures in waters of the United States, except in compliance with the RHA and all other applicable law;

b. Enjoin Defendants from creating or maintaining obstructions in or affecting the navigable waters of the United States, except in compliance with the RHA and all other applicable law;

~~c~~   c.   Enjoin Defendants from constructing any work that may impede or interrupt, in whole or in part, navigation of the Rio Grande, except in compliance with the 1848 Treaty and all other applicable laws;

d. Compel Defendants to promptly remove the Floating Barrier and any related unauthorized structures from waters of the United States pursuant to the RHA, 33 U.S.C. § 401 *et seq.*, and in accordance with all other requirements of law and consultation with the relevant authorities, including the Corps;

~~d~~e. Compel Defendants to promptly remove the unauthorized obstruction to the navigable capacity of navigable waters of the United States pursuant to the RHA 33 U.S.C. § 401 *et seq.*, and in accordance with all other requirements of law and consultation with the relevant authorities, including the Corps;

10

~~e~~ f.    Compel Defendants to promptly remove the unauthorized work in the Rio Grande that is impeding and/or interrupting navigation on the river pursuant to the 1848 Treaty;

g.    Award the United States its costs and disbursements; and

~~f~~h.    Grant such other relief as the Court may deem just and proper.

|  |  |
|---|---|
|  | Respectfully submitted,<br><br>TODD KIM<br>ASSISTANT ATTORNEY GENERAL<br>Environment & Natural Resources Division |
| Dated: ~~July 24~~September 28, 2023 | By: _____<br>BRIAN H. LYNK, D.C. Bar. No. 459525<br>Senior Trial Counsel<br>ANDREW KNUDSEN<br>KIMERE J. KIMBALL<br>Trial ~~Attorney~~Attorneys<br>Environmental Defense Section<br>United States Department of Justice<br>P.O. Box 7611<br>Washington, DC 20044<br>(202) 514-6187 (tel.)<br>(202) 514-8865 (fax)<br>brian.lynk@usdoj.gov<br>andrew.knudsen@usdoj.gov<br>kimere.kimball@usdoj.gov<br><br>JAIME ESPARZA<br>UNITED STATES ATTORNEY<br><br>_____<br>JAMES E. DINGIVAN<br>LANDON A. WADE<br>Assistant United States Attorney<br>Texas Bar No. 24094139 (Dingivan)<br>Texas Bar No. 24098560 (Wade)<br>United States Attorney's Office<br>Western District of Texas<br>601 N.W. Loop 410, Ste 600<br>San Antonio, TX 78216<br>(210) 384-7372 (tel.)<br>(210) 384-7312 (fax)<br>james.dingivan@usdoj.gov<br>landon.wade@usdoj.gov |

**CERTIFICATE OF SERVICE**

I certify that on September 28, 2023, a copy of this filing was served on all counsel of record using this Court's electronic filing system.

>*/s/  Andrew D. Knudsen*
>Andrew D. Knudsen