IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff*,<br><br>v.<br><br>GREG ABBOTT, in his capacity as GOVERNOR OF THE STATE OF TEXAS, and THE STATE OF TEXAS,<br><br>*Defendants*. | Case No. 1:23-cv-00853-DAE |

**PLAINTIFF UNITED STATES' MOTION TO SET NEW DEADLINE FOR COMPLIANCE WITH PARAGRAPH 2 OF PRELIMINARY INJUNCTION**

JAIME ESPARZA
UNITED STATES ATTORNEY

LANDON A. WADE
  Assistant United States Attorney
  Texas Bar No. 24098560
United States Attorney's Office
Western District of Texas
903 San Jacinto Blvd., Suite 334
Austin, TX 78701
(512) 370-1255 (tel)
(512) 916-5854 (fax)

TODD KIM
ASSISTANT ATTORNEY GENERAL
Environment & Natural Resources Division

BRIAN H. LYNK
  Senior Trial Counsel
  DC Bar No. 459525
KIMERE J. KIMBALL
  Trial Attorney
  CA Bar No. 260660
ANDREW D. KNUDSEN
  Trial Attorney
  DC Bar No. 1019697
U.S. Department of Justice
Environmental Defense Section
P.O. Box 7611
Washington, DC 20044
(202) 514-6187 (Lynk)
(202) 514-8865 (fax)
Brian.lynk@usdoj.gov
Kimere.kimball@usdo.gov
Andrew.knudsen@usdoj.gov

Dated: January 17, 2024

*Counsel for the United States of America*

Plaintiff the United States brings this motion seeking judicial relief to effectuate Defendants' compliance with the Preliminary Injunction ("PI Order") that the Court issued on September 6, 2023 (ECF 50).  *See Shillitani v. United States*, 384 U.S. 364 (1966) ("There can be no question that courts have inherent power to enforce compliance with their lawful orders [.]").  Specifically, the United States requests that the Court issue an order setting a new deadline of 14 calendar days from the date of the order for Defendants to comply with Paragraph 2 of the PI Order, and setting an earlier date for Defendants to inform the United States regarding their compliance plans in order to effectuate the coordination with the U.S. Army Corps of Engineers that the PI Order requires.  Defendants have stated through counsel that they oppose the motion.  The grounds supporting this motion are set forth below:

1. On September 6, 2023, this Court granted the United States' Motion for Preliminary Injunction (ECF 5), finding that it has established a likelihood of success on the merits of the two independent Rivers and Harbors Act ("RHA") violations pled in its original Complaint,[1] and that irreparable harm and the public interest favor preliminary injunctive relief.  ECF 50.

2. Paragraph 2 of the PI Order states as follows:

Defendants shall, by September 15, 2023, reposition, at Defendants' expense, and in coordination with the United States Army Corps of Engineers, all buoys, anchors, and other related materials composing the floating barrier placed by Texas in the Rio Grande in the vicinity of Eagle Pass, Texas to the bank of the Rio Grande on the Texas side of the river.

3. Texas appealed the PI Order to the Fifth Circuit Court of Appeals, which initially entered an administrative stay of the PI Order.  On December 1, 2023, the Fifth Circuit affirmed

---

[1] On October 23, 2023, the United States filed a First Amended Complaint pleading the same alleged RHA violations and adding a second count alleging that Texas' action is preempted by a treaty between the United States and Mexico.  ECF 60.  Texas moved to dismiss (ECF 62), and that motion now is fully briefed.  *See* ECF 63 (United States' opposition filed Dec. 20, 2023); ECF 64 (Texas's reply filed Jan. 10, 2024).

the PI Order, lifted the administrative stay, and denied Texas's motion for a stay pending appeal. *United States v. Abbott*, 87 F.4th 616 (5th Cir. 2023). Texas petitioned for *en banc* rehearing. On December 15, 2023, the United States filed its opposition.

4. Following the Fifth Circuit panel's decision, on December 4, 2023, the United States requested through counsel that Defendants, to aid their coordination with the Corps as required by Paragraph 2 of the PI Order, inform the United States as soon as possible regarding the following:

>  (a) Defendants' anticipated timeframe to comply with Paragraph 2; and

>  (b) Defendants' plan for compliance, including the location where it intends to move the barrier, how it intends to move the barrier, and the anticipated dates when the work would take place. The United States requested that Defendants include supporting drawings and maps. *See* Attachment 1 (email correspondence dated Dec. 4-5, 2023) at 2.

5. On December 5, 2023, Defendants responded that they considered the United States' requests "premature," based on the Defendants' position as stated in their rehearing petition:

> Because the panel did not issue its mandate forthwith but rather will do so on January 23, 2024, Appellants do not interpret the panel's opinion to require any immediate action pending this Court's decision on the current petition. To the extent the Court disagrees, Appellants request immediate reinstatement of the administrative stay of the district court's preliminary injunction to prevent harm to the State pending this Court's further review.

