# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | **CASE NO. 1:23-CV-00853-DAE** |
| **v.** | § | |
| | § | |
| **GREG ABBOTT, in his capacity as** | § | |
| **GOVERNOR OF THE STATE OF** | § | |
| **TEXAS, and THE STATE OF TEXAS,** | § | |
| | § | |
| *Defendants*. | | |

---

## DEFENDANTS' OPPOSED EMERGENCY MOTION
## FOR A STAY OF PROCEEDINGS

---

This case was filed on July 24, 2023. It has been exclusively litigated in the Fifth Circuit since September 6, 2023, which granted en banc review of the central legal issues here on January 17, 2024. Nevertheless, on January 19, 2024, after no meaningful activity for more than four months, this Court ordered the parties to begin disclosing experts within five days in anticipation of a March 2024 trial, without addressing Texas's pending motion to dismiss—let alone affording Texas the opportunity to file its answer to the United States' amended complaint, develop its discovery strategy, retain experts for trial, or prepare for trial. And earlier today, the United States contacted Texas and asked to exchange written discovery requests by *tomorrow*.

Not only has the Court set itself on a direct collision course with the en banc Fifth Circuit's consideration of the relevant legal standard, it has set a trial date that requires setting aside numerous deadlines set out in the Federal Rules of Civil Procedure and significantly prejudiced Texas's ability to defend itself both here and in the Fifth Circuit, where its en banc brief is due on February 16. Accordingly, in the interest of justice, Texas respectfully moves the Court to stay proceedings until the en banc Fifth Circuit can issue its decision. The United States opposes this motion. Given the United States' request that written discovery requests be exchanged tomorrow and this Court's order that the parties begin disclosing experts on Wednesday, January 24, 2024, Texas intends to seek similar relief from the en banc Fifth Circuit if this Court does not grant this motion by **11:59 PM on Tuesday, January 23, 2024**.[†]

**1.** In June 2023, as part of Governor Abbott's initiatives under Operation Lone Star, the State of Texas placed a buoy system at one major hotspot for illegal crossings in the Rio Grande

---

[†] The transcript of this Court's January 19, 2024, hearing was first made available on the evening of January 21, 2024. Texas filed this motion as soon as practicable thereafter.

near Eagle Pass, Texas. The United States brought this suit on July 24, 2023, seeking to eject the buoys from the Rio Grande based on claims solely under the Rivers and Harbors Appropriation Act of 1899. ECF 1. Shortly thereafter the United States sought a preliminary injunction, which this Court awarded on September 6, 2023. ECF 50. Texas immediately appealed and obtained an administrative stay from the Fifth Circuit the following day. ECF 53. A Fifth Circuit panel later affirmed this Court's preliminary injunction order. *United States v. Abbott*, 87 F.4th 616, 635 (5th Cir. 2023). Although the panel's written opinion purported to vacate the Fifth Circuit's administrative stay, Texas promptly sought en banc rehearing just three days later, well before the panel's mandate was scheduled to issue. *See* Pet. for Reh'g En Banc, *United States v. Abbott*, No. 23-50632 (5th Cir. Dec. 4, 2023). On December 5, 2023, the very next day, the Fifth Circuit ordered the United States to respond to Texas's petition for en banc rehearing.

While Texas's petition was still pending before the Fifth Circuit—and before the mandate had issued—the United States sought to enforce this Court's preliminary injunction. At 10:35 AM on January 17, 2024, the United States moved this Court for an order directing Texas to reposition the buoys, claiming that "[t]his Court's preliminary injunction is … in effect," ECF 66 at 4, despite Texas explaining that this effort was "premature," *see* ECF 66-1; *cf.* 16AA Wright & Miller, Fed. Prac. & Proc. §3987 ("Until the mandate issues, however, the case ordinarily remains within the jurisdiction of the court of appeals and the district court lacks power to proceed further with respect to the matters involved with the appeal."). Roughly fifteen minutes after the United States filed its motion, the Fifth Circuit granted en banc rehearing and ordered that "the panel opinion in this case dated December 01, 2023, is VACATED." *United States v. Abbott*, — F.4th —, 2024 WL 174374, at *1 (5th Cir. Jan. 17, 2024) (en banc) (per curiam). Texas has been ordered to file its

en banc brief on February 16 and the en banc Fifth Circuit will hear oral argument the week of May 13, 2024.

