IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff*,<br><br>v.<br><br>GREG ABBOTT, in his capacity as GOVERNOR OF THE STATE OF TEXAS, and THE STATE OF TEXAS,<br><br>*Defendants*. | Case No. 1:23-cv-00853-DAE |

**PLAINTIFF UNITED STATES' MEMORANDUM IN OPPOSITION
TO DEFENDANTS' EMERGENCY MOTION FOR A STAY OF PROCEEDINGS**

JAIME ESPARZA
UNITED STATES ATTORNEY

LANDON A. WADE
  Assistant United States Attorney
  Texas Bar No. 24098560
United States Attorney's Office
Western District of Texas
903 San Jacinto Blvd., Suite 334
Austin, TX 78701
(512) 370-1255 (tel)
(512) 916-5854 (fax)
Landon.wade@usdoj.gov

TODD KIM
ASSISTANT ATTORNEY GENERAL
Environment & Natural Resources Division

BRIAN H. LYNK
  Senior Trial Counsel
  DC Bar No. 459525
KIMERE J. KIMBALL
  Trial Attorney
  CA Bar No. 260660
ANDREW D. KNUDSEN
  Trial Attorney
  DC Bar No. 1019697
U.S. Department of Justice
Environmental Defense Section
P.O. Box 7611
Washington, DC 20044
(202) 514-6187 (Lynk)
(202) 514-8865 (fax)
Brian.lynk@usdoj.gov
Kimere.kimball@usdoj.gov
Andrew.knudsen@usdoj.gov

Dated:  January 23, 2024                    *Counsel for the United States of America*

The Court concluded months ago that this case is urgent and requires "a final resolution on the full merits . . . within the shortest time possible." ECF 50 at 42 n.32. The Court reaffirmed this view at a status conference on January 19, 2024, and thus ordered an expedited schedule for discovery and trial. Jan. 19, 2024 Tr. at 28-31 (Attachment 1). Texas now seeks to indefinitely delay reaching the merits by asking the Court to impose a stay of proceedings. Texas claims the stay is necessary to await the outcome of *en banc* review of Texas's interlocutory appeal to the Fifth Circuit from this Court's preliminary injunction order. Texas has it backwards: "[A]n appeal from the denial or granting of a preliminary injunction should *not* ordinarily delay the final trial of the case on its merits." *United States v. Lynd*, 321 F.2d 26, 28 (5th Cir. 1963) (emphasis added). It is especially important to apply that rule here, where the *en banc* oral argument will not occur until May 2024, and based on recent practice a decision may not follow until 2025. *See infra* at 7. Moreover, there is no foreseeable scenario in which the *en banc* proceedings will wholly resolve the case. The *en banc* review is limited to just one of the United States' two claims, and even on that claim will consider issues in a preliminary posture and on an incomplete record. Regardless of the *en banc* review's outcome, this Court must oversee discovery and decide the merits on a fully developed record. This Court has determined that it is in the interest of justice to move forward expeditiously with those tasks, and the United States supports doing so. *See* Fed. R. Civ. P. 1 (courts and parties should "secure the just, speedy, and inexpensive determination of every action and proceeding" in the federal district courts). Furthermore, Texas's complaints of undue burden ring particularly hollow considering that the parties earlier completed accelerated discovery (requested by Texas), an evidentiary hearing, and post-hearing briefing prior to the Court's preliminary injunction order, in just *half* the time the Court has now allotted for merits proceedings. The Court should deny Texas's motion.

### A. The *En Banc* Review is Limited in Scope And Will Not Fully Resolve the Merits.

After this Court entered the preliminary injunction, the United States filed an amended complaint that pleads two claims. Only the first claim, alleging that Texas violated Section 10 of the RHA, is the subject of the Court's preliminary injunction and the Fifth Circuit's *en banc* review. The second claim alleges that Texas's installation of the Floating Barrier in the Rio Grande is contrary to Article VII of the 1848 Treaty of Guadalupe Hidalgo, which prohibits "construct[ing] any work that may impede or interrupt, in whole or in part," the "free and common" "navigation" of the Rio Grande, and therefore is preempted. *See generally* ECF 60 ¶¶ 17-21, 42-45 (First Amended Complaint); ECF 63 at 10-20 (United States' opposition to Texas's motion to dismiss).

The resolution of the RHA claim will by no means inevitably resolve the treaty claim. The treaty precludes either country from impeding the free navigation of any part of the river. ECF 63 at 10. It matters not whether Texas placed the Floating Barrier on the U.S. side of the river, the Mexican side, or straddling the border—placement of any structure hindering free navigation on *either* side, by either country, without the other country's consent under the treaty, is contrary to the treaty's terms and therefore preempted. *See id.* at 17 (noting Article VII protects right of navigation across the river). Furthermore, the treaty claim does not require finding that any segment of the Rio Grande is *commercially* navigable, as "navigation" under the treaty's terms includes any navigation and is not limited to just commercial navigation. *Id.* at 17-18. Notably, Texas has not disputed that the treaty's definition of "navigation" is broader than the RHA's. *See* ECF 65 at 1-6 (Texas's reply in support of motion to dismiss). Thus, although the treaty claim arises from the same factual occurrence—Texas's unilateral and unauthorized placement of the Floating Barrier in the Rio Grande—it is legally distinct from the RHA claim and its merits do not depend on whether the United States succeeds on the RHA claim.

