UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | No. 1:23-CV-853-DAE |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | |
| GREG ABBOTT, in his capacity as | § | |
| Governor of the State of Texas, and | § | |
| THE STATE OF TEXAS, | § | |
| | § | |
| Defendants. | § | |

ORDER DENYING DEFENDANTS' OPPOSED MOTION TO STAY

Before the Court is an Opposed Motion to Stay (the "Motion"), filed on January 22, 2024, by Greg Abbott, in his official capacity as Governor of the State of Texas and the State of Texas (collectively, "Defendants" or "Texas"). (Dkt. # 71.)  The United States of America ("Plaintiff" or "The United States") filed its response in opposition January 23, 2024.[1]  (Dkt. # 74.)

---

[1] The State filed its motion at near midnight on January 22, 2024, with a threat to this Court that if a ruling on this motion was not filed by January 23, 2024, it would appeal immediately to the Fifth Circuit.  At the time, this Court did not even have in hand the United States' Memorandum in Opposition. As someone who played baseball, we would refer to this as a squeeze play. While this Court holds no animus against the state for using this tactic, it is critical in any case of this kind that the opposing party have the opportunity to file and this Court to review their memorandum and arguments. This Court decided not to accept the State's invitation to rule without the benefit of full briefing by both parties and a full opportunity for this Court to put in place a reasoned order for both of the parties

For the reasons below, this Court DENIES Defendants' Motion to Stay.  (Dkt. # 71.)

<u>DISCUSSION</u>

A Federal court has the inherent power to stay proceedings in the interest of judicial economy.  <u>See</u> <u>Landis v. N. Am. Co.</u>, 299 U.S. 248, 254–55 (1936).  Texas contends that a federal district court must consider a number of factors when exercising its discretion to grant or deny a stay.  (Dkt. # 71 at 5) (citing <u>PPG Indus., Inc. v. Cont'l Oil Co.</u>, 478 F.2d 674, 682 (5th Cir. 1973)).  Texas argues that the Court must consider (1) whether proceeding to trial would be an inefficient use of judicial resources, (2) whether a hastened schedule could prejudice the parties' interest in the litigation, and (3) whether any special factors justify proceeding despite the Fifth Circuit's decision to rehear the case en banc to determine whether it is appropriate to stay the case.  (Dkt. # 71 at 5) (citing <u>PPG</u>, 478 F.2d at 682; <u>ACF Indus., Inc. v. Guinn</u>, 384 F.2d 15, 19 (5th Cir. 1967)).  However, in <u>PPG</u>, the issue was whether the federal district court should stay a federal suit in equity while there is a pending parallel state suit.  478 F.2d at 682.  In <u>ACF</u>, the issue was whether the federal district court should have stayed a Texas federal proceeding while there was a related action pending in the District of

---

and the Fifth Circuit.  This Court extended deadlines to address any concerns regarding the extra day needed by this Court to prepare a reasoned order.

Kansas.  384 F.2d at 17.  Neither of these cases involved a stay while a preliminary injunction was on appeal.  Even so, the Court addresses each of these factors in turn.

I.  Proceeding to Trial is the Most Efficient Use of Judicial Resources to Develop the Factual Record, as the Fifth Circuit's Review of the Preliminary Injunction Will Not Determine Case-Dispositive Factual Issues

"[A]n appeal from the denial or granting of a preliminary injunction should not ordinarily delay the final trial of the case on its merits."  United States v. Lynd, 321 F.2d 26, 28 (5th Cir. 1963).  Texas argues that proceeding to trial is the "height of judicial inefficiency" in the face of en banc review of the preliminary injunction.  (Dkt. # 71 at 5.)  Texas contends that the en banc Fifth Circuit could adopt "Judge Willet's conclusion – based on the 1899 Act's text and context, and Supreme Court precedent interpreting it – that this stretch of the Rio Grande is not commercially navigable" and render a trial moot.  (Id.)

