UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | No. 1:23-CV-853-DAE |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | |
| GREG ABBOTT, in his capacity as Governor of the State of Texas, and THE STATE OF TEXAS, | § § § | |
| | § | |
| Defendants. | § | |

### SUPPLEMENTAL ORDER REGARDING DEFENDANTS' OPPOSED MOTION TO STAY

The Court files this supplemental order to correct Texas' statement that this Court failed to respond to its Motion to Stay before the time the Court said it would: <u>on January 24, 2024.</u>

By way of review, Texas filed with this Court its proposed Motion for Emergency Stay to the Fifth Circuit at 11:56PM CST on January 22, 2024. In that Motion, Texas said that if this Court did not rule on this Motion by January 23, 2024, it was going to file its emergency appeal.

On January 23, 2023, this Court issued an order stating:

> "This Court intends to expedite its ruling and is going to make every effort to file a reasoned order addressing defendants' motion by Wednesday, January 24, 2024."

1

(Dkt. # 75.)   The Court did this to give the United States an opportunity to respond to Texas' proposed Motion for Emergency Stay and to give this Court an opportunity to file a reasoned order regarding that Motion.

Texas filed its emergency motion to stay to the Fifth Circuit at 5:19PM CST on January 24, 2024, stating, "[t]he district court, however, has not ruled on Texas's motion." Opposed Motion to Stay Order, USA v. Abbott, No. 23-50632 (Jan. 24, 2024) (Dkt. # 124).

At no point did this Court say its order on Texas's Emergency Motion would be issued before the end of banking hours on January 24, 2024.  This Court did not receive the United States' Expedited Opposition until after 2:00PM CST on January 23, 2024, thus preventing this Court from beginning its review of both parties' papers until late on the afternoon January 23, 2024.  Given that Texas filed its own Motion to Stay near midnight, the Court believed the State would anticipate that the Court would not enjoy the luxury of keeping standard bankers' hours.  This Court's order was docketed and the parties noticed at 6:00PM CST on the 24th of January 2024, well within the time frame the Court indicated in its earlier order.

This Court extended the State's deadline to disclose experts to January 26, 2024, specifically to give the State the opportunity to develop a response of its own and to eliminate its need to file an appeal to the Fifth Circuit before seeing the

Court's order upon which that appeal was based.  Given that the State's buoy is still in the middle of the Rio Grand River, where it was originally placed, there was no reason the State could not wait an extra hour before filing its appeal.  As it was, the State gave this Court and the United States virtually no time to get their respective filings on record.[1]

Signed: January 25, 2024

_____
David Alan Ezra
Senior United States District Judge

---

[1] Members of the Fifth Circuit may wonder why this Court is laying out the full record and facts regarding the timing of the filing in this matter.  Not that long ago, this Court was severely criticized by two Judges of the Fifth Circuit in the so-called fetal burial case for entering a discovery ruling over a weekend. The third member of the Panel filed a strong dissent from those comments.  In fact, this Court's ruling was made over the weekend at the specific request of the Defendants so that Defendants could file an emergency appeal to the Fifth Circuit before the hearing was set to commence later that week.  This Court eventually ruled in favor of the Defendant State of Texas in that matter, finding the fetal burial law constitutional.