UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | No. 1:23-CV-853-DAE |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | |
| GREG ABBOTT, in his capacity as Governor of the State of Texas, and THE STATE OF TEXAS, | § § § | |
| | § | |
| Defendants. | § | |

ORDER DENYING MOVANT'S PETITION

Before the Court is pro se Movant Robert A. Heghmann's ("Movant") Petition for a Writ of Error Coram Nobis, filed on March 4, 2024. (Dkt. # 98.) Plaintiff United States of America filed a Response in Opposition on March 8, 2024. (Dkt. # 99.)

The Court is unable to consider Movant's Petition for a Writ of Error Coram Norbis. The Federal Rules of Civil Procedure have expressly abolished writs of coram nobis. Fed. R. Civ. P. 60 (e); see also Simmons v. Twin City Towing, 425 Fed. App'x 401, 403 n.2 (5th Cir. 2011) (recognizing abolition of writ). As no such writ exists, the Court denies the Petition as moot and addresses Movant's request to appear at trial. (Dkt. # 98 at 12.)

The Court construes Movant's request to appear at trial as a Motion to Intervene.  Movant has not addressed Rule 24's requirements for intervention.  Fed R. Civ. P. 24(a), (b).  Movant fails to establish standing to intervene.  And Movant's filings, including the subsequent Judgment as a Matter of Law (Dkt. # 110) demonstrate Movant's allegations are not relevant to the present case.

For these reasons, the Court **DENIES** Movant's Petition **WITH PREJUDICE**.  (Dkt. # 98.)  The Court further **DENIES** Movant's Motion for Declaratory Judgment as **MOOT**.  (Dkt. # 110.)

The Clerk is **INSTRUCTED** not to accept any filings from Movant without approval of the Court.

The Clerk is further **INSTRUCTED** to mail a copy of this order to Movant.

**IT IS SO ORDERED.**

April 24, 2024.

_____
David Alan Ezra
Senior United States District Judge