## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

|  |  |
|---|---|
| United States of America,<br>    *Plaintiff*,<br><br> v.<br><br>Greg Abbott, in his capacity as Governor of<br>the State of Texas, and the State of Texas,<br>    *Defendants*. | No. 1:23-cv-00853-DAE |

## DEFENDANTS' ORIGINAL ANSWER AND COUNTERCLAIM

Defendants, Greg Abbott, in his official capacity as Governor of Texas, and the State of Texas, hereby file this original answer to Plaintiff's First Amended Complaint. Defendants further assert a counterclaim against Plaintiff, and hereby demand jury trial, as follows:

## I.   ANSWER

Pursuant to Federal Rule of Civil Procedure 8(b), Defendants deny each and every allegation asserted in Plaintiff's First Amended Complaint except those expressly admitted herein. The headings and paragraphs below directly correlate to the sections and numbered paragraphs of Plaintiff's First Amended Complaint. Titles of headings that are reproduced in this Answer are included for organizational purposes only, and Defendants do not admit any matter contained therein.

### Nature of the Action

1.      Defendants admit that Plaintiff purported to assert claims under the Rivers and Harbors Act of 1899 ("RHA") as well as the Treaty of Guadalupe Hidalgo of 1848 (the "Treaty"). Plaintiff's Treaty claims have properly been dismissed with prejudice by the Court. Defendants deny the remaining allegations in Paragraph 1 of the First Amended Complaint.

2.      Defendants admit that they caused certain floating buoys to be placed in a segment of the Rio Grande River near Eagle Pass, Texas (the "Floating Buoys"). Defendants admit that they did not obtain prior authorization from the U.S. Army Corps of Engineers for such action but deny that any such authorization was required and further, deny that this or any other act or omission by Defendants constitutes a violation of the RHA. Defendants deny that the Floating Buoys are structures within the meaning of the RHA. Defendants deny the other allegations contained in Paragraph 2 of the First Amended Complaint.

3.      Defendants deny the allegations of Paragraph 3 of the First Amended Complaint.

4.      Defendants deny the allegations of Paragraph 4 of the First Amended Complaint

5.      Defendants admit that Plaintiff purports to seek the relief described in Paragraph 5 of the First Amended Complaint, but deny that Plaintiff is entitled to any relief described in Paragraph 5 of the First Amended Complaint. Defendants deny any remaining allegations contained in Paragraph 5 of the First Amended Complaint.

**Jurisdiction and Venue**

6.      Defendants deny that the Court has subject matter jurisdiction of this action pursuant to 33 U. S. C. § 406 or 28 U.S.C. § 1345. Defendants admit that Plaintiff purports to assert claims against Defendants pursuant to 28 U.S.C. § 1331 and 1345, but deny that any such claims against Defendants are valid or legally cognizable and deny the other allegations of Paragraph 6 of the First Amended Complaint.

7.      Defendants do not contest that venue is proper in this District and Division. Defendants deny the remaining allegations of Paragraph 7 of the First Amended Complaint.

**The Parties**

8.      Defendants admit that Plaintiff is the United States. Defendants deny any remaining allegations in Paragraph 8 of the First Amended Complaint.

9.      Defendants admit that the named Defendants are as alleged in Paragraph 9 of the First Amended Complaint but deny that either Defendant is subject to suit herein under the RHA or Treaty.

10.     Defendants admit that they caused the Floating Buoys to be placed in the Rio Grande. Defendants deny any remaining allegations in Paragraph 10 of the First Amended Complaint.

## Constitutional, Statutory, and Regulatory Background

11.     Defendants admit that Paragraph 11 correctly quotes the RHA but deny the quoted provision is applicable to the facts of this case and deny the remaining allegations of Paragraph 11.

12.     Defendants admit Paragraph 12 correctly quotes the RHA but deny the quoted provision is applicable to the facts of this case and deny the remaining allegations of Paragraph 12.

13.     Defendants deny the allegations in Paragraph 13 as they relate to the State of Texas.

14.     Defendants admit the regulatory provisions quoted in Paragraph 14 of the First Amended Complaint exist, but deny they are valid or applicable to the facts of this case and deny the remaining allegations of Paragraph 14.

15.     Defendants admit Paragraph 15 accurately quotes current federal regulations but deny they are applicable to the facts of this case and deny the remaining allegations of Paragraph 15.

16.     Defendants admit the provisions quoted in Paragraph 16 of the First Amended Complaint exist but deny they are valid or applicable to the facts of this case and deny the remaining allegations of Paragraph 16.

