IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

UNITED STATES OF AMERICA,  :

          *Plaintiff*,  : No. 1:23-cv-00853-DAE

v.

    : MOTION

**GREG ABBOTT**, *in his capacity as*
**GOVERNOR OF THE STATE OF TEXAS,**  :
and **THE STATE OF TEXAS,**  May 10, 2024

          *Defendants*.  :

## MOVANT'S MOTION TO AMEND THE JUDGMENT

The Movant hereby moves to amend the judgment pursuant to Rule 59 (E) (1) due to the judgment being based upon a manifest error of law.

**THE GOVERNMENT'S MOTION TO DISMISS WAS FILED IN VIOLATION OF THE 5TH CIRCUIT'S LOCAL RULE 47 (5) (4) OF THE FED. R. APP. P.**

Local Rule 47 (5) (4) provides as follows:

> 47.5.4 Unpublished Opinions Issued on or After January 1, 1996. Unpublished opinions issued on or after January 1, 1996, are not precedent, except under the doctrine of res judicata, collateral estoppel or law of the case (or similarly to show double jeopardy, notice, sanctionable conduct, entitlement to attorney's fees, or the like). An unpublished opinion may be cited pursuant to FED. R. APP. P. 32.1(a). The party citing to an unpublished judicial disposition should provide a citation to the disposition in a publicly accessible electronic database. *If the disposition is not available in an electronic database, a copy of any unpublished opinion cited in any document being submitted to the court must be attached to each copy of the document, as required by FED. R. APP. P. 32.1(b). The first page of each unpublished opinion bears the following legend: This opinion is not designated for publication.* (emphasis added)

1

If this Court examines Dkt, # 99, the Government's Motion to Dismiss, it will notice that no copy of the decision in

> *Raymond Simmons v. Twin Cities Towing*
>
> Appeal from the United States District Court for the Western District of Louisiana, USDC No. 5:00-CV-2595.

a case relied upon the Government in its Motion was submitted to the Court or attached to its Motion. The Movant has corrected that error by attaching a copy of that Decision taken from the Circuit Court Docket to this Motion. This Court will notice that the Decision in *Simmons* specifically provides on page 1, Footnote 1:

> Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

*Simmons* is the only case relied upon in this Court's Order of Dismissal. As a result, this Court's Order is without legal foundation.

## THE SUPREME COURT HAS RULED THAT THE MOVANT'S USE OF A WRIT OF ERROR CORAM NOTICE IN THIS LITIGATION IS APPROPRIATE

Supreme Court specifically approved of the Movant's use of a Writ of Error *Coram Nobis* in *Pickett's Heirs v. Legerwood*, 32 U.S.144, 147 (1833) (It cannot be questioned that the appropriate use of the writ of error *coram vobis* is to enable a court to correct its own errors -- those errors which precede the rendition of judgment.) This is why the Movant filed his Petition for the Writ and he asserts herein that the filing of the Petition was and is entirely appropriate. The

Government in support of its Motion to Dismiss has cited no case that states that a Writ of Error *Coram Nobis* is not appropriate in a *civil* proceeding.

Additionally, this Court must take Judicial Notice of the 5th Circuit's Rule 4, Fed. R. App. P.

Appeal as of Right – When Taken.

> Rule 4 (a)(c) An appeal from an order granting or denying an application for a writ of error coram novice is an appeal *in a civil case* for the purpose of Rule 4 (a). (emphasis added)

If the Writ of Error *Coram Nobis* is not appropriate in a civil proceeding, why would the Movant have a Right of Appeal to the 5th Circuit Court of Appeals?

## RULE 60 DOES NOT IMPACT THE WRIT OF ERROR *CORAM NOBIS*

Rule 60, Fed. R.   provides:

### Rule 60. Relief from a Judgment or Order

> (e) BILLS AND WRITS ABOLISHED. The following are abolished: bills of review, bills in the nature of bills of review, and writs of coram nobis, coram vobis, and audita querela.

The Court in its Judgment adopts the position that Rule 60 abolished the Writ of Error *Coram Nobis*. This is clearly error.

Traditionally a Writ of Error Coram Nobis was used before a final judgment was issued. As pointed out by the Supreme Court in *Pickett's Heirs,* "use of the writ of error *coram vobis* is to enable a court to correct its own errors -- those errors

3

*which precede the rendition of judgment".* (emphasis added) That is how the Movant has used the Writ in this case.

