UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br>      *Plaintiff*,<br><br> v.<br><br>**GREG ABBOTT, in his capacity as Governor of the State of Texas, and THE STATE OF TEXAS,**<br>      *Defendants*. | No. 1:23-cv-00853-DAE |

## DEFENDANTS' MOTION TO PLACE CASE ON JURY DOCKET

Defendants Greg Abbott, in his capacity as Governor of the State of Texas, and the State of Texas hereby move the Court to place this case on its Jury Docket, and as grounds therefor respectfully show as follows:

1. Defendants timely filed their Original Answer and Counterclaim herein on May 10, 2024 (ECF 118). In their Original Answer, Defendants demanded a jury trial in accordance with Rule 38, Federal Rules of Civil Procedure. *See Curtis v. Loether*, 415 U. S. 189, 190 (1974) (jury demand was timely when made in answer); *In re Texas Gen'l Petroleum Corp.*, 52 F.3d 1330, 1339 (5th Cir. 1995) ("last pleading" as it appears in Rule 38 "usually means an answer"); 9 C. Wright & A. Miller, *Federal Practice and Procedure* §§ 2318, 2320 (4th ed.).

2. Defendants on May 24, 2024, timely filed an Amended Answer and Counterclaim herein and again demanded a jury trial in this case in accordance with Rule 38 of the Federal Rules of Civil Procedure (ECF 120).

1

3. Rule 39(a) of the Federal Rules of Civil Procedure provides:

> When a jury trial demand has been demanded under Rule 38, the action must be designated on the docket as a jury action.

To date, Defendants have not been advised that this case has been placed on the jury docket as required by Rule 39(a). This case is currently set for trial on August 6, 2024 without designation as a jury action.

4. Rule 39(a) further provides that trial on all issues so demanded must be by jury unless the parties stipulate to a nonjury trial or the court, on motion or on its own, finds that on some or all of the issues there is no federal right to a jury trial. There has been no stipulation of the parties to a nonjury trial in this case. Even though Defendants filed their May 10 jury demand over forty days ago, Plaintiff has filed no motion for nonjury trial as to any issues. Any such motion by Plaintiff after this date would be untimely.

5. Defendants have a right to trial by jury under the Seventh Amendment to the United States Constitution on the sole remaining claim against them in this case, namely Plaintiff's claim under Section 12 of the Rivers and Harbors Act, 33 U.S.C. § 406, as to the Floating Buoy Barriers in the Rio Grande River. *See Pernell v. Southall Realty*, 416 U. S. 363, 374-76 (1974) (finding Seventh Amendment right to trial by jury in action to require removal of persons or chattels, which is analogous to the common law legal action for ejectment).

WHEREFORE, Defendants respectfully request that the Court enter its order directing that this case be set for trial on the jury docket as required by Federal Rule of Civil Procedure 39(a) and that this case proceed to trial by jury on all issues, and for such other and further relief as may be appropriate.

Date: June 21, 2024

Respectfully submitted,

| | |
|---|---|
| Ken Paxton<br>Attorney General of the State of Texas<br><br>Brent Webster<br>First Assistant Attorney General<br><br>Ralph Molina<br>Deputy Attorney General for Legal Strategy<br><br>Ryan Walters<br>Chief, Special Litigation Division<br><br>Office of the Attorney General<br>P. O. Box 12548, MC-009<br>Austin, TX 78711-2548<br>(512) 936-2172 | /s/ Johnathan Stone<br>**Johnathan Stone**<br>Special Counsel<br>Tex. State Bar No. 24071779<br>Johnathan.stone@oag.texas.gov<br><br>David Bryant<br>Senior Special Counsel<br>Tex. State Bar No. 03281500<br>david.bryant@oag.texas.gov<br><br>Munera Al-Fuhaid<br>Special Counsel<br>Tex. State Bar No. 24094501<br>munera.al-fuhaid@oag.texas.gov<br><br>Kyle S. Tebo<br>Special Counsel<br>Tex. State Bar No. 24137691<br>kyle.tebo@oag.texas.gov<br><br>Zachary Berg<br>Special Counsel<br>Tex. State Bar. 24107706<br>Zachary.Berg@oag.texas.gov<br><br>**Counsel for Defendants** |

### CERTIFICATE OF CONFERENCE

I certify that on June 20, 2024, I conferred with Plaintiff's counsel and they are opposed and contend that Defendants are not entitled to a jury trial.

*s/ Johnathan Stone*
**Johnathan Stone**
Special Counsel

## CERTIFICATE OF SERVICE

On June 21, 2024, this document was filed electronically through the Court's CM/ECF system, which automatically serves all counsel of record.

*s/ Johnathan Stone*
**Johnathan Stone**
Special Counsel
