IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    *Plaintiff,*<br><br>v.<br><br>GREG ABBOTT, ET AL.,<br><br>    *Defendants.* | CIVIL ACTION NO. AU:23-CV-00853-DAE |

### DEFENDANTS' EXPEDITED MOTION FOR LEAVE TO TAKE DEPOSITONS ON ORAL QUESTIONS IN EXCESS OF TEN

Defendants Greg Abbott, in his capacity as Governor of the State of Texas, and the State of Texas, hereby move on an expedited basis for leave to take depositions on oral questions in excess of ten witnesses herein, and respectfully would show the Court:

#### BACKGROUND

1. On May 3, 2024, Plaintiff designated four testifying expert witnesses in this case and identified the segment of the Rio Grande River that it contends is navigable in this lawsuit[1].

2. On May 6, 2024, Plaintiff disclosed fact witnesses likely to have discoverable information that it may use to support its claims or defenses.

3. On May 10, 2024, Plaintiff provided Defendants with their experts' reports.

4. Defendants deposed Plaintiff's expert witnesses on May 22, 29, 31, and June 5, 2024.

---

[1] Plaintiff previously refused to disclose what segment of the Rio Grande River that they contend is navigable in this suit in their interrogatory responses and only provided this information after Defendants threatened to file a motion to compel. Defendants' efforts to mount a defense were substantially limited up until this point because they did not know the scope of the Rio Grande River at issue.

1

5. On June 7, 2024, Defendants designated 12 testifying expert witnesses.

6. On June 10, 2024, Plaintiff requested deposition dates for Defendants' 12 expert witnesses.

7. On June 12, 2024, Defendants' counsel contacted Plaintiff's counsel to ask their availability for six fact witness depositions and to confer on expanding by agreement the total number of depositions. Plaintiff's counsel stated that they wanted to wait until they received experts reports before they would consider expanding the number of permitted depositions by agreement. Plaintiff's counsel stated that, "provided Texas timely serves its reports, it should be possible to have the call on Monday [June 17, 2024]."

8. On June 14, 2024, Defendants provided Plaintiff with their experts' reports and dates that each are available to be deposed.

9. On June 17, 2024, the deadline to notice fact witness depositions, Defendants' counsel *again* requested a conference with Plaintiff's counsel to discuss an agreement to expand the total number of permitted depositions. Plaintiff's counsel stated that they could not meet until the next day. Defendants, as required by the scheduling order, noticed 15 fact witness depositions, including five Fed. R. Civ. P. 30(b)(6) depositions, subject to agreement or leave from the Court.[2]

10. On June 18, 2024, Defendants' counsel *again* requested a conference with Plaintiff's counsel to discuss an agreement to expand the total number of permitted depositions. Fifteen minutes before the agreed upon call, Plaintiff's counsel emailed that they intended to seek protection from the Court and/or would seek to quash the noticed depositions. Defendants' counsel explained during the scheduled phone call that they noticed the depositions subject to an

---

[2] The scheduling order required all discovery requests, other than expert depositions, be made by June 17, 2024.

agreement between the parties or leave from the Court. Defendants' counsel suggested that the number could be reduced if Plaintiff disclosed whether they actually intended to call any of the identified individuals at trial and/or if they intended to use some or all of the same individuals for the 30(b)(6) depositions. Plaintiff's counsel said they would consider this.

11. June 19, 2024, was a state and federal holiday—Juneteenth.

12. On June 20, 2024, Defendants' counsel *again* requested a conference with Plaintiff's counsel to discuss an agreement to expand the total number of permitted depositions. This final request marked the fourth time in roughly two weeks that Defendants had tried to engage Plaintiff on raising number of depositions by agreement. Accordingly, Defendants asked for an answer that day; otherwise, they would seek leave from the Court give that discovery closing in less than a month. An hour before the scheduled phone call, Plaintiff's counsel abruptly cancelled the call, threatening that Plaintiff would be "inevitably… filing motions" and stating that it would not agree to depositions to exceed the 10 permitted by rule. Plaintiff also stated that they would move to quash and/or seek protection from the already noticed depositions.

