UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **United States of America,**<br>     *Plaintiff*,<br><br>  v.<br><br>**Greg Abbott, in his capacity as Governor of the State of Texas, and the State of Texas,**<br>     *Defendants*. | No. 1:23-cv-00853-DAE |

### DEFENDANTS' NOTICE OF INTENT TO TAKE ORAL AND VIDEOTAPED DEPOSITION OF THE U.S. CUSTOMS AND BORDER PROTECTION PURSUANT TO RULE 30(b)(6)

**TO:** The U.S. Customs and Border Protection, by and through Brian H. Lynk, U.S. Department of Justice, Environmental Defense Section, P.O. Box 7611, Washington, DC 20044, and Landon Wade, U.S. Attorney's Office, Western District of Texas, 903 San Jacinto Blvd., Ste. 334, Austin, TX 78701, counsel for the United States of America, and to All Counsel of Record.

PLEASE TAKE NOTICE that pursuant to Federal Rule of Civil Procedure 30(b)(6) and by agreement of the parties, Defendants Greg Abbott, in his official capacity, and the State of Texas (collectively "Defendants") will take the oral and videotaped deposition of the U.S. Customs and Border Protection, commencing at 9:00 a.m. CST on July 10, 2024. At the scheduled time, a representative for the U.S. Customs and Border Protection is directed to appear at The Office of the Attorney General of Texas, 300 W. 15th Street, Austin, Texas 78701. The deposition will continue from time to time and place to place until concluded.

In accordance with Federal Rule of Civil Procedure 30(b)(6), Plaintiff is directed to designate one or more officers, directors, managing agents, or other persons who consent to testify

on Plaintiff's behalf. The Defendants shall meet and confer with Plaintiff about the matters of examination. A list of potential topics for examination is listed on Exhibit A to this Notice. The Plaintiff shall identify the specific subject matters listed on Exhibit A on which each designated person will testify. The person(s) designated as deponent(s) shall be prepared to testify as to such matters known or reasonably available to Plaintiff. This Notice serves to inform Plaintiff that is has a duty to make such designation.

The deposition will be recorded stenographically and on videotape. The deposition, answers, and documents referenced during the deposition may be read and used in evidence at the trial of this cause in accordance with the Federal Rules of Civil Procedure.

Date: June 20, 2024

Respectfully submitted,

Ken Paxton
Attorney General of the State of Texas

Brent Webster
First Assistant Attorney General

Ralph Molina
Deputy Attorney General for Legal Strategy

Ryan Walters
Chief, Special Litigation Division

Office of the Attorney General
P. O. Box 12548, MC-009
Austin, TX 78711-2548
(512) 936-2172

*/s/ Johnathan Stone*
**Johnathan Stone**
Special Counsel
Tex. State Bar No. 24071779
Johnathan.stone@oag.texas.gov

David Bryant
Senior Special Counsel
Tex. State Bar No. 03281500
david.bryant@oag.texas.gov

Munera Al-Fuhaid
Special Counsel
Tex. State Bar No. 24094501
munera.al-fuhaid@oag.texas.gov

Kyle S. Tebo
Special Counsel
Tex. State Bar No. 24137691
kyle.tebo@oag.texas.gov

Zachary Berg  
Special Counsel  
Tex. State Bar. 24107706  
Zachary.Berg@oag.texas.gov  

**Counsel for Defendants**

### Certificate of Service

On June 20, 2024, this document was served on all counsel of record via email.

*s/ Johnathan Stone*  
**Johnathan Stone**  
Special Counsel

**EXHIBIT A TO NOTICE OF RULE 30(b)(6) DEPOSITION OF
THE U.S. CUSTOMS AND BORDER PROTECTION**

**TOPICS FOR EXAMINATION[1]**

1. "Navigable waters" and "navigability" definitions, determinations, reports, and data relating to the Rio Grande River between Mile Markers 275.5 and 610;

2. "Highways of commerce" definitions and determinations, reports, and data relating to the Rio Grande River between Mile Markers 275.5 and 610;

3. Maritime Transportation Systems definitions and determinations relating to the Rio Grande River between Mile Markers 275.5 and 610;

4. Current agency policies, procedures, protocols, and regulations relating to commercial navigation, including but not limited to surveillance, interdictions, boardings, inspections, imports, customs, and ports of entry;

5. The minimum (and average) dimensions and depths of U.S. waterways where the agency operates and conducts inspections of vessels and barges carrying commercial cargo;

6. Agency policies, procedures, protocols, and regulations relating to Class A vessels, Class I vessels, canoes, kayaks, airboats, commercial vessels and/or vessels or barges carrying commercial cargo;

7. Current or historical use as a highway of commerce to transport goods or commodities in lawful interstate or foreign commerce on the Rio Grande River between Mile Markers 275.5 and 610;

8. Commercial navigation on the Rio Grande River between Mile Markers 275.5 and 610;

9. Agency policies, procedures, protocols, regulations, and operations relating to intermodal and maritime logistics, supply chain management, commodity corridors, and supply chain resilience on the Rio Grande River between Mile Markers 275.5 and 610 from 2020 through the present;

10. Current agency policies, procedures, protocols, and regulations relating to recreational navigation;

11. Imports and exports and customs data, studies, reports, and records relating to goods crossing the Rio Grande River between Mile Markers 275.5 and 610 from 2020 through the

---

[1] Mile Markers 275.5 to 610 refers to the segment of the Rio Grande River that Plaintiffs contend in this lawsuit is navigable.

present, whether through a port of entry or between a port of entry;

12. Recreational navigation on the Rio Grande River between Mile Markers 275.5 and 610;

13. Agency policies, procedures, protocols, and regulations relating to operations on the Rio Grande River between Mile Markers 275.5 and 610 from 2020 through the present;

14. Agency operations on the Rio Grande River between Mile Markers 275.5 and 610 from 2020 through the present;

15. Specifications, recommendations, and warnings relating to agency vessels operating between Mile Markers 275.5 and 610 of the Rio Grande River from 2020 through the present, including length, width, passenger, capacity, weight capacity, and draft;

16. Marine safety unit and/or search and rescue operations on the Rio Grande River between Mile Markers 275.5 and 610 from 2020 through the present;

17. The impact of the buoys on agency operations between Mile Markers 275.5 and 610 of the Rio Grande River, including but not limited to any actual obstruction, delay, obstacle, or restriction;

18. Nighttime operations involving the use of vessels in the location of the buoys from June 2023 through the present;

19. Any actual navigation of the Rio Grande River that has been obstructed, harmed, or otherwise affected by the presence of the buoys;

20. Records and data relating to agency employees or contractors killed or injured while operating in the vicinity of the buoys from 2020 through the present;

21. Damage to agency vessels caused by collision or making contact with rocks, shoals, debris, weirs, dams, buoys, structures, booms, cableways, and/or any other object, while operating between Mile Markers 275.5 and 610 of the Rio Grande River from 2020 through the present;

22. Border security on the Rio Grande River between Mile Markers 275.5 and 610 from 2020 through the present, including but not limited to the impact of the buoys and razor wire installed by Texas;

23. Drownings and deaths between Mile Markers 275.5 and 610 of the Rio Grande River from 2020 through the present;

24. The number and impact of illegal people, guns, drugs, and goods entering the U.S. by crossing the Rio Grande River between Mile Markers 275.5 and 610 from 2020 through the present; and,

25. Implementation and impact of the June 4, 2024, Executive Order on border security and

asylum claims by the Biden Administration on the operations on Rio Grande River between Mile Markers 275.5 and 610 from 2020.