# Exhibit 1

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br>　　*Plaintiff*,<br><br>　v.<br><br>**GREG ABBOTT, in his capacity as**<br>**Governor of the State of Texas, and**<br>**THE STATE OF TEXAS,**<br>　　*Defendants*. | **No. 1:23-cv-00853-DAE** |

**DEFENDANTS' NOTICE OF INTENT TO TAKE ORAL AND VIDEOTAPED**
**DEPOSITION OF THE U.S. COAST GUARD PURSUANT TO RULE 30(b)(6)**

**TO:**　The U.S. Coast Guard, by and through Brian H. Lynk, U.S. Department of Justice, Environmental Defense Section, P.O. Box 7611, Washington, DC 20044, and Landon Wade, U.S. Attorney's Office, Western District of Texas, 903 San Jacinto Blvd., Ste. 334, Austin, TX 78701, counsel for the United States of America, and to All Counsel of Record.

PLEASE TAKE NOTICE that pursuant to Federal Rule of Civil Procedure 30(b)(6) and by agreement of the parties, Defendants Greg Abbott, in his official capacity, and the State of Texas (collectively "Defendants") will take the oral and videotaped deposition of the U.S. Coast Guard, commencing at 9:00 a.m. CST on July 17, 2024. At the scheduled time, a representative for the U.S. Coast Guard is directed to appear at The Office of the Attorney General of Texas, 300 W. 15th Street, Austin, Texas 78701. The deposition will continue from time to time and place to place until concluded.

In accordance with Federal Rule of Civil Procedure 30(b)(6), Plaintiff is directed to designate one or more officers, directors, managing agents, or other persons who consent to testify on Plaintiff's behalf. The Defendants shall meet and confer with Plaintiff about the matters of

examination. A list of potential topics for examination is listed on Exhibit A to this Notice. The Plaintiff shall identify the specific subject matters listed on Exhibit A on which each designated person will testify. The person(s) designated as deponent(s) shall be prepared to testify as to such matters known or reasonably available to Plaintiff. This Notice serves to inform Plaintiff that is has a duty to make such designation.

The deposition will be recorded stenographically and on videotape. The deposition, answers, and documents referenced during the deposition may be read and used in evidence at the trial of this cause in accordance with the Federal Rules of Civil Procedure.

Date: June 17, 2024

Respectfully submitted,

Ken Paxton
Attorney General of the State of Texas

Brent Webster
First Assistant Attorney General

Ralph Molina
Deputy Attorney General for Legal Strategy

Ryan Walters
Chief, Special Litigation Division

Office of the Attorney General
P. O. Box 12548, MC-009
Austin, TX 78711-2548
(512) 936-2172

*/s/ Johnathan Stone*
**Johnathan Stone**
Special Counsel
Tex. State Bar No. 24071779
Johnathan.stone@oag.texas.gov

David Bryant
Senior Special Counsel
Tex. State Bar No. 03281500
david.bryant@oag.texas.gov

Munera Al-Fuhaid
Special Counsel
Tex. State Bar No. 24094501
munera.al-fuhaid@oag.texas.gov

Kyle S. Tebo
Special Counsel
Tex. State Bar No. 24137691
kyle.tebo@oag.texas.gov

Zachary Berg
Special Counsel

Tex. State Bar. 24107706
Zachary.Berg@oag.texas.gov

**Counsel for Defendants**

### Certificate of Service

On June 17, 2024, this document was served on all counsel of record via email.


*s/ Johnathan Stone*
**Johnathan Stone**
Special Counsel

**EXHIBIT A TO NOTICE OF RULE 30(b)(6) DEPOSITION OF
THE U.S. COAST GUARD**

## TOPICS FOR EXAMINATION[1]

1.  Navigable water and navigability definitions and determinations relating to the Rio Grande River between Mile Markers 275.5 and 610;

2.  Agency operations on the Rio Grande River between Mile Markers 275.5 and 610;

3.  The impact of the buoys on agency operations between Mile Markers 275.5 and 610 of the Rio Grande River;

4.  Commercial navigation on the Rio Grande River between Mile Markers 275.5 and 610;

5.  Recreational navigation on the Rio Grande River between Mile Markers 275.5 and 610;

6.  The number of illegal people, guns, drugs, and goods entering the U.S. by crossing the Rio Grande River between Mile Markers 275.5 and 610 over the past three years, along with the impact of said entries;

