**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    *Plaintiff,*<br><br>  v.<br><br>GREG ABBOTT, in his capacity as<br>GOVERNOR OF THE STATE OF TEXAS,<br>and THE STATE OF TEXAS,<br><br>    *Defendants.* | Case No. 1:23-cv-00853-DAE |

**ORDER REGARDING DISCOVERY PROCEDURES AND CONFIDENTIAL**
**INFORMATION**

WHEREAS, Rule 26(f) of the Federal Rules of Civil Procedure states that the Parties must develop a proposed discovery plan that states the Parties' views and proposals on, among other things, "any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced," Fed. R. Civ. P. 26(f)(3)(C);

WHEREAS, Rule 29(b) states that the Parties may stipulate that "procedures governing or limiting discovery be modified, Fed. R. Civ. P. 29(b);

WHEREAS, the Parties have met and conferred to develop and submit for the Court's approval provisions regarding future discovery of electronically stored information (ESI);

WHEREAS, the Parties mutually seek to reduce the time, expense, and other burdens of discovery of certain electronically stored information ("ESI") and privileged materials, as described further below; to better define the scope of their obligations with respect to preserving

such information and materials; and to define the procedures for handling Protected Information that may be produced in response to discovery requests; and

WHEREAS, the Parties presented a Joint Stipulation (Dkt. # 115) to the Court, and the Court finds it well taken and that it should be GRANTED.

NOW THEREFORE, it is hereby STIPULATED and ORDERED:

## I.    DEFINITIONS

1.    The terms used in this Stipulation and Order that are also used in the Federal Rules of Civil Procedure and/or the Local Rules of this Court have the same meaning that they have under the Federal Rules and/or the Local Rules, unless otherwise provided herein.  Whenever the terms set forth below are used in this Stipulation and Order, the following definitions apply:

(a)    "Document" is defined as documents or electronically stored information as set forth in Federal Rule of Civil Procedure 34(a)(1)(A), excluding ESI from mobile phones;

(b)    "Draft," when used to describe either an electronic or hard copy document, means a preliminary version of a document that has been shared by the author with another person (e.g., by e-mail or print) or that the author no longer intends to finalize or to share with another person.

(c)    "Document Family" means a group of related documents including parent and child documents. A parent document is an electronic file that has at least one other electronic file attached to it or embedded within it. A child document is an electronic file that is attached to or embedded within another electronic file.

(d)    "Duplicate," when used to describe either an electronic or hard copy document, means that the document does not show any facial differences, such as the inclusion of highlights, underlining, marginalia, total pages, attachments, markings, revisions, or the inclusion

of tracked changes.  Differences in system metadata fields, such as date created or modified, that do not affect the face of the document, are not relevant to determining whether the document is a duplicate.

(e)     "Gigabyte" means one billion bytes or 1,000 megabytes.

(f)     "Office of Counsel," wherever that term is used herein, shall have the meaning set forth in Paragraph 15 of this Order.

(g)      "Parties" means the United States of America, the State of Texas, any and all departments, agencies or instrumentalities thereof that possess or may hereafter possess information requested in discovery in this litigation; and their respective officers, employees and agents.

(h)     "Policy" means a regular practice at an entity, which may or may not be documented in writing, that managers know about and expect to be carried out.

(i)     "Trial Counsel" refers to the attorneys of the United States Department of Justice assigned to or supervising this matter on behalf of the Plaintiff and to the attorneys of the Office of the Texas Attorney General assigned to or supervising this matter on behalf of the Defendants.

## II.     PRESERVATION

2.      ESI That Is Not Reasonably Accessible. The following categories of ESI listed below are not reasonably accessible in this litigation:

(a)      Data stored in a backup system for the purpose of system recovery or information restoration, including but not limited to, disaster recovery backup tapes, continuity of operations systems, data or system mirrors or shadows, or automated generation of versions of

3

files, if such data are routinely deleted or written over in accordance with an established routine system maintenance practice;

      (b)    Voice-mail messages;

      (c)    Instant messages, such as messages sent on Teams or Microsoft Communicator;

      (d)    Text messages, such as cell phone to cell phone SMS messages

      (e)    Electronic mail sent to or from a smartphone (e.g., iPhone), tablet (e.g., iPad) provided that a copy of such e-mail is saved elsewhere;

      (f)    Other electronic data stored on a smartphone or tablet, such as calendar or contact data or notes, provided that a copy of such information is saved elsewhere;

      (g)    Logs of calls made from cellular phones;

      (h)    Deleted computer files, whether fragmented or whole (nothing in this Order authorizes the intentional deletion of ESI after the duty arose to preserve such ESI);

      (i)    Data stored in random access memory ("RAM"), cache memory, or in temporary or cache files, including internet history, web browser cache and cookie files, wherever located;

      (j)    Data that is not accessible through the operating system installed on a device;

      (k)    Data stored on photocopiers, scanners, and fax machines;

      (l)    Server, system, or network logs;

      (m)    Electronic data temporarily stored by scientific equipment or attached devices, provided that the data that is ordinarily preserved as part of a laboratory report is, in fact, preserved in its ordinary location and form; and

(n)     Data stored on electronic systems that were no longer in use five years before the complaint was filed.

