IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    *Plaintiff*,<br><br>  v.<br><br>GREG ABBOTT, in his capacity as GOVERNOR OF THE STATE OF TEXAS, and THE STATE OF TEXAS,<br><br>    *Defendants*. | Case No. 1:23-cv-00853-DAE |

**UNITED STATES' OPPOSITION TO DEFENDANTS' "EXPEDITED MOTION FOR LEAVE TO TAKE DEPOSITIONS ON ORAL QUESTIONS IN EXCESS OF TEN"**

JAIME ESPARZA
UNITED STATES ATTORNEY

LANDON A. WADE
 Assistant United States Attorney
 Texas Bar No. 24098560
United States Attorney's Office
Western District of Texas
903 San Jacinto Blvd., Suite 334
Austin, TX 78701
(512) 370-1255 (tel)
(512) 916-5854 (fax)
Landon.wade@usdoj.gov

TODD KIM
ASSISTANT ATTORNEY GENERAL
Environment & Natural Resources Division

BRIAN H. LYNK
 Senior Trial Counsel
 DC Bar No. 459525
BRYAN J. HARRISON
 Trial Attorney
 FL Bar No. 106379
KIMERE J. KIMBALL
 Trial Attorney
 CA Bar No. 260660
ANDREW D. KNUDSEN
 Trial Attorney
 DC Bar No. 1019697
U.S. Department of Justice
Environmental Defense Section
P.O. Box 7611
Washington, DC 20044
(202) 514-6187 (Lynk)
(202) 514-8865 (fax)
Brian.lynk@usdoj.gov

Dated: June 25, 2024

*Counsel for the United States of America*

## PRELIMINARY STATEMENT

Federal Rule of Civil Procedure 30(a)(2)(A)(i) provides that, absent a stipulation, no party may take more than ten depositions without leave of court. Texas has already taken four depositions, leaving them with six. In the hours before the June 17, 2024 deadline to do so, Texas served on the United States *fifteen* non-expert deposition notices and a second set of requests for production of documents. This included four 30(b)(6) depositions of federal agencies and another 43 requests for production of documents, bringing the number of depositions Texas plans to take to 19 (not including any depositions of the United States' rebuttal experts) and the number of document requests to 62.

At no point in the three months since the entry of the scheduling order did Texas seek leave of court or the United States' agreement before serving these excess deposition notices. Nor did the parties agree to any depositions beyond the Federal Rules' presumptive limit of 10. What's more, at no point since first serving discovery requests in January 2024 until the June 17, 2024 deadline did Texas notice any non-expert depositions, thus underscoring the gamesmanship and lack of necessity of these depositions.

Faced with Texas's *twelve* expert witness designations—three times the number designated by the United States—the United States made strategic decisions on depositions and has made clear that it will endeavor to stay within the presumptive limit of 10 and to keep this case on pace for trial starting on August 6, 2024. *See* ECF 126 at 11. Texas, by contrast, seeks leave from the Court to take more than double the presumptive number of depositions without providing any substantive basis or justification to do so. Allowing Texas to more than double the number of presumptive depositions would result in unduly burdening the United States, the

many federal agencies that are now implicated based on Texas's notices, and the proposed deponents, all but two of whom are federal employees.

The United States has separately moved for a protective order seeking to quash Texas's objectionable 30(b)(6) topics.  ECF 126.  In that motion, the United States included a request to limit Texas's depositions to the presumptive limit of 10.  *See id.* at 10.  For the reasons in its motion for protective order and for the reasons explained here, the United States' request should be granted and Texas's motion for leave to take excess depositions should be denied.

## BACKGROUND

The Court has already told the parties that "[t]here's no need for any extensive discovery here," ECF 69 at 7:9 (Transcript of January 19, 2024 Status Conference), because it will be an expert-heavy case in which the issues "have been known for several years [and are] not new," ECF 95:1-3 (Transcript of February 22, 2024 Status Conference).  In discussing the scope of the case, Texas agreed with the Court's estimate that a trial would take two to three days.  ECF 69 at 10:6-7.  This Court's March 5, 2024 scheduling order set a June 17, 2024 deadline for the parties to serve any discovery requests "other than noticing expert depositions."  ECF 97.

Since the parties exchanged their first set of discovery requests in January through June 17, Texas had noticed and taken only four depositions, which were of the United States' experts. On June 17, 2024, Texas served the United States with fifteen notices of deposition, including a third-party 30(b)(6) deposition of the City of Eagle Pass, Texas.  Texas included four 30(b)(6) notices, for the U.S. Section of the International Boundary and Water Commission ("USIBWC"); the United States Coast Guard ("USCG"); the United States Army Corps of Engineers ("USACE"); and the U.S. Customs and Border Protection ("CBP").  Texas also served the United States on June 17, 2024 with 43 new requests for production of documents.

