UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br>    *Plaintiff*,<br><br>  v.<br><br>**GREG ABBOTT, in his capacity as Governor of the State of Texas, and THE STATE OF TEXAS,**<br>    *Defendants*. | No. 1:23-cv-00853-DAE |

### DEFENDANTS' OPPOSED MOTION TO STRIKE MOTION TO DISMISS FILED IN VIOLATION OF SCHEDULING ORDER

Defendants Greg Abbott, in his capacity as Governor of Texas, and the State of Texas respectfully move the Court to strike Plaintiff's Motion to Dismiss Defendants' Counterclaim (ECF 125) filed in violation of this Court's Scheduling Order (ECF 97) for the following reasons.

1. The parties negotiated and presented to the Court for its consideration an agreed form of Scheduling Order on March 1, 2024. (ECF 96). The Court entered that Scheduling Order on March 5, 2024. The parties agreed, and the Court ordered, as follows:

> **The parties agree that there will be no further dispositive motions filed.** *Id.* ¶3

2. More than three and one-half months later, Plaintiff chose to violate this Court's Order. On June 21, 2024, Plaintiff filed a 20-page "Plaintiff United States' Opposed Motion to Dismiss Defendants' Counterclaim, Strike Defendants' Constitutional Defense, Strike Jury Demand & Advisory Jury Request, and for Leave to File" (ECF 125) (the "Motion to Dismiss").

1

Plaintiff chose to file this Motion to Dismiss at the same time it was demanding no less than *ten depositions of Defendants' expert witnesses to be scheduled in the first two weeks of July 2024*. It also filed this Motion to Dismiss at a time when the close of discovery under the Scheduling Order was less than one month away, on July 19. The resulting prejudice to Defendants is both obvious and substantial.

3.  There can be no good faith dispute that Plaintiff's Motion to Dismiss Defendants' Counterclaim is a dispositive motion. A motion to dismiss is a textbook dispositive motion as it asks the Court to decide at least some of a party's claims. *Soliz v. United States*, 2018 U.S. Dist. LEXIS 226742 at *8-9 (stating motions to dismiss are dispositive motions) (Ezra, J.); *United States v. Williams*, 2024 WL 69909 at *1 (N.D. Miss. Jan. 5, 2024) (ruling that MTD filed after dispositive motions deadline was untimely); 28 U.S.C. § 636(b)(1)(A)) (Federal Magistrate Act) (listing motions to dismiss as dispositive motions). Therefore, Plaintiff has filed a dispositive motion past the deadline set by the Scheduling Order. To do this, Plaintiff was required to request and receive an extension from this Court for their late filing.

4.  A party seeking leave to file a dispositive motion after the deadline for such motions has elapsed "bears [the] heavier burden of demonstrating both 'good cause' and 'excusable neglect.'" *Graham v. HRchitect, Inc.*, 2017 U.S. Dist. LEXIS 118549 at *3, 2017 WL 3216609 (E.D. Tex., July 28, 2017); *Adams v. Travelers Indem. Co.*, 465 F.3d 156, 161-62 (5th Cir. 2006). This double burden derives from the Rules, which distinguish requests for leave to file late that are made earlier than the deadline versus those made after the deadline has passed, requiring requests for the latter to show "excusable neglect" in addition to "good cause." *See* Fed. R. Civ. P. 6(b)(B) (permitting courts to extend time for a party to file on motion made after a deadline "if the party

failed to act because of excusable neglect").

5. Because the Rules require courts to find *both* good cause *and* excusable neglect before they grant after-deadline leave to file, movants who fail either showing must be denied leave. *See Soliz*, 2018 LEXIS 226742 at *11.

6. In determining whether the party's failure to act is the result of "excusable neglect," courts consider: (1) "the danger of prejudice to the [non-movant]"; (2) "the length of the delay and its potential impact on the judicial proceedings"; (3) "the reason for the delay, including whether it was within the reasonable control of the movant"; and (4) "whether the movant acted in good faith." *Soliz*, 2018 U.S. Dist. LEXIS 226742 at *8. To show good cause "the party seeking to modify the scheduling order has the burden of showing that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *Squyres v. Heico Cos. L.L.C.*, 782 F.3d 224, 237 (5th Cir. 2015).

7. Here, Plaintiff's motion to leave appears as an afterthought. At the end of their long motion, Plaintiff threw in a single paragraph requesting leave "to the extent necessary". Motion at 20. Moreover, Plaintiff failed to even state the showing they are required to make for the Court's leave, much less actually make that showing.

8. Plaintiff made no showing of "good cause" for filing the dispositive motion to dismiss over three and a half months after it agreed that no such motions would be filed, and this Court so ordered. While Plaintiff claims to have been blindsided by Texas's counterclaim, the Court and all parties knew in March 2024 that, under the Rules, Defendants would have an opportunity to counterclaim against Plaintiff until their answer deadline. Both parties knew when they agreed to the Scheduling Order that Texas would be able to counterclaim after the dispositive

3

motion deadline. Even if Plaintiff claims it did not expect Texas's counterclaim, the Rules alerted Plaintiff to the possibility.

