IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| *Plaintiff,* | |
| v. | CIVIL ACTION NO. 1:23-CV-00853 |
| **GREG ABBOTT, ET AL.,** | |
| *Defendants.* | |

## DEFENDANTS' OPPOSED MOTION TO COMPEL PLAINTIFF'S INTERROGATORY RESPONSES

Plaintiff, the United States, has impeded Defendants ability to conduct meaningful discovery by refusing to provide substantive responses to Defendants' Interrogatories. Plaintiff objected to every definition and interrogatory with boilerplate general objections. *Lopez v. Don Herring Ltd.*, 327 F.R.D. 567, 591 (N.D.Tex., 2018) (finding that these type of Rambo tactics have brought disrepute upon the attorneys who employ them). The parties conferred and were unable to resolve their disagreements. Defendants ask this Court to overrule Plaintiff's objections, compel its responses, or, in the alternative to grant it additional interrogatories requests.

### LEGAL STANDARD

"A party seeking discovery may move for an order compelling … an answer … if a party fails to answer an interrogatory submitted under Rule 33." Fed. R. Civ. P. 37(a)(3)(B)(iii).

An order compelling answers is appropriate where the requested discovery is relevant, nonprivileged, and proportional to the needs of the case. *See Labaty v. UWT, Inc.*, No. 5:13-cv-389, 2015 WL 1393641, at *2-*4 (W.D. Tex. Mar. 24, 2015).

1

**ARGUMENTS AND AUTHORITIES**

I.  **Interrogatory No. 2.**

Defendants asked Plaintiff to "[i]dentify the segments of the Rio Grande River that you contend are navigable, describe the factual basis for your contention, and identify all documents relied upon in support of your contention." Ex. A at 7. This is a classic example of a contention interrogatory. Fed. R. Civ. P. 33(a)(2) ("An interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact.").

Plaintiff objected to the definitions of "you," "documents," "identify," and "factual basis." Ex. B at 8. These objections are frivolous. The definitions for these terms used by Defendants are materially similar to those contained in the Federal Rules and Local Rule CV-26. *Compare* Ex. A 3-5 *with* CV-26 *and* Fed. R. Civ. P. 34(a)(1). Plaintiff's vagueness objection, moreover, is waived because it failed to request clarification prior to making the objection. *Phillips v. Murphy Oil USA, Inc.*, No. EP-23-CV-00294-KC, 2024 WL 677711, at *3 (W.D. Tex. Feb. 12, 2024) (emphasis added) (quoting *Baker v. Walters*, 652 F. Supp. 3d 768, 780 (N.D. Tex. 2023)).

Next, Plaintiff objects that the request requires it to marshal evidence. Plaintiff fails to cite any legal authority authorizing this objection. *Compare* Tex. R. Civ. P. 197.1 (interrogatories cannot be used to require a responding party to marshal all of its available proof) with Fed. R. Civ. P. 33 (no similar language). In any event, nothing in the interrogatory asks Plaintiff to arrange its evidence in the order that it will present it at trial. The Court should overrule this objection.

Plaintiff also objects that the interrogatory asks it to prematurely provide pretrial disclosures. False. Plaintiff is required to "fully" answer the interrogatory with the information available to it at the time it answers. Fed. R. Civ. P. 33(b)(3). Nothing in the interrogatory asks

Plaintiff about pretrial disclosures. Fed. R. Civ. P. 26(a)(3)(A).

Next, Plaintiff objects that the request is overly broad, unduly burdensome, and disproportionate to the needs of the case to the extent it ask Plaintiff to identify "all documents relied upon" for its contention. Ex. B at 9. In support of this frivolous and boilerplate objection, Plaintiff cites to a district court decision in Louisiana. The cited decision is not binding on this Court. In the Western District of Texas, contention interrogatories can ask a party to identify the facts and documents supporting its contentions. *See Malibu Consulting Corp. v. Funair Corp.*, No. SA-06-CA-0735, 2007 WL 3995913 at *1 n. 1 (W.D.Tex. Nov.14, 2007) ("Contention interrogatories may properly ask for the facts that support an allegation or defense as well as the identities of knowledgeable persons and *supporting documents for the facts supporting an allegation or defense*. Contention interrogatories include questions asking an opposing party to state all the facts upon which it bases some specified contention and *questions asking an opponent to state all the evidence on which it bases some specified contention.*" (emphasis added)); *Innovative Communication Systems, Inc. v. Innovative Computing Systems, Inc.*, 2014 WL 3535716, at *2-3 (W.D.Tex.,2014) (same).

