**Exhibit A**

# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| *Plaintiff,* | |
| v. | **CIVIL ACTION NO. 1:23-CV-00853-DAE** |
| **GREG ABBOTT, ET AL.,** | |
| *Defendants.* | |

## DEFENDANTS' FIRST SET OF INTERROGATORIES TO PLAINTIFF

TO:   Plaintiff, by and through its attorney of record Landon A. Wade, Assistant United States Attorney, U.S Attorney's Office Western District of Texas, 903 San Jacinto Blvd. Suite 334, Austin, Texas 78701

Pursuant to the Federal Rules of Civil Procedure, and the Local Rules of the United States District Court for the Western District of Texas, Defendants serve their First Set of Interrogatories to Plaintiff.

| | |
|---|---|
| Date: March 13, 2024 | Respectfully submitted, |
| Ken Paxton<br>Attorney General of the State of Texas | Ryan D. Walters<br>Chief, Special Litigation Division<br>Tex. State Bar No. 24105085<br>ryan.walters@oag.texas.gov |
| Brent Webster<br>First Assistant Attorney General | */s/ David Bryant*<br>David Bryant<br>Special Counsel<br>Tex. State Bar No. 03281500<br>david.bryant@oag.texas.gov |
| Ralph Molina<br>Deputy Attorney General for Legal Strategy | Amy S. Hilton<br>Special Counsel<br>Tex. State Bar No. 24097834<br>amy.hilton@oag.texas.gov |
| Office of the Attorney General<br>P. O. Box 12548, MC-009<br>Austin, TX 78711-2548<br>(512) 936-2172 | Munera Al-Fuhaid<br>Special Counsel<br>Tex. State Bar No. 24094501<br>munera.al-fuhaid@oag.texas.gov |
| | Jacob E. Przada<br>Special Counsel<br>Tex. State Bar No. 24125371<br>jacob.przada@oag.texas.gov |
| | **Counsel for Defendants** |

### Certificate of Service

On March 13, 2024, this document was served via electronic mail upon all counsel of record.

*/s/ David Bryant*
David Bryant

### INSTRUCTIONS

In answering these interrogatories, please furnish all information available to you, including information in the possession of your attorney, or your attorney's investigators, and all persons acting on your behalf, and not merely such information known to you or of your own personal knowledge. If you cannot answer each interrogatory in full after exercising due diligence to secure the information, so state in your answer and--to the extent possible--provide whatever information or knowledge you have.

Plaintiff is advised that these requests are continuing in nature and if any response was incomplete or incorrect when made, or, although complete and correct when made, is no longer complete and correct, the party must amend or supplement the response in accordance with Federal Rule of Civil Procedure 33. Such amended or supplemental response must be made reasonably promptly after the party discovers the necessity for such a response.

### DEFINITIONS

The following definitions apply in these interrogatories:

A. "You" and "your" mean the party or persons to whom these interrogatories are addressed, as well as its employees, agents, attorneys and all other persons acting or purporting to act for or on behalf of such party or persons, whether authorized to do so or not.

B. "Person" includes natural persons, business enterprises, corporations, firms, associations, partnerships, joint ventures, or any other form of legal business entity; and governmental agencies, departments, units, or any subdivisions thereof.

C. "Document," "correspondence" or "communications" mean writings of every kind, source, and authorship, both originals and all non-identical copies thereof, in your possession, custody or control, or known by you to exist, regardless of whether the writing is one intended for or transmitted internally by you, or intended for or transmitted to any other person or entity, including without limitation, any government agency, department, administrative entity, or personnel, and further includes tangible things, video, audio, and intangible things in electronic

form, or stored in the cloud or any other media.

The term "document" includes handwritten, typewritten, printed, photocopied, photographic, and recorded matter, whether analog or digital. It includes communications in words, symbols, pictures, sound recordings, films, tapes, and information stored in, or accessible through, computer or other information storage or retrieval systems, together with the codes and or programming instructions and other materials necessary to understand and use such systems.

D. To "identify" a person means to state the following:

1. the full name of the person;

2. the person's present employer and job title, if known; if not known, the answer shall so state;

3. the person's present business and residence addresses and telephone numbers, if known; if not known, then the person's last known business and residence addresses and telephone numbers; and

4. the person's affiliation at any time with you by employment or otherwise, including the nature and dates of such affiliation.

