**Exhibit B**

**United States District Court**
**Western District of Texas**
**Austin Division**

| | |
|---|---|
| **United States of America,** | |
| *Plaintiff*, | |
| v. | **No. 1:23-cv-00853-DAE** |
| **Greg Abbott, in his capacity as Governor of the State of Texas, and the State of Texas,** | |
| *Defendants*. | |

**PLAINTIFF'S AMENDED RESPONSE TO DEFENDANTS' FIRST SET OF INTERROGATORIES TO PLAINTIFF**

Pursuant to Federal Rules of Civil Procedure 26 and 33 and Local Rules CV-26 and CV-33, Plaintiff, the United States of America, hereby responds to Defendants' First Set of Interrogatories to Plaintiff.  Discovery in connection with the above-captioned matter is ongoing. Both Parties withheld their initial production of documents pending their negotiation of a necessary stipulation and proposed protective order establishing procedures for review, production, and protection of potentially relevant or responsive information.  The Parties jointly moved on Friday, April 26, 2024, for entry of that proposed order.  The Parties have agreed that, following the Court's approval and entry of a finalized version of the proposed order, each Party will initiate a rolling production of documents which may continue in the remaining course of discovery.  The Parties also have not yet exchanged initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) as of today's date, and have agreed to do so by Monday, May 6, 2024.  Additionally, neither party has yet disclosed expert reports pursuant to Fed. R. Civ. P. 26(a)(2)(B), and the United States' expert reports are due Friday, May 10, 2024, by Court order.  ECF 97.  As such, the responses set forth below are based only on the information, facts, and documents currently available to the United States.  The United States therefore reserves the right to amend or

1

supplement these responses as and when appropriate or necessary in accordance with Fed. R.

Civ. P. 26, if different or additional information is subsequently discovered or if there are

changes in relevance, significance, or applicability of the information currently known.  The

United States further reserves the right to rely upon any such amended or supplemental

interrogatory responses in any court filings and at trial.

## OBJECTIONS TO TEXAS'S DEFINITIONS

### DEFINITION A:

"You" and "your" mean the party or persons to whom these interrogatories are addressed, as well as employees, agents, attorneys and all other persons acting or purporting to act for or on behalf of such party, whether authorized to do so or not.

### OBJECTIONS:

The United States objects to Definition A as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it attempts to expand the scope of responding agencies well beyond the federal agencies involved in the above-captioned action, which are limited to:  (1) the Department of State; (2) the Department of Homeland Security, including U.S. Customs and Border Protection and the U.S. Coast Guard; (3) the U.S. Army Corps of Engineers; and (4) the U. S. Section of the International Boundary and Water Commission.  The responses to these Interrogatories are provided on those federal agencies' behalf.  The United States further objects to this request as overbroad, unduly burdensome, and not proportional to the needs of the case in that it appears to seek information from every single federal employee, as well as even unaffiliated personnel who merely "purport[] to act for or on behalf" of the United States, regardless of any actual authority to act for the United States.  Information in the possession, custody, or control of any individual in their personal capacity or otherwise not authorized to act on behalf of the United States, whether employed by the United States or not, is not within the possession, custody, or control of the United States, and the United States will not search for such information.  The United States further objects to this definition as vague and ambiguous in its use of the terms and phrases "agents," "all other persons acting or purporting to act for or on behalf of such party," and "authorized to do so."

### DEFINITION B:

"Person" includes natural persons, business enterprises, corporations, firms, associations, partnerships, joint ventures, or any other form of legal business entity; and governmental agencies, departments, units, or any subdivisions thereof.

### DEFINITION C:

"Document," "correspondence" or "communications" mean writings of every kind, source, and authorship, both originals and all non-identical copies thereof, in your possession, custody or control, or known by you to exist, regardless of whether the writing is one intended for or transmitted internally by you, or intended for or transmitted to any other person or entity, including without limitation, any government agency, department, administrative entity, or personnel, and

further includes tangible things, video, audio, and intangible things in electronic form, or stored in the cloud or any other media.

The term "document" includes handwritten, typewritten, printed, photocopied, photographic, and recorded matter, whether analog or digital. It includes communications in words, symbols, pictures, sound recordings, films, tapes, and information stored in, or accessible through, computer or other information storage or retrieval systems, together with the codes and or programming instructions and other materials necessary to understand and use such systems.

## **OBJECTIONS:**

The United States objects to Definition C's use of the terms and phrases "intangible things in electronic form" and "any other media" as vague and ambiguous.

The United States further objects this Definition is overbroad and imposes a burden disproportionate to the needs of the case to the extent it is interpreted to include any of the following electronically stored information ("ESI"), which the Parties have proposed to stipulate are not reasonably accessible for purposes of discovery in this litigation:

(a)    Data stored in a backup system for the purpose of system recovery or information restoration, including but not limited to, disaster recovery backup tapes, continuity of operations systems, data or system mirrors or shadows, or automated generation of versions of files, if such data are routinely deleted or written over in accordance with an established routine system maintenance practice;

(b)    Voice-mail messages;

(c)    Instant messages, such as messages sent on Teams or Microsoft Communicator;

(d)    Text messages, such as cell phone to cell phone SMS messages;

(e)    Electronic mail sent to or from a smartphone (e.g., iPhone), tablet (e.g., iPad) provided that a copy of such e-mail is saved elsewhere;

(f)    Other electronic data stored on a smartphone or tablet, such as calendar or contact data or notes, provided that a copy of such information is saved elsewhere;

(g)    Logs of calls made from cellular phones;

(h)    Deleted computer files, whether fragmented or whole;

(i)    Data stored in random access memory ("RAM"), cache memory, or in temporary or cache files, including internet history, web browser cache and cookie files, wherever located;

(j)    Data that is not accessible through the operating system installed on a device;

(k)    Data stored on photocopiers, scanners, and fax machines;

(l)    Server, system, or network logs;

(m)    Electronic data temporarily stored by scientific equipment or attached devices, provided that the data that is ordinarily preserved as part of a laboratory report is, in fact, preserved in its ordinary location and form; and

(n)    Data stored on electronic systems that were no longer in use five years before the complaint was filed.

**DEFINITION D:**

To "identify" a person means to state the following:

1. the full name of the person;

2. the person's present employer and job title, if known; if not known, the answer shall so state;

3. the person's present business and residence addresses and telephone numbers, if known; if not known, then the person's last known business and residence addresses and   telephone numbers; and

4. the person's affiliation at any time with you by employment or otherwise, including the nature and dates of such affiliation.

**OBJECTIONS:**

The United States objects to Definition D to the extent it seeks any information the disclosure of which may violate any statute, including the Privacy Act or the IOIA, or which is otherwise protected from disclosure, including by any treaty, convention, international law, or principles of international comity.  The United States further objects to this request to the extent it seeks information protected from disclosure by any privilege, including the law enforcement privilege.

**DEFINITION E:**

To "identify" a document means to state the following:

1. the title, heading, or caption, if any, of such document;

2. the identifying number(s), letter(s), or combination thereof, on the document, if any; and the significance or meaning of such number(s), letter(s), or combination thereof, if necessary to understand the document or to evaluate any claim that the document is protected from discovery;

3. the date appearing on the document; if no date appears thereon, the answer shall so state and shall give the date or approximate date on which the document was prepared;

4. the number of pages and the general nature or description of the document (e.g., a letter, memorandum, minutes of a meeting, etc.);

5. the identity of the person who signed the document or over whose name the document was issued; if the document was not signed, the answer shall so state, and shall identify the person(s) who prepared it;

6. the identity of each person to whom the document was addressed, sent, distributed, or directed;

7. the physical location of the document and the name of its custodian(s); and

8. whether the document will be voluntarily made available to Defendants for inspection and copying; if not, the reasons why not.

**OBJECTIONS:**

The United States objects to Definition E as overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent it seeks to require the United States to create a log of any documents.  Non-privileged documents not precluded from disclosure by statute, international agreements or law, or other protections will be produced, and any requirement to develop a log of such documents in addition to production is per se unreasonable.  Moreover, to the extent this definition purports to create privilege log obligations beyond those set forth in Fed.

4

R. Civ. P. 26(b)(5), the United States objects that this request is overbroad, unduly burdensome, and not proportional to the needs of the case, and further objects to the extent such a log would require divulsion of any information protected from disclosure.  The United States also objects to this Definition to the extent it may seek identification of documents from offices of legal counsel as to which the Parties stipulate that no search, review, or privilege log obligation is necessary.

**DEFINITION F:**

To "identify" an oral communication means to state:

1. the time, date, and place at which the oral communication was made;

2. the identity of each person who participated in the oral communication and who was present during the oral communication;

3. the identity of the person(s) who employed, or who was represented by, each person making the oral communications;

4. the substance of the communication; and

5. the identity of each document pertaining to the oral communication.

**OBJECTIONS:**

The United States incorporates herein its Objections to Definition E, which also apply to Definition F.

