UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    *Plaintiff*,<br><br>  v.<br><br>GREG ABBOTT, in his capacity as Governor of the State of Texas, and THE STATE OF TEXAS,<br>    *Defendants*. | No. 1:23-cv-00853-DAE |

### DEFENDANTS' REPLY IN SUPPORT OF
### MOTION TO PLACE CASE ON JURY DOCKET

Defendants Greg Abbott, in his capacity as Governor of the State of Texas, and the State of Texas, file this Reply in Support of Motion to Place Case on Jury Docket, as follows.

1. Defendants filed the Motion to Place Case on Jury Docket (ECF 123) (the "Motion") on June 21, 2024. Defendants did so after Plaintiff had taken no action for forty days in response to Defendants' jury demand made in their Answer and Counterclaim filed on May 10, 2024. The jury demand was reiterated in Defendants' Amended Answer and Counterclaim filed on May 24, 2024.

2. Where, as here, a timely jury demand has been made, Rule 39(a) of the Federal Rules of Civil Procedure provides that "the action *must* be designated on the docket as a jury action" (emphasis added). This action is mandatory, not discretionary, under the Rule. *See Huer Huang v. Shanghai City Corp.*, 2022 U. S. Dist. LEXIS 113476 (S. D. N. Y. 2022) ("Rule 39(a) provides, without exception and in mandatory language, that when a jury has been demanded under Rule 38, the action must be designated on the docket as a jury action").

1

3. Plaintiff's Response (ECF 127) is without merit. Plaintiff nonsensically claims that the Motion is "moot" because this case is already on the Court's *civil* docket. How placement of the case on the Court's civil docket somehow makes moot a request for entirely different relief (designation as a jury action) that is mandatory under Rule 39(a) is left unexplained by Plaintiff.

4. Plaintiff also claims that the Motion is somehow "futile" because the United States District Court for the Western District of Texas does not maintain a "Jury Docket" formally designated as such. The Court does, however, denote which cases are jury actions and which are non-jury actions. It does so for the supremely practical reason that jury cases and non-jury cases require some significant differences in both pre-trial and trial procedures. And designation of this case as a "jury action" is what Rule 39(a) specifically directs.

5. It was entirely appropriate therefore, and neither moot nor futile, for Defendants to file the Motion. The Motion made it plain to Plaintiff and all concerned that this is now a jury case. In the Scheduling Order entered on March 5, 2024 (ECF 97), the Court set this case for a Bench Trial in August, with deadlines appropriate to such a non-jury trial. For example, the Scheduling Order set deadlines for proposed findings of fact and conclusions of law. No jury charge or jury instructions were mentioned. No jury selection procedures were mentioned. The reality that this case is to be tried to a jury (unless the Court hereafter determines otherwise) requires reasonable notice and some changes to the Scheduling Order. The Motion timely and reasonably alerts Plaintiff to this reality.

6. *After* Defendants filed the Motion, Plaintiff filed a 20-page motion that includes a request that the Court strike Defendants' jury demand. (ECF 125). Defendant will timely respond to this belated request and explain why a jury trial is required in this case by the Seventh

Amendment to the Constitution. Pending that response, any hearing on that motion, and the Court's ultimate ruling on it, Defendants respectfully request that the Court grant the relief requested in the Motion and directed by Rule 39(a).

Date: June 27, 2024

Respectfully submitted,

Ken Paxton
Attorney General of the State of Texas

Brent Webster
First Assistant Attorney General

Ralph Molina
Deputy Attorney General for Legal Strategy

Ryan Walters
Chief, Special Litigation Division

Office of the Attorney General
P. O. Box 12548, MC-009
Austin, TX 78711-2548
(512) 936-2172

/s/ David Bryant
David Bryant
Senior Special Counsel
Tex. State Bar No. 03281500
david.bryant@oag.texas.gov

Johnathan Stone
Special Counsel
Tex. State Bar No. 24071779
Johnathan.stone@oag.texas.gov

Munera Al-Fuhaid
Special Counsel
Tex. State Bar No. 24094501
munera.al-fuhaid@oag.texas.gov

Kyle S. Tebo
Special Counsel
Tex. State Bar No. 24137691
kyle.tebo@oag.texas.gov

Zachary Berg
Special Counsel
Tex. State Bar. 24107706
Zachary.Berg@oag.texas.gov

**Counsel for Defendants**

### CERTIFICATE OF SERVICE

On June 27, 2024, this document was served on all counsel of record via email.

/s / David Bryant
David Bryant
Senior Special Counsel