IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>*Plaintiff,*<br><br>v.<br><br>**GREG ABBOTT, ET AL.,**<br><br>*Defendants.* | **CIVIL ACTION NO. 1:23-CV-00853** |

### DEFENDANTS' OPPOSED MOTION TO STRIKE PLAINTIFF'S MOTION FOR PROTECTIVE ORDER

Plaintiff, the United States, filed a motion seeking a protective order relating to the topics of four Fed. R. Civ. P .30(b)(6) depositions noticed by Defendants. ECF 126. Plaintiff's motion should be struck because Plaintiff failed to participate in the required meet-and-confer to resolve the discovery dispute and failed to adequately brief its objections.

### BACKGROUND

On June 12, 2024, Defendants reached out to Plaintiff requesting availability for four Fed. R. Civ. P. 30(b)(6) depositions and, upon request, providing a preliminary list of topics for the depositions. Ex. A. at 10-14.

On June 17, 2024, the deadline to notice fact depositions, Defendant noticed the Rule 30(b)(6) depositions, at Plaintiff's request, while waiting for Plaintiff to provide agreeable dates, times, and locations. *Id*. at 7-8.

On June 18, 2024, 15 minutes before a scheduled meet-and-confer to discuss the unrelated topic of whether the parties could agree to expand the number of depositions, Plaintiff sought to add objections to the Rule 30(b)(6) topics to the conference call discussion with the following

1

email:

1) Many of the topics noticed for the four 30(b)(6) depositions are improper, overbroad, and/or fail to describe with reasonable particularity the matters for examination. For one, Judge Ezra has repeatedly held that immigration and immigration-related matters are not relevant in these proceedings, most recently in his April 2024 opinion denying Texas's motion to dismiss to the extent it sought to dismiss the United States' Rivers and Harbors claim. Nonetheless, Texas propounds numerous 30(b)(6) to all four noticed federal agencies specifically on immigration topics.

2) Nor can Texas properly invoke Rule 30(b)(6) to depose an agency on information that has nothing to do with the issues in this case by simply tacking on the phrase "Rio Grande River" to the subject-matter description—for example: USCG #32: "The impact of Operation Fouled Anchor on agency operations on the Rio Grande River."

3) Finally, an agency is only required to provide a deponent on topics for information that is "known or reasonably available to it." Many of Texas's noticed topics attempt to use the 30(b)(6) process to require federal agencies to test Texas's own hypotheses or to provide Texas with calculations and analysis related to its own expert testimony.

Accordingly, unless is willing to narrow the scope of its notices to relevant subject-matters reasonably within the noticed agencies' knowledge, we intend to move for a protective order to limit the topics of these four 30(b)(6) depositions to the following (and reserving all rights to further amend this list):

- USCG: 1, 2, 3, 4, 5, 24, 25, 26, 27, 29, 31

- IBWC: 2, 3, 8, 9, 10, 14, 16, 18, 19, 20, 21, 22, 24, 27, 28

- USACE: 1, 2, 3, 4, 5, 8, 9, 13, 14, 18, 19, 20, 22, 25, 28, 29, 30, 31, 32, 33, 34, 36, 38

- CBP: 2, 3, 22, 23, 24

*Id.* at 4-6.

Defendant's counsel stated during the unrelated meet-and-confer that they could not respond on such short notice to the objections to the Rule 30(b)(6) depositions, but would send a response by noon on July 20, 2024. *Id.* at 2.

On July 20, 2024, Defendants sent Plaintiff amended Rule 30(b)(6) deposition notices and the following email:

Thank you for your email. I have reviewed your comments on our deposition topics. You

> identified four distinct and generalized problems with "many" of the deposition topics, before identifying the topics that were not objectionable.
>
> Unfortunately, I cannot tell from your email what the problem was for each of the topics you found objectionable. It is impossible to respond without know this information. So, for instance, you objected that "many" topics failed to describe with reasonable particularity the matters for examination. Without know which topics allegedly suffer from this problem I am uncertain which ones need further clarification. Nonetheless, in an act of good faith, I went back to the drawing board with the general objections you made in mind. Enclosed are amended 30(b)(6) notices that I hope address all of your concerns. In the unlikely event that you still find some of the topics objectionable, if you could tell me, for each one, what is objectionable then I will endeavor to see if a reasonable accommodation can be made such that there is no need to seek protection from the Court.

Ex. A at 1-2.

