| | |
|---|---|
| **From:** | Johnathan Stone |
| **To:** | Lynk, Brian (ENRD) |
| **Cc:** | Sharon Murray; Ryan Walters; David Bryant; Wade, Landon (USATXW); Harrison, Bryan (ENRD); Knudsen, Andrew (ENRD); Munera Al-Fuhaid; Amy Hilton; Kimball, Kimere (ENRD); Kyle Tebo; Zachary Berg; Kruger, Mary (USATXW) |
| **Subject:** | RE: [EXTERNAL] RE: United States v. Abbott, et al. No. 1:23-cv-853 (W.D. Tex.); TX Amended Disclosures and Conferring on Depositions |
| **Date:** | Thursday, June 20, 2024 11:44:55 AM |
| **Attachments:** | 20240620_Defs" USACE Amended 30b6 Notice to Pltf.pdf<br>20240620_Dfs" USCG Amended 30b6 to Pltf.pdf<br>20240620_Defs" CBP Amended 30b6 to Pltf.pdf<br>20240620_Defs" Amended IBWC 30b6 to Pltf.pdf |

Dear Brian,

Thank you for your email. I have reviewed your comments on our deposition topics. You identified four distinct and generalized problems with "many" of the deposition topics, before identifying the topics that were *not* objectionable.

Unfortunately, I cannot tell from your email what the problem was for each of the topics you found objectionable. It is impossible to respond without know this information. So, for instance, you objected that "many" topics failed to describe with reasonable particularity the matters for examination. Without know which topics allegedly suffer from this problem I am uncertain which ones need further clarification. Nonetheless, in an act of good faith, I went back to the drawing board with the general objections you made in mind. Enclosed are amended 30(b)(6) notices that I hope address all of your concerns. In the unlikely event that you still find some of the topics objectionable, if you could tell me, for each one, what is objectionable then I will endeavor to see if a reasonable accommodation can be made such that there is no need to seek protection from the Court.

We cannot move the Mississippi locations. We can move the Corpus Christi depositions to Austin, TX, provided Sandi Hart's occur on June 25, 2024, and Christine Magers occur on either June 26-27 or July 2-3. You will need to agree to compensate the experts for travel and hotel accommodations. In the alternative, perhaps we could agree that each side will bear the costs of producing these witnesses in Austin, TX, if the USA similarly agrees to the same arrangement for the 30(b)(6) depositions, including that the witnesses will be produced in Austin, TX.

We are going to release the deposition dates for next week unless we receive notices from you *today*. Our experts are busy professionals, and they cannot continue holding dates indefinitely while you mull whether to notice their depositions.

We need an answer *today* on whether you agree to expand the total number of depositions and, if so, by how many; otherwise, we intend to proceed with filing a motion.

Based on your email, we intend to file a motion to place the case on the jury docket. Please let us know *today* if you are opposed or unopposed.

Finally, please let us know *today* whether you will provide us with the overdue declarations necessary to support of claim of the deliberative process privilege.

We look forward to talking with you this afternoon and amicably working through these issues. We will follow up this email with a calendar invite for our call today.

Kind regards,

**Johnathan Stone**
Special Counsel
Office of the Attorney General of Texas
Telephone: (512) 936-2613
Johnathan.Stone@oag.texas.gov

This is a confidential communication and intended for the addressee(s) only. Any unauthorized interception or disclosure of this transmission is prohibited pursuant to Tex. Gov't Code Ch. 552. If you are not the intended recipient of this message, please notify the sender and destroy this and all copies of this communication. Thank you.

---

**From:** Lynk, Brian (ENRD) <Brian.Lynk@usdoj.gov>
**Sent:** Tuesday, June 18, 2024 5:18 PM
**To:** Johnathan Stone <Johnathan.Stone@oag.texas.gov>
**Cc:** Sharon Murray <Sharon.Murray@oag.texas.gov>; Ryan Walters <Ryan.Walters@oag.texas.gov>; David Bryant <David.Bryant@oag.texas.gov>; Wade, Landon (USATXW) <Landon.Wade@usdoj.gov>; Harrison, Bryan (ENRD) <Bryan.Harrison@usdoj.gov>; Knudsen, Andrew (ENRD) <Andrew.Knudsen@usdoj.gov>; Munera Al-Fuhaid <Munera.Al-Fuhaid@oag.texas.gov>; Amy Hilton <Amy.Hilton@oag.texas.gov>; Kimball, Kimere (ENRD) <Kimere.Kimball@usdoj.gov>; Kyle Tebo <Kyle.Tebo@oag.texas.gov>; Zachary Berg <Zachary.Berg@oag.texas.gov>; Kruger, Mary (USATXW) <Mary.Kruger@usdoj.gov>
**Subject:** RE: [EXTERNAL] RE: United States v. Abbott, et al. No. 1:23-cv-853 (W.D. Tex.); TX Amended Disclosures and Conferring on Depositions

Good afternoon Johnathan,

Thank you for the call this afternoon. During the call, among other things, you shared Texas' thoughts on how the parties' might resolve issues we raised below pertaining to the number of depositions noticed by Texas. As to other issues we raised below pertaining to the Texas's 30(b)(6) topics, you indicated that Texas was not in a position during today's call (so soon after receiving our email) to state if it would withdraw the topics we identified as problematic, but could answer us in writing by noon CT on Thursday.

