| | |
|---|---|
| **From:** | Lynk, Brian (ENRD) |
| **To:** | Johnathan Stone; Sharon Murray; Ryan Walters; David Bryant; Zachary Berg; Munera Al-Fuhaid; Amy Hilton; Kyle Tebo |
| **Cc:** | Kruger, Mary (USATXW); Kimball, Kimere (ENRD); Knudsen, Andrew (ENRD); Wade, Landon (USATXW); Harrison, Bryan (ENRD) |
| **Subject:** | RE: Buoys: Meet and confer issues (US reply to TX response today) |
| **Date:** | Thursday, June 20, 2024 4:24:49 PM |

Good afternoon Johnathan,

Per my prior email reply, we plan imminently to file two motions:

1. The first motion will seek:
    a. Rule 12(b)(1) dismissal of Texas's Declaratory Judgment Act counterclaim because it fails to identify an applicable sovereign immunity waiver and thus the Court lacks subject-matter jurisdiction.
    b. To strike under Rule 12(f) Texas's constitutional affirmative defense (enumerated defense #2 in the Amended Answer Texas filed on May 24, 2024).
    c. To strike Texas's jury demand, as there is no right to a jury in this case.
    d. To deny Texas's advisory jury request.

The Court's March 5, 2024 scheduling order (ECF 97) notes the parties' "agreement" at that time that "there will be no further dispositive motions filed."  However, none of the pleadings from which this motion seeks relief—Texas's counterclaim, its constitutional defense, its jury demand and its advisory jury request—had been filed at that time, nor had Texas given any notice of its intention to later file them.  The constitutional defense, for example, was added to Texas's answer nearly 3 months after the Court entered this scheduling order.  Moreover, the defect in Texas's counterclaim is one that the United States has a duty to bring to the Court's attention regardless of procedural circumstances.  *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) ("Without jurisdiction the court cannot proceed at all in any cause.").  Accordingly, to the extent that the March 5, 2024 scheduling order's limitation on dispositive motions applies in these circumstances, we will ask the Court for leave to file this notwithstanding that scheduling order.  Please let us know if that request for leave is opposed, or unopposed.

2. The second motion will seek a protective order:

    a. <u>Quashing many of TX's 30(b)(6) topics</u>.  Our June 18 email gave Texas notice of what our concerns were, and made clear through citation the specific topics for which we are "not" seeking a Protective Order.  I asked in our call that day if Texas would categorically withdraw topics on immigration matters.  Texas's written response today withdrew some but not others, and also added *dozens* more *new* topics—3 days after the June 17 discovery request cutoff—frustrating any realistic possibility that we could have worked this out by today without filing a motion.

    This is particularly disappointing given that Texas resisted my original request on Tuesday to send us a written response *yesterday*, instead asking that we wait an additional day due to the federal holiday.  Obviously, that in itself was a reasonable thing for Texas to ask.  But, by having us wait an additional day for its written response *and* then back-loading dozens of new 30(b)(6) topics, Texas really thwarted our prospects of achieving any resolution on the 30(b)(6) topics without motion practice.  Having elected to respond in this way, it should not be a surprise to Texas that the response left the United States' concerns unaddressed.

    Before filing this motion, we will email Texas the final list of what we will seek to quash from Texas's newly revised (and untimely as noted above) list of 30(b)(6) topics, so that Texas can readily articulate if the request is opposed or unopposed.

    b. <u>Clarifying that each 30(b)(6) deposition is limited to a total of 7 hours on record even if more than one person is designated for the noticed agency</u>.  This is the standard approach and consistent with the rules, so Texas may not oppose this part of our second motion.  Please let us know if this request is opposed or unopposed.

    c. <u>Imposing the presumptive limit of 10 total depositions on each party</u>.  As we stated on Tuesday's conference call, we are fully prepared to comply with this limit even though Texas has identified so many experts that their number alone exceeds the limit.  Please let us know if this request is opposed or unopposed.

    d. <u>Consistent with (c), quashing all pending deposition notices of the United States other than the four 30(b)(6) notices, and Quam</u>.  Texas stated on Tuesday's conference call that deposing the City of Eagle Pass is a priority deposition for Texas and one it will take even if limited to 10, along with the four 30(b)(6) notices and Quam.  Thus, any other noticed deposition of a United States employee or representative will be over-limit.  Please let us know if this request is opposed or unopposed.

