# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| *Plaintiff,* | |
| v. | CIVIL ACTION NO. 1:23-CV-00853 |
| GREG ABBOTT, ET AL., | |
| *Defendants.* | |

## DEFENDANTS' OBJECTIONS AND RESPONSE TO PLAINTIFF'S MOTION FOR PROTECTIVE ORDER

Defendants Greg Abbott, in his capacity as Governor of Texas, and the State of Texas submits the following objections and response to Plaintiff's Motion for Protective Order, ECF 126, and respectfully offers the following in support:

### OBJECTIONS

Defendants object to Plaintiff's Motion for Protective Order, ECF 126, for the reasons stated in Defendants' Motion to Strike Plaintiff's Motion for Protective Order, ECF 136.

*First*, Defendants object to Plaintiff's Motion for Protective Order because Plaintiff failed to meet-and-confer prior to filing the motion and failed to include the required Certificate of Conference. Fed. R. Civ. P. 26(c) (motions seeking protective orders "must" contain a Certificate of Conference); Local Rule CV-7(g) (the Court may refuse to hear motions when the moving party failed to meet and confer in good faith); *Rodriguez v. Taylor, Bean & Whitaker Mortg. Corp.*, No. SA-12-CV-0039-OLG, 2012 WL 12888786, at *1 (W.D. Tex. Aug. 31, 2012) (denying motion to strike because movant failed to include certificate of conference).

*Second*, Defendants object to Plaintiff's Motion for Protective Order because Plaintiff failed

1

to explain and support its objections for each of the Rule 30(b)(6) topics. *Clark v. Waters*, 407 F. App'x 794, 796 (5th Cir. 2011) (per curiam) (Courts may deem issues abandoned when a party fails to present or properly argue issues); *Crow v. ProPetro Services, Inc.*, 2016 WL 9776368, at *4 (W.D.Tex., 2016) ("Objections to discovery must be made with specificity, and the responding party has the obligation to explain and support its objections."); *Phillips v. Murphy Oil USA, Inc.*, 2024 WL 677711, at *2 (W.D.Tex., 2024) ("A party resisting discovery must show how the requested discovery was overly broad, burdensome, or oppressive by submitting affidavits or offering evidence revealing the nature of the burden.").

*Third*, Defendants object to Plaintiff's Motion for Protective Order, ECF 126, because it is cumulative of the earlier filed Defendants' Motion for Leave to Take Depositions on Oral Questions in Excess of Ten, ECF 124, which is currently set for a hearing on July 2, 2024, ECF 134, and will resolve all issues relating to the number of noticed fact witness depositions.

### Response to Plaintiff's Motion for Protective Order

**I.    The Invasion Claim Topics are Relevant.**

Under Rule 26(b)(1), parties may obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Generally, the scope of discovery is broad. *Crosby v. La. Health Serv. & Indem. Co.*, 647 F.3d 258, 262 (5th Cir. 2011). A discovery request is relevant when the request seeks admissible evidence or "is reasonably calculated to lead to the discovery of admissible evidence." *Id.* (quoting *Wiwa v. Royal Dutch Petrol. Co.*, 392 F.3d 812, 820 (5th Cir. 2004)). "The Court must balance the need for discovery by the requesting party and the relevance of the discovery to the case against the harm, prejudice, or burden to the other party." *Cmedia, LLC v. LifeKey Healthcare,*

*LLC*, 216 F.R.D. 387, 389 (N.D. Tex. 2003) (quoting *Truswal Sys. Corp. v. Hydro-Air Eng'g, Inc.*, 813 F.2d 1207, 1210 (Fed. Cir. 1987)). A trial court enjoys wide discretion in determining the scope and effect of discovery. *Equal Emp. Opportunity Comm'n v. BDO USA, L.L.P.*, 876 F.3d 690, 698 (5th Cir. 2017).

A court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). "Rule 26(c)'s requirement of a showing of good cause to support the issuance of a protective order indicates that '[t]he burden is upon the movant to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements.'" *In re Terra Int'l*, 134 F.3d 302, 306 (5th Cir. 1998) (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)). A trial court has wide discretion to determine whether to grant a motion for protective order. *BDO USA*, 876 F.3d at 698.

Plaintiff contends that five of the Rule 30(b)(6) topics are irrelevant because they relate to "border security" and "illegal activity," ECF 126 at 6-7, and the District Court previously overruled invasion defense arguments made during the preliminary injunction and motion to dismiss proceedings. ECF 114 at 24; ECF 50 at 31.

