IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff*,<br><br>v.<br><br>GREG ABBOTT, in his capacity as GOVERNOR OF THE STATE OF TEXAS, and THE STATE OF TEXAS,<br><br>*Defendants*. | Case No. 1:23-cv-00853-DAE |

**PLAINTIFF UNITED STATES' OPPOSITION TO DEFENDANTS'
"MOTION TO STRIKE MOTION TO DISMISS"**

JAIME ESPARZA
UNITED STATES ATTORNEY

LANDON A. WADE
  Assistant United States Attorney
  Texas Bar No. 24098560
United States Attorney's Office
Western District of Texas
903 San Jacinto Blvd., Suite 334
Austin, TX 78701
(512) 370-1255 (tel)
(512) 916-5854 (fax)
Landon.wade@usdoj.gov

TODD KIM
ASSISTANT ATTORNEY GENERAL
Environment & Natural Resources Division

BRIAN H. LYNK
  Senior Trial Counsel
  DC Bar No. 459525
BRYAN HARRISON
  Trial Attorney
  FL Bar No. 106379
KIMERE J. KIMBALL
  Trial Attorney
  CA Bar No. 260660
ANDREW D. KNUDSEN
  Trial Attorney
  DC Bar No. 1019697
U.S. Department of Justice
Environmental Defense Section
P.O. Box 7611
Washington, DC 20044
(202) 514-6187 (Lynk)
(202) 514-8865 (fax)
Brian.lynk@usdoj.gov

Dated:  July 1, 2024

*Counsel for the United States of America*

## INTRODUCTION

Texas filed an Amended Answer and Counterclaim on May 24, 2024. ECF 120. The counterclaim fails to plead a waiver of the United States' sovereign immunity, as required to establish subject-matter jurisdiction over a claim against the United States. *See Koehler v. United States*, 153 F.3d 263, 267 (5th Cir. 1998) ("[S]overeign immunity deprives the courts of jurisdiction irrespective of the merits of the underlying claim."). Thus, on June 21, 2024—just four weeks later and nearly three weeks *before* the deadline to answer or otherwise respond under the Federal Rules of Civil Procedure[1]—the United States moved to dismiss the counterclaim for lack of jurisdiction under Federal Rule 12(b)(1). ECF 125 at 1, 5-7.

Texas then filed a "Motion to Strike Motion to Dismiss," ECF 132, one of two "Motions to Strike Motions" Texas has filed to date. *See also* ECF 136. This motion to strike argues that the United States' Rule 12(b)(1) motion was untimely under a scheduling order. Texas invoked no rule or authority for moving to "strike" a "motion," and there is none. The Court should deny Texas's motion as procedurally improper, and discourage similar filings in the future by making clear that any party opposing a motion should follow the same rules all other practitioners in this federal Court respectfully follow, by filing a response in opposition. *See* Local Civil Rule 7.D.

If the Court gives any further consideration to ECF 132, it should construe that filing to constitute Texas's response in opposition to ECF 125, and not allow Texas a second bite at the apple by submitting a so-called "motion to strike motion" followed by a separate "opposition."[2] Further, it should reject Texas's timeliness argument and grant dismissal of the counterclaim.

---

[1] *See* ECF 118 (Texas filed its Original Answer & Counterclaim on May 10, 2024); Fed. R. Civ. P. 12(a)(2), 15(a)(3) (United States' response to both the original and the amended pleading was due within 60 days after May 10, 2024, i.e., by July 9, 2024).

[2] Texas already has employed such gamesmanship in response to another United States motion. *See* ECF 136, 137.

1

**BACKGROUND**

A fuller background is provided in the United States' motion to dismiss and included motion for leave, and is only briefly re-summarized here. ECF 125 at 1-4, 20. Texas relies on the Court's March 5, 2024, scheduling order, which the Court entered on the parties' joint motion. ECF 97. The order noted the parties' "agreement" that "there will be no further dispositive motions filed." At the time of this order, Texas had not yet pled any counterclaim in response to the United States' complaint, and the order contained no language purporting to alter the United States' time under the Federal Rules to respond to Texas's pleading once it was filed. Texas eventually filed its original answer and counterclaim on May 10, 2024, and its amended answer and counterclaim on May 24, 2024. The United States' deadline to respond—initially to the original, and then to the amended pleading—was July 9, 2024. *See* Fed. R. Civ. P. 12(a)(2) (United States has 60 days to respond to a pleading); Fed. R. Civ. P. 15(a)(3) (If the pleading is amended, the United States must respond by the original deadline or 14 days after service of the amendment, whichever is later.). Thus, the United States' June 21, 2024 Rule 12(b)(1) motion was filed nearly three weeks before the applicable deadline.

