IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff*,<br><br>v.<br><br>GREG ABBOTT, in his capacity as GOVERNOR OF THE STATE OF TEXAS, and THE STATE OF TEXAS,<br><br>*Defendants*. | Case No. 1:23-cv-00853-DAE |

**UNITED STATES' OPPOSITION TO DEFENDANTS' "MOTION TO STRIKE PLAINTIFFS' MOTION FOR PROTECTIVE ORDER"**

JAIME ESPARZA
UNITED STATES ATTORNEY

LANDON A. WADE
    Assistant United States Attorney
    Texas Bar No. 24098560
United States Attorney's Office
Western District of Texas
903 San Jacinto Blvd., Suite 334
Austin, TX 78701
(512) 370-1255 (tel)
(512) 916-5854 (fax)
Landon.wade@usdoj.gov

TODD KIM
ASSISTANT ATTORNEY GENERAL
Environment & Natural Resources Division

BRIAN H. LYNK
    Senior Trial Counsel
    DC Bar No. 459525
BRYAN J. HARRISON
    Trial Attorney
    FL Bar No. 106379
KIMERE J. KIMBALL
    Trial Attorney
    CA Bar No. 260660
ANDREW D. KNUDSEN
    Trial Attorney
    DC Bar No. 1019697
U.S. Department of Justice
Environmental Defense Section
P.O. Box 7611
Washington, DC 20044
(202) 514-6187 (Lynk)
(202) 514-8865 (fax)
Brian.lynk@usdoj.gov

Dated:  July 2, 2024

*Counsel for the United States of America*

**INTRODUCTION**

Rather than simply opposing the United States' "Motion for Protective Order," ECF 126, Texas moved this Court to strike the United States' motion. *See* ECF 136. This is the second of such a "motion to strike" a motion that Texas has filed. *See* ECF 132; *see also* ECF 140 (United States' opposition to Texas's motion to strike). As with the other "motion to strike," Texas invoked no rule or authority for moving to "strike" the United States' motion, because there is none. The Court should deny Texas's motion as procedurally improper and discourage similar filings in the future by making clear that any party opposing a motion should follow the same rules other practitioners in this federal district follow, which is by filing a response in opposition. *See* W.D. Tex. L.R. CV-7(D).

If the Court gives any further consideration to Texas's "motion to strike" the United States' motion for protective order, the Court should similarly deny the motion because it lacks merit. The United States' motion for protective order details the United States' futile attempts at a meet-and-confer process given Texas's moving target by *adding* over two dozen amended 30(b)(6) topics after the United States tried to confer on *narrowing* the issues. And the United States adequately explained its objections to the amended 30(b)(6) deposition topics in its motion for protective order.

Texas's motion to strike the United States' motion should be denied.

**BACKGROUND**

The United States detailed the relevant background in its motion for protective order. *See* ECF 126 at 3-5. The Court's scheduling order adopted the parties' agreed date of June 17, 2024 as the "deadline to serve any discovery request other than noticing expert depositions." ECF 97 at 2. Without seeking leave of Court or seeking a stipulation as required by Fed. R. Civ. P.

1

30(a)(2), on June 17, 2024, Texas served the United States with *fifteen* notices of deposition (including a subpoena to a third party), four of which were 30(b)(6) notices for four federal agencies.  *See* ECF 126 at 4.  On June 21, 2024, the United States moved for a protective order requesting that the Court quash certain objectionable topics in the amended 30(b)(6) topics.  ECF 126.

> Within the body of its motion for protective order, the United States explained that:
>
> Pursuant to W.D. Tex. L.R. CV-7(G), the United States notes that on June 18, 2024, counsel for the United States emailed Texas regarding these issues.  Following the parties' attempted meet-and-confer, Texas did not identify good cause to take 19 depositions.  Instead, Texas served amended 30(b)(6) deposition notices . . . In these amended notices, Texas did withdraw a handful of its improper originally noticed topics.  That said, not only did a significant number of problematic topics remain, but Texas also expanded and added to its already-overbroad inquiries.  For example, Texas now identifies dozens of new topics for USIBWC and USACE.

*Id.* at 5.  At 6:25 p.m. on June 26, 2024, counsel for Texas emailed counsel for the United States and simply asked "whether you are opposed or unopposed" to a "motion to strike your motion to quash [sic] our 30(b)(6) deposition topics" and insisted on an answer by 10 a.m. the next morning.  Counsel for the United States responded within that deadline that they were opposed to such a motion.  Texas's motion followed.

