# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

UNITED STATES OF AMERICA,

        *Plaintiff*,

   v.

GREG ABBOTT, in his capacity as GOVERNOR OF THE STATE OF TEXAS, and THE STATE OF TEXAS,

        *Defendants*.

Case No. 1:23-cv-00853-DAE

**UNITED STATES' REPLY IN SUPPORT OF MOTION FOR PROTECTIVE ORDER**

JAIME ESPARZA
UNITED STATES ATTORNEY

LANDON A. WADE
  Assistant United States Attorney
  Texas Bar No. 24098560
United States Attorney's Office
Western District of Texas
903 San Jacinto Blvd., Suite 334
Austin, TX 78701
(512) 370-1255 (tel)
(512) 916-5854 (fax)
Landon.wade@usdoj.gov

TODD KIM
ASSISTANT ATTORNEY GENERAL
Environment & Natural Resources Division

BRIAN H. LYNK
  Senior Trial Counsel
  DC Bar No. 459525
BRYAN J. HARRISON
  Trial Attorney
  FL Bar No. 106379
KIMERE J. KIMBALL
  Trial Attorney
  CA Bar No. 260660
ANDREW D. KNUDSEN
  Trial Attorney
  DC Bar No. 1019697
U.S. Department of Justice
Environmental Defense Section
P.O. Box 7611
Washington, DC 20044
(202) 514-6187 (Lynk)
(202) 514-8865 (fax)
Brian.lynk@usdoj.gov

Dated: July 2, 2024

*Counsel for the United States of America*

Texas seeks to require four agencies of the United States to testify on certain topics that are, by Texas's own admission, not relevant and nonjusticiable, and also to testify on topics that are neither known nor reasonably available to the agencies. *See infra* Section I. For the reasons in its motion, reply, and the accompanying supporting declarations, the United States' motion for protective order should be granted.[1]

As noted in the parties' joint advisory, the United States is withdrawing that portion of its motion for protective order seeking relief as to Texas's excess depositions. *See* ECF 139 at 3.[2]

## I. The "invasion" topics are barred under the Court's prior rulings, not subject to discovery because of the United States' pending jurisdictional motion, and not relevant because of Texas's argument that "invasion" is a political question.

Texas claims that the five "[i]nvasion claim topics are relevant" because Texas has a "live claim" entitling it to "discovery on matters relevant to claims and defenses, including the invasion counterclaim."[3] ECF 137 at 3. Texas then represents that a ruling from the en banc Fifth Circuit is "expected before the scheduled trial on August 6, 2024." *Id.* Because of this, Texas argues that discovery should not proceed consistent with the current posture, but bounded by what Texas hopes will be the outcome in the Fifth Circuit. That is not the standard on which cases are litigated. The Court has squarely and repeatedly rejected Texas's "invasion" and "self-defense" legal theories. *See* ECF 50 at 29-35 (rejecting Texas's "breathtaking" arguments

---

[1] A clarification regarding the Amended 30(b)(6) Notice for CBP, ¶ 24: the United States is only objecting to "people, guns, drugs" listed in that topic. *See* ECF 126-1 at 6. The appendix inadvertently included a strikethrough objection to "illegal." *See id.*

[2] The United States refers the Court to its opposition to Texas's motion to strike the motion for protective order regarding Texas's selective characterizations about the meet-and-confer process. ECF 141. The United States sought to confer in good faith and narrow the 30(b)(6) topics, but Texas served amended 30(b)(6) notices that added more than two dozen topics and greatly expanded the scope of testimony.

[3] These topics are specific to "Subsection A" from the United States' opposed motion and are immigration, "border security," or "illegal activities." *See* ECF 126 at 7-8; ECF 126-1 at 1-9.

1

regarding alleged self-defense powers in granting preliminary injunction); ECF 114 at 23-29 (holding Texas's interpretation "goes far beyond the original and natural meaning of 'invasion' and incurably exceeds the power granted to the States by our Founding Fathers" in partially granting and partially denying Texas's motion to dismiss); *see also* ECF 125 at 9-10.

