IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff*, v. GREG ABBOTT, ET AL., *Defendants.* | CIVIL ACTION NO. 1:23-CV-00853 |

## DEFENDANTS' REPLY IN SUPPORT OF OPPOSED MOTION TO STRIKE PLAINTIFF'S MOTION FOR PROTECTIVE ORDER

Defendants, Greg Abbott, in his capacity as Governor of Texas, and the State of Texas, moved to strike Plaintiff's Motion for Protective Order for failing to meet-and-confer prior to filing the motion and failing to adequately explain each objection. ECF 136. Plaintiff responded that the Court lacks the authority to strike its motion, that it *did* meet-and-confer, and that the page limits in the local rules are to blame for its failure to explain the basis for each objection. ECF 141. Defendants respectfully offer the following in reply:

### REPLY IN SUPPORT OF MOTION TO STRIKE

**I.   The Court has the authority to strike Plaintiff's Motion for Protective Order.**

Plaintiff's argument that this Court lacks the authority to strike its motion for protective order is meritless.

"Rule 26 (c)(1) requires the parties to certify that they conferred in good faith before involving the court. The court *may strike* or deny a motion that fails to comply with the certification requirements." *Global Tubing, LLC v. Tenaris Coiled Tubes, LLC*, 2021 WL 5108753, at *2 (S.D.Tex., 2021) (emphasis added).

1

Courts have broad discretion and inherent authority to manage their dockets. *Perez v. BP, PLC*, 713 F. App'x 360, 362 (5th Cir. 2018). Texas Courts have regularly exercised this discretion to strike motions that are defective because they either lack a required Certificate of Conference or because the moving party failed to meaningfully confer prior to filing a motion. *See e.g. Morrison v. Walker*, 2014 WL 11512240, at *3 (E.D.Tex., 2014) (striking motion because the Certificate of Conference was defective); *Dhaliwal v. Meridian Security Insurance Company*, 2023 WL 186810, at *1 (E.D.Tex., 2023) (noting that the motion had been previously struck because it did not include a certificate of conference); *Monitronics Int'l, Inc. v. Skyline Sec. Mgmt., Inc.*, 2017 WL 7520612, at *1 n.1 (N.D. Tex. Oct. 30, 2017) ("future noncompliance with the certificate of conference requirement may result in the Court striking the offending motion from the docket."); *Rollins v. Greenberg Traurig*, LLP, 2019 WL 13192456, at *2 (S.D.Tex., 2019) (denying a motion to strike for lack of certificate of conference because dispositive motions do not require a certificate of conference); *Aguilar v. Advance Stores Co., Inc.*, 2005 WL 1217763, at *1 (W.D.Tex.,2005) (striking a motion for failing to include a certificate of conference).

Indeed, the Austin Division has a Standing Order that a motion "may be stricken" if it doesn't use 12-point font and 1-inch page margins. *See also Grisham v. Valenciano*, 2022 WL 2019290, at *2 (W.D.Tex., 2022) (Judge Puliam's Standing Orders providing that "[t]he Court *will strike* any Federal Rule 12(b) Motion to Dismiss if it does not contain the required Certificate of Conference…." (emphasis added)).

Plaintiff's Motion for Protective Order is fatally defective because it lacks the require Certificate of Conference required by Local Rule CV-7(g) and Fed. R. Civ. P. 26(c) (motions for protective orders "*must* include a certification that the movant has in good faith conferred or

attempted to confer with other affected parties in an effort to resolve the dispute without court action." (emphasis added)). Defendants do not invoke Fed. R. Civ. P. 12(f) as grounds for striking Plaintiff's Motion for Protective Order, ECF 126, nonetheless, the Court could still strike the motion under Rule 12(f) as *redundant* to the extent it seeks protection from depositions that were the same subject of the *earlier filed* Defendants Request for Leave to Take Oral Depositions in Excess of 10, ECF 124.

The Court should strike Plaintiff's Motion for Protective Order because Plaintiff's counsel knowingly violated the meet-and-confer requirements in Fed. R. Civ. P. 26(c) and Local Rule CV-7(g). Defendants asked Plaintiff to confer with them on any objectionable Rule 30(b)(6) topics before seeking a protective order, ECF 124, Ex. B at 3-4, and Plaintiff promised to do so, *id*. at 1-2. Plaintiff, instead, filed a Motion for Protective Order. ECF 124. Striking Plaintiff's Motion for Protective Order until the parties meet-and-confer is in the interest of justice. Defendants have shown a willingness to compromise to resolve discovery disputes. This Court recently ordered the partis to confer ahead of a scheduled hearing, ECF 134, and the parties were able to compromise and resolve all issues after meeting, ECF 139. Defendants believe a similar compromise can be reached without burdening the Court if the Court strikes Plaintiff's Motion for Protective Order and the parties meet and confer to work out a resolution.

