UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,**  *Plaintiff*,  v.  **GREG ABBOTT, in his capacity as Governor of the State of Texas, and THE STATE OF TEXAS,**  *Defendants*. | No. 1:23-cv-00853-DAE |

## DEFENDANTS' OPPOSED MOTION TO EXCLUDE RELIEF REQUESTED BY PLAINTIFF FROM PRE-TRIAL ORDER

Plaintiff United States has requested injunctive relief far broader than the limited affirmative injunction provided for by statute. This Court should focus the issues to be decided at trial by excluding the unauthorized relief that Plaintiff has requested from its pre-trial order.

**BACKGROUND**

Plaintiff's First Amended Complaint, ECF 60, asserted two causes of action against Defendants. The first is under Sections 10 and 12 of the Rivers and Harbors Act of 1899, 33 U.S.C. §§ 403, 406. The second claim, under the Treaty of Guadalupe Hidalgo of 1848, has been dismissed by the Court. ECF 114. Accordingly, the sole claim for trial in this case is Plaintiff's claim under the Rivers and Harbors Act of 1899 ("RHA").

The RHA's § 406 specifies the remedies available to the United States for violations of § 403. The Act reads in relevant part: "the removal of any structures or parts of structures erected in violation of the said sections may be enforced by the injunction of any circuit court exercising

1

jurisdiction in any district in which such structures may exist" 33 U.S.C. § 406. This injunction for "removal" is the only injunctive relief that the Act makes available for violations of § 403.

Plaintiff nevertheless asks for expansive relief in bringing its RHA claim. In addition to requesting that the Court "[c]ompel Defendants to promptly remove the Floating Barrier," Plaintiff's Amended Complaint prays for injunctive relief that would prohibit Texas from "creating or maintaining" any structures in any waters of the United States. ECF 60 at 9-10, ¶ 46(a), (b), (c). Plaintiff has asked the Court for both affirmative injunctions targeted at the Buoys themselves and for broad prohibitory injunctions that apply to any structure in any navigable waterway anywhere. Additionally, Plaintiff's Amended Complaint requested relief that Plaintiff believed it was entitled to under the Treaty of Guadalupe-Hidalgo and are explicitly premised on Plaintiff's claim under that treaty. *Id.* at ¶ 46(c), (f).

On June 21, Plaintiff filed its Motion to Dismiss Defendants' Counterclaim, arguing that the nature and kind of relief that Texas requests in its counterclaim is improper. Now that Plaintiff has contested Texas's right to relief, Texas in turn moves that the Court examine the propriety of Plaintiff's requested relief and, if the Court deems Plaintiff's prohibitory injunctions unauthorized by statute, that the Court exclude from its pre-trial order all requests for relief that are not expressly permitted by the RHA, including Plaintiff's requests for relief set out in ¶ 46(a), (b), (c), (f) of Plaintiff's Amended Complaint.

## ARGUMENT

The RHA only allows courts to issue injunctions to order "the removal of any structures or parts of structures erected in violation" of the Act's substantive provisions. 33 U.S.C. § 406. The relief that Congress made available to plaintiffs under Section 12 of the

RHA, 33 U.S.C. § 406, is therefore both narrow and specific. The RHA does not provide for any other injunctive remedy; the only other remedies that the Act contemplates for violations of § 403 are criminal penalties. *Id*. The RHA limits injunctive relief under § 406 to affirmative injunctions for the removal of obstructions.

Where Congress has "expressly provide[d] a remedy, courts must be especially reluctant to provide additional remedies" *Karahalios v. Federal Employees*, 489 U.S. 527, 533 (1989). This Court should not allow Plaintiff to broaden the narrow injunctive relief that Congress has made available for violations of the RHA.

**The Supreme Court and Fifth Circuit Disfavor Any Implication of Statutory Remedies that Congress Did Not Include in the Text of the Relevant Statute.**

Courts presume that an express statutory provision of remedies is exclusive. "It is also an 'elemental canon' of statutory construction that where a statute expressly provides a remedy, courts must be especially reluctant to provide additional remedies." *Karahalios*, 489 U.S. at 533 (citing *Transamerica Mortgage Advisors, Inc. v. Lewis*, 444 U.S. 11, 19 (1979*)); see also Sandoz, Inc. v. Amgen, Inc.*, 582 U.S. 1, 19 (2017). Some courts have classified this canon against implication of additional remedies as a variation of expressio unius: because Congress has expressly supplied specific remedies, it has implicitly rejected all others. *See e.g. United States v. Jantran, Inc.*, 782 F.3d 1177, 1183 (10th Cir. 2015) ("The proposition that courts ought to be reluctant to find implied remedies where an act expressly provides other remedies is, in essence, a variation of the negative implication, or *expressio unius*, canon").

The Fifth Circuit has long applied this principle. "Congress often manifests its intent to provide certain remedies through the express language of the statute. When a statute expressly

provides for a particular remedy or remedies, courts should be very reluctant to imply additional remedies." *Shinault v. Am. Airlines*, 936 F.2d 796, 801 (5th Cir. 1991); *Northwest Airlines v. Transport Workers Union*, 451 U. S. 77, 93 (1981); *Nat'l R.R. Passenger Corp. v. Nat'l Ass'n of R. R. Passengers*, 414 U. S. 453, 456 (1974).

Therefore, "[i]n the absence of strong indicia of contrary congressional intent, we are compelled to conclude that Congress provided precisely the remedies it considered appropriate." *Chair King v. Houston Cellular Corp.*, 131 F.3d 507, 512 (5th Cir. 1997); *California v. Sierra Club*, 451 U.S. 287, 293 (1985). Guided by this caselaw, the Court must conclude that the remedies available to Plaintiff are just those expressly permitted by § 406.

