United States District Court
For the Western District of Texas, Austin Division

|  |  |
|---|---|
| United States of America,   )<br>   )<br>  Plaintiff,   )<br>   )<br>  v.   )<br>   )<br>Greg Abbott, in his capacity as   )<br>Governor of the State of Texas, and   )<br>the State of Texas,   )<br>   )<br>  Defendants   )<br>   ) | No. 1:23-cv-00853-DAE |

**PLAINTIFF'S RESPONSE TO DEFENDANTS'
MOTION TO COMPEL INTERROGATORY RESPONSES**

The motion to compel interrogatory responses ("Motion to Compel") by Defendants the State of Texas and Greg Abbott in his official capacity as Governor should be denied, because Defendants declined to confer with the United States beforehand as instructed by Local Rule CV-7(g) or to otherwise communicate their specific objections.  Although the parties have already discussed with the Court (in a July 2, 2024 status conference) the United States' intention to serve further amended Interrogatory responses—and Defendants' readiness to consider if those amendments resolve Defendants' concerns—the United States files this Response to Defendants' motion today out of caution, to avoid any possible untimeliness.[1]

---

[1] The parties are meeting and conferring on multiple discovery and *Daubert* motions that have been filed or may be filed.  One of the matters they will be required to address through meet-and-confer, as the Court instructed at the status conference, is a global schedule to fully brief by July 19, 2024, any discovery and Daubert motions that still require the Court's resolution following these meet-and-confers.  The parties are hopeful that their efforts will at least narrow the scope of discovery and *Daubert* issues requiring judicial resolution.  As of the time of this filing, however, there is no order extending the United States' opposition deadline under the Local Rules to this motion.

This Motion to Compel challenges a subset of the First Amended Responses to Defendants' Interrogatories that the United States served on May 3, 2024, after the parties had conferred regarding the United States' original responses served on April 12, 2024.  After receiving the First Amended Responses, Defendants emailed counsel for the United States on May 9, 2024, stating: "There are several additional deficiencies we intend to raise with you, although we are waiting until after we see your expert reports in the hope that it may resolve some of our problems."  Those expert reports were then served on Defendants the next day, May 10, 2024.

Following that date, the only subsequent communication from Defendants regarding the United States' First Amended Interrogatory Responses was their email notification on June 25, 2024, that Defendants would file a motion to compel.  Defendants sought no further conference—taking the position that "[w]e've previously conferred with you and were unsuccessful in resolving our disagreements"—and did not further explain or specify what they had meant seven weeks earlier when alluding to "additional deficiencies."  But, as noted above, in fact the parties had only meaningfully conferred regarding the United States' original April 12 interrogatory responses, and had not further done so at any point following the United States' May 3rd service of its First Amended Responses.  Had Defendants conferred with the United States at any time between May 10th (when the United States' expert reports were served) and June 25th and specified their concerns with the amended responses, the United States could have provided a second set of amended responses to further address those issues.  Instead, Defendants filed a motion to compel without a further conference.

The United States is now preparing a set of Second Amended Responses and expects to serve them by July 10, 2024, as discussed at the status conference.  Those responses will be updated to clarify, narrow or withdraw some objections and to provide substantive responses to additional interrogatories, in light of intervening initial disclosures, decisions in this case, the

United States' document productions, fact and expert discovery, and the Court's entry of the jointly-requested Order Regarding Discovery Procedures (ECF 128).

More specifically, the United States will withdraw its objections regarding the "marshaling of evidence" and premature pretrial disclosures under Fed. R. Civ. P. 26(a)(3)(A), although no specific information was actually withheld pursuant to those. Those objections were included out of an abundance of caution, after Defendants themselves had earlier asserted the same or similar objections in Defendants' initial responses to the United States' Interrogatories. Regardless, they now will be withdrawn.

The United States also has determined that Interrogatory 6 (which the United States already substantively answered on May 3, 2024) will no longer be considered compound. The United States had taken the position that this interrogatory included 9 discrete subparts that each on their own count as a separate interrogatory. Upon re-evaluation in response to the motion to compel, the United States will withdraw this compound objection. The United States is further re-evaluating its compound objections to other Interrogatories (12, 15, 16 and 19) and, if it determines that it still maintains any or all of those compound objections, will explain in its Second Amended Responses its basis for treating those Interrogatories differently from Interrogatory 6. Wherever the United States withdraws a compound objection, it means that an Interrogatory's subparts no longer are considered to separately count against the 25-interrogatory limit. Thus, a greater number of interrogatories will be substantively responded to in the Second Amended Responses.

In the meantime, it is important for Defendants and the Court to know that the United States *did* fully respond to Defendants' interrogatories based on due inquiry and the information known to it at the time—including those regarding the government's contentions—except where (and to the extent that) the First Amended Responses expressly stated otherwise or stated only that the United States was standing on its objections. The First Amended Responses used the common phrase

"subject to and without waiving the above objections" to indicate that the objections were not being waived simply because a response nonetheless was being provided. To avoid any confusion, should the United States limit its substantively responses or decline to respond to any interrogatories based on its objections in the Second Amended Responses, it will expressly so state.

For all of these reasons, the United States anticipates that there will be fewer, if any, genuine disputes once Defendants have examined the Second Amended Responses.[2] Defendants' current motion to compel therefore should be denied under Rule CV-7(g), without prejudice to submit a new motion based upon the Second Amended Responses following a conference between the parties and an opportunity for the United States to address any identified issues on an expedited basis.

Dated:  July 5, 2024

JAIME ESPARZA
UNITED STATES ATTORNEY

 /s/ Landon A. Wade
LANDON A. WADE
  Assistant United States Attorney
  Texas Bar No. 24098560
United States Attorney's Office
Western District of Texas
903 San Jacinto Blvd., Suite 334
Austin, TX 78701
(512) 370-1255 (tel)
(512) 916-5854 (fax)
Landon.wade@usdoj.gov

Respectfully submitted,

TODD KIM
ASSISTANT ATTORNEY GENERAL
Environment & Natural Resources Division

 /s/ Brian H. Lynk
BRIAN H. LYNK
  Senior Trial Counsel
  DC Bar No. 459525
BRYAN J. HARRISON
  Trial Attorney
  FL Bar No. 106379
KIMERE J. KIMBALL
  Trial Attorney
  CA Bar No. 260660
ANDREW D. KNUDSEN
  Trial Attorney
  DC Bar No. 1019697
U.S. Department of Justice
Environmental Defense Section
P.O. Box 7611
Washington, DC 20044

---

[2] This brief therefore does not discuss the merits of those arguments, but the United States reserves the right to do so if any disputes regarding the Second Amended Responses are brought before the Court.

4

(202) 514-6187 (Lynk)  
(202) 514-8865 (fax)  
Brian.lynk@usdoj.gov

Bryan.harrison@usdoj.gov  
Kimere.kimball@usdoj.gov  
Andrew.knudsen@usdoj.gov

*Counsel for the United States of America*

## **CERTIFICATE OF SERVICE**

I certify that on July 5, 2024, a copy of this filing was served on counsel of record through the Court's electronic filing system.

*/s/ Brian H. Lynk*
Brian H. Lynk