UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,**  *Plaintiff*, <br><br> v. <br><br> **GREG ABBOTT**, in his capacity as Governor of the State of Texas, and **THE STATE OF TEXAS**, *Defendants*. | No. 1:23-cv-00853-DAE |

**DEFENDANTS' REPLY IN SUPPORT OF
MOTION TO STRIKE MOTION TO DISMISS**

Defendants Greg Abbott, in his capacity as Governor of the State of Texas, and the State of Texas (together, "Texas"), file this Reply in Support of Defendants' Motion to Strike Motion to Dismiss.

## ARGUMENT

Plaintiff's Response, ECF No. 140 (the "Response"), does not dispute the essential facts alleged by Texas's Motion to Strike Motion to Dismiss. *See* ECF No. 132 (the "Motion to Strike"). The parties agree that on March 1, 2024, they jointly moved the Court to enter a scheduling order that mandated that "there will be no further dispositive motions filed." ECF No. 96 at ¶ 3. They agree that the Court granted the motion and entered this scheduling order on March 5, 2024. ECF No. 98. Yet on June 21 Plaintiff filed an omnibus motion that included a motion to dismiss Texas's counterclaim filed on May 10, along with motions to strike Texas's defenses and jury demand. *See* ECF No. 125 (the "Omnibus Motion"). Plaintiff does not contest that its motion to dismiss Texas's counterclaim is a dispositive motion. *See Scott v. White*, No. 1:16-CV-1287, 2018 WL 11397521, at *1 (W.D. Tex. Mar. 26, 2018) (Pitman, J.) (motions to dismiss are dispositive motions under Federal Magistrates Act); *Bailey v. Avis Budget Grp., Inc.*, No. CV H-22-1647, 2023 WL 375371, at *1 (S.D. Tex. Jan. 23, 2023) (motions to dismiss are dispositive motions); *cf. Soliz v. United States*, No. 5:16-cv-370, 2018 WL 6427342, at *4 (W. D. Tex. 2018) (Ezra, J.) (motion for partial summary judgment dispositive). Therefore, no dispute clouds the fact that Plaintiff has filed a dispositive motion after the court-ordered deadline and contrary to the parties' agreement.

Nor does Plaintiff seriously engage with Rule 6(b)(1)(B), which applies to motions requiring leave to file after the relevant deadline has passed. Instead, Plaintiff—mistaking Texas's Motion to Strike a motion as a Rule 12(f) motion to strike a pleading—entangles itself in the fine points of motions technicalities. Nowhere in its Response does Plaintiff make the showing of excusable neglect and good cause needed for it to be granted leave for its post-deadline submission. *Adams v. Travelers Indem. Co.*, 465 F.3d 156, 161–62 (5th Cir. 2006) (explaining that Fed. R. Civ. P. 6(b)(1)(B) requires separate showings of "excusable neglect" and "good cause"). The closest that Plaintiff comes to attempting to meet this standard is to repeat its claim that because Texas pled its

1

counterclaim after the dispositive-motions deadline, Plaintiff could not have anticipated it. ECF No. 140 (the "Response") at 2.

Plaintiff also makes other excuses that do not relate to Rule 6(b)(1)(B) and are irrelevant. Specifically, Plaintiff argues that because the issue of sovereign immunity is jurisdictional, the requirement for the Court to be assured of its jurisdiction somehow excuses Plaintiff from following the Court's scheduling order when making 12(b)(1) motions. Response at 4. By that logic, parties would be entitled to file 12(b)(1) motions at any stage of litigation. However, where a 12(b)(1) is "untimely filed" under Rule 6(b) it "must be dismissed as a matter of law." *Grisham v. Valenciano*, No. SA-21-CV-00983-JKP, 2022 WL 2019290, at *1 (W.D. Tex. June 6, 2022). Additionally, Plaintiff states that the default deadline provided by the Rules would give the United States 60 days to move to dismiss a counterclaim, but here the Court in its discretion—and with the parties' agreement— modified the deadlines that the Rules would otherwise provide.

None of Plaintiff's excuses justify leave for its motion to dismiss Texas's counterclaim. Plaintiff plainly has not met its burden to prove excusable neglect and good cause.

***Plaintiff had adequate notice of Texas's Counterclaim.***

Any failure to anticipate Texas's counterclaim lies solely with Plaintiff, despite it telling the Court that "Texas does not contend that the United States did not have prior notice of [its] counterclaim." Response at 2. But Plaintiff *did* have adequate notice that Texas could file a counterclaim. First, the Rules gave Plaintiff constructive notice because they provide 21 days following resolution of a 12(b) motion for defendants to assert compulsory counterclaims. Fed. R. Civ. P. 12(a)(1); 13(a)(1). Texas's motion to dismiss was pending when the parties agreed on the dispositive-motion deadline, so Plaintiff was on notice that Texas would be able to counterclaim after the deadline passed.

Second and more significantly, Texas provided Plaintiff *actual* notice that it might counterclaim. On January 19, 2024, during a status conference with counsel for both parties present, Defendants' counsel told the Court that it was actively considering a counterclaim against

2

Case 1:23-cv-00853-DAE   Document 152   Filed 07/08/24   Page 4 of 7

the United States. The following colloquy from that conference demonstrates the notice that was given:

> MR. BRYANT [Counsel for Texas]: Your Honor, I just want to raise a possibility that the State may choose to raise a counterclaim when it comes time for that answer, so that hasn't been decided, that's just one lawyer's idea, and so I just wanted to make the Court aware of it so that if it does come to pass it wouldn't be a surprise.
>
> COURT: Okay. I don't know what kind of counterclaim, but if you file one, you file one. They'll just answer it very quickly and we'll go to trial.

