IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff*,<br><br>v.<br><br>GREG ABBOTT, in his capacity as GOVERNOR OF THE STATE OF TEXAS, and THE STATE OF TEXAS,<br><br>*Defendants*. | Case No. 1:23-cv-00853-DAE |

**PLAINTIFF UNITED STATES' REPLY TO DEFENDANTS' OPPOSITION TO MOTION TO DISMISS COUNTERCLAIM, STRIKE CONSTITUTIONAL DEFENSE AND JURY DEMAND, AND DENY ADVISORY JURY REQUEST**

JAIME ESPARZA
UNITED STATES ATTORNEY

LANDON A. WADE
  Assistant United States Attorney
  Texas Bar No. 24098560
United States Attorney's Office
Western District of Texas
903 San Jacinto Blvd., Suite 334
Austin, TX 78701
(512) 370-1255 (tel)
Landon.wade@usdoj.gov

TODD KIM
ASSISTANT ATTORNEY GENERAL
Environment & Natural Resources Division

BRIAN H. LYNK
  Senior Trial Counsel
  DC Bar No. 459525
BRYAN HARRISON
  Trial Attorney
  FL Bar No. 106379
KIMERE J. KIMBALL
  Trial Attorney
  CA Bar No. 260660
ANDREW D. KNUDSEN
  Trial Attorney
  DC Bar No. 1019697
U.S. Department of Justice
Environmental Defense Section
P.O. Box 7611
Washington, DC 20044
(202) 514-6187 (Lynk)
Brian.lynk@usdoj.gov

Dated: July 12, 2024

*Counsel for the United States of America*

**INTRODUCTION**

The United States filed a motion on June 21, 2024, establishing that: (1) Texas's counterclaim fails to plead a waiver of the United States' sovereign immunity, as required to establish subject-matter jurisdiction and survive dismissal under Federal Rule 12(b)(1); (2) Texas's constitutional defense should be stricken from its answer under Federal Rule 12(f) because it asserts a defense that the Court squarely rejected twice in this matter, the second time constituting law of the case; (3) Texas's jury demand should likewise be stricken because Texas has no Seventh Amendment right to a jury; and (4) an advisory jury would serve no helpful purpose in this case and, therefore, that request should be denied. ECF 125. The United States' motion is timely under Rule 12,[1] and Texas's opposition (ECF 150) fails to show that a different outcome is warranted on any of the above issues.

**I.    Jurisdiction Over the Counterclaim Is Lacking.**

Texas errs in arguing (ECF 150 at 1-4) that the United States' Rivers and Harbors Act (RHA) lawsuit implicitly consented to Texas's Declaratory Judgment Act counterclaim. The cases Texas cites to argue that the United States implicitly waived sovereign immunity to its counterclaim (ECF 150 at 3-4) are readily distinguishable. Many involved claims for monetary damages, which led to counterclaims sounding in recoupment. But here there are no monetary claims to give rise to recoupment.[2] In another case, the Seventh Circuit found that, unlike here,

---

[1] In response to Texas's one-sentence timeliness argument incorporating by reference its motion to strike the United States' June 21 motion (ECF 150 at 1 (citing ECF 132)), the United States incorporates by reference its opposition to that motion to strike, as well as the grounds asserted in the United States' opening brief here for granting leave to file to the extent required. *See* ECF 140; ECF 125 at 20.

[2] *See, e.g.*, *United States v. Irby*, 618 F.2d 352, 357 (5th Cir. 1980) (the government sued for a monetary deficiency judgment and the counterclaim sought a monetary offset); *Plant v. Blazer Fin. Servs., Inc.*, 598 F.2d 1357, 1359 (5th Cir. 1979) (plaintiffs' monetary award on a truth-in-

