IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>             *Plaintiff*,<br><br>v.<br><br>GREG ABBOTT, in his capacity as GOVERNOR OF THE STATE OF TEXAS, and THE STATE OF TEXAS,<br><br>             *Defendants*. | Case No. 1:23-cv-00853-DAE |

**UNITED STATES' CONSOLIDATED *DAUBERT* MOTION
TO EXCLUDE SELECT EXPERTS**

JAIME ESPARZA
UNITED STATES ATTORNEY

LANDON A. WADE
  Assistant United States Attorney
  Texas Bar No. 24098560
United States Attorney's Office
Western District of Texas
903 San Jacinto Blvd., Suite 334
Austin, TX 78701
(512) 370-1255 (tel)
(512) 916-5854 (fax)
Landon.wade@usdoj.gov

TODD KIM
ASSISTANT ATTORNEY GENERAL
Environment & Natural Resources Division

BRIAN H. LYNK
  Senior Trial Counsel
  DC Bar No. 459525
BRYAN J. HARRISON
  Trial Attorney
  FL Bar No. 106379
KIMERE J. KIMBALL
  Trial Attorney
  CA Bar No. 260660
ANDREW D. KNUDSEN
  Trial Attorney
  DC Bar No. 1019697
U.S. Department of Justice
Environmental Defense Section
P.O. Box 7611
Washington, DC 20044
(202) 514-6187 (Lynk)
(202) 514-8865 (fax)
Brian.lynk@usdoj.gov

Dated:  July 16, 2024

*Counsel for the United States of America*

## INTRODUCTION

The United States respectfully requests that the Court exclude the following experts pursuant to Federal Rules of Evidence 702, *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 589 (1993) and its progeny, and Federal Rules of Civil Procedure 26(a)(2)(B) and 37(c): Dr. Kathy Alexander, Mr. Herman Settemeyer, Mr. Carlos Rubinstein, Mr. Michael Banks, Ms. Christina Magers, Ms. Cassandra K. Hart, and Captain Thomas Ciarametaro.[1]

## STANDARD OF REVIEW

The Court has broad discretion to admit or exclude expert testimony. *See Shelter Ins. Cos. v. Ford Motor Co.*, No. 06-60295, 2006 WL 378047, at *2 (5th Cir. Dec. 18, 2006). The judge serves as a gatekeeper, ensuring that expert testimony is "not only relevant, but reliable." *Kumho Tire Co. v. Carmichael*, 526 US 137, 147 (1999); *see also Daubert*, 509 U.S. at 589 (1993). "The proponent has the burden of establishing, by a preponderance of the evidence, that the pertinent admissibility requirements are met." *United States v. Fullwood*, 342 F.3d 409, 412 (5th Cir. 2003). Federal Rule of Evidence 702 provides that a witness may provide an expert opinion only if:

> it is more likely than not that: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case.[2]

---

[1] The United States makes this motion pursuant to the Court's July 2, 2024, order providing that any briefing on discovery and *Daubert* motions must be complete by July 19, 2024. ECF 145 at 2. The United States reserves the right to file later motions in limine pertaining to these experts.

[2] The Rule 702 Advisory Committee notes for the 2023 amendments clarify the distinction between admissibility and weight. The Committee explains that the proponent must show that it is more likely than not that the expert's opinions are reliable and so admissible. *See* Advisory Committee Notes on 2023 Amendments.

Expert testimony "must constitute 'more than subjective belief or unsupported speculation.'" *EEOC v. S&B Indus.*, No. 15-cv-0641-D, 2017 WL 345641, *2 (N.D. Tex., Jan. 24, 2017) (referring to *Daubert*). "Expert evidence based on a fictitious set of facts is just as unreliable as evidence based upon no research at all," and should be excluded. *Guillory v. Domtar Indus.*, 95 F.3d 1320, 1331 (5th Cir. 1996). Experts are also prohibited from offering legal opinions. *Aguilar v. Collazo-Diaz*, (W.D. Tex., Sept. 25, 2023)

Rule 26(a)(2)(B) provides that "[u]nless otherwise stipulated or ordered by the court" an expert witness disclosure "must be accompanied by a written report—prepared and signed by the witness—if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony." For those witnesses that need not provide a written report, it is sufficient to disclose "the subject matter on which the witness is expected to present evidence" and "a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C). If a party fails to disclose information pursuant to Fed. R. Civ. P. 26, that party is not allowed to use that information, unless the failure was "substantially justified or is harmless." *See* Fed. R. Civ. P. 37(c)(1).

