# Ex. 2

# Defendants' Objections and Answers to Plaintiff's First Requests for Production

**United States District Court**
**Western District of Texas**
**Austin Division**

| | |
|---|---|
| United States of America,<br><br>*Plaintiff*,<br><br>v.<br><br>Greg Abbott, in his capacity as Governor of the State of Texas, and the State of Texas,<br><br>*Defendants*. | No. 1:23-cv-00853-DAE |

### DEFENDANTS' OBJECTIONS AND ANSWERS TO PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION

**TO:** Plaintiff, by and through counsel of record, Landon A. Wade, Assistant U.S. Attorney, U.S. Attorney's Office, Western District of Texas, 903 San Jacinto Boulevard, Suite 334, Austin, Texas 78701; and Brian H. Lynk, U.S. Department of Justice, Environmental Defense Section, P.O. Box 7611 Washington, DC 20044.

Defendants Greg Abbott, in his official capacity as Governor of the State of Texas, and the State of Texas hereby submit the following Objections and Responses to Plaintiff's First Requests for Production, pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure.

| | |
|---|---|
| Date: March 11, 2024 | Respectfully submitted, |
| Ken Paxton<br>Attorney General of the State of Texas | Ryan D. Walters<br>Chief, Special Litigation Division<br>Tex. State Bar No. 24105085<br>ryan.walters@oag.texas.gov |
| Brent Webster<br>First Assistant Attorney General | |
| | */s/ Amy S. Hilton* |
| Ralph Molina<br>Deputy Attorney General for Legal Strategy | Amy S. Hilton<br>Special Counsel<br>Texas State Bar No. 24097834 |
| Office of the Attorney General<br>P. O. Box 12548, MC-009<br>Austin, TX 78711-2548<br>(512) 936-2172 | Amy.Hilton@oag.texas.gov |
| | David Bryant<br>Special Counsel<br>Tex. State Bar No. 03281500<br>David.Bryant@oag.texas.gov |

**Counsel for Defendants**

### CERTIFICATE OF SERVICE

On March 11, 2024, this document was served via email to Plaintiff's counsel of record.

*/s/ Amy S. Hilton*
Amy S. Hilton

2

## DEFENDANTS' OBJECTIONS & RESPONSES TO U.S. REQUESTS FOR PRODUCTION

Texas objects to Plaintiff's definition of the term "Texas" and its use within these discovery requests as "the State of Texas; the Governor of Texas; any and all departments, agencies, and/or bureaus of the State of Texas; and any and all officers, employees, agents or representatives of the State of Texas" as overly broad and unduly burdensome.

The State of Texas has more than 320,000 full-time employees and thousands more part-time employees spread across the general government—in regions all over the State—including health and human services, public education, higher education, the judiciary, public safety and criminal justice, natural resources, business and economic development, regulatory and other state agencies, the legislature, and the Office of the Attorney General. This extends even more broadly to political subdivisions within the State. Thus, the request is overly broad and unduly burdensome.

Notwithstanding this objection, the responding parties to this litigation include the Texas Commission on Environmental Quality ("TCEQ"), Texas Parks and Wildlife department ("TPWD"), Texas Department of Public Safety ("DPS"), Texas Military Department ("TMD"), and Office of the Governor. The Texas Attorney General represents the responding agencies for purposes of responding to these Requests for Production.

**REQUEST FOR PRODUCTION NO. 1:** Produce all documents and communications used to respond to the Requests for Admission and Interrogatories propounded by the United States in the above-captioned action.

### OBJECTION(S):

Defendants object to this request as overbroad and unduly burdensome. To identify *all documents and communications* used to respond to the Requests for Admission and Interrogatories would require the production of privileged attorney-client communications and attorney work-product materials. Defendants further object to this request as vague and ambiguous with respect to the undefined term "used." Defendants further object to this request because they are not required to marshal their evidence at this stage in the litigation.

### RESPONSE:

Subject to and without waiving the foregoing objections, Defendants will construe this request as seeking the production of documents that were identified or referenced in Defendants' Interrogatory responses. Defendants will produce such documents.

3

**REQUEST FOR PRODUCTION 2:** Produce all documents, electronically stored information, and tangible things that Texas has in its possession, custody, or control that will be used to support its claims or defenses in this case.

