IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff*,<br><br>v.<br><br>GREG ABBOTT, in his capacity as GOVERNOR OF THE STATE OF TEXAS, and THE STATE OF TEXAS,<br><br>*Defendants*. | Case No. 1:23-cv-00853-DAE |

UNITED STATES' MOTION
TO EXCLUDE CERTAIN OPINIONS
OF CAPTAIN THOMAS CIARAMETARO

JAIME ESPARZA
UNITED STATES ATTORNEY

LANDON A. WADE
  Assistant United States Attorney
  Texas Bar No. 24098560
United States Attorney's Office
Western District of Texas
903 San Jacinto Blvd., Suite 334
Austin, TX 78701
(512) 370-1255 (tel)
(512) 916-5854 (fax)
Landon.wade@usdoj.gov

TODD KIM
ASSISTANT ATTORNEY GENERAL
Environment & Natural Resources Division

BRIAN H. LYNK
  Senior Trial Counsel
  DC Bar No. 459525
BRYAN J. HARRISON
  Trial Attorney
  FL Bar No. 106379
KIMERE J. KIMBALL
  Trial Attorney
  CA Bar No. 260660
ANDREW D. KNUDSEN
  Trial Attorney
  DC Bar No. 1019697
U.S. Department of Justice
Environmental Defense Section
P.O. Box 7611
Washington, DC 20044
(202) 514-6187 (Lynk)
(202) 514-8865 (fax)
Brian.lynk@usdoj.gov

Dated:  July 17, 2024

*Counsel for the United States of America*

## INTRODUCTION

The United States respectfully requests that the Court exclude certain opinions of Captain Thomas Ciarametaro pursuant to Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 589 (1993) and its progeny.[1] The United States requests that the Court exclude the following:

- Capt. Ciarametaro's opinion that the floating barrier is not a "structure" under the Rivers and Harbors Act (RHA). *See* Ciarametaro Report (Ex. 1) at 28, 32. This opinion was largely dictated by counsel for Texas and is an improper legal conclusion.

- Capt. Ciarametaro's opinion that improvements to allow navigation are infeasible. *See* Ex. 1 at 24-26. Capt. Ciarametaro lacks the expertise to testify to this opinion.

- Capt. Ciarametaro's opinion that the floating barrier does not obstruct navigation. *See* Ex. 1 at 32-33. Capt. Ciarametaro lacks the expertise to testify to this opinion, and it is an improper legal conclusion.

## STANDARD OF REVIEW

The Court has broad discretion to admit or exclude expert testimony. *See Shelter Ins. Cos. v. Ford Motor Co.*, No. 06-60295, 2006 WL 378047, at *2 (5th Cir. Dec. 18, 2006). The judge serves as a gatekeeper, ensuring that expert testimony is "not only relevant, but reliable." *Kumho Tire Co. v. Carmichael*, 526 US 137, 147 (1999); *see also Daubert*, 509 U.S. at 589 (1993). "The proponent has the burden of establishing, by a preponderance of the evidence, that the pertinent

---

[1] The United States makes this motion pursuant to the Court's July 2, 2024, order providing that any briefing on discovery and *Daubert* motions must be complete by July 19, 2024, and its July 17, 2024 order declining to allow omnibus motions. ECF 145 at 2, ECF 167 at 2. The United States reserves the right to file later Daubert motions or motions in limine by the pretrial motions deadline. *See* ECF 169, United States Notice of Withdrawal (July 17, 2024).

1

admissibility requirements are met." *United States v. Fullwood*, 342 F.3d 409, 412 (5th Cir. 2003).

Federal Rule of Evidence 702 provides that a witness may provide an expert opinion only if:

> it is more likely than not that: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case.

## ARGUMENT

Texas has designated Capt. Ciarametaro to testify on matters including the nature of the floating barrier under the RHA and the feasibility of improving navigability in the Rio Grande. *See* Ex. 1 at 24-26, 28-33. His opinions that the buoys are not structures under the RHA; that it would be too expensive to improve the Rio Grande for navigation purposes; and that the buoys do not obstruct the waterway are unreliable, legal conclusions, or both. The Court should therefore exclude these opinions.

### 1.   Capt. Ciarametaro cannot opine that the floating barrier is not a structure within the meaning of the RHA.

Capt. Ciarametaro's opinion that "the buoys are not other structures under the RHA," Ciarametaro Dep. 32, should be excluded because it does not reflect his own work. All but the first and concluding sentence of the paragraph expressing this opinion were "given to [him] by the State of Texas." *Id.* 58:18-21, 70-71; *see also id.* 170:3-171:23 (testifying that this paragraph is one of three portions of his report consisting of legal definitions provided by counsel); *cf.* United States' Motion to Compel, ECF 164, at 5-6. He conceded that this paragraph "is the only portion of [his] report that discusses [the] topic" of whether the floating barrier is an "other structure" within the meaning of RHA section 10. *Id.* 71:6-13.

2

This opinion was not only dictated by Texas; it is also an improper legal conclusion about the status of the floating barrier under the RHA. *See Aguilar v. Collazo-Diaz*, No. 22-cv-00642-XR, 2023 WL 6277372, *6 (W.D. Tex., Sept. 25, 2023) (experts are prohibited from offering legal opinions). "While an expert opinion 'is not objectionable just because it embraces an ultimate issue' to be decided by the trier of fact, Fed. R. Evid. 704(a), experts may not offer legal opinions or advise the Court on how the law should be interpreted or applied to the facts in the case." *Aguilar*, 2023 U.S. Dist. LEXIS 171275, *3; *see also McGowan v. S. Methodist Univ.*, No. 3:18-CV-00141-N, 2024 WL 946954, at *5 (N.D. Tex. Mar. 4, 2024) (experts "may never render conclusions of law") (citations omitted). As shown above, Ciarametaro's testimony about the "structure" issue would be based almost entirely on legal analysis received from counsel. It is thus quintessential legal testimony - and, worse, offered by someone who is not a lawyer, let alone a legal expert in the RHA.

Capt. Ciarametaro's opinion that the barrier is not a "structure" should thus be excluded.

### 2. Capt. Ciarametaro's cost-benefit opinions are unsupported and beyond his expertise.

Capt. Ciarametaro's report contended that "the projected costs of transforming the Rio Grande into a navigable water . . . would far outweigh any potential benefits" and would be "unlikely to pass muster" if subjected to a cost-benefit analysis. Ex. 1 at 26. But in deposition, Capt. Ciarametaro conceded that he is not an expert in economics. Ciarametaro Dep. 60:12-14. Moreover, he clarified that he is "[n]ot specifically" offering opinions as an economist about whether the costs and benefits of navigability improvements would justify undertaking them. *Id.* 60:22-61:7. He did not quantify the costs of such a project or evaluate the possible scale of such a project. *Id.* at 141:10-13. Similarly, his report states that it would be "impractical" to improve the River's navigability to facilitate "sufficient quantities" of commerce, but he did not quantify what

3

level of commerce or investment would make an improvement worthwhile. Ex. 1 at 26. Capt. Ciarametaro's opinions on susceptibility to navigation are cursory conclusions, unsupported by any methodology or analysis and admittedly beyond his expertise. They thus should be excluded.

### 3. Capt. Ciarametaro's opinions regarding the floating barrier's effect on navigable capacity are unsupported and improper legal conclusions.

Capt. Ciarametaro's report states that the floating barrier "[does] not affect the course, location, or condition of the Rio Grande River in such a manner as to impact its navigable capacity," Ex. 1 at 32, and that it has been "strategically placed to allow unobstructed navigation for small vessels," *id.* at 5. At deposition, he admitted that he never considered the original location of the floating barrier, only the location where it currently rests. Ciarametaro Dep. 65:1-6, 172:8-17. Moreover, his opinion of no effect on the river's "course, location, or condition" is based on minimal information. The only factual information he considered was observation during a site tour on June 7, 2024 and a subsequent video. *Id.* 174:5-17. He considered no data or information from the nearly year-long period between the original placement of the floating barrier in the river and his site visit. *Id.* 174-76. Capt. Ciarametaro's anecdotal point-in-time observation is not a reliable basis on which to conclude that the barrier has not affected the River's "course, location or condition." *Id.* 150:25-152:6.

Even if Capt. Ciarametaro could reliably testify about the barrier's effect on the River's course – which he cannot – any testimony that the barrier has had an effect on navigable capacity within the meaning of the RHA is a legal conclusion, and as such improper. *See* supra Section 1. Capt. Ciarametaro's opinions about effects on navigable capacity should therefore be excluded.

### CONCLUSION

For all of these reasons, the Court should exclude the expert testimony identified above.

Dated:  July 17, 2024

4

| | |
|---|---|
| JAIME ESPARZA<br>UNITED STATES ATTORNEY | TODD KIM<br>ASSISTANT ATTORNEY GENERAL<br>Environment & Natural Resources Division |
| */s/ Landon A. Wade*<br>LANDON A. WADE<br>   Assistant United States Attorney<br>   Texas Bar No. 24098560<br>United States Attorney's Office<br>Western District of Texas<br>903 San Jacinto Blvd., Suite 334<br>Austin, TX 78701<br>(512) 370-1255 (tel)<br>(512) 916-5854 (fax)<br>Landon.wade@usdoj.gov | */s/ Andrew D. Knudsen*<br>ANDREW D. KNUDSEN<br>   Trial Attorney<br>   DC Bar No. 1019697<br>BRIAN H. LYNK<br>   Senior Trial Counsel<br>   DC Bar No. 459525<br>KIMERE J. KIMBALL<br>   Trial Attorney<br>   CA Bar No. 260660<br>BRYAN J. HARRISON<br>   Trial Attorney<br>   FL Bar No. 106379<br>U.S. Department of Justice<br>Environmental Defense Section<br>P.O. Box 7611<br>Washington, DC 20044<br>(202) 514-6187 (Lynk)<br>(202) 514-8865 (fax)<br>Brian.lynk@usdoj.gov<br>Kimere.kimball@usdoj.gov<br>Andrew.knudsen@usdoj.gov<br>Bryan.harrison@usdoj.gov<br><br>*Counsel for the United States of America* |

## **CERTIFICATE OF CONFERENCE**

On July 16 counsel for the United States advised counsel for Texas of the United States' intent to file this motion and gave Texas a summary of the grounds for the motion. Texas sought more information without stating a position on the motion. Given the Court's order that all motions be filed by July 17, we are filing the motion as opposed.

                                                                    */s Andrew D. Knudsen*_____
                                                                    Andrew D. Knudsen

## CERTIFICATE OF SERVICE

I certify that on July 17, 2024, a copy of this filing was served on counsel of record through the Court's electronic filing system.

*/s Andrew D. Knudsen*
Andrew D. Knudsen
