# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| *Plaintiff,* | |
| v. | CIVIL ACTION NO. 1:23-CV-00853 |
| **GREG ABBOTT, ET AL.,** | |
| *Defendants.* | |

## DEFENDANTS' OPPOSED MOTION TO COMPEL
## AND REQUEST FOR *IN CAMERA* REVIEW

Plaintiff, the United States, has refused to produce unredacted email exchanges (IBWC0005936-52, IBWC0005953-69, IBWC0006033-47 and IBWC0006051-65) between employees of the International Boundary Water Commission (IBWC). Ex. C.[1] Plaintiff asserts that the emails between the non-lawyers are subject to attorney-client, work-product, and deliberative process privileges. Ex. A at 3. None of these privileges apply to the exchanges. Mario Gomez, the author of many the emails at issue, was deposed on May 16, 2024, and his testimony supports a finding that the contents of the emails are not privileged.[2] Defendants ask this Court to conduct and *in camera* inspection of the emails and order Plaintiff to produce unredacted copies. Defendants respectfully offer the following in support:

---

[1] Updated copies of the redactions were provided to undersigned counsel earlier this evening via BOX. Defendants will supplement this filing on July 18, 2024, with the updated copies of the redacted emails (Ex. C).

[2] Defendants will supplement this filing with a copy of the Mr. Gomez's deposition transcript when it is produced on Friday, July 19, 2024.

1

## MOTION TO COMPEL

**I.      The Emails are Not Subject to the Attorney-Client Privilege.**

"For a communication to be protected under the [attorney-client] privilege, the proponent 'must prove: (1) that he made a confidential communication; (2) to a lawyer or his subordinate; (3) for the primary purpose of securing either a legal opinion or legal services, or assistance in some legal proceeding.'" *Equal Empl.Opportunity Comm'n v. BDO USA, LLP*, 876 F.3d 690, 695 (5th Cir. 2017) (quoting *United States v. Robinson*, 121 F.3d 971, 974 (5th Cir. 1997)). "[C]ourts generally construe the privilege narrowly because 'assertion of privileges inhibits the search for truth.'" *EEOC*, 876 F.3d at 696 (citing *Navigant Consulting, Inc. v. Wilkinson*, 220 F.R.D. 467, 477 (N.D. Tex. 2004)). "Determining the applicability of the privilege is a 'highly fact-specific' inquiry, and the party asserting the privilege bears the burden of proof." *EEOC*, 876 F.3d at 695 (citations omitted). "The burden is on the party asserting the privilege to demonstrate how each document satisfies all the elements of the privilege." *S.E.C. v. Brady*, 238 F.R.D. 429, 439 (N.D. Tex. 2006) (citing *Hodges, Grant & Kaufmann v. United States*, 768 F.2d 719, 721 (5th Cir. 1985)).

Plaintiff cannot make a particular and specific showing that the redacted portions of the emails involve "(1) ... a confidential communication; (2) to a lawyer or his subordinate; (3) for the primary purpose of securing either a legal opinion or legal services, or assistance in some legal proceeding.'" *EEOC*, 876 F.3d at 695. Instead, the emails were sent between IBWC employees.

Plaintiff may argue that *some* of the redacted emails carbon copied or were exchanged with IBWC attorneys. But "[t]here is no presumption that a company's communications with counsel are privileged." *EEOC*, 876 F.3d at 696 (citations omitted). "[T]he attorney-client privilege does not apply simply because documents were sent to an attorney." *Id*. Documents "sent from one

corporate officer to another" are not privileged "merely because a copy is also sent to counsel." *Id.*

Yesterday, Mr. Gomez, the author of the redacted emails, was deposed about the email exchanges forming the subject of this motion. Mr. Gomez is not an attorney. He testified that did not recall the emails involving confidential communications with lawyers for the purposes of securing legal advice, legal services, or assisting with a legal proceeding. Indeed, there was no legal proceeding at the time the email exchange occurred.

Defendants ask that the Court to conduct an *in camera* review of the unredacted emails and, after determine that they do not consist of (1) confidential communications; (2) to or from a lawyer or their subordinate; and (3) for the primary purpose of securing either a legal opinion or legal services, or assistance in this legal proceeding, order that the emails be produced in an unredacted form the Defendants.

## II. The Emails are Not Subject to the Work-Product Privilege.

Work product typically constitutes "documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative ... including the other party's attorney." Fed. R. Civ. P. 26(b)(3). Like the attorney-client privilege, "[t]he burden of establishing that a document is work product is on the party who asserts the claim." *Hodges, Grant & Kaufmann v. U.S. Gov't, Dep't of the Treasury, I.R.S.*, 768 F.2d 719, 721 (5th Cir. 1985). To assert work product privilege, a party must show: "(1) the materials sought are documents or tangible things; (2) the materials sought were prepared in anticipation of litigation or for trial; (3) the materials were prepared by or for a party's representative; [and] (4) if the party seeks to show that the material is opinion work product, that party must show that the material contains the

mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party." *S.E.C. v. Brady*, 238 F.R.D. 429, 441 (N.D. Tex. 2006) (citing *Ferko v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 218 F.R.D. 125, 136 (E.D. Tex. 2003); *Dunn v. State Farm Fire & Cas. Co.*, 927 F.2d 869, 873 (5th Cir. 1991)).

In the Fifth Circuit, "the privilege can apply where litigation is not imminent, 'as long as the primary motivating purpose behind the creation of the document was to aid in possible future litigation.'" *In re Kaiser Aluminum & Chem. Co.*, 214 F.3d 586, 593 (5th Cir. 2000) (quoting *United States v. El Paso Co.*, 682 F.2d 530, 542 (5th Cir. 1982)). "[F]actors relevant to determining the primary motivation for creating a document [include] the retention of counsel and his involvement in the generation of the document and whether it was a routine practice to prepare that type of document or whether the document was instead prepared in response to a particular circumstance." *Navigant Consulting, Inc. v. Wilkinson*, 220 F.R.D. 467, 477 (N.D. Tex. 2004) (internal quotations omitted).

Yesterday, Mr. Gomez, a non-attorney and the author of most of the redacted emails, testified that he did not recall the emails involving material protected by the attorney-client privilege or work-product privilege. The redactions appear to involve factual information gathered by Mr. Gomez and sent to non-attorney IBWC employees at the behest of Isela Canava, a non-lawyer and/or in response to an inquiry from the Commissioner. Plaintiff has not shown that this information is attorney work-product.

Nonetheless, in the alternative, if this Court finds that the emails are protected work-product, it should still compel their production because Defendants have a substantial need for the requested information and cannot, without undue hardship, obtain the information through

substantially equivalent other means. Ordinary work product documents may be discovered if it is relevant and "the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means." Fed. R. Civ. P. 26(b)(3)(A)(i)-(ii). Defendants have a substantial need to ascertain whether the buoys interfere with IBWC or any other federal agency's operations on the Rio Grande River. *See* ECF 50 at 38 (order granting preliminary injunction in party because the buoys interfered with agency operations). The redacted information appears to relate directly to the question of whether the buoys interfere with federal operations on the Rio Grande River. Mr. Gomez testified at his deposition that the buoys interfered with agency operations on the Rio Grande River. Defendants believe, based on the context of the unredacted portion of the emails, that Mr. Gomez sent emails in June and July 2023 that may conflict with his testimony. Defendants cannot obtain the information contained within the redacted portion of the emails without undue hardship or substantially equivalent other means. Fed. R. Civ. P. 26(b)(3)(A)(ii). Mr. Gomez was unable or unwilling to testify about the contents of the redacted emails and, absent an order from this Court, Defendants have no other means of obtaining the contemporaneous candid personal observations of Mr. Gomez in July 2024.

     Defendants ask that the Court, after conducting an *in-camera* review of the unredacted emails, order Plaintiff to produce unredacted copies because the emails between IBWC employees are either outside the scope of the work-product privilege or, alternatively, because Defendants have a substantial need for the requested information and cannot, without undue hardship, obtain the information through substantially equivalent other means

### III. The Emails are Not Subject to the Deliberative Process Privilege.

"To protect agencies from being 'forced to operate in a fishbowl,' the deliberative process privilege shields from disclosure 'documents reflecting advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated.'" *United States Fish & Wildlife Serv. v. Sierra Club, Inc.*, 141 S. Ct. 777, 785 (2021).

Plaintiff claims that the redacted emails involve "internal, pre-decisional discussions between the USIBWC attorney and field personnel regarding a draft survey and the above-captioned litigation, divulsion of which would chill internal agency discussion and discussion with counsel regarding litigation." Ex. A at 3. False.

*First*, a draft survey studying the location of the buoys is *not* a governmental policy or decision. See Ex. B (IBWC survey). IBWC conducted a binational survey studying the location of the buoys in the Rio Grande River. This is not a deliberation, decision, or policy. It's a survey and public information. *Id*.

*Second*, Mr. Gomez testified that he did not believe the redacted portions of the emails related to a governmental survey of the buoys.

*Third*, the redacted portions of the emails appear to contain only factual information obtained by Mr. Gomez. "Factual information may be protected" by the deliberative process privilege "only if it is inextricably intertwined with policymaking processes[.]" *La Unión del Pueblo Entero v. Abbott*, 2023 WL 4923947, at *3 (W.D.Tex., 2023) (quoting *Stokes v. Brennan*, 476 F.2d 699, 703 (5th Cir. 1973)). Mr. Gomez is a fact witness. His observations about the buoys, their location, and their impact on agency operations are factual information. The binational study

examining the location of the buoys, Ex. B, is not an agency decision or policy; therefore, it is not subject to the deliberative process privilege.

For the foregoing reasons, Defendants ask that this Court conduct an *in* camera review of the unredacted emails and then order that they be produced in an unredacted form the Defendants because they are not subject to the deliberative process privilege.

## CONCLUSION

For the foregoing reasons, the Court conduct an *in camera* review of the redacted emails, overrule Plaintiff's privilege assertions, and compel production of unredacted copies of the emails. Defendants ask the Court to award costs and attorneys fees associated with filing this motion to compel. Defendants further ask for any further relief to which they may be justly entitled.

Date: July 17, 2024

Ken Paxton
Attorney General of the State of Texas

Brent Webster
First Assistant Attorney General

Ralph Molina
Deputy Attorney General for Legal Strategy

Ryan Walters
Chief, Special Litigation Division

Office of the Attorney General
P. O. Box 12548, MC-009
Austin, TX 78711-2548
(512) 936-2172

Respectfully submitted,

*/s/ Johnathan Stone*
**Johnathan Stone**
Special Counsel
Tex. State Bar No. 24071779
Johnathan.stone@oag.texas.gov

David Bryant
Senior Special Counsel
Tex. State Bar No. 03281500
david.bryant@oag.texas.gov

Munera Al-Fuhaid
Special Counsel
Tex. State Bar No. 24094501
munera.al-fuhaid@oag.texas.gov

Kyle S. Tebo
Special Counsel
Tex. State Bar No. 24137691
kyle.tebo@oag.texas.gov

Zachary Berg

Special Counsel
Tex. State Bar. 24107706
Zachary.Berg@oag.texas.gov

**Counsel for Defendants**

### CERTIFICATE OF CONFERENCE

On July 17, 2024, I conferred with counsel for Plaintiff via email and they indicated that they are opposed to this motion.

*s/ Johnathan Stone*
**Johnathan Stone**
Special Counsel

### CERTIFICATE OF SERVICE

On July 17, 2024, this document was filed electronically through the Court's CM/ECF system, which automatically serves all counsel of record.

*s/ Johnathan Stone*
**Johnathan Stone**
Special Counsel