IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff,*<br><br>v.<br><br>GREG ABBOTT, ET AL.,<br><br>*Defendants.* | CIVIL ACTION NO. 1:23-CV-00853 |

## DEFENDANTS' OPPOSED MOTION TO COMPEL
## THE TESTIMONY OF JUSTIN PETERS

Plaintiff, the United States, abused the discovery process by instructing Justin Peters, a disclosed fact witness, Ex. A at 2, at his deposition not to answer questions about the factual information that he is aware of that he intends to testify about at trial. Defendants ask that costs and attorney fees associated with the filing this motion and conducting a second deposition be assessed against Plaintiff and/or Plaintiff's counsel.

### BACKGROUND

On May 6, 2024, Plaintiff disclosed Mr. Peters as a fact witness who "has knowledge of the U.S. [Coast Guard's] missions and operational capabilities on the Rio Grande." *Id.*

On July 15, 2024, Defendants deposed Mr. Peters. Defendants asked Mr. Peters to confirm that the only information that he intends to testify about are the Coast Guard's missions and operational capabilities on the Rio Grande River. *See* A. Defendants' counsel further asked a series of questions to determine if Mr. Peters intended to testify about any other relevant factual information at trial.[1]

---

[1] Defendants will supplement this filing with the transcript when it is produced on July 19, 2024.

1

Plaintiff's counsel instructed Mr. Peters not to answer these questions on the sole basis of the attorney work-product privilege.[2]

Defendants' counsel clarified with Mr. Peters that no information was sought relating to his communications with Plaintiff's counsel. Nonetheless, Plaintiff's counsel instructed the witness not answer questions about the factual information he intends to testify about at trial as protected work-product.

On July 17, 2024, Defendants' counsel conferred with Plaintiff's counsel on this motion. Plaintiff's counsel seemingly agreed to recall Mr. Peters and withdraw the frivolous and abusive privilege assertion. Plaintiff, however, did not agree to pay for the costs of recalling Mr. Peters to complete his deposition.

Texas taxpayers should not be responsible for paying the costs of conducting a subsequent deposition of Mr. Peters caused by the frivolous and abusive privilege assertion of Plaintiff's counsel. *See* Ex. B (Washington Post story involving the same Plaintiff's counsel wherein a federal district court judge repeatedly rebukes counsel for engaging in abusive discovery practices).

## MOTION TO COMPEL

### I.     The Facts a Fact Witness Intends to Testify About at Trial are Not Privileged.

The federal work product protection found in Rule 26(b)(3) provides for the qualified protection of documents and tangible things prepared by or for a party or that party's representative "in anticipation of litigation or for trial." Rule 26(b)(3). Determining whether a

---

[2] Plaintiff has subsequently claimed that they made reference to the attorney-client privilege before the deposition closed. However, "the proper time to make the showing that certain information is privileged is at the time the privilege is asserted and not ... when the matter is before the Court on a motion to compel." *La Unión del Pueblo Entero v. Abbott*, 2023 WL 4923947, at *3 (W.D.Tex., 2023) (cleaned up). The only privilege asserted by Plaintiff's counsel during the deposition when instructing the witness not to answer was the attorney work-product privilege.

document was prepared in anticipation of litigation is a "slippery task," *United States v. El Paso Co.*, 682 F.2d 530, 542 (5th Cir. 1982), and requires a fact intensive analysis to determine whether "the primary motivating" purpose behind the creation of the document was to aid in possible future litigation, *see In re Kaiser Aluminum & Chemical Co.*, 214 F.3d 586, 593 (5th Cir. 2000); *United States v. Davis*, 636 F.2d 1028, 1039-40 (5th Cir. Unit A Feb. 1981).

Nonetheless, the Rule 26(b)(3) federal work product protection only partially codified the work product doctrine established in *Hickman v. Taylor*, 329 U.S. 495 (1947). The doctrine articulated in *Hickman* "insulates a lawyer's research, analysis of legal theories, mental impressions, notes, and memoranda of witnesses' statements from an opposing counsel's inquiries." *Dunn v. State Farm Fire & Cas. Co.*, 927 F.2d 869, 875 (5th Cir. 1991). A lawyer's work product may therefore be both tangible and intangible, like an attorney's recollection of what a witness said. *See Hickman*, 329 U.S. at 510; *Adams v. Mem'l Hermann*, 973 F.3d 343, 350 (5th Cir. 2020) (analyzing conversations between client and lawyer or things client did at the direction of her lawyers as work product).

"Like all privileges, the work product doctrine must be strictly construed." *Mims v. Dallas County*, 230 F.R.D. 479, 484 (N.D. Tex. 2005) (Kaplan, J.) (citing cases). The burden is on the party seeking work product protection to show that the materials at issue were prepared by its representative in anticipation of litigation or for trial. *See Beasley v. First Am. Real Est. Info. Servs., Inc.*, 2005 WL 1017818, at *3 (N.D. Tex. Apr. 27, 2005) (Kaplan, J.); *Ferko v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 219 F.R.D. 396, 400 (E.D. Tex. 2003).

The facts that Mr. Peters intends to testify about at trial are obviously not privileged attorney work product. "**[T]he the work-product doctrine protects only the [attorney's work**

**product] and not the underlying facts**." *Adams*, 973 F.3d at 350 (emphasis added) (quoting *In re Int'l Sys. & Controls Corp. Sec. Litig.*, 693 F.2d 1235, 1240 (5th Cir. 1982)). Plaintiff has not and cannot show that the facts Mr. Peters intends to testify about at trial are privileged attorney work product.

Alternatively, even if they were subject to the attorney work product privilege, the Court should still compel responses because Defendants have a substantial need for the information and are unable to obtain the substantial equivalent without undue hardship. Fed. R. Civ. P. 26(b)(3)(A)(ii). Mr. Peters was disclosed as a fact witness by Plaintiff in this case. Ex. A. Defendants are entitled to know what facts Mr. Peters has that he intends to testify about at trial so they can prepare a defense. There is no other way to know the facts that Mr. Peters intends to testify to other than asking him during his deposition—which Defendants were prevented from doing. Thus, there is a substantial need for the information and Defendants are unable to obtain it without undue hardship.

Defendants ask that this Court order Mr. Peters to reappear for another deposition, limited to one hour, and to direct Plaintiff or Plaintiff's counsel to bear the costs and attorneys' fees associated with taking the second deposition.

## CONCLUSION

For the foregoing reasons, Defendants ask that the Court order Mr. Peters to appear for a second deposition and that the costs of this motion and the deposition, including attorneys' fees, be assessed against Plaintiff or Plaintiff's counsel. Defendants further ask for any further relief to which they may be justly entitled.

| | |
|---|---|
| Date: July 17, 2024 | Respectfully submitted, |
| | |
| Ken Paxton<br>Attorney General of the State of Texas | */s/ Johnathan Stone*<br>**Johnathan Stone**<br>Special Counsel<br>Tex. State Bar No. 24071779 |
| Brent Webster<br>First Assistant Attorney General | Johnathan.stone@oag.texas.gov |
| Ralph Molina<br>Deputy Attorney General for Legal Strategy | David Bryant<br>Senior Special Counsel<br>Tex. State Bar No. 03281500<br>david.bryant@oag.texas.gov |
| Ryan Walters<br>Chief, Special Litigation Division | |
| | Munera Al-Fuhaid<br>Special Counsel<br>Tex. State Bar No. 24094501<br>munera.al-fuhaid@oag.texas.gov |
| Office of the Attorney General<br>P. O. Box 12548, MC-009<br>Austin, TX 78711-2548<br>(512) 936-2172 | |
| | Kyle S. Tebo<br>Special Counsel<br>Tex. State Bar No. 24137691<br>kyle.tebo@oag.texas.gov |
| | Zachary Berg<br>Special Counsel<br>Tex. State Bar. 24107706<br>Zachary.Berg@oag.texas.gov |
| | **Counsel for Defendants** |

### CERTIFICATE OF CONFERENCE

On July 17, 2024, I conferred with counsel for Plaintiff via email and they indicated that they are opposed to this motion. Plaintiff's counsel offered to permit Defendants to reopen the deposition of Mr. Peters, but did not agree to pay the costs for doing so.

*s/ Johnathan Stone*
**Johnathan Stone**
Special Counsel

**CERTIFICATE OF SERVICE**

On July 17, 2024, this document was filed electronically through the Court's CM/ECF system, which automatically serves all counsel of record.

*s/ Johnathan Stone*
**Johnathan Stone**
Special Counsel
