**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    *Plaintiff*,<br><br>    v.<br><br>GREG ABBOTT, in his capacity as GOVERNOR OF THE STATE OF TEXAS, and THE STATE OF TEXAS,<br><br>    *Defendants*. | Case No. 1:23-cv-00853-DAE |

**UNITED STATES' OPPOSITION TO DEFENDANTS' MOTION TO COMPEL AND REQUEST FOR *IN CAMERA* REVIEW**

  The United States responds in opposition to Texas's "Motion to Compel and Request for *In Camera* Review" (ECF 171) and states as follows:

  1. In the interest of attempting to resolve this issue and avoid further motions practice, the United States provided revised redacted emails to Texas, which Texas did not even review or consider before filing its motion. *See* ECF 171 n.1. These revised redactions are attached as exhibits to this filing. *See* Exhs. 1-4, attached hereto.

  2. None of Mr. Gomez's emails are redacted. *See* Exhs. 1-4.

  3. Instead, the content redacted is for information that is plainly sought and requested by the U.S. Section International Boundary and Water Commission ("USIBWC") counsel at around the period of time when Texas was installing the floating barriers. *See, e.g.*, Ex. 1 at 5-8 (June 29, 2023 email to USIBWC counsel stating "below are responses to your questions" with redactions of those responses); *id.* at 10-12 (June 13, 2023 email to USIBWC

counsel stating "I can help with your questions below" with redactions of those responses); *see also* Ex. 2 at 4-9, 13-14; Ex. 3 at 5-8, 11; Ex. 4 at 5-8, 10-12;

    4.     In its revised redactions the United States has unredacted non-privileged portions of USIBWC counsel's emails stating "Sorry for the billion questions!" to make it even more clear the nature of the information sought by counsel regarding the floating barriers and related issues, on which the United States soon thereafter filed suit.  *See* Ex. 1 at 11.  These communications—requested by USIBWC's counsel to USIBWC staff and employees—seek to gather information related to the floating barriers and Texas's actions in that area so that USIBWC's lawyers and the United States Department of Justice can make litigation and other determinations.  Such information gathering in anticipation of or consideration of litigation falls squarely within the attorney-client privilege and attorney work product doctrine.

    5.     Moreover, as the USIBWC's declaration from its Commissioner explains, ECF 171-1, the deliberative process privilege should also apply.  Beyond the attorney-client and attorney work product privilege, USIBWC employees are engaged in internal discussions about certain agency actions and decision-making, as it relates to USIBWC and also as it relates to communications with the Mexican Section of IBWC.  *See id.*  That Texas somehow thinks this information is appropriate given a later binational survey is of no consequence.

    6.     The United States explained all of the above in communication with Texas and also provided revised redactions to make it even more clear the nature and appropriateness of the privilege.

    7.     Nevertheless, Texas still believes it is somehow entitled to obtain privileged information from the United States.  By even the most cursory review, the documents are

privileged and the Court need not entertain Texas's request for an *in camera* review of these privileged documents.

8. Texas's motion to compel and request for in camera review should be denied.

Respectfully submitted,

Dated: July 18, 2024

| | |
|---|---|
| JAIME ESPARZA<br>UNITED STATES ATTORNEY | TODD KIM<br>ASSISTANT ATTORNEY GENERAL<br>Environment & Natural Resources Division |
| */s/ Landon A. Wade*<br>LANDON A. WADE<br>  Assistant United States Attorney<br>  Texas Bar No. 24098560<br>United States Attorney's Office<br>Western District of Texas<br>903 San Jacinto Blvd., Ste. 334<br>Austin, TX 78701<br>(512) 370-1255 (tel.)<br>(512) 916-5854 (fax)<br>landon.wade@usdoj.gov | */s/ Brian Lynk*<br>BRIAN H. LYNK<br>  Senior Trial Counsel<br>  DC Bar No. 459525<br>KIMERE J. KIMBALL<br>  Trial Attorney<br>  CA Bar No. 260660<br>ANDREW D. KNUDSEN<br>  Trial Attorney<br>  DC Bar No. 1019697<br>BRYAN J. HARRISON<br>  Trial Attorney<br>  FL Bar No. 106379<br>U.S. Department of Justice<br>Environmental Defense Section<br>P.O. Box 7611<br>Washington, DC 20044<br>(202) 514-6187 (Lynk)<br>(202) 514-8865 (fax)<br>Brian.lynk@usdoj.gov<br>Andrew.knudsen@usdoj.gov<br>Kimere.kimball@usdoj.gov<br>Bryan.harrison@usdoj.gov<br><br>*Counsel for the United States of America* |

## CERTIFICATE OF SERVICE

      I certify that on July 18, 2024 a copy of this filing was served on all counsel of record using this Court's electronic filing system.

<em><u>/s/ Landon A. Wade</u></em><br>
LANDON A. WADE