IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff*,<br><br>v.<br><br>GREG ABBOTT, in his capacity as GOVERNOR OF THE STATE OF TEXAS, and THE STATE OF TEXAS,<br><br>*Defendants*. | Case No. 1:23-cv-00853-DAE |

**UNITED STATES' OPPOSITION
TO MOTION TO COMPEL DEPOSITION OF JUSTIN PETERS**

The United States opposes Texas's motion to compel the deposition of Captain Justin Peters and for costs. The Court should deny Texas's motion for four reasons.

*First*, Texas's two motions filed Wednesday evening violate this Court's order of July 14, 2024, ECF 167 ("Order"). As explained in that Order, at the last status conference Texas "contemplated filing at least two additional *Daubert* motions and additional discovery-related motions." Order at 1. The United States later proposed a schedule under which both parties could file no more than two additional discovery and/or *Daubert* motions to be heard on July 25, with the option of filing omnibus motions addressing multiple issues. ECF 158 at 2. The Court adopted the two-motion limit but rejected the omnibus motion proposal. Order at 2.

Texas appears to read the Court's order to authorize filing two more *each* of discovery and *Daubert* motions to be heard on July 25, rather than two discovery and/or *Daubert* motions *total*. *See* ECF 159, 160, 171, 172. This is an untenable reading, and the Court should decline to consider Texas's July 17 motions on this basis alone.

*Second*, Texas misrepresents questions asked and the privilege asserted in the deposition. *See generally* Ex. 2 (Peters Dep.) at 52:14-59:2.  Texas's counsel asked Captain Peters—a Coast Guard employee serving as a lay witness in his individual capacity—what he expected to testify to at trial.  *See* Ex. 2 at 52:10-53:7, 53:14-54:10.  The United States' counsel objected on work product grounds and instructed the witness not to answer, as information about what would be presented at trial could only come from conversations with counsel for the United States and would necessarily reveal elements of the United States' trial strategy.  *Id.*; *see also id.* 54:9-56:5, 57:3-58:6.  The United States' counsel noted that the requested testimony could also be attorney-client privileged but made it clear that Texas could still inquire into facts within Captain Peters' knowledge.  *Id.* 58:5-6, 16-20.  Texas's counsel nonetheless chose to stop questioning at that point.  *Id.* 58:10-11.

The work-product objection was proper as applied to conversations between Captain Peters and counsel for the United States.  In *Adams v. Memorial Hermann Hosp.*, 973 F.3d 343, 349 (5th Cir. 2020), the 5th Circuit upheld a district court's exclusion of testimony about conversations between an employee of the defendant and defense counsel.  Adams, 973 F.2d at 348.  In so doing the court described the work-product doctrine as "insulat[ing] a lawyer's research, analysis of legal theories, [and] mental impressions . . . from an opposing counsel's inquiries.  *Id.* at 349 (citation omitted).  Such analysis and mental impressions could be revealed by recounting a conversation just as easily as by disclosing a note or memorandum or other tangible document.  *See MC Trilogy Tex., LLC v. City of Heath, Tex.*, No. 3:22-cv-2154-D, 2024 WL 346512, at *10 (N.D. Tex. Jan. 29, 2024) (work product may be intangible; "[c]ourts have . . . extended intangible work product protection to verbal communications between attorneys and clients or witnesses.").

Questions about the scope of a lay witness's expected testimony (unlike an expert whose trial testimony will be limited to opinions disclosed in discovery) necessarily reveal how an attorney has prepared the witness for trial, including discussions the attorney has had with the witness regarding trial strategy and anything the attorney has asked the witness to do in preparation for giving that testimony.  Accordingly, the work-product privilege applies to those questions.

*Third*, although the United States told Texas it was willing to re-open Captain Peters deposition for limited purposes as a courtesy, *see supra*, there is no basis for shifting the costs of that deposition to the United States.  The United States explicitly did not preclude Captain Peters from testifying to any *facts*—only to the scope of testimony he may offer at trial.  Texas's counsel never followed up with the witness to ask whether he knew anything of what he planned to testify to at trial *exclusive* of communications with counsel.  Had Texas asked that follow-up question, the United States' counsel would have allowed the witness to testify about anything he had done to prepare for trial entirely of his own volition and without any direction from counsel, or anything he knew about what he may testify to *outside* of any discussions with counsel.  Because Texas did not ask these follow-up questions, and the United States did not preclude the witness from testifying about these areas, Texas is not entitled to costs to reopen the deposition to inquire on these topics.

*Fourth*, Texas failed to sufficiently meet and confer on this issue.  Texas emailed the United States' counsel at 4:01 p.m. on July 18 threatening to move to compel because Texas claimed the work-product doctrine could only apply to documents and tangible things and did not apply to facts a witness may know.  Ex. 1 at 2-3.  The United States promptly responded with case law demonstrating that work product indeed covers verbal communications between

counsel and witnesses that would reveal litigation strategy and reiterated that the United States did not preclude questioning on any facts. *Id*. at 2. In the spirit of compromise, however, the United States agreed to reopen the deposition for the limited purpose of Texas inquiring regarding whether Captain Peters had any knowledge as to what he may testify to at trial that does not come from his attorneys, or if he has done anything to prepare for trial that was not at the direction of attorneys. *Id*.

"'Good faith' requires a genuine attempt to resolve the dispute and 'conferment' requires two-way communication which is necessary to genuinely discuss any issues and to avoid judicial recourse." *Patel v. Shipper Servs. Express*, No. 5:20-CV-00267-OLG, 2020 WL 10056291, *1 (W.D. Tex. Oct. 19, 2020) (citations omitted). Had Texas explained that they believed they had been precluded from asking about any knowledge Peters had *exclusive* of attorney discussions, or any trial preparation he had done of his own volition, the parties could have meaningfully conferred on this point and potentially come to a resolution. Texas, however, offered nothing in response but a conclusory assertion the United States is wrong, then filed this motion. That is not good-faith conferral. *See id.* (parties do not satisfy conference requirement simply by demanding compliance).

Finally, Texas's ad hominem attack on counsel for the United States, ECF 172 at 2, is unwarranted and inappropriate. In the prior cited case, the court did not "rebuke" counsel for "abusive discovery practices." The motion before that court was a motion to extend the expert discovery deadline; the court took issue with the United States' producing documents on a rolling basis in accordance with the Advisory Committee notes to Rule 34(b)(2)(B) without including its intent to do so in the parties' discovery plan and denied the extension motion. There was no "abusive" discovery practice, nor was there any issue in that case that relates to the sole issue

presented here, i.e., whether it is proper to elicit testimony from a deponent that reveals opposing counsel's mental impressions and trial strategy.

## CONCLUSION

The United States has never tried to prevent Texas from gathering the "facts that Mr. Peters intends to testify about at trial," ECF 172, provided that Texas does so without intruding into the United States' counsel's mental impressions and trial strategy. Texas's refusal to ask proper questions is no basis for re-opening a deposition, and certainly not for imposing costs on the United States. Accordingly, the United States respectfully requests the Court deny Texas's motion to compel and for costs.

Respectfully submitted,

Dated:

| | |
|---|---|
| JAIME ESPARZA<br>UNITED STATES ATTORNEY | TODD KIM<br>ASSISTANT ATTORNEY GENERAL<br>Environment & Natural Resources Division |
| /s/ Landon A. Wade<br>LANDON WADE<br>  Assistant United States Attorney<br>  Texas Bar No. 24098560<br>United States Attorney's Office<br>Western District of Texas<br>903 San Jacinto Blvd., Ste. 334<br>Austin, TX 78701<br>(512) 370-1255 (tel.)<br>(512) 916-5854 (fax)<br>landon.wade@usdoj.gov | /s/ Brian H. Lynk<br>BRIAN H. LYNK<br>  Senior Trial Counsel<br>  DC Bar No. 459525<br>KIMERE J. KIMBALL<br>  Trial Attorney<br>  CA Bar No. 260660<br>ANDREW D. KNUDSEN<br>  Trial Attorney<br>  DC Bar No. 1019697<br>BRYAN J. HARRISON<br>  Trial Attorney<br>  FL Bar No. 106379<br>U.S. Department of Justice<br>Environmental Defense Section<br>P.O. Box 7611<br>Washington, DC 20044<br>(202) 514-6187 (Lynk)<br>(202) 514-8865 (fax)<br>Brian.lynk@usdoj.gov |

          Andrew.knudsen@usdoj.gov
          Kimere.kimball@usdoj.gov
          Bryan.harrison@usdoj.gov

         *Counsel for the United States of America*

## CERTIFICATE OF SERVICE

 I certify that on July 18 a copy of this filing was served on all counsel of record using this Court's electronic filing system.

          */s/ Landon A. Wade*
          LANDON A. WADE