| | |
|---|---|
| **From:** | Johnathan Stone <Johnathan.Stone@oag.texas.gov> |
| **Sent:** | Wednesday, July 17, 2024 7:10 PM |
| **To:** | Harrison, Bryan (ENRD); Kyle Tebo; Lynk, Brian (ENRD); Kimball, Kimere (ENRD); Wade, Landon (USATXW); Knudsen, Andrew (ENRD) |
| **Cc:** | David Bryant; Munera Al-Fuhaid; Kruger, Mary (USATXW) |
| **Subject:** | [EXTERNAL] Re: Discovery Related Motions |

I'll add that you are also wrong as a matter of fact. That is not what happened during the deposition. You are mischaracterizing the exchanges.

Kind regards,

**Johnathan Stone**
Special Counsel
Office of the Attorney General of Texas
Telephone: (512) 936-2613
Johnathan.Stone@oag.texas.gov

This is a confidential communication and intended for the addressee(s) only. Any unauthorized interception or disclosure of this transmission is prohibited pursuant to Tex. Gov't Code Ch. 552. If you are not the intended recipient of this message, please notify the sender and destroy this and all copies of this communication. Thank you.

---

**From:** Johnathan Stone <Johnathan.Stone@oag.texas.gov>
**Sent:** Wednesday, July 17, 2024 5:55 PM
**To:** Harrison, Bryan (ENRD) <Bryan.Harrison@usdoj.gov>; Kyle Tebo <Kyle.Tebo@oag.texas.gov>; Lynk, Brian (ENRD) <Brian.Lynk@usdoj.gov>; Kimball, Kimere (ENRD) <Kimere.Kimball@usdoj.gov>; Wade, Landon (USATXW) <Landon.Wade@usdoj.gov>; Knudsen, Andrew (ENRD) <Andrew.Knudsen@usdoj.gov>
**Cc:** David Bryant <David.Bryant@oag.texas.gov>; Munera Al-Fuhaid <Munera.Al-Fuhaid@oag.texas.gov>; Kruger, Mary (USATXW) <Mary.Kruger@usdoj.gov>
**Subject:** Re: Discovery Related Motions

You are wrong as a matter of law and cannot add privileges after the moment the privilege is asserted. Nonetheless, we appear close to an agreement. Will the USA agree to pay the costs of recalling Captain Peters? If so, let us know his availability for a virtual deposition by agreement.

Johnathan

Kind regards,

**Johnathan Stone**
Special Counsel
Office of the Attorney General of Texas
Telephone: (512) 936-2613
Johnathan.Stone@oag.texas.gov

This is a confidential communication and intended for the addressee(s) only. Any unauthorized interception or disclosure of this transmission is prohibited pursuant to Tex. Gov't Code Ch. 552. If you are not the intended recipient of this message, please notify the sender and destroy this and all copies of this communication. Thank you.

---

**From:** Harrison, Bryan (ENRD) <Bryan.Harrison@usdoj.gov>
**Sent:** Wednesday, July 17, 2024 5:41 PM
**To:** Johnathan Stone <Johnathan.Stone@oag.texas.gov>; Kyle Tebo <Kyle.Tebo@oag.texas.gov>; Lynk, Brian (ENRD) <Brian.Lynk@usdoj.gov>; Kimball, Kimere (ENRD) <Kimere.Kimball@usdoj.gov>; Wade, Landon (USATXW) <Landon.Wade@usdoj.gov>; Knudsen, Andrew (ENRD) <Andrew.Knudsen@usdoj.gov>
**Cc:** David Bryant <David.Bryant@oag.texas.gov>; Munera Al-Fuhaid <Munera.Al-Fuhaid@oag.texas.gov>; Kruger, Mary (USATXW) <Mary.Kruger@usdoj.gov>
**Subject:** RE: Discovery Related Motions

Johnathan – we objected to the line of questioning you reference on both attorney-client privilege and work product grounds. At the end of the deposition, you asked if the objection was only on the basis of attorney work product, or if it was also attorney client privilege, to which we stated it could be both.

At the outset, your assertion that work product does not apply to verbal communications is not in accordance with this Circuit's precedent.  The Fifth Circuit has explained that the work-product doctrine protects both tangible and intangible work product, and cases within the circuit have specifically applied that principle to verbal conversations between attorneys and witnesses. *See Adams v. Mem'l Hermann*, 973 F.3d 343, 349–50 (5th Cir. 2020); *MC Trilogy Texas, LLC v. City of Heath, Texas*, No. 3:22-CV-2154-D, 2024 WL 346512 (N.D. Tex. Jan. 29, 2024).

Moreover, we explicitly did not bar you from asking any factual questions. We only objected to questions where the witness's answer would necessarily reveal conversations with attorneys regarding trial strategy.  As explained in the deposition, asking a <u>lay</u> witness about what the witness may testify to at trial is necessarily a question of how the attorney has prepared that witness for trial, as the only possible information a witness may have on the topic comes from the attorney, and is the attorney's explicit mental impressions and trial strategy.

In the interest of coming to a resolution, if you would like to reopen the Peters deposition for the limited purpose of asking Peters if he has any knowledge of what he may testify to at trial that does not come from his attorneys, or if he has done anything to prepare for trial that was not at the direction of attorneys, we will not object to the reopening of the deposition to ask those limited questions in the time that Texas has remaining on the deposition.

Kind regards,
Bryan

---

**From:** Johnathan Stone <Johnathan.Stone@oag.texas.gov>
**Sent:** Wednesday, July 17, 2024 4:01 PM
**To:** Kyle Tebo <Kyle.Tebo@oag.texas.gov>; Harrison, Bryan (ENRD) <Bryan.Harrison@usdoj.gov>; Lynk, Brian (ENRD) <Brian.Lynk@usdoj.gov>; Kimball, Kimere (ENRD) <Kimere.Kimball@usdoj.gov>; Wade, Landon (USATXW) <LWade1@usa.doj.gov>; Knudsen, Andrew (ENRD) <Andrew.Knudsen@usdoj.gov>
**Cc:** David Bryant <David.Bryant@oag.texas.gov>; Munera Al-Fuhaid <Munera.Al-Fuhaid@oag.texas.gov>
**Subject:** [EXTERNAL] RE: Discovery Related Motions

We are also going to file a motion to compel and seek sanctions based on Kimere Kimball instructions to Captain Peters not to testify about the relevant factual information in this case that he intends to testify about at trial. Ms. Kimball asserted the work-product privilege as the sole basis for her instruction. The work product privilege only applies to *documents* and *tangible things*. Fed. R. Civ. P. 26(b)(3). And it only

applies to mental impressions, conclusions, opinions, or legal theories concerning the litigation. *Id*. It, obviously, does not apply to the *facts* that a fact witness intends to testify about at trial. We strongly believe that Magistrate Howell will agree that Ms. Kimball's instructions were frivolous and abusive.

Please let us know if you are opposed to our motion today by 6 pm central time or, alternatively, if you will agree to allow us to depose Captain Peters again for one hour to ask about the information that Ms. Kimball improperly instructed him not to answer.  You will pay for the costs of the deposition.

Kind regards,

**Johnathan Stone**
Special Counsel
Office of the Attorney General of Texas
Telephone: (512) 936-2613
Johnathan.Stone@oag.texas.gov

This is a confidential communication and intended for the addressee(s) only. Any unauthorized interception or disclosure of this transmission is prohibited pursuant to Tex. Gov't Code Ch. 552. If you are not the intended recipient of this message, please notify the sender and destroy this and all copies of this communication. Thank you.