Rehearing Petition at 15 (citing *BST Holdings v. OSHA*, No. 21-69845, 2021 WL 5166656, at *1 (5th Cir. Nov. 6, 2021) (per curiam)). Attachment 1 at 1.

6. Defendants' view is incorrect, as the United States made clear in its opposition to the rehearing petition. *See* Doc. 111 in *Abbott* (United States' Resp. in Opp. to Pet. for R'hg) at 5 n.1. The Fifth Circuit's administrative stay was effective only until "further order of the Court." The merits panel expressly dissolved the administrative stay and denied Texas's motion for a

stay pending appeal. *Abbott*, 87 F.4th at 620, 635. This Court's preliminary injunction is thus in effect.

7. Texas's most recent filing in this Court asserts that the injunction is not in effect because Texas petitioned for rehearing before the Fifth Circuit issued its mandate, and the Fifth Circuit has not yet ruled on the petition. ECF 65 at 1 n.1. This is incorrect. Issuance of the mandate is irrelevant because, as noted above, the Fifth Circuit's December 1 order denied a stay pending appeal *and* expressly dissolved the earlier-imposed administrative stay of this Court's injunction. That order makes clear that the injunction is in effect. Indeed, that an injunction order remains effective during the pendency of an appeal, absent an order to the contrary, is the very premise underlying Federal Rule of Appellate Procedure 8, which Texas invoked in the stay motion rejected by the Fifth Circuit. *See* Fed. R. App. P. 8(a). Moreover, under the Fifth Circuit's rules, Texas's filing of the *en banc* rehearing petition "does not operate as a stay of" the appellate court's order denying Texas' motion for a stay pending appeal. Cir. R. 35 I.O.P. Thus, that additional filing has no effect on the injunction's status. *See also* PI Order ¶ 3 (absent modification by this Court or an appellate court, the PI remains in effect until this Court's final judgment).

8. To minimize any further delay in implementing Paragraph 2 of the PI Order, for clarity regarding by when Defendants must comply with that Paragraph, and to assure "coordination" between Defendants and the Corps as the Court previously ordered, the United States requests that this Court issue an order:

(a) Requiring Defendants, within two business days of issuance of the order, to inform the United States of Defendants' plans for compliance, including the location where they

intend to move the barrier, how they intend to move the barrier, and the anticipated dates when the work would take place, with supporting drawings and maps;

(b) setting a deadline of 14 calendar days following issuance of the order for Defendants to fully comply with Paragraph 2 of the PI Order.

9. The United States reserves the right to request a status conference or seek other appropriate relief if Defendants fail to coordinate appropriately with the Corps.[2]

For the foregoing reasons, the United States requests that the Court grant this motion and enter the attached proposed order setting forth the relief described in Paragraph 8 above.

Respectfully submitted,

Dated: January 17, 2024

JAIME ESPARZA
UNITED STATES ATTORNEY

/s/ Landon A. Wade
LANDON A. WADE
   Assistant United States Attorney
   Texas Bar No. 24098560
United States Attorney's Office
Western District of Texas
903 San Jacinto Blvd., Suite 334
Austin, TX 78701
(512) 370-1255 (tel)
(512) 916-5854 (fax)
Landon.wade@usdoj.gov

TODD KIM
ASSISTANT ATTORNEY GENERAL
Environment & Natural Resources Division

/s/ Brian H. Lynk
BRIAN H. LYNK
   Senior Trial Counsel
   DC Bar No. 459525
KIMERE J. KIMBALL
   Trial Attorney
   CA Bar No. 260660
ANDREW D. KNUDSEN
   Trial Attorney
   DC Bar No. 1019697
U.S. Department of Justice
Environmental Defense Section
P.O. Box 7611

---

[2] Texas has commenced litigation challenging the United States' authority to move or cut the concertina wire Texas placed on the riverbank in the vicinity of Eagle Pass, including on the riverbank above the buoy barrier. *Texas v. Dep't of Homeland Sec.*, No. 23-cv-00055-AM. By seeking to enforce this Court's order regarding removal of the buoy barrier to the riverbank, the United States does not concede that Texas can impede U.S. Border Patrol's access to the border in order to carry out its duties with respect to migrants within U.S. territory on either side of the concertina wire or the buoy barrier.

Washington, DC 20044  
(202) 514-6187 (Lynk)  
(202) 514-8865 (fax)  
Brian.lynk@usdoj.gov  
Kimere.kimball@usdoj.gov  
Andrew.knudsen@usdoj.gov  

*Counsel for the United States of America*

**CERTIFICATE OF CONFERENCE**

I certify that I conferred via email with counsel for Defendants regarding the relief requested in this motion.  Counsel for Defendants stated that they oppose the motion.

*/s/  Brian Lynk*
Brian Lynk

**CERTIFICATE OF SERVICE**

I certify that on January 17, 2024, a copy of this filing was served on counsel of record through the Court's electronic filing system.

*/s/  Brian Lynk*
Brian Lynk