Until January 19, 2024, neither the United States nor the Court had ever suggested that this case was ready for an imminent trial. For example, on September 28, 2023, the United States moved for leave to file an amended complaint adding a new claim under the 1848 Treaty of Guadalupe Hidalgo. ECF 58. This Court took almost a month to rule on that motion. ECF 59 (Oct. 23, 2023). Then, on December 6, 2023, Texas filed its motion to dismiss, and by January 10, 2024, that motion was fully briefed. Texas's motion—which concerns many of the issues to be addressed by the en banc Fifth Circuit—remains pending. *Cf. Petrus v. Bowen*, 833 F.2d 581, 582 (5th Cir. 1987) (deeming it proper to defer discovery where dispositive motions under Rule 12(b)(6) were still pending). Texas thus has not filed an answer and the parties have not engaged in discovery. Nor has the Court ordered a scheduling conference under Rule 26(f) or issued a scheduling order under Rule 16(b).

Nonetheless, on January 19, 2024, without prior consultation with or between the parties, this Court ordered the following trial schedule:

- January 24: Disclose expert witnesses
- February 16: Close of general discovery
- February 22: Expert reports due
- February 29: Close of expert discovery
- March 5: Proposed findings of fact and conclusions of law due
- March 11: Pretrial submissions due
- March 13: Objections to pretrial submissions due
- March 19–22: Trial

4

ECF 69 at 17, 20–21, 28–30. Additionally, the Court indicated it will rule on Texas's pending motion to dismiss "probably right around the time we go to trial" and that Texas would "need to file [its] answer immediately thereafter." ECF 69 at 20–21.

**2.** This Court, like any other federal court, has inherent power to stay proceedings in the interest of judicial economy. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936). In considering whether to exercise that power, this Court must consider whether (i) proceeding to trial would be an inefficient use of judicial resources given the Fifth Circuit's active review of case-dispositive legal issues, (ii) whether a hastened schedule could prejudice the parties' interest in the litigation, and (iii) whether any special factors justify proceeding despite the Fifth Circuit's decision to rehear the case en banc. *See, e.g.*, *PPG Indus., Inc. v. Continental Oil Co.*, 478 F.2d 674, 682–84 (5th Cir. 1973); *ACF Indus., Inc. v. Guinn*, 384 F.2d 15, 19 (5th Cir. 1967).

Here, each of those considerations favors staying any trial proceedings here pending en banc review.

*First*, there is no question that the pending en banc proceedings could obviate the need for a trial. "[I]t would be the height of judicial inefficiency to conduct" a trial while the Fifth Circuit reconsiders this Court's legal conclusions. *Ambraco, Inc. v. Bossclip B.V.*, 570 F.3d 233, 243 (5th Cir. 2009). Indeed, the en banc Fifth Circuit could issue a decision clarifying the law in significant ways that differ from the Court's preliminary-injunction order. The en banc Fifth Circuit could, for example, adopt Judge Willett's conclusion—based on the 1899 Act's text and context, and Supreme Court precedent interpreting it—that this stretch of the Rio Grande is not commercially navigable. *Abbott,* 87 F.4th at 637–42 (Willett, J., dissenting). Or it could conclude that the buoy system here is not a proscribed "obstruction" since it runs with the current, Brief for Appellants,

*United States v. Abbott*, No. 23-50632, 2023 WL 6376357, at \*21–24; that it is not a categorically prohibited "structure[]" given the statute elsewhere permits buoys, *id.* at \*25–30; or that independent constitutional constraints foreclose this Court's sweeping reading of the statute, *id.* at \*31–39. Each of these issues is addressed in Texas's appellate briefing and will be expanded upon in its en banc brief. Any one of these merits-based legal conclusions would counsel in favor of *dismissing* this case entirely. At the very least, the Fifth Circuit's "resolution of this appeal will clarify the proceedings below," *United States v. Rainey*, 757 F.3d 234, 241 (5th Cir. 2014), by providing guidance about the "proper test" to apply to any subsequent factfinding, *Abbott,* 87 F.4th at 636 n.5 (Willett, J., dissenting).

*Second*, holding a trial in March would plainly prejudice Texas. The Court's scheduling order requires trial in eight weeks—even though the Court has not ruled on Texas's pending motion to dismiss, Texas has not yet filed an answer, no initial disclosures have been made, and no discovery has occurred since the limited discovery permitted in advance of the preliminary-injunction hearing. By rule, however, a defendant is entitled to 14 days after denial of a motion to dismiss to submit its answer, Fed. R. Civ. P. 12(a)(4)(A), not an "immediate[]" turnaround because the Court thinks "[i]t'll take you five minutes" to prepare the pleading, ECF 69 at 19, 21. Parties also by rule have 14 days (not just 5) to make initial disclosures "after the parties' Rule 26(f) conference" and expert reports must be filed "at least 90 days" (not just 26) "before the date set for trial." Fed. R. Civ. P. 26(a)(1)(C), (a)(2)(D)(i). Finally, parties by rule have 30 days to respond to any interrogatories, requests for production or inspection, and requests for admission. Fed. R. Civ. P. 34(b)(2)(A), 36(a)(3), 33(b)(2). The Court, however, has allocated fewer than 30 days for the *entire period* of general fact discovery.

Such expedited discovery is woefully inadequate for such an important case and will plainly prejudice Texas's ability to defend itself. *Cf. In re Landry*, 83 F.th 300, 305 (5th Cir. 2023) (granting mandamus relief where trial court in a "unique rush" failed to provide adequate time for trial). Indeed, Texas has not yet had time to decide who will serve as its expert witnesses at trial, let alone to retain them. Nor has Texas had an opportunity to prepare its discovery or trial strategies.

Although district courts sometimes deviate from some deadlines set forth in the Federal Rules of Civil Procedure, Texas is aware of no case where a federal court has ordered trial on such an expedited basis over the objection of a State, much less where, as here, the case had lain dormant for months while the critical issues were being addressed—and continue to be addressed—on appeal. To the contrary, rather than playing an "endless game of cat and mouse" by trying a case under potentially erroneous legal standards only to have the case reversed and remanded once the Fifth Circuit clarifies the relevant legal test, precedent and prudence both suggest that this "[C]ourt should … allow[] the [appellate] court's responsibilities to run their due course." *In re Murphy-Brown, LLC*, 907 F.3d 788, 794 (4th Cir. 2018). Not only would such a course serve the purposes of fairness and judicial economy, it would also avoid any misconception that could be drawn from the (no-doubt coincidental) timing of the orders that this Court set its highly accelerated trial schedule in an effort to moot en banc review and thereby "thwart rational procedures." *In re Landry*, 83 F.4th at 305.

Indeed, the pending en banc review provides a good reason to *stay* proceedings—not to rush them. The Fifth Circuit determined to take this case en banc "prior" to this Court indicating that a trial would be necessary at all, much less a trial with an extremely compressed schedule. *Nelson v. Grooms*, 307 F.2d 76, 78 (5th Cir. 1962). This Court should therefore stay trial

proceedings pending en banc review, just like other district courts across the country have. *See, e.g.*, *Bryton v. Preferred Collection & Mgmt. Servs., Inc.*, No. 8:21-cv-2608, 2022 WL 2111496, at *1 (M.D. Fla. May 26, 2022) (staying proceedings pending en banc review in the Eleventh Circuit); *Strong v. Walgreen Co.*, No. 09-cv-611, 2010 WL 2178840, at *1 (S.D. Cal. May 25, 2010) (staying proceedings pending en banc review in the Ninth Circuit); *Brumbach v. United States*, 929 F.3d 791, 793 (6th Cir. 2019) (describing how M.D. Tenn. stayed proceedings pending en banc review in the Sixth Circuit).

*Third*, there are no special "circumstances [that] require" the Court to allow parallel proceedings in the en banc Fifth Circuit and the district court here. *In re Landry*, 83 F.4th at 305. To the contrary, the circumstances overwhelmingly favor allowing the en banc Fifth Circuit to resolve the relevant issues before trial. The buoys have now been in the Rio Grande for more than 7 months. During that time, Texas has continued to maintain around-the-clock surveillance. *See* ECF 26-2 at ¶ 12. Not one person has been harmed by contact with the buoys. *See id.* And no one has attempted to climb over them—much less succeeded in doing so. *See id.* The buoys have thus proven an effective tool to channel illicit cross-river criminal activity to other locations, while presenting no danger to aliens. *See id.* There is therefore no safety rationale or other justification to deprive Texas of the full right to develop and present its defense. Indeed, the Chief Judge of this District recently found in a parallel case involving Texas's deployment of concertina wire that the United States' ongoing efforts to breach other Texas border barriers is "begetting life-threatening crises for aliens and agents both," by encouraging dangerous river crossings between ports of entry. *Texas v. DHS*, 23-cv-55, 2023 WL 8285223, at *14 (W.D. Tex. Nov. 29, 2023) (Moses, C.J.).

**3.** If this Court does not grant this motion by **11:59 PM on Tuesday, January 23, 2024**, Texas will seek similar relief from the en banc Fifth Circuit. That court has independent power to stay this Court's proceedings. *See, e.g.*, *United States v. Dunbar*, 611 F.2d 985, 989 (5th Cir. 1980) (en banc); *cf. Rakovich v. Wade*, 834 F.2d 673, 675 (7th Cir. 1987) (en banc) (per curiam) (denying stay without prejudice to allow district court the first opportunity to consider granting a stay after the court of appeals granted en banc review). Other courts—including the Supreme Court—have stayed district court proceedings pending the en banc Court's consideration. *See, e.g.*, *Foster v. Gilliam*, 515 U.S. 1301, 1303 (1995) (Rehnquist, C.J., in chambers) (staying district court proceedings where appeal was already "set for argument before the en banc court"); *Pearson v. Muntz*, 606 F.3d 606, 608 (9th Cir. 2010) (per curiam) (similar); *Realvirt, LLC v. Iancu*, 734 F. App'x 754, 755 (Fed. Cir. 2018) (per curiam) (similar). Texas thus respectfully urges the Court to grant a stay.

Dated: January 22, 2024.

**KEN PAXTON**
Attorney General of Texas

**BRENT WEBSTER**
First Assistant Attorney General

**GRANT DORFMAN**
Deputy First Assistant Attorney General

**RALPH MOLINA**
Deputy Attorney General for Legal Strategy

Office of the Attorney General
P.O. Box 12548, MC-009
Austin, TX 78711-2548
(512) 936-2172

Respectfully submitted.

*/s/ Ryan D. Walters*
**RYAN D. WALTERS**
Chief, Special Litigation Division
Texas State Bar No. 24105085
ryan.walters@oag.texas.gov

**DAVID BRYANT**
Special Counsel
Texas State Bar No. 03281500
david.bryan@oag.texas.gov

**MUNERA AL-FUHAID**
Special Counsel
Texas State Bar No. 24094501
munera.al-fuhaid@oag.texas.gov

**JACOB E. PRZADA**
Special Counsel
Texas State Bar No. 24125371
jacob.przada@oag.texas.gov

**COUNSEL FOR DEFENDANTS**

**CERTIFICATE OF CONFERENCE**

I certify that on January 22, 2024, I conferred with Landon Wade, counsel for Plaintiff, who confirmed that it is opposed to this motion.

*/s/Ryan D. Walters*
RYAN D. WALTERS

**CERTIFICATE OF SERVICE**

I certify that a true and accurate copy of the foregoing document was filed electronically (via CM/ECF) on January 22, 2024, which automatically serves all counsel of record who are registered to receive notices in this case.

*/s/Ryan D. Walters*
RYAN D. WALTERS