Even on the RHA claim, the Fifth Circuit's *en banc* review is limited in scope. Texas petitioned for *en banc* review on two issues: (1) whether the equities favor a preliminary injunction, which plainly does not bear on the United States' entitlement to relief on the *merits* for a violation of federal law; and (2) whether the United States met its evidentiary burden at the preliminary injunction stage to establish a likely RHA violation. Indeed, even Judge Willett's dissent noted that his disagreement with the panel majority (and this Court) was based on the factual record then before the Fifth Circuit—that is, the record from the preliminary injunction stage—rather than the record this Court will make at the upcoming trial. *Cf. United States v. Abbott*, 87 F.4th 616, 641 (5th Cir. 2024) (Willett, J., dissenting) (opining that "there is not sufficient evidence to find that the United States is likely to prevail in showing that this specific 1,000-foot stretch of the Rio Grande was historically used or susceptible of use in commerce"); *id.* at 642 ("The record thus does not support the district court's holding that the Rio Grande segment is navigable because reasonable improvements could make it suitable for commerce."); *id.* at 642 ("The [PI] record thus does not support the district court's holding that the Rio Grande segment is navigable because reasonable improvements could make it suitable for commerce."). And this Court similarly noted that it would keep an open mind about the navigability issue and will decide the merits of the case based on "whatever the evidence will be at the trial, not at the preliminary injunction hearing." Attachment 1 at 12. The whole point of a trial on the merits is to develop the full evidentiary record, which was not available at the time of the Court's preliminary injunction order and thus is not before the Fifth Circuit in this interlocutory appeal. *Cf. University of Texas v. Camenisch*, 451 U.S. 390, 393-94 (1981) (declining to equate "likelihood of success" at the preliminary stage with "success" on the merits).

Texas's authorities further undermine its case for a stay of merits proceedings pending *en banc* review of a preliminary injunction. For example, in *Landry*, the State defendant asked the court of appeals for a writ of mandamus to "require the district court to promptly convene trial on the merits," exactly the opposite of what Texas seeks here. *In re Landry*, 83 F.4th 300, 305 (5th Cir. 2023). The issue in *Landry* was whether the district court should hold "a remedial proceeding for a preliminary injunction" that was then on appeal. *Id.* Moving forward in that manner would have resulted in "parallel proceedings." Stay Motion at 8. Here, in contrast, the Court does not plan to reconsider its preliminary injunction, but instead to move forward with trial on the merits. That trial, and any resultant ruling on the merits, is not "parallel" to the preliminary injunction or any interlocutory appeal from it and need not be stayed pending such proceedings. *Lynd*, 321 F.2d at 28; *see also Ry. Labor Execs. Ass'n v. City of Galveston*, 898 F.2d 481 (5th Cir. 1990) (holding "court did not act improperly in considering the plaintiff's petition for a permanent injunction" while appeal was pending from preliminary injunction); *Hamer v. Campbell*, 358 F.2d 215, 223 (5th Cir. 1966) (explaining that disposition of a supplemental complaint that postdated a preliminary injunction order now on appeal "properly pends before the District Court"); *Nalco Chem. Co. v. Hall*, 347 F.2d 90, 92 (5th Cir. 1965) ("There is indeed no reason why the case could not have proceeded to a trial on the merits while this [preliminary injunction] appeal was pending.").

For all of these reasons, the fact that the interlocutory appeal from the preliminary injunction order is continuing *en banc* presents no valid reason for the Court to depart from the usual practice of proceeding to trial on the merits.

4

### B. Texas Does Not Suffer Prejudice from This Court's Merits Schedule.

Texas argues that the Court has not yet ruled on its motion to dismiss and that, if the Court denies the motion, not enough time is available to answer the First Amended Complaint, conduct discovery and complete trial. Stay Motion at 6-7. As to the first point, on January 19 the Court indicated that it will rule quickly on the motion to dismiss, which is fully briefed. Attachment 1 at 19-21. If the Court promptly denies the motion or defers ruling on it until trial, it will be well within its discretion to order the answer be filed in less than the standard 14 days, which applies "*[u]nless the court sets a different time.*" Fed. R. Civ. P. 12(a)(4) (emphasis added). Texas has had notice of the United States' original complaint, setting forth the RHA claim, for six months. ECF 1 (filed July 24, 2023). It has had notice of the First Amended Complaint, which added the treaty claim and did not substantively amend the RHA claim, for almost four months. ECF 58 (United States' consent motion for leave to amend complaint, filed Sept. 28, 2023). Texas fails to explain why it needs two more weeks to draft an answer to pleadings it has had in hand for many months now.

As to the discovery and merits proceedings, the parties previously managed to: (a) litigate a dispute over expedited discovery; (b) complete expedited discovery; (c) hold an evidentiary hearing with multiple witnesses; and (d) submit post-hearing briefs, within a period of just 30 days after the United States filed its motion for preliminary injunction.[1] This Court has allotted twice as much time for merits discovery and pre-trial proceedings by ordering that trial start on March 19, 2024, 60 days following the January 19, 2024 status conference. Texas never claimed any

---

[1] *See* ECF 5 (motion for preliminary injunction filed July 26, 2023); ECF 45, 46 (post-hearing briefs filed Aug. 25, 2023).

prejudice from the much shorter preliminary injunction schedule, and fails to show that it is incapable of meeting the current, comparatively lengthier one.[2]

Finally, as the Court noted in the January 19 status conference, little fact discovery is necessary to prepare this case for trial. In its filings to date, Texas has already conceded many of the key material facts for both of the United States' claims. *See, e.g.,* Stay Motion at 2-3 (conceding "Texas placed a buoy system … in the Rio Grande near Eagle Pass, Texas"); ECF 26 at 5 (conceding, based on testimony of Texas's declarants, that "smaller vessels may operate in this segment" of the Rio Grande and that Texas itself operates "shallow-draft airboats" there); *id.* at 6 (conceding the Floating Barrier is approximately 1,000 feet long, equipped with a stainless steel anti-dive net, and anchored to the riverbed via concrete blocks). As the Court noted on January 19, "[t]here are very few mysteries in this case" when it comes to the facts. Attachment 1 at 21. This further supports the reasonableness of requiring trial to start in this urgent case 60 days after the status conference.

        **C.**        **The United States, in Contrast, Will Suffer Prejudice From a Stay.**

Granting a stay of proceedings would greatly prejudice the United States by delaying resolution of issues of federal law, including issues that, in Texas's own words, are of "exceptional importance." Doc. 105 in *United States v. Abbott*, No. 23-50632 (5th Cir.) (Texas's petition for *en banc* rehearing filed Dec. 4, 2023). The Court concluded months ago that this case warrants expedition, ECF 50 at 42 n.32, and nothing has changed in the interim to warrant a different conclusion. It will take at least four months just to brief and argue the issues slated for *en banc*

---

[2] Subsequent to the preliminary injunction order, Texas requested a 30-day extension of its time to respond to the United States' First Amended Complaint (ECF 58 at 1) and an additional 14-day extension of its time to reply in support of a motion to dismiss that pleading (ECF 64). The United States consented to the first extension and did not oppose the second, but the United States itself has never asked this Court to extend any deadline, let alone stay proceedings.

6

review in the Fifth Circuit,[3] and it could take substantially longer than that for the *en banc* decision following oral argument. *See, e.g., Wages and White Lion Investments v FDA*, No. 21-60766, 2024 WL 30287 (5th Cir. Jan 3, 2024) (*en banc* decision was issued more than seven months after the oral argument held on May 16, 2024); *Env't Texas Citizen Lobby v ExxonMobil*, No. 17-20545 (argued *en banc* on the same date; still undecided eight months later). Texas's complaints about having to prepare quickly for trial do not warrant significant weight and cannot justify the severe prejudice to the United States of indefinitely withholding relief, including relief on the treaty claim that is not before the Fifth Circuit even in a preliminary posture.

## CONCLUSION

For the foregoing reasons, the Court should deny Texas's stay motion.

Respectfully submitted,

Dated: January 23, 2024

| | |
|---|---|
| JAIME ESPARZA<br>UNITED STATES ATTORNEY | TODD KIM<br>ASSISTANT ATTORNEY GENERAL<br>Environment & Natural Resources Division |
| */s/ Landon A. Wade*<br>LANDON A. WADE<br>  Assistant United States Attorney<br>  Texas Bar No. 24098560<br>United States Attorney's Office<br>Western District of Texas<br>903 San Jacinto Blvd., Suite 334<br>Austin, TX 78701<br>(512) 370-1255 (tel)<br>(512) 916-5854 (fax)<br>Landon.wade@usdoj.gov | */s/ Brian H. Lynk*<br>BRIAN H. LYNK<br>  Senior Trial Counsel<br>  DC Bar No. 459525<br>KIMERE J. KIMBALL<br>  Trial Attorney<br>  CA Bar No. 260660<br>ANDREW D. KNUDSEN<br>  Trial Attorney<br>  DC Bar No. 1019697<br>U.S. Department of Justice<br>Environmental Defense Section<br>P.O. Box 7611<br>Washington, DC 20044 |

---

[3] Doc. 115-1 in *United States v. Abbott*, No. 23-50632 (5th Cir.) (Jan. 17, 2024 order setting dates of Feb. 16 and March 18, 2024, to file briefs in the *en banc* proceeding and stating that oral argument will occur on a date to be determine in May 2024).

(202) 514-6187 (Lynk)
(202) 514-8865 (fax)
Brian.lynk@usdoj.gov
Kimere.kimball@usdoj.gov
Andrew.knudsen@usdoj.gov

*Counsel for the United States of America*

## CERTIFICATE OF SERVICE

I certify that on January 23, 2024, a copy of this filing was served on counsel of record through the Court's electronic filing system.

*/s/ Brian Lynk*
Brian Lynk