Contrary to Texas's understanding, the since vacated panel decision pertained only to the preliminary injunction, as a preliminary injunction, in a circumscribed fashion.  The en banc decision will not determine any case-dispositive issues.  In what this Court considers to be preliminary comments given the status of the record, Judge Willet stated that the United States "cannot show a likelihood of success on the merits" because the "1,000 foot-segment [of the Rio Grande River] is not navigable."  United States v. Abbott, 87 F.4th 616, 636 (5th

Cir. 2023), <u>reh'g en banc granted, opinion vacated,</u> No. 23-50632, 2024 WL

174374 (5th Cir. Jan. 17, 2024).  Judge Willet also states that, "<u>without sufficient</u>

<u>evidence of past use or susceptibility to use in commerce along this 1,000 foot Rio</u>

<u>Grande segment, there can be no finding of historical navigability.</u>"  <u>Id.</u> at 640.

(emphasis added.)

       While Judge Willet, for whom this Court has the utmost respect and

admiration, may have found that the river is not historically navigable, his dissent

extends only to the evidence presented before the court at a preliminary injunction

hearing.  It is exactly this lack of evidence and full factual disposition in this case

that justifies a trial at this time.  Judge Willet's dissent found that the United States

"failed to present evidence that any improvements [to the river to allow future

navigability] would be reasonable," and that the United States offered "no

evidence" that the river was suitable as a highway for commerce and historically

navigable.  <u>Id.</u> at 637; 639.  The Fifth Circuit en banc could certainly adopt Judge

Willet's dissent that the evidence considered at the hearing for the preliminary

injunction "does not show that this 1,000-foot segment of the Rio Grande was

historically used or susceptible of use in commerce."  <u>Id.</u> at 637.  This holding still

does not foreclose a need for trial.  Instead, a trial is needed to explore the factual

issues and merits of the case.  <u>See</u> <u>Brennan's, Inc. v. Brennan's Rest., L.L.C.,</u> 360

F.3d 125, 129 (2d Cir. 2004) (noting that an expedited trial on the merits after a

motion for preliminary injunction affords the district court the opportunity to make a more extensive and reliable findings of fact, placing a appellate court in a better position to engage in meaningful appellate review).

Again, "an appeal from the denial or granting of a preliminary injunction should not ordinarily delay the final trial of the case on its merits." Lynd, 321 F.2d at 28.  Other circuits agree.  Judge Wallace, one of the Ninth Circuit's most conservative judges, writing for the Ninth Circuit, established that the Ninth Circuit has "repeatedly admonished district courts not to delay trial preparation to await an interim ruling on a preliminary injunction." California v. Azar, 911 F.3d 558, 583 (9th Cir. 2018).  "Because of the limited scope of review and because the fully developed factual record may be materially different from that initially before the district court," an appellate court's disposition on a preliminary injunction may "provide little guidance as to the appropriate disposition on the merits of the case." Melendres v. Arpaio, 695 F.3d 990, 1003 (9th Cir. 2012) (quoting Sports Form, Inc. v. United Press Int'l, Inc., 686 F.2d 750, 753 (9th Cir. 1982)).

Any decision on the preliminary injunction by the Fifth Circuit en banc will speak to whether the United States was able to show a likelihood of success in proving the Rio Grande River is navigable for purposes of issuing a preliminary injunction.  Whether the United States succeeded in showing a

likelihood of success at the preliminary injunction stage does not speak to what the Plaintiff may prove at trial and certainly will not resolve dispositive issues in this case.  See Caribbean Marine Servs. Co. v. Baldrige, 844 F.2d 668, 673 (9th Cir. 1988) ("Our resolution of these [preliminary injunction] issues will not determine the merits of the underlying legal issues presented in this litigation, and will only temporarily affect the rights of the parties.")  Moreover, "[t]o the extent that a desire to get an early glimpse" of an appellate court's view of the merits "of the underlying legal issues" in a case motivates a party's "tactic" to stay, that motivation is "both misconceived and wasteful."  Id. at 673.

II.     The Trial Schedule Will Not Prejudice the Parties' Interest in the Litigation

Texas argues that the March trial date is prejudicial because of (1) the pending motion to dismiss and unfiled answer, (2) existing Fifth Circuit precedent, and (3) cumbersome discovery and trial deadlines.  On the other hand, the United States argues that it will be prejudiced if this case does not imminently proceed to trial.  The Court addresses each argument in turn.

A.     The Pending Motion to Dismiss and Forthcoming Answer Pose No
       Prejudice to Texas' Interest in Litigation

Texas argues it is prejudiced by the March trial date because the Court has not yet ruled on its pending motion to dismiss, nor has Texas filed an answer. (Dkt. # 71 at 6.)  This argument unpersuasive given that it is common practice in the Austin Division of the Western District of Texas to set trial dates at the outset

6

of a case, before dispositive motions have been filed.  It has even been common

practice in this division to take dispositive motions under advisement and carry

them over to be decided during trial.

The Court plans to rule on Texas's motion to dismiss by the end of

January 2024, not "probably right around the time we go to trial."  (Dkt. # 71 at 5.)

The March trial date will not prejudice the Defendants ability to respond to the

United States' claims. After the Court rules on the Motion to Dismiss, the

Defendants will be afforded a full 14 days to submit their answer, as recommended

by Fed. R. Civ. P. 12(a)(4)(A).  The Court notes that it is not unheard of for this

Court to issue orders for expedited responses, but Defendants are assured they will

have a full 14 days to respond.  Texas's 14-day deadline to respond with its answer

will also expire well before the case is set for trial on March 19, 2024.  Finally, the

Court instructed the parties at the hearing to prepare for trial regardless of its ruling

on the Motion to Dismiss.  (Dkt. # 69 at 20.)

## B. Landry Provides No Basis to Delay Trial Due to a Pending Appeal of Preliminary Injunction When No Legislative Responsibility is at Issue

Texas also argues that the expedited discovery timeline is "woefully

inadequate for such an important case" and will "plainly prejudice Texas's ability

to defend itself."  (Dkt. # 71 at 7.)  Texas states that the Fifth Circuit has granted

"mandamus relief where [the] [sic] trial court in a 'unique rush' failed to provide

adequate time for trial."  (Dkt. #71 at 7.) (citing <u>In re Landry</u>, 83 F.4th 300, 305

(5th Cir. 2023)).  This is not what happened in <u>Landry</u>.

First, in <u>Landry</u>, the State defendant requested a writ of mandamus

from the Fifth Circuit to "require the district court to promptly convene a trial on

the merits," exactly the opposite of what Texas asks here.  83 F.4th at 303.

Secondly, the timing of a trial on the merits was not the issue in <u>Landry</u>.  Rather, in

<u>Landry</u>, the Fifth Circuit was deciding whether to vacate a remedial order hearing

that would create a parallel proceeding, not whether the district court proceeded to

a trial on the merits too quickly.  <u>Id.</u> at 305, 308.  Specifically, the Fifth Circuit

vacated the district court's hearing in which the district court would "determine a

court-ordered redistricting map."  <u>Id.</u> at 304.  The Fifth Circuit held that "there was

no warrant for the [district] court's rushed remedial hearing by the first week of

October 2023, months in advance of deadlines for districting, candidate filing, and

all the minutiae of the 2024 elections."  <u>Id.</u> at 306.  This hardly addresses the

situation the Court faces in the current instance.

As the Fifth Circuit noted, "[r]edistricting litigation [] is not ordinary

litigation." <u>Id.</u> at 307. This makes <u>Landry</u> far from analogous to the present case.

Justice Jackson, concurring in the Supreme Court's denial of a stay, addressed

<u>Landry</u>, explaining that she "read the Fifth Circuit's mandamus ruling to require

the District Court to delay its remedial hearing only until the Louisiana Legislature

[] had sufficient time to consider alterative maps that comply with the Voting Rights Act."  Robinson v. Ardoin, 144 S. Ct. 6 (2023) (citing Landry, 83 F.4th at 306–07)).  After the legislature had a reasonable opportunity to address its legislative responsibility, Justice Jackson presumed that the District Court would "resume the remedial process while the Fifth Circuit considers the State's appeal of the preliminary injunction."  Id.

  Redistricting procedures should not govern this case.  In a case like this one, a trial need not be stayed pending an appeal of a preliminary injunction.  Lynd, 321 F.2d at 28; see also Ry. Lab. Execs. Ass'n v. City of Galveston, 898 F.2d 481 (5th Cir. 1990) (holding that "the pendency of the interlocutory appeal from the district court's judgment denying the preliminary injunction did not divest the district court of jurisdiction to proceed with other aspects of the case," so the district court "did not act improperly in considering the plaintiff's petition for a permanent injunction"); Hamer v. Campbell, 358 F.2d 215, 223 (5th Cir. 1966) (explaining that disposition of a supplemental complaint that postdated a preliminary injunction order now on appeal "properly pends before the District Court"); Nalco Chem. Co. v. Hall, 347 F.2d 90, 92 (5th Cir. 1965) ("There is indeed no reason why the case could not have proceeded to a trial on the merits while this [preliminary injunction] appeal was pending.").  Landry provides no

basis for the Court to break from this long-established precedent in a case where no legislative responsibility is at issue.[2]

C. Texas Has Failed to Demonstrate Why it is Unable to Prepare for Trial Within the Given Timeline

The parties in this case previously managed to "(a) litigate a dispute over expedited discovery; (b) complete expedited discovery; (c) hold an evidentiary hearing with multiple witnesses; and (d) submit post-hearing briefs, within a period of just 30 days after the United States filed its motion for preliminary injunction." (Dkt. # 74 at 5.)   Here, the Court has allowed the parties

---

[2] Texas cites three cases where district courts have stayed proceedings pending en banc review to support its argument that the Court should stay in the instant case. (Dkt. # 71 at 8.)  Each of these cases are easily distinguished from the present situation.  In Bryton v. Preferred Collection & Mgmt. Servs., Inc., No. 8:21-CV-2608-CEH-AAS, 2022 WL 2111496, at *1 (M.D. Fla. May 26, 2022), the district court stayed the proceedings pending appellate review of a different case. Additionally, the non-moving party did not oppose the stay. Id.  In Strong v. Walgreen Co., No. 09CV611WQHWVG, 2010 WL 2178840, at *1 (S.D. Cal. May 25, 2010), the Ninth Circuit stayed the case pending, again, the resolution of an entirely different case set for rehearing en banc, Chapman v. Pier 1 Imports, 571 F.3d 853 (9th Cir.2009), rehearing en banc granted by 593 F.3d 974 (9th Cir.2010), upon which the Defendants relied in their Motion for Summary Judgement.  Unlike the present case, the decision in Chapman had the potential to settle dispositive legal issues upon which one of the parties relied in arguing for summary judgment.  Id.  Additionally, the motion to stay was not opposed.  Id. Finally, the Sixth Circuit in Brumbach v. United States, 929 F.3d 791 (6th Cir. 2019) established that the district court had stayed a criminal defendant's petition for review pending forthcoming ruling in a different case that would speak to whether Tennessee's aggravated burglary statute qualified as an enumerated offense under a relevant statute.  Id.  Again, this case fails to cut against the established precedent in this Circuit that a pending appeal of a preliminary injunction does not require staying a trial on the merits.  See Lynd, 321 F.2d at 28.

twice as much time for discovery and pre-trial proceedings. Texas has not established what exactly about this case requires more time for discovery.

Furthermore, the burden of proof at trial will be on the United States to produce evidence that the Rio Grande River is navigable. If anyone would be prejudiced by expedited discovery deadlines, it would be the party who must carry the burden to show the river's navigability. Yet the United States opposes Texas's Motion to Stay. (Dkt. # 74.) If the United States is prepared to carry its burden of production in the allotted time, Texas should be even less prejudiced by the expedited trial timeline. Texas need only defend itself against the experts and evidence the United States is able to prepare in the given time.

In addition, the Court would note that Texas has previously expressed to this Court its urgency to remedy the invasion at the border. (Dkt. # 26 at 22–23.)

D. <u>The United States Would be Prejudiced by a Stay that Would Delay the Resolution of Claims Not Before the Fifth Circuit on Rehearing</u>

The United States argues that it will be greatly prejudiced if resolution of the Rivers and Harbors Act (RHA) and 184 Treaty of Guadalupe Hidalgo claims are delayed. (Dkt. # 74 at 6.) There is no reason to stay litigation pending an appeal of preliminary injunction that will fail to address all the issues to be presented trial and fail to address any issue dispositively.

The Court finds that Texas does have sufficient time to prepare its defenses and experts for the March trial date.  The Court also finds that there is no reason to stay a trial on the merits pending appeal of a preliminary injunction that could not affect the key factual issues to be addressed at trial.

III.   <u>The Fifth Circuit's Decision to Rehear the Preliminary Injunction En Banc Does Not Impact the Need for Trial, Creating No Need for Special Factors to Justify Proceeding to Trial</u>

The Fifth Circuit is set to rehear en banc only the issues related to the preliminary injunction.  Moreover, the en banc review is limited to just one of the United States' two claims.  (Dkt. # 74 at 1.)  And, as the United States saliently notes, the Fifth Circuit in rehearing the RHA claim will consider the issues only on a preliminary posture and incomplete factual record.  <u>Sports Form</u>, 686 F.2d at 753 ("[Circuit's] review of the district court's findings, pursuant to its action on a motion for preliminary judgment is, of course, restricted to the limited record available to the district court when it granted or denied the motion.")

Even complete resolution of the RHA claim will not dispose of the United States' claim based on the Treaty of Guadalupe Hidalgo.  No matter what the Fifth Circuit decides en banc, this Court will still need to decide the merits of this case on a fully developed factual record and address both of the United States' claims, along with any counterclaims Texas may assert.  <u>See</u> <u>Sierra Club v. Marsh</u>, 816 F.2d 1376, 1388 (9th Cir. 1987) (recognizing that appellate review of

12

preliminary injunctions is limited where the record is not fully developed or "the dispute turns on the resolution of complex factual issues").

Contrary to Texas' assertion that "there are no special 'circumstances [that] require' the Court to allow parallel proceedings in the en banc Fifth Circuit and the district court," the Court does not need justify proceeding to trial under the present circumstances.  (Dkt. # 71 at 8 (quoting Landry, 83 F.4th at 305.))  A pending appeal of a preliminary injunction does not require a stay of a trial on the merits of the case.  Lynd, 321 F.2d at 28; Ry. Lab., 898 F.2d at 481; Hamer, 358 F.2d at 223; Nalco Chem., 347 F.2d at 92.  The "special circumstances" factor has traditionally been used by federal courts when deciding whether to refuse to exercise their jurisdiction over a case in the face of a parallel state action.  See Meredith v. City of Winter Haven, 320 U.S. 228, 237, 64 S. Ct. 7, 12, 88 L. Ed. 9 (1943) ("To remit the parties to the state courts is to delay further the disposition of the litigation which has been pending for more than two years and which is now ready for decision. It is to penalize petitioners for resorting to a jurisdiction which they were entitled to invoke, *in the absence of any special circumstances which would warrant a refusal to exercise it*.") (emphasis added.); PPG, 478 F.2d at 677 ("The issue is whether in view of the pendency of a parallel state proceeding, the district court could properly stay its hand when it had power to proceed.")

Rather than trying to "thwart rational procedures" by proceeding to

13

trial, this Court seeks to hear this case on the merits and develop a full record of fact and law.  Without such a development of the record, the Fifth Circuit would have insufficient evidence to hear the full case on appeal. This Court recognizes that the State of Texas wishes to have the en banc court go well beyond the purview of a preliminary injunction appeal and deny the parties their statutory and constitutional right to a full presentation of the case on the merits.  This Court does not believe that the Fifth Circuit will take Texas's invitation to ignore decades of federal precedent and make factual rulings out of hand in the first instance without having an opportunity to address the full factual record as presented through a trial on the merits of whether, in fact, this section of the Rio Grande River is being used on a regular basis by watercraft and can be considered navigable both as a matter of law and in fact.

Finally, the Court addresses Texas' claim that "no safety rationale or other justification" supports a trial on the merits at this time.  (Dkt. # 71 at 8.) That the buoys have now been in the Rio Grande for seven months overwhelmingly favors this Court having a full exposition of the facts in a trial on the merits to resolve the issues in this case as soon as possible.  (Id.)

Regardless of what the Fifth Circuit decides on its en banc review, either the United States or Texas may file a writ of certiorari to be heard before the Supreme Court of the United States.  This is exactly the course of action that the

14

parties took in the concertina wire case Texas cites in its Motion to Stay.  <u>See</u>
<u>Texas v. DHS</u>, 23-cv-55, 2023 WL 82852223, at *14 (W.D. Tex. Nov. 29, 2023)
(Moses, C.J.).  It was not this Court's intention to cut off the Fifth Circuit from
determining issues relevant to the preliminary injunction by setting the March 2024
trial date, which Court could not do in any circumstance given the nature of
preliminary injunction review.  Rather, this Court's intention is to provide a
complete and full factual as well as legal record for the Fifth Circuit and/or the
Supreme Court to consider.  The concern to this Court in delaying the needed trial
on the merits is that, were the Fifth Circuit to make a definitive ruling on the facts
of this record without a trial, there is a substantial likelihood that the matter could
be remanded by the Supreme Court to give a trial court the opportunity to hear the
evidence, something that has only been done in a very curtailed manner during the
preliminary injunction hearing.  A later remand for trial would only delay a final
determination further.

        In Texas' Motion to Stay, it notes that "not one person has been
harmed by contact with the buoys."  (Dkt. # 71 at 8.)  Even if Texas' claims about
the lack of safety concerns at the border are true, despite the well documented

reports that people, including children, are dying attempting to cross the Rio

Grande River,[3] a March trial date would still be appropriate.

Texas may be in the end correct, and this Court may in fact find, after

hearing all the evidence at trial, that as a matter of fact, the river is not a navigable

waterway.  But that determination cannot be made as a matter of law, without a full

development of the facts and absent congressional designation that this is not a

navigable waterway of the United States, which has not occurred.

The Court would also note that Texas has what it sought all along:

the buoy remains in place in the Rio Grande River with concrete abutments

submerged because the Panel decision affirming this Court's preliminary

injunction was vacated, thereby putting the administrative stay back in place.  As

stated at the hearing, this Court has no interest in wasting judicial or taxpayer

resources.  A final determination by this Court at trial is the most expeditious path

to efficiently resolve this case.

The State of Texas ignores the fact that there are two words in

---

[3] Eduardo Cuevas, Mexican Family's Death at Border Looms Over Ongoing Justice Department Standoff with Texas, USA TODAY (Jan. 20, 2024) https://www.usatoday.com/story/news/nation/ 2024/01/20/drowning-rio-grande-migrants-texas-border-patrol/72268305007/ (reporting the deaths of two children and their mother who drowned while crossing the Rio Grande River on January 12, 2024.)

preliminary injunction.  The operative one is preliminary, as it assumes there will

be a trial on the merits and either a granting or denying of a permanent injunction.

That has not occurred in this case.

CONCLUSION

For the reasons stated above, the Defendants' Motion to Stay the Case is

**DENIED**.  (Dkt. # 71.)[4]

**IT IS SO ORDERED.**


Signed: January 24, 2024


_____

David Alan Ezra
Senior United States District Judge

---

[4] The Court apologizes to the parties and the Fifth Circuit that its order is not as extensive as it might otherwise or normally be.  But due to the time constraints imposed by the State of Texas and its threatened imminent appeal, that was made impossible.