17.     Plaintiff's Treaty claim has been dismissed by the Court, so no response to Paragraph 17 of the First Amended Complaint is necessary. Defendants admit Paragraph 17 correctly quotes the United States Constitution, but deny that Defendants are subject to suit or liability under the Treaty, and deny the remaining allegations of Paragraph 17.

18.     Plaintiff's Treaty claim has been dismissed by the Court, so no response to Paragraph 18 is necessary. Defendants deny that Defendants are subject to suit or liability under the Treaty and deny the remaining allegations of Paragraph 18.

19.     Plaintiff's Treaty claim has been dismissed by the Court, so no response to Paragraph 19 is necessary. Defendants deny that Defendants are subject to suit or liability under the Treaty and deny the remaining allegations of Paragraph 19.

20.     Plaintiff's Treaty claim has been dismissed by the Court, so no response to Paragraph 20 is necessary. Defendants deny that Defendants are subject to suit or liability under the Treaty, deny the Treaty is self-executing, and deny the remaining allegations of Paragraph 20.

21.     Plaintiff's Treaty claim has been dismissed by the Court, so no response to Paragraph 21 is necessary. Defendants deny that Defendants are subject to suit or liability under the Treaty and deny the remaining allegations of Paragraph 21.

## General Allegations

22.     Defendants deny the allegations of Paragraph 22.

23.     Defendants deny the allegations of Paragraph 23.

24.     Defendants admit that the Floating Buoys were placed in the Rio Grande River in Maverick County, Texas, in July 2023 but otherwise deny the allegations of Paragraph 24.

25.     Defendants admit that the Floating Buoys are interconnected and extend for roughly 1,000 feet as currently placed but otherwise deny the allegations of Paragraph 25.

26.     Defendants admit that they did not seek or obtain a permit from the Corps of Engineers for the placement of the Floating Buoys in July 2023 but deny they had any obligation to seek a Corps permit or other authorization and otherwise deny the allegations of Paragraph 26.

27.     Defendants admit that they did not seek or obtain a permit from the Corps of Engineers for the placement of the Floating Buoys in July 2023, as no Corps permit or other authorization was required by law. Defendants otherwise deny the allegations of Paragraph 27.

28.     Defendants admit that they did not seek or obtain consent of the Government of Mexico for the placement of the Floating Buoys in July 2023, as no such consent or other authorization was required by law. Defendants otherwise deny the allegations of Paragraph 28.

29.     Governor Abbott's public statements on June 8, 2023, speak for themselves, but are not fully or accurately quoted in Paragraph 29 and Defendants deny the remaining allegations of Paragraph 29.

30.     Defendants deny the allegations of Paragraph 30.

31.     Governor Abbott's public statements speak for themselves but are not fully or accurately quoted in Paragraph 31 and Defendants deny the remaining allegations of Paragraph 31.

32.     Defendants admit an exchange or correspondence generally aa described in Paragraph 32 but deny any remaining allegations in this paragraph.

## COUNT 1: Violation of the Rivers and Harbors Act

33.     Defendants incorporate their responses to Paragraphs 22 through 32 as their response to Paragraph 33.

34.     Defendants deny the allegations of Paragraph 34.

35.     Defendants deny the allegations of Paragraph 35.

36.     Defendants deny the allegations of Paragraph 36.

37.     Defendants deny the allegations of Paragraph 37.

38.     Defendants deny the allegations of Paragraph 38.

39.     Defendants deny the allegations of Paragraph 39.

40.     Defendants deny the allegations of Paragraph 40.

41.     Defendants deny the allegations of Paragraph 41.

## COUNT 2: Preemption by the 1848 Treaty

The Court has dismissed COUNT 2, so no response thereto is necessary.

42.     Defendants incorporate their answers to Paragraphs 1 through 10 and 17 through 32 as if fully set forth herein in response to the allegations of Paragraph 42.

43.     Defendants deny the allegations of Paragraph 43.

44.     Defendants deny the allegations of Paragraph 44.

45.     Defendants deny the allegations of Paragraph 45.

## Prayer for Relief

46.     Defendants deny that Plaintiff is entitled to any of the relief requested herein.

## II.   DEFENSES

Defendants assert the following affirmative and other defenses to which they are entitled:

1.      Plaintiff has failed to state a claim upon which relief can be granted.

2.      Defendants reserve the right to assert additional affirmative and other defenses as they may become apparent in the factual development of this case.

## III.   JURY DEMAND

Defendants hereby demand trial by jury on all issues so triable, including all claims Plaintiff has asserted against Defendants in their First Amended Complaint and Defendants' counterclaim against Plaintiff, pursuant to Rule 38, Federal Rules of Civil Procedure, and the Seventh Amendment to the United States Constitution. Pursuant to Rule 39(c), Federal Rules of Civil Procedure, Defendants move for a trial to an advisory jury on any and all issues not triable by jury as of right.

## IV.   DEFENDANTS' COUNTERCLAIM AGAINST PLAINTIFF

Defendants, Greg Abbott, in his official capacity as Governor of Texas, and the State of Texas, through their undersigned counsel, hereby counterclaim against Plaintiff for declaratory judgment. In support of its counterclaim Defendants allege as follows:

### Jurisdiction and Venue

1.      This counterclaim arises out of the same transaction or occurrence that is the subject matter of Plaintiff's claims. Fed. R. Civ. Proc. 13(a). Therefore, this Court has subject matter jurisdiction under 28 U.S.C. § 1367 and 28 U.S.C §§ 1331, 1345, and § 2201.

2.      Venue is proper in the Western District of Texas, Austin Division, because Plaintiff filed this case in this District and Division, and the events giving rise to this litigation occurred within this District.

### Parties

3.      Counterclaim-Plaintiffs are the Defendants, Greg Abbott, in his official capacity as Governor of Texas, and the State of Texas.

4.      Counterclaim-Defendant is Plaintiff United States of America.

### Facts

5.      An unprecedented surge in the volume of criminal activity, including illegal immigration, is underway along the US-Mexico border, including the portion of that border that lies in Texas.

6.      This upswell in border crime has brought record levels of human trafficking and immense quantities of pernicious illegal drugs into the State.

7.      Federal law assigns the United States certain specified duties to enforce the integrity of the US-Mexico border, including to detain certain aliens pending removal proceedings,

8 U.S.C. § 1225(b)(2)(A); apprehend and deport aliens within 90 days of the entry of a final removal order, id. § 1231(a)(1)(A); prosecute illegal immigrants who cross the Rio Grande River into Texas outside a lawful port of entry, id. § 1325; and enforce "the immigration laws of the United States . . . vigorously and uniformly," IRCA § 115, 100 Stat. 3384.

8.      Recently, the Federal Government has publicly stated that it has been unable to meet these obligations. *See e.g.*, Brief for US at 5, *Biden v. Texas*, No. 21-954 (averring that "Congress has not provided DHS with sufficient appropriations to detain all the noncitizens" that federal immigration law requires).

9.      In response to the worsening border crisis and due to deficient federal border enforcement, Defendants have taken extensive efforts to protect its citizens and to deter and prevent transnational criminal activity, including illegal immigration. Governor Abbott declared an emergency in Maverick County, and subsequently Texas arranged for a system of interconnected floating buoys to be deployed in a section of the Rio Grande near the City of Eagle Pass in Maverick County, Texas.

10.     Texas's efforts have yielded fruit: as of September 2023, Texas law enforcement personnel conducted more than 477,800 illegal immigrant apprehensions, 34,200 criminal arrests, and seized over 428 million lethal doses of fentanyl. Press Release, Office of Tex. Gov. (Sept. 15, 2023), https://tinyurl.com/4274pwhs. "Every individual who is apprehended or arrested and every ounce of drugs seized would have otherwise made their way into communities across Texas and the nation." *Id.*

11.     The floating buoys have aided the State—and indeed the United States' own border enforcement—by deterring and preventing illegal crossings in the vicinity of the City of Eagle Pass.

12.     The State of Texas is a sovereign state that has power to define, deter, prevent, and punish crimes within its borders, as well as a general police power to take measures to protect and enhance the welfare of its people.

13.     The States, including Texas, enjoy wide discretion to protect the general welfare of the people, provided they do not conflict with a constitutional federal statute.

14.     The Rio Grande River forms the international boundary between Mexico and the United States and forms the southern boundary of Texas that delimits the State of Texas from Mexico. The bed of the Rio Grande River on the Texas side of this international boundary is within Texas. Texas has power to regulate the waters of the Rio Grande on the Texas side of the international boundary, subject to any valid and applicable federal law.

15.     Navigable waters of the United States generally are those waterways that are susceptible for use as highways of interstate or foreign commerce or are capable of being rendered so following reasonable improvements.

16.     The segment of the Rio Grande where the floating buoys are currently located is not susceptible for use as highways of interstate or foreign commerce nor capable of being rendered susceptible following reasonable improvements, and is not navigable within the meaning of the Rivers and Harbors Appropriation Act of 1899 ("RHA"). If the RHA were held to apply to such non-navigable waters within Texas, it would be unconstitutional as applied, because it would to that extent exceed the power of Congress under the Commerce Clause.

17.     The segment of the Rio Grande that lies within Texas upstream of mile marker 275.5, within which the Floating Buoys are currently placed, is not navigable within the meaning of the RHA.

18.     The length of the Rio Grande within the State of Texas that is upstream from mile marker 275.5 is not navigable within the meaning of the RHA.

19.     States retain authority to govern waterways within their borders that are not navigable waters of the United States, and this includes both the portion of the Rio Grande River within Texas where the floating buoys are presently located and the entire portion of the river that is upstream of mile marker 275.5.

20.     The Declaratory Judgment Act, 28 U.S.C. § 2201, empowers federal courts to grant appropriate declaratory relief in "a case of actual controversy within its jurisdiction" by declaring "the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."

## COUNT 1: Declaratory Judgment Act

21.     Defendants incorporate by reference the allegations contained in paragraphs 1-above.

22.     There is an actual controversy between the parties in the case as to the foregoing matters.

23.     This Court has authority to grant declaratory relief in the instant litigation pursuant to 28 U.S.C § 2201. The instant litigation is a live case or controversy within the meaning of Article III and no obstacle prevents the Court from issuing declaratory relief to the litigants in this case.

24.     Texas has a legal right to maintain the Floating Buoys and similar items in their present location. As a sovereign State vested with the general police power, Texas may pursue within its borders any course of action for the protection and welfare of its citizens that does not encroach on a validly enacted federal statute.

25.     Therefore, this Court should declare that Texas has lawfully placed the floating buoys in their current location and has a right to maintain them there and has a right to place and maintain the floating buoys in other places in the Texas side of the Rio Grande that do not conflict with the RHA as constitutionally applied. The Court should further declare that the portions of the Rio Grande River within Texas that are upstream of mile marker 275.5 are not navigable within the meaning of the RHA as constitutionally applied.

## V.     PRAYER

Wherefore, Defendants respectfully request that the Court upon final trial or hearing in this case enter judgment as follows:

a)  Deny all Plaintiff's claims herein;

b)  Deny Plaintiff any relief herein;

c)  Declare that the State of Texas lawfully placed and may lawfully maintain the Floating Buoys in their current location in the Rio Grande River;

d) Declare that the State of Texas may lawfully place and maintain the Floating Buoys and any similar items in any portion of the Rio Grande River within Texas that does not conflict with the RHA as constitutionally applied,

e) Declare that the Rio Grande River that lies within Texas and is upstream of mile marker 275.5 is not navigable within the meaning of the RHA as constitutionally applied; and

f) Grant such other relief to Defendants as the Court may deem proper.

Date: May 10, 2024

KEN PAXTON
Attorney General of the State of Texas

BRENT WEBSTER
First Assistant Attorney General

RALPH MOLINA
Deputy Attorney General for Legal Strategy

Office of the Attorney General
P. O. Box 12548, MC-009
Austin, TX 78711-2548
(512) 936-2172

Respectfully submitted,

*/s/ Ryan D. Walters*
RYAN D. WALTERS
Chief, Special Litigation Division
Tex. State Bar No. 24105085
ryan.walters@oag.texas.gov

DAVID BRYANT
Senior Special Counsel
Tex. State Bar No. 03281500
david.bryant@oag.texas.gov

JOHNATHAN STONE
Special Counsel
Tex. State Bar No. 24071779
Johnathan.stone@oag.texas.gov

AMY SNOW HILTON
Special Counsel
Tex. State Bar No. 24097834
amy.hilton@oag.texas.gov

MUNERA AL-FUHAID
Special Counsel
Tex. State Bar No. 24094501
munera.al-fuhaid@oag.texas.gov

JACOB E. PRZADA
Special Counsel
Tex. State Bar No. 24125371
jacob.przada@oag.texas.gov

KYLE S. TEBO
Assistant Attorney General
Tex. State Bar No. 24137691
kyle.tebo@oag.texas.gov
**Counsel for Defendants**

**Certificate of Service**

On May 10, 2024, this document was filed electronically through the Court's CM/ECF system, which automatically serves all counsel of record.

/s/ *Ryan D. Walters*
RYAN D. WALTERS