Writs of *Coram Nobis* have traditionally been used in criminal proceedings to re-open or set aside judgments or convictions previously entered. In this regard, Congress has on occasion limited the use of Writs of *Coram Nobis* in criminal proceedings. At one point, Congress put a Statute of Limitations on the Writ in criminal proceedings, The legislation limited the use of a Writ of *Coram Nobis* to five years after the Judgment or conviction in a criminal trial was entered.

In *Strode v. The Stafford Justices*, 23 F. Cas. 236 (C.C.D. Va 1810) (No. 13,537) a defendant in a civil case attempted to re-open a judgement in a civil case using a Writ of Error *Coram Nobis*. Since more than five years had passed since the civil judgment had entered, the plaintiff defended that the Statute of limitations bared the Writ of Error *Coram Nobis* filed by the defendant. Supreme Court Chief Justice Marshall, sitting on the Bench of what is now the 4th Circuit Court of Appeals, ruled in favor of the defendant holding that the Writ of Error *Coram Nobis* was not covered by the Statute of Limitations covering Writs of *Coram Nobis*. That same precedent applies to this Court.

This rule laid out by Chief Justice Marshall has support in other authorities.

### Notes of Advisory Committee on Rules

Since the rules have been in force, decisions have been rendered that the use of bills of review, *coram nobis*, or *audita querela*, to obtain relief from

4

final judgments is still proper, *and that various remedies of this kind still exist although they are not mentioned in the rules and the practice is not prescribed in the rules.* It is obvious that the rules should be complete in this respect and define the practice with respect to any existing rights or remedies to obtain relief from final judgments. For extended discussion of the old common law writs and equitable remedies, the interpretation of Rule 60, and proposals for change, see Moore and Rogers, *Federal Relief from Civil Judgments* (1946) 55 Yale L.J. 623. See also 3 *Moore's Federal Practice* (1938) 3254 *et seq.;* Commentary, *Effect of Rule 60b on Other Methods of Relief From Judgment* (1941) 4 Fed.Rules Serv. 942, 945; *Wallace v. United States* (C.C.A.2d, 1944) 142 F.(2d) 240, cert. den. (1944) 323 U.S. 712. (emphasis added)

In addition to the Notes, this Court should read the only case other than *Simmons* cited by the Government in its Motion to Dismiss, *Reyes Correa-Negron v. United States of America*, 473 F.2d 684, 685 (5th Cir. 1973).

> Nevertheless, the writ of error coram nobis is an extraordinary writ and the jurisdiction of the court to grant such relief is of limited scope. See, e. g., United States v. Norman, 6 Cir. 1968, 391 F.2d 212, cert. denied, 390 U.S. 1014, 88 S. Ct. 1265, 20 L. Ed. 2d 163. Coram nobis is only available to correct errors of the most fundamental character where the circumstances are compelling to achieve justice. United States v. Morgan, supra; Cline v. United States, 5 Cir. 1972, 453 F.2d 873.

Thus, The Government's own authority in support of its Motion to Dismiss supports the Movant's position that the Writ of Error *Coram Nobis* is alive and well.

**THIS COURT HAS NO JURISDICTION OVER ANY MOTION TO DISMISS THE MOVANT'S PETITION FOR WRIT OF ERROR *CORAM NOBIS* OR ANY OTHER PROCEEDING IN THIS CASE UNTIL IT RULES ON MOVANT'S MOTION FOR A DECLARATORY JUDGMENT**

The Department of Justice under the authority of the Attorney General prepares and disseminates a Justice Manual. This is how the Department of Justice describes the Justice Manual.

1-1.100 - Purpose

The Justice Manual publicly sets forth internal Department of Justice (DOJ) policies and procedures.

[updated March 2024]

1-1.200 - Authority

The Justice Manual is prepared under the supervision of the Attorney General and direction of the Deputy Attorney General. The Deputy Attorney General has delegated authority to the Justice Manual's Editor-in-Chief to authorize changes to the Justice Manual. The Justice Manual's Managing Editor oversees coordination of the revision of the Justice Manual under the direction of the Editor-in-Chief.

When the Justice Manual conflicts with earlier DOJ statements of policy or procedure, the Justice Manual controls. Any questions about the controlling internal policy or procedure should be directed to the Office of the Deputy Attorney General.

The Justice Manual provides internal DOJ guidance. It is not intended to, does not, and may not be relied upon to create any rights, substantive or procedural, enforceable at law by any party in any matter, civil or criminal. Nor are any limitations hereby placed on otherwise lawful litigation prerogatives of DOJ.

Within the Justice manual there is a section on Estopple.

**JUSTICE MANUAL**

## Civil Resource Manual

# 209. Estoppel

Share

The general rule is that the federal government may not be equitably estopped from enforcing public laws, even though private parties may suffer hardship as a result in particular cases. Office of Personnel Management v. Richmond, 496 U.S. 414 (1990); Heckler v. Community Health Services of Crawford County, Inc., 467 U.S. 51 (1984); INS v. Miranda, 459 U.S. 14 (1982); Schweiker v. Hansen, 450 U.S. 785 (1981); Federal Crop Ins. Corp. v. Merrill, 332 U.S. 380 (1947). No decision of the Supreme Court holds that equitable estoppel lies against the government in any circumstance. *However, in several instances the court has expressly declined to determine whether the government could be estopped in a case involving serious affirmative misconduct by government employees.* See, e.g., Heckler v. Community Health Services, supra; INS v. Miranda, supra.

*The Supreme Court has made it clear that before an estoppel will lie against the government a private party must at a minimum demonstrate that all the traditional elements of an estoppel are present.* See Heckler v. Community Health Services, 467 U.S. 51, 59-61 (1984). An estoppel cannot be asserted against the government on the basis of oral advice, Heckler v. Community Health Services, supra; nor can the government be estopped merely because it is engaging in "commercial undertakings." Federal Crop Ins. Corp. v. Merrill, supra at 383 n.1 (1947). The rule against estopping the government does not depend upon a showing of impact on the federal treasury, INS v. Miranda, supra; Montana v. Kennedy, 366 U.S. 308 (1961); nor does it depend on whether a single agent of the government, or an entire agency, has engaged in misconduct. See, e.g., INS v. Miranda, supra; Schweiker v. Hansen, supra. (emphasis added)

As the Justice Manual makes clear, the Supreme Court has left open the question of whether or not the government can be estopped from enforcing the law against private parties if the government has engaged in *serious affirmative misconduct by government employees.* That is the issue raised by the Movant's Motion for Declaratory Judgment. The Motion, Memorandum of Law in Support and Exhibits raises the most serious affirmative misconduct on the part of the government, specifically a Crime against Humanity and Genocide against the

7

citizens of the United States including Texas, which creates an Estopple against the prosecution for legal violations forming the basis of this Court's jurisdiction.

The Movant demands that this Court decides whether or not the Motion for Declaratory Judgment should be granted before going forward with any further proceedings in this litigation. If the Motion is granted, the Court must order the government be estopped from any further prosecution of the charges leveled against the Defendants.

## CONCLUSION

This Court should not put the Movant to the expense nor the Court of Appeals to the time and effort of reversing its order. The Court should vacate the Order, GRANT the movants Motion to make Navy Medical Unit #6 a Master in this case and then schedule the Movant's Motion for a Declaratory Judgment for briefing and oral argument.

Dated: May 10, 2024

Respectfully submitted,

Robert A. Heghmann
P.O. Box 2108
Leander, Texas 78646
Bob_Heghmann@Reagan.com

## CERTIFICATION

The Movant hereby certifies that a copy of this Motion ~~for Appointment of a Special Master~~ was served upon the counsel for the United States and the State of Texas by U.S. Mail, Postage-Prepaid on May ~~10~~ 11, 2024 at the following addresses:

The United States

| Andrew D. Knudsen | Mary F. Kruger |
| U.S. Department of Justice | U. S. Attorney's Office |
| P.O. Box 7611 | 601 NW Loop 410, Suite 600 |
| Washington, D.C. 20044 | San Antonio, TX 78216 |

State of Texas

| Kyle Stephen Tebo | Jacob Edward Przada |
| Office of the Attorney General | Office the Attorney General |
| P.O. Box 12548 | P.O. Box 12548 |
| Austin, TX 78711-2548 | Austin, TX 78711-2548 |

[signature]

ATTACHMENT

Notice

The Order below is not the Order as written by the Court and posted in the Official Court Docket. As this Court will note, the Three-Judge Panel decided *Per Curiam* that the decision of the Court should not be published and should not serve as a precedent in other cases. To protect the Order from publication or use as precedent, the 5th Circuit Clerk placed the Order in the Docket but protected it electronically so that it could not be downloaded and printed. Since it could not be downloaded and printed it could not be submitted to a court under 5th Circuit Rule 47.5 and therefore could not be used as a precedent in other cases.

Undaunted, the compilers of F. App'x had the Order re-typed and added to its electronic database. The re-typed Order does not match the original Order in several respects, nevertheless, it appears to have most of the information contained in the original Order. This does not, however, change the fact that the Three-Judge Panel ruled that the decision could not be used as a precedent in the current case.

No. 10-31047

United States Court of Appeals,

Fifth Circuit

Simmons v. Twin City Towing

425 F. App'x 401 (5th Cir. 2011) Decided May 17, 2011

No. 10-31047 Summary Calendar. May 17, 2011.

*PER CURIAM:[fn*] [fn*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Raymond Simmons, Shreveport, LA, pro se

Appeal from the United States District Court for the Western District of Louisiana,

USDC No. 5:00-CV-2595.

Before DAVIS, SMITH, and SOUTHWICK, Circuit Judges.

Raymond Simmons appeals, pro se, the denial of various motions. We dismiss the appeal as frivolous.

I.

Sometime in the 1990's, Simmons's automobile was towed by the City of Shreveport pursuant to a local ordinance governing inoperable vehicles. In 1999, Simmons sued the city, alleging that the ordinance violated his constitutional rights. His complaint was dismissed as frivolous. He appealed to this court, but the appeal was dismissed as untimely.

> 1 Supposedly, Simmons was living in the vehicle because his house had been damaged in a fire. The vehicle was inoperable, but Simmons claims that he was restoring it so that he could travel and attend law school.

A few months thereafter, Simmons filed an almost-identical complaint against the city, which was dismissed as barred by res judicata. Simmons again appealed to this court, but the appeal was dismissed because he failed to file a brief and record excerpts within the permitted time.

While his second appeal was pending, Simmons filed yet another complaint alleging substantially the same facts. This time, however, in addition to suing the city, he sued Twin City Towing, which had towed his car at the behest of the city. With respect to the city, Simmons's third complaint was again dismissed as barred by res judicata. His complaint against Twin City Towing was dismissed as time-barred. We dismissed his appeal as frivolous, and his petition for en banc rehearing was denied. Simmons then filed a certiorari petition, which was denied, and an unsuccessful motion for rehearing of that denial, in September 2003.

In 2004, Simmons asked this court for permission to file a second petition for rehearing, which was denied. In July 2007, he filed a "Motion To Examine the Court Records of Harmless Error For Review." We sent a letter to him explaining that the case was closed and no action would be taken on his motion. Less than six months later, Simmons filed a "Motion To Examine and Discover," for which we again sent a letter explaining that his case was closed and no action would be taken on his motion.

Years passed. Then, in September 2010, Simmons reappeared in the district court, filing a motion seeking review of the original judgment and monetary damages for the alleged taking of his property, which the court deemed to be an inartfully phrased motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b). That motion was denied because Simmons had failed to satisfy any

of the grounds, and because of corresponding time limitations, specified in Rule 60(b).

Less than a month later, Simmons filed a "Motion For Conformation [ sic] Of The Default Judgment With Respect, Their [ sic] Was Fraud Of The Court." That motion was denied, with the district court stating that it was essentially the same as the motion filed two weeks before and that the reasons for denying that motion applied with equal force. The court also stated that, because Simmons's case has been closed since 2002, the court did not have jurisdiction to review any motions related to the case.

A month after his motion for "conformation" was denied, Simmons filed a "Motion For Error Of Coram Nobis" and a "Motion To Object The Order Of Denial By Chief Judge Robert James On The Conformation [ sic] Of The Default Judgment." The motions were denied on the ground that the case has been closed since 2002.

> 2 We note that the traditional writ of coram nobis, issued by a court to correct an error of a fundamental character in order to achieve justice where no other remedy is available, has been abolished in civil cases by Federal Rule of Civil Procedure 60(e).

II.

On appeal, Simmons raises a hodgepodge of indecipherable constitutional and statutory claims, all of which are irrelevant to any of the motions that he could be appealing (Simmons does not explicitly state which of the many denied motions he is appealing, so we assume he is attempting to appeal all of them).

> 3 Specifically, Simmons argues that the district court (1) denied his "personal property rights according to the property rights that are adjudicated through the United States Constitution," (2) erroneously dismissed "a personal property rights case under 28 section 1915(e), whereas the statement of poverty is true, the appeal is not frivolous or malicious, it is a specific constitutional rights of [his], [he] did not fail to state a claim for relief that [he] sought, and the defendants or [sic] not a [sic] infant nor or [sic] incompetent, or immune [sic] form such relief"; (3) erred in depriving a pro se litigant from "conforming [sic] the default" against defendants that failed to respond to his claim; (4) erred by "contradicting Constitution Article I section 4, right to property, with respect to Title 28 section 1652 of the Federal Civil Judicial Procedure and Rules, in Civil" (Simmons does not continue his description of this claim of error beyond the word "Civil"); and (5)

> "erred with respect to Rule 55(a), (c) by the clerk, according to the Federal Civil Judicial Procedure and Rules."

Even if we liberally construe Simmons's pro se brief, there are no coherent arguments that even attempt to explain why the district court erred in denying his motion for relief from a final judgment or his motion to "conform" the default judgment. Nor can we imagine any arguments that would succeed, given the facts of this case.

Rule 60(b) allows for relief from a final judgment on six grounds. Simmons cannot avail himself of the first three, because a motion for relief under those grounds must be filed within a year after entry of judgment. Two of the remaining grounds — (1) that the judgment is void and (2) that the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that been reversed or vacated; or applying it prospectively is no longer equitable — are plainly not applicable.

The final ground for relief in Rule 60(b) is "any other reason that justifies relief," but that provision is also inapplicable. FED. R. CIV.P. 60(b)(6). As an initial matter, a motion for relief under that provision must be made "within a reasonable time." FED.R.CIV.P. 60(C)(1). In the absence of any known exceptional circumstances, nine years after the entry of judgment cannot be considered "within a reasonable time" under any understanding of that phrase. Furthermore, even if Simmons had filed his motion within an acceptable time, relief under Rule 60(b)(6) is appropriate only in "extraordinary circumstances," which are plainly not present here. *See Rocha v. Thaler*, 619F.3d 387, 400 (5th Cir. 2010). Thus, Simmons's motion for relief from judgment was properly denied.

As for his motion to confirm the default judgment, Simmons does not appear to understand what happened in his case. Although a "Notice of Entry of Default" was filed by the clerk's office because the city did not respond to his first complaint, that is not the end of the default judgment process. Under the federal rules, after the entry of default, the plaintiff must request that a default judgment be entered. *See* FED.R.CIV.P. 55(b). Simmons failed to request a default judgment. The district court later entered a judgment and dismissed with prejudice Simmons's claim as frivolous — an entry of default can be set aside "for good cause." *See* FED.R.CIV.P. 55(C). Simmons appealed the dismissal, but it was affirmed. He filed a certiorari petition, but it was denied, and the dismissal became final. The default judgment Simmons seeks to confirm never existed — and the entry of default from which it would flow was long ago vacated.

In sum, Simmons has not raised any coherent legal arguments in his briefs that are worth addressing, because none of them raises any errors with the motions that Simmons is appealing. Nor can we imagine any legal arguments he could have levied against the district court's various orders, which were all proper. We conclude with a phrase that Simmons must be all-too-familiar with, and we hope that he now

comprehends their import and alters his future conduct: The appeal is DISMISSED as frivolous. *See* 5TH CIR. R. 42.2. We warn Simmons that any further frivolous filings in any court can result in sanctions, including the payment of money damages. *See, e.g.*, FED.R.CIV.P. 38; *Coghlan v. Starkey*, 852 F.2d 806 (5th Cir. 1988) (per curiam) ( *sua sponte* imposition of sanctions on *pro se* appellant); *Emmett v. Ebner*, 423 Fed.Appx. 492, 494 (5th Cir. 2011) (per curiam) (unpublished) (citing *Coghlan*).

This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail® and Priority Mail International® shipments. Misuses may be a violation of federal law. This package is not for resale. EP14F © U.S. Postal Service; May 2020. All rights reserved.

**UNITED STATES POSTAL SERVICE®**

**PRIORITY MAIL®**

RDC 03    0 Lb 3.70 Oz    S2324D503393-1

FROM:
Robert Heshmati
P.O. Box 2108
LeAnder, Texas
78646-2108

TO:
Clerk's Office
U.S. Federal Courthouse
501 W. 5th Street
Suite 1100
Austin, Texas
78701

EXPECTED DELIVERY DAY: 05/13/24

USPS TRACKING® #

9505 5163 1682 4132 2962 26

EP14F May 2020
OD: 12 1/2 x 9 1/2

USPS.COM/PICKUP

0001000014