13. July 5, 2024, is the deadline for Plaintiff's to designate rebuttal experts.

14. July 12, 2024, is the deadline for Plaintiff to produce rebuttal expert reports.

15. July 19, 2024, is the close of discovery.

16. August 6, 2024, is the scheduled trial date.

## Motion for Leave

17. Federal R. Civ. P. 30(a)(2) provides that each party can take up to 10 depositions without agreement or leave from the Court.

18. A party seeking leave from the Court to conduct depositions in excess of the 10 permitted must make a particularized showing of why extra depositions are necessary. *Mullenix v. University of Texas at Austin*, Civil No. 1:19-cv-01203, 2021 WL 3474008, at *1 (W.D.Tex., Aug. 6, 2021). To sustain its burden, a party must demonstrate the necessity for each deposition they have already taken or will take without leave of court in reaching the deposition limit. *Id.* at *3.

19. "[T]he mere fact that more than ten individuals may have discoverable information in a case does not mean that taking more than ten depositions makes sense." *Id.* (quoting *United States v. Goertz*, Civil No. 1:09-cv-00179, 2010 WL 2900309, at *1 (W.D.Tex., July 10, 2010)). District Courts will decline requests for leave to conduct depositions in excess of the ten permitted if they are "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." *Id.* at *1 (quoting Fed. R. Civ. P. 26(b)(2)(C)(i)).

20. This case involves a Rivers and Harbors Act (RHA) claim. The RHA generally applies to "navigable" waters of the U.S. that "are presently used, or have been used in the past, or may be susceptible for use to transport interstate or foreign commence." 33 C.F.R. § 329.4. Navigable waters are those that, in their natural condition, can permit "customary modes of trade and travel on water" such that it constitutes "a highway of commerce" for "through navigation" along the watercourse with only practically "reasonable improvements" *United States v. Appalachian Power Co.*, 311 U.S. 377, 407, 411, 413-17 (1940); *The Daniel Ball*, 77 U.S. 557, 560 (1870) ("navigable" refers to "every stream or body of water, susceptible of being made, in its natural condition, a highway for commerce"). The RHA prohibits "[t]he creation of any

obstruction not affirmatively authorized by Congress, to the navigable capacity of any of the waters of the United States," 33 U.S.C. §403.

### A.     Depositions 1-10

21.     Defendants first 10 depositions are important to the claims and defenses in this case and were not unreasonably cumulative or duplicative:

i.     On May 22, 2024, Defendants deposed Adrian Cortez. Mr. Cortez is one of Plaintiff's testifying expert witnesses. *See* ECF 122-1 (expert report). He is a hydrologist with the U.S. Section of the International Water Boundary Commission (IBWC). Plaintiff is relying on his testimony for the contention that the Rio Grande River is currently navigable and/or can be made navigable with reasonable improvements. *Id*. Defendants' expert witnesses attended his deposition and responded to his opinions and testimony in their reports. *See* ECF # 122-5-122-11 (expert reports). His deposition is critical to the claims and defenses in this suit.

ii.     On May 29, 2024, Defendants deposed Dr. Ben Johnson. Dr. Johnson is one of Plaintiff's testifying expert witnesses. *See* ECF # 122-3 (expert report). He is a professor of history at Loyola University. Plaintiff is relying on his testimony for the contention that the Rio Grande River was navigable in the past. *Id*. One of Defendants' expert witnesses attended his deposition and responded to his opinions and testimony in her report. *See* ECF # 122-12 (expert report). His deposition is critical to the claims and defenses in this suit.

iii.     On May 31, 2024, Defendants deposed Timothy MacAllister. Mr. MacAllister is one of Plaintiff's testifying expert witnesses. *See* ECF # 122-4 (expert report). He is Chief of Operations for the Fort Worth District with the U.S. Army Corps of Engineers. Plaintiff is relying on his testimony for the contention that the Rio Grande River is currently navigable and/or can be made navigable with reasonable improvements. *Id*. Defendants' expert witnesses attended his deposition and responded to his opinions and testimony in their reports. *See* ECF # 122-5-122-11. His deposition is critical to the claims and defenses in this suit.

iv.     On June 5, 2024, Defendants deposed Cpt. John Timmel. Cpt. Timmel is one of Plaintiff's testifying expert witnesses. *See* ECF # 122-2 (expert report). He is a ship captain and owns a maritime consulting company. Plaintiff is relying on his testimony for the contention that the Rio Grande River is currently navigable and that the buoys are an obstruction. Defendants' expert witnesses attended his deposition and responded to his opinions and testimony in their reports. *See* ECF # 122-5-122-11. His deposition is critical to the claims and defenses in this suit.

| | |
|---|---|
| v. | Defendants have noticed the deposition of Hillary Quam for July 9, 2024. Ms. Quam is a former employee with the U.S. Department of State. She submitted several declarations in this suit, *see* ECFs 5-7 & 37-9, and testified during the preliminary injunction proceeding. Plaintiff is relying on her testimony for its contention that the buoys have harmed U.S.-Mexico relations. Her deposition is, therefore, important to the claims and defenses in this suit. |
| vi. | Defendants have noticed a Fed. R. Civ. P. 30(b)(6) deposition for the U.S. Customs and Border Patrol (CBP) for July 10, 2024. CBP conducts operations along the stretch of the Rio Grande River at issue, has knowledge about the absence of commercial navigation along the stretch of the Rio Grande River at issue, and has unique security related information about U.S. commercial waterways and the vessels that operate on them. CBP also has knowledge about the flow of illegal persons, guns, drugs, and goods into the U.S. in the vicinity of the buoys and along the Rio Grande River, which is important to Defendants' defense and whether equitable relief is warranted. The 30(b)(6) deposition of CBP is critical to the claims and defenses in this suit. |
| vii. | Defendants have noticed a Fed. R. Civ. P. 30(b)(6) deposition for the U.S. Army Corp of Engineers (USACE) for July 12, 2024. USACE issues permits for obstructions placed in navigable waters, issued a 1975 report claiming that the segment of the Rio Grande River at issue in this suit is navigable, and has unique engineering, hydraulic, and hydrologic information about U.S. commercial waterways and the vessels that operate on them. The 30(b)(6) deposition of USACE is critical to the claims and defenses in this suit. |
| viii. | Defendants have noticed a Fed. R. Civ. P. 30(b)(6) deposition for the IBWC for July 15, 2024. IBWC conducts operations in the vicinity of the buoys and along the stretch of the Rio Grande River at issue, regulates water releases and the segment of the Rio Grande River at issue, and has unique engineering, hydraulic, and hydrologic information about the Rio Grande River and the vessels that operate on it. The 30(b)(6) deposition of IBWC is critical to the claims and defenses in this suit. |
| ix. | Defendants have noticed a Fed. R. Civ. P. 30(b)(6) deposition for the City of Eagle Pass, TX (Eagle Pass) for July 15, 2024. Eagle Pass has unique knowledge about the absence of commercial navigation on the Rio Grande River, whether the buoys are an obstruction, the lack of demand or need for future commercial navigation, and the flow of illegal persons, guns, drugs, and goods into the U.S. in the vicinity of the buoys and along the Rio Grande River, which is important to Defendants' defense and whether equitable relief is warranted. The 30(b)(6) deposition of Eagle Pass is critical to the claims and defenses in this suit. |
| x. | Defendants have noticed a Fed. R. Civ. P. 30(b)(6) deposition for the U.S. Coast Guard (USCG) for July 17, 2024. USCG conducts operations on the Rio Grande |

River, issued a report purporting to conclude that the segment of the Rio Grande River at issue is a navigable water, has knowledge about the absence of commercial navigation along the stretch of the Rio Grande River at issue, and has knowledge and has unique hydraulic and hydrologic information about U.S. commercial waterways and the vessels that operate on them. The 30(b)(6) deposition of USCG is critical to the claims and defenses in this suit.

B. **Depositions 11-19**

22. Defendants nine depositions in excess of the ten permitted are important to the claims and defenses in this case and were not unreasonably cumulative or duplicative:

xi. Defendants have noticed the deposition of Neil Lebsock on July 10, 2024. Plaintiff disclosed Mr. Lebsock as having "knowledge of the USACE's determination that the Rio Grande is a navigable river under the Rivers and Harbors Act and of Texas's failure to obtain a permit under Section 10 of the Rivers and Harbors Act for the Floating Barrier." Mr. Lebsock is the Project Manager for the Fort Worth District of the USACE. He has unique information due to his role about USACE operations on the Rio Grande River, including the absence of commercial navigation. His deposition is important to the claims and defenses in this suit.

xii. Defendants have noticed the deposition of Isela Canava on July 11, 2024. Plaintiff disclosed Ms. Canava as having "knowledge of the IBWC's navigation of the Rio Grande [River] and the impact of the Floating Barrier on the IBWC." Ms. Canava is also the Principal Engineer in the IBWC Operations Department. No other IBWC witnesses are engineers. She has unique knowledge about IBWC operations and engineering on the Rio Grande River, including the reasonableness of the improvements to make the Rio Grande River navigable that were offered by her co-worker, Mr. Cortez, who is not an engineer. Her deposition is critical to the claims and defenses in this suit.

xiii. Defendants have noticed the deposition of Mario Gomez on July 11, 2024. Plaintiff disclosed Mr. Gomez as having "knowledge of the IBWC's navigation of the Rio Grande [River] and the impact of the Floating Barrier on the IBWC." Mr. Gomez is the Area Operations Manager for the Falcon Dam and Power Plant with IBWC. Mr. Gomez submitted declarations in this case, see ECF 5-2, and gave testimony during a truncated deposition relating to the preliminary injunction proceedings on August 7, 2023, *see* ECF 26-5. He has unique information due to his role about IBWC operations on the Rio Grande River, including the absence of commercial navigation. His deposition is important to the claims and defenses in this suit.

xiv. Defendants have noticed the deposition of Francisco Sainz for July 11, 2024. Plaintiff disclosed Mr. Sainz as having "knowledge of the impact of the Floating

|      |      |
| ---- | ---- |
|      | Barrier on the IBWC." Mr. Sainz is the Washington, D.C. IBWC Liaison. Mr. Sainz has unique information due to his role as an IBWC liaison with Washington, D.C. His deposition is relevant to the claims and defenses in this suit. |
| xv.  | Defendants have noticed the deposition of Micky Donaldson for July 15, 2024. Plaintiff disclosed Mr. Donaldson as having knowledge of "navigation of the Rio Grande [River] and the effects of the Floating Barrier on [CBP] operations." Mr. Donaldson is the head agent of the CBP Del Rio Section, which includes the segment of the Rio Grande River at issue in this lawsuit. Plaintiff identified Washington, D.C. as the location for the CBP 30(b)(6) deposition. Mr. Donaldson has personal knowledge that cannot be obtained through the CBP 30(b)(6) deposition. His deposition is critical to the claims and defenses in this suit. |
| xvi. | Defendants have noticed the deposition of Cpt. Brandy Parker for July 16, 2024. Plaintiff disclosed Cpt. Parker as a person likely to have discoverable information that it may use to support its claims or defenses. Specifically, the USA represented that Cpt. Parker "has knowledge of the USCG's determination that the Rio Grande is a navigable river." She is a Staff Judge Advocate with the USCG. She submitted a declaration in this case, *see* ECF 5-4. She has unique information about the process for USCG making navigability determinations. Her deposition is important to the claims and defenses in this suit. |
| xvii. | Defendants have noticed the deposition of Cpt. Justin Peters for July 17, 2024. Plaintiff disclosed Cpt. Peters as having "knowledge of the USCG missions and operational capabilities on the Rio Grande." Cpt. Peters is the Deputy Director for the USCG Office of Emergency Management. He submitted a declaration in this case, *see* ECF 5-6, and gave testimony during a truncated deposition relating to the preliminary injunction proceedings on August 7, 2023, *see* ECF 26-4. He has unique information about the USCG operations and the absence of any actual commercial navigation on the Rio Grande River in the segment at issue. His deposition is important to the claims and defenses in this suit. |
| xviii. | Defendants have noticed the deposition of Walker Smith for July 18, 2024. Mr. Smith is the Director of the Port of Harlingen. He has unique information due to his role in commercial navigation, absence of commercial navigation on the Rio Grande River in the segment at issue, and the unreasonableness of Plaintiff's proposed improvements to make it navigable for vessels or barges carrying commercial cargo. His deposition is important to the claims and defenses in this suit. |
| xix. | Defendants have noticed the deposition of Richard Yarusso for July 19, 2024. Mr. Yarusso is an Officer with the N.Y. Police Department. Officer Yarusso was shot while investigating a robbery by an illegal immigrant who crossed the Rio Grande River and entered the U.S. through Eagle Pass, TX, in July 2023. He has unique information due to his role as police officer on the impact of illegal guns, drugs, |

persons, and goods entering the U.S. in the vicinity of the buoys and the need for an effective defense against such entries. His deposition is relevant to the claims and defenses in this suit.

**Depositions 20+**

23. Plaintiff *may* identify rebuttal experts on July 5, 2024, and produce their rebuttal reports on July 1, 2024. Discovery, however, closes on July 19, 2024. There is insufficient time to seek leave from the Court to take rebuttal depositions before the close of discovery, particularly given the number of scheduled depositions taking place between July 5-19, 2024, and doing so would be a waste of judicial resources when the matter can be determined now. Deposing rebuttal experts is critical to Defendants ability to assert claims and defenses in this lawsuit. This case will be decided, in large part, based on the testimony of the 16 expert witnesses that have been designated (thus far). To the extent Plaintiff intends to designate an unknown number of additional rebuttal experts, Defendants must take their depositions to adequately prepare their claims and defenses and will be materially prejudiced if they cannot. *These depositions take priority for Defendants over all other requested depositions, albeit it is unknown how many there may be.*

24. Plaintiff is represented by many able attorneys in this case. At least five attorneys have already represented deponents on behalf of Plaintiff in this case. The United States has ample resources to prepare for and defend the requested depositions.

25. Given the need for all discovery to be completed by July 19, Defendants respectfully ask that the Court consider this Motion on an expedited basis, shortening time for any reply and hearing the Court may deem necessary. Defendants offer to appear at any hearing by telephone on an expedited basis, and at any time convenient to the Court.

## Conclusion

WHEREFORE, Defendant respectfully request that the Court consider this Motion on an expedited basis, and that upon due hearing and consideration grant leave to Defendants to take all of the depositions noticed that would result in the taking of more than ten depositions by Defendants and the depositions of any rebuttal experts, and for such other and further relief as may be appropriate.

Date: June 21, 2024

Ken Paxton
Attorney General of the State of Texas

Brent Webster
First Assistant Attorney General

Ralph Molina
Deputy Attorney General for Legal Strategy

Ryan Walters
Chief, Special Litigation Division

Office of the Attorney General
P. O. Box 12548, MC-009
Austin, TX 78711-2548
(512) 936-2172

Respectfully submitted,

*/s/ Johnathan Stone*
**Johnathan Stone**
Special Counsel
Tex. State Bar No. 24071779
Johnathan.stone@oag.texas.gov

David Bryant
Senior Special Counsel
Tex. State Bar No. 03281500
david.bryant@oag.texas.gov

Munera Al-Fuhaid
Special Counsel
Tex. State Bar No. 24094501
munera.al-fuhaid@oag.texas.gov

Kyle S. Tebo
Special Counsel
Tex. State Bar No. 24137691
kyle.tebo@oag.texas.gov

Zachary Berg
Special Counsel
Tex. State Bar. 24107706
Zachary.Berg@oag.texas.gov

**Counsel for Defendants**

## CERTIFICATE OF CONFERENCE

I certify that on June 20, 2024, I conferred with counsel for Plaintiff, and they are opposed to allowing Defendants to take depositions in excess of the 10 permitted by Fed. R. Civ. P. 30.

*s/ Johnathan Stone*
**Johnathan Stone**
Special Counsel

## CERTIFICATE OF SERVICE

On June 21, 2024, this document was filed electronically through the Court's CM/ECF system, which automatically serves all counsel of record.

*s/ Johnathan Stone*
**Johnathan Stone**
Special Counsel