7.  The Rio Grande River waterway and port security between Mile Marker 610 and the Gulf of Mexico;

8.  Interdictions and boardings on the Rio Grande River between Mile Markers 275.5 and 610 from 2020 through the present;

9.  Interdictions on the Rio Grande River between Mile Markers 275.5 and 610 from 2020 through the present;

10. Operations, policies, procedures, and regulations relating to goods entering the U.S. through ports of entry on the Rio Grande River between Mile Markers 610 and the Gulf of Mexico from 2020 through the present, including but not limited to inspections and number of goods;

11. Operations, policies, procedures, and regulations relating to goods entering the U.S. other than through a port of entry on the Rio Grande River between Mile Markers 610 and the Gulf of Mexico from 2020 through the present, including but not limited to inspections and number of goods;

12. Operations, policies, procedures, and regulations relating to the bank-to-bank transfer of

---

[1]   Mile Markers 275.5 to 610 refers to the segment of the Rio Grande River that Plaintiffs contend in this lawsuit is navigable.

persons, guns, drugs, and goods across the Rio Grande River, other than through a port of entry, between Mile Markers 275.5 and 610 from 2020 through the present;

13. Operations, policies, procedures, and regulations governing the import of goods into the U.S. other than through a port of entry;

14. Border security on the Rio Grande River between Mile Markers 275.5 and 610 from 2020 through the present;

15. The impact of the razor wire erected by Texas on agency operations and border security on the Rio Grande River between Mile Markers 275.5 and 610 from 2020 through the present;

16. Attacks on employees and/or contractors by illegal immigrants crossing into the U.S. in Texas from 2020 through the present;

17. Implementation of the June 4, 2024, Executive Order on border security and asylum claims by the Biden Administration;

18. Alleged instances of misconduct, including sexual misconduct, involving agency employees operating or station on the border between El Paso TX, and the Gulf of Mexico, including Mile Markers 275.5 and 610, from 2020 through the present;

19. Policies and procedures relating to the inspections of Class A vessels, Class I vessels, canoes, kayaks, airboats, commercial vessels and/or vessels or barges carrying commercial cargo;

20. The minimum dimensions and depth of waterways necessary for vessels carrying commercial cargo;

21. The dimension and depths of all major U.S. waterways;

22. Highway of commerce definitions and determinations relating to the Rio Grande River between Mile Markers 275.5 and 610;

23. Agency vessels operating on the Rio Grande River, including their drafts;

24. Operations, policies, procedures, dimensions, and depths of the Intercoastal Waterway, the Mississippi river, Tennessee-Tombigbee Waterway, and all ports located in Texas along the Rio Grande River;

25. Drownings and deaths between Mile Markers 275.5 and 610 of the Rio Grande River from 2020 through the present;

26. Any actual or potential obstruction, delay, obstacle, or restriction to agency operations caused by the buoys;

27. Nighttime operations involving the use of vessels in the location of the buoys from June

2023 through the present;

28. Agency vessels damages while operating between Mile Markers 275.5 and 610 of the Rio Grande River from 2020 through the present;

29. Specifications, recommendations, and warnings relating to agency vessels operating between Mile Markers 275.5 and 610 of the Rio Grande River from 2020 through the present, including length, width, passenger, capacity, weight capacity, and draft;

30. Current or historical use as a highway of commerce to transport goods or commodities in lawful interstate or foreign commerce on the Rio Grande River between Mile Markers 275.5 and 610;

31. Marine safety unit and/or search and rescue operations on the Rio Grande River between Mile Markers 275.5 and 610 from 2020 through the present;

32. The impact of Operation Fouled Anchor on agency operations on the Rio Grande River;

33. Agency policies, procedures, and regulations applicable to the Rio Grande River between Mile Markers 275.5 and 610 from 2020 through the present;

34. Any determination that all or any part of the Rio Grande River is a navigable water of the United States; that the buoys are located in any navigable water of the United States; obstructs any navigable capacity of any of the waters of the United States, or is otherwise unlawful under the Rivers and Harbors Act of 1899, 33 U.S.C. Section 401 et seq., and any basis or support for any such determination(s); and

35. Any actual navigation of the Rio Grande River that has been obstructed, harmed, or otherwise affected by the presence of the buoys.

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

| | | |
|---|---|---|
| **United States of America,**<br>　　　*Plaintiff*, | | |
| **v.** | | **No. 1:23-cv-00853-DAE** |
| **Greg Abbott, in his capacity as Governor of the State of Texas, and**<br>**the State of Texas,**<br>　　　*Defendants*. | | |

**DEFENDANTS' NOTICE OF INTENT TO TAKE ORAL AND VIDEOTAPED DEPOSITION OF THE U.S. CUSTOMS AND BORDER PROTECTION PURSUANT TO RULE 30(b)(6)**

---

**TO:**　The U.S. Customs and Border Protection, by and through Brian H. Lynk, U.S. Department of Justice, Environmental Defense Section, P.O. Box 7611, Washington, DC 20044, and Landon Wade, U.S. Attorney's Office, Western District of Texas, 903 San Jacinto Blvd., Ste. 334, Austin, TX 78701, counsel for the United States of America, and to All Counsel of Record.

　　　PLEASE TAKE NOTICE that pursuant to Federal Rule of Civil Procedure 30(b)(6) and by agreement of the parties, Defendants Greg Abbott, in his official capacity, and the State of Texas (collectively "Defendants") will take the oral and videotaped deposition of the U.S. Customs and Border Protection, commencing at 9:00 a.m. CST on July 18, 2024. At the scheduled time, a representative for the U.S. Customs and Border Protection is directed to appear at The Office of the Attorney General of Texas, 300 W. 15th Street, Austin, Texas 78701. The deposition will continue from time to time and place to place until concluded.

　　　In accordance with Federal Rule of Civil Procedure 30(b)(6), Plaintiff is directed to designate one or more officers, directors, managing agents, or other persons who consent to testify

on Plaintiff's behalf. The Defendants shall meet and confer with Plaintiff about the matters of

examination. A list of potential topics for examination is listed on Exhibit A to this Notice. The

Plaintiff shall identify the specific subject matters listed on Exhibit A on which each designated

person will testify. The person(s) designated as deponent(s) shall be prepared to testify as to such

matters known or reasonably available to Plaintiff. This Notice serves to inform Plaintiff that is has

a duty to make such designation.

The deposition will be recorded stenographically and on videotape. The deposition,

answers, and documents referenced during the deposition may be read and used in evidence at the

trial of this cause in accordance with the Federal Rules of Civil Procedure.

Date: June 17, 2024

Respectfully submitted,

Ken Paxton
Attorney General of the State of Texas

Brent Webster
First Assistant Attorney General

Ralph Molina
Deputy Attorney General for Legal Strategy

Ryan Walters
Chief, Special Litigation Division

Office of the Attorney General
P. O. Box 12548, MC-009
Austin, TX 78711-2548
(512) 936-2172

*/s/ Johnathan Stone*
**Johnathan Stone**
Special Counsel
Tex. State Bar No. 24071779
Johnathan.stone@oag.texas.gov

David Bryant
Senior Special Counsel
Tex. State Bar No. 03281500
david.bryant@oag.texas.gov

Munera Al-Fuhaid
Special Counsel
Tex. State Bar No. 24094501
munera.al-fuhaid@oag.texas.gov

Kyle S. Tebo
Special Counsel
Tex. State Bar No. 24137691
kyle.tebo@oag.texas.gov

Zachary Berg
Special Counsel
Tex. State Bar. 24107706
Zachary.Berg@oag.texas.gov

**Counsel for Defendants**

### Certificate of Service

On June 17, 2024, this document was served on all counsel of record via email.

*s/ Johnathan Stone*
**Johnathan Stone**
Special Counsel

**EXHIBIT A TO NOTICE OF RULE 30(b)(6) DEPOSITION OF
THE U.S. CUSTOMS AND BORDER PROTECTION**

**TOPICS FOR EXAMINATION[1]**

1.   Navigable water and navigability definitions and determinations relating to the Rio Grande River between Mile Markers 275.5 and 610;

2.   Agency operations on the Rio Grande River between Mile Markers 275.5 and 610;

3.   The impact of the buoys on agency operations between Mile Markers 275.5 and 610 of the Rio Grande River;

4.   Commercial navigation on the Rio Grande River between Mile Markers 275.5 and 610;

5.   Recreational navigation on the Rio Grande River between Mile Markers 275.5 and 610;

6.   The number of illegal people, guns, drugs, and goods entering the U.S. by crossing the Rio Grande River between Mile Markers 275.5 and 610 over the past three years, along with the impact of said entries;

7.   The Rio Grande River waterway and port security between Mile Marker 610 and the Gulf of Mexico;

8.   Interdictions on the Rio Grande River between Mile Markers 275.5 and 610 from 2020 through the present;

9.   Operations, policies, procedures, and regulations relating to goods entering the U.S. through ports of entry on the Rio Grande River between Mile Markers 610 and the Gulf of Mexico from 2020 through the present, including but not limited to inspections and number of goods;

10.  Operations, policies, procedures, and regulations relating to goods entering the U.S. other than through a port of entry on the Rio Grande River between Mile Markers 610 and the Gulf of Mexico from 2020 through the present, including but not limited to inspections and number of goods;

11.  Operations, policies, procedures, and regulations relating to the bank-to-bank transfer of persons, guns, drugs, and goods across the Rio Grande River, other than through a port of entry, between Mile Markers 275.5 and 610 from 2020 through the present;

---

[1]   Mile Markers 275.5 to 610 refers to the segment of the Rio Grande River that Plaintiffs contend in this lawsuit is navigable.

12.    Import and expert, customs, and inspection records relating to goods entering the U.S. between Mile Markers 610 of the Rio Grande River and the Gulf of Mexico from 2020 through the present;

13.    Border security on the Rio Grande River between Mile Markers 275.5 and 610 from 2020 through the present;

14.    The impact of the razor wire erected by Texas on agency operations and border security on the Rio Grande River between Mile Markers 275.5 and 610 from 2020 through the present;

15.    Import and expert, customs, and inspection records relating to goods entering the U.S. between Mile Markers 610 of the Rio Grande River and the Gulf of Mexico from 2020 through the present;

16.    The circumstances relating to illegal immigrants storming and/or overwhelming border patrol security barriers and/or officers in Texas from 2020 through the present;

17.    Attacks on employees and/or contractors by illegal immigrants crossing into the U.S. in Texas from 2020 through the present;

18.    Implementation of the June 4, 2024, Executive Order on border security and asylum claims by the Biden Administration;

19.    Alleged instances of misconduct, including sexual misconduct, involving agency employees operating or station on the border between El Paso TX, and the Gulf of Mexico, including Mile Markers 275.5 and 610, from 2020 through the present;

20.    Policies and procedures relating to the inspections of Class A vessels, Class I vessels, canoes, kayaks, airboats, commercial vessels and/or vessels or barges carrying commercial cargo;

21.    Highway of commerce definitions and determinations relating to the Rio Grande River between Mile Markers 275.5 and 610;

22.    Drownings, deaths, and rescue operations on the Rio Grande River between Mile Markers 275.5 and 610 from 2020 through the present;

23.    Any actual or potential obstruction, delay, obstacle, or restriction to agency operations caused by the buoys;

24.    Nighttime operations involving the use of vessels in the location of the buoys from June 2023 through the present;

25.    Damage to any agency vessels while operating on the Rio Grande River between Mile Markers 275.5 and 610 from 2020 through the present;

26.    Specifications, recommendations, and warnings relating to agency vessels operating

between Mile Markers 275.5 and 610 from 2020 through the present, including length, width, passenger, capacity, weight capacity, and draft; and

27. Current or historical use as a highway of commerce to transport goods or commodities in lawful interstate or foreign commerce on the Rio Grande River between Mile Markers 275.5 and 610.

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

UNITED STATES OF AMERICA,
    *Plaintiff*,

  v.

GREG ABBOTT, in his capacity as
Governor of the State of Texas, and
THE STATE OF TEXAS,
    *Defendants*.

**No. 1:23-cv-00853-DAE**

---

### DEFENDANTS' NOTICE OF INTENT TO TAKE ORAL AND VIDEOTAPED DEPOSITION OF THE U.S. SECTION OF THE INTERNATIONAL BOUNDARY AND WATER COMMISSION PURSUANT TO RULE 30(b)(6)

---

**TO:** The U.S. Section of the International Boundary and Water Commission, by and through Brian H. Lynk, U.S. Department of Justice, Environmental Defense Section, P.O. Box 7611, Washington, DC 20044, and Landon Wade, U.S. Attorney's Office, Western District of Texas, 903 San Jacinto Blvd., Ste. 334, Austin, TX 78701, counsel for the United States of America, and to All Counsel of Record.

PLEASE TAKE NOTICE that pursuant to Federal Rule of Civil Procedure 30(b)(6) and by agreement of the parties, Defendants Greg Abbott, in his official capacity, and the State of Texas (collectively "Defendants") will take the oral and videotaped deposition of the U.S. Section of the International Boundary and Water Commission, commencing at 9:00 a.m. CST on July 19, 2024. At the scheduled time, a representative for the U.S. Section of the International Boundary and Water Commission is directed to appear at The Office of the Attorney General of Texas, 300 W. 15th Street, Austin, Texas 78701. The deposition will continue from time to time and place to place until concluded.

In accordance with Federal Rule of Civil Procedure 30(b)(6), Plaintiff is directed to designate one or more officers, directors, managing agents, or other persons who consent to testify on Plaintiff's behalf. The Defendants shall meet and confer with Plaintiff about the matters of examination. A list of potential topics for examination is listed on Exhibit A to this Notice. The Plaintiff shall identify the specific subject matters listed on Exhibit A on which each designated person will testify. The person(s) designated as deponent(s) shall be prepared to testify as to such matters known or reasonably available to Plaintiff. This Notice serves to inform Plaintiff that is has a duty to make such designation.

The deposition will be recorded stenographically and on videotape. The deposition, answers, and documents referenced during the deposition may be read and used in evidence at the trial of this cause in accordance with the Federal Rules of Civil Procedure.

Date: June 17, 2024

Respectfully submitted,

Ken Paxton
Attorney General of the State of Texas

/s/ Johnathan Stone
**Johnathan Stone**
Special Counsel
Tex. State Bar No. 24071779
Johnathan.stone@oag.texas.gov

Brent Webster
First Assistant Attorney General

Ralph Molina
Deputy Attorney General for Legal Strategy

David Bryant
Senior Special Counsel
Tex. State Bar No. 03281500
david.bryant@oag.texas.gov

Ryan Walters
Chief, Special Litigation Division

Munera Al-Fuhaid
Special Counsel
Tex. State Bar No. 24094501
munera.al-fuhaid@oag.texas.gov

Office of the Attorney General
P. O. Box 12548, MC-009
Austin, TX 78711-2548
(512) 936-2172

Kyle S. Tebo

Special Counsel
Tex. State Bar No. 24137691
kyle.tebo@oag.texas.gov

Zachary Berg
Special Counsel
Tex. State Bar. 24107706
Zachary.Berg@oag.texas.gov

**Counsel for Defendants**

### Certificate of Service

On June 17, 2024, this document was served on all counsel of record via email.


*s/ Johnathan Stone*
**Johnathan Stone**
Special Counsel

**EXHIBIT A TO NOTICE OF RULE 30(b)(6) DEPOSITION OF
THE U.S. SECTION OF THE INTERNATIONAL WATER BOUNDARY
COMMISSION**

## TOPICS FOR EXAMINATION[1]

1.  Navigable water and navigability definitions and determinations relating to the Rio Grande River between Mile Markers 275.5 and 610;

2.  Agency operations on the Rio Grande River between Mile Markers 275.5 and 610;

3.  The impact of the buoys on agency operations between Mile Markers 275.5 and 610 of the Rio Grande River;

4.  Commercial navigation on the Rio Grande River between Mile Markers 275.5 and 610;

5.  Recreational navigation on the Rio Grande River between Mile Markers 275.5 and 610;

6.  The number of illegal people, guns, drugs, and goods entering the U.S. by crossing the Rio Grande River between Mile Markers 275.5 and 610 over the past three years, along with the impact of said entries;

7.  The Rio Grande River waterway and port security between Mile Marker 610 and the Gulf of Mexico;

8.  Operations and releases at the Amistad and Falcon Dams, including all applicable policies and procedures;

9.  Operations, release, and diversions at the Maverick Dam, including applicable policies and procedures;

10. Agency plans for situations where the Amistad Reservoir, the Falcon Reservoir, and any portion of the Rio Grande River between the two reservoirs, run out of water;

11. The process for obtaining approval for construction, projects, or improvements to the Rio Grande River between Mile Markers 275.5 and 610, including studies, surveys, cost-benefit analyses, and environmental impacts assessments and studies;

12. Gage readings between Mile Markers 275.5 and 610 from 2013 through the present;

13. Weather conditions, including rainfall, fog, and smoke, between Mile Markers 275.5 and

---

[1]   Mile Markers 275.5 to 610 refers to the segment of the Rio Grande River that Plaintiffs contend in this lawsuit is navigable.

610 of the Rio Grande River from 2020 through the present;

14. The process of changing water priorities in the existing treaties governing the Rio Grande River between Mile Markers 275.5 and 610;

15. Average water depths along the Rio Grande River at each gage between Mile Markers 275.5 and 610; over the past 1, 3, 5, and 10 years.

16. Average water depths at the Amistad and Falcon reservoirs over the past 1, 3, 5, and 10 years;

17. The amount of water necessary to raise the minimum depth of the Rio Grande River to 9, 12, and 30 feet at each gage between Mile Markers 275.5 and 610, the ability of Amistad Dam to perform the necessary releases, and the impact of such releases, including on the Amistad Reservoir, the environmental impact, existing treaty obligations, the U.S. relationship with Mexico, and on existing water rights holders;

18. The maximum amount of water capable of being released at the Amistad and Falcon Dams;

19. The process and procedures for water releases from the Amistad and Falcon Dams;

20. The process, feasibility, probability for amending or modifying existing treaties to permit commercial navigation on the Rio Grande River between Mile Markers 275.5 and 610;

21. Mexico's current and historic compliance with their treaty obligations relating to the Rio Grande River, including but not limited to the area between Mile Markers 275.5 and 610;

22. Current water conditions on the Rio Grande River between Mile Markers 275.5 and 610;

23. Any present, proposed/planned, and/or historical practical use of the Rio Grande River as a highway of commerce for goods, commodities, or trade anywhere between El Paso, Texas and the Gulf of Mexico;

24. The existing treaty obligations relating to water use of the Rio Grande River, including but not limited to prioritization of uses;

25. All instances of vessels transporting commercial cargo up or down the Rio Grande River between Mile Markers 275.5 to 610;

26. The legality and/or feasibility of releasing water from Amistad Dam or Falcon Dam for the purpose of enabling or enhancing commercial navigation on the Rio Grande River anywhere downstream of Amistad Dam;

27. Current location of the buoys in U.S. waters, and any actual navigation of the Rio Grande River that has been obstructed, harmed, or otherwise affected by the presence of the buoys in the Rio Grande River;

28. The statement on page 12 of the 1930 Report of the International Water Commission to the United States Congress that "[t]here has never been any practical navigation on the 1,044 miles from El Paso to Roma"; whether that statement was or was not true when made by the Commission and remains true, and whether that statement has ever been withdrawn, retracted, or contradicted by the Commission or any other agency of the United States of America;

29. Specifications, recommendations, and warnings relating to agency vessels operating on the Rio Grande River between Mile Markers 275.5 and 610 from 2020 through the present, including length, width, passenger, capacity, weight capacity, and draft;

30. The number, location, condition, details, and dimensions of the weirs on the Rio Grande River between Mile Markers 275.5 and 610;

31. The number, location, condition, details, height, and dimensions of the weirs on the Rio Grande River between Mile Markers 275.5 and 610; and

32. The amount of water necessary to overcome the weirs, cableways, and Maverick Dam such that the Rio Grande River navigable for vessels carrying commercial cargo between Mile Markers 275.5 and 610.

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

UNITED STATES OF AMERICA,
    *Plaintiff*,

  v.

GREG ABBOTT, in his capacity as
Governor of the State of Texas, and
THE STATE OF TEXAS,
    *Defendants*.

No. 1:23-cv-00853-DAE

---

**DEFENDANTS' NOTICE OF INTENT TO TAKE ORAL AND VIDEOTAPED**
**DEPOSITION OF THE U.S. ARMY CORPS OF ENGINEERS**
**PURSUANT TO RULE 30(b)(6)**

---

**TO:**   The U.S. Army Corps of Engineers, by and through Brian H. Lynk, U.S. Department of Justice, Environmental Defense Section, P.O. Box 7611, Washington, DC 20044, and Landon Wade, U.S. Attorney's Office, Western District of Texas, 903 San Jacinto Blvd., Ste. 334, Austin, TX 78701, counsel for the United States of America, and to All Counsel of Record.

PLEASE TAKE NOTICE that pursuant to Federal Rule of Civil Procedure 30(b)(6) and by agreement of the parties, Defendants Greg Abbott, in his official capacity, and the State of Texas (collectively "Defendants") will take the oral and videotaped deposition of the U.S. Army Corps of Engineers, commencing at 9:00 a.m. CST on July 16, 2024. At the scheduled time, a representative for the U.S. Army Corps of Engineers is directed to appear at The Office of the Attorney General of Texas, 300 W. 15th Street, Austin, Texas 78701. The deposition will continue from time to time and place to place until concluded.

In accordance with Federal Rule of Civil Procedure 30(b)(6), Plaintiff is directed to designate one or more officers, directors, managing agents, or other persons who consent to testify

on Plaintiff's behalf. The Defendants shall meet and confer with Plaintiff about the matters of

examination. A list of potential topics for examination is listed on Exhibit A to this Notice. The

Plaintiff shall identify the specific subject matters listed on Exhibit A on which each designated

person will testify. The person(s) designated as deponent(s) shall be prepared to testify as to such

matters known or reasonably available to Plaintiff. This Notice serves to inform Plaintiff that is has

a duty to make such designation.

The deposition will be recorded stenographically and on videotape. The deposition,

answers, and documents referenced during the deposition may be read and used in evidence at the

trial of this cause in accordance with the Federal Rules of Civil Procedure.


Date: June 17, 2024                              Respectfully submitted,


Ken Paxton                                        */s/ Johnathan Stone*
Attorney General of the State of Texas            **Johnathan Stone**
                                                  Special Counsel
Brent Webster                                     Tex. State Bar No. 24071779
First Assistant Attorney General                  Johnathan.stone@oag.texas.gov

Ralph Molina                                      David Bryant
Deputy Attorney General for Legal Strategy        Senior Special Counsel
                                                  Tex. State Bar No. 03281500
Ryan Walters                                      david.bryant@oag.texas.gov
Chief, Special Litigation Division
                                                  Munera Al-Fuhaid
Office of the Attorney General                    Special Counsel
P. O. Box 12548, MC-009                           Tex. State Bar No. 24094501
Austin, TX 78711-2548                             munera.al-fuhaid@oag.texas.gov
(512) 936-2172
                                                  Kyle S. Tebo
                                                  Special Counsel
                                                  Tex. State Bar No. 24137691
                                                  kyle.tebo@oag.texas.gov

Zachary Berg
Special Counsel
Tex. State Bar. 24107706
Zachary.Berg@oag.texas.gov

**Counsel for Defendants**

### Certificate of Service

On June 17, 2024, this document was served on all counsel of record via email.


*s/ Johnathan Stone*
**Johnathan Stone**
Special Counsel

**EXHIBIT A TO NOTICE OF RULE 30(b)(6) DEPOSITION OF
THE U.S. ARMY CORPS OF ENGINEERS**

## TOPICS FOR EXAMINATION[1]

1.  Navigable water and navigability definitions and determinations relating to the Rio Grande River, including between Mile Markers 275.5 and 610, and the Red River in Texas;

2.  Agency operations on the Rio Grande River between Mile Markers 275.5 and 610;

3.  The impact of the buoys on agency operations between Mile Markers 275.5 and 610 of the Rio Grande River;

4.  Current and historic commercial navigation on the Rio Grande River, including between Mile Markers 275.5 and 610;

5.  Recreational navigation on the Rio Grande River between Mile Markers 275.5 and 610;

6.  The number of illegal people, guns, drugs, and goods entering the U.S. by crossing the Rio Grande River between Mile Markers 275.5 and 610 over the past three years, along with the impact of said entries;

7.  The Rio Grande River waterway and port security between Mile Marker 610 and the Gulf of Mexico;

8.  The process for obtaining approval for construction, projects, dredging, or any other improvement to the Rio Grande River between Mile Markers 275.5 and 610, including but not limited to studies, surveys, cost-benefit analyses, and environmental impacts assessments and studies;

9.  The policies and procedures relating to surveys, studies, and proposals for maritime construction projects, including feasibility, cost-benefit analyses, cost effectiveness analyses, and environmental planning and studies, engineering, installations and operational environments, civil works, geospatial research and engineering, and engineered resilient systems;

10. Intermodal logistics and supply chain management involving commercial navigation on the Rio Grande River between Mile Markers 275.5 and 610;

11. The amount of water necessary to raise the minimum depth of the Rio Grande River to 9, 12, and 30 feet at each gage between Mile Markers 275.5 and 610, the ability of Amistad

---

[1]   Mile Markers 275.5 to 610 refers to the segment of the Rio Grande River that Plaintiffs contend in this lawsuit is navigable.

Dam to perform the necessary releases, and the impact of such releases, including on the Amistad Reservoir, the environmental impact, existing treaty obligations, the U.S. relationship with Mexico, and on existing water rights holders;

12.    The maximum amount of water capable of being released at the Amistad and Falcon Dams;

13.    Current water conditions on the Rio Grande River between Mile Markers 275.5 and 610;

14.    Any present, proposed/planned, and/or historical practical use of the Rio Grande River as a highway of commerce for goods, commodities, or trade anywhere between El Paso, Texas and the Gulf of Mexico;

15.    The existing treaty obligations relating to water use of the Rio Grande River, including but not limited to prioritization of uses;

16.    All instances of vessels transporting commercial cargo up or down the Rio Grande River between Mile Markers 275.5 to 610;

17.    The legality and/or feasibility of releasing water from Amistad Dam or Falcon Dam for the purpose of enabling or enhancing commercial navigation on the Rio Grande River anywhere downstream of Amistad Dam;

18.    All reports, investigations, studies, conclusions by U.S. Army Corp of Engineer employees or contractors about the navigability and/or ability of the Rio Grande River to accommodate commercial vessels or vessels carrying commercial cargo between Mile Markers 275.5 to 610 from 2020 through the present;

19.    Specifications, recommendations, and warnings relating to agency vessels operating on the Rio Grande River between Mile Markers 275.5 and 610 from 2020 through the present, including length, width, passenger, capacity, weight capacity, and draft;

20.    The number, location, condition, details, height, and dimensions of the weirs on the Rio Grande River between Mile Markers 275.5 and 610;

21.    The amount of water necessary to overcome the weirs, cableways, and Maverick Dam such that the Rio Grande River navigable for vessels carrying commercial cargo between Mile Markers 275.5 and 610;

22.    Construction permits that have been proposed and/or approved or authorized for construction projects and/or dredging on the Rio Grande River between Mile Markers 275.5 and 610 from 2000 through the present;

23.    Implementation of the June 4, 2024, Executive Order on border security and asylum claims by the Biden Administration;

24.    Alleged instances of misconduct, including sexual misconduct, involving agency employees operating or station on the border between El Paso TX, and the Gulf of Mexico,

including Mile Markers 275.5 and 610, from 2020 through the present;

25. Policies and procedures relating to the operation of of Class A vessels, Class I vessels, canoes, kayaks, airboats, commercial vessels and/or vessels or barges carrying commercial cargo on the Rio Grande River in Texas;

26. The minimum dimensions and depth of waterways necessary for vessels carrying commercial cargo;

27. The dimension and depths of all major U.S. waterways;

28. Highway of commerce definitions and determinations relating to the Rio Grande River between Mile Markers 275.5 and 610;

29. Agency vessels operating on the Rio Grande River, including their drafts;

30. Operations, policies, procedures, dimensions, and depths of the Intercoastal Waterway, the Mississippi river, Tennessee-Tombigbee Waterway, and all ports located in Texas along the Rio Grande River;

31. Drownings and deaths between Mile Markers 275.5 and 610 of the Rio Grande River from 2020 through the present;

32. Any actual or potential obstruction, delay, obstacle, or restriction to agency operations caused by the buoys;

33. Nighttime operations involving the use of vessels in the location of the buoys from June 2023 through the present;

34. Specifications, recommendations, and warnings relating to agency vessels operating on the Intercoastal Waterway, the Mississippi River, Tennessee-Tombigbee Waterway, and all ports located in Texas along the Rio Grande River from 2020 through the present, including length, width, passenger, capacity, weight capacity, and draft;

35. Any Section 10 or other construction permits ever issued by USACE or IBWC for work on the Rio Grande River;

36. The processes and criteria for approval or rejection for applications for Section 10 permits, the policies and criteria that would be applicable relating to approval or rejection of any potential dredging or other improvements to the Rio Grande River or rivers or waterways under management or control of USACE to enable or enhance navigability (including feasibility, cost-benefit analyses, cost effectiveness analyses, and environmental planning and studies, engineering, installations and operational environments, civil works, geospatial research and engineering, and engineered resilient systems);

37. All construction projects authorized, approved, or proposed whose purpose was to facilitate illegal commercial navigation; and

38.     Generally the proposals, studies, costs, estimated costs, estimated benefits, benefits, environmental impacts, and controversies involving the New Madrid Floodway Project, the New Orleans levee system, the Olmsted locks and dam project, Savannah harbor dredging project, the Florida Everglades Restoration Project, and/or the 2018 Mississippi dredging project.