3. Nothing in this Stipulation and Order prevents any Party from asserting, in accordance with the Federal Rules of Civil Procedure, that other categories of ESI are not reasonably accessible, overly broad or unduly burdensome.

4.     The Parties need not preserve, for this litigation, the categories of ESI listed in paragraph 2 unless, on the date that this Stipulation and Order is entered by the Court, either Party has a Policy that results in the routine preservation of such ESI, in which case such Party shall continue to preserve such ESI in accordance with its Policy.

5. No Discovery of Material Not Required To Be Preserved.  The Parties shall not seek discovery of items that need not be preserved pursuant to paragraph 2 above.  If any discovery request is susceptible of a construction that calls for the production of items that need not be preserved pursuant to paragraph 2, such items need not be searched for, collected, reviewed, or produced, nor should they be identified on a privilege log pursuant to Fed. R. Civ. P. 26(b)(5).

6. Use of Documents During Litigation.  Notwithstanding any other provision of this Stipulation and Order, the Parties may take any of the following actions with respect to documents and ESI without breaching their duty to preserve documents and ESI:

(a)     The Parties may continue to work, in the ordinary course of business, on documents that do not meet the definition of Draft in paragraph 1.

(b)     The Parties may move unfiled documents or ESI into files or folders that adhere to an organizational scheme that was created before the complaint was filed in this matter. Nothing in this paragraph prevents the Parties from implementing an organizational scheme that applies only to documents or ESI created after the complaint was filed in this matter.

(c)      Nothing in this stipulation and order prohibits the Parties from deleting, overwriting, or wiping ESI from devices that are being replaced, upgraded, reimaged, disposed of, or returned at the end of lease in accordance with established, routine procedures; however, if the Parties identify such a device as containing potentially relevant ESI, that ESI must first be copied to a new location in a manner that preserves any data including metadata.

(d)      The Parties may move data from one device to another, or from one location to another, provided that a copy of the ESI remains accessible in the first location or the new copy is created in a manner that preserves any data, including metadata, that must be produced.

(e)      The Parties may load loose ESI into a enterprise content management system, provided that: (1) the enterprise content management system captures all of the metadata fields that must be produced under this Order and does not convert the format of the ESI in a way that makes it significantly less accessible; or (2) the Parties maintain a copy of the ESI in its native format and make their production from this native file collection.

(f)      The Parties may upgrade, patch, reprogram, or customize software that stores relevant data, even if such actions alter the way data is maintained, stored, or viewed, provided that the relevant data itself is not altered.

(g)      The Parties may take any of the following actions with respect to data in a database provided that it is part of the routine use of the database: input additional data; access data; update the software running the database; append new data; and modify existing data.

(h)      The Parties may edit or take down any data on a publicly accessible internet site.

(i)      The Parties may add data to an intranet or private website. The Parties may edit or take down any data on an intranet or private website, provided that a copy of the data is made before the change and is preserved for discovery.

(j)      The Parties may compress, decompress, encrypt, or decrypt data subject to preservation in this matter provided that any data losses during such processes do not result in loss of the metadata required to be produced under this Stipulation and Order or significantly degrade the quality of the data.

(k)      The Parties may update social media sites, but may not take affirmative steps to delete data on social media sites relevant to the issues in dispute in this lawsuit and posted before the filing of the Complaint.

7. <u>Preservation Does Not Affect Discoverability or Claims of Privilege</u>.  By preserving documents or ESI for the purpose of this litigation, the Parties are not conceding that such material is discoverable, nor are they waiving any claim of privilege, or other discovery objections.

8. <u>Other Preservation Obligations Not Affected</u>.  Nothing in this agreement affects any obligations of the Parties to preserve documents or information for purposes other than this litigation, such as pursuant to court order, administrative order, statute, or in response to other anticipated litigation. But except as otherwise prohibited by federal law (including but not limited to the Federal Records Act, 44 U.S.C. §§ 3301–14) or the law of Texas, and unless otherwise agreed by the Parties hereafter, within thirty (30) days following the conclusion of the litigation and the termination of any associated appeal rights, Defendants' production shall be returned to the Office of the Texas Attorney General or securely destroyed by the United States, and Plaintiff's production shall be returned to the United States Department of Justice or securely destroyed by Texas.   Each Party shall confirm destruction in writing to Trial Counsel for the opposing Party

within seven (7) days of the destruction taking place.  At either Party's request made within fourteen (14) days following the conclusion of the litigation and the termination of any associated appeal rights, the Parties shall hold a meet and confer to discuss and ensure mutual understanding of any details necessary to accomplish the return and/or secure destruction of documents, in which case the 30-day period referenced above shall commence on the day following the meet and confer.

### III. COLLECTION

9. <u>ESI that is not proportional</u>.  The broadest possible collection may not be appropriate "to secure the just, speedy, and inexpensive determination" of proceeding.  *See* Fed. R. Civ. P. 1; *see also* Fed. R. Civ. P. 26(b)(1). The Parties agree that searches by individual custodians in some instances may be appropriate for this purpose.  Having considered the amount of discovery that would be proportional to the needs of this case, the Parties further agree as follows:

(a) When collecting ESI from Microsoft 365—including emails or other ESI stored in Archive 360, Microsoft Exchange, SharePoint, OneDrive, and Microsoft Teams—the Parties may place any combination of the following limitations on their eDiscovery collections:

(i) enable de-duplication when collecting ESI;

(ii) choose an output option that includes all items that meet the search criteria, including the entire Document Family, but does not automatically include an item and its family members merely because the item has unrecognized format, is encrypted, or is not fully indexed for other reasons;

(iii) choose not to collect versions for items on SharePoint, OneDrive, or Teams; or

(iv) exclude "Recoverable Items" folders when collecting or processing email, provided that there is no indication that the custodian has failed to implement or comply with an appropriate and timely litigation hold.

(b) Nothing in this Stipulation and Order prohibits a party from objecting to discovery requests on account of proportionality.  By way of illustration and not limitation, that may include limitations on date ranges or custodians.

10. Hyperlinked documents.  If an email or other document or ESI that is responsive to a discovery request includes a hyperlink to another document or source of ESI, the Parties need not collect and produce the hyperlinked material if it does not meet the search and collection criteria: (a) agreed upon by the Parties; or (b) if the Parties have not agreed, disclosed by the producing party. If hyperlinked documents are collected because they independently meet the search and collection criteria, they need not be treated as part of the Document Family for purposes of Bates numbering or producing metadata, including document load files.

11. Targeted Requests.   After reviewing documents or ESI produced in response to a discovery request, a Party may, after meeting and conferring, and to the extent consistent with the FRCP, FRE, Local Rules, and scheduling or other orders in this case propound proportional, targeted requests for the production of ESI that a Party has chosen not to collect or process pursuant to Paragraphs 9 or 10 above. Nothing in this Order prevents a party from opposing such discovery requests on any grounds, including proportionality, overbreadth or scope.

12. Filtering.   The Parties may de-NIST electronic files, removing known, traceable software applications in the National Software Reference Library ("NIST List"), available at: https://www.nist.gov/itl/ssd/software-quality-group/national-software-reference-library-nsrl/nsrl-download.

9

13. Deduplication.

(a) Deduplication of e-mail. The Parties may deduplicate e-mail. The parties may choose "Global Deduplication."

(b) The Parties hereby stipulate and agree that in this matter there is a rebuttable presumption of evidence that an e-mail correctly addressed to a recipient was actually delivered to that recipient's e-mail inbox. This stipulation does not apply to draft emails.

(c) Deduplication of ESI other than e-mail. The Parties shall identify exact duplicates of electronic files other than e-mails that are larger than zero bytes and smaller than two gigabytes. The Parties shall, to the extent practicable, produce only one copy for each custodian that has possession or custody of the file.

14. Third-Party Data. The Parties shall meet and confer before serving any subpoenas in this matter on commercial e-mail providers, such as Google™ or Microsoft™ (e.g., Hotmail, Outlook), or any social media companies such as Facebook™ or X (formerly Twitter™).

15. Privileged Materials Located in the Offices of Counsel. The Parties agree that, in response to any discovery requests, the Parties need not collect any privileged or work product material that is located in the offices, electronic devices, and electronic accounts of the United States Department of Justice, the Office of the Texas Attorney General, the Office of the Governor's legal counsel, Texas Military Department's legal counsel, or any other federal agency's or State of Texas agency's legal counsel that is involved in searching for or collecting potentially relevant information to be disclosed to the other party (collectively, "Offices of Counsel"). The Parties understand that such materials will not be produced or placed on a privilege log. This paragraph does not apply to any documents, ESI, or tangible things located outside of the Offices of Counsel, even if they are duplicates of materials located inside the Offices of

Counsel.  For example, if an attorney sends a privileged e-mail to an employee of a party, the copy of the e-mail located in Offices of Counsel need not be collected, but the copy of the e-mail received by the employee, along with any attachments, must be collected and placed on a privilege log unless it falls into one of the categories exempt from privilege logging pursuant to Paragraph 33.

## IV. REVIEW

### A. 502(d) Order

16. This Order invokes Rules 16(b) and 26(c) of the Federal Rules of Civil Procedure, as well as the protections afforded by Rule 502(d) of the Federal Rules of Evidence. Accordingly, the provisions in Rule 502(b) do not apply to the disclosure of communications or information in discovery in this matter.

17. The prosecution and defense of this action will require each Party to review and to disclose large quantities of information and documents, including electronically stored information, through the discovery process. As a result, page-by-page preproduction privilege review would likely impose an undue burden on the Parties' resources.

18. Each party is entitled to decide the appropriate degree of care to exercise in reviewing materials for privilege, taking into account the volume and sensitivity of the materials, the demands of the litigation, and the resources that the party can make available. Irrespective of the care that is actually exercised in reviewing materials for privilege, the Court hereby orders pursuant to Rule 502(d) of the Federal Rules of Evidence that disclosure of privileged or protected information or documents in discovery conducted in this litigation will not constitute or be deemed a waiver or forfeiture—in this or any other federal or state proceeding—of any claims of attorney-client

privilege or work product protection that the disclosing Party would otherwise be entitled to assert with respect to the information or documents and their subject matter.

19. The Court further orders that because expedited or truncated privilege review is likely necessary for the just, speedy, and inexpensive resolution of this matter, the disclosure of privileged or protected information or documents in discovery conducted in this litigation will be deemed unintentional, inadvertent, and compelled by order of this Court. Such disclosure will not constitute a waiver of the disclosing party's right to claim any privilege or protection, including without limitation the deliberative process privilege, that would have applied to the information or documents or their subject matter but for the disclosure, provided only that the party disclaiming waiver employed procedures reasonably designed to screen out privileged materials.

20. Regardless of whether the procedures to screen out privileged materials were reasonable, the Parties shall not argue, in this forum or any other, that any privileges were waived as a result of disclosures in this litigation.

21. If a Party determines that it has produced a document upon which it wishes to make a claim of privilege, the producing Party shall, within 7 days of making such determination, give all counsel of record notice of the claim of privilege.  The notice must identify each such document and the date it was produced.  The notice may also request in writing that any information or materials be returned or destroyed.  Upon such written request—except in the event that the party or parties receiving the request dispute the claim of privilege or protection, as described in Paragraph 24—any information or materials that the producing party deems to contain inadvertently disclosed information or materials shall be promptly returned to the producing party or destroyed at the producing party's option.  All copies—electronic or otherwise—shall likewise be destroyed, and the parties agree that no further copies of the inadvertently disclosed information

or materials will be made. If the producing Party claims that only a portion of a document is privileged, the Parties recognize that the Party receiving the request may not be able to return or destroy only the portion of the item containing privileged or protected information or material. In the event that the Party receiving the request is not able to reasonably separate the privileged or protected material for destruction or return, the party receiving the request shall destroy or return the privileged or protected information along with the discoverable portions of the information or material, and the producing Party shall provide, along with the notice of the claim of privilege, a new copy of the document with the allegedly privileged portions redacted. Any party that complies with this paragraph will be deemed to have taken reasonable steps to rectify disclosures of privileged or protected information or materials.

22. In order to promote the orderly conduct of depositions and to minimize the number of disputes that may require intervention of the Court or the re-opening of a concluded deposition, the following procedure will apply to potentially privileged documents at deposition. If a Party determines that it wishes to make a claim of privilege on a document used at a deposition, it may assert the privilege when the document is first introduced and instruct the witness not to answer questions about the document, or it may allow the questioning about the document to proceed. Allowing the questioning about a document to proceed does not, by itself, waive any claim of privilege over the document, or the information contained in the document, the questions, or the responses, provided that the Party that wishes to make a claim of privilege does so in writing within 7 days after receipt of the deposition transcript and indicates which portions of the transcript it proposes to redact at the same time that the witness provides corrections to the draft transcript. Nothing in this Order addresses whether privileges may be waived by using a document prior to deposition or trial to prepare a witness.

23. If a Party identifies a document that appears on its face or in light of facts known to the Party to be subject to another Party's claim of privilege, including deliberative process privilege, law enforcement privilege, and other privileges, the Party identifying the potential claim of privilege is under a good-faith obligation to notify the Party holding the potential claim of privilege. Such notification will not waive the identifying Party's ability to subsequently challenge any assertion of privilege with respect to the identified document. If the Party holding the potential claim of privilege wishes to assert a claim of privilege, it shall provide notice in accordance with Paragraph 21 above within 7 days of receiving notice from the identifying Party.

24. Upon receiving notice of a claim of privilege on a produced document, the receiving Party shall, in accordance with Fed. R. Civ. P. 26(b)(5)(B), promptly sequester the specified information and any copies it has and shall not use or disclose the information, except as provided by Fed. R. Civ. P. 26(b)(5)(B), until the claim is resolved. Copies of privileged documents or information that have been stored on electronic media that is not reasonably accessible, such disaster recovery backup media, are adequately sequestered as long as they are not restored; if such data is restored, the receiving Party shall take steps to re-sequester the restored information. If the receiving Party disclosed the information before being notified, it shall take reasonable steps to prevent further use of such information until the claim is resolved.

25. Notwithstanding the duties under Rule 26(b)(5)(B), absent an order expressly stating otherwise, a party may make derivative use of, and may pursue leads suggested by, any inadvertently produced privileged information known to the party before duty arose to return, sequester, or destroy the privileged information. The receipt of inadvertently disclosed privileged information shall not be the basis for disqualifying counsel from this action absent a showing of bad faith in receiving the information.

26. If a Party wishes to dispute a claim of privilege asserted under this Order, such Party shall, within 14 days, move the Court for an order compelling disclosure of the information. The Party shall follow the procedures described in Fed. R. Civ. P. 26(b)(5)(B) and shall not assert, as a ground for compelling disclosure, the fact or circumstances of the disclosure.  Pending resolution of the motion, the Parties shall not use the challenged information for any other purpose and shall not disclose it to any person other than those required by law to be served with a copy of the sealed motion.

27. Nothing in this Order overrides any attorney's ethical responsibilities to refrain from examining or disclosing materials that the attorney knows or reasonably should know to be privileged and to inform the disclosing party that such materials have been produced.

28. The Party wishing to assert a claim of privilege retains the burden, upon challenge pursuant to Paragraph 26, of establishing the applicability of the claimed privilege.

29. This Stipulation and Order does not preclude a Party from voluntarily waiving any claims of privilege.  The provisions of Rule 502(a) of the Federal Rules of Evidence apply when a Party uses privileged information to support a claim or defense.

**B. Document Families**

30. The Parties may withhold small image files or extracted embedded files that are unresponsive or irrelevant, even if other documents in the same Document Family are responsive.

31. The Parties shall not withhold in full documents or ESI on a claim of privilege merely because other documents or ESI in the same Document Family are privileged. The parties agree that no placeholder documents will be produced for documents within a family withheld as privileged, but that the existence of the documents will be cognizable through missing numbers in the Bates range.

**C. Privilege Log**

32. Embedded e-mails.

(a) An e-mail requires only one entry on the privilege log regardless of the number of embedded e-mails contained within the message body of the e-mail in question. For any e-mail that appears on the privilege log, the author, recipient(s), subject, and date fields may be populated with the metadata from the top-level message and is not required to include metadata from any e-mail embedded in the message body.

(b) If an e-mail, or e-mail thread, contains both privileged and non-privileged communications, the non-privileged communications must be produced, either by separately producing a copy of the non-privileged communications embedded in the privileged communication, or by producing a copy of the entire communication string with the privileged portions redacted.

(c) If an e-mail is withheld or any part of it is redacted for privilege, the privilege description on the privilege log must include the basis for withholding each embedded e-mail and the basis for all redactions (unless the communication is exempt from privilege logging pursuant to Paragraphs 33 or 34 below).

(d) If an e-mail is produced with redactions, the redactions must not obscure the headers (from, to, subject, sent date) of any embedded e-mails, unless the identity or contact information of a person is the information that is privileged or otherwise protected.

33. The obligation to provide a log of privileged or work product materials pursuant to Rule 26(b)(5)(A) presumptively does not apply to:

(a) Communications exclusively between a Party and  Office of Counsel;

16

(b) Work product created after June 1, 2023 by (i) either Party's Office of Counsel; or (ii) an agent of Counsel other than a Party or an employee of a Party; or

(c) Internal communications: (i) within a law firm, (ii) within a legal assistance organization, (iii) within or among the law office/s of a particular State of Texas agency or United States agency; or (iv) a legal department of a corporation or another organization.

34.    This Order reaffirms that neither Party is obligated to log a document that is redacted or withheld solely based on a statutory preclusion of divulsion of information and not based upon a discovery privilege.   The Parties agree this Paragraph applies to redaction or withholding:  (a) of sensitive personal information; or (b) based on the International Organizations and Immunities Act (IOIA).  The Parties additionally agree that privilege logging is not required for withholding or redaction based on a document's or portion thereof's designation as classified pursuant to Executive Order 13526.  The Parties further agree that this Paragraph does not alter the requirements of Fed. R. Civ. P. 34(b)(2)(C).

## V.  CONFIDENTIALITY AND PROTECTIVE ORDER

35.  Protected Information.  "Protected Information" means any information of any type, kind, or character that is designated as "Confidential," "For Counsel Only," or "Attorneys' Eyes Only" by any supplying or receiving Party or person, whether it be a document, information contained in a document, information revealed during discovery, or otherwise.

36.  Qualified Persons.  "Qualified Persons" means:

(a) For Counsel or Attorneys' Eyes Only information:

(i)Trial Counsel for the Parties in this litigation and their respective staff;

(ii)  actual or potential experts or consultants (and their administrative or clerical staff) working on this litigation who, prior to any disclosure of Protected Information to

such person, have signed a document agreeing to be bound by the terms of this Protective Order and have been designated in writing by notice to all counsel;[1]

(iii) this court and its staff and any other tribunal, special master, or dispute resolution officer duly appointed or assigned in connection with this litigation; and

(iv) litigation vendors, court reporters, video camera operators, translators, and other litigation support personnel;

(v)  Counsel for the Office of the Governor of Texas;

(vi)  Nothing in this designation precludes the producing party from retaining its own documents, or continuing to use those documents in the normal course of business.

(b) For Confidential information:

(i) the persons identified in subparagraph 36(a);

(ii) such officers or employees of a Party who are actively involved in the prosecution or defense of this case who, prior to any disclosure of Confidential information to such person, have signed a document agreeing to be bound by the terms of this Protective Order;

(iii) actual or potential experts or consultants (and their administrative or clerical staff) working on this litigation who, by their receipt of Confidential information are bound by the terms of this Protective Order;

(iv) litigation vendors, court reporters, video camera operators, translators, and other litigation support personnel; and

---

[1] Designation of an expert or consultant under this provision is not a waiver of such person's status as a consulting only expert or of any otherwise existing protection against discovery of such person's work or opinions.  The attorney who retains or designates such persons shall maintain the signed certifications of those persons.

(v) any person who was an author, addressee, or intended or authorized recipient of the Confidential information.

(c) Such other person as this Court may designate after notice and an opportunity to be heard.

37. <u>Designation Criteria</u>

(a) <u>Protected Information</u>.  A Party shall designate as Protected Information only such information that the Party in good faith believes in fact is confidential. Information that is generally available to the public, such as public filings, catalogues, advertising materials, and the like, shall not be designated as Protected Information.

Information and documents that may be designated as Protected Information include, but are not limited to, trade secrets, confidential or proprietary financial information, operational data, business plans, and competitive analyses, personnel files, personal information that is protected by law, and other sensitive information that, if not restricted as set forth in this Order, may subject the producing or disclosing person to competitive or financial injury or potential legal liability to third parties.

Correspondence and other communications between the parties or with nonparties may be designated as Protected Information if the communication was made with the understanding or reasonable expectation that the information would not become generally available to the public.

(b) <u>For Counsel or Attorneys Only</u>.  The designation "For Counsel Only" or "Attorneys' Eyes Only" shall be reserved for information that is believed to be unknown to the opposing Party.  For purposes of this Order, so-designated information includes, but is not limited to, product formula information, design information, non-public financial information, pricing information, customer identification data, and certain study methodologies.

(c) <u>Ultrasensitive Information</u>.  Each Party reserves the right to consider if any of its responsive documents or information require higher levels of protection than those specified above, such as a narrower definition of "Qualified Persons" than that provided for "Attorney's Eyes Only Information," and, as necessary, to seek from the Court a supplemental order establishing an ultrasensitive information protocol in advance of production to further protect such information.

(d) <u>Nonprotected Information</u>.  Protected Information shall not include information that either:

(i) is in the public domain at the time of disclosure, as evidenced by a written document;

(ii)  becomes part of the public domain through no fault of the recipient, as evidenced by a written document;

(iii) the receiving Party can show by written document was in its rightful and lawful possession at the time of disclosure; or

(iv) lawfully comes into the recipient's possession subsequent to the time of disclosure from another source without restriction as to disclosure, provided such third party has the right to make the disclosure to the receiving Party.

38. <u>Use of Protected Information</u>.  All Protected Information provided by any Party or nonparty in the course of this litigation shall be used solely for the purpose of preparation, trial, and appeal of this litigation and for no other purpose and shall not be disclosed except in accordance with the terms of this Order.

39. <u>Marking of Documents</u>.  Documents provided in this litigation may be designated by the producing person or by any Party as Protected Information by marking each page of the

documents so designated with a stamp indicating that the information is "Confidential," "For Counsel Only," or "Attorneys' Eyes Only." The designation should be made in a fashion or form that is conspicuous yet allows the Protected Information to remain legible. In lieu of marking the original of a document, if the original is not provided, the designating Party may mark the copies that are provided. Originals shall be preserved for inspection.

40. <u>Disclosure at Depositions</u>

Information disclosed at (a) the deposition of a Party or one of its present or former officers, directors, employees, agents, consultants, representatives, or independent experts retained by counsel for the purpose of this litigation, or (b) the deposition of a nonparty may be designated by any Party as Protected Information by indicating on the record at the deposition that the testimony is "Confidential" or "For Counsel Only" and is subject to the provisions of this Order.

Any Party also may designate information disclosed at a deposition as Protected Information by notifying all Parties in writing not later than 30 days of receipt of the transcript of the specific pages and lines of the transcript that should be treated as Protected Information thereafter. Each Party shall attach a copy of each such written notice to the face of the transcript and each copy of the transcript in that Party's possession, custody, or control. All deposition transcripts shall be treated as For Counsel Only for a period of 30 days after initial receipt of the transcript, except that such deposition transcripts may be shared with the deponent for purposes of correcting errors in the transcript, and with the agency employing the deponent for purposes of determining whether portions should be designated as protected, and the level of necessary protection.

To the extent possible, the court reporter shall segregate into separate transcripts information designated as Protected Information with blank, consecutively numbered pages being

provided in a non-designated main transcript. The separate transcript containing Protected Information shall have page numbers that correspond to the blank pages in the main transcript.

Counsel for a Party or a nonparty witness shall have the right to exclude from depositions any person who is not authorized to receive Protected Information pursuant to this Protective Order, but such right of exclusion shall be applicable only during periods of examination or testimony during which Protected Information is being used or discussed.

41. Disclosure to Qualified Persons

(a) To Whom.  Protected Information shall not be disclosed or made available by the receiving Party to persons other than Qualified Persons except as necessary to comply with applicable law or the valid order of a court of competent jurisdiction. But if a disclosure is compelled by law or court order, the receiving party will notify the producing Party as promptly as practicable (if at all possible, before making such disclosure).  The receiving Party shall seek a protective order or confidential treatment of such information or cooperate with the producing party to protect the information. Information designated as Attorneys' Eyes Only or For Counsel Only shall be restricted in circulation to Qualified Persons described in subparagraph 36(a).

(b) Retention of Copies During This Litigation.  For the receiving party, copies of For Counsel Only information shall be maintained only in the offices of Trial Counsel and the office of counsel for the Office of the Governor of Texas and, to the extent supplied to experts described in subparagraph 36(a)(ii), in the offices of those experts.  Any documents produced in this litigation, regardless of classification, that are provided to Qualified Persons shall be maintained only at the office of such Qualified Person and only necessary working copies of any such documents shall be made. Copies of documents and exhibits containing Protected Information

may be prepared by independent copy services, printers, or illustrators for the purpose of this litigation.

(c) Each Party's Trial Counsel shall maintain a log of all copies of For Counsel Only documents that are delivered to Qualified Persons other than counsel for the Office of the Governor of Texas.

42. <u>Unintentional Disclosures</u>

Documents unintentionally produced without designation as Protected Information later may be designated and shall be treated as Protected Information from the date written notice of the designation is provided to the receiving party.

If a receiving party learns of any unauthorized disclosure of Confidential information or For Counsel Only information, the party shall immediately upon learning of such disclosure inform the producing party of all pertinent facts relating to such disclosure and shall make all reasonable efforts to prevent disclosure by each unauthorized person who received such information.

43. <u>Documents Produced for Inspection Prior to Designation</u>

In the event documents are produced for inspection prior to designation, the documents shall be treated as For Counsel Only during inspection. At the time of copying for the receiving parties, Protected Information shall be marked prominently "Confidential," "For Counsel Only," or "Attorneys' Eyes Only" by the producing Party.

44. <u>Consent to Disclosure and Use in Examination</u>

Nothing in this order shall prevent disclosure beyond the terms of this order if each Party designating the information as Protected Information consents to such disclosure or if the court, after notice to all affected Parties and nonparties, orders such disclosure. Nor shall anything in this order prevent any counsel of record from utilizing Protected Information in the examination or cross-examination in the above-captioned litigation of any person who is indicated on the document as being an author, source, or recipient of the Protected Information, irrespective of which party produced such information.  Counsel for each Party must provide the opposing Party advance notice of the intention to use in open court documents that include Protected Information so that the producing party may seek action from the Court as necessary to protect that information from public disclosure.

45. <u>Challenging the Designation</u>

(a) <u>Protected Information</u>.  A Party shall not be obligated to challenge the propriety of a designation of Protected Information at the time such designation is made, and a failure to do so shall not preclude a subsequent challenge to the designation. In the event that any Party to this litigation disagrees at any stage of these proceedings with the designation of any information as Protected Information, the Parties shall first try to resolve the dispute in good faith on an informal basis, such as by production of redacted copies. If the dispute cannot be resolved, the objecting Party may invoke this Protective Order by objecting in writing to the Party who designated the document or information as Protected Information. The designating party shall then have 7 days to move the court for an order preserving the designated status of the disputed information. The disputed information shall remain Protected Information unless the court orders otherwise. Failure

to move for an order shall constitute a termination of the status of such item as Protected Information.

(b) <u>Qualified Persons</u>.  In the event that any Party in good faith disagrees with the designation of a person as a Qualified Person or the disclosure of particular Protected Information to such person, the Parties shall first try to resolve the dispute in good faith on an informal basis. If the dispute cannot be resolved, the objecting Party shall have 14 days from the date of the designation or, in the event particular Protected Information is requested subsequent to the designation of the Qualified Person, 21 days from service of the request to move the court for an order denying the disputed person (a) status as a Qualified Person, or (b) access to particular Protected Information. The objecting Party shall demonstrate that disclosure to the disputed person would expose the objecting Party to a substantial risk of harm. Upon the timely filing of such a motion, no disclosure of Protected Information shall be made to the disputed person unless the court enters an order preserving the designation.

46. <u>Manner of Use in Proceedings</u>

In the event a Party wishes to use any Protected Information in affidavits, declarations, briefs, memoranda of law, or other papers filed in this litigation, the party shall do one of the following: (1) with the consent of the producing party, file only a redacted copy of the information; (2) where appropriate (e.g., in connection with discovery and evidentiary motions) provide the information solely for in camera review; or (3) file such information under seal with the court consistent with the sealing requirements of the court.

Nothing in this Order shall limit the Parties' rights or ability to offer evidence at a hearing or trial. The manner of using any Protected Information at a hearing or trial and the status of Protected Information resulting from any such use will be determined by the court.

47. <u>Filing Under Seal</u>

The clerk of this Court is directed to maintain under seal all documents, transcripts of deposition testimony, answers to interrogatories, admissions, and other papers filed under seal in this litigation that have been designated, in whole or in part, as Protected Information by any Party to this litigation consistent with the sealing requirements of the court.

48. <u>Ongoing Obligations</u>

Insofar as the provisions of this Protective Order, or any other protective orders entered in this litigation, restrict the communication and use of the information protected by it, such provisions shall continue to be binding after the conclusion of this litigation, except that (a) there shall be no restriction on documents that are used as exhibits in open court unless such exhibits were filed under seal, and (b) a Party may seek the written permission of the producing Party or order of the court with respect to dissolution or modification of this, or any other, protective order.

49. <u>Advice to Clients</u>

This order shall not bar any attorney in the course of rendering advice to such attorney's client with respect to this litigation from conveying to any Party client the attorney's evaluation in a general way of Protected Information produced or exchanged under the terms of this order; provided, however, that in rendering such advice and otherwise communicating with the client, the attorney shall not disclose the specific contents of any Protected Information produced by another Party if such disclosure would be contrary to the terms of this Protective Order.

50. Duty to Ensure Compliance

Any Party designating any person as a Qualified Person shall have the duty to reasonably ensure that such person observes the terms of this Protective Order and shall be responsible upon breach of such duty for the failure of such person to observe the terms of this Protective Order.

51. Waiver

Pursuant to Federal Rule of Evidence 502 and the 502 Order set forth in Section V.A of this Stipulation and Order, neither the attorney-client privilege nor work product protection, nor any other privilege (such as, but not limited to, deliberative process privilege or law enforcement privilege) is waived by disclosure connected with this litigation.

52. Modification and Exceptions

The Parties may, by stipulation, provide for exceptions to this order and any party may seek an order of this court modifying this Protective Order.

**IT IS SO ORDERED.**

SIGNED on this the ___31st___ day of _____May_____, 2024.


_____
Hon. David Alan Ezra
Senior United States District Judge