2

After the United States wrote Texas concerning issues with the original 30(b)(6) deposition topics and attempted to confer with Texas to narrow them, Texas served amended 30(b)(6) notices. *See* ECF 126-2 through ECF 126-5. Rather than narrowing the issues, these amended notices expanded the proposed scope of the 30(b)(6) depositions by adding dozens more new topics and also changing several depositions to earlier dates. The next day, the United States moved for a protective order to quash several topics. ECF 126.[1]

Within its single-spaced list spanning three pages of its ten-page motion, Texas lists four depositions it has taken so far, ECF 124 at 5 (the United States' four currently designated experts), six depositions it intends to take within the presumptive limit, *id.* at 6-7 (the four 30(b)(6) depositions, the City of Eagle Pass, Texas, and Hillary Quam), nine depositions "important to the claims and defenses in this case" and that are allegedly not "unreasonably cumulative or duplicative," *id.* at 7-9, and an unspecified number of depositions over 19, which Texas requests for depositions of the United States' rebuttal experts, if any, *id.* at 9.

## LEGAL STANDARD

The Federal Rules require a party to first obtain leave of court when a party seeks to take more than 10 depositions and the parties have not so agreed. Fed. R. Civ. P. 30(a)(2)(A)(i). "It

---

[1] As to Texas's recitation of the meet-and-confer process: the United States never "abruptly cancelled" a call on June 20, 2024, as Texas contends, ECF 124 ¶ 12, because the United States never scheduled or agreed to have such a call. The reason is simple: while the United States sought to engage Texas on narrowing the 30(b)(6) deposition topics, Texas did not meaningfully engage in the process; Texas's amended deposition notices included dozens more new objectionable topics rather than fully addressing the improper topics from the original 30(b)(6) deposition notices.

As to conferral on the excess depositions, Texas provided no good-faith basis for seeking excess depositions in the June 18, 2024 discussion and simply noted that some of these individuals were listed on the United States' initial disclosures. Texas amended its initial disclosures on June 12, 2024 to include more than a dozen new individuals, yet the United States was still able to make strategic decisions to remain within the deposition limits presumed under the Federal Rules.

3

stands to reason that a party wishing to conduct more than 10 depositions has the burden of persuading the court that these additional depositions are necessary." *Mullenix v. Univ. of Texas*, Civ. No. 1:19-cv-01203, 2021 WL 3474008, at *1 (W.D. Tex. Aug. 6, 2021) (quotation omitted). The moving party must, at that time, make a "particularized showing why extra depositions are necessary." *Id*. Indeed, the Court has the "discretion (and perhaps the obligation) to deny leave to take additional depositions when no good reason to do so has been presented." *Id.* As Texas acknowledges in its motion, it is not legitimate to exceed the presumptive deposition limit of 10 simply because more than ten individuals have "discoverable information in a case." *See* ECF 124 ¶ 19 (quoting *Mullenix*, 2021 WL 3474008, at *1 (citing *United States v. Goertz*, Civ. No. A-09-CA-179 LY, 2010 WL 2900309, at *1 (W.D. Tex. July 20, 2010)). Rather, "the Court must limit discovery, if it determines . . .that the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive or the proposed discovery is outside the scope permitted by Rule 26(b)(1)." *D'Souza v. Marmaxx Operating Corp.*, No. EP-15-CV-00256-DCG, 2017 WL 1322243, *2 (W.D. Tex. Apr. 7, 2017).

## ARGUMENT

The United States does not oppose Texas's taking of its presumptive limit of 10 depositions, to include the four expert depositions already taken and the specific six other depositions identified in Texas's motion. The United States does oppose any depositions exceeding the presumptive limit of 10 because Texas has failed to make the required particularized explanation of why taking more than double the presumptive limit is necessary in this otherwise straightforward case litigating the issue of whether Texas placed the Floating

4

Barrier in the Rio Grande River without first obtaining the requisite permit under the Rivers and Harbors Act. *See Mullenix*, 2021 WL 3474008, at *1.

Rather than explain the need to depose each noticed individual, Texas simply repeats that each of them has "discoverable information," "unique information" or "unique knowledge," and notes that each deposition is "relevant," "important," or "critical" to the case. *See* ECF 124 at ¶¶ 22xi, 22xii, 22xii, 22xiv, 22xv, 22xv, 22xvi, 22xvii, 22xviii, 22xix. This bland boilerplate is not a justifiable basis to exceed the presumptive deposition limit. *Mullenix*, 2021 WL 347008, at *1; *Goertz*, 2010 WL 2900309, at *1.

Indeed, rather than justifying Texas's request to exceed the 10-deposition limit, Texas's list of proposed depositions actually demonstrates why these additional depositions are improper, unwarranted, and unnecessary. There is substantial overlap and many are cumulative and duplicative. *First*, Texas identified supposed agency "operations" as the basis for testimony of both 30(b)(6) and multiple fact witnesses. *Compare* ECF 126-2 at ¶¶ 4, 5, 41, 42, 44 (USIBWC 30(b)(6) amended topics on various "operations") *with* ¶ 22.xii ("[Ms. Canava] has unique knowledge about [US]IBWC operations…") *and* ¶ 22.xiii ("Mr. Gomez has unique information due to his role about [US]IBWC operations."); *compare* ECF 126-5 at ¶¶ 24, 49, 50, 52, 53 (USACE 30(b)(6) amended topics on various "operations") *with* ECF 124 ¶ 21.xi ("[Mr. Lebsock] has unique information due to his role about USACE operations."); *compare* ECF 126-4 at ¶¶ 18, 19, 21, 22, 23 (USCG 30(b)(6) amended topics on various "operations") *with* ECF 124 ¶ 22.xvii ("[Captain Peters] has unique information about the USCG operations.").[2] Nor has

---

[2] Texas has already deposed two of these witnesses—Mario Gomez and Captain Justin Peters—during the preliminary injunction stage of these proceedings. Texas has provided no explanation or basis for why a second deposition is necessary for either Mr. Gomez or Captain Peters. Indeed, Captain Peters of the USCG testified at his first deposition that he had never been to or on the Rio Grande including the "site where the buoys are," and repeatedly testified that he did

Texas provided anything as to why Mr. Donaldson's "personal knowledge" on CBP operations is superior to that of the 30(b)(6) deposition itself. *See* ECF 124 ¶ 22.xv ("Mr. Donaldson has personal knowledge that cannot be obtained through the CBP 30(b)(6) deposition."); ECF 126-6 at ¶¶ 14, 17, 18 (CBP 30(b)(6) amended topics on various "operations").

*Second*, Texas identified supposed testimony related to "commercial navigation" in no fewer than eight of the proposed depositions—including for all four 30(b)(6) depositions—beyond those depositions that Texas already took of the United States' experts. *See* ECF 124 ¶ 21.vi (CBP), ¶ 21.x (USCG), ¶ 21.ix (City of Eagle Pass); ¶ 22.xi (Lebsock), ¶ 22.xii (Gomez), ¶ 22.xvii (Peters), ¶ 22.viii (Smith); *see also* ECF 126-2 through 126-6 (Texas's amended 30(b)(6) deposition notices with topics including and relating to "commercial navigation").

*Third*, other justifications have entirely circular logic. Take Francisco Sainz. Texas states that "Mr. Sainz is the Washington, D.C. [US]IBWC liaison. Mr. Sainz has unique information due to his role as an [US]IBWC liaison with Washington, D.C." ECF 124 ¶ 22.xiv. Texas claims that it needs to depose Isela Canava because she is the only USIBWC witness who is an "engineer" and because one of the United States' experts—Adrian Cortez—is Ms. Canava's "coworker[ ]" and so she must testify about Mr. Cortez's opinions and testimony. *See id.* ¶ 22.xii. The same problems underlie both of Texas's "justifications": there is nothing Texas provides that explains *why* those facts somehow make the excess depositions necessary and appropriate in this case in which the Court has already stated its disinclination for extensive discovery. *See supra* at 2.

---

not have personal knowledge about the USCG's navigability determinations on the Rio Grande or other areas. *See, e.g.*, ECF 26-4 at 22-26, 41-45, 50-53, 55 (August 7, 2023 Deposition Transcript of Captain Peters).

6

Texas attempts to justify other depositions, ECF 124 ¶ 22.xviii (Smith), ¶ 22.xix (Yarusso), but does not make particularized showings as to how or why the testimony is relevant. For example, Texas lists New York Police Department Officer Richard Yarusso, who Texas explains has "unique information due to his role as a police officer on the impact of illegal guns, drugs, persons, and goods entering the U.S. in the vicinity of the buoys and the need for an effective defense against such entries." *Id*.  Beyond this, Texas has not explained why Officer Yarusso, a *New York* police officer, would have information relevant to the specific issues in this case, particularly because the Court has already held that issues pertaining to immigration and border security are not relevant here.  *See* ECF 114 at 24 ("[I]f Texas seeks to justify its implementation of the buoy barrier because of an invasion at the border, that argument is foreclosed.").  Nor has Texas explained why the deposition of Mr. Smith, a director of a port hundreds of miles away from the segment of the Rio Grande River at issue here is needed or appropriate.  The Court has authority under Fed. R. Civ. P. 26(b)(2)(C) and 30(a)(2)(A) to control discovery that is unnecessary and irrelevant.  *See Mullenix*, 2021 WL 347008, at *1; *Goertz*, 2010 WL 2900309, at *1.  That is the case here.

Texas also seeks preemptive leave to take an unspecified number of depositions for all rebuttal experts that the United States might designate and claims that these depositions "take priority [for Texas] over all other requested depositions."  ECF 124 at 9.  If this need or opportunity is as great as Texas suggests, then Texas should have reasonably reconsidered how to prioritize these depositions, the need for which Texas has not properly explained.  The United States does not object to Texas noticing or taking depositions for rebuttal experts so long as they do not exceed the presumptive 10 deposition limit.

Table 1 below further details the bases for the United States' issues with Texas's "justifications" for the excess depositions:

| Table 1 | | |
|---|---|---|
| Proposed Deponent | Affiliation | Issues with Texas's "justifications" to depose |
| Neil Lebsock | USACE | - Unreasonably cumulative, duplicative<br>- Information can be obtained from USACE 30(b)(6)<br>- No particularized showing of necessity |
| Isela Canava | USIBWC | - Unreasonably cumulative, duplicative<br>- Information can be obtained from USIBWC 30(b)(6)<br>- No particularized showing of necessity |
| Mario Gomez | USIBWC | - Unreasonably cumulative, duplicative<br>- Information can be obtained from USIBWC 30(b)(6)<br>- No particularized showing of necessity |
| Francisco Sainz | USIBWC | - No particularized showing of necessity |
| Micky Donaldson | CBP | - Unreasonably cumulative, duplicative<br>- Information can be obtained from CBP 30(b)(6)<br>- No particularized showing of necessity |
| Captain Brandy Parker | USCG | - Unreasonably cumulative, duplicative<br>- Information can be obtained from USCG30(b)(6)<br>- No particularized showing of necessity |
| Captain Justin Peters | USCG | - Unreasonably cumulative, duplicative<br>- Information can be obtained from USCG 30(b)(6)<br>- No particularized showing of necessity |
| Walker Smith | Port of Harlingen, Texas | - Not relevant<br>- Unreasonably cumulative or duplicative<br>- No particularized showing of necessity |
| Officer Richard Yarusso | N.Y.P.D. | - Not relevant<br>- No particularized showing of necessity |

**CONCLUSION**

For these reasons, and for the reasons explained in the United States' motion for protective order, ECF 126 at 11, Texas's motion for leave to take excess depositions should be denied, and Texas should be limited to ten depositions.

Dated:  June 25, 2024

| | |
|---|---|
| JAIME ESPARZA<br>UNITED STATES ATTORNEY | TODD KIM<br>ASSISTANT ATTORNEY GENERAL<br>Environment & Natural Resources Division |
| */s/ Landon A. Wade*<br>LANDON A. WADE<br>   Assistant United States Attorney<br>   Texas Bar No. 24098560<br>United States Attorney's Office<br>Western District of Texas<br>903 San Jacinto Blvd., Suite 334<br>Austin, TX 78701<br>(512) 370-1255 (tel)<br>(512) 916-5854 (fax)<br>Landon.wade@usdoj.gov | */s/ Bryan J. Harrison*<br>BRIAN H. LYNK<br>   Senior Trial Counsel<br>   DC Bar No. 459525<br>KIMERE J. KIMBALL<br>   Trial Attorney<br>   CA Bar No. 260660<br>ANDREW D. KNUDSEN<br>   Trial Attorney<br>   DC Bar No. 1019697<br>BRYAN J. HARRISON<br>   Trial Attorney<br>   FL Bar No. 106379<br>U.S. Department of Justice<br>Environmental Defense Section<br>P.O. Box 7611<br>Washington, DC 20044<br>(202) 514-6187 (Lynk)<br>(202) 514-8865 (fax)<br>Brian.lynk@usdoj.gov<br>Kimere.kimball@usdoj.gov<br>Andrew.knudsen@usdoj.gov<br>Bryan.harrison@usdoj.gov<br><br>*Counsel for the United States of America* |

**CERTIFICATE OF SERVICE**

  I certify that on June 25, 2024, a copy of this filing was served on counsel of record through the Court's electronic filing system.

                  */s/ Bryan J. Harrison*
                  Bryan J. Harrison