9. Put another way, Plaintiff cannot reasonably claim shock or surprise that Defendants exercised the same right that every party who is sued has: to assert counterclaims under Federal Rule of Civil Procedure 13. Indeed, Defendants' Counterclaim for a Declaratory Judgment here is a *compulsory* counterclaim under Rule 13(a) that Defendants were *required* by the Rules to assert or else forfeit. Plaintiff's mere failure to anticipate the counterclaim is not "good cause" to violate the agreed-upon Scheduling Order.

10. Plaintiff also cannot show "excusable neglect." The first factor, danger of prejudice to the non-movant, weighs against leave when after-the-fact extension would hinder the non-movants' trial preparation: "District courts in the Fifth Circuit have found prejudice in this context when finding excusable neglect would affect trial preparation." *HRchitect, Inc,* 2017 U.S. Dist. LEXIS 118549 at *4; *Rivero v. Sunbeam Prod. Inc.*, 2010 U.S. Dist. LEXIS 43060, 2010 WL 1752532 (W. D. Tex. 2010), at *1 (finding excusable neglect would prejudice plaintiff because it would "impact their preparation for trial in reliance on the scheduling order deadlines"); *Deaton v. Kroger Co.*, No. 4:13-CV-254, 2014 U.S. Dist. LEXIS 95834, 2014 WL 3452486, at *2 (E.D. Tex. July 15, 2014).

11. The *Deaton* Court found the "potential prejudice to Plaintiff [] extremely high" because the plaintiff was "under the impression that there were no further grounds" for a case dispositive motion and less than two months remained until trial. There, the Court refused leave that was requested on July 27 when trial had been set for September. Here, the Court should respond to Plaintiff's motion for leave no differently; a similar amount of time remains before trial

4

begins on August 6. And the time crunch is harder on Texas because Plaintiff filed this dispositive motion while demanding ten depositions of Defendants' expert witnesses in less than three weeks. The prejudice that Plaintiff would visit on Defendants is patent.

12. Similarly, the length of Plaintiff's delay in filing this motion is extensive and inexcusable. "[D]istrict courts in the Fifth Circuit have found delays as short as a few weeks as too long to find excusable neglect." *HRchitect, Inc,* 2017 U.S. Dist. LEXIS 118549 at *4. Here, Defendants filed their Answer and Counterclaim on May 10, 2024[1]. Plaintiff sat on its hands for over forty days before filing this dispositive motion on June 21, just as the most intensive period of discovery in this case was immediately ahead. Plaintiff doesn't even attempt to explain "the reason for the delay, including whether it was within the reasonable control of the movant". That is hardly a mystery: there *is no good reason* for Plaintiff's delay, and that delay *wa*s within the reasonable control of Plaintiff.

Plaintiff has not shown and cannot demonstrate either good cause or excusable neglect. The Court should reject Plaintiff's attempt to cavalierly ignore this Court's Scheduling Order, which Plaintiff agreed to, and should enter its order striking Plaintiff's Motion to Dismiss, and for such other relief as may be appropriate.

---

[1] (ECF 118). Defendants filed an Amended Answer and Counterclaim on May 24 (ECF 120).

| | |
|---|---|
| Date: June 27, 2024 | Respectfully submitted. |
| Ken Paxton<br>Attorney General of the State of Texas | *s/ Johnathan Stone*<br>Johnathan Stone<br>Special Counsel<br>Tex. State Bar No. 24071779<br>Johnathan.stone@oag.texas.gov |
| Brent Webster<br>First Assistant Attorney General | |
| Ralph Molina<br>Deputy Attorney General for Legal Strategy | David Bryant<br>Senior Special Counsel<br>Tex. State Bar No. 03281500<br>david.bryant@oag.texas.gov |
| Ryan Walters<br>Chief, Special Litigation Division | |
| Office of the Attorney General<br>P. O. Box 12548, MC-009<br>Austin, TX 78711-2548<br>(512) 936-2172 | Munera Al-Fuhaid<br>Special Counsel<br>Tex. State Bar No. 24094501<br>munera.al-fuhaid@oag.texas.gov |
| | Kyle S. Tebo<br>Special Counsel<br>Tex. State Bar No. 24137691<br>kyle.tebo@oag.texas.gov |
| | Zachary Berg<br>Special Counsel<br>Tex. State Bar. 24107706<br>Zachary.Berg@oag.texas.gov |
| | **Counsel for Defendants** |

### CERTIFICATE OF CONFERENCE

On June 27, 2024, I conferred with counsel for Plaintiff via email and they indicated that they are opposed to this motion.

*s/ Johnathan Stone*
**Johnathan Stone**
Special Counsel

### CERTIFICATE OF SERVICE

On June 27, 2024, this document was filed electronically through the Court's CM/ECF system, which automatically serves all counsel of record.

*s/ Johnathan Stone*
**Johnathan Stone**
Special Counsel