Next, Plaintiff objects that the interrogatory requires it to prematurely disclose information that its experts will rely on and seeks privileged expert draft reports. These are also frivolous. Plaintiff is required to produce responsive information that it has in its possession, regardless of whether its experts will later rely on that information. Fed. R. Civ. P. 33(b)(3). Nothing in the interrogatory seeks privileged drafts of expert reports.

Finally, Plaintiff's response to this, and every other interrogatory, begins with "subject to and without waiving the above objections." This qualification to interrogatory responses has

expressly impermissible in Texas District Courts for over at least a decade because it is manifestly confusing, misleading, and has no basis in the Federal Rules of Evidence. *Hitchcock v. Steak N Shake, Inc.*, 2017 WL 11037126, at *4 (W.D.Tex., 2017) (quoting *Samsung Electronics America Inc. v. Yang Kun "Michael" Chung*, 325 F.R.D. 578, 590 (N.D.Tex., 2017)). The Court should compel Plaintiff to remove its qualification and fully answer the interrogatory.

**II.     Interrogatory No. 3.**

Defendants asked Plaintiff to "[t]o the extent you contend segments of the Rio Grande River identified in your Response to Interrogatory No. 2 are navigable based on historical or current use of the waterway for commercial purposes, for each segment identified, describe every instance of such activity that you rely upon for your contention, including: (a) the date of the activity; (b) the companies and individuals who participated in the activity; (c) the cargo, tonnage, and approximate value of the cargo; and (d) which persons identified in your Response to Interrogatory No. 1 have personal knowledge thereof." Ex. A at 7. This is also a classic example of a contention interrogatory. Fed. R. Civ. P. 33(a)(2).

Plaintiff repeats the same frivolous boilerplate objections as those asserted in response to Interrogatory No. 2. Ex. B at 10. These objections should be rejected for exactly the same reasons discussed *supra*, including the qualified "subject to" responses.

Plaintiff adds an objection that the interrogatory is not limited in time. *Id*. But Plaintiff contends that it will succeed in this case if the Rio Grande River has <u>ever</u> served as a highway of commerce for commercial navigation and Plaintiff's retained historical expert begins his report with alleged instances of commercial navigation beginning in the 1740s. ECF 122-3. Plaintiff has put almost 300 years at issue in this case and should, to the extent it intends to rely on specific

instances of commercial activity, be required to disclose the details of each instance so that Defendants can prepare a defense.

**III.    Interrogatory No. 4.**

Defendants asked Plaintiff, "[t]o the extent you contend that segments of the Rio Grande River identified in your Response to Interrogatory No. 2 are navigable because they could be made susceptible to use for commercial purposes with reasonable improvements, for each segment identified, describe the potential improvements you intend to rely upon and the means, manner and method of their construction, including the length of the improvement and the new depth and dimensions of the affected segments of the Rio Grande River after such improvements are made." Ex. A at 7; *see* Fed. R. Civ. P. 33(a)(2) (contention interrogatories).

Plaintiff repeats the same frivolous boilerplate objections as those asserted in response to Interrogatory No. 2-3. *See* Ex. B at 11. These objections should be rejected for exactly the same reasons discussed *supra*, including the qualified "subject to" responses.

Plaintiff should be compelled to *fully* answer the interrogatory with all of the information requested so Defendants can prepare an adequate defense.

**IV.    Interrogatory No. 5.**

Defendants asked Plaintiff, "[f]or each improvement identified in your Response to Interrogatory No. 4, describe the factual basis for your contention that the improvements are reasonable, including but not limited to the expected financial costs and benefits of each improvement, and identify all documents relied upon in support of your contention." Ex. A at 8; *see* Fed. R. Civ. P. 33(a)(2).

Plaintiff repeats the same frivolous boilerplate objections as those asserted in response to

5

Interrogatory No. 2-4. *See* Ex. B at 11-12. These objections should be rejected for exactly the same reasons discussed *supra*, including the qualified "subject to" responses.

Plaintiff adds a new objection that the interrogatory "is not a proper contention interrogatory because it is unrelated to any contention of the United States in this matter, but rather to Texas' own legal contentions about whether cost-benefit evidence is required to establish jurisdiction under the Rivers and Harbors Act." *Id*. False. Whether the Rio Grande River is susceptible to future commercial use with reasonable improvements is an issue *expressly* argued by Plaintiff in this case. *See e.g.*, ECF 37 at 2, 4-5. The case cited by Plaintiff in support of this objection, *Modern Font Applications LLC v. Red Lobster Hospitality LLC*, 2022 WL 2373865, at *4 (W.D.Tex., 2022), is distinguishable in every way and involved an interrogatory asking the adverse party to identify portions of source code that correlated to specific functions for handheld device software applications used by Red Lobster employees.

Plaintiff should be compelled to *fully* answer the interrogatory with all of the information requested so Defendants can prepare an adequate defense.

**V.      Interrogatory No. 6.**

Defendants asked Plaintiff, "[t]o the extent you contend the floating buoys constitute an obstruction, identify whether you contend the floating buoys are a "wharf," "pier," "dolphin," "boom," "weir," "breakwater," "bulkhead," "jetty," or an "other structure," explain the factual basis for your contention, and identify all documents relied upon in support of your contention." Ex. A at 8; *see* Fed. R. Civ. P. 33(a)(2) (contention interrogatories).

Plaintiff repeats the same frivolous boilerplate objections as those asserted in response to Interrogatory No. 2-5. *See* Ex. B at 11-12. These objections should be rejected for exactly the same

6

reasons discussed *supra*, including the qualified "subject to" responses.

Plaintiff further objects that the interrogatory misstates Plaintiff's legal position, which is not an objection in the Federal Rules and should be ignored entirely. Ex. B at 12.

Finally, Plaintiff objects that interrogatory is compound and constitutes 9 separate interrogatories. *Id*. at 13. The Western District of Texas uses the "related questions" test when determining whether subparts of an interrogatory are separate interrogatories. The "related question" test provides that "subparts that are logically or factually subsumed within and necessarily related to the primary question should not be treated as separate interrogatories." *Superior Sales West, Inc. v. Gonzalez*, 335 F.R.D. 98, 104 (W.D.Tex., 2020) (quoting *Erfindergemeinschaft Uropep GbR v. Eli Lilly and Company*, 315 F.R.D. 191, 196 (E.D.Tex., 2016) (collecting cases)); *Tijerina-Salazar v. Venegas*, 2022 WL 1085620, at *8 (W.D.Tex., 2022). Here, the primary question is what *type* of obstruction that Plaintiff's contend the buoys are, the factual basis for the contentions, and the documents relied on for the contention. The list of different types of obstructions is taken directly from Section 10 of the Rivers and Harbors Act. The subparts of this interrogatory are logically, factually, and necessarily related to the primary question. The Court should, therefore, overrule Plaintiff's compound objection.

Plaintiff should be compelled to *fully* answer the interrogatory with all of the information requested so Defendants can prepare an adequate defense.

**VI.     Interrogatory No. 7.**

Defendants asked Plaintiff, "[t]o the extent that you contend the floating buoys constitute an obstruction, describe each incident that you intend to rely on in support of your contention, including: (a) the circumstances giving rise to the incident; (b) the person, place, or thing

obstructed; (c) the date the obstruction occurred; (d) whether contact was made with the floating buoys; (e) any injuries or damage resulting from the obstruction; and (f) which persons identified in your Response to Interrogatory No. 1 have personal knowledge thereof." Ex. A at 8; *see* Fed. R. Civ. P. 33(a)(2) (contention interrogatories).

Plaintiff repeats the same frivolous boilerplate objections as those asserted in response to Interrogatory No. 2-6. *See* Ex. B at 14-15. These objections should be rejected for exactly the same reasons discussed *supra*, including the qualified "subject to" responses.

Plaintiff should be compelled to *fully* answer the interrogatory with all of the information requested so Defendants can prepare an adequate defense.

**VII. Interrogatory No. 12.**

Defendants asked Plaintiff to "[i]dentify each instance in which the United States has asserted: in any United States courts; in any other court, tribunal, or national or international body; internally; to Mexico; in any publication or writing; or otherwise, that the Treaty of Guadalupe Hidalgo of 1848 or any articles thereof are not self-executing or may not be enforced directly absent congressional executing legislation." Ex. A at 10. The Court dismissed the 1848 Treaty claims after Defendants sent interrogatories 11-13 (all of which related to this claim) to Plaintiff. ECF 114.

Plaintiff objected that the interrogatory is compound, claiming that it amounted to 9 separate interrogatories. Ex. B at 19-20. Plaintiff refused to answer any further interrogatories. *Id.* at 20-25 The Court should overrule Plaintiff's compound objection. The primary question is whether the U.S. has previously taken the position that the 1848 Treat is not self-executing. The partial list of venues where the U.S. might have raised this assertion are logically, factually, and necessarily related to the primary question. Interrogatory 12 is, therefore, a single interrogatory.

**VIII.    Interrogatory No. 15.**

Defendants asked Plaintiff to "[i]dentify each instance in which the United States has ever, prior to this action, asserted or claimed (formally or informally) that any floating buoys attached to each other were or were not a "wharf," "pier," "dolphin," "boom," "weir," "breakwater," "bulkhead," "jetty," or an "other structure" as described in Section 10 of the Rivers and Harbors Appropriation Act of 1899. Ex. A at 11.

Plaintiff objected that this interrogatory is compound and constitutes 9 separate interrogatories. Ex. B at 21-22. False. The primary question is whether the U.S. has previously taken positions on whether attached buoys the types of obstructions listed in Section 10 of the River and Harbors Act. The list of different types of obstructions, taken from the River and Harbors Act, are logically, factually, and necessarily related to the primary question. The Court should overrule Plaintiff's compound objection.

**IX.    Interrogatory No. 17.**

Defendants asked Plaintiff to "[d]escribe any prior plans or proposals to construct or install buoys or any other object in the Rio Grande River to prevent the illegal crossing of persons or unlawful drugs from Mexico into the United States; in each instance identify the location, date of the proposal, documents relating to the proposal, and persons you identified in your Response to Interrogatory No. 1 with personal knowledge regarding the plan or proposal." Ex. A at 11.

Plaintiff repeats the same frivolous boilerplate objections as those asserted in response to Interrogatory No. 2-7. *See* Ex. B at 23. These objections should be rejected for exactly the same reasons discussed *supra*, including that the interrogatory is vague and ambiguous without seeking clarification prior to making said objection.

Plaintiff also objects that the interrogatory is not limited in time, yet it made the same objection to interrogatory no. 9 and responded from 2018 through the present.

Finally, Plaintiff objects that the interrogatory seeks information that *may* be protected by the deliberative process privilege. This is an improper privilege assertion.

Plaintiff should be compelled to *fully* answer the interrogatory with all of the information requested so Defendants can prepare an adequate defense.

X.      **Interrogatory No. 19.**

Defendants asked Plaintiff, "[t]o the extent you contend that segments of the Rio Grande River would be navigable with any improvements you identified in your Response to Interrogatory No. 4, describe the commercial activity that you contend would occur after the completion of the improvements and identify any documents you relied upon for your contention(s)…" Ex. A at 12.

Plaintiff repeats the same frivolous boilerplate objections as those asserted in response to Interrogatory No. 2-7, 12. *See* Ex. B at 24-25. These objections should be rejected for exactly the same reasons discussed *supra*, including that the interrogatory is vague and ambiguous without seeking clarification prior to making said objection.

Plaintiff also objects that the interrogatory is compound and constitutes 11 separate interrogatories. The primary question is the commercial activity that Plaintiffs contend will occur if they construct improvements necessary to make the Rio Grande River navigable. The type of commercial activity and logistics of how it would operate are logically, factually, and necessarily related to the primary question. This information is necessary to determine if the proposed improvements are reasonable and would result in commercial navigation—issues squarely in dispute. The Court should overrule Plaintiff's compound objection.

## CONCLUSION

For the foregoing reasons, the Court should grant Defendants' Motion to Compel and overrule Plaintiff's objections or, alternatively, to the extent it grants any compound objections, grant Defendants additional interrogatories given the complexity of the case and in light of the entrenched obstructionism exhibited by Plaintiff's objections and unwillingness to cooperate. Defendants as for any further relief to which they may be justly entitled.

Date: June 27, 2024

Ken Paxton
Attorney General of the State of Texas

Brent Webster
First Assistant Attorney General

Ralph Molina
Deputy Attorney General for Legal Strategy

Ryan Walters
Chief, Special Litigation Division

Office of the Attorney General
P. O. Box 12548, MC-009
Austin, TX 78711-2548
(512) 936-2172

Respectfully submitted,

*/s/ Johnathan Stone*
**Johnathan Stone**
Special Counsel
Tex. State Bar No. 24071779
Johnathan.stone@oag.texas.gov

David Bryant
Senior Special Counsel
Tex. State Bar No. 03281500
david.bryant@oag.texas.gov

Munera Al-Fuhaid
Special Counsel
Tex. State Bar No. 24094501
munera.al-fuhaid@oag.texas.gov

Kyle S. Tebo
Special Counsel
Tex. State Bar No. 24137691
kyle.tebo@oag.texas.gov

Zachary Berg
Special Counsel
Tex. State Bar. 24107706
Zachary.Berg@oag.texas.gov

**Counsel for Defendants**

## CERTIFICATE OF CONFERENCE

On June 27, 2024, I conferred with counsel for Plaintiff via email and they indicated that they are opposed to this motion.

*s/ Johnathan Stone*
**Johnathan Stone**
Special Counsel

## CERTIFICATE OF SERVICE

On June 27, 2024, this document was filed electronically through the Court's CM/ECF system, which automatically serves all counsel of record.

*s/ Johnathan Stone*
**Johnathan Stone**
Special Counsel