E. To "identify" a document means to state the following:

1. the title, heading, or caption, if any, of such document;

2. the identifying number(s), letter(s), or combination thereof, on the document, if any; and the significance or meaning of such number(s), letter(s), or combination thereof, if necessary to understand the document or to evaluate any claim that the document is protected from discovery;

3. the date appearing on the document; if no date appears thereon, the answer shall so state and shall give the date or approximate date on which the document was prepared;

4. the number of pages and the general nature or description of the document (e.g., a letter, memorandum, minutes of a meeting, etc.);

          5.      the identity of the person who signed the document or over whose name the document was issued; if the document was not signed, the answer shall so state, and shall identify the person(s) who prepared it;

          6.      the identity of each person to whom the document was addressed, sent, distributed, or directed;

          7.      the physical location of the document and the name of its custodian(s); and

          8.      whether the document will be voluntarily made available to Defendants for inspection and copying; if not, the reasons why not.

F.      To "identify" an oral communication means to state:

          1.      the time, date, and place at which the oral communication was made;

          2.      the identity of each person who participated in the oral communication and who was present during the oral communication;

          3.      the identity of the person(s) who employed, or who was represented by, each person making the oral communications;

          4.      the substance of the communication; and

          5.      the identity of each document pertaining to the oral communication.

G.      To "identify the factual basis" for a contention means to identify facts sufficient to constitute admissible evidence in a court of law.

H.      Unless the context requires otherwise, the masculine gender includes the feminine gender, the feminine includes the masculine gender, and the singular number includes the plural number.

I.      If you claim that any information requested in these interrogatories is subject to any privilege, state the precise nature and basis of the privilege claimed, including a reference by number and subdivision to any applicable provisions of the Federal Rules of Evidence under which

such privilege is claimed.

J.    "Mexico" and "Government of Mexico" mean the federal government of Mexico, its federal departments, agencies, and/or bureaus; and any or all officers, agents, or representatives of the government, including but not limited to the Mexican-United States Section of the International Boundary and Water Commission, and the State of Coahuila.

K.    "United States" and "Government of the United States" mean the federal government of the United States, its departments, agencies, and/or bureaus; and any or all officers, agents, or representatives of the government, including but not limited to the Mexican-United States Section of the International Boundary and Water Commission.

L. "Representatives" include employees, agents, attorneys and all other persons acting or purporting to act for or on behalf of such the United States or its Agencies, whether authorized to do so or not.

M.    "Company(ies)" means a legal entity formed by a group of individuals to engage in and operate a business—commercial or industrial—enterprise.

N.    "Buoys" mean the floating objects deployed in the Rio Grande River by the State of Texas within the vicinity of Eagle Pass, Texas, from July 10, 2023, to present.

O.    "Wharf," "Pier," "Dolphin," "Boom," "Weir," "Breakwater," "Bulkhead," "Jetty," or "Other structure" retain their ordinary meaning, as understood within Section 10 of the Rivers and Harbors Act of 1899.

P.    "IBWC" means the International Boundary and Water Commission, its departments and subdivisions; and any or all of its officers, agents, or representatives.

Q.    "Invasion" means the entry of foreign persons in a manner hostile to or violative of the national or subnational laws of another country.

R.    To the extent that terms are not defined, please use their ordinary meaning.

## INTERROGATORIES

**INTERROGATORY NO. 1:**

Identify all persons who you believe have knowledge of relevant facts and identify the issues about which you believe they have knowledge.

**RESPONSE TO INTERROGATORY NO. 1:**

**INTERROGATORY NO. 2:**

Identify the segments of the Rio Grande River that you contend are navigable, describe the factual basis for your contention, and identify all documents relied upon in support of your contention.

**RESPONSE TO INTERROGATORY NO. 2:**

**INTERROGATORY NO. 3:**

To the extent you contend segments of the Rio Grande River identified in your Response to Interrogatory No. 2 are navigable based on historical or current use of the waterway for commercial purposes, for each segment identified, describe every instance of such activity that you rely upon for your contention, including: (a) the date of the activity; (b) the companies and individuals who participated in the activity; (c) the cargo, tonnage, and approximate value of the cargo; and (d) which persons identified in your Response to Interrogatory No. 1 have personal knowledge thereof.

**RESPONSE TO INTERROGATORY NO. 3:**

**INTERROGATORY NO. 4:**

To the extent you contend that segments of the Rio Grande River identified in your Response to Interrogatory No. 2 are navigable because they could be made susceptible to use for commercial purposes with reasonable improvements, for each segment identified, describe the potential improvements you intend to rely upon and the means, manner and method of their construction, including the length of the improvement and the new depth and dimensions of the affected

segments of the Rio Grande River after such improvements are made.

**RESPONSE TO INTERROGATORY NO. 4:**


**INTERROGATORY NO. 5:**

For each improvement identified in your Response to Interrogatory No. 4, describe the factual basis for your contention that the improvements are reasonable, including but not limited to the expected financial costs and benefits of each improvement, and identify all documents relied upon in support of your contention.

**RESPONSE TO INTERROGATORY NO. 5:**


**INTERROGATORY NO. 6:**

To the extent you contend the floating buoys constitute an obstruction, identify whether you contend the floating buoys are a "wharf," "pier," "dolphin," "boom," "weir," "breakwater," "bulkhead," "jetty," or an "other structure," explain the factual basis for your contention, and identify all documents relied upon in support of your contention.

**RESPONSE TO INTERROGATORY NO. 6:**


**INTERROGATORY NO. 7:**

To the extent that you contend the floating buoys constitute an obstruction, describe each incident that you intend to rely on in support of your contention, including: (a) the circumstances giving rise to the incident; (b) the person, place, or thing obstructed; (c) the date the obstruction occurred; (d) whether contact was made with the floating buoys; (e) any injuries or damage resulting from the obstruction; and (f) which persons identified in your Response to Interrogatory No. 1 have personal knowledge thereof.

**RESPONSE TO INTERROGATORY NO. 7:**


**INTERROGATORY NO. 8:**

segments of the Rio Grande River after such improvements are made.

**RESPONSE TO INTERROGATORY NO. 4:**


**INTERROGATORY NO. 5:**

For each improvement identified in your Response to Interrogatory No. 4, describe the factual basis for your contention that the improvements are reasonable, including but not limited to the expected financial costs and benefits of each improvement, and identify all documents relied upon in support of your contention.

**RESPONSE TO INTERROGATORY NO. 5:**


**INTERROGATORY NO. 6:**

To the extent you contend the floating buoys constitute an obstruction, identify whether you contend the floating buoys are a "wharf," "pier," "dolphin," "boom," "weir," "breakwater," "bulkhead," "jetty," or an "other structure," explain the factual basis for your contention, and identify all documents relied upon in support of your contention.

**RESPONSE TO INTERROGATORY NO. 6:**


**INTERROGATORY NO. 7:**

To the extent that you contend the floating buoys constitute an obstruction, describe each incident that you intend to rely on in support of your contention, including: (a) the circumstances giving rise to the incident; (b) the person, place, or thing obstructed; (c) the date the obstruction occurred; (d) whether contact was made with the floating buoys; (e) any injuries or damage resulting from the obstruction; and (f) which persons identified in your Response to Interrogatory No. 1 have personal knowledge thereof.

**RESPONSE TO INTERROGATORY NO. 7:**


**INTERROGATORY NO. 8:**

Identify every communication you have had with a nonparty relating to the buoys, including: (a) the date of the communication; (b) all parties to or with knowledge of the communication; and (c) state the full substance of the communication.

**RESPONSE TO INTERROGATORY NO. 8:**

**INTERROGATORY NO. 9:**

Identify each instance in which any person or entity has ever, to your knowledge, proposed or suggested (formally or informally) dredging or otherwise making improvements to any segment of the Rio Grande River to improve navigability or for any other reasons, and for each instance, (a) identify who made the proposal or suggestion and all persons to whom it was communicated; (b) state when the proposal or suggestion was under consideration by anyone; and (c) state its disposition, the date of that disposition, and the reason(s) therefor.

**RESPONSE TO INTERROGATORY NO. 9:**

**INTERROGATORY NO. 10:**

Identify each instance in which a State of the United States has, to your knowledge, asserted the right or taken action to defend itself or its citizens, or erect barriers, defenses, or fortifications of any kind, against actual or feared invasion or unlawful incursions on the territory of the State or against its citizens by foreign countries or citizens of foreign countries (whether constituting a uniformed military force, and including but not limited to piracy, banditry, raiding, smuggling, and theft); for each instance, (a) state the date(s) of such assertion or action; (b) state the nature of the action proposed or taken by the State; and (c) describe any action taken or communications made to or by the United States relating or referring to such proposed or actual actions by the State.

**RESPONSE TO INTERROGATORY NO. 10:**

**INTERROGATORY NO. 11:**

Identify each instance in which the United States has ever, prior to this action, directly asserted claims in any United States courts against any United States citizens, United States companies, or States of the United States under the Treaty of Guadalupe Hidalgo of 1848; for each instance state the date, court, and parties against whom such claim was asserted.

**RESPONSE TO INTERROGATORY NO. 11:**

**INTERROGATORY NO. 12:**

Identify each instance in which the United States has asserted: in any United States courts; in any other court, tribunal, or national or international body; internally; to Mexico; in any publication or writing; or otherwise, that the Treaty of Guadalupe Hidalgo of 1848 or any articles thereof are not self-executing, or may not be enforced directly absent congressional executing legislation.

**RESPONSE TO INTERROGATORY NO. 12:**

**INTERROGATORY NO. 13:**

Identify each instance in which the United States has invoked or participated in any dispute resolution procedures pursuant to Article 21 of the Treaty of Guadalupe Hidalgo of 1848; for each instance, state (a) the date of invocation or participation in such procedures; (b) describe the subjects and outcomes of such procedures; and identify each person with any knowledge thereof.

**RESPONSE TO INTERROGATORY NO. 13:**

**INTERROGATORY NO. 14:**

Identify each instance in which, prior to this action, the United States has become aware of the use or placement (other than by the United States) of any floating buys attached to each other in any navigable waters of the United States without a prior United States Army Corps of Engineers permit or United States Coast Guard permit; for each instance, (a) describe fully the dates and locations of such use or placement; (b) describe the action, if any, taken by the United States to seek legal recourse or to cause or incentivize compliance with any applicable permitting

requirement; and (c) identify each person with knowledge of why such action was or was not taken.

**RESPONSE TO INTERROGATORY NO. 14:**

**INTERROGATORY NO. 15:**

Identify each instance in which the United States has ever, prior to this action, asserted or claimed (formally or informally) that any floating buoys attached to each other were or were not a "wharf," "pier," "dolphin," "boom," "weir," "breakwater," "bulkhead," "jetty," or an "other structure" as described in Section 10 of the Rivers and Harbors Appropriation Act of 1899.

**RESPONSE TO INTERROGATORY NO. 15:**

**INTERROGATORY NO. 16:**

Identify the effect, if any, of Mexico's concern regarding the buoys, if any, on the outcome of the following bilateral negotiations: (a) the High Level Economic Dialogue that occurred in September 2023; (b) the High Level Security Dialogue that occurred in October 2023; (c) the talks regarding migration that occurred between President Biden and President Obrador during the 2023 Asia-Pacific Economic Cooperation Summit; (d) the talks regarding migration that occurred between Secretary Blinken and President Obrador on December 27, 2023; (e) the talks that occurred between Secretary Blinken and Secretary Barcena that took place on January 19, 2024; and (f) the IBWC Minute negotiations that occurred since the installation of the floating buoys.

**RESPONSE TO INTERROGATORY NO. 16:**

**INTERROGATORY NO. 17:**

Describe any prior plans or proposals to construct or install buoys or any other object in the Rio Grande River to prevent the illegal crossing of persons or unlawful drugs from Mexico into the United States; in each instance identify the location, date of the proposal, documents relating to the proposal, and persons you identified in your Response to Interrogatory No. 1 with personal knowledge regarding the plan or proposal.

11

**RESPONSE TO INTERROGATORY NO. 17:**

**INTERROGATORY NO. 18:**

Identify all documents in your possession, custody, or control, including reports, assessments, analyses, and communications, relating to the floating buoys that *have not* been produced to Defendants; in each instance, identify: (a) the date the document was created; (b) the author(s) of the document; (c) the recipient(s) of the document; and (d) the content of the document.

**RESPONSE TO INTERROGATORY NO. 18:**

**INTERROGATORY NO. 19:**

To the extent you contend that segments of the Rio Grande River would be navigable with any improvements you identified in your Response to Interrogatory No. 4, describe the commercial activity that you contend would occur after the completion of the improvements and identify any documents you relied upon for your contention(s); for each instance of commercial activity, describe: (a) the goods and services that would be transported on the Rio Grande River; (b) the owners of the goods or services; (c) the location where the goods or services would be loaded onto any watercraft; (d) the type of watercraft on which the goods and services would be loaded and transported along the Rio Grande River; (e) the owners of any watercraft on which the goods and services would be transported along the Rio Grande River; (f) the manner of loading the goods or services onto any watercraft; (g) the location where the goods or services would be unloaded from any watercraft; (h) the manner of unloading the goods or services from the watercraft; (i) the manner by which any watercraft would return to the original loading location; (j) whether any watercraft would transport goods or services during the return trip to the original loading location; and (k) explain whether and how this method of transportation would be more or less expensive than transporting the goods or services via highway, air, or rail.

**RESPONSE TO INTERROGATORY NO. 19:**

**INTERROGATORY NO. 20:**

Identify all federal agencies and departments whose participation would be requested or necessary in order to authorize, approve, permit, or construct the improvements, if any, you identified in your Response to Interrogatory No. 4; in each instance, provide their availability for a deposition in accordance with Federal Rule of Civil Procedure 30(b)(6) during May and June of 2024 to answer questions about said improvements.

**RESPONSE TO INTERROGATORY NO. 20:**