**DEFINITION G:**

To "identify the factual basis" for a contention means to identify facts sufficient to constitute admissible evidence in a court of law.

**OBJECTIONS:**

The United States objects to Definition G as inconsistent with Fed. R. Civ. P. 33, which states that "[a]n answer to an interrogatory may be *used* to the extent allowed by the Federal Rules of Evidence," Fed. R. Civ. P. 33(c) (emphasis added), but does not prohibit any answer from "identifying" factual information that may go beyond what is determined admissible under the Federal Rules of Evidence.

**DEFINITION H:**

Unless the context requires otherwise, the masculine gender includes the feminine gender, the feminine includes the masculine gender, and the singular number includes the plural number.

**DEFINITION I:**

If you claim that any information requested in these interrogatories is subject to any privilege, state the precise nature and basis of the privilege claimed, including a reference by number and subdivision to any applicable provisions of the Federal Rules of Evidence under which such privilege is claimed.

**OBJECTIONS:**

The United States objects to Definition I to the extent it purports to impose a separate privilege log obligation from that ordered by the Court.  *See* ECF 97 (order dated March 5, 2024). The United States further incorporate herein its objections to Definition E, which also apply to Definition I.

**DEFINITION J:**

"Mexico" and "Government of Mexico" mean the federal government of Mexico, its federal departments, agencies, and/or bureaus; and any or all officers, agents, or representatives of the government, including but not limited to the Mexican-United States Section of the International Boundary and Water Commission, and the State of Coahuila.

**OBJECTIONS:**

The United States objects to Definition J as vague and ambiguous in its use of the terms and phrase "Mexican U.S. Section of the International Boundary Water Commission," as the United States is not aware of any entity so named. To the extent Texas intended to include the "U.S. Section of the International Boundary and Water Commission," that entity is not a part of Mexican government, or otherwise Mexican. To the extent Texas intended to include the "International Boundary Water Commission," and/or the Mexican section of the International Boundary Water Commission, the United States objects to the extent Texas seeks documents and information protected from disclosure by the IOIA, and/or not in the possession, custody, or control of the United States. Pursuant to that Act, the United States will not search for or produce documents or information created by or for the International Boundary Water Commission, or otherwise protected from disclosure by the IOIA. The United States further objects to Definition J to the extent it seeks to encompass within Texas's discovery requests information which may be protected from disclosure by the Vienna Convention on Diplomatic Relations, other relevant international law, and/or principles of international comity protecting diplomatic communications. The United States further objects to Definition J to the extent it seeks information that may implicate national security and is protected from disclosure by relevant privileges thereto.

**DEFINITION K:**

"United States" and "Government of the United States" mean the federal government of the United States, its departments, agencies, and/or bureaus; and any or all officers, agents, or representatives of the government, including but not limited to the Mexican-United States Section of the International Boundary and Water Commission.

**OBJECTIONS**:

The United States incorporates herein its Objections to Definition A, which also apply to Definition K. In response to the last phrase of Definition K—"including but not limited to the Mexican-United States Section of the International Boundary and Water Commission—the United States also incorporates herein its Objections to Definition J.

**DEFINITION L:**

"Representatives" include employees, agents, attorneys and all other persons acting or purporting to act for or on behalf of such the United States or its Agencies, whether authorized to do so or not.

**OBJECTIONS:**

The United States incorporates herein its Objections to Definition A, which also apply to Definition L.

**DEFINITION M:**

"Company(ies)" means a legal entity formed by a group of individuals to engage in and operate a business—commercial or industrial—enterprise.

**DEFINITION N:**

"Buoys" mean the floating objects deployed in the Rio Grande River by the State of Texas within the vicinity of Eagle Pass, Texas, from July 10, 2023, to present.

**OBJECTIONS:**

The United States objects to Definition N to the extent it incorporates an incorrect description of the referenced construction as consisting *entirely* of "floating objects," and to the extent it may incorrectly describe the beginning date of Texas's deployment of the referenced construction. For purposes of these Responses, the United States understands the term "Buoys" as used in these Interrogatories to refer to the same thing defined as "the Floating Barrier" in the United States' Interrogatories to Defendants (Set One) (served Jan. 22, 2024).

**DEFINITION O:**

"Wharf," "Pier," "Dolphin," "Boom," "Weir," "Breakwater," "Bulkhead," "Jetty," or "Other structure" retain their ordinary meaning, as understood within Section 10 of the Rivers and Harbors Act of 1899.

**DEFINITION P:**

"IBWC" means the International Boundary and Water Commission, its departments and subdivisions; and any or all of its officers, agents, or representatives.

**OBJECTIONS:**

The United States objects to Definition P as overbroad, unduly burdensome, not proportional to the needs of the case, and outside of this Court's jurisdiction to the extent it seeks responses on behalf of any portion of the International Boundary and Water Commission other than its U.S. Section. Neither the International Boundary and Water Commission in its capacity as an international organization, nor Mexico, including the Mexican Section of the International Boundary and Water Commission or any other department, agency or other instrumentality of Mexico, is a party to this action, and Texas has established no basis for the Court to exercise jurisdiction over discovery (including but not limited to Interrogatories under Fed. R. Civ. P. 33) from either the international organization or Mexico. The responses to these Interrogatories are provided on behalf of the U.S. Section of the International Boundary and Water Commission and the other agencies identified in the Objections to Definition A.

**DEFINITION Q:**

"Invasion" means the entry of foreign persons in a manner hostile to or violative of the national or subnational laws of another country.

**OBJECTIONS:**

The United States objects to Definition Q to the extent it is inconsistent with the historical and legal meaning of the term "invasion." For purposes of these Responses, the United States construes "invasion" to mean ongoing hostilities by a coordinated and armed hostile military force.

*See, e.g.*, *United States v. Texas*, No. 1:24-CV-8-DAE, 2024 WL 861526, at *27 (W.D. Tx. Feb. 29, 2024).

**DEFINITION R:**
    To the extent that terms are not defined, please use their ordinary meaning.

**OBJECTIONS AND RESPONSES TO DEFENDANTS' INTERROGATORIES**

**INTERROGATORY 1:**
    Identify all persons who you believe have knowledge of relevant facts and identify the issues about which you believe they have knowledge.

**OBJECTIONS AND RESPONSE TO INTERROGATORY 1:**
    The United States incorporates herein its Objections to Definitions A and D.  The United States objects to Interrogatory 1 to the extent that it seeks the identification of information protected by a discovery privilege such as the attorney-client privilege, attorney work product privilege, deliberative process privilege, law enforcement privilege or other executive privileges, or that is otherwise protected from disclosure.  The United States also objects to this request because it improperly requires the United States to marshal its evidence, and to the extent it seeks information the disclosure of which is presumptively not required under Fed. R. Civ. P. 26(a)(3)(A).

    Subject to and without waiving the foregoing objections, the United States responds that persons with knowledge, and information about the issues for which they are believed to have knowledge, were identified in the Parties' filings in connection with the preliminary injunction hearing held in this case on August 22, 2023, including but not limited to the Parties' witness lists and exhibits to that hearing.  Additional information about persons with knowledge was provided in testimony during that hearing and in the three depositions that preceded it.  Further information will be provided by the United States' initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1), and may also be produced in the United States' rolling production of documents responsive to Texas's Request for Production of Documents.  All such disclosures and documents are incorporated by reference into the United States' response to Interrogatory 1.  To the extent this Interrogatory seeks disclosure of the United States' experts, the United States will disclose any expert reports for its case in chief by the Court ordered deadline of May 10, 2024, and any additional expert reports offered solely for rebuttal purposes by the deadline of July 12, 2024.  ECF 97.  To the extent this Interrogatory seeks disclosure of persons whom the United States will or may call at trial, the United States will disclose its trial witness list by the Court ordered deadline of July 26, 2024.  *Id.*

**INTERROGATORY 2:**
    Identify the segments of the Rio Grande River that you contend are navigable, describe the factual basis for your contention, and identify all documents relied upon in support of your contention.

**OBJECTIONS AND RESPONSE TO INTERROGATORY 2**
    The United States incorporates herein its Objections to Definitions A, C, E, G, and I.  The United States objects to Interrogatory 2 because it improperly requires the United States to marshal

its evidence, and to the extent it seeks information the disclosure of which is presumptively not required under Fed. R. Civ. P. 26(a)(3)(A). The United States further objects that Interrogatory 2 is overly broad, unduly burdensome, and disproportionate to the needs of the case to the extent it seeks "all documents relied upon." *See e.g., Barnett v. Magellan Health, Inc.*, Civil Action No. 17-133-RLB, 2018 WL 2470727, at *4 (M.D. La. June 1, 2018). The United States also objects to this interrogatory because it seeks the premature disclosure of expert opinions, and data considered in forming such opinions, that are not due for disclosure to Defendants under the Court's Scheduling Order until May 10, 2024. The United States further objects to this Interrogatory to the extent it seeks drafts of expert opinions or other information protected from disclosure by Fed. R. Civ. P. 26(b)(3)(A) and (B) and 26(b)(4).

Subject to and without waiving the above objections, the United States responds that the navigability of the *entire* Rio Grande is not at issue in this proceeding. *See, e.g.*, ECF 50 at 7 (Sept. 6, 2024 preliminary injunction order, noting "Texas disputes that the *relevant segment* of the Rio Grande is navigable") (emphasis added). The U.S. Army Corps of Engineers issued a finding in 1975, pursuant to its regulatory authority under the Rivers and Harbors Act, reaffirming that the segment of the Rio Grande from river mile 275.5 to river mile 610.0, which includes the stretch of the river in the vicinity of Eagle Pass, Texas and the Floating Barrier, is navigable. ECF 37-5; *see also* ECF 50 at 14-15 and n.11. Joe Shelnutt, an employee of the Corps, testified about this finding at the preliminary injunction hearing. *See, e.g.,* ECF 45 at 2 (written closing argument of the United States, summarizing Mr. Shelnutt's testimony). The U.S. Coast Guard also has issued a navigability finding for the Rio Grande. ECF 1-3 (attached to United States' original complaint in this case).

For purposes of this case, the United States contends that the segment of the Rio Grande described in the Corps' 1975 finding, *i.e.*, from river mile 275.5 to river mile 610.0, including the stretch of the river in the vicinity of Eagle Pass, Texas, and the location where Texas installed the Floating Barrier, is navigable. The United States has explained the legal and factual basis for this contention in numerous briefs filed in this Court and in the Fifth Circuit in the appeal from this Court's preliminary injunction order. *See, e.g.*, ECF 37 at 2-6 & nn.1-5 (United States' reply in support of motion for preliminary injunction); ECF 45 at 1-5 & n.1 (United States' written closing argument following preliminary injunction hearing); ECF 63 at 8-9 (United States' memorandum in opposition to Defendants' motion to dismiss 1st amended complaint); Dkt. No. 195 in *United States v. Abbott*, No. 23-50632 (5th Cir. Mar. 18, 2024), at 10-28 (United States' supplemental *en banc* appellee brief). The United States incorporates by reference herein these briefs and any authorities and evidence cited therein to establish the navigability of the relevant segment of the Rio Grande, as well as the pertinent portion of the Court's April 26, 2024 opinion denying Defendants' motion to dismiss the RHA claim. ECF 114 at 11-19.

Additionally, further information will be produced in the United States' rolling production of documents responsive to Texas's Request for Production of Documents. All such documents are incorporated by reference into the United States' response to Interrogatory 2.

The United States further responds that it has identified to Plaintiff its intent to serve expert reports addressing, *inter alia,* historical navigation on the Rio Grande in the vicinity of Eagle Pass, Texas; the nature of the floating barrier system deployed in the Rio Grande by the State of Texas,

and the floating barrier system's impact upon the navigability of the Rio Grande; the capability of potential improvements to water management, dam operation, dredging, or other methods for further improving the navigational capacity of the Rio Grande; the decision factors and procedures for water releases from Amistad Dam; dam release information; regional hydrologic inputs and outputs; and information about water levels downstream of Amistad Dam as these relate to navigability. *See* Letter from US counsel of record to TX counsel of record dated May 3, 2024. To the extent the United States' expert reports may provide additional responsive information to this interrogatory, they will be disclosed by the Court-ordered deadline of May 10, 2024, and are incorporated by reference in this response.

### INTERROGATORY 3:

To the extent you contend segments of the Rio Grande River identified in your Response to Interrogatory No. 2 are navigable based on historical or current use of the waterway for commercial purposes, for each segment identified, describe every instance of such activity that you rely upon for your contention, including: (a) the date of the activity; (b) the companies and individuals who participated in the activity; (c) the cargo, tonnage, and approximate value of the cargo; and (d) which persons identified in your Response to Interrogatory No. 1 have personal knowledge thereof.

### OBJECTIONS AND RESPONSE TO INTERROGATORY 3:

The United States incorporates herein its Objections to Definitions A, C, D, E, G, and I. The United States objects to Interrogatory 3 because it improperly requires the United States to marshal its evidence, and to the extent it seeks information the disclosure of which is presumptively not required under Fed. R. Civ. P. 26(a)(3)(A). The United States further objects that Interrogatory 3 is overly broad, unduly burdensome, and disproportionate to the needs of the case to the extent it seeks a description of "every instance of such activity that you rely on," with no temporal or other reasonable limitation. *See e.g., Barnett v. Magellan Health, Inc.*, Civil Action No. 17-133-RLB, 2018 WL 2470727, at \*4 (M.D. La. June 1, 2018). The United States also incorporates herein its Objections to Interrogatory 2, which apply equally to Interrogatory 3.

Subject to and without waiving the above objections, the United States incorporates herein its Response to Interrogatory 2. The United States further responds that it has identified that it intends to serve expert reports addressing, *inter alia*, historical navigation on the Rio Grande in the vicinity of Eagle Pass, Texas; the nature of the floating barrier system deployed in the Rio Grande by the State of Texas, and the floating barrier system's impact upon the navigability of the Rio Grande; the capability of potential improvements to water management, dam operation, dredging or other methods for further improving the navigational capacity of the Rio Grande; the decision factors and procedures for water releases from Amistad Dam; dam release information; regional hydrologic inputs and outputs; and information about water levels downstream of Amistad Dam as these relate to navigability. *See* Letter from US counsel of record to TX counsel of record dated May 3, 2024. To the extent the United States' expert reports may provide additional responsive information to Interrogatory 3, they will be disclosed by the Court-ordered deadline of May 10, 2024, and are incorporated by reference into this response.

**INTERROGATORY 4:**

To the extent you contend that segments of the Rio Grande River identified in your Response to Interrogatory No. 2 are navigable because they could be made susceptible to use for commercial purposes with reasonable improvements, for each segment identified, describe the potential improvements you intend to rely upon and the means, manner and method of their construction, including the length of the improvement and the new depth and dimensions of the affected segments of the Rio Grande River after such improvements are made.

**OBJECTIONS AND RESPONSE TO INTERROGATORY 4:**

The United States incorporates herein its Objection to Definitions A.  The United States objects to Interrogatory 4 because it improperly requires the United States to marshal its evidence, and to the extent it seeks information the disclosure of which is presumptively not required under Fed. R. Civ. P. 26(a)(3)(A).  The United States also incorporates herein its Objections to Interrogatory 2, which apply equally to Interrogatory 4.

Subject to and without waiving the above objections, the United States incorporates herein its response to Interrogatory 2.  The United States further responds that it has identified to Plaintiff its intent to serve expert reports addressing, *inter alia*, historical navigation on the Rio Grande in the vicinity of Eagle Pass, Texas; the nature of the floating barrier system deployed in the Rio Grande by the State of Texas, and the floating barrier system's impact upon the navigability of the Rio Grande; the capability of potential improvements to water management, dam operation, dredging, or other methods for further improving the navigational capacity of the Rio Grande; the decision factors and procedures for water releases from Amistad Dam; dam release information; regional hydrologic inputs and outputs; and information about water levels downstream of Amistad Dam as these relate to navigability.  *See* Letter from US counsel of record to TX counsel of record dated May 3, 2024. To the extent the United States' expert reports may provide additional responsive information to Interrogatory 4, they will be disclosed by the Court-ordered deadline of May 10, 2024, and are incorporated by reference in this response.

**INTERROGATORY 5:**

For each improvement identified in your Response to Interrogatory No. 4, describe the factual basis for your contention that the improvements are reasonable, including but not limited to the expected financial costs and benefits of each improvement, and identify all documents relied upon in support of your contention.

**OBJECTIONS AND RESPONSE TO INTERROGATORY 5:**

The United States incorporates herein its Objection to Definitions A, C, E, G, and I.  The United States objects to Interrogatory 5 because it improperly requires the United States to marshal its evidence, and to the extent it seeks information the disclosure of which is presumptively not required under Fed. R. Civ. P. 26(a)(3)(A).  The United States further objects that Interrogatory 5 is overly broad, unduly burdensome, and disproportionate to the needs of the case to the extent it seeks identification of "all documents relied upon."  *See e.g.*, *Barnett v. Magellan Health, Inc.*, Civil Action No. 17-133-RLB, 2018 WL 2470727, at *4 (M.D. La. June 1, 2018). The United States additionally objects that Interrogatory 5 is not a proper "contention interrogatory" because it is unrelated to any contention of the United States in this matter, but rather to Texas' own legal contentions about whether "cost-benefit" evidence is required to establish jurisdiction under the

Rivers and Harbors Act.  *See Modern Font Applications LLC v Red Lobster Hospitality LLC*, Case No. 6:21-cv-00470, 2022 WL 2373865, at *4 (W.D. Tex. June 30, 2022) (declining to order a response to interrogatories that "impermissibly require[d]" the responding party to "prove [the propounding party's] case") (internal quotation and citation omitted).  The United States also objects to this interrogatory because it seeks the premature disclosure of expert opinions, and data considered in forming such opinions, that are not due for disclosure to Defendants under the Court's Scheduling Order until May 10, 2024.  The United States further objects to this Interrogatory to the extent it seeks drafts of expert opinions or other information protected from disclosure by Fed. R. Civ. P. 26(b)(3)(A) and (B) and 26(b)(4).

Subject to and without waiving the above objections, the United States responds that it has identified to Plaintiff its intent to serve expert reports addressing, *inter alia*, the capability of potential improvements to water management, dam operation, dredging, or other methods for further improving the navigational capacity of the Rio Grande.  *See* Letter from US counsel of record to TX counsel of record dated May 3, 2024.  To the extent the United States' expert reports may provide additional responsive information to Interrogatory 5, they will be disclosed by the Court-ordered deadline of May 10, 2024, and are incorporated by reference in this response.

## INTERROGATORY 6:

To the extent you contend the floating buoys constitute an obstruction, identify whether you contend the floating buoys are a "wharf," "pier," "dolphin," "boom," "weir," "breakwater," "bulkhead," "jetty," or an "other structure," explain the factual basis for your contention, and identify all documents relied upon in support of your contention.

## OBJECTIONS AND RESPONSE TO INTERROGATORY 6:

The United States incorporates herein its Objection to Definitions A, C, E, G, I, and N. The United States objects to Interrogatory 6 because it improperly requires the United States to marshal its evidence, and to the extent it seeks information the disclosure of which is presumptively not required under Fed. R. Civ. P. 26(a)(3)(A).  The United States further objects that Interrogatory 6 is overly broad, unduly burdensome, and disproportionate to the needs of the case to the extent it seeks identification of "all documents relied upon."  *See e.g.*, *Barnett v. Magellan Health, Inc.*, Civil Action No. 17-133-RLB, 2018 WL 2470727, at *4 (M.D. La. June 1, 2018). The United States additionally objects to this Interrogatory to the extent it incorporates Defendants' legal contentions regarding the nature of liability under the first and second clauses of Section 10 of the Rivers and Harbors Act, 33 U.S.C. § 403.  Specifically, the Interrogatory attempts to link liability under these statutory clauses by asking "[t]o the extent you contend the floating buoys constitute an obstruction" under the first clause, "identify whether you contend the floating buoys are" any of the quoted terms from the second clause.  This is contrary to the United States' legal position that liability under either statutory clause may be established independently.  *See, e.g.*, ECF 5 at 8 (United States' Motion for Preliminary Injunction, arguing that "[c]ommission of *either* of these acts gives rise to liability under RHA Section 10") (emphasis in original).

The United States also objects to this interrogatory to the extent it seeks the premature disclosure of expert opinions, and data considered in forming such opinions, that are not due for disclosure to Defendants under the Court's Scheduling Order until May 10, 2024.  The United States further objects to this Interrogatory to the extent it seeks drafts of expert opinions or other

information protected from disclosure by Fed. R. Civ. P. 26(b)(3)(A) and (B) and 26(b)(4).  The United States also objects that this Interrogatory is impermissibly compound, and hence overly broad, unduly burdensome, and disproportionate to the needs of the case, in that it combines into "one" purported interrogatory nine substantively distinct and separate questions pertaining to:  (1) "wharf"; (2) "pier"; (3) "dolphin"; (4) "boom"; (5) "weir"; (6) "breakwater"; (7) "bulkhead"; (8) "jetty"; and (9) "other structure."  The United States thus construes "Interrogatory 6" to set forth Defendants' 6th through 14th interrogatories.  *See* Fed. R. Civ. P. 33(a)(1) (the limit on number of interrogatories applies to "all discrete subparts").

Subject to and without waiving the above objections, the United States responds that it has set forth its position on the subject-matter of Interrogatory 6 in its briefs filed both in this Court and in the Fifth Circuit in the appeal from this Court's preliminary injunction order.  *See, e.g.*, ECF 5 at 8-10; ECF 37 at 6-8 (United States' reply in support of motion for preliminary injunction); ECF 45 at 5-6 & n.14 (United States' written closing argument filed Aug. 25, 2024 following preliminary injunction hearing); ECF 63 at 9 (United States' memorandum in opposition to Defendants' motion to dismiss 1st amended complaint); Dkt. No. 195 in *United States v. Abbott*, No. 23-50632 (5th Cir. Mar. 18, 2024), at 34-38 & n.6 (United States' supplemental *en banc* appellee brief).  The United States incorporates by reference herein these briefs and any authorities and evidence cited therein on the subject-matter of Interrogatory 6, as well as the pertinent portion of the Court's April 26, 2024 opinion denying Defendants' motion to dismiss the RHA claim.  ECF 114 at 19-22.

The United States further responds as follows with respect to each discrete subpart of Interrogatory 6:

(1) The United States does not contend in this case that the Floating Barrier is a "wharf."

(2) The United States does not contend in this case that the Floating Barrier is a "pier."

(3) The United States does not contend in this case that the Floating Barrier is a "dolphin."

(4) The United States contends that the Floating Barrier is a "boom" within the meaning of the second clause of RHA Section 10 for reasons explained in briefs filed both in this Court and in the Fifth Circuit in the appeal from this Court's preliminary injunction order.  *See supra* 13 (citing briefs and the Court's April 26, 2024 opinion).

(5) The United States does not contend in this case that the Floating Barrier is a "weir."

(6) The United States does not contend in this case that the Floating Barrier is a "breakwater."

(7) The United States does not contend in this case that the Floating Barrier is a "bulkhead."

(8) The United States does not contend in this case that the Floating Barrier is a "jetty."

(9) The United States contends that the Floating Barrier is an "other structure" within the

meaning of the second clause of RHA Section 10 for reasons explained in briefs filed both in this Court and in the Fifth Circuit in the appeal from this Court's preliminary injunction order. *See supra* 13 (citing briefs and the Court's April 26, 2024 opinion).

The United States also has identified to Plaintiff that it intends to serve expert reports addressing, *inter alia*, the nature of the floating barrier system deployed in the Rio Grande by the State of Texas, and the floating barrier system's impact upon the navigability of the Rio Grande. *See* Letter from US counsel of record to TX counsel of record dated May 3, 2024. To the extent the United States' expert reports may provide additional responsive information to Interrogatory 6, they will be disclosed by the Court-ordered deadline of May 10, 2024, and are incorporated by reference in this response.

### INTERROGATORY 7:

To the extent that you contend the floating buoys constitute an obstruction, describe each incident that you intend to rely on in support of your contention, including: (a) the circumstances giving rise to the incident; (b) the person, place, or thing obstructed; (c) the date the obstruction occurred; (d) whether contact was made with the floating buoys; (e) any injuries or damage resulting from the obstruction; and (f) which persons identified in your Response to Interrogatory No. 1 have personal knowledge thereof.

### OBJECTIONS AND RESPONSE TO INTERROGATORY 7:

The United States incorporates herein its Objections to Definitions D and N and to Interrogatory 1, and its objection that Interrogatory 6 is impermissibly compound. Based on the latter objection, the United States construes "Interrogatory 7" to set forth Defendants' 15th interrogatory. The United States objects to Interrogatory 7 because it improperly requires the United States to marshal its evidence, and to the extent it seeks information the disclosure of which is presumptively not required under Fed. R. Civ. P. 26(a)(3)(A). The United States additionally objects to this Interrogatory to the extent it incorporates Defendants' legal contentions regarding the nature of liability under the first clause of Section 10 of the Rivers and Harbors Act, 33 U.S.C. § 403. The United States also objects to this interrogatory because it seeks the premature disclosure of expert opinions, and data considered in forming such opinions, that are not due for disclosure to Defendants under the Court's Scheduling Order until May 10, 2024. The United States further objects to this Interrogatory to the extent it seeks drafts of expert opinions or other information protected from disclosure by Fed. R. Civ. P. 26(b)(3)(A) and (B) and 26(b)(4).

Subject to and without waiving the above objections, the United States responds that U.S. Army Corps of Engineers employee Joseph Shelnutt and State of Texas witness Loren Flossman both provided evidence of the Floating Barrier's obstruction of navigable capacity in their testimony during the preliminary injunction. *See, e.g.*, ECF 45 at 6-7 (United States' written closing argument filed Aug. 25, 2024, summarizing their testimony); *see also* Dkt. No. 195 in *United States v. Abbott*, No. 23-50632 (5th Cir. Mar. 18, 2024), at 28-34 (United States' supplemental *en banc* appellee brief). Their testimony and the documentary evidence submitted at the hearing are incorporated by reference into this response, along with the briefs cited hereinabove and the pertinent portions of the Court's April 26, 2024 opinion denying Defendants' motion to dismiss the RHA claim. ECF 114 at 19-20, 22-23.

The United States further responds that it has identified to Plaintiff its intent to serve expert reports addressing, *inter alia*, the nature of the floating barrier system deployed in the Rio Grande by the State of Texas, and the floating barrier system's impact upon the navigability of the Rio Grande. *See* Letter from US counsel of record to TX counsel of record dated May 3, 2024. To the extent the United States' expert reports may provide additional responsive information to Interrogatory 7, they will be disclosed by the Court-ordered deadline of May 10, 2024, and are incorporated by reference into this response.

**INTERROGATORY 8:**

Identify every communication you have had with a nonparty relating to the buoys, including: (a) the date of the communication; (b) all parties to or with knowledge of the communication; and (c) state the full substance of the communication.

**OBJECTIONS AND RESPONSE TO INTERROGATORY 8:**

The United States incorporates herein its Objections to Definitions A, C, F, and N, and its objection that Interrogatory 6 is impermissibly compound. Based on the latter objection, the United States construes "Interrogatory 8" to set forth Defendants' 16th interrogatory. The United States objects to Interrogatory 8 because it improperly requires the United States to marshal its evidence, and to the extent it seeks information the disclosure of which is presumptively not required under Fed. R. Civ. P. 26(a)(3)(A). The United States further objects to this request as overbroad, unduly burdensome, and not proportional to the needs of the case in that it seeks every single communication anyone employed by the United States has had with *anyone* other than Texas regarding the Floating Barrier, a scope so great it defies reasonable search, as well as the date and "full substance" of each such communication. The burden imposed by this Interrogatory is particularly great at this juncture when, as explained above, neither Party has yet commenced its rolling document production to the other Party in part due to the agreed-upon necessity of a proposed protective order establishing procedures for review, production, and protection of information potentially responsive to discovery requests, which as noted above was just filed with the Court in stipulated form on April 26, 2024, and which the Court has not yet approved. Both Parties have communicated to each other that they will commence their rolling document production after the Court approves a finalized version of that proposed order. In addition, the United States objects to this Interrogatory as unduly broad, unduly burdensome, and disproportionate to the needs of the case to the extent it asks for identification of any press statements relating to the case or any Congressional testimony, which would be as readily available to Defendants as to Plaintiff.

As a means of limiting the burden imposed by Interrogatory 8 and to mitigate other improprieties and deficiencies of this interrogatory as described above, the United States construes it to seek: (1) unclassified, non-privileged communications with Congress by the four federal agencies identified in the Objections to Definition A regarding the Floating Barrier; (2) communications with Cochrane Global regarding the Floating Barrier; and (3) communications between the State Department and Mexico regarding the Floating Barrier that are unclassified and not privileged or otherwise protected from discovery, except to the extent any of these three categories of communications are public and equally available to Texas.

The United States further notes that, at Texas's request following a meet-and-confer on the United States' April 12, 2024 initial response and objections to these Interrogatories, the United States attempted searches of the State Department's files using the term "buoy."  This led to the following results by time period:

| | |
|---|---|
| 1/1/2017 to 4/22/2024: | Approximately 1.68 million unclassified emails. |
| 1/1/2017 to 5/31/2023: | Approximately 1.45 million unclassified emails. |
| 1/1/2022 to 12/31/2022: | Approximately 220,000 unclassified emails. |
| 6/1/2023 to 12/31/2023: | Approximately 160,000 unclassified emails. |
| 6/1/2023 to 4/23/2024: | Approximately 227,000 unclassified emails. |

These results show not only the staggering burden imposed by Interrogatory 8, but also that the term "buoy" likely has no meaningful efficacy whatsoever in purporting to limit the search to documents with potential relevance to this litigation.  As shown above, there are about as many State Department documents with the term "buoy" from calendar year 2022—months before Texas had made any public announcement about the Floating Barrier or constructed it—as there are for the roughly 11-month period since June 1, 2023.   The United States objects to further searches in response to Interrogatory 8 absent a meaningful attempt by Texas to both:  (a) explain the relevance of this Interrogatory to any genuine issue presented in this case on the United States' RHA claim; and (b) define a relevant nonparty or limited group of nonparties for purposes of narrowing the scope of the search and reducing the burden of any resulting response.

Subject to and without waiving the above objections, the United States responds that on or about March 29, 2024, pursuant to Fed. R. Civ. P. 45, the United States served a subpoena for documents on Cochrane Global, 3551 Lee Hill Drive, Fredericksburg, VA.  The United States served a copy of the subpoena to Defendants.  The United States subsequently spoke with counsel for Cochrane Global, Norton Rose Fulbright, regarding the subpoena.  Counsel discussed the manner in which Cochrane Global would comply with the subpoena.  On or about April 30, 2024, Cochrane Global produced documents to the United States in response to the subpoena.

The United States further responds that pursuant to the Court's order and the Parties' agreement, the United States will begin a rolling document production responsive to Texas's requests once a final version of the proposed discovery protective order (referenced *supra* at 1) has been entered, and the United States incorporates by reference into this response any documents produced therein that are responsive.  The United States also incorporates by reference the 2023 deposition and preliminary injunction hearing testimony of Joseph Shelnutt and Hillary Quam in this case to the extent Mr. Shelnutt and Ms. Quam referred to communications or discussions with the Mexican Section of the IBWC or other representatives of Mexico concerning the Floating Barrier, as well as the exhibits from the preliminary injunction hearing to the extent any provide additional information responsive to this interrogatory.

## INTERROGATORY 9:

Identify each instance in which any person or entity has ever, to your knowledge, proposed or suggested (formally or informally) dredging or otherwise making improvements to any segment of the Rio Grande River to improve navigability or for any other reasons, and for each instance, (a) identify who made the proposal or suggestion and all persons to whom it was communicated;

(b) state when the proposal or suggestion was under consideration by anyone; and (c) state its disposition, the date of that disposition, and the reason(s) therefor.

**OBJECTIONS AND RESPONSE TO INTERROGATORY 9:**

The United States incorporates herein its Objections to Definitions A, D, E, F, and I, and its objection that Interrogatory 6 is impermissibly compound. Based on the latter objection, the United States construes "Interrogatory 9" to set forth Defendants' 17th interrogatory. The United States objects to Interrogatory 9 because it improperly requires the United States to marshal its evidence, and to the extent it seeks information the disclosure of which is presumptively not required under Fed. R. Civ. P. 26(a)(3)(A). The United States objects to Interrogatory 9 to the extent that it seeks information relating to "persons" or "entities" other than the United States, which information is as available to Texas as it is to the United States. To the extent Interrogatory 9 seeks information about "proposals" or "suggestions" of the United States that were not or have not been adopted and implemented, the United States objects that this interrogatory on its face seek information that plainly would be subject to the deliberative process privilege and possibly other privileges or protections from disclosure. The United States further objects that this Interrogatory is overly broad, unduly burdensome, and disproportionate to the needs of the case.

Subject to and without waiving the above objections, the United States responds that in order to mitigate the burden of Interrogatory 9, it has construed the interrogatory to ask whether the United States is aware of any proposal since July 2018 to dredge any segment of the Rio Grande within the stretch of river identified as navigable in the 1975 U.S. Army Corps of Engineers determination that is cited in the United States' response to Interrogatory 2 above. *See* ECF 37-5. Based on its investigation to date, the United States is not aware of such proposals in that timeframe.

The United States further responds that it has identified to Plaintiff its intent to serve expert reports addressing, *inter alia*, the capability of potential improvements to water management, dam operation, dredging, or other methods for further improving the navigational capacity of the Rio Grande; the decision factors and procedures for water releases from Amistad Dam; dam release information; regional hydrologic inputs and outputs; and information about water levels downstream of Amistad Dam as these relate to navigability. *See* Letter from US counsel of record to TX counsel of record dated May 3, 2024. To the extent the United States' expert reports may provide responsive information to Interrogatory 9, they will be disclosed by the Court-ordered deadline of May 10, 2024, and are incorporated by reference into this response.

**INTERROGATORY 10:**

Identify each instance in which a State of the United States has, to your knowledge, asserted the right or taken action to defend itself or its citizens, or erect barriers, defenses, or fortifications of any kind, against actual or feared invasion or unlawful incursions on the territory of the State or against its citizens by foreign countries or citizens of foreign countries (whether constituting a uniformed military force, and including but not limited to piracy, banditry, raiding, smuggling, and theft); for each instance, (a) state the date(s) of such assertion or action; (b) state the nature of the action proposed or taken by the State; and (c) describe any action taken or communications made to or by the United States relating or referring to such proposed or actual actions by the State.

**OBJECTIONS AND RESPONSE TO INTERROGATORY 10:**

  The United States incorporates herein its Objections to Definition A, and its objection that Interrogatory 6 is impermissibly compound. Based on the latter objection, the United States construes "Interrogatory 10" to set forth Defendants' 18th interrogatory. The United States objects that Interrogatory 10 is overly broad, unduly burdensome, and disproportionate to the needs of the case because it seeks information relating to "States," not the United States, that is as available to Defendants as it is to Plaintiff. The United States also objects to the extent Interrogatory 10 seeks any publicly available information, which likewise is as available to Defendants as it is to Plaintiff. The United States further objects that Interrogatory 10 is not a proper "contention interrogatory" because it is unrelated to any contention of the United States in this matter, but rather to Texas' own contention that it constructed and installed the Floating Barrier in order to resist an alleged "invasion." *See Modern Font Applications LLC v Red Lobster Hospitality LLC*, Case No. 6:21-cv-00470, 2022 WL 2373865, at *4 (W.D. Tex. June 30, 2022) (declining to order a response to interrogatories that "impermissibly require[d]" the responding party to "prove [the propounding party's] case") (internal quotation and citation omitted).

The United States further objects because the Court has ruled that this contention of Texas's is non-justiciable. ECF 50 at 31-35 (Sept. 6, 2023 order). More recently, in its April 26, 2024 opinion, the Court further ruled that Texas's arguments concerning "invasion" are contrary to the United States Constitution. ECF 114 at 23-29. The Court concluded that Texas "may not claim self-defense from an invasion at the border to justify a long-term usurping of congressional authority" and "must pursue its right and duty to protect the people of Texas through congressionally authorized means or appropriate state action. Texas is a sovereign state, not a sovereign country." *Id.* at 29. Based on these rulings, Interrogatory 10 serves no relevant purpose in discovery in this case.

  Subject to and without waiving the above objections, the United States responds that it has addressed the subject-matter of Interrogatory in its briefs both in this Court and in the Fifth Circuit in the appeal from the preliminary injunction order. *See, e.g.*, ECF 45 at 7-8 (United States' written closing argument filed Aug. 25, 2024); *see also* Dkt. No. 195 in *United States v. Abbott*, No. 23-50632 (5th Cir. Mar. 18, 2024), at 38-44 (United States' supplemental *en banc* appellee brief).

  The United States otherwise stands on its objections.

**INTERROGATORY 11:**

  Identify each instance in which the United States has ever, prior to this action, directly asserted claims in any United States courts against any United States citizens, United States companies, or States of the United States under the Treaty of Guadalupe Hidalgo of 1848; for each instance state the date, court, and parties against whom such claim was asserted.

**OBJECTIONS AND RESPONSE TO INTERROGATORY 11:**

  The United States incorporates herein its objection that Interrogatory 6 is impermissibly compound. Based on that objection, the United States construes "Interrogatory 11" to set forth Defendants' 19th interrogatory. The United States objects to Interrogatory 11 as overbroad, unduly burdensome, and disproportionate to the needs of the case because it asks the United States to conduct legal research that Texas itself could perform. The United States will not search

publicly available databases, including PACER, Westlaw, and HeinOnline, nor will it search attorney files in any agency for attorney work product and/or court filings in order to respond to this Interrogatory. The United States further objects because burden imposed by this Interrogatory is exacerbated by its request to identify "each instance" in which the United States has "ever" directly asserted the described claims. *See e.g., Barnett v. Magellan Health, Inc.*, Civil Action No. 17-133-RLB, 2018 WL 2470727, at *4 (M.D. La. June 1, 2018).

The United States additionally objects to Interrogatory 11 because, in its April 26, 2024 opinion, the Court dismissed with prejudice the second count of the United States' first amended complaint that pled a claim pursuant to the Treaty of Guadalupe Hidalgo of 1848. ECF 114 at 29-41. Based on this ruling, Interrogatory 11 serves no relevant purpose in discovery in this case.[1]

The United States stands on its objections.

**INTERROGATORY 12:**

Identify each instance in which the United States has asserted: in any United States courts; in any other court, tribunal, or national or international body; internally; to Mexico; in any publication or writing; or otherwise, that the Treaty of Guadalupe Hidalgo of 1848 or any articles thereof are not self-executing, or may not be enforced directly absent congressional executing legislation.

**OBJECTIONS AND RESPONSE TO INTERROGATORY 12:**

The United States incorporates herein its Objections to Definitions E, F, and I, and its objection that Interrogatory 6 is impermissibly compound. The United States objects that Interrogatory 12 likewise is impermissibly compound, in that it combines 9 substantively distinct questions asking to identify assertions in (1) United States courts; (2) other courts; (3) tribunals; (4) national bodies; (5) international bodies; (6) to Mexico; (7) publications; (8) writings; and (9) or otherwise. Based on these objections, the United States construes "Interrogatory 12" to set forth Defendants' 20th through 28th Interrogatories. *See* Fed. R. Civ. P. 33(a)(1) (the limit on number of interrogatories applies to "all discrete subparts"). The United States objects that the requests pertaining to (7) publications, (8) writings, and (9) or otherwise—Defendants' 26th, 27th and 28 interrogatories, respectively—exceed the limit of 25 under Fed. R. Civ. P. 33(a)(1). The United States further objects that Interrogatory 12 is overly broad, unduly burdensome, and disproportionate to the needs of the case to the extent it seeks information relating to any article of the Treaty of Guadalupe Hidalgo 1848 other than Article VII. The United States objects to the undefined terms and phrases "internally," "any writing," and "or otherwise" as vague and ambiguous, and to the extent they plainly seek information likely to be subject to the attorney-client privilege, attorney work product privilege, deliberative process privilege or other executive privileges. The United States objects to the terms "United States courts," "other courts," tribunals," "national bodies," "international bodies" and "publications" as overly broad, unduly burdensome, and disproportionate to the needs of the case because they purport to require Plaintiff to investigate publicly available information that would be as readily available to Defendants as to Plaintiff, and essentially ask Plaintiff to conduct legal research on Defendants' behalf. The United

---

[1] This objection and similar ones hereinafter are made without prejudice to and do not alter the United States' rights with respect to any possible appeal of the referenced ruling.

States will not search publicly available databases, including PACER, Westlaw, and HeinOnline, nor will it search attorney files in any agency for attorney work product and/or court filings in order to respond to this Interrogatory.  The United States further objects to this Interrogatory to the extent it seeks information that would be protected from disclosure by the International Organizations and Immunities Act, 22 U.S.C. § 288; Ex. Ord. No. 12467, 49 F.R. 8229 (1984), the Vienna Convention on Diplomatic Relations, other relevant international law, and/or principles of international comity.

The United States additionally objects to Interrogatory 12 because, in its April 26, 2024 opinion, the Court dismissed with prejudice the second count of the United States' first amended complaint that pled a claim pursuant to the Treaty of Guadalupe Hidalgo of 1848.  ECF 114 at 29-41.  Based on this ruling, Interrogatory 12 serves no relevant purpose in discovery in this case.

Subject to and without waiving the above objections, the United States responds that it addressed the subject-matter of Interrogatory 12 in briefs it filed in this Court in response to Defendants' motion to dismiss the United States' First Amended Complaint.  *See, e.g.*, ECF 104 (United States' supplemental brief in response to motion to dismiss, filed March 27, 2024).

The United States otherwise stands on its objections.

**INTERROGATORY 13:**
Identify each instance in which the United States has invoked or participated in any dispute resolution procedures pursuant to Article 21 of the Treaty of Guadalupe Hidalgo of 1848; for each instance, state (a) the date of invocation or participation in such procedures; (b) describe the subjects and outcomes of such procedures; and identify each person with any knowledge thereof.

**OBJECTIONS TO INTERROGATORY 13:**
The United States incorporates herein its Objections to Definition D, E, F, and I, and its objection that Interrogatories 6 and 12 are impermissibly compound.  Based on the latter two objections, the United States construes "Interrogatory 13" to set forth Defendants' 29th interrogatory and thus objects that it exceeds the limit of 25 under Fed. R. Civ. P. 33(a)(1).  The United States objects to Interrogatory 13 as overly broad, unduly burdensome, and disproportionate to the needs of the case to the extent it seeks information relating to disputes over any Article of the Treaty of Guadalupe Hildalgo of 1848 besides Article VII, and to the extent it seeks a response addressing the entire 176 years of the Treaty's existence with no temporal or other reasonable limitation.  The United States further objects to this Interrogatory to the extent it seeks information that would be protected from disclosure by the International Organizations and Immunities Act, 22 U.S.C. § 288; Ex. Ord. No. 12467, 49 F.R. 8229 (1984), the Vienna Convention on Diplomatic Relations, other relevant international law, and/or principles of international comity.

The United States additionally objects to Interrogatory 13 because, in its April 26, 2024 opinion, the Court dismissed with prejudice the second count of the United States' first amended complaint that pled a claim pursuant to the Treaty of Guadalupe Hidalgo of 1848.  ECF 114 at 29-41.  Based on this ruling, Interrogatory 13 serves no relevant purpose in discovery in this case.

The United States stands on its objections.

**INTERROGATORY 14:**

Identify each instance in which, prior to this action, the United States has become aware of the use or placement (other than by the United States) of any floating buoys attached to each other in any navigable waters of the United States without a prior United States Army Corps of Engineers permit or United States Coast Guard permit; for each instance, (a) describe fully the dates and locations of such use or placement; (b) describe the action, if any, taken by the United States to seek legal recourse or to cause or incentivize compliance with any applicable permitting requirement; and (c) identify each person with knowledge of why such action was or was not taken.

**OBJECTIONS TO INTERROGATORY 14:**

The United States incorporates herein its Objections to Definitions D, E, F, and I, its objections to Defendants' Request for Production 11, and its objection that Interrogatories 6 and 12 are impermissibly compound. Based on the latter two objections, the United States construes "Interrogatory 14" to set forth Defendants' 30th interrogatory, and thus objects that it exceeds the limit of 25 under Fed. R. Civ. P. 33(a)(1). The United States objects to Interrogatory 14 to the extent it seeks information covered by the deliberative process privilege, law enforcement privilege, attorney work product privilege, attorney client privilege and/or other discovery privileges. The United States also objects to Interrogatory 14 as overly broad, unduly burdensome, and disproportionate to the needs of the case to the extent it seeks identification of "each instance" in which the United States has "become aware" of the referenced use or placement in "any" navigable waters of the United States, unbounded by any date range or geographic region. *See e.g.*, *Barnett v. Magellan Health, Inc.*, Civil Action No. 17-133-RLB, 2018 WL 2470727, at *4 (M.D. La. June 1, 2018). The United States further objects to this interrogatory as overly broad, unduly burdensome, and disproportionate to the needs of the case to the extent it refers to instances involving the absence of a prior "United States Coast Guard permit," as the U.S. Coast Guard does not issue permits under Section 10 of the Rivers and Harbors Act. The United States additionally objects to this interrogatory to the extent it asks the United States to perform legal research that Texas itself could perform. The United States will not search publicly available databases, including PACER, Westlaw, and HeinOnline, nor will it search attorney files in any agency for attorney work product and/or court filings in order to responds to this interrogatory.

The United States stands on its objections.

**INTERROGATORY 15:**

Identify each instance in which the United States has ever, prior to this action, asserted or claimed (formally or informally) that any floating buoys attached to each other were or were not a "wharf," "pier," "dolphin," "boom," "weir," "breakwater," "bulkhead," "jetty," or an "other structure" as described in Section 10 of the Rivers and Harbors Appropriation Act of 1899.

**OBJECTIONS TO INTERROGATORY 15:**

The United States incorporates herein its Objections to Definitions E, F and I, and its objection that Interrogatories 6 and 12 are impermissibly compound. The United States objects that Interrogatory 15 likewise is impermissibly compound because, in similar fashion to Interrogatory 6, it combines nine distinct substantive requests for information, each relating to a

different statutory term, into "one" compound question. *See* Fed. R. Civ. P. 33(a)(1) (the limit on number of interrogatories applies to "all discrete subparts"). As a result, the United States construes "Interrogatory 15" to set forth Defendants' 31st thorough 39th interrogatories, and thus objects that it exceeds the limit of 25 under Fed. R. Civ. P. 33(a)(1). The United States further objects to Interrogatory 15 as overly broad, unduly burdensome, and disproportionate to the needs of the case to the extent it seeks identification of "each instance" of the described assertion or claim, without any temporal or other limitation, relating to a statute that was enacted 125 years ago. *See e.g.*, *Barnett v. Magellan Health, Inc.*, Civil Action No. 17-133-RLB, 2018 WL 2470727, at *4 (M.D. La. June 1, 2018). The United States objects to the undefined term "informally" as vague and ambiguous, and further objects to that term to the extent it seeks information that would be subject to a discovery privilege or otherwise protected from disclosure. The United States also objects to the extent Interrogatory 15 asks the United States to perform legal research that could be performed just as readily by Defendants. The United States will not search publicly available databases, including PACER, Westlaw, and HeinOnline, nor will it search attorney files in any agency for attorney work product and/or court filings in order to responds to this interrogatory.

The United States stands on its objections.

## INTERROGATORY 16:

Identify the effect, if any, of Mexico's concern regarding the buoys, if any, on the outcome of the following bilateral negotiations: (a) the High Level Economic Dialogue that occurred in September 2023; (b) the High Level Security Dialogue that occurred in October 2023; (c) the talks regarding migration that occurred between President Biden and President Obrador during the 2023 Asia-Pacific Economic Cooperation Summit; (d) the talks regarding migration that occurred between Secretary Blinken and President Obrador on December 27, 2023; (e) the talks that occurred between Secretary Blinken and Secretary Barcena that took place on January 19, 2024; and (f) the IBWC Minute negotiations that occurred since the installation of the floating buoys.

## OBJECTIONS TO INTERROGATORY 16:

The United States incorporates herein its Objections to Definitions E, F, and I, and its objections that Interrogatories 6, 12, and 15 are impermissibly compound. The United States objects that Interrogatory 16 likewise is impermissibly compound because, in similar fashion, it combines six distinct substantive requests for information, each relating to a different negotiation, into "one" compound question. *See* Fed. R. Civ. P. 33(a)(1) (the limit on number of interrogatories applies to "all discrete subparts"). As a result, the United States construes "Interrogatory 16" to set forth Defendants' 40th thorough 45th interrogatories, and thus objects that it exceeds the limit of 25 under Fed. R. Civ. P. 33(a)(1). The United States objects to the term "effect" as used in Interrogatory 16 as vague and ambiguous. The United States also objects to Interrogatory 16 to the extent it seeks information that would be subject to the attorney-client privilege, attorney work product privilege, deliberative process privilege or other executive privileges, or that would be protected from disclosure by the International Organizations and Immunities Act, 22 U.S.C. § 288; Ex. Ord. No. 12467, 49 F.R. 8229 (1984) ("IOIA"), the Vienna Convention on Diplomatic Relations, other relevant international law, and/or principles of international comity. The United

States further objects to this interrogatory to the extent it seeks information that may implicate national security and is protected from disclosure by relevant privileges thereto.

The United States stands on its objections.

## INTERROGATORY 17:

Describe any prior plans or proposals to construct or install buoys or any other object in the Rio Grande River to prevent the illegal crossing of persons or unlawful drugs from Mexico into the United States; in each instance identify the location, date of the proposal, documents relating to the proposal, and persons you identified in your Response to Interrogatory No. 1 with personal knowledge regarding the plan or proposal.

## OBJECTIONS TO INTERROGATORY 17:

The United States incorporates herein its Objections to Definitions A, D, E, F, and I, its Objections to Defendants' Requests for Production 2 and 18(b), and its objections that Interrogatories 6, 12, 15, and 16 are impermissibly compound. Based on the latter four objections, the United States construes Interrogatory 17 to set forth Defendants' 46th interrogatory, and thus objects that it exceeds the limit of 25 under Fed. R. Civ. P. 33(a)(1). The United States objects to the usage of the defined term "buoys" in this Interrogatory as so vague and ambiguous that it makes the Interrogatory impossible to answer in that, taken on its own terms, the Interrogatory asks the United States about *Texas's* "prior plans or proposals." The United States further objects to Interrogatory 17 as overly broad, unduly burdensome, and disproportionate to the needs of the case, particularly insofar as it seeks a description of "any" prior plans or proposals, with no temporal limitation, for preventing illegal crossing from "Mexico into the United States" with no other geographic limitation. *See e.g.*, *Barnett v. Magellan Health, Inc.*, Civil Action No. 17-133-RLB, 2018 WL 2470727, at *4 (M.D. La. June 1, 2018). The United States further objects to Interrogatory 17 because it seeks information about "prior plans or proposals," without limiting the request to actually implemented plans or proposals, and thus on its face seeks information that plainly would be subject to the deliberate process privilege and potentially other privileges or protections from disclosure.

The United States stands on its objections.

## INTERROGATORY 18:

Identify all documents in your possession, custody, or control, including reports, assessments, analyses, and communications, relating to the floating buoys that have not been produced to Defendants; in each instance, identify: (a) the date the document was created; (b) the author(s) of the document; (c) the recipient(s) of the document; and (d) the content of the document.

## OBJECTIONS TO INTERROGATORY 18:

The United States incorporates herein its Objections to Definitions A, C, E, I and N, its Objections to Defendants' Request for Production 1, and its objections that Interrogatories 6, 12, 15, and 16 are impermissibly compound. Based on the latter four objections, the United States construes Interrogatory 18 to set forth Defendants' 47th interrogatory, and thus objects that it exceeds the limit of 25 under Fed. R. Civ. P. 33(a)(1). The United States further objects to Interrogatory 18 because it improperly requires the United States to marshal its evidence, and to the extent it seeks information the disclosure of which is presumptively not required under Fed. R. Civ. P. 26(a)(3)(A) The United States also objects that Interrogatory 18 is overly broad, unduly

23

burdensome, and disproportionate to the needs of the case to the extent it seeks identification of "all" documents, to the extent it seeks detailed identification of the date, author(s), recipient(s) and content of such documents where such details would not materially address the needs of this case to a greater degree than simply producing the documents to Defendants, and to the extent it requires duplicative identification of documents that may be identified or produced as responsive to other Interrogatories. *See e.g.*, *Barnett v. Magellan Health, Inc.*, Civil Action No. 17-133-RLB, 2018 WL 2470727, at *4 (M.D. La. June 1, 2018). The United States further objects to Interrogatory 18 to the extent it seeks documents that would be subject to the attorney-client privilege, attorney work product privilege, deliberative process privilege or other executive privileges, or that would be protected from disclosure by the International Organizations and Immunities Act, 22 U.S.C. § 288; Ex. Ord. No. 12467, 49 F.R. 8229 (1984) (hereinafter referred to as the "IOIA"), the Vienna Convention on Diplomatic Relations, other relevant international law, and/or principles of international comity. The United States additionally objects to this interrogatory because it seeks the premature disclosure of expert opinions, and data considered in forming such opinions, that are not due for disclosure to Defendants under the Court's Scheduling Order until May 10, 2024, as well as drafts of expert opinions or other information protected from disclosure by Fed. R. Civ. P. 26(b)(3)(A) and (B) and 26(b)(4). To the extent Interrogatory 18 seeks identification of the United States' trial exhibits, the United States further objects that those are due on July 26, 2024, by Court order. ECF 97 (Scheduling Order dated March 5, 2024).

The United States stands on its objections.

## INTERROGATORY 19:

To the extent you contend that segments of the Rio Grande River would be navigable with any improvements you identified in your Response to Interrogatory No. 4, describe the commercial activity that you contend would occur after the completion of the improvements and identify any documents you relied upon for your contention(s); for each instance of commercial activity, describe: (a) the goods and services that would be transported on the Rio Grande River; (b) the owners of the goods or services; (c) the location where the goods or services would be loaded onto any watercraft; (d) the type of watercraft on which the goods and services would be loaded and transported along the Rio Grande River; (e) the owners of any watercraft on which the goods and services would be transported along the Rio Grande River; (f) the manner of loading the goods or services onto any watercraft; (g) the location where the goods or services would be unloaded from any watercraft; (h) the manner of unloading the goods or services from the watercraft; (i) the manner by which any watercraft would return to the original loading location; (j) whether any watercraft would transport goods or services during the return trip to the original loading location; and (k) explain whether and how this method of transportation would be more or less expensive than transporting the goods or services via highway, air, or rail.

## OBJECTIONS TO INTERROGATORY 19:

The United States incorporates herein its Objections to Definition A and to Interrogatory 4, and its objections that Interrogatories 6, 12, 15, and 16 are impermissibly compound. The United States objects that Interrogatory 19 likewise is impermissibly compound, as it bundles eleven distinct substantive requests for information—subparts (a) through (k)—into one compound question. *See* Fed. R. Civ. P. 33(a)(1) (the limit on number of interrogatories applies to "all discrete subparts"). The United States thus construes Interrogatory 19 to set forth

Defendants' 48th through 58th interrogatories, and objects that they exceed the limit of 25 under Fed. R. Civ. P. 33(a)(1).   The United States further objects to Interrogatory 19 because it improperly requires the United States to marshal its evidence, and to the extent it seeks information the disclosure of which is presumptively not required under Fed. R. Civ. P. 26(a)(3)(A).   The United States further objects that Interrogatory 19 is not a proper "contention interrogatory" because it is unrelated to any contention of the United States in this matter, but rather to Texas' own contentions concerning the legal standard for navigability and the evidence allegedly required to prove navigability based on susceptibility of the water to improvement.   *See Modern Font Applications LLC v Red Lobster Hospitality LLC*, Case No. 6:21-cv-00470, 2022 WL 2373865, at *4 (W.D. Tex. June 30, 2022) (declining to order a response to interrogatories that "impermissibly require[d]" the responding party to "prove [the propounding party's] case") (internal quotation and citation omitted).   The United States also objects to this interrogatory because it seeks the premature disclosure of expert opinions, and data considered in forming such opinions, that are not due for disclosure to Defendants under the Court's Scheduling Order until May 10, 2024.   The United States further objects to this Interrogatory to the extent it seeks drafts of expert opinions or other information protected from disclosure by Fed. R. Civ. P. 26(b)(3)(A) and (B) and 26(b)(4).

The United States stands on its objections.

## INTERROGATORY 20:

Identify all federal agencies and departments whose participation would be requested or necessary in order to authorize, approve, permit, or construct the improvements, if any, you identified in your Response to Interrogatory No. 4; in each instance, provide their availability for a deposition in accordance with Federal Rule of Civil Procedure 30(b)(6) during May and June of 2024 to answer questions about said improvements.

## OBJECTIONS TO INTERROGATORY 20:

The United States incorporates herein its Objections to Definition A and to Interrogatory 4, and its objections that Interrogatories 6, 12, 15, 16, and 19 are impermissibly compound.   Based on the latter four objections, the United States construes Interrogatory 20 to set forth Defendants' 59th interrogatory, and thus objects that it exceeds the limit of 25 under Fed. R. Civ. P. 33(a)(1). The United States further objects to Interrogatory 20 because it seeks the premature disclosure of expert opinions, and data considered in forming such opinions, that are not due for disclosure to Defendants under the Court's Scheduling Order until May 10, 2024.   The United States further objects to this Interrogatory to the extent it seeks drafts of expert opinions or other information protected from disclosure by Fed. R. Civ. P. 26(b)(3)(A) and (B) and 26(b)(4).

The United States stands on its objections.

**SIGNED AS TO THE OBJECTIONS ONLY:**

Dated:  May 3, 2024

JAIME ESPARZA
UNITED STATES ATTORNEY

/s/ Landon A. Wade
LANDON A. WADE
  Assistant United States Attorney
  Texas Bar No. 24098560
United States Attorney's Office
Western District of Texas
903 San Jacinto Blvd., Suite 334
Austin, TX 78701
(512) 370-1255 (tel)
(512) 916-5854 (fax)
Landon.wade@usdoj.gov

TODD KIM
ASSISTANT ATTORNEY GENERAL
Environment & Natural Resources Division

/s/  Brian H. Lynk
BRIAN H. LYNK
  Senior Trial Counsel
  DC Bar No. 459525
BRYAN J. HARRISON
  Trial Attorney
  FL Bar No. 106379
KIMERE J. KIMBALL
  Trial Attorney
  CA Bar No. 260660
ANDREW D. KNUDSEN
  Trial Attorney
  DC Bar No. 1019697
U.S. Department of Justice
Environmental Defense Section
P.O. Box 7611
Washington, DC 20044
(202) 514-6187 (Lynk)
(202) 514-8865 (fax)
Brian.lynk@usdoj.gov
Bryan.harrison@usdoj.gov
Kimere.kimball@usdoj.gov
Andrew.knudsen@usdoj.gov

*Counsel for the United States of America*

For the United States Army Corps of Engineers

As to the answers to Interrogatories 1, 2, 6 & 7:

Dated: May ___, 2024

_____

Neil Lebsock
U.S. Army Corps of Engineers, Fort Worth District
Chief, Compliance and Enforcement Branch

As to the answer to Interrogatory 8:

Dated: May **3**, 2024

_____

David M. Wethington
Chief, Future Directions Branch

As to the answer to Interrogatory 9:

Dated: May ___, 2024

_____

Brandon Wadlington
Chief, NEPA & Natural Resources Section
Southwestern Regional Planning and Environmental
Center

For the United States Army Corps of Engineers

As to the answers to Interrogatories 1, 2, 6 & 7:

Dated: May __3__, 2024

*Neil Lebsock*
_____
Neil Lebsock
U.S. Army Corps of Engineers, Fort Worth District
Chief, Compliance and Enforcement Branch

As to the answer to Interrogatory 8:

Dated: May ____, 2024

_____
David M. Wethington
Chief, Future Directions Branch

As to the answer to Interrogatory 9:

Dated: May __3__, 2024

_____
Brandon Wadlington
Chief, NEPA & Natural Resources Section
Southwestern Regional Planning and Environmental
Center

For the U.S. Section of the International Boundary
and Water Commission

As to the answers to Interrogatories 1, 2, 8 & 9:

Dated: May 3 , 2024

_Isela Canava_

Isela Canava
Principal Engineer, Operations Department
U.S. Section, IBWC

For the United States Department of State

As to the answers to Interrogatories 1, 2, & 8:

Dated: May 3, 2024

James Bischoff
Assistant Legal Adviser for
Western Hemisphere Affairs (L/WHA)
Office of the Legal Adviser

For the United States Coast Guard

As to the answers to Interrogatories 1 & 2:

Dated: May 5, 2024

Brandy Parker, Captain

### CERTIFICATE OF SERVICE

I certify that on May 3, 2024, a copy of the above-captioned document was served on counsel of record via email.

*/s/ Brian H. Lynk*
Brian H. Lynk