Plaintiff thereafter responded to the calendar invite for the scheduled 30(b)(6) depositions meet-and-confer scheduled for that afternoon with, "[g]iven Texas' written response and some of the details therein, and all of that following on the call we already on Tuesday, we see no need for a further call 'this' afternoon, as we inevitably are filing motions today. We will, though, 'write' you back this afternoon giving notice of the motions, addressing points in your email, and answering as many of your questions as we can." Ex. B at 4-5.

Defendant's counsel replied, the same day:

> We hope you enjoyed the Juneteenth holiday. We are confused and saddened by your email.
>
> We hope that you will have a change of heart. *We will be joining the call today as scheduled and will be prepared to talk through our issues and the logistics of depositions.* It is difficult sometimes to understand tone and context from emails, which is to say that we are confused about the quotation marks in your email. Nonetheless, we are confident that we can work through whatever seems to have upset you during our call.
>
> *We hope you'll hold off on filing motions with the Court without conferring with us. If the motions are related to 30(b)(6) notices, we hope you'll hold off until you talk to us about each of the objectionable topics.* The whole purposes of having meet-and-confers is to try to work out problems without the need to seek Court intervention. These depositions are month out and there is plenty of time for us to talk and work out any differences. We are committed to engaging in that process in good faith and working with you to find agreeable solutions. *We don't want to bother Magistrate Howell with discovery issues that we could have just worked*

3

>*out with a few phone calls*. But communication has to work both ways. We can't fix something if you won't tell us what you think is wrong. We hope you understand and feel the same way. We will, unfortunately, have to bring this to the Court's attention if you proceed with filing motions without meaningfully engaging with us in an attempt to resolve our disagreements.

*Id.* at 3-4 (emphasis added).

Plaintiff's counsel responded, *inter alia*, that "**[b]efore filing our motion [For Protective Order], we will email Texas the final list of what we will seek to quash from Texas's newly revised (and untimely as noted above) list of 30(b)(6) topics, so that Texas can readily articulate if the request is opposed or unopposed.**" *Id.* at 1-2.

No further emails were sent on the subject; instead, on July 21, 2024, Plaintiff filed Plaintiff's Opposed Motion for Protective Order. ECF 126. The motion lacks the required certificate of conference. It also falsely states that Plaintiff only filed after "efforts to meet and confer." *Id.* at 1. But it was Plaintiff who abruptly cancelled a scheduled meet-and-confer on the subject on the afternoon of July 21, 2024, and Plaintiff who failed to provide the promised list of objectionable topics so the parties could confer prior to filing a motion for protection. Ex. B at 5-6.

### Motion to Strike

**I.   Plaintiff's Motion for Protective Order Lacks a Certificate of Conference.**

Federal R. Civ. P. 26(c) requires that motions for a protective order "*must* include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action." Fed. R. Civ. P. 26(c) (emphasis added).

Similarly, Local Rule CV-7(g) provides that the Court "may refuse to hear or may deny a nondispositive motion unless the movant advises the court within the body of the motion that counsel for the parties have conferred in a good-faith attempt to resolve the matter by agreement

4

and certifies the specific reason that no agreement could be made." Local Rule CV-7(g).

Parties "do not satisfy the conference requirements simply by requesting or demanding compliance, because the parties need to confer, deliberate, converse, or compare views with a goal of resolving the dispute." *Wareka v. Square*, 2022 WL 272118, at *3 (W.D.Tex., 2022) (quoting *Patel v. Shipper Servs. Express*, No. 5:20-cv-00267-OLG, 2020 WL 10056291, at *1 (W.D. Tex. Oct. 19, 2020)). Letters or emails alone may not be sufficient to demonstrate that a good-faith effort was made to resolve the open issues. *Id*. "Good faith" requires a genuine attempt to resolve the dispute. *Compass Bank v. Shamgochian*, 287 F.R.D. 397, 399 (S.D. Tex. 2012); *see also McCallum v. Camping World, Inc.*, No. SA-19-cv-01021-OLG, 2019 WL 9197839, at *1 n.1 (W.D. Tex. Dec. 17, 2019) (explaining "good faith" requirement of former Local Rule CV-7(i)). To "confer" requires two-way communication necessary to genuinely discuss any issues and avoid judicial recourse. *Compass Bank*, 287 F.R.D. at 399. If an agreement cannot be reached despite a movant's good-faith efforts, certification under Local Rule CV-7(g) requires a detailed description of the attempts made to resolve the dispute and the specific reasons why the parties could not reach an agreement. *Paulk v. Fries*, No. SA-12-CV-1001-FB, 2013 WL 12129935, at *3 (W.D. Tex. Apr. 9, 2013).

Plaintiff's intentional violation of both the letter and the spirit of Fed. R. Civ. P. 26(c) and Local Rule CV-7(g) warrants striking Plaintiff's Motion for Protective Order. *See, e.g., Rodriguez v. Taylor, Bean & Whitaker Mortg. Corp.*, No. SA-12-CV-0039-OLG, 2012 WL 12888786, at *1 (W.D. Tex. Aug. 31, 2012) (denying motion to strike because movant failed to include certificate of conference). Defendants asked Plaintiff to confer with them on any objectionable Rule 30(b)(6) topics before seeking a protective order, Ex. B at 3-4, and Plaintiff promised to do so, *id*. at 1-2. Defendants expressly reminded Plaintiff about its duty to meet-and-confer before filing the motion.

5

*Id*. at 3-4. Nonetheless, Plaintiff filed the motion, without the required Certificate of Conference, depriving the parties of the opportunity to attempt to work out an agreeable compromise.

The parties did not participate in a meet-and-confer to discuss the Rule 30(b)(6) deposition topics. *Id*. at 5-6. The initial email sent by Plaintiff's counsel objected to "many" of the noticed topics without clarifying what the objections were to each topic such that Defendants could fully respond. Ex. A at 4-6. Nonetheless, even without this information, Defendants attempted to address Plaintiff's concerns by amending the deposition topics to add more specificity, *id*. at 1-2, only for Plaintiff to then object that the requested clarifications were "untimely." Ex. B at 5-6.

Striking Plaintiff's Motion for Protective Order is in the interest of justice. Defendants have already shown a willingness to communicate, compromise, and modify the Rule 30(b)(6) topics in response to Plaintiffs concerns. Ex. A at 1-2; Ex. B at 3-4. It is likely the parties can resolve some, or all, of the Rule 30(b)(6) topics Plaintiff finds objectionable if they meaningfully participate in a meet-and-confer in good faith and a willingness to compromise. *Id*.

The Court will save judicial resources and promote civility in the profession by striking Plaintiff's Motion for Protective Order and directing the parties to meet-and-confer before filing nondispositive motions as required by Local Rule CV-7(g).

## II.     Plaintiff Failed to Adequately Brief the Objections to the Rule 30(b)(6) Topics.

"[A] party resisting discovery must show specifically how each discovery request is not relevant or otherwise objectionable." *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (C.A.5 (Tex.), 1990). "Objections to discovery must be made with specificity, and the responding party has the obligation to *explain and support its objections*." *Crow v. ProPetro Services, Inc.*, 2016 WL 9776368, at *4 (W.D.Tex., 2016) (citing *Heller v. City of Dallas*, 303 F.R.D. 466, 483

(N.D. Tex. 2014)).

Plaintiff's Motion for Protective Order fails to explain and support its objections for each of the Rule 30(b)(6) topics. ECF 126; *Clark v. Waters*, 407 F. App'x 794, 796 (5th Cir. 2011) (per curiam) (Courts may deem issues abandoned when a party fails to present or properly argue issues). Plaintiff, instead, repeats *verbatim* the same two collections of boilerplate objections to dozens of deposition topics. ECF 126-1. And, in violation of the page-limits in Local Rule CV-7(c), Plaintiff created a 9-page table of objections and attached them, without explanation, as an exhibit. Defendants cannot respond to each of the objections because Plaintiff has not explained what is objectionable about each of the topics.[1] *Harris v. Watson*, 2023 WL 3255006, at *1 (C.A.5 (Tex.), 2023) (per curiam) (deeming arguments abandoned when the fundamental failure to properly present and argue the points precluded the Court from engaging in meaningful review); *United States v. Beaumont*, 972 F.2d 553, 563 (5th Cir. 1992) (per curiam).

Some of Plaintiff's objections are mutually exclusive. Take, for instance, Plaintiff's objection to the Rule 30(b)(6) topic relating to 10 years of data from the River Gages in the segment of the Rio Grande River at issue that are operated by the U.S. International Water Boundary Commission (USIBWC). ECF 126 at 7-8. Plaintiff objects that the requested information is "not known or reasonably available" to USIBWC. ECF 126-1 at 7. Yet, in the next breath, it contends that the topic is *also* objectionable because the River Gage data is publicly available on the USIBWC's website. ECF 126 at 8. Both things cannot be true.

Moreover, the first objection is obviously made in bad faith given that USIBWC maintains the River Gages and collects their data. *Id*. The second objection is similarly incredible because

---

[1] To the extent Plaintiff discusses specific topics in its motion, Defendants will correspondingly respond in Defendants' Objections and Response to Plaintiff's Motion for Protective Order.

7

only *some* of the River Gage data is available on the USIBWC website. *See* ECF 130-4, 68:7-23 (USIBWC employee and designated expert testifying that the data necessary to estimate water depths in the segment of the Rio Grande River at issue are not available on the agency's online portal and website.). In any event, that *some* information response to a deposition topic is *publicly available on the agency's website* is not a proper objection. Rule 30(b)(6) requires the "persons designated must testify about information known or reasonably available to the organization." Fed. R. Civ. P. 30(b)(6).

Finally, Plaintiff objects that the topics are "overly broad or unduly burdensome" but fails to discuss, *anywhere*, in its motion why this is the case. *See generally* ECF 126; *Phillips v. Murphy Oil USA, Inc.*, 2024 WL 677711, at *2 (W.D.Tex., 2024) ("A party resisting discovery must show how the requested discovery was overly broad, burdensome, or oppressive by submitting affidavits or offering evidence revealing the nature of the burden.") (citing *Orchestrate HR, Inc. v. Trombetta*, 178 F. Supp. 3d 476, 507 (N.D. Tex. 2016)); *Heller v. City of Dallas*, 303 F.R.D. 466, 490 (N.D.Tex., 2014) (requiring the party resisting discovery on the grounds that the information sought is overly broad, unduly burdensome, or oppressive must submit an affidavit or supporting evidence revealing the nature of the burden).

Plaintiff's general boilerplate objections, which it failed to adequately brief with specificity for each objectionable topic, should be struck. *Id.* ("General objections that a discovery request is "overly broad, [is] unduly burdensome, or seek[s] information that is not relevant and not likely to lead to the discovery of relevant evidence, are invalid."); *see also Guilbeau v. Schlumberger Technology Corporation*, 2024 WL 940244, at *36 (W.D.Tex., 2024) ("district court need not consider frivolous, conclusive or general objections.").

8

### III. Plaintiff's Motion for Protection is Cumulative.

Defendants' Motion for Leave to Take More Than 10 Depositions is set for a hearing on July 2, 2024, and will resolve all matters contained in Plaintiff's request for a protective order relating to the deposition notices. ECF 134. Plaintiff's motion is, therefore, duplicative and should be struck.

### CONCLUSION

For the foregoing reasons, the Court should grant Defendants' Motion to Strike Plaintiff's Motion for Protective Order and award any further relief to which Defendants may be justly entitled.

Date: June 27, 2024

Ken Paxton
Attorney General of the State of Texas

Brent Webster
First Assistant Attorney General

Ralph Molina
Deputy Attorney General for Legal Strategy

Ryan Walters
Chief, Special Litigation Division

Office of the Attorney General
P. O. Box 12548, MC-009
Austin, TX 78711-2548
(512) 936-2172

Respectfully submitted,

*/s/ Johnathan Stone*
**Johnathan Stone**
Special Counsel
Tex. State Bar No. 24071779
Johnathan.stone@oag.texas.gov

David Bryant
Senior Special Counsel
Tex. State Bar No. 03281500
david.bryant@oag.texas.gov

Munera Al-Fuhaid
Special Counsel
Tex. State Bar No. 24094501
munera.al-fuhaid@oag.texas.gov

Kyle S. Tebo
Special Counsel
Tex. State Bar No. 24137691
kyle.tebo@oag.texas.gov

Zachary Berg
Special Counsel
Tex. State Bar. 24107706

[Zachary.Berg@oag.texas.gov](mailto:Zachary.Berg@oag.texas.gov)

**Counsel for Defendants**

### CERTIFICATE OF CONFERENCE

On June 27, 2024, I conferred with counsel for Plaintiff via email and they indicated that they are opposed to this motion.

*s/ Johnathan Stone*
**Johnathan Stone**
Special Counsel

### CERTIFICATE OF SERVICE

On June 27, 2024, this document was filed electronically through the Court's CM/ECF system, which automatically serves all counsel of record.

*s/ Johnathan Stone*
**Johnathan Stone**
Special Counsel