The United States is willing to await Texas's written response promised by noon CT Thursday, before taking any action to file a motion with the Court. I will keep 2:30 to 3PM CT (3:30 to 4PM ET) available Thursday afternoon for a follow-up call after the United States have had a chance to consider Texas's written response. I would also send you a written reply to your response, before that call, in order to facilitate completing our discussion. Since we are electing to wait that response Thursday to determine if the issues

below continue to require a motion to resolve them, I will wait until I have seen it before responding to the portion of your proposal that you outlined today (relating to the number of Texas's depositions).

To the extent additional questions came up in today's conversation that relate to the mechanics and convenience of scheduling depositions of Texas's experts—particularly, whether those identified as available in Corpus Christi could instead be made available in Austin—it would be helpful to address that in the 12PM CT written response as well.  One other similar question I will add (though I did not during the call), is whether the two Mississippi locations identified for certain experts could be consolidated to one—either Oxford or Hattiesburg, but not both—as the two cities are about 4 hours' drive apart.

Likewise, in our written reply to your response, we will aim to fill in some details, to the extent known by that time, on specific dates we plan to notice for specific experts, whether there are issues with the dates noticed for the 30(b)(6)'s, Ms. Quam, and/or the City of Eagle Pass, and the location availability for Ms. Quam.  You indicated today that those six depositions would be prioritized by Texas to move forward even if its total number of depositions were limited to ten.

We acknowledged that there may be some double-tracked depositions in the last week of discovery, as well in periods before the last week of discovery.

You asked to confer about Texas's proposed jury charge.  I stated that the United States does not agree that a constitutional jury right applies in the context of the instant case, claim/s and parties, but that if the Court were to determine otherwise, conferral about the proposed jury charge could occur during the pre-trial exchange process that will follow the conclusion of discovery, under the Court's schedule order.

Finally, Amy Hilton raised an issue relating to the deliberative process assertions in our privilege log, which I indicated I was not prepared on today's call to address.  Amy indicated that Texas could follow up (per my suggestion) by raising that issue in writing to facilitate our response.  I assume you will include that in your 12pm CT Thursday written communication.

Thanks again, and have a good evening,
Brian

Brian H. Lynk
Senior Trial Counsel
Environmental Defense Section
Environment & Natural Resources Division
U.S. Department of Justice
202.514.6187
brian.lynk@usdoj.gov

---

**From:** Johnathan Stone <Johnathan.Stone@oag.texas.gov>
**Sent:** Tuesday, June 18, 2024 4:01 PM
**To:** Lynk, Brian (ENRD) <Brian.Lynk@usdoj.gov>
**Cc:** Sharon Murray <Sharon.Murray@oag.texas.gov>; Ryan Walters <Ryan.Walters@oag.texas.gov>;

David Bryant <David.Bryant@oag.texas.gov>; Wade, Landon (USATXW) <LWade1@usa.doj.gov>; Harrison, Bryan (ENRD) <Bryan.Harrison@usdoj.gov>; Knudsen, Andrew (ENRD) <Andrew.Knudsen@usdoj.gov>; Munera Al-Fuhaid <Munera.Al-Fuhaid@oag.texas.gov>; Amy Hilton <Amy.Hilton@oag.texas.gov>; Kimball, Kimere (ENRD) <Kimere.Kimball@usdoj.gov>; Kyle Tebo <Kyle.Tebo@oag.texas.gov>; Zachary Berg <Zachary.Berg@oag.texas.gov>; Kruger, Mary (USATXW) <MKruger@usa.doj.gov>

**Subject:** RE: [EXTERNAL] RE: United States v. Abbott, et al. No. 1:23-cv-853 (W.D. Tex.); TX Amended Disclosures and Conferring on Depositions

4 pm EST still works best for us.

Kind regards,

**Johnathan Stone**
Special Counsel
Office of the Attorney General of Texas
Telephone: (512) 936-2613
Johnathan.Stone@oag.texas.gov

This is a confidential communication and intended for the addressee(s) only. Any unauthorized interception or disclosure of this transmission is prohibited pursuant to Tex. Gov't Code Ch. 552. If you are not the intended recipient of this message, please notify the sender and destroy this and all copies of this communication. Thank you.

---

**From:** Lynk, Brian (ENRD) <Brian.Lynk@usdoj.gov>
**Sent:** Tuesday, June 18, 2024 2:45 PM
**To:** Johnathan Stone <Johnathan.Stone@oag.texas.gov>
**Cc:** Sharon Murray <Sharon.Murray@oag.texas.gov>; Ryan Walters <Ryan.Walters@oag.texas.gov>; David Bryant <David.Bryant@oag.texas.gov>; Wade, Landon (USATXW) <Landon.Wade@usdoj.gov>; Harrison, Bryan (ENRD) <Bryan.Harrison@usdoj.gov>; Knudsen, Andrew (ENRD) <Andrew.Knudsen@usdoj.gov>; Munera Al-Fuhaid <Munera.Al-Fuhaid@oag.texas.gov>; Amy Hilton <Amy.Hilton@oag.texas.gov>; Kimball, Kimere (ENRD) <Kimere.Kimball@usdoj.gov>; Kyle Tebo <Kyle.Tebo@oag.texas.gov>; Zachary Berg <Zachary.Berg@oag.texas.gov>; Kruger, Mary (USATXW) <Mary.Kruger@usdoj.gov>
**Subject:** RE: [EXTERNAL] RE: United States v. Abbott, et al. No. 1:23-cv-853 (W.D. Tex.); TX Amended Disclosures and Conferring on Depositions

Good afternoon,

As promised earlier, we are emailing you in advance of this afternoon's call.  We would be available to switch the start time to 4:30PM ET if necessary to give you more advance time to consider our email prior to the call.

We are in receipt of Texas's 15 new deposition notices from last night, increasing Texas's total of noticed depositions to 19 since discovery commenced.  These include the four 30(b)(6) notices of deposition of federal agencies or agency components, plus 10 additional notices of deposition for fact witnesses, and a third-party subpoena deposition notice for the City of Eagle Pass.  To facilitate this afternoon's meet-and-confer, please consider the

following:

1) Many of the topics noticed for the four 30(b)(6) depositions are improper, overbroad, and/or fail to describe with reasonable particularity the matters for examination.  For one, Judge Ezra has repeatedly held that immigration and immigration-related matters are not relevant in these proceedings, most recently in his April 2024 opinion denying Texas's motion to dismiss to the extent it sought to dismiss the United States' Rivers and Harbors claim.  Nonetheless, Texas propounds numerous 30(b)(6) to all four noticed federal agencies specifically on immigration topics.

2) Nor can Texas properly invoke Rule 30(b)(6) to depose an agency on information that has nothing to do with the issues in this case by simply tacking on the phrase "Rio Grande River" to the subject-matter description—for example: USCG #32: "The impact of Operation Fouled Anchor on agency operations on the Rio Grande River."

3) Finally, an agency is only required to provide a deponent on topics for information that is "known or reasonably available to it."  Many of Texas's noticed topics attempt to use the 30(b)(6) process to require federal agencies to test Texas's own hypotheses or to provide Texas with calculations and analysis related to its own expert testimony.

Accordingly, unless is willing to narrow the scope of its notices to relevant subject-matters reasonably within the noticed agencies' knowledge, we intend to move for a protective order to limit the topics of these four 30(b)(6) depositions to the following (and reserving all rights to further amend this list):

- USCG: 1, 2, 3, 4, 5, 24, 25, 26, 27, 29, 31
- IBWC: 2, 3, 8, 9, 10, 14, 16, 18, 19, 20, 21, 22, 24, 27, 28
- USACE: 1, 2, 3, 4, 5, 8, 9, 13, 14, 18, 19, 20, 22, 25, 28, 29, 30, 31, 32, 33, 34, 36, 38
- CBP: 2, 3, 22, 23, 24

On the additional meet-and-confer topic of total number of depositions and whether exceeding the presumptive limit of 10 per side is appropriate or necessary:

We were not in a position last week to discuss how many depositions the United States intended to take, because we had not yet been served with Texas's experts' reports, and thus could not determine how many of those experts we wished to depose.  Texas's June 7 letter identifying them did not provide us a basis to make that determination without seeing their actual reports.  Those were served late Friday night and we were still coordinating our access to the reports and any associated materials yesterday.  We continue to evaluate our options with respect to depositions of Texas's twelve designated experts and note here again that we've asked you to keep open their offered available dates (which are very limited already) while we complete our review.  Thus, it was not possible for the United States to meet and confer about this topic late last week as you then were requesting we do; and we made clear, at the time.

Texas has now proceeded to notice nearly double the number of depositions presumptively allowed per party under the Federal Rules of Civil Procedure.  We do not see any good

cause for Texas to do so. Accordingly, we intend to also move for a protective order imposing the presumptive limit of ten per side. If Texas has any proposal to mitigate its current excess of deposition notices, please let us know on our meet-and-confer call.

We look forward to the call.

Best regards,

Brian H. Lynk
Senior Trial Counsel
Environmental Defense Section
Environment & Natural Resources Division
U.S. Department of Justice
202.514.6187
brian.lynk@usdoj.gov

---

**From:** Lynk, Brian (ENRD)
**Sent:** Tuesday, June 18, 2024 11:37 AM
**To:** Johnathan Stone <Johnathan.Stone@oag.texas.gov>
**Cc:** Sharon Murray <Sharon.Murray@oag.texas.gov>; Ryan Walters <Ryan.Walters@oag.texas.gov>; David Bryant <David.Bryant@oag.texas.gov>; Wade, Landon (USATXW) <LWade1@usa.doj.gov>; Harrison, Bryan (ENRD) <Bryan.Harrison@usdoj.gov>; Knudsen, Andrew (ENRD) <Andrew.Knudsen@usdoj.gov>; Munera Al-Fuhaid <Munera.Al-Fuhaid@oag.texas.gov>; Amy Hilton <Amy.Hilton@oag.texas.gov>; Kimball, Kimere (ENRD) <Kimere.Kimball@usdoj.gov>; Kyle Tebo <Kyle.Tebo@oag.texas.gov>; Zachary Berg <Zachary.Berg@oag.texas.gov>; Kruger, Mary (USATXW) <MKruger@usa.doj.gov>
**Subject:** RE: [EXTERNAL] RE: United States v. Abbott, et al. No. 1:23-cv-853 (W.D. Tex.); TX Amended Disclosures and Conferring on Depositions

Good morning Johnathan,

We are available for a call at 4PM ET today, will that work for you? We will email you at least an hour in advance of the call.

Best regards,
Brian

Brian H. Lynk
Senior Trial Counsel
Environmental Defense Section
Environment & Natural Resources Division
U.S. Department of Justice
202.514.6187
brian.lynk@usdoj.gov

---

**From:** Johnathan Stone <Johnathan.Stone@oag.texas.gov>
**Sent:** Tuesday, June 18, 2024 11:29 AM
**To:** Kimball, Kimere (ENRD) <Kimere.Kimball@usdoj.gov>; Lynk, Brian (ENRD)

<Brian.Lynk@usdoj.gov>
**Cc:** Sharon Murray <Sharon.Murray@oag.texas.gov>; Ryan Walters <Ryan.Walters@oag.texas.gov>; David Bryant <David.Bryant@oag.texas.gov>; Wade, Landon (USATXW) <LWade1@usa.doj.gov>; Harrison, Bryan (ENRD) <Bryan.Harrison@usdoj.gov>; Knudsen, Andrew (ENRD) <Andrew.Knudsen@usdoj.gov>; Munera Al-Fuhaid <Munera.Al-Fuhaid@oag.texas.gov>; Amy Hilton <Amy.Hilton@oag.texas.gov>; Kyle Tebo <Kyle.Tebo@oag.texas.gov>; Zachary Berg <Zachary.Berg@oag.texas.gov>; Kruger, Mary (USATXW) <MKruger@usa.doj.gov>
**Subject:** RE: [EXTERNAL] RE: United States v. Abbott, et al. No. 1:23-cv-853 (W.D. Tex.); TX Amended Disclosures and Conferring on Depositions

What time today works best for you to join us for a call?

Kind regards,

**Johnathan Stone**
Special Counsel
Office of the Attorney General of Texas
Telephone: (512) 936-2613
Johnathan.Stone@oag.texas.gov

This is a confidential communication and intended for the addressee(s) only. Any unauthorized interception or disclosure of this transmission is prohibited pursuant to Tex. Gov't Code Ch. 552. If you are not the intended recipient of this message, please notify the sender and destroy this and all copies of this communication. Thank you.

---

**From:** Kimball, Kimere (ENRD) <Kimere.Kimball@usdoj.gov>
**Sent:** Monday, June 17, 2024 11:34 AM
**To:** Johnathan Stone <Johnathan.Stone@oag.texas.gov>; Lynk, Brian (ENRD) <Brian.Lynk@usdoj.gov>
**Cc:** Sharon Murray <Sharon.Murray@oag.texas.gov>; Ryan Walters <Ryan.Walters@oag.texas.gov>; David Bryant <David.Bryant@oag.texas.gov>; Wade, Landon (USATXW) <Landon.Wade@usdoj.gov>; Harrison, Bryan (ENRD) <Bryan.Harrison@usdoj.gov>; Knudsen, Andrew (ENRD) <Andrew.Knudsen@usdoj.gov>; Munera Al-Fuhaid <Munera.Al-Fuhaid@oag.texas.gov>; Amy Hilton <Amy.Hilton@oag.texas.gov>; Kyle Tebo <Kyle.Tebo@oag.texas.gov>; Zachary Berg <Zachary.Berg@oag.texas.gov>; Kruger, Mary (USATXW) <Mary.Kruger@usdoj.gov>
**Subject:** RE: [EXTERNAL] RE: United States v. Abbott, et al. No. 1:23-cv-853 (W.D. Tex.); TX Amended Disclosures and Conferring on Depositions

Thanks, Jonathan.  Brian is out today, but will be available for a call tomorrow.

Given the breadth of 30b6 topics you reference in your email below, it is not feasible for us to identify specific dates/times/locations for each of the 30(b)(6) depositions today (we would note that it took Texas a full business week to respond with the availability of their experts, whose identities were already known to Texas's counsel when we asked for their depositions).  Please leave the date/time/location of your 30b6 notices TBD and we will continue to work with Texas on dates and times that are amenable to both parties.

Additionally, thank you for your email regarding experts' deposition availability.  Given that

each expert is only available for one or two days during the discovery period, and that many experts overlap on the same days, please hold all of the identified dates (copied below for ease of reference) open for the experts' depositions, as we continue to work through scheduling matters.

Mr. Banks (Austin, TX): July 8, 2024
Dr. Alexander (Austin, TX): July 1; July 8, 2024
Mr. Rubinstein (Austin, TX): July 9-10, 2024
Mr. Settemeyer (Austin, TX) July 9-10, 2024
Dr. Iakovou (College Station, TX): July 11, 2024
Ms. Hart (Corpus Christi): June 24-25, 2024
Ms. Magers (Corpus Christi): June 26-28, 2024
Mr. Taylor (Hattiesburg, MS): June 20, 2024; July 2, 2024
Dr. Shields (Oxford, MS @ Ole Miss) June 21, 2024; July 1-2, 2024
Dr. Zhao (Washington, DC): June 25-26, 2024; July 7; July 10, 2024
Cpt. Ciarametaro (Boston, MA): July 8-9, 2024
Dr. Miller (Seattle, WA): July 1-2, 2024


Thanks,
Kimere


**From:** Johnathan Stone <Johnathan.Stone@oag.texas.gov>
**Sent:** Monday, June 17, 2024 11:47 AM
**To:** Lynk, Brian (ENRD) <Brian.Lynk@usdoj.gov>
**Cc:** Sharon Murray <Sharon.Murray@oag.texas.gov>; Ryan Walters <Ryan.Walters@oag.texas.gov>; David Bryant <David.Bryant@oag.texas.gov>; Wade, Landon (USATXW) <LWade1@usa.doj.gov>; Harrison, Bryan (ENRD) <Bryan.Harrison@usdoj.gov>; Knudsen, Andrew (ENRD) <Andrew.Knudsen@usdoj.gov>; Munera Al-Fuhaid <Munera.Al-Fuhaid@oag.texas.gov>; Amy Hilton <Amy.Hilton@oag.texas.gov>; Kyle Tebo <Kyle.Tebo@oag.texas.gov>; Zachary Berg <Zachary.Berg@oag.texas.gov>; Kimball, Kimere (ENRD) <Kimere.Kimball@usdoj.gov>
**Subject:** RE: [EXTERNAL] RE: United States v. Abbott, et al. No. 1:23-cv-853 (W.D. Tex.); TX Amended Disclosures and Conferring on Depositions

Circling back on this. Are you available this afternoon for a phone call to discuss a few matters in the buoys case, including the number of agreed depositions, deposition dates and locations, and seeing if we can come to an agreement or schedule relating to the jury charge?

Kind regards,

**Johnathan Stone**
Special Counsel
Office of the Attorney General of Texas
Telephone: (512) 936-2613
Johnathan.Stone@oag.texas.gov

This is a confidential communication and intended for the addressee(s) only. Any unauthorized interception or disclosure of this transmission is prohibited pursuant to Tex. Gov't Code Ch. 552. If you are not the intended recipient of this message, please notify the sender and destroy this and all copies of this communication. Thank you.

**From:** Johnathan Stone <Johnathan.Stone@oag.texas.gov>
**Sent:** Wednesday, June 12, 2024 4:54 PM
**To:** Lynk, Brian (ENRD) <Brian.Lynk@usdoj.gov>
**Cc:** Sharon Murray <Sharon.Murray@oag.texas.gov>; Ryan Walters <Ryan.Walters@oag.texas.gov>; David Bryant <David.Bryant@oag.texas.gov>; Wade, Landon (USATXW) <Landon.Wade@usdoj.gov>; Harrison, Bryan (ENRD) <Bryan.Harrison@usdoj.gov>; Knudsen, Andrew (ENRD) <Andrew.Knudsen@usdoj.gov>; Munera Al-Fuhaid <Munera.Al-Fuhaid@oag.texas.gov>; Amy Hilton <Amy.Hilton@oag.texas.gov>; Kyle Tebo <Kyle.Tebo@oag.texas.gov>; Zachary Berg <Zachary.Berg@oag.texas.gov>; Kimball, Kimere (ENRD) <Kimere.Kimball@usdoj.gov>
**Subject:** Re: [EXTERNAL] RE: United States v. Abbott, et al. No. 1:23-cv-853 (W.D. Tex.); TX Amended Disclosures and Conferring on Depositions

Got it.

Johnathan Stone


Kind regards,

**Johnathan Stone**
Special Counsel
Office of the Attorney General of Texas
Telephone: (512) 936-2613
Johnathan.Stone@oag.texas.gov

This is a confidential communication and intended for the addressee(s) only. Any unauthorized interception or disclosure of this transmission is prohibited pursuant to Tex. Gov't Code Ch. 552. If you are not the intended recipient of this message, please notify the sender and destroy this and all copies of this communication. Thank you.

**From:** Lynk, Brian (ENRD) <Brian.Lynk@usdoj.gov>
**Sent:** Wednesday, June 12, 2024 4:36 PM
**To:** Johnathan Stone <Johnathan.Stone@oag.texas.gov>
**Cc:** Sharon Murray <Sharon.Murray@oag.texas.gov>; Ryan Walters <Ryan.Walters@oag.texas.gov>; David Bryant <David.Bryant@oag.texas.gov>; Wade, Landon (USATXW) <Landon.Wade@usdoj.gov>; Harrison, Bryan (ENRD) <Bryan.Harrison@usdoj.gov>; Knudsen, Andrew (ENRD) <Andrew.Knudsen@usdoj.gov>; Munera Al-Fuhaid <Munera.Al-Fuhaid@oag.texas.gov>; Amy Hilton <Amy.Hilton@oag.texas.gov>; Kyle Tebo <Kyle.Tebo@oag.texas.gov>; Zachary Berg <Zachary.Berg@oag.texas.gov>; Kimball, Kimere (ENRD) <Kimere.Kimball@usdoj.gov>
**Subject:** RE: [EXTERNAL] RE: United States v. Abbott, et al. No. 1:23-cv-853 (W.D. Tex.); TX Amended Disclosures and Conferring on Depositions

Johnathan,

On your request for a call tomorrow about the number of depositions—when we have Texas's expert reports in hand, and have had a chance to review them to determine how many depositions we actually need, we will discuss it with you.  Until then, we lack the information to answer your question about number of depositions.  Provided Texas timely serves its reports, it should be possible to have the call on Monday.

Best regards,
Brian

Brian H. Lynk
Senior Trial Counsel
Environmental Defense Section
Environment & Natural Resources Division
U.S. Department of Justice
202.514.6187
brian.lynk@usdoj.gov

---

**From:** Johnathan Stone <Johnathan.Stone@oag.texas.gov>
**Sent:** Wednesday, June 12, 2024 4:56 PM
**To:** Lynk, Brian (ENRD) <Brian.Lynk@usdoj.gov>
**Cc:** Sharon Murray <Sharon.Murray@oag.texas.gov>; Ryan Walters <Ryan.Walters@oag.texas.gov>; David Bryant <David.Bryant@oag.texas.gov>; Wade, Landon (USATXW) <LWade1@usa.doj.gov>; Harrison, Bryan (ENRD) <Bryan.Harrison@usdoj.gov>; Knudsen, Andrew (ENRD) <Andrew.Knudsen@usdoj.gov>; Munera Al-Fuhaid <Munera.Al-Fuhaid@oag.texas.gov>; Amy Hilton <Amy.Hilton@oag.texas.gov>; Kyle Tebo <Kyle.Tebo@oag.texas.gov>; Zachary Berg <Zachary.Berg@oag.texas.gov>; Kimball, Kimere (ENRD) <Kimere.Kimball@usdoj.gov>
**Subject:** RE: [EXTERNAL] RE: United States v. Abbott, et al. No. 1:23-cv-853 (W.D. Tex.); TX Amended Disclosures and Conferring on Depositions

Brian,

We are going to notice the requested depositions on June 17, 2017. Please provided us with their availability by COB on that day, otherwise, we will just proceed with noticing them.

Rule 11 refers to agreements between parties in Texas. Sorry for the confusion. What I mean, is that Fed. R. Civ. P. 30 limits the parties to 10 depositions without leave from the Court. You've asked us for the availability of 12 witnesses. If we are going to stipulate to additional depositions, we need to work that out as soon as possible to comply with the scheduling order. Any stipulation on depositions should permit, without limitation, the deposition of all your rebuttal experts (if any). **Can one of your co-counsels jump on a call with us tomorrow to see if we can work out an agreement on the number of depositions?**

Subject to amendment and or supplementation, the following are the topics we currently anticipate noticing for the 30(b)(6) depositions (all references to the "Rio Grande River" refer

to Mile Markers 275.5 to 610, unless specified otherwise):

**Coast Guard**: navigable water definitions and determinations, navigability determinations relating to the Rio Grande River, operations on the Rio Grande River, impact of the buoys on operations, commercial navigation on the Rio Grande River, the number of illegal people, guns, drugs, and goods entering the U.S. by crossing the Rio Grande River over the past three years, along with the impact of said illegal entries, Rio Grande River waterway and port security, interdictions on the Rio Grande River, small boat stations on the Rio Grande River, vessel traffic serving on the Rio Grande River, ports of entry, the lawfulness of transporting international goods into the U.S. across the Rio Grande River, bank-to-bank commercial navigation on the Rio Grande River, commercial navigation traveling up and down the Rio Grande River, marine safety units operating on the Rio Grande River, boardings on the Rio Grande River over the past three years, search and rescues and aids to navigation on the Rio Grande River, Operation Fouled Anchor, reports of retaliation by whistleblowers reporting misconduct, commercial barge traffic operating on U.S. waterways, the dimensions of major U.S. waterways, Highways of Commerce definitions and determinations, coast guard vessels operating on the Rio Grande, including their draft, the Intercoastal Waterway, the Mississippi river, Tennessee-Tombigbee Waterway, and all ports located in Texas along the Rio Grande River (beyond just 275.5-610).

**U.S. Army Corp of Engineers:** navigable water definitions and determinations, navigability determinations relating to the Rio Grande River, operations on the Rio Grande River, impact of the buoys on operations, commercial navigation on the Rio Grande River, the number of illegal people, guns, drugs, and goods entering the U.S. by crossing the Rio Grande River over the past three years, along with the impact of said illegal entries, Rio Grande River waterway and port security, the Amistad, Maverick, and Falcon Dams, the process for obtaining approval for construction projects, the policies and procedures relating to feasibility, cost-benefit analyses, cost effectiveness analyses, and environmental planning and studies, engineering, installations and operational environments, civil works, geospatial research and engineering, and engineered resilient systems on the Rio Grande River, bank-to-bank commercial navigation on the Rio Grande River, commercial navigation traveling up and down the Rio Grande River, commercial navigation on the Rio Grande River, Highway of Commerce definitions and determinations, construction permits issued for the Rio Grande River, water usage on the Rio Grande River, vessels operating on the Rio Grande, including their draft, the Intercoastal Waterway, the Mississippi river, Tennessee-Tombigbee Waterway, and all ports located in Texas along the Rio Grande River (beyond just 275.5-610), any construction projects authorized, approved, or proposed whose purpose was to facilitate illegal commercial navigation, and generally the proposals, studies, costs, estimated costs, estimated benefits, benefits, environmental impacts, and controversies involving the New Madrid Floodway Project, the New Orleans levee system, the Olmsted locks and dam project, Savannah harbor dredging project, the Florida Everglades Restoration Project, the 2018 Mississippi dredging project.

**U.S. Section of IBWC**: navigable water definitions and determinations, navigability determinations relating to the Rio Grande River, operations on the Rio Grande River, impact of the buoys on operations, commercial navigation on the Rio Grande River, the number of illegal people, guns, drugs, and goods entering the U.S. by crossing the Rio Grande River over the past three years, along with the impact of said illegal entries, Rio Grande River waterway and port security, the Amistad, Maverick, and Falcon Dams, the process for obtaining approval for construction projects on the Rio Grande River, vessels operating on the Rio Grande River, gauges and their readings, weather conditions on the Rio Grande River over the past three years, water prioritization, policies and procedures, average water depths along the Rio Grande River at each gauge over the past 1, 3, 5, and 10 years, the average depth at the Amistad and Falcon reservoirs over the past 1, 3, 5, and 10 years, the amount of water necessary to raise the depth of the Rio Grande River to 9, 12, and 30 feet at each gauge, and how long until such releases resulted in the Amistad reservoir running out of water, along with the resulting impact on water rights and the environmental impact, the maximum amount of water capable of being released at the Amistad and Falcon Dams, the process for water releases from the Amistad and Falcon Dams, the treaties governing water rights and releases on the Rio Grande River, and the process, feasibility, probability for amending or modifying said treaties to permit commercial navigation on the Rio Grande River, Mexico's compliance with their treaty obligations, and current water conditions on the Rio Grande River.

**U.S. Customs and Border Protection**: navigable water definitions and determinations, navigability determinations relating to the Rio Grande River, operations on the Rio Grande River, impact of the buoys on operations, commercial navigation on the Rio Grande River, the number of illegal people, guns, drugs, and goods entering the U.S. by crossing the Rio Grande River over the past three years, along with the impact of said illegal entries, Rio Grande River waterway and port security, interdictions on the Rio Grande River, vessels operating on the Rio Grande River, ports of entry, the lawfulness of transporting international goods into the U.S. across the Rio Grande River, bank-to-bank commercial navigation on the Rio Grande River, commercial navigation traveling up and down the Rio Grande River, commercial barge traffic operating on the Rio Grande River, import and export information on goods transported bank-to-bank across the Rio Grande River, customs, inspections of goods entering the U.S. from Mexico crossing the Rio Grande River, border security on the Rio Grande River, drownings and deaths on the Rio Grande River, razor wire erected by Texas, illegal immigrants storming the El Paso border patrol in March 2024, implementation of the Biden Administrations new executive order on border security, processing and detention of illegal migrants, goods, guns, and drugs crossing into the U.S. along the Rio Grande River, sexual harassment and alleged or confirmed misconduct by employees operating on Rio Grande River  (beyond just 275.5-610), commercial shipping container inspections, commercial barge inspections, the dimensions of major U.S. waterways, Highways of Commerce definitions and determinations, coast guard vessels operating on the Rio Grande, including their draft, the Intercoastal Waterway, the Mississippi river, Tennessee-Tombigbee Waterway, and all ports located in Texas along the Rio Grande River (beyond just 275.5-610).

Kind regards,

**Johnathan Stone**
Special Counsel
Office of the Attorney General of Texas
Telephone: (512) 936-2613
Johnathan.Stone@oag.texas.gov

This is a confidential communication and intended for the addressee(s) only. Any unauthorized interception or disclosure of this transmission is prohibited pursuant to Tex. Gov't Code Ch. 552. If you are not the intended recipient of this message, please notify the sender and destroy this and all copies of this communication. Thank you.

**From:** Lynk, Brian (ENRD) <Brian.Lynk@usdoj.gov>
**Sent:** Wednesday, June 12, 2024 1:08 PM
**To:** Johnathan Stone <Johnathan.Stone@oag.texas.gov>
**Cc:** Sharon Murray <Sharon.Murray@oag.texas.gov>; Ryan Walters <Ryan.Walters@oag.texas.gov>; David Bryant <David.Bryant@oag.texas.gov>; Wade, Landon (USATXW) <Landon.Wade@usdoj.gov>; Harrison, Bryan (ENRD) <Bryan.Harrison@usdoj.gov>; Knudsen, Andrew (ENRD) <Andrew.Knudsen@usdoj.gov>; Munera Al-Fuhaid <Munera.Al-Fuhaid@oag.texas.gov>; Amy Hilton <Amy.Hilton@oag.texas.gov>; Kyle Tebo <Kyle.Tebo@oag.texas.gov>; Zachary Berg <Zachary.Berg@oag.texas.gov>; Kimball, Kimere (ENRD) <Kimere.Kimball@usdoj.gov>
**Subject:** Re: [EXTERNAL] RE: United States v. Abbott, et al. No. 1:23-cv-853 (W.D. Tex.); TX Amended Disclosures and Conferring on Depositions

Good afternoon Jonathan,

Thank you for these updates.  We will appreciate your responses on the deposition date and location availability of Texas's identified experts—which we requested two business days ago—no later than this Friday.  Any later may prejudice the United States' ability to finish taking any necessary depositions of Texas's experts within the time available for our rebuttal experts (if any rebuttals are determined necessary) to consider that testimony in forming rebuttal opinions.  Our deadline for serving rebuttal expert reports is July 12, 2024, as you know.

We are just at this moment receiving your request for date and location availability for 30(b)(6) depositions of four different agencies or agency components, plus an individual from a fifth agency.  Moreover, we cannot know who each agency would identify as their informed representative for 30(b)(6) purposes, without knowing what the examination topics are, as the choice is topic may impact who they determine to be sufficiently knowledgeable for purposes of preparing to speak on the agency's behalf.  For both of these independent reasons, we cannot meet your suggested Friday deadline, but we will get the information to you as promptly as feasible once you identify the examination topics on which you plan to notice the (30)(b)(6) depositions.  If you can do that by Friday, it would greatly facilitate our ability to respond early next week.

Due to scheduled personal leave I am not available for a call tomorrow or Friday. At least some of our team should be available for a call on Monday.  But first I ask you to explain in writing why you are invoking "Rule 11" in connection with the "number of allowed depositions in this matter."  I

assume you are not threatening to seek Rule 11 sanctions over the "number of allowed depositions" (and if you were, I cannot imagine how that would be justifiable).  I am sure I have misunderstood your reference, so I ask that you clarify what it is you want to discuss on a phone call.

It also would be most efficient to schedule that call early next week when both parties will have answered each other's various questions in this thread, and the call can then serve to comprehensively work out any logistical kinks in scheduling both sides' depositions before they all commence over those ensuing weeks.

Best regards,
Brian

Brian H. Lynk
Senior Trial Counsel
Environmental Defense Section
Environment & Natural Resources Division
U.S. Department of Justice
202.514.6187

Sent from my iPhone

> On Jun 12, 2024, at 1:35 PM, Johnathan Stone <Johnathan.Stone@oag.texas.gov> wrote:
>
> Please find enclosed our amended initial disclosures.
>
> We are gathering deposition availability from our experts and hope to share it with you by Friday.
>
> In the meantime, we plan on noticing 30(b)(6) depositions for the Coast Guard, U.S. Army Corp of Engineers, U.S. Section of IBWC, U.S. Customs and Border Protection, and individually for Hilary Quam. **Please provide us with their availability (times, dates, locations) to be deposed between June 20 and July 10, no later than this Friday**. We also anticipate noticing a deposition for the City of Eagle Pass and will confer with you on the date of the deposition once we confirm their availability.
>
> Finally, are you available tomorrow for a call to discuss a Rule 11 regarding to the number of allowed depositions in this matter? What time works best for you?
>
> Kind regards,
>
> **Johnathan Stone**

Special Counsel
Office of the Attorney General of Texas
Telephone: (512) 936-2613
Johnathan.Stone@oag.texas.gov

This is a confidential communication and intended for the addressee(s) only. Any unauthorized interception or disclosure of this transmission is prohibited pursuant to Tex. Gov't Code Ch. 552. If you are not the intended recipient of this message, please notify the sender and destroy this and all copies of this communication. Thank you.

**From:** Lynk, Brian (ENRD) <Brian.Lynk@usdoj.gov>
**Sent:** Monday, June 10, 2024 11:53 AM
**To:** Johnathan Stone <Johnathan.Stone@oag.texas.gov>
**Cc:** Sharon Murray <Sharon.Murray@oag.texas.gov>; Ryan Walters <Ryan.Walters@oag.texas.gov>; David Bryant <David.Bryant@oag.texas.gov>; Wade, Landon (USATXW) <Landon.Wade@usdoj.gov>; Harrison, Bryan (ENRD) <Bryan.Harrison@usdoj.gov>; Knudsen, Andrew (ENRD) <Andrew.Knudsen@usdoj.gov>; Munera Al-Fuhaid <Munera.Al-Fuhaid@oag.texas.gov>; Amy Hilton <Amy.Hilton@oag.texas.gov>; Kyle Tebo <Kyle.Tebo@oag.texas.gov>; Zachary Berg <Zachary.Berg@oag.texas.gov>; Kimball, Kimere (ENRD) <Kimere.Kimball@usdoj.gov>
**Subject:** RE: United States v. Abbott, et al. No. 1:23-cv-853 (W.D. Tex.); TX Expert Identification

Good morning Johnathan,

Thank you for the expert identification and the confirmation about who attended which depositions of the United States' experts.

Although we obviously cannot know for certain our deposition plans until we see their reports, in order to begin making our travel arrangements please let us know the date and location availability for the 12 individuals Texas identified, within the following period: Thursday, June 20 through Wednesday, July 10, 2024.

In addition, for those who are based in Texas, please advise on the extent to which it may be possible to centralize their depositions in Austin as opposed to other Texas cities. Given the number of identified individuals, this could enable us to substantially mitigate the burden and expense of our travel for depositions within the limited period available.

Thanks,
Brian

Brian H. Lynk
Senior Trial Counsel
Environmental Defense Section
Environment & Natural Resources Division
U.S. Department of Justice

202.514.6187
brian.lynk@usdoj.gov

---

**From:** Johnathan Stone <Johnathan.Stone@oag.texas.gov>
**Sent:** Friday, June 7, 2024 7:23 PM
**To:** Lynk, Brian (ENRD) <Brian.Lynk@usdoj.gov>; Wade, Landon (USATXW) <LWade1@usa.doj.gov>; Knudsen, Andrew (ENRD) <Andrew.Knudsen@usdoj.gov>; Harrison, Bryan (ENRD) <Bryan.Harrison@usdoj.gov>; Kimball, Kimere (ENRD) <Kimere.Kimball@usdoj.gov>; Soliz, Richard (USATXW) <RSoliz@usa.doj.gov>
**Cc:** Sharon Murray <Sharon.Murray@oag.texas.gov>; Ryan Walters <Ryan.Walters@oag.texas.gov>; David Bryant <David.Bryant@oag.texas.gov>; Munera Al-Fuhaid <Munera.Al-Fuhaid@oag.texas.gov>; Amy Hilton <Amy.Hilton@oag.texas.gov>; Kyle Tebo <Kyle.Tebo@oag.texas.gov>; Zachary Berg <Zachary.Berg@oag.texas.gov>
**Subject:** [EXTERNAL] United States v. Abbott, et al. No. 1:23-cv-853 (W.D. Tex.); TX Expert Identification

It was a pleasure seeing you in Austin earlier this week at Captain Timmel's deposition.

Please find enclosed correspondence identifying State Defendants' testifying experts in the *buoys* matter.

The following folks attended the USA expert depositions at various points and were listed at that time as "consulting experts."

Adrian Cortez – Rubinstein, Settlemeyer, Taylor, Iakovou, Magers, Hart, and Bob Brandes
Ben Johnson – Miller and Chris Baker
Tim MacAllister - Rubinstein, Settlemeyer, Taylor, Shields, Iakovou, Magers, Hart
John Timmel - Rubinstein, Settlemeyer, Taylor, Iakovou, Magers, Hart, Zhao, Ciarametaro

Have the weekend you deserve.

Kind regards,

**Johnathan Stone**
Special Counsel
Special Litigation Division

Office of the Attorney General of Texas
P.O. Box 12548, Capitol Station
Austin, Texas 78711

Telephone: (512) 936-2613
Johnathan.Stone@oag.texas.gov

<image001.jpg>
<image002.png>

**This is a confidential communication and intended for the addressee(s) only. Any unauthorized interception or disclosure of this transmission is prohibited pursuant to Tex. Gov't Code Ch. 552. If you are not the intended recipient of this message, please notify the sender and destroy this and all copies of this communication. Thank you.**

<202400612_Defs' Rule 26 Amended Disclosures.pdf>