Responses to other questions or on other matters noted below:

1. Texas identified no authority (other than a general reference to the "law of the Western District of Texas" without citations) for its assertion Tuesday that agencies are required to serve contemporaneous supporting declarations justifying the deliberative process privilege alongside any privilege log that includes such assertions.  Our collective experience is that the typical practice is to serve such declarations if and when the DP privilege assertions are challenged.  Nonetheless, in the spirit of cooperation, we will produce supporting declarations for all of the DP privilege assertions in the United States' privilege log, from the agencies making those assertions, by Tuesday, June 25.  Texas requests these by tomorrow, but at least one official who would be needed to sign such a declaration is on travel and not available for the necessary review and signature by tomorrow.  Thus, we are not able to comply with the date Texas asks, but will send the declarations no later than two business days after that date (i.e., Tuesday).

2. We will serve by tomorrow COB or after hours, notices of depositions for as many as we feasibly can of Texas' experts, though Texas's responses below complicate that effort.  We may not be in a position to serve notices for our maximum of 10 by tomorrow, so we will prioritize noticing those with earlier-ending availability.

3. We do not agree to pay for travel expenses of experts shifting to a different location than Texas identified in its original disclosure of their availability.  I remind you that it is Texas that identified an exceptionally large number of experts, taking the maximum amount of time in which to do so (June 7)—in contrast to the United States which gave Texas more than 3 months' early notice of its much smaller number of experts in January 2024.  Likewise, it is

Texas that took an entire business week to provide us *any* information on any of the 12 experts' date or location availability after we asked for it. Texas did not even attempt to send some of that information piecemeal at an earlier time to facilitate receiving confirmed deposition notices sooner. All that said, if necessary to avoid being asked to pay for travel costs, we will elect to notice *all* depositions of Texas's experts to occur in Austin, which is both the judicial forum location and TX OAG HQ location, and thus a reasonable choice. Further, it is possible we will elect to take one or more of depositions of Texas's experts remotely.

4. We do not understand why Texas has now *changed* the dates noticed for 30(b)(6) depositions of U.S. agencies after we told Texas on Tuesday we were not objecting to the noticed dates. This is obviously unhelpful to cooperation. Rather than expressing its point of view about *our* efforts, we suggest Texas please re-consider whether arbitrarily changing deposition dates it already noticed—and to which we'd *not* objected, in response—is conducive to cooperatively completing discovery.

5. David Bryant sent an email during the 4PM ET hour on Texas's behalf posing new questions to the United States, and requesting a response to them no later than close of business tomorrow. We will review and respond to that email tomorrow before COB as asked.

Best regards,
Brian

Brian H. Lynk
Senior Trial Counsel
Environmental Defense Section
Environment & Natural Resources Division
U.S. Department of Justice
202.514.6187
brian.lynk@usdoj.gov

---

**From:** Johnathan Stone <Johnathan.Stone@oag.texas.gov>
**Sent:** Thursday, June 20, 2024 3:48 PM
**To:** Lynk, Brian (ENRD) <Brian.Lynk@usdoj.gov>; Sharon Murray <Sharon.Murray@oag.texas.gov>; Wade, Landon (USATXW) <LWade1@usa.doj.gov>; Harrison, Bryan (ENRD) <Bryan.Harrison@usdoj.gov>; Knudsen, Andrew (ENRD) <Andrew.Knudsen@usdoj.gov>; Kimball, Kimere (ENRD) <Kimere.Kimball@usdoj.gov>; Kruger, Mary (USATXW) <MKruger@usa.doj.gov>; Ryan Walters <Ryan.Walters@oag.texas.gov>; David Bryant <David.Bryant@oag.texas.gov>; Zachary Berg <Zachary.Berg@oag.texas.gov>; Munera Al-Fuhaid <Munera.Al-Fuhaid@oag.texas.gov>; Amy Hilton <Amy.Hilton@oag.texas.gov>; Kyle Tebo <Kyle.Tebo@oag.texas.gov>
**Subject:** [EXTERNAL] RE: Buoys: Meet and confer-depositions

Brian.

We hope you enjoyed the Juneteenth holiday. We are confused and saddened by your email.

We hope that you will have a change of heart. We will be joining the call today as scheduled and will be prepared to talk through our issues and the logistics of depositions. It is difficult sometimes to understand tone and context from emails, which is to say that we are confused about the quotation marks in your email. Nonetheless, we are confident that we can work through whatever seems to have upset you during our call.

We hope you'll hold off on filing motions with the Court without conferring with us. If the motions are related to 30(b)(6) notices, we hope you'll hold off until you talk to us about each of the objectionable topics. The whole purposes of having meet-and-confers is to try to work out problems without the need to seek Court intervention. These depositions are month out and there is plenty of time for us to talk and work out any differences. We are committed to engaging in that process in good faith and working with you to find agreeable solutions. We don't want to bother Magistrate Howell with discovery issues that we could have just worked out with a few phone calls. But communication has to work both ways. We can't fix something if you won't tell us what you think is wrong. We hope you understand and feel the same way. We will, unfortunately, have to bring this to the Court's attention if you proceed with filing motions without meaningfully engaging with us in an attempt to resolve our disagreements.

Kind regards,

**Johnathan Stone**
Special Counsel
Office of the Attorney General of Texas
Telephone: (512) 936-2613
Johnathan.Stone@oag.texas.gov

This is a confidential communication and intended for the addressee(s) only. Any unauthorized interception or disclosure of this transmission is prohibited pursuant to Tex. Gov't Code Ch. 552. If you are not the intended recipient of this message, please notify the sender and destroy this and all copies of this communication. Thank you.

**From:** Lynk, Brian (ENRD) <Brian.Lynk@usdoj.gov>
**Sent:** Thursday, June 20, 2024 2:06 PM
**To:** Sharon Murray <Sharon.Murray@oag.texas.gov>; Wade, Landon (USATXW) <Landon.Wade@usdoj.gov>; Harrison, Bryan (ENRD) <Bryan.Harrison@usdoj.gov>; Knudsen, Andrew (ENRD) <Andrew.Knudsen@usdoj.gov>; Kimball, Kimere (ENRD) <Kimere.Kimball@usdoj.gov>; Kruger, Mary (USATXW) <Mary.Kruger@usdoj.gov>; Johnathan Stone <Johnathan.Stone@oag.texas.gov>; Ryan Walters <Ryan.Walters@oag.texas.gov>; David Bryant <David.Bryant@oag.texas.gov>; Zachary Berg <Zachary.Berg@oag.texas.gov>; Munera Al-Fuhaid <Munera.Al-Fuhaid@oag.texas.gov>; Amy Hilton <Amy.Hilton@oag.texas.gov>; Kyle Tebo <Kyle.Tebo@oag.texas.gov>
**Subject:** RE: Buoys: Meet and confer-depositions

Good afternoon,

Given Texas' written response and some of the details therein, and all of that following on the call

we already on Tuesday, we see no need for a further call "this" afternoon, as we inevitably are filing motions today.  We will, though, "write" you back this afternoon giving notice of the motions, addressing points in your email, and answering as many of your questions as we can.  Obviously, we will continue to be in communication thereafter, regularly in the course of completing these challenging discovery schedule.  If possible, we will time our email response to come within the same 4PM ET hour in which you'd suggested to block this follow-up call, but it will likely be "during" that hour rather than 4PM sharp.

Best regards,
Brian

Brian H. Lynk
Senior Trial Counsel
Environmental Defense Section
Environment & Natural Resources Division
U.S. Department of Justice
202.514.6187
brian.lynk@usdoj.gov


-----Original Appointment-----
**From:** Sharon Murray <Sharon.Murray@oag.texas.gov>
**Sent:** Thursday, June 20, 2024 1:06 PM
**To:** Sharon Murray; Lynk, Brian (ENRD); Wade, Landon (USATXW); Harrison, Bryan (ENRD); Knudsen, Andrew (ENRD); Kimball, Kimere (ENRD); Kruger, Mary (USATXW); Johnathan Stone; Ryan Walters; David Bryant; Zachary Berg; Munera Al-Fuhaid; Amy Hilton; Kyle Tebo
**Subject:** Buoys: Meet and confer-depositions
**When:** Thursday, June 20, 2024 3:00 PM-4:00 PM (UTC-06:00) Central Time (US & Canada).
**Where:** Microsoft Teams Meeting

_____

## Microsoft Teams Need help?

### Join the meeting now

Meeting ID: 212 104 536 586

Passcode: kkXv9x

_____

### Dial in by phone

+1 737-253-8394,,310613128# United States, Austin

Find a local number

Phone conference ID: 310 613 128#

For organizers: Meeting options | Reset dial-in PIN

_____