But this claim is *not* foreclosed. Defendants' invasion counterclaim has *not* been dismissed. It remains a live claim in Defendants' Amended Answer. ECF 120 at 7-11. Defendants are entitled to conduct discovery on matters relevant to claims and defenses, including the invasion counterclaim.

Permitting Defendants to conduct discovery related to the invasion counterclaim also serves the interests of justice and judicial economy. The District Court's ruling on the invasion

3

argument is currently on appeal *en banc* before the Fifth Circuit Court—with a ruling expected before the scheduled trial on August 6, 2024. There are only five objectionable topics relating to the subject among four separate Rule 30(b)(6) deponents. ECF 126 at 6-7. Preventing Defendants from questioning the deponents on these topics would result in delay and disruption if the Fifth Circuit overrules the District Court's preliminary injunction ruling on Defendant's invasion arguments. The trial would have to be rescheduled so the parties can recall the Rule 30(b)(6) deponents to take their testimony. If, on the other hand, the Fifth Circuit affirms the District Court's ruling then the District Court can later assess the admissibility of the testimony at trial. Critically, it would not require the parties to reschedule the trial. Thus, permitting the testimony is in the interest of justice and judicial economy.

Plaintiff also objects that the five invasion counterclaim topics "seek testimony on information that is not readily available, disproportionate to the needs of the case, and would impose an improper and unnecessary burden on the agencies to prepare." ECF 126 at 7. Defendants cannot respond to these objections because there is no further explanation or argument by Plaintiff. Take, for instance, Plaintiff's objection that "border security on the Rio Grande River" is "information not readily available" to the U.S. Customs and Border Patrol. ECF 126 at 7. It is unclear how this could be possible, and no supporting evidence was provided by Plaintiff. Plaintiff's failure to brief its objections waives them. *Harris v. Watson*, 2023 WL 3255006, at *1 (C.A.5 (Tex.), 2023) (per curiam) (deeming arguments abandoned when the fundamental failure to properly present and argue the points precluded the Court from engaging in meaningful review); *United States v. Beaumont*, 972 F.2d 553, 563 (5th Cir. 1992) (per curiam).

For the foregoing reasons, this Court should deny Plaintiff's Motion for Protective Order

and permit Defendants to ask the Rule 30(b)(6) deponents about "border security" and "illegal activity."

**II.     The Rule 30(b)(6) Topics Do Not Seek Information Not Known or Reasonably Available to the Noticed Agencies, Is Publicly Available, or Overly Broad and Unduly Burdensome.**

Plaintiff contends that the Rio Grande River is navigable between Mile Markers 610 and 275.5 because, with *reasonable* improvements, it could support navigation by vessels carrying commercial cargo. ECF 133-2 at 11. Plaintiff puts forth two theories for how this could be accomplished through its designated expert witnesses. *Id*. The first, Adrian Cortez, a U.S. International Water Boundary Commission (USIBWC) employee, wrote in his report and testified ion that if enough water is released from the Amistad Dam than it could raise the downstream water levels high enough to overcome the existing infrastructure, such as weirs, debris, cableways, and the Maverick Dam, such that vessels carrying commercial cargo can the length of the segment at issue. *See e.g.* ECF 122-1 at 3-4. The second, Timothy MacAllister, a U.S. Army Corp of Engineer (USACE) employee, wrote in his report and testified that the Rio Grande River segment at issue could be made navigable to vessels carrying commercial cargo with timed water releases, dredging, removal of snags, drift buildup, and other debris, bank stabilization, and removing dense vegetation that serves as an obstacle to river traffic. ECF 122-4 at 6-9.

The Rule 30(b)(6) topics that Plaintiff objects to seek information from the USIBWC and USACE relevant to its claims in this case, including Plaintiff's theories of the improvements necessary to make the Rio Grande River navigable (and whether they are reasonable).

**A.     Only *Some* River Gage Data is Publicly Available.**

Plaintiff objects to the Rule 30(b)(6) topic relating to 10 years of data from the River Gages in the segment of the Rio Grande River at issue that are operated by the U.S. International Water

Boundary Commission (USIBWC) because this information is publicly available on the USIBWC's website. ECF 126 at 7-8. Plaintiff relies on *Sill v. State Farm Lloyds*, 2013 WL 12393984 (W.D.Tex., 2013), in support of this contention. In *Sill*, the Court granted State Farm protection from providing Rule 30(b)(6) testimony about its corporate structure where there was no showing by Sill that the information sought was publicly available was insufficient nor that it related to any claim or defenses. *Id*. at *9.

Defendants request is distinguishable from that in *Sills*. Only *some* information about the River Gages is publicly available on the USIBWC website. Mr. Cortez testified that data from the River Gages necessary to estimate the average depth of the water was not available publicly on the USIBWC website. *See* ECF 130-4, 68:7-23. The stage discharge relationship and rating curves, in particular, are not publicly available and are necessary to determine the average depth of the Rio Grande River segment at issue. This information is important in determining the improvements necessary to make it deep enough to support vessels carrying commercial cargo. Plaintiff's request for protection should be denied.

B.     **Plaintiff Provided No Evidence That The Rule 30(b)(6) Topics Seek Information Not Known or Readily Available to the Deponents.**

The USACE and USIBWC conduct studies, surveys, modeling, and research on the Rio Grande River. *See e.g.* https://www.ibwc.gov/reports-studies/. Not all of this information is publicly available and is highly relevant to whether the Rio Grande River can be made navigable with reasonable improvements.

Plaintiff, the USA, also objects to asking its agencies, like USACE, whether the improvements to the Rio Grande River proposed *by Plaintiff* in this lawsuit are feasible or reasonable because it would require the agencies to "speculate." But Plaintiff provides no

6

supporting evidence that the agencies are unable to testify about these topics. Indeed, USACE does "feasibility studies" for prospective projects. *See* https://tinyurl.com/3zfkbtc8. To the extent USACE has done such studies relating to Plaintiff's proposed improvements on the Rio Grande River, that information is highly relevant and within its knowledge.

Plaintiff also objects that Defendants topic relating to the "number, location, condition, details, height, and dimensions" of debris in the Rio Grande River segment at issue "does not exist and cannot be reasonable known or available to the agencies." ECF 126 at 8-9. No evidence is provided in support of this assertion. Plaintiff contends that the Rio Grande River can be made navigable if the debris is removed or water levels are raised high enough that they overcome them; yet, it does not appear to know any details about the debris at issue. *See* ECF 122-4 at 7. To the extent the U.S. agencies have collected information about the debris that will need to be overcome or removed to make the Rio Grande Rive navigable, it is highly relevant to the claims and defenses in this suit and within their knowledge.

The remainder of Plaintiff's objections are general and lack the specificity and explanation necessary to adequately respond. *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (C.A.5 (Tex.), 1990) ("[A] party resisting discovery must show specifically how each discovery request is not relevant or otherwise objectionable.").

## CONCLUSION

For the foregoing reasons, the Court should deny Plaintiff's Motion for Protective Order and award any further relief to which Defendants may be justly entitled.

| | |
|---|---|
| Date: June 28, 2024 | Respectfully submitted, |
| | |
| Ken Paxton<br>Attorney General of the State of Texas | */s/ Johnathan Stone*<br>**Johnathan Stone**<br>Special Counsel<br>Tex. State Bar No. 24071779 |
| Brent Webster<br>First Assistant Attorney General | Johnathan.stone@oag.texas.gov |
| Ralph Molina<br>Deputy Attorney General for Legal Strategy | David Bryant<br>Senior Special Counsel<br>Tex. State Bar No. 03281500<br>david.bryant@oag.texas.gov |
| Ryan Walters<br>Chief, Special Litigation Division | |
| | Munera Al-Fuhaid<br>Special Counsel<br>Tex. State Bar No. 24094501<br>munera.al-fuhaid@oag.texas.gov |
| Office of the Attorney General<br>P. O. Box 12548, MC-009<br>Austin, TX 78711-2548<br>(512) 936-2172 | |
| | Kyle S. Tebo<br>Special Counsel<br>Tex. State Bar No. 24137691<br>kyle.tebo@oag.texas.gov |
| | Zachary Berg<br>Special Counsel<br>Tex. State Bar. 24107706<br>Zachary.Berg@oag.texas.gov |
| | **Counsel for Defendants** |
| | *s/ Johnathan Stone*<br>**Johnathan Stone**<br>Special Counsel |

## CERTIFICATE OF SERVICE

On June 28, 2024, this document was filed electronically through the Court's CM/ECF system, which automatically serves all counsel of record.

*s/ Johnathan Stone*
**Johnathan Stone**
Special Counsel