Texas does not contend that the United States had prior notice of Texas's counterclaim when the parties jointly submitted the scheduling order. Obviously, the United States could not have anticipated in March that Texas would file, two months later, a counterclaim failing to plead a fundamental element of subject-matter jurisdiction for any claim against the United States.

Texas also does not contend that any of the other relief the United States requests in ECF 125 should be stricken as a purportedly untimely "dispositive motion." In that filing, the United States also moved to: (1) strike the constitutional defense from Texas's answer; (2) strike its jury demand; and (3) deny its advisory jury request. *Id.* at 7-20. Because Texas did not move to strike

any of those requests, *see* ECF 132, the United States' motion must proceed at least on those grounds regardless of how the Court resolves Texas's motion to strike.[3]

## STANDARD OF REVIEW

Federal Rule 12(f) permits the Court to "strike from a *pleading* an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f) (emphasis added). It says nothing, however, about striking a "motion." Motions to strike are disfavored when used as a "dilatory tactic." *E.g., FDIC v. Niblo*, 821 F. Supp. 441, 449 (N.D. Tex. 1993). That description fits here.

## ARGUMENT

Completely absent from Texas's motion to strike is any citation to a rule or authority allowing Texas to "move to strike a motion." Federal Rule 12(f) governs motions to strike, and it authorizes the Court to "strike from a *pleading* an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f) (emphasis added). Federal Rule 7 states the exclusive list of "pleadings," emphasizing that "[o]nly these pleadings are allowed": "(1) a complaint; (2) an answer to a complaint; (3) an answer to a counterclaim designated as a counterclaim; (4) an answer to a crossclaim; (5) a third-party complaint; (6) an answer to a third-party complaint; and (7) if the court orders one, a reply to an answer." Fed. R. Civ. P. 7(a)(1)-(7). A "motion" appears nowhere in this list, and courts in this district and elsewhere repeatedly have held that the Federal Rule 12(f) does not authorize striking a motion to dismiss or striking any other type of motion. *See, e.g., Vega v. City of El Paso*, No. EP-21-cv-

---

[3] Texas had no timeliness argument to make against these other requests for relief. Striking a jury demand or denying an advisory jury request obviously is not "dispositive." And the United States' motion to strike Texas's constitutional defense raises no *newly* dispositive issue; rather, it merely seeks to apply law of the case on an issue the Court has squarely decided against Texas twice already in this case. *See* ECF 125 at 14-16, 20.

3

00116-DCG, 2022 WL 22412865, at *1 (W.D. Tex. June 24, 2022) (disallowing motion to strike motion to dismiss); *Mach v. OneMain Servs., Inc.*, No. 1:19-cv-628-RP, 2019 WL 13191995, at *1 (W.D. Tex. Aug. 2, 2019) (same); *Hill v. Estate of Hill*, 594 F. Supp. 3d. 741, 757-58 (N.D. Tex. 2022) (same); *Mitchell v. Denton Cnty. Sheriff's Off.*, No. 4:18-cv-00343-RAS-CAN, 2021 WL 11472389, at *1 (E.D. Tex. June 9, 2021) (same); *Burnett v. ARCCA Inc.*, No. 15-cv-1214, 2016 WL 828151, at *3-4 (W.D. La. Feb. 25, 2016) (same); *cf. Puckett v. United States*, 82 F. Supp. 2d 660 (S.D. Tex. 1999), *aff'd sub nom. Puckett v. Comm'r*, 213 F.3d 636 (5th Cir. 2000) (noting that many courts disallow such motions while some are more forgiving about whether to consider their merits, but finding that the instant motion to strike lacked merit in any event). On this ground alone, the Court should deny Texas's motion to strike.

Even if Texas's motion to strike were not improper, it fails to demonstrate any timeliness issue that warrants striking the motion to dismiss. Texas focuses primarily on caselaw concerning "excusable delay" when a party has missed a deadline to file something, and whether "good cause" for a late filing exists here under such caselaw. ECF 132 ¶¶ 4-12. None of that applies here, because nothing in the scheduling order purported to alter the United States' 60-day deadline under the Federal Rules of Civil Procedure for responding to Texas's counterclaim after it was served. The United States responded to Texas's pleading well ahead of that deadline. *Supra* at 2.

Texas's other argument is that a motion to dismiss is a "dispositive motion," and the parties had agreed as of March 5, 2024 not to file any further dispositive motions in the course of the discovery and pretrial schedule. ECF 132 ¶¶ 1-3. Texas claims that, absent a grant of leave, this provision prohibited the United States from raising to the Court's attention the jurisdictional defect in the counterclaim after it was served in May 2024. *Id.* ¶ 3. It is black-letter law, however, that "lack of subject matter jurisdiction may be raised at any time"; it is never untimely, even if brought

4

to a court's attention for the first time while the case is on appeal. *Giles v. NYLCare Health Plans, Inc.*, 172 F.3d 332, 336 (5th Cir. 1999); *In re McCloy*, 296 F.3d 370, 373 (5th Cir. 2002). "Jurisdiction is power to declare the law, and where it [does not] exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) (quoting *Ex parte McCardle,* 7 Wall. 506, 514, 19 L. Ed. 264 (1868)). Thus, the scheduling order's limitation on dispositive motions does not govern this dispute because the United States had a superseding obligation to bring to the Court's attention its lack of jurisdiction over the counterclaim after it was filed. Likewise, the Court is obliged to determine if it has jurisdiction over Texas's counterclaim and to dismiss—on its own motion, had the United States not filed one—if it determines jurisdiction is lacking. *Mosley v. Cozby*, 813 F.2d 659, 660 (5th Cir. 1987) ("Th[e] Court must examine the basis of its jurisdiction, on its own motion, if necessary."); *Hill v. City of Seven Points*, 230 F.3d 167, 169 (5th Cir. 2000) (same).

Finally, if the Court gives the merits of Texas's motion to strike any consideration, it should also clarify that it is treating the filing as Texas's "response in opposition" to the United States' motion to dismiss under Local Civil Rule 7.D., and should prohibit Texas from filing any additional response in opposition. *See Norman v. Levy*, 756 F. Supp. 1060 (N.D. Ill. 1990) (noting that a motion to strike was an improper response to a motion to dismiss under Rule 12(b)(1), but treating it as the functional equivalent of a response in opposition); *Kremer v. Reddit, Inc.,* No. 2:21-cv-00038, 2021 WL 4909953, at *1 (M.D. Tenn. Oct. 18, 2021) (same). This clarification is necessary to prevent Texas from proliferating duplicative filings in this case. *Supra* at 1 & n.2.

## CONCLUSION

For the foregoing reasons, the Court should deny Texas's "Motion to Strike Motion to Dismiss."

Respectfully submitted,

Dated: July 1, 2024

| | |
|---|---|
| JAIME ESPARZA<br>UNITED STATES ATTORNEY | TODD KIM<br>ASSISTANT ATTORNEY GENERAL<br>Environment & Natural Resources Division |
| /s/ Landon A. Wade<br>LANDON A. WADE<br>  Assistant United States Attorney<br>  Texas Bar No. 24098560<br>United States Attorney's Office<br>Western District of Texas<br>903 San Jacinto Blvd., Suite 334<br>Austin, TX 78701<br>(512) 370-1255 (tel)<br>(512) 916-5854 (fax)<br>Landon.wade@usdoj.gov | /s/ Brian H. Lynk<br>BRIAN H. LYNK<br>  Senior Trial Counsel<br>  DC Bar No. 459525<br>BRYAN HARRISON<br>  Trial Attorney<br>  FL Bar No. 106379<br>KIMERE J. KIMBALL<br>  Trial Attorney<br>  CA Bar No. 260660<br>ANDREW D. KNUDSEN<br>  Trial Attorney<br>  DC Bar No. 1019697<br>U.S. Department of Justice<br>Environmental Defense Section<br>P.O. Box 7611<br>Washington, DC 20044<br>(202) 514-6187 (Lynk)<br>(202) 514-8865 (fax)<br>Brian.lynk@usdoj.gov |

*Counsel for the United States of America*

## CERTIFICATE OF SERVICE

I certify that on July 1, 2024, a copy of this filing was served on counsel of record through the Court's electronic filing system.

/s/ Brian Lynk
Brian Lynk