## STANDARD OF REVIEW

Federal Rule 12(f) permits the Court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f) (emphasis added).  It says nothing, however, about striking a "motion."  Motions to strike are disfavored when used as a "dilatory tactic." *E.g.*, *FDIC v. Niblo*, 821 F. Supp. 441, 449 (N.D. Tex. 1993).  That description fits here.

**ARGUMENT**

Completely absent from Texas's motion to strike is any citation to a rule or authority allowing Texas to "move to strike a motion." Federal Rule 12(f) governs motions to strike, and it authorizes the Court to "strike from a *pleading* an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f) (emphasis added). Federal Rule 7 states the exclusive list of "pleadings," emphasizing that "[o]nly these pleadings are allowed": "(1) a complaint; (2) an answer to a complaint; (3) an answer to a counterclaim designated as a counterclaim; (4) an answer to a crossclaim; (5) a third-party complaint; (6) an answer to a third-party complaint; and (7) if the court orders, a reply to an answer." Fed. R. Civ. P. 7(a)(1)-(7). A "motion" appears nowhere in this list, and courts in this district and elsewhere have repeatedly held that the Federal Rule 12(f) does not authorize striking a motion to dismiss or striking any other type of motion. *See, e.g.*, *Vega v. City of El Paso*, No. EP-21-cv-00116-DCG, 2022 WL 22412865, at *1 (W.D. Tex. June 24, 2022) (disallowing motion to strike motion to dismiss); *Mach v. OneMain Servs., Inc.*, No. 1:19-cv-628-RP, 2019 WL 13191995, at *1 (W.D. Tex. Aug. 2, 2019) (same); *Hill v. Estate of Hill*, 594 F. Supp. 3d 741, 757-58 (N.D. Tex. 2022) (same); *Mitchell v. Denton Cnty. Sheriff's Off.*, No. 4:18-cv-00343-RAS-CAN, 2021 WL 11472389, at *1 (E.D. Tex. June 9, 2021) (same); *Burnett v. ARCCA Inc.*, No. 15-cv-1214, 2016 WL 828151, at *3-4 (W.D. La. Feb. 25, 2016) (same); *cf. Puckett v. United States*, 82 F. Supp. 2d 660 (S.D. Tex. 1999), *aff'd sub nom. Puckett v. Comm'r*, 213 F.3d 636 (5th Cir. 2000) (noting that many courts disallow such motions while some are more forgiving about whether to consider their merits, but finding that the instant motion to strike lacked merit in any event).

Texas's motion to strike should be denied on this ground alone. The Court should deny Texas's motion as procedurally improper, and discourage similar filings in the future by making

clear that any party opposing a motion should follow the same rules other practitioners in this federal Court respectfully follow, by filing a response in opposition. *See* W.D. Tex. L.R. CV-7(D). Indeed, a court cannot "strike" filings on the docket just because the opposing party disagrees with the basis of such a request. Texas simply claims that "striking [the United States'] Motion for Protective Order is in the interest of justice." ECF 136 at 6. The actual "interest of justice," is for Texas to use the proper process to address and raise points through an opposition, as is Texas's right under the Federal Rules of Civil Procedure and the Local Rules of the Western District of Texas. Texas's maneuvering and manipulating of the docket in this way should not be condoned; Texas's motion to strike should be denied.

But beyond that, Texas's motion to strike is without substantive merit. *First*, the United States' motion for protective order expressly describes the attempted meet-and-confer process and why that process broke down—specifically, because rather than amending its 30(b)(6) deposition notices to *narrow* the issues, Texas used the meet-and-confer process to serve amended notices that added dozens of new topics that greatly expanded the scope. *See* ECF 126 at 5. This description, consistent with the requirements of this Court's rules,[1] is much more of a description than any of Texas's threadbare statements that were filed with its litany of recent motions. *Compare id.* (United States' explanation of "the specific reason that no agreement could be made," W.D. Tex. L.R. CV-7(G)) *with* ECF 136 at 10 (Texas motion noting only that counsel "conferred with counsel for Plaintiff via email and "they indicated they are opposed to

---

[1] The W.D. Tex. Local Rules provide that: "The court may refuse to hear or may deny a nondispositive motion unless the movant advises the court within the body of the motion that counsel for the parties have conferred in a good-faith attempt to resolve the matter by agreement and certifies the specific reason that no agreement could be made." W.D. Tex. L.R. CV-7(G).

this motion."), ECF 130 at 11 (same), ECF 133 at 12 (same), ECF 132 at 6 (same), ECF 124 at 11.

As to Texas's selective recitation of the meet-and-confer process: the United States never "abruptly cancelled" a call on June 20, 2024, as Texas contends, ECF 136 at 6, because the United States never scheduled or agreed to have such a call. The reason is simple: while the United States had sought to engage Texas on narrowing the 30(b)(6) deposition topics, Texas did not meaningfully engage in the process. Rather than narrowing the issues and fully addressing the improper topics, Texas's amended deposition notices included dozens more new objectionable topics rather from the original 30(b)(6) deposition notices. Texas's actions speak louder than any of its self-serving quoted messages. The United States need not indefinitely attempt to meet-and-confer where Texas's actions have shown no intent to meaningfully advance those efforts and continuously move the target.

*Second*, the United States adequately briefed its objections to Texas's amended 30(b)(6) topics. While Texas feigns the United States' objections are somehow inadequate, ECF 136 at 6, this argument must be raised in Texas's opposition to the United States' motion for protective order, not in a motion to strike. The United States maintains that its argument and justifications within the motion for protective order and its detailed topic-by-topic list in the appendix are appropriate and sufficiently demonstrate the bases for this Court's issuance of a protective order.

Texas also suggests that the United States violates the page limits by including a "9-page table of objections" as an accompanying document with the United States' filing. ECF 136 at 7. That table is an appendix listing each of those topics that the United States was objecting to for each of the four amended 30(b)(6) deposition notices and the cross-referenced section in the motion providing the basis for that objection. *See* 126-1 at 1-9. Texas's amended 30(b)(6)

5

deposition notices have 135 topics that alone span roughly 14 single-spaced pages. *See id.* at 126-3, 126-4, 126-5, 126-6. Texas cannot credibly fault the United States for presenting in an accompanying document (as recognized as excluded of the page limit by W.D. Tex. L.R. CV-7(d)) those of Texas's 135 amended topics that are objectionable in as streamlined a way possible to facilitate the Court's review of those objectionable amended topics. And rather than have burdened this Court with four separate motions for protective order for each of the four amended 30(b)(6) notices—which Texas would have surely questioned as causing them "prejudice" at a "time when the close of discovery under the Scheduling Order [is] less than one month away," *see* ECF 132 at 2 (Texas's first motion to strike)—the United States instead filed a single motion on the issue.

As to the remaining grab bag of improper "arguments" on the substance of the United States' motion to compel that Texas included in this motion to strike, the United States notes that they lack merit and that the United States' reply will address those specific issues.

## CONCLUSION

For these reasons, the Court should deny Texas's motion to strike the United States' motion for protective order.

Dated: July 2, 2024

| | |
|---|---|
| JAIME ESPARZA<br>UNITED STATES ATTORNEY | TODD KIM<br>ASSISTANT ATTORNEY GENERAL<br>Environment & Natural Resources Division |
| /s/ Landon A. Wade<br>LANDON A. WADE<br>  Assistant United States Attorney<br>  Texas Bar No. 24098560<br>United States Attorney's Office<br>Western District of Texas<br>903 San Jacinto Blvd., Suite 334<br>Austin, TX 78701<br>(512) 370-1255 (tel)<br>(512) 916-5854 (fax)<br>Landon.wade@usdoj.gov | /s/ Bryan J. Harrison<br>BRIAN H. LYNK<br>  Senior Trial Counsel<br>  DC Bar No. 459525<br>KIMERE J. KIMBALL<br>  Trial Attorney<br>  CA Bar No. 260660<br>ANDREW D. KNUDSEN<br>  Trial Attorney<br>  DC Bar No. 1019697<br>BRYAN J. HARRISON<br>  Trial Attorney<br>  FL Bar No. 106379<br>U.S. Department of Justice<br>Environmental Defense Section<br>P.O. Box 7611<br>Washington, DC 20044<br>(202) 514-6187 (Lynk)<br>(202) 514-8865 (fax)<br>Brian.lynk@usdoj.gov<br>Kimere.kimball@usdoj.gov<br>Andrew.knudsen@usdoj.gov<br>Bryan.harrison@usdoj.gov<br><br>*Counsel for the United States of America* |

**CERTIFICATE OF SERVICE**

  I certify that on July 2, 2024, a copy of this filing was served on counsel of record through the Court's electronic filing system.

*/s/ Bryan J. Harrison*
Bryan J. Harrison