Texas's claim that it is entitled to discovery through 30(b)(6) testimony on these "invasion" topics also contradicts its own affirmative defense and argument that the invasion defense raises a nonjusticiable political question. *See* ECF 120 at 6. Texas advanced this argument before this Court and both the Fifth Circuit panel and en banc court. *See, e.g., id.*; *United States v. Abbott*, No. 23-50632, Doc. 61 at 25-26 (Texas's merits brief), *id.*, Doc. 154-1 (Texas's supplemental en banc brief). Under Texas's framework, once the Governor invokes the State War Clause by declaring an "invasion," the federal courts must honor that invocation without allowing any further inquiry or fact-finding. It follows then that, in Texas's view, the only relevant question for the "invasion" defense is whether the Governor declared such an invasion. Texas has no basis to seek 30(b)(6) testimony on "invasion"-related topics while also claiming the issue is nonjusticiable. *See* Fed. R. Civ. P. 26(a)(1); *see also D'Souza v. Marmaxx Operating Corp.*, 2017 WL 132243, at *2 (W.D. Tex. Apr. 7, 2017).

In addition, the United States has moved to dismiss Texas's "invasion" counterclaim and constitutional defense for lack of jurisdiction. *See* ECF 125; *see also* ECF 140 at 4-5. With a jurisdictional motion, it is inappropriate to allow discovery to proceed on those issues until the threshold jurisdictional issue is resolved. *See Lowery v. Mills*, No. 1:23-CV-129-DAE, 2023 WL 9958230, at *2 (W.D. Tex. Aug. 9, 2023) (further noting that "resolving the pending motion to dismiss may reduce and/or preclude the need for discovery altogether"); *see also Conquest v. Camber Corp.*, No. 5:13-CV-1108-DAE, 2014 WL 172500, at *2 (W.D. Tex. Jan. 13, 2014)

2

(citing *Sapp v. Mem. Hermann Healthcare Sys.*, 406 F. App'x 866, 871 (5th Cir.2010)). While the United States recognizes the expedited schedule in this case, because of the jurisdictional nature of the United States' motion to dismiss, it is not unreasonable to withhold discovery unless and until the Court determines it can hear Texas's counterclaim. ECF 134 at 7.

Texas's chain of hypotheticals—that the en banc Fifth Circuit issues a particular ruling in a particular way by a particular date on a particular issue currently before it—is too attenuated to credit the claim that deposition testimony on these topics is required to avoid "delay and disruption." ECF 137 at 4. There is no reason to engage in Texas's "what-if" thought experiment or to credit Texas's speculation that any decision will precede the trial, much less that it will automatically delay the trial or require the trial to be rescheduled. If the burden of doing this discovery is as minimal as Texas claims, then that burden will be just as minimal in the future if things come to pass as Texas speculates.

## II. The amended 30(b)(6) deposition topics seek information neither known nor reasonably available to the agencies.

The United States has established and identified objected-to topics where the information is neither known nor reasonably available to the agencies. *See* ECF 126 at 8-10, 126-1 at 1-9.[4] Texas's opposition claims that the United States has "provided no evidence" that the topics are neither known nor reasonably unavailable as it relates to various topics for the USIWBC and USACE amended notices. *See* ECF 137 at 6-7. While the United States disagrees with that contention, the United States now submits declarations from Adrian Cortez of USIBWC and Margaret Gaffney-Smith of USACE that further detail why the information for certain topics is not known or not reasonably available to each agency. For example, USIWBC does not possess

---

[4] These topics are specific to "Subsection B" from the United States' opposed motion. *See* ECF 126 at 9-11; ECF 126-1 at 1-9.

3

the requested information and data from certain gages because half of those in the segment of the Rio Grande at issue are within Mexico's control. Cortez Decl. ¶ 8. Further, the process to request and acquire that data from Mexico would take at least several months. *Id.* Both declarations explain that USIBWC and USACE cannot testify to certain topics because it would require data and information that the agencies neither know nor have and that is not compiled, monitored, or maintained in the usual course of operations. *Id.* ¶ 10; Gaffney-Smith Decl. ¶¶ 7, 8. The Federal Rules do not require agencies to testify about topics outside the scope of the agencies' mission, which is precisely the case on these topics.

To the extent that USIBWC does know some of the relevant facts, those facts are otherwise publicly available and Texas fails in its attempt to distinguish *Sill v. State Farm Lloyds*, 2013 WL 12393984, at *9 (W.D. Tex. Apr. 8, 2013), when it seeks a deposition on topics that would only replicate this public information. Even though "complete or specific data and information may not be known or available to USIBWC" because Mexico has half of the raw data from the Mexico-controlled gages, USIBWC's database provides "gage sensor readings, calculated discharge, accumulated precipitation, and daily average Rio Grande flows" dating back to the early 1900s. *See* Cortez Decl. ¶ 9 (noting the database contains "tens of millions of data points").

Texas also suggests that because USACE "does 'feasibility studies' for prospective projects," ECF 137 at 7, USACE should somehow be required to go through that hypothetical feasibility study exercise here, even though no project has actually been submitted for USAC's review or approval. *See* Gaffney-Smith Decl. ¶ 8. That is not—and cannot be—required of an agency preparing a designee for a 30(b)(6) deposition.

4

Finally, the United States also argued that certain topics were inappropriate and improper because they were outside the mission and operations of the various agencies—for example, CBP and topics pertaining to "navigability" and "highway of commerce." ECF 126 at 9. Texas did not respond to these arguments, and should Texas make arguments on these topics again, those argument are waived. *See Ikhinmwin v. Rendon*, 2017 WL 10768506, at *3 (W.D. Tex. Oct. 2, 2017) ("Failure to brief an argument in the district court waives that argument in that court."). The same holds true for such topics with other agencies. *See* Gaffney-Smith Decl. ¶ 9.

### III.  The amended 30(b)(6) topics are also overbroad and unduly burdensome.

As the United States' motion noted and the accompanying appendix detailed, several topics are overly broad and unduly burdensome. *See* ECF 126-1 at 1-9. For example, CBP Amended Notice ¶ 22 requires testimony on "[b]order security on the Rio Grande River between Mile Markers 275.5 and 610 from 2020 through the present, including but not limited to the impact of the buoys and razor wire installed by Texas." ECF 126-6 at 6. The topic is unbounding by any particular facet of "border security" and thus would require testimony from many parts of CBP and several subcomponents. The topic's geographic parameter is so broad as to encompass at least ten United States Border Patrol stations and the topic is similarly unbounded with a timeframe. This renders it entirely disproportionate to the issues in this case, which started in June 2023. Other topics are similarly overbroad and would be similarly burdensome or impossible for the agencies to prepare a designee to offer testimony. *See also* CBP Amended Notice ¶ 4; USCG Amended Notice ¶ 10.

For these reasons, the United States' motion for protective order should be granted and this Court should quash those topics in Texas's amended 30(b)(6) notices as listed in the proposed order, ECF 126-6 (with one modification as noted above at n.1).

5

Dated: July 2, 2024

| | |
|---|---|
| JAIME ESPARZA<br>UNITED STATES ATTORNEY | TODD KIM<br>ASSISTANT ATTORNEY GENERAL<br>Environment & Natural Resources Division |
| */s/ Landon A. Wade*<br>LANDON A. WADE<br>  Assistant United States Attorney<br>  Texas Bar No. 24098560<br>United States Attorney's Office<br>Western District of Texas<br>903 San Jacinto Blvd., Suite 334<br>Austin, TX 78701<br>(512) 370-1255 (tel)<br>(512) 916-5854 (fax)<br>Landon.wade@usdoj.gov | */s/ Bryan J. Harrison*<br>BRIAN H. LYNK<br>  Senior Trial Counsel<br>  DC Bar No. 459525<br>KIMERE J. KIMBALL<br>  Trial Attorney<br>  CA Bar No. 260660<br>ANDREW D. KNUDSEN<br>  Trial Attorney<br>  DC Bar No. 1019697<br>BRYAN J. HARRISON<br>  Trial Attorney<br>  FL Bar No. 106379<br>U.S. Department of Justice<br>Environmental Defense Section<br>P.O. Box 7611<br>Washington, DC 20044<br>(202) 514-6187 (Lynk)<br>(202) 514-8865 (fax)<br>Brian.lynk@usdoj.gov<br>Kimere.kimball@usdoj.gov<br>Andrew.knudsen@usdoj.gov<br>Bryan.harrison@usdoj.gov<br><br>*Counsel for the United States of America* |

## **CERTIFICATE OF SERVICE**

I certify that on July 2, 2024, a copy of this filing was served on counsel of record through the Court's electronic filing system.

*/s/ Bryan J. Harrison*
Bryan J. Harrison