## II.     Plaintiff did not meet-and-confer with Defendants before filing Plaintiff's Motion for Protective Order.

Credibility matters. Plaintiff's counsel advises the Court that:

> As to Texas's selective recitation of the meet-and-confer process: the United States never "abruptly cancelled" a call on June 20, 2024, as Texas contends, ECF 136 at 6, because the United States never scheduled or agreed to have such a call.

ECF 141 at 4; ECF 129 at 3 (same).

3

False. Plaintiff's counsel wrote on June 18, 2024:

> I will keep 2:30 to 3PM CT (3:30 to 4PM ET) available Thursday afternoon for a follow-up call after the United States have had a chance to consider Texas's written response [to the emailed objections to the Rule 30(b)(6) topics]. I would also send you a written reply to your response, before that call, in order to facilitate completing our discussion.

ECF 136-1 at 2.

Defendants sent Plaintiff a calendar invite for the scheduled meeting on June 20, 2024. ECF 136-2 at 5. The day of the scheduled meet-and-confer, Plaintiff's counsel emailed at 2:06 p.m. stating that "we see no need for a further call 'this' afternoon, as we inevitably are filing motions today. We will, though, 'write' you back this afternoon giving notice of the motions, addressing points in your email, and answering as many of your questions as we can." *Id*. at 4-5.

So, Plaintiff's counsel did, in fact, abruptly cancel a scheduled meet and confer. *See id*.

Plaintiff counsel, thereafter, upon being reminded of the need to meet-and-confer prior to seeking court intervention, stated that "**[b]efore filing our motion [For Protective Order], we will email Texas the final list of what we will seek to quash from Texas's newly revised (and untimely as noted above) list of 30(b)(6) topics, so that Texas can readily articulate if the request is opposed or unopposed.**" *Id*. at 1-2. Yet, Plaintiff filed the motion without doing so. ECF 126.

Plaintiff does not dispute this in its response yet, incredibly, blames Defendants for the meet-and-confer process breaking down because Defendants amended their notices to provide more specific topics in response to an objection from Plaintiff that "many" of the noticed topics did not "describe with reasonable particularity the matters for examination." ECF 141 at 6. Defendants ask the Court to strike Plaintiff's Motion for Protective Order because, prior to filing, Plaintiff failed to meaningfully confer in violation of Fed. R. Civ. P. 26(c) and Local Rule CV-7(g).

4

### III. Plaintiff failed to adequately brief its objections.

Plaintiff did not respond to Defendant's argument that Plaintiff's Motion for Protective Order failed to adequately brief its objections because it merely repeats the same general, form objection almost 100 times, without any explanation, description, or argument. ECF 126-1.

Instead, Plaintiff claims that presenting its objections in a form that cannot be responded to by Defendants and appears, on its face, internally contradictory and mutually exclusive (simultaneously claiming the information sought is not in their possession and that it is publicly available on their websites) was the only way it could comply with the page limits in the local rules.

False. Plaintiff could simply have sought leave to exceed the page limits provided in the Local Rules and attached a brief explaining the basis for each objection, with supporting declarations and evidence. By failing to do so, Plaintiff has waived these arguments and its motion should be stricken. *Harris v. Watson*, 2023 WL 3255006, at *1 (C.A.5 (Tex.), 2023) (per curiam) (deeming arguments abandoned when the fundamental failure to properly present and argue the points precluded the Court from engaging in meaningful review); *United States v. Beaumont*, 972 F.2d 553, 563 (5th Cir. 1992) (per curiam).

### CONCLUSION

For the foregoing reasons, the Court should grant Defendants' Motion to Strike Plaintiff's Motion for Protective Order and award any further relief to which Defendants may be justly entitled.

Date: July 2, 2024                                    Respectfully submitted,

Ken Paxton                                            */s/ Johnathan Stone*
Attorney General of the State of Texas                **Johnathan Stone**

| | |
|---|---|
| Brent Webster<br>First Assistant Attorney General | Special Counsel<br>Tex. State Bar No. 24071779<br>Johnathan.stone@oag.texas.gov |
| Ralph Molina<br>Deputy Attorney General for Legal Strategy | David Bryant<br>Senior Special Counsel<br>Tex. State Bar No. 03281500<br>david.bryant@oag.texas.gov |
| Ryan Walters<br>Chief, Special Litigation Division | Munera Al-Fuhaid<br>Special Counsel<br>Tex. State Bar No. 24094501<br>munera.al-fuhaid@oag.texas.gov |
| Office of the Attorney General<br>P. O. Box 12548, MC-009<br>Austin, TX 78711-2548<br>(512) 936-2172 | Kyle S. Tebo<br>Special Counsel<br>Tex. State Bar No. 24137691<br>kyle.tebo@oag.texas.gov |
| | Zachary Berg<br>Special Counsel<br>Tex. State Bar. 24107706<br>Zachary.Berg@oag.texas.gov |

**Counsel for Defendants**

## CERTIFICATE OF SERVICE

On July 2, 2024, this document was filed electronically through the Court's CM/ECF system, which automatically serves all counsel of record.

*s/ Johnathan Stone*
**Johnathan Stone**
Special Counsel