### *Congress's Specification of Remedies in the RHA Bars Plaintiff's Attempt to Imply Others*

This is not the first time that the United States has attempted to stretch the provisions of RHA to provide itself with a remedy that Congress did not provide. *Barnacle Maritime Mgmt. v. United States*, 233 F.3d 865 (5th Cir. 2000), involved a tow boat that caused a barge to allide with a lock and dam owned by the United States. The United States sought damages against the owner of the tow boat and barge under Sections 15 and 16 of the RHA as well as general maritime law. The district court held that the RHA provided the United States with an *in personam* claim that was not subject to the Limitation of Shipowners' Liability Act, 46 U.S.C. § 183. However, the only remedies the RHA expressly provided in those circumstances were criminal penalties (33 U.S.C. § 411) and an *in rem* remedy (Section 16 of RHA, 33 U.S.C. § 412) against the offending vessel(s).

The United States argued that the district court properly implied an *in personam* remedy against the vessel owners under RHA as well. The Fifth Circuit rejected this argument and reversed the ruling by the district court, reasoning "we should be reluctant to imply a remedy

4

broader than Congress expressly provided". *Id.* at 870. The Court reached that conclusion even though it acknowledged its ruling put the Fifth Circuit in conflict with the Sixth Circuit's decision in *Hines, Inc. v. United States*, 551 F.2d 717 (6th Cir. 1977).

Since then, several sister circuits have refused to imply remedies under the RHA across a variety of contexts. *See e.g.*, *United States v. Jantran, Inc.*, 782 F.3d 1177, 1183 (10th Cir. 2015) ("The proposition that courts ought to be reluctant to find implied remedies where an act expressly provides other remedies is, in essence, a variation of the negative implication, or *expressio unius*, canon") (relying on Barnacle); *Am. River Transp. Co. v. United States*, 800 F.3d 428, 436 (8th Cir. 2015) ("It is not for us to re-craft the RHA to better effectuate Congress's goals while ignoring its express choice of remedies").

This Court should follow this precedent and reject Plaintiff's invitation here to re-write the RHA to provide forms of injunctive relief that Congress omitted. Plaintiff brings its remaining claim solely under Section 12's enforcement provision, and Section 12 provides no civil remedy for alleged violations beyond the removal of a structure or part of a structure found to have been unlawfully placed in navigable waters of the United States.[1]

## CONCLUSION

Congress plainly did not include any forward-looking injunctive relief to prohibit future actions within the remedies set forth by Section 12 of the RHA. Other remedies not specified by

---

[1] Texas does not concede that the Floating Buoy Barriers are a "structure" or "obstruction" under the RHA and continues to argue that the RHA is inapplicable because the evidence at trial will show that the Rio Grande River is not a navigable water of the United States to which the RHA applies.

Congress may not be implied. Plaintiff's request for such unauthorized injunctive relief in this case therefore is without legal merit and should be excluded from the pre-trial order and trial.

WHEREFORE, Defendants respectfully request that the Court, upon hearing this motion, enter its order (a) excluding from the final pre-trial order in this case any and all requests for prohibitory injunctive relief or other relief not authorized by Section 12 of the RHA, 33 U. S. C. § 406, including but not limited to the relief requested in ¶ 46(a), (b), (c) of Plaintiff's Amended Complaint, ECF 60 at 9-10, (b) excluding from the final pre-trial order in this case any and all requests for relief brought under the Treaty of Guadalupe-Hidalgo, including the relief requested in ¶ 46(c), (f) of Plaintiff's Amended Complaint, ECF 60 at 10, and (c) precluding Plaintiff from making any such requests for prohibitory injunctive relief or other relief not authorized in Section 12 of the RHA, 33 U. S. C. § 406, at trial or presenting any evidence in support thereof; and for such other and further relief as may be appropriate.

| | |
|---|---|
| Date: July 3, 2024 | Respectfully submitted, |
| | |
| Ken Paxton | /s/ David Bryant |
| Attorney General of the State of Texas | David Bryant |
| | Senior Special Counsel |
| Brent Webster | Tex. State Bar No. 03281500 |
| First Assistant Attorney General | david.bryant@oag.texas.gov |
| | |
| Ralph Molina | Johnathan Stone |
| Deputy Attorney General for Legal Strategy | Special Counsel |
| | Tex. State Bar No. 24071779 |
| Ryan Walters | Johnathan.stone@oag.texas.gov |
| Chief, Special Litigation Division | |
| | Munera Al-Fuhaid |
| Office of the Attorney General | Special Counsel |
| P. O. Box 12548, MC-009 | Tex. State Bar No. 24094501 |
| Austin, TX 78711-2548 | munera.al-fuhaid@oag.texas.gov |
| (512) 936-2172 | |
| | Kyle S. Tebo |
| | Special Counsel |
| | Tex. State Bar No. 24137691 |
| | kyle.tebo@oag.texas.gov |
| | |
| | Zachary Berg |
| | Special Counsel |
| | Tex. State Bar. 24107706 |
| | Zachary.Berg@oag.texas.gov |
| | |
| | **Counsel for Defendants** |

## CERTIFICATE OF SERVICE

On July 3, 2024, this document was served on all counsel of record via email.

*s / David Bryant*
DAVID BRYANT
Senior Special Counsel

## CERTIFICATE OF CONFERENCE

On June 24, 2024, I conferred with counsel for Plaintiff via email and they indicated that they are opposed to this motion.

*s / David Bryant*
DAVID BRYANT
Senior Special Counsel