ECF No. 69, 01/19/24 Status Conf. Tr. at 21:11–19; see also *id.* at 31:1–5 (THE COURT [to counsel for Texas]: … So thank you very much and you'll be hearing from me soon on those motions and then you can file your answer. And I'd like your answer to be filed very quickly and any counterclaim very quickly. Okay? Don't sit on it if you're going to file one.").

Texas made the possibility of a counterclaim explicit in open court well in advance of the Court's March scheduling order. Thus, Plaintiff knew or should have known that Texas might counterclaim when Plaintiff agreed to the bar against filing dispositive motions that the Court subsequently ordered. That notice alerted Plaintiff to the risks of agreeing to bar new dispositive motions, including any 12(b) motion it might wish to file against Texas's counterclaim.

Plaintiff's purported lack of notice is the only reason it gave in its Response that bears on Rule 6(b)(1)(B)'s requirement of excusable neglect and good cause. Clearly, Plaintiff's neglect involves both failure to heed Texas's statements of intent (recognized by the Court in the presence of Plaintiff's counsel) and failure to consider Texas's options under the Rules. Failure to act on information obtained in advance of a motions deadline strongly implies that post-deadline filing is not due to excusable neglect. *Rivero v. Sunbeam Products, Inc.*, 2010 WL 1752532, at *2 (W.D. Tex. Apr. 29, 2010) (Rodriguez, J.). Meanwhile, Texas genuinely could not have anticipated that Plaintiff would violate this Court's order (that it agreed to) by filing a dispositive motion after the scheduling deadline. As such, Texas was "under the impression that there were no further grounds" for dispositive motions, so was prejudiced by preparing for trial in lieu of filing any further dispositive motion of its own. *See Deaton v. Kroger Co.*, No. 4:13-cv-254, 2014 WL 3452486, at *2 (E.D. Tex.

3

July 15, 2014). Allowing Plaintiff to deprive Texas of its timely filed counterclaim so near in time to trial would unfairly disrupt Texas's trial strategy and preparations.

***Plaintiff's technical arguments are misconceived.***

Plaintiff inexplicably treats the motion to strike a motion as an extraordinary novelty rather than a rational exercise of the Court's case management authority. Response at 3. In its confusion, Plaintiff misconceives Texas's motion as a Rule 12(f) motion to strike a pleading and notes that 12(f) motions are generally disfavored. However, Texas's motion relies on the Court's inherent power to manage its cases which in turn encompasses the power to enforce its scheduling orders. *See* Wright & Miller, 5C Fed. Prac. & Proc. Civ. § 1360 (3d ed.) (stating that courts have authority to hear motions beyond those listed in the Rules due to "the inherent power of a court to regulate the matters pending before it"); *Edwards v. Cass Cty., Texas*, 919 F.2d 273, 275 (5th Cir. 1990); *Brown v. Rodriguez*, No. SA-15-CA-396, 2016 WL 1453500, at *13–14 (W.D. Tex. Apr. 12, 2016) (motion for leave to amend pleading denied as violating scheduling order).

Furthermore, Plaintiff is incorrect that courts within the Fifth Circuit never permit a motion to strike a motion to dismiss. *See Puckett v. United States*, 82 F. Supp. 2d 660, 662–63 (S.D. Tex. 1999), *aff'd sub nom. Puckett v. C.I.R.*, 213 F.3d 636 (5th Cir. 2000) (noting divergent treatment among courts regarding motions to strike a motion to dismiss, then ruling on the merits of such a motion to strike that was premised on timeliness).

Finally, Plaintiff has the temerity to tell the Court that it should treat the instant Motion to Strike as Texas's *only* response to the United States' Omnibus Motion. Needless to say, ignoring Texas's recently filed Response to the Omnibus Motion, ECF No. 150, would severely prejudice Texas. The instant Motion only addresses the timeliness of Plaintiff's motion to dismiss and does not address any of the non-dispositive motions that Plaintiff lumped into its Omnibus Motion nor the substantive shortcomings of its motion to dismiss. Texas has meritorious responses for all of these that deserve fair consideration. At most, even if the Court were to treat the Motion to Strike as a response in opposition, it should count that Motion's pages towards the twenty pages that the Local Rules permit for response briefs. *See* Local Rules CV-7(D)(3).

## CONCLUSION

Texas respectfully requests that the Court vindicate its Scheduling Order and strike Plaintiff's Motion to Dismiss Defendants' Counterclaim.

Date: July 8, 2024

KEN PAXTON
Attorney General of the State of Texas

BRENT WEBSTER
First Assistant Attorney General

RALPH MOLINA
Deputy Attorney General for Legal Strategy

Office of the Attorney General
P. O. Box 12548, MC-009
Austin, TX 78711-2548
(512) 936-2172

Respectfully submitted,

RYAN D. WALTERS
Chief, Special Litigation Division
Tex. State Bar No. 24105085
ryan.walters@oag.texas.gov

*/s/ David Bryant*
DAVID BRYANT
Senior Special Counsel
Tex. State Bar No. 03281500
david.bryant@oag.texas.gov

JOHNATHAN STONE
Special Counsel
Tex. State Bar No. 24071779
johnathan.stone@oag.texas.gov

MUNERA AL-FUHAID
Special Counsel
Tex. State Bar No. 24094501
munera.al-fuhaid@oag.texas.gov

ZACHARY BERG
Special Counsel
Tex. State Bar No. 24107706
zachary.berg@oag.texas.gov

KYLE S. TEBO
Assistant Attorney General
Tex. State Bar No. 24137691
kyle.tebo@oag.texas.gov

**Counsel for Defendants**

## Certificate of Service

On July 8, 2024, this document was filed electronically through the Court's CM/ECF system, which automatically serves all counsel of record.

*/s/ David Bryant*
DAVID BRYANT