1

all claims and counterclaims in an intellectual property case "focus[ed] on a single factual dispute: the conflict between the two CONDOR [trade]marks." *Bd. of Regents of Univ. of Wisconsin Sys. v. Phoenix Int'l. Software, Inc.*, 653 F.3d 448, 471 (7th Cir. 2011).  In *New York v. Gen. Elec. Co.*, both the State in its enforcement capacity and General Electric as the enforcement defendant and counterclaimant sought the same forms of relief—monetary and declaratory—and each invoked the Comprehensive Environmental Response, Compensation, and Liability Act and New York state common law.  No. 1:14-cv-747, 2015 WL 12748007, at *1 (N.D.N.Y. Sept. 29, 2015).  The remaining cases either did not involve a counterclaim against the United States or did not raise an argument to dismiss one.  *See Entergy Servs., Inc. v. U.S. Dep't. of Labor*, No. CIV.A. 14-1524, 2014 WL 8507568, at *5-6 (E.D. La. Dec. 15, 2014) (an Administrative Procedure Act (APA) lawsuit was filed *first*, then consolidated with a later U.S. enforcement complaint); *Park Club, Inc. v. Resolution Trust Corp.*, 967 F.2d 1053, 1058 (5th Cir. 1992) (government conceded jurisdiction over a counterclaim and only disputed whether a jury should hear it).

This argument also rests on an impossible premise—that the counterclaim solely "stems from the same occurrence as Plaintiff's claim under the Rivers and Harbors Act," and "[t]he two claims share largely the same issues of fact and law."  ECF 150 at 3.  That statement cannot be squared with Texas's prior characterizations of its counterclaim as indistinguishable from its "invasion" defense.  *See* ECF 125 at 7-16; ECF 137 at 3.  Either the counterclaim seeks to re-open the twice-closed door to a judicial examination (by jury trial, no less) of the Biden Administration's policies on confronting migration, and the Governor's declaration of an "invasion" by such migrants—in which case it *far* exceeds the scope of the government's RHA lawsuit—or it does

---

lending claim was offset by monetary judgment on counterclaim); *United States v. Sullivan*, No. CA 3-97-cv-488, 1998 WL 223709, at *3 (N.D. Tex. Apr. 28, 1998) (dismissing some counterclaims but allowing those for recoupment of monetary damages to go forward).

not. Texas already confirmed that it does. The Supreme Court's general observation that declaratory relief in the abstract is a "milder" form of relief than an injunction, ECF 150 at 4 (citing *Steffel v. Thompson*, 415 U.S. 452, 471 (1974)), does not speak to the situation here, where a lawsuit seeking an RHA injunction is met with a counterclaim to declare a State's unfettered right to break any federal law if its Governor says an "invasion" occurred. *See* ECF 125 at 7-16; *infra* at 4-7.

Even if Texas's counterclaim could be viewed merely as a reciprocal action under the RHA on the merits (which it cannot), Texas requests a far broader scope of relief than the United States does. The United States asks that the Court (1) order Texas to remove the Floating Barrier and any related unauthorized structures, and (2) enjoin Texas "from constructing any work that may impede or interrupt, in whole or in part, navigation of the Rio Grande" except in compliance with applicable law. ECF 60 at 10. Texas, by contrast, requests not only a declaration that the Floating Barrier is lawful and that it may place "similar items in any portion of the Rio Grande River within Texas that does not conflict with the RHA," but a sweeping declaration that the portions of the Rio Grande River within Texas that are upstream of mile marker 275.5 "are not navigable within the meaning of the RHA as constitutionally applied." ECF 120 at 11.

Finally, Texas's opposition contends that the APA supplies the necessary sovereign immunity waiver and that its failure to plead this waiver should be excused or cured by granting leave for a further amended pleading. ECF 150 at 4-6. The APA requires, however, that the plaintiff "stat[e] a claim" against the United States. 5 U.S.C. § 702. And Texas has failed to do so. No provision of the RHA provides Texas a cause of action under these circumstances, and the Declaratory Judgment Act merely "enlarge[s] the range of remedies available" with respect to some independent cause of action. *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671

(1950); *accord Braidwood Mgmt., Inc. v. Equal Emp. Opportunity Comm'n*, 70 F.4th 914, 932 (5th Cir. 2023).

## II. The Court Should Strike Texas's "Invasion" Defense.

Texas's "invasion" defense, like its counterclaim, seeks to reinject a legal argument into these proceedings that the Court has already considered and squarely rejected twice. Texas offers no good reason why the Court should reconsider its prior rulings on the meaning of the U.S. Constitution's State War Clause, U.S. Const. art. I, § 10, cl. 3, or that clause's effect on the present case. Instead, Texas's response brief merely confirms that the State intends to consume the Court's and the parties' time at trial by presenting evidence addressing whether Texas has been "actually invaded" under the State War Clause. ECF 150 at 9 (arguing "Texas should be permitted to introduce evidence of terrorist incursions and paramilitary forces crossing the border"); *see also* ECF 125 (discussing fact and expert witnesses Texas has disclosed whose testimony will focus on "invasion" arguments). The Court should strike this defense and prevent the needless and distracting expenditure of time and resources on this issue at trial.

Courts commonly grant motions to strike defenses that are deficient as a matter of law, where doing so would promote efficiency and narrow the issues for trial. *See* ECF 125 at 13-14. Striking a defense is appropriate where it "cannot, as a matter of law, succeed under any circumstance." *United States v. Renda*, 709 F.3d 472, 479 (5th Cir. 2013). A defense is "particularly vulnerable" to a Rule 12(f) motion where it "has been eliminated on a previous motion," as Texas's "invasion" defense has in this case. 5C Wright & Miller, *Federal Practice & Procedure*, § 1381 (3d Ed. 2024); *see Renda*, 709 F.3d at 485 (upholding district court order striking counterclaim and defense where issue had already "been resolved with finality"); *Cambridge Toxicology Grp., Inc. v. Exnicios*, 495 F.3d 169, 178 (5th Cir. 2007) (upholding district

4

court order striking pleading that attempted to "circumvent or blatantly ignore the Court's prior rulings").

Texas claims this motion is subject to a higher standard, arguing the Court may only strike a defense if it "has no possible relation to the controversy." ECF 150 at 7 (quoting *Augustus v. Bd. of Pub. Instr. of Escambia County*, 306 F.2d 862, 868 (5th Cir. 1962)). But the standard Texas invokes is relevant only for Rule 12(f) motions seeking to strike "redundant, immaterial, impertinent, or scandalous matter" from a pleading, such as prejudicial allegations that are irrelevant to the claim itself. 5C Wright & Miller, *Federal Practice & Procedure*, § 1382 (3d Ed. 2024); *see, e.g.*, *Gilchrist v. Schlumberger Tech. Corp.*, 321 F.R.D. 300, 302 (W.D. Tex. 2017) (applying "no possible relation" standard to motion to strike from complaint allegedly prejudicial allegations regarding prior lawsuits). Where (as here) a party seeks to strike "an insufficient defense" under Rule 12(f), the standard is essentially the same as for a motion to dismiss under Rule 12(b). *See, e.g.*, *In re Gabapentin Patent Litig.*, 648 F. Supp. 2d 641, 647 (D.N.J. 2009); *Cobra Capital LLC v. Stover Indus., Inc.*, No. 06-C-2822, 2007 WL 844635, at *1 n.1 (N.D. Ill. Mar. 14, 2007).

Texas also argues that "courts are . . . reluctant to determine [a defense's legal sufficiency] on a motion to strike." ECF 150 at 7 (internal quotation omitted). But of course, this Court has *already* evaluated the legal sufficiency of Texas's "invasion" defense—in this case and another— and determined that it fails as a matter of law. ECF 50 at 29-35 (rejecting "invasion" arguments in decision on motion for preliminary injunction); ECF 114 at 23-29 (rejecting "invasion" arguments in decision on motion to dismiss); *United States v. Texas*, No. 12:24-cv-8-DAE, 2024 WL 861526, at *24-38 (W.D. Tex. Feb. 29, 2024) (rejecting "invasion" arguments in decision on motion to preliminarily enjoin Texas SB4). The United States simply asks this Court to treat

Texas's resurrected "invasion" arguments consistently with the Court's prior decisions on this issue, and, in particular, with the law of the case as established in the Court's decision on Texas's motion to dismiss, ECF 114.

To be sure, the law of the case doctrine generally does not bar a district court from reconsidering its own prior rulings. But Texas has offered no plausible reason for the Court to do so now, other than Texas's own belief that these prior rulings were in "error." ECF 150 at 7. The State claims there is a "possibility" it could overcome the Court's prior rulings if given an opportunity at trial to "introduce evidence of terrorist incursions and paramilitary forces crossing the border." *Id.* at 9. But even assuming the circumstances Texas describes fit within the "organized, hostile military or naval actions" that this Court found the State War Clause was intended to address, *see* ECF 114 at 27, the Court has already held that "the Constitution commits the question of whether an invasion has occurred to the policy making (or political) branches *of the federal government*." ECF 50 at 34 (citation omitted). Thus, Texas's radical constitutional defense "cannot, as a matter of law, succeed under any circumstance," regardless of the evidence Texas wishes to present at trial. *Renda*, 709 F.3d at 479.

Finally, Texas argues that the Fifth Circuit could hypothetically abrogate some or all of this Court's holdings regarding the "invasion" defense as part of its *en banc* review of the preliminary injunction in this case. ECF 150 at 9-11. There is no need to await "guidance" from the Fifth Circuit before striking Texas's "invasion" defense. *Id.* at 11. Rather, the Court should abide by its earlier reasoning that the defense is infirm and strike it on that basis. Moreover, this Court's interpretation of the State War Clause is not properly before the Fifth Circuit in that proceeding. Texas did not raise this issue in its petition for rehearing *en banc*, and the parties' briefs only touched on the State War Clause in passing as part of Texas's "constitutional avoidance" argument

6

for interpreting the RHA narrowly. *United States v. Abbott*, No. 23-50632 (5th Cir. Dec. 4, 2023), ECF 105 at 2 (listing "issues meriting en banc consideration"); *Id.*, ECF 154 at 41-42 (5th Cir. Feb. 16, 2024) (briefly discussing "invasion" issue in Texas's *en banc* brief). Thus, there is no need for the Fifth Circuit to rule on this matter in its *en banc* review of the preliminary injunction.

### III. Texas Has No Right to a Jury Trial in this Equitable Action.

Texas agrees that the Seventh Amendment does not guarantee a jury trial for equitable cases. U.S. Const. Amend. VII; *Securities & Exch. Comm'n v. Jarkesy*, No. 22-859, 2024 WL 3187811, at *2 (June 27, 2024); ECF 150 at 12.[3] But Texas argues unconvincingly that an RHA complaint seeking only injunctive relief is a legal action. *See generally* ECF 150 at 12-16. Texas does not point to any decisions so holding; indeed, case law is to the contrary. *See* ECF 125 at 17; *see also United States v. Ira S. Bushey & Sons, Inc.*, 363 F. Supp. 110, 120 (D. Vt. 1973) (recognizing RHA as grounds for granting equitable relief). Instead, Texas presents a novel and strained theory that the United States' RHA enforcement action is analogous to a common-law claim for ejectment. ECF 150 at 13-15. There are two fundamental flaws in this argument.

First and most critically, Texas ignores the primacy of remedy in determining the nature of an action—a longstanding principle that the Supreme Court just reaffirmed. *See Jarkesy*, 2024 WL 3187811, at *2 (as between resemblance to a common law action and whether remedy was traditionally available at law, "the remedy is . . . more important"); *see also Texas v. Ysleta Del Sur Pueblo*, 369 F. Supp. 3d 760, 766 (W.D. Tex. 2019) (characterizing relief sought as more important than finding analogous common law cause of action). And there is no question that the United

---

[3] Texas seeks an advisory jury in the alternative. ECF 120 at 6-7. The United States demonstrated that an advisory jury would serve no purpose here. ECF 125 at 18-20. Texas offers no response; its request for an advisory jury should therefore be treated as conceded. *See Criner v. Texas-New Mexico Power Co.*, 470 F. Appx. 364, 367 (5th Cir. 2012) (plaintiff waived claim not defended in response to motion for summary judgment).

States seeks an equitable remedy: an injunction requiring Texas to remove the Floating Barrier and forbidding it from placing more unpermitted structures in the Rio Grande. *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 311 (1982) ("It goes without saying that an injunction is an equitable remedy"); *accord Ysleta Del Sur Pueblo*, 369 F. Supp. 3d at 767.

Texas points to monetary penalties that the United States does not seek here, but that would be available in a criminal RHA action. ECF 150 at 13. But that is a different claim. *See United States v. Commodore Club, Inc.*, 418 F. Supp. 311, 316-17 (E.D. Mich. 1976) (recognizing distinction between equitable and criminal actions under the RHA). Texas cites no authority for the proposition that the legal or equitable nature of a pending action can be determined by the remedies available in a different action that the plaintiff did not bring. Nor is there any merit to Texas's suggestion that the remedy here is not truly equitable because of alleged constraints on the Court's authority. ECF 150 at 13. While it is true that the statute speaks of "removal" of an unlawful obstruction or structure, that does not prevent the Court from "mould[ing][its] decree to the necessities of [this] particular case," *Weinberger-Romero,* 456 U.S. at 312, such as by placing appropriate conditions on the time or manner of removal. Indeed, the Court has already done so once, directing Texas to move the Floating Barrier to the riverbank but not remove it entirely during the pendency of this action. ECF 50 at 41-42.

Second, Texas's attempt to analogize this RHA enforcement action to a common-law claim for ejectment, ECF 150 at 13-15, fails. The United States' complaint is not based on an alleged federal property right in the Rio Grande; rather, the United States is fulfilling its Congressional mandate to ensure that navigable waterways remain open to all.[4] The complaint does not seek to

---

[4] None of the cases Texas relies on to argue that a civil RHA enforcement action is equivalent to ejectment involve similar facts or issues. *See* ECF 150 at 13-14. *Oregon v. Corvallis Sand &*

oust or evict Texas from the River—Texas is and remains as free as anyone else to lawfully navigate it.

As to Texas's counterclaim, it should be dismissed for reasons already explained. If it stands, however, the counterclaim does not entitle Texas to a jury trial. Texas argues that a jury right does not depend on who brings a suit, ECF 150 at 16, but what matters is that Texas's counterclaim is *against* the United States. Contrary to Texas's assertion, the Supreme Court's opinion in *Jarkesy* did nothing to disturb the well-established principle that a party suing the United States is not entitled to a jury absent a specific statutory authorization. *Lehman v. Nakshian*, 453 U.S. 156, 160 (1981) ("It has long been settled that the Seventh Amendment right to trial by jury does not apply in actions against the Federal Government" unless expressly authorized by statute). And Texas points to no express statutory authorization to a jury trial on its counterclaim.

For these reasons and those discussed in the United States' opening brief, the Court should strike Texas's jury demand.

## CONCLUSION

For the foregoing reasons and those set forth in ECF 125 and (as to timeliness, if the Court considers ECF 132) ECF 140, the Court should grant leave to file this motion, grant the motion on all other points, and issue an order: (1) dismissing Texas's counterclaim; (2) striking its constitutional defense; (3) striking its jury demand; and (4) denying its advisory jury request.

---

*Gravel*, 429 U.S. 363 (1977), concerned ownership of a riverbed, and *Pernell v. Southall Realty*, 416 U.S. 363 (1974), involved an attempt to recover possession of real property. And in *New York v. DeLyser*, 759 F. Supp. 982 (W.D.N.Y. 1991) the RHA claim did not even survive a motion to dismiss.

9

Respectfully submitted,

Dated:  July 12, 2024

| | |
|---|---|
| JAIME ESPARZA<br>UNITED STATES ATTORNEY | TODD KIM<br>ASSISTANT ATTORNEY GENERAL<br>Environment & Natural Resources Division |
| /s/ Landon A. Wade<br>LANDON A. WADE<br>  Assistant United States Attorney<br>  Texas Bar No. 24098560<br>United States Attorney's Office<br>Western District of Texas<br>903 San Jacinto Blvd., Suite 334<br>Austin, TX 78701<br>(512) 370-1255 (tel)<br>(512) 916-5854 (fax)<br>Landon.wade@usdoj.gov | /s/ Andrew D. Knudsen<br>BRIAN H. LYNK<br>  Senior Trial Counsel<br>  DC Bar No. 459525<br>BRYAN HARRISON<br>  Trial Attorney<br>  FL Bar No. 106379<br>KIMERE J. KIMBALL<br>  Trial Attorney<br>  CA Bar No. 260660<br>ANDREW D. KNUDSEN<br>  Trial Attorney<br>  DC Bar No. 1019697<br>U.S. Department of Justice<br>Environmental Defense Section<br>P.O. Box 7611<br>Washington, DC 20044<br>(202) 514-6187 (Lynk)<br>(202) 514-8865 (fax)<br>Brian.lynk@usdoj.gov<br><br>*Counsel for the United States of America* |

## CERTIFICATE OF SERVICE

I certify that on July 12, 2024, a copy of this filing was served on counsel of record through the Court's electronic filing system.

*/s/  Andrew D. Knudsen*
Andrew D. Knudsen