**ARGUMENT**

For reasons more fully described below, the Court should exclude the testimony of several of Texas's experts:

- Dr. Alexander offers improper legal conclusions and Texas failed to produce a written report in violation of Federal Rule of Civil Procedure 26(a)(2)(B).
- Mr. Settemeyer does not qualify as an expert pursuant to Fed. R. Evid. 702, and he offers improper legal conclusions.

- Mr. Rubenstein does not qualify as an expert pursuant to Fed. R. Evid. 702, and he offers improper legal conclusions.

- Mr. Banks does not qualify as an expert pursuant to Fed. R. Evid. 702.

- Mr. Magers does not qualify as an expert pursuant to Fed. R. Evid. 702.

- Ms. Hart does not qualify as an expert pursuant to Fed. R. Evid. 702.

- Mr. Ciarametaro does not qualify as an expert pursuant to Red R. Evid. 702 and his opinions are unreliable.

A. **Dr. Alexander Offers Improper Legal Conclusions and Failed To Provide A Written Report.**

Dr. Alexander is offered to testify about how Texas water rights operate, the availability of rights for the purpose of navigation, and the reasonableness of improvements to the River for navigation. Alexander Dep. 31:25-32:18; 49:22-51:16; 69:2-70:6. Her opinions should be excluded as improper legal conclusions and because she failed to produce a written report as required by Fed. R. Civ. Proc. 26(a)(2)(B).

Dr. Alexander may not offer legal conclusions. "While an expert opinion 'is not objectionable just because it embraces an ultimate issue' to be decided by the trier of fact, Fed. R. Evid. 704(a), experts may not offer legal opinions or advise the Court on how the law should be interpreted or applied to the facts in the case." *Aguilar*, 2023 U.S. Dist. LEXIS 171275, *16; *see also McGowan v. S. Methodist Univ.*, No. 3:18-CV-00141-N, 2024 WL 946954, at *5 (N.D. Tex. Mar. 4, 2024) (experts "may never render conclusions of law") (citations omitted). Dr. Alexander opines, as a legal conclusion, that Texas law requires the United States to obtain Texas's approval for any federal projects in aid of navigation on the Rio Grande. Alexander Dep. 80:23-82:12, 87:16-19, 88:4-19. And she concludes that the United States cannot get a permit for such a project because there are no "water rights" available for the purpose of navigation. *Id.* 56:11-58:17. She

also testified that she could not speculate regarding water rights requirements "without the specific projects in front of me," *id.* 71:24-72:1 – and yet she holds the blanket view that water rights would be required for *any* federal project on the River. *Id.* 80:23-82:12, 87:16-19, 88:4-19. These legal conclusions couched as opinions are improper and should be excluded.

Dr. Alexander's testimony should also be excluded because she failed to provide an expert report as required by Fed. R. Civ. Proc. 26(a)(2)(B). Experts that must produce written reports include those "specially employed to provide expert testimony" or "whose duties as the party's employee regularly involve giving expert testimony." *Id.* Texas explicitly identified Dr. Alexander as the latter, ECF 122 at 7, but failed to provide a written report. Texas has since claimed that because Dr. Alexander is an employee of the Texas Commission on Environmental Quality (TCEQ) and not the State of Texas as such she need not provide a report. Dr. Alexander does work for TCEQ, Alexander Dep. 17:20-22, but Texas's distinction between TCEQ and the State of Texas is hypertechnical at best. Dr. Alexander works for a state agency, has been deposed more than 20 times in her career, and testifies at least once or twice a year. *Id.* 10:15-18; 24:1-19. She thus falls within the plain terms of Fed. R. Civ. Proc. 26(a)(2)(B).

If Dr. Alexander is not a Texas employee within the meaning of Rule 26, then she is a "specially employed" expert likewise subject to the requirements of Rule 26(a)(2)(B). She has no personal involvement in this case and her only familiarity with the floating buoy barrier is from "read[ing] the news." Alexander Dep. 74:5-13. She has never been to Eagle Pass, and in the regular course of her duties, she had never spoken to anyone in TCEQ about the floating barrier. *Id.* 9:2-10:14; 14:9-15:14; 85:1-8. Dr. Alexander's testimony is not based on "personal involvement in the facts giving rise to a case"; instead, she was "engaged specifically . . . to provide opinions and testimony." *Tolan v. Cotton*, No. H-09-1324, 2015 WL 5332171, *17 (S.D. Tex., Sept. 14, 2015).

4

If a party fails to disclose information pursuant to Fed. R. Civ. P. 26, that party is not allowed to use that information, unless the failure was "substantially justified or harmless." *See* Fed. R. Civ. P. 37(c)(1). Texas's failure to provide a timely written report deprived the United States of a meaningful opportunity to fully examine Dr. Alexander. *See Walter Int'l Prods., Inc. v. Salinas,* 650 F.3d 1402, 1413 (11th Cir. 2011) ("It is harmful to deprive opposing counsel of the expert's report before his deposition"). Given trial preparation demands, it is too late to cure Texas's default now. Texas has not offered any credible reason for refusing to provide a report, which warrants excluding her opinions in their entirety. *See Tokai Corp. v. Easton*, 632 F.3d 1358, 1366 (Fed. Cir. 2011) ("Exclusion and forfeiture are appropriate consequences to avoid repeated occurrences of such manipulation of the litigation process.") (internal citations omitted).

**B.    Carlos Rubinstein and Herman Settemeyer do not qualify as experts and offer improper legal conclusions.**

Mr. Rubinstein and Mr. Settemeyer opine about the reasonableness of two contemplated scenarios for improvements on the Rio Grande, touching on topics as diverse as navigation, interstate and foreign commerce, trade, and the economic and socioeconomic impacts of these hypothetical scenarios. *See* ECF 122 2-3. Neither is qualified to offer this testimony. Neither has any experience designing or constructing navigation projects. Rubinstein Dep. 83:16-18; Settemeyer Dep. 52:22-24. Instead, they claim other experience qualifies them to provide their opinions. Rubinstein Dep. 183:10 (claiming basis for opinion was being "history buff"); Settemeyer Dep. 75:9-76:23. They also testified that they did not analyze or quantify economic impacts on water rights holders (Rubinstein Dep. 178:2-20, 187:20-188:2, 193:19-194:3; Settemeyer Dep. 50:10-12, 57:22-59:14, 78:16-79:-4); did not perform any analysis of engineering factors (Rubinstein Dep. 134:8-22, 156:2-3; Settemeyer Dep. 37:17-23); and "just picked" an amount for water flow rates in one of their improvement scenarios (Rubinstein Dep. 165:19-20 ("I

5

just picked it out as a number. We both did, actually."); Settemeyer Dep. 56:2-6). Such unreliable methodologies fall far short of *Daubert*'s standards.

Texas also intends to have Mr. Rubinstein and Mr. Settemeyer offer legal conclusions similar to those offered by Dr. Alexander. Rubinstein Dep. 160:19-164:9; Settemeyer Dep. 59:25-60:6. That testimony should be excluded for the reasons discussed *supra* Section A.

C.  **Michael Banks does not qualify as an expert.**

Michael Banks's opinions on immigration and the effectiveness and impact of the Floating Barrier should be entirely excluded because they are not based on reliable, reproduceable methods; he lacks the requisite specialized expertise in certain areas; and because his so-called opinions are observations that any lay person could provide. *See United States v. Veasey*, 843 Fed. Appx. 555, 567 (5th Cir. 2021) ("[E]xpert testimony results from a process of reasoning which can be mastered only by specialists in the field.") (internal citations omitted). Mr. Banks's opinions are not based on any reliable methodology. For example, Mr. Banks based his opinions on his observation that no one has been observed crossing directly over the barrier, Banks Dep. Ex. 1 ¶¶ 1, 4, 5 -- but said that even if someone did cross over, it would still be an effective barrier, Banks Dep 71:17-23. That conclusion is unreasonable and not based on any sound methodology. At best, Mr. Banks' opinion amounts to a factual assertion that no one has been observed climbing over the barrier.

Mr. Banks also generally relies on public data from the U.S. Customs and Border Protection ("CBP") on the number of migrant crossings over the past 3.5 years in the entire Del Rio Sector. Banks Dep. 14:19-15:9, 32:12-33:6.[3] But CBP's data regarding encounters at the Del

---

[3] Banks also testified that he relied on daily reports he receives from Texas law enforcement, Banks Dep. 14:19-15:9, 55:19-56:8, but Texas failed to provide the United States with the daily reports Banks received from Texas law enforcement prior to his deposition (and have not produced it as of this filing), despite the United States' explicit request for production of all

Rio Sector cannot be pinpointed to the specific 1000-foot location of the barrier; the Sector covers 245 miles of the Rio Grande River. *See* https://www.cbp.gov/border-security/along-us-borders/border-patrol-sectors/del-rio-sector-texas. And indeed, notwithstanding the installation of the barrier, Mr. Banks acknowledges, and CBP data shows, that immigration encounters reached record levels in December 2023. Mr. Banks' conclusion that the barrier is effective lacks sound basis.

Moreover, Mr. Banks testified that the floating barrier was one of many "force multipliers" Texas has deployed to curb illegal immigration. Banks Dep. 97:1-9. He acknowledged that he could not isolate the floating barrier's effect in deterring illegal immigration from other "force multipliers," explaining that it is merely "one tool in a toolbox." Banks Dep. 99:7-11. Mr. Banks's opinion on the effectiveness of the floating barrier *itself* as a crime deterrent, separate from Texas's other "force multipliers," is connected to existing data only by Mr. Bank's own *ipse dixit*. The Court should not accept such a speculative and unsupported opinion. *See Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997).

D.   **Christine Magers and Cassandra Hart do not qualify as experts.**

Ms. Magers and Ms. Hart opine that the United States has proposed to implement projects that will improve the navigability of the Rio Grande, and their report attempts to analyze the potential environmental impacts of those purported projects. Ex. 1 at 1; Magers Dep. 122:15-123:4. However, the Magers-Hart Report goes beyond opinions about environmental impacts and reaches into fields in which they are not experts. The Court should exclude Ms. Magers's and Ms. Hart's

---

information on which Texas's experts relied. *See* Ex. 2 at 9-10. On this basis, too, Banks's opinions should be stricken.

opinions about the qualifications of, and the methods applied by, the United States' experts because Ms. Magers and Ms. Hart lack specialized knowledge to support these opinions.

The Magers-Hart report includes a review of all four United States' expert reports. Ex. 1 at 9-16. At her deposition, Ms. Magers testified that she drafted this section of the report. Magers Dep. at 122:15-123:4. She also testified that her environmental training is "unrelated" to the fields in which the United States's experts offer opinions. *Id.* 102:24-103:3, 105:9-15. There is thus nothing about Ms. Magers's background that would help the Court decide whether to rely on the United States' experts. *Salas v. Carpenter*, 980 F.2d 299, 305 (5th Cir. 1992) ("[T]he trial judge ought to insist that a proffered expert bring to the [trier of fact] more than the lawyers can offer in argument.").

### E. Mr. Ciarametaro does not qualify as an expert and many of his opinions are unreliable.

Mr. Ciarametaro's expert opinions should be excluded, including his opinions that the buoys are not structures under the RHA; that it would be cost prohibitive to improve the Rio Grande for purposes of navigation; and that the buoys do not obstruct the waterway.

Mr. Ciarametaro's opinion that "the buoys are not other structures under the RHA," Ciarametaro Dep. 32, should be excluded because it does not reflect his own work. All but the first and concluding sentence of the paragraph were "given to [him] by the State of Texas." *Id.* 58:18-21, 70-71; *see also id.* 170:3-171:23 (testifying that this paragraph is one of three portions of his report consisting of legal definitions provided by counsel). He conceded that this paragraph "is the only portion of [his] report that discusses [the] topic" of whether the floating barrier is an "other structure" within the meaning of RHA section 10. *Id.* 71:6-13

Mr. Ciarametaro's report contended that "the projected costs of transforming the Rio Grande into a navigable water . . . would far outweigh any potential benefits" and would be

8

"unlikely to pass muster" if subjected to a cost-benefit analysis. But in deposition, Mr. Ciarametaro conceded that he is not an expert in economics. Ciarametaro Dep. 60:12-14. Moreover, he clarified that he is "[n]ot specifically" offering opinions as an economist about whether the costs and benefits of navigability improvements would justify undertaking them. *Id.* 60:22-61:7. He did not quantify the costs of such a project or evaluate the possible scale of such a project. *Id.* at 141:10-13. Similarly, his report states that it would be "impractical" to improve the River's navigability to facilitate "sufficient quantities" of commerce, but he did not quantify what level of commerce or investment would make an improvement worthwhile. Ex. 3 at 26. Mr. Ciarametaro's opinions on susceptibility to navigation are cursory conclusions, unsupported by any methodology or analysis and admittedly beyond his expertise.

Mr. Ciarametaro's report states that the floating barrier "[does] not affect the course, location, or condition of the Rio Grande River in such a manner as to impact its navigable capacity," Ex. 3 at 32, and that it has been "strategically placed to allow unobstructed navigation for small vessels," *id.* at 5. At deposition, he admitted that he never considered the original location of the Floating Barrier, only the location where it currently rests. Ciarametaro Dep. 65:1-6, 172:8-17. Moreover, his opinion of no effect on the river's "course, location, or condition" is based on minimal information. The only factual information he considered was observation during a site tour on June 7, 2024 and a subsequent video. *Id.* 174:5-17. He considered no data or information from the nearly year-long period between the original placement of the Floating Barrier in the river and his site visit. *Id.* 174-76. Mr. Ciarametaro's anecdotal point-in-time observation is not a reliable basis on which to conclude that the Barrier has not affected the River's "course, location or condition." *Id.* 150:25-152:6. Moreover, because he failed to consider the original placement of the Barrier, he cannot offer any opinions about the actions that originally gave rise to an RHA

9

violation. His testimony on obstruction of navigable capacity should be excluded, or at a minimum expressly limited to address only the Barrier's current location and not whether its placement in 2023 violated the statute.

## CONCLUSION

For all of these reasons, the court should exclude the expert testimony identified above.

Dated: July 16, 2024

JAIME ESPARZA
UNITED STATES ATTORNEY

TODD KIM
ASSISTANT ATTORNEY GENERAL
Environment & Natural Resources Division


 /s/ Landon A. Wade
LANDON A. WADE
  Assistant United States Attorney
  Texas Bar No. 24098560
United States Attorney's Office
Western District of Texas
903 San Jacinto Blvd., Suite 334
Austin, TX 78701
(512) 370-1255 (tel)
(512) 916-5854 (fax)
Landon.wade@usdoj.gov

 /s/ Andrew D. Knudsen
ANDREW D. KNUDSEN
  Trial Attorney
  DC Bar No. 1019697
BRIAN H. LYNK
  Senior Trial Counsel
  DC Bar No. 459525
KIMERE J. KIMBALL
  Trial Attorney
  CA Bar No. 260660
BRYAN J. HARRISON
  Trial Attorney
  FL Bar No. 106379
U.S. Department of Justice
Environmental Defense Section
P.O. Box 7611
Washington, DC 20044
(202) 514-6187 (Lynk)
(202) 514-8865 (fax)
Brian.lynk@usdoj.gov
Kimere.kimball@usdoj.gov
Andrew.knudsen@usdoj.gov
Bryan.harrison@usdoj.gov

*Counsel for the United States of America*

**CERTIFICATE OF CONFERENCE**

On July 16 counsel for the United States advised counsel for Texas of the United States' intent to file this motion and gave Texas a summary of the grounds for the motion.  Texas sought more information without stating a position on the motion.  Given the Court's instruction that all motions must be fully briefed by July 19, we are filing the motion as opposed.

/s Andrew D. Knudsen
Andrew D. Knudsen

**CERTIFICATE OF SERVICE**

I certify that on July 16, 2024, a copy of this filing was served on counsel of record through the Court's electronic filing system.

*/s Andrew D. Knudsen*
Andrew D. Knudsen