> **OBJECTION(S):**
>
> Defendants object to this request because it is not within the scope of discovery, as it is not "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its benefit." *See* Fed. R. Civ. P. 26(b)(1). This request asks Defendants to marshal their evidence, which they are not required to do. Defendants further object to this request to the extent it requests information that is protected by the attorney-client and work-product privileges.
>
> **RESPONSE:**
>
> Subject to and without waiving the foregoing objections, Defendants will produce documents they intend to affirmatively rely upon at trial in their defense. Defendants have not yet identified all documents they intend to use at trial, as discovery is not complete. Defendants refer Plaintiff to documents previously produced at the hearing on Plaintiff's Motion for Preliminary Injunction and attached in support of Defendants' Response in Opposition to Plaintiff's Motion for Preliminary Injunction. Defendants will supplement and provide exhibits they intend to rely upon at trial at an agreed-upon time and in accordance with the Court's scheduling orders.

**REQUEST FOR PRODUCTION 3:** Produce all documents reflecting any communications Texas has had with the U.S. Army Corps of Engineers regarding the Floating Barrier.

> **OBJECTION(S):**
>
> Defendants object to this request as overbroad, unduly burdensome, and not reasonably tailored to the subject-matter of this litigation. As written, this request, including Plaintiff's definition of the term "Texas," is not tailored to the needs of the case, not limited to individuals or entities likely to possess relevant materials (see general objection to the term "Texas"), and would require Defendants to search for, maintain, and update a privilege log for documents subject to attorney-client and attorney work-product privileges every time an email from counsel that "*reflects*" communications with the U.S. Army Corps of Engineers is generated. Such a request is overbroad and unduly burdensome.

**RESPONSE:**

Subject to and without waiving the foregoing objections, Defendants will construe this request as seeking non-privileged communications dated January 1, 2023, to the present made between the U.S. Army Corps of Engineers and Defendants, and in Defendants' possession, regarding the floating buoy system and will produce responsive documents, if any, after a protective order is entered in this case.

**REQUEST FOR PRODUCTION 4:** Produce all documents reflecting any communications Texas has had with the International Boundary Water Commission regarding the Floating Barrier.

**OBJECTION(S):**

Defendants object to this request because it is not within the scope of discovery, as it seeks information that is not "relevant to any party's claim or defense." *See* Fed. R. Civ. P. 26(b)(1). As written, this request, including Plaintiff's unique definition of the term "Texas," is not limited to individuals or entities likely to possess relevant materials (see general objection to the term "Texas"), and could include materials protected by the attorney-client and attorney work-product privileges. Such a request is overbroad, unduly burdensome, and not reasonably tailored to the subject-matter of this litigation. Further, Defendants object to the use of the term "*reflects*" as overly broad.

**RESPONSE:**

Subject to and without waiving the foregoing objections, Defendants will construe this request as seeking non-privileged communications made between January 1, 2023, and the present between IBWC and the responding parties regarding the floating buoy system and will produce responsive documents, if any, after a protective order is entered in this case.

**REQUEST FOR PRODUCTION 5:** Produce all documents reflecting any communications Texas has had with the U.S. Customs and Border Protection regarding the Floating Barrier.

**OBJECTION(S):**

Defendants object to this request because it is not within the scope of discovery, as it seeks information that is not "relevant to any party's claim or defense." *See* Fed. R. Civ. P. 26(b)(1). Specifically, this request is overbroad, unduly burdensome, and not reasonably tailored to the subject-matter of this litigation. As written, this request, including Plaintiff's unique definition of the term "Texas," is not tailored to the needs of the case, not limited to individuals or entities likely to possess relevant materials (see general objection to the term "Texas"). Defendants further object to the term "*reflects*" as it applies to communications with the U.S. Customs and Border Protection regarding the floating buoy system. Plaintiff's request is overbroad and unduly burdensome.

**RESPONSE:**

Subject to and without waiving the foregoing objections, Defendants will construe this request as seeking non-privileged communications made between January 1, 2023, and the present between U.S. Customs and Border Protection and Defendants regarding the floating buoy system and will produce responsive documents, if any, after a protective order is entered in this case.

**REQUEST FOR PRODUCTION 6:** Produce all documents reflecting any communications Texas has had with the United States regarding the Floating Barrier not encompassed by Requests for Production 3, 4, and 5, excluding communications with the Department of Justice regarding the above-captioned litigation.

**OBJECTION(S):**

Defendants object to this request because it is not within the scope of discovery, as it seeks information that is not "relevant to any party's claim or defense." *See* Fed. R. Civ. P. 26(b)(1). Specifically, this request is overbroad, unduly burdensome, and not reasonably tailored to the subject-matter of this litigation. As written, this request would require Defendants to search for, maintain, and update a privilege log for documents subject to attorney-client and attorney work-product privileges every time an email from counsel that "*reflects*" communications with the United States regarding the floating buoy system is generated. Such a request is overbroad and unduly burdensome.

**RESPONSE:**

Subject to and without waiving the foregoing objections, Defendants will construe this request as seeking non-privileged communications between Defendants and relevant federal agencies, excluding the Department of Justice, and will produce responsive documents, if any, after a protective order is entered in this case.

**REQUEST FOR PRODUCTION 7:** Produce all documents reflecting any communications Texas has had with Mexico regarding the Floating Barrier.

**OBJECTION(S):**

Defendants object to this request because it is not within the scope of discovery, as it seeks information that is not "relevant to any party's claim or defense." *See* Fed. R. Civ. P. 26(b)(1). Specifically, this request, including Plaintiff's unique definition of the term "Texas," is not limited to individuals or entities likely to possess relevant materials (see general objection to the term "Texas"), is overbroad, unduly burdensome, and not

reasonably tailored to the subject-matter of this litigation. As written, this request would require Defendants to search for, maintain, and update a privilege log for documents subject to attorney-client and attorney work-product privileges every time an email from counsel that "*reflects*" communications with Mexico regarding the floating buoy system is generated. Such a request is overbroad and unduly burdensome.

**RESPONSE:**

Subject to and without waiving the foregoing objections, Defendants will construe this request as seeking non-privileged communications between Defendants and Mexico regarding the floating buoy system and will produce responsive documents, if any, after a protective order is entered in this case.

**REQUEST FOR PRODUCTION 8:** Produce all documents and communications reflecting the technical specifications and design of the Floating Barrier, including but not limited to any and all documents Texas received from Cochrane Global regarding the Floating Barrier.

**OBJECTION(S):**

Defendants object to this request because it does not "describe with reasonable particularity each item or category of items requested." *See* Fed. R. Civ. P. 34(b)(1)(A). Specifically, Plaintiff's request for *all documents and communications* "reflecting" the design of the floating buoy system would arguably require Defendants to produce all documents and communications related to the buoys in any way, which is not "proportional to the needs of the case, considering the importance of the issues at stake in the action, amount in controversy, . . . the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *See* Fed. R. Civ. P. 26(b)(1). This request is vague and ambiguous, because Plaintiff does not define or otherwise specify what information it seeks, particularly in light of the fact that Defendants do not have possession, custody, or control of all documents and communications reflecting the technical specifications and design of the floating buoy system that Cochrane Global likely maintains.

**RESPONSE:**

Subject to and without waiving the foregoing objections, Defendants will construe this request as seeking non-privileged documents and communications that Defendants received from Cochrane Global regarding the floating buoy system and will produce responsive documents, if any, after a protective order is entered in this case.

**REQUEST FOR PRODUCTION 9:** Produce all documents and communications regarding the installation of the Floating Barrier in the Rio Grande.

### OBJECTION(S):

This request is overbroad, unduly burdensome, and not reasonably tailored to the subject matter of this litigation. This request is so overbroad that it would include any and all emails, including news alerts, sent to any State of Texas employee related to the subject matter of this case. The requested discovery places a burden or expense on the responding parties that outweigh its likely benefit. *See* Fed. R. Civ. P. 26(b)(1). Without additional parameters, as written, this request would require Defendants and Defendants' counsel to search, identify, and review emails, unrelated to the underlying controversy, from a voluminous number of accounts. Determining responsiveness and privilege from an enormous number of email accounts of State employees, very few of whom have any job responsibilities related to the issues in this case, is unduly burdensome and the burden far exceeds the benefit.

### RESPONSE:

Subject to and without waiving the foregoing objections, Defendants will construe this request as seeking non-privileged documents and communications maintained by Defendants concerning the installation of the floating buoy system in the Rio Grande and will produce responsive documents, if any, after a protective order is entered in this case.

**REQUEST FOR PRODUCTION 10:** Produce all documents and communications regarding Texas's repositioning of the Floating Barrier in August 2023.

### OBJECTION(S):

Defendants object to this request because it is not within the scope of discovery, as it seeks information that is not "relevant to any party's claim or defense." *See* Fed. R. Civ. P. 26(b)(1). Specifically, this request is overbroad, unduly burdensome, and not reasonably tailored in time or scope to the subject matter of this lawsuit. As written, this request, including Plaintiff's idiosyncratic definition of the term "Texas," is not tailored to the needs of the case, not limited to individuals or entities likely to possess relevant materials (see general objection to the term "Texas"). Further, Defendants object to the extent that it seeks privileged attorney-client communications or attorney work-product. Such a request is not "proportional to the needs of the case, considering the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *See* Fed. R.

Civ. P. 26(b)(1). Defendants further object to this request as duplicative of the Request for Production No. 9.

**RESPONSE:**

Subject to and without waiving the foregoing objections, Defendants will construe this request as seeking non-privileged documents and communications maintained by the Defendants related to the repositioning of the floating buoy system in August 2023, not otherwise encompassed by Request for Production No. 9, and will produce responsive documents, if any, after a protective order is entered in this case.

**REQUEST FOR PRODUCTION 11:** Produce all documents and communications reflecting any facts or data any expert Texas intends to call at trial in the above-captioned matter considers in forming any opinions that the expert expresses in any expert report and/or intends to express at trial in the above-captioned matter.

**OBJECTION(S):**

Defendants object to this request as calling for a narrative, untimely, and burdensome. The Court's Scheduling Order (Dkt. 97) dictates that Defendants are to identify their experts on June 7, 2024, and to serve any expert reports by June 14, 2024. This request further attempts to circumvent Fed. R. Civ. P. 26 by requiring Defendants to disclose responsive information before the time to provide expert disclosures under the Rules and by requiring Defendants to produce more information than is contemplated under the Rules.

**RESPONSE:**

Subject to and without waiving the foregoing objections, Defendants will provide all materials required to be provided under Fed. R. Civ. P. 26(2) in accordance with the rules and the Court's Scheduling Order.

**REQUEST FOR PRODUCTION 12:** Produce all documents and communications reflecting any assumptions any expert Texas intends to call at trial in the above-captioned matter relies on to form any opinions the expert expresses in any expert report and/or intends to express at trial in the above-captioned matter.

### OBJECTION(S):

Defendants object to this request as calling for a narrative, untimely, and burdensome. The Court's Scheduling Order (Dkt. 97) dictates that Defendants are to identify their experts on June 7, 2024, and to serve any expert reports by June 14, 2024. This request further attempts to circumvent Fed. R. Civ. P. 26 by requiring Defendants to disclose responsive information before the time to provide expert disclosures under the Rules and by requiring Defendants to produce more information than is contemplated under the Rules.

### RESPONSE:

Subject to and without waiving the foregoing objections, Defendants will provide all materials required to be provided under Fed. R. Civ. P. 26(2) in accordance with the rules and the Court's Scheduling Order.

**REQUEST FOR PRODUCTION 13:** Produce all documents and communications reflecting any consideration of applying or not applying for a permit from the U.S. Army Corps of Engineers for the Floating Barrier prior to its installation.

### OBJECTION(S):

Defendants object to this request as it seeks disclosure of information subject to attorney-client privilege, attorney work-product doctrine, executive privilege, and deliberative process privilege. Particularly, asking Defendants to provide pre-decisional information clearly seeks the mental impressions, thought processes, and deliberations covered by the deliberative process privilege. Further, Defendants' "consideration" of applying for or not applying for a permit would have been informed by counsel, which cannot be disclosed as attorney-client and attorney work-product information. Defendants also object that they are not required to marshal their evidence at this stage and that providing the information requested is unduly burdensome.

**REQUEST FOR PRODUCTION 14:** Produce all documents and communications regarding the Floating Barrier involving the Texas Department of Parks and Wildlife Department.

**OBJECTION(S):**

Defendants object to this request to the extent that it seeks disclosure of information subject to attorney-client privilege, attorney work-product doctrine, and deliberative process privilege. Defendants further object to this request as overly broad and not reasonably tailored in time or scope to the subject matter of the instant litigation. Specifically, to the extent that this request seeks documents and communications generated before January 1, 2023, it is overbroad with respect to time.

**RESPONSE:**

Subject to and without waiving the foregoing objections, Defendants will construe this request as seeking non-privileged documents and communications made between January 1, 2023, and the present and maintained by the Texas Department of Parks and Wildlife and Defendants concerning the floating buoy system and will produce responsive documents, if any, after a protective order is entered in this case.

**REQUEST FOR PRODUCTION 15:** Produce all documents and communications regarding any additional floating barriers Texas may install in the Rio Grande.

**OBJECTION(S):**

Defendants object to this request as calling for speculation and seeking the disclosure of information subject to attorney-client privilege, attorney work-product doctrine, law enforcement privilege, and deliberative process privilege. Particularly, asking Defendants to provide pre-decisional information clearly seeks the mental impressions, thought processes, and deliberations covered by the deliberative process privilege. Plaintiff's request for documents and communications for "any additional floating barriers Texas *may* install" necessarily implicates deliberative process and law enforcement privileges. Moreover, information concerning whether Texas would install additional floating barriers would be informed by counsel, and as such is subject to the attorney-client and attorney work-product privilege.

**REQUEST FOR PRODUCTION 16:** Produce all documents and communications regarding any modifications, including any additions and subtractions, Texas may make to the Floating Barrier.

> **OBJECTION(S):**
>
> Defendants object to this request as calling for speculation about what actions Texas may take in the future hypothetical situation. Plaintiff's hypothetical is incomplete and does not provide sufficient information upon which to base a hypothetical answer, that in any event would constitute speculation. Further, the request seeks the disclosure of information subject to attorney-client privilege, attorney work-product doctrine, law enforcement privilege, and deliberative process privilege. Particularly, asking the Defendant to provide pre-decisional information clearly seeks the mental impressions, thought processes, and deliberations covered by the deliberative process privilege. Plaintiff's request for documents and communications for "any modifications . . . Texas *may* make" necessarily implicates deliberative process and law enforcement privileges. Moreover, whether Texas makes "any modifications" would implicate privileged attorney client communications and attorney work-product information.

**REQUEST FOR PRODUCTION 17:** Produce all documents and communications demonstrating Texas's use of watercraft on the Rio Grande in the vicinity of Eagle Pass from January 2021 through January 2024.

> **OBJECTION(S):**
>
> Defendants object to this request because it is overly broad and not within the scope of discovery, as it seeks information that is not "relevant to any party's claim or defense." *See* Fed. R. Civ. P. 26(b)(1). As written, this request would require Defendants to search for documents related to *anyone's* use of watercraft in the Rio Grande in the vicinity of Eagle Pass, regardless of whether that person is a defendant. Such information is not relevant to any party's claim or defense, and Defendants object to this request to the extent it seeks documents not in their possession, custody, or control. Defendants further object to this request as overbroad as it does not describe with reasonable particularity the items to be inspected. *See* Fed. R. Civ. P. 34(b)(1)(A). A request for "all documents and communications *demonstrating* Texas's use of watercraft" is so overbroad it would require Defendants to search for, inspect, and produce operating manuals for any watercraft used in the Rio Grande. Defendants object to this request because it is not within the scope of discovery, as it is not "proportional to the needs of the case." *See* Fed. R. Civ. P. 26(b)(1). Without further clarification, Defendants are unable to ascertain what information Plaintiff seeks.

**REQUEST FOR PRODUCTION 18:** Produce all documents demonstrating the data of historical river flows that you and/or Cochrane relied on to design the floating barrier system, including the design that incorporated 12 extra meters of chain that allows the buoys to rise with the river's water level.

### OBJECTION(S):

Defendants object to this request to the extent that it calls for the production of documents subject to law enforcement privilege, attorney-client privilege, or attorney work-product privilege. Defendants further object to this request to the extent it seeks documents and communications that Cochrane, a third party not named in this lawsuit, may have relied upon as such documents are not in the possession, custody, or control of Defendants.

### RESPONSE:

Subject to and without waiving the foregoing objections, Defendants will construe this request as seeking non-privileged documents that include data of historical river flows that Defendants relied upon, if any, in designing the floating buoy system and will produce any such responsive documents in their possession, after a protective order is entered in this case.

**REQUEST FOR PRODUCTION 19:** Produce all documents demonstrating Texas's grant of any permits for watercraft to the Rio Grande in the vicinity of Eagle Pass, Texas from January 2021 through January 2024.

### OBJECTION(S):

Defendants object to this request as overbroad with respect to time and scope. Further, it is unclear what "Texas's grant of any permits for watercraft to the Rio Grande" is referring to in the context of the request for production. To the extent this Request seeks responsive documents created or generated after January 1, 2023, such documents, even if they existed, have no bearing on Plaintiff's claims.

### RESPONSE:

As set forth in Defendants objections above, Defendants do not understand what the terms "Texas's grant of any permits for watercraft to the Rio Grande" is referring to. As such, Texas has no documents that fit that description.