IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff*,<br><br>v.<br><br>GREG ABBOTT, in his capacity as GOVERNOR OF THE STATE OF TEXAS, and THE STATE OF TEXAS,<br><br>*Defendants*. | Case No. 1:23-cv-00853-DAE |

**UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO EXCLUDE OR LIMIT THE EXPERT TESTIMONY OF JOHN C. TIMMEL**

JAIME ESPARZA
UNITED STATES ATTORNEY

LANDON A. WADE
  Assistant United States Attorney
  Texas Bar No. 24098560
United States Attorney's Office
Western District of Texas
903 San Jacinto Blvd., Suite 334
Austin, TX 78701
(512) 370-1255 (tel)
(512) 916-5854 (fax)
Landon.wade@usdoj.gov

TODD KIM
ASSISTANT ATTORNEY GENERAL
Environment & Natural Resources Division

BRIAN H. LYNK
  Senior Trial Counsel
  DC Bar No. 459525
BRYAN J. HARRISON
  Trial Attorney
  FL Bar No. 106379
KIMERE J. KIMBALL
  Trial Attorney
  CA Bar No. 260660
ANDREW D. KNUDSEN
  Trial Attorney
  DC Bar No. 1019697
U.S. Department of Justice
Environmental Defense Section
P.O. Box 7611
Washington, DC 20044
(202) 514-6187 (Lynk)
(202) 514-8865 (fax)
Brian.lynk@usdoj.gov

Dated:  July 18, 2024

*Counsel for the United States of America*

## INTRODUCTION

This Court should deny Texas's motion to preclude Captain John C. Timmel from testifying as an expert witness or from offering certain opinions. Texas fails to demonstrate that Captain Timmel is not qualified, that his opinions are unreliable, that his testimony is irrelevant, or that his testimony is more prejudicial than probative. *See* Fed. R. Evid. 401, 403, 702.

## BACKGROUND

This case concerns whether Texas unlawfully constructed an obstacle to navigation in the Rio Grande without a Rivers and Harbors Act ("RHA") permit from the Corps of Engineers. The United States retained Captain John C. Timmel to opine on the nature of Texas's floating barrier and its impact on the navigable capacity of the Rio Grande. Tex. Ex. B at 3.

Captain Timmel has extensive relevant experience. He has a B.S. in Marine Transportation and over 45 years of experience with marine operations, transportation, and safe boating in multiple capacities, including as a pilot. Tex. Ex. B at 5; *see also* Tex. Ex. D at 115:18-116:5, 155:22-156:15, 199:22-24. He has navigated and piloted vessels on over 18 major rivers in the United States. Tex. Ex. B at 5; Tex. Ex. D 155:22-156:15. His expert opinions are based on a thorough review of relevant court documents, photographs, tables, charts, consultation with peers and other experts, and were further informed by visiting the site. Tex. Ex. B at 3, 34-37 (listing over 50 documents and other pieces of information reviewed in preparing his expert opinions); Tex. Ex. D at 49:5-9.

## LEGAL STANDARD

The Court has broad discretion to determine the admission or exclusion of expert testimony. *See Shelter Ins. Cos. v. Ford Motor Co.*, 2006 U.S. App. LEXIS 31120 at * 5 (5th Cir. 2006). The judge serves as a gatekeeper to ensure that expert testimony is "not only relevant, but

1

reliable." *Kumho Tire Co. v. Carmichael*, 526 US 137, 147 (1999); *United States v. Ebron*, 683 F.3d 105, 139 (5th Cir. 2012). "The proponent has the burden of establishing, by a preponderance of the evidence, that the pertinent admissibility requirements are met." *United States v. Fullwood*, 342 F.3d 409, 412 (5th Cir. 2003). Federal Rule of Evidence 702 provides that a witness may provide an expert opinion if "it is more likely than not that: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case."

"While an expert opinion 'is not objectionable just because it embraces an ultimate issue' to be decided by the trier of fact, Fed. R. Evid. 704(a), experts may not offer legal opinions or advise the Court on how the law should be interpreted or applied to the facts in the case." *Aguilar v. Collazo-Diaz*, No. SA-22-cv-00642-XR, 2023 WL 6277372, *6 (W.D. Tex., Sept. 25, 2023); *see also McGowan v. S. Methodist Univ.*, No. 3:18-CV-00141-N, 2024 WL 946954, at *5 (N.D. Tex. Mar. 4, 2024) (experts "may never render conclusions of law") (citations omitted).

Only relevant evidence is admissible. Relevant evidence is evidence that has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Even if evidence is relevant, the court may in its discretion "exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

# ARGUMENT

Captain Timmel offers relevant and reliable expert testimony that goes directly to a core issue in this case—whether the stretch of the Rio Grande in which Texas installed the floating barrier is navigable, thus bringing that water within the ambit of the RHA. Texas's attempts to discount Captain Timmel's opinions are misguided and incorrect.

Of particular concern is Texas's assertion that Captain Timmel must consider legal standards under the RHA in order for his opinions to be relevant and reliable. Texas is wrong. For the purpose of the RHA, a river is navigable if the river can (1) be or have been (2) used or susceptible to use (3) in the ordinary or customary modes of trade and travel on water in (4) domestic or foreign commerce. *See* 33 C.F.R. § 329.4; Order (ECF No. 50) at 10 (quoting *Miami Valley Conservancy Dist. v. Alexander*, 692 F.2d 447, 450 (6th Cir. 1982)). Determining whether a water is navigable is not a purely legal issue, though; it is a question of fact. *See Dardar v. Lafourche Realty Co.*, 55 F.3d 1082, 1085 (5th Cir. 1995); *see also United States v. Appalachian Elec. Power Co.*, 311 U.S. 377, 404 (1940) (navigability standards and conclusion as to navigability "involve questions of law inseparable from the particular facts to which they are applied").

Texas repeatedly argues that Captain Timmel used the wrong standards in arriving at his opinions because Captain Timmel did not use RHA-specific legal standards. ECF No. 160 at 3-5, 9-10. This is not a basis for excluding expert opinions in their entirety.[1] It is the Court's role to define and interpret legal standards and apply those standards to the facts; indeed, experts are prohibited from offering legal conclusions. *Aguilar v. Collazo-Diaz*, 2023 WL 6277372, at *6.

---

[1] The United States does not agree, and does not concede, that Texas has correctly stated the governing law for navigability under the RHA in its motion to exclude Captain Timmel's testimony. *See, generally*, ECF No. 160.

Captain Timmel's opinions thus do not purport to conclude that certain waters are navigable within the meaning of the RHA; rather, he offers expert testimony for the Court to consider in making its navigability finding. Captain Timmel's opinions about the floating barrier, the potential hazards it poses to boaters, and its impact on the rivers navigability all aid the Court in determining if the Rio Grande is navigable under the RHA.

As discussed below, Texas has not shown that Captain Timmel's opinions are unreliable, irrelevant, or unduly prejudicial. Texas also fails to demonstrate that Captain Timmel lacks the specialized knowledge required of experts designated under Federal Rule of Evidence 702. The Court should deny Texas's motion seeking to exclude or limit Captain Timmel as an expert on these topics.[2]

### A. Captain Timmel possesses "specialized knowledge" qualifying him to offer expert opinions on the floating barrier and its impact on navigating the River.

Texas fails to provide any information calling into question whether Captain Timmel possesses "scientific, technical, or other specialized knowledge" as required by Fed. R. Evid. 702. "[T]o qualify as an expert, the witness must have such knowledge or experience in [his] field . . . to make it appear that his opinion or inference will probably aid the trier in his search for truth.'" *United States v. Hicks*, 389 F.3d 514, 524 (5th Cir. 2004) (internal quotations omitted).

Texas argues that Captain Timmel is not an expert on the "nature of the floating barrier system" or with respect to "the floating barrier system's impact upon the navigability of the Rio Grande."[3] ECF No. 160 at 2. With respect to the floating barrier, Texas alleges that Captain

---

[2] The relevant stretch of the Rio Grande River for the purpose of this litigation is between mile markers 275.5 and 610. An order limiting Captain Timmel's testimony to this portion of the river is not necessary as Texas requests. ECF No. 160 at 10.

[3] Without conceding that that the barrier is comprised of "buoys," the United States will use Texas's shorthand for Captain Timmel's expert topics for the purposes of this motion only.

Timmel is not qualified because he supposedly confessed he is not an expert on the floating barrier, booms, floats, or buoys. *Id.* at 2-3. Texas also argues that Captain Timmel is not an expert on determining whether the Rio Grande is navigable because Captain Timmel has not testified on the subject before, he is not an expert on the RHA and his opinions are based on the conclusions of others (the U.S. Coast Guard and the U.S. Army Corps of Engineers). ECF No. 160 at 5. None of Texas's attacks pass muster.

Captain Timmel possesses the "specialized knowledge" necessary to qualify as an expert on the floating barrier and its impact on the navigability of the Rio Grande. Captain Timmel has spent the last four decades personally piloting vessels in United States rivers and educating fellow boat captains and pilots on boating safety. *See* Tex. Ex. B at 5; Tex. Ex. D at 155:22-156:15, 199:22-24, 240:21-241:19, 244:5-11. He has navigated and piloted vessels on over 18 major rivers in the United States, including rivers that have similar characteristics to the Rio Grande. Tex. Ex. B at 5; Tex. Ex. D 155:22-156:15. Captain Timmel has over 60 years of training in marine operations and boating safety, standards, and practices. Tex. Ex. B at 5. Captain Timmel's experience demonstrates that he is qualified to testify on matters within his general expertise. *See Suzlon Wind Energy Corp. v. Shippers Stevedoring Co.*, 662 F. Supp. 2d. 623 665 (S.D. Tex. 2009).

Texas also claims that Captain Timmel offers no expertise on the nature of the buoy barrier because "in forming his opinions he used anachronistic definitions." ECF No. 160 at 3. Texas asserts that Captain Timmel must use "definitions appropriate to the [RHA]" rather than dictionary definitions. *Id.* This argument is flawed. Captain Timmel is not purporting to be an expert on the applicability of the RHA to the Rio Grande. Rather, he is opining on how the average mariner might approach navigating the river and the floating barriers impact on that. Captain Timmel utilizes his specialized knowledge and common understanding of buoys, floats, and booms to

5

explain why the distinction matters and its relevance to whether the floating barrier is a hazard to navigation. Tex. Ex. B at 9-21; Tex. Ex. D at 204:16-208:21, 207:13-208:21, 212:9-18. For example, Captain Timmel testified that a "buoy" "conveys navigational information in some fashion", Tex. Ex. D at 204:16-22; that a boom "is a string of floats that can restrict an area, creating either an obstacle or an obstruction, to prevent the movement of vessels"; *id.* at 205:11-14; and that the boom (i.e., the floating barrier) is a "hazard" to the "navigable capacity," meaning, "how many vessels can move through an area . . . in a certain amount of time," *id.* at 208:9-17. Captain Timmel's understanding of these terms is informed by his insights from his 60-years of experience as a mariner and his understanding of these terms as they are understood in the marine setting.

Texas also attempts to argue that Mr. Timmel is not an expert with respect to the floating barriers' impact on navigation. ECF No. 160 at 5. Texas claims that Captain Timmel relied exclusively on navigability determinations of others—the U.S. Coast Guard and U.S. Army Corps of Engineers—to form his opinions. *Id.* at 6. That is not the case nor is it supported by the record. To make that determination, Captain Timmel relied on his experience, understanding of the floating barrier, what a "reasonable and prudent mariner would do" in navigating around the barrier, his personal observations, and the concepts of "navigable in fact" and "navigable by statute", among other things, including a consideration of navigability determinations made by the Coast Guard and the Army Corps. *See, e.g.,* Tex. Ex. B at 28-30; Tex. Ex. D at 198:15-199:-24, 204:11-205:14, 207:13-22, 208:10-209:4, 217:13-20, 228:8-25, 239:4-16.

Captain Timmel clearly possesses the "specialized knowledge" required to be designated an expert pursuant to Rule 702 and employed that special knowledge in rendering his opinions. Captain Timmel should not be excluded on this basis.

### B. Captain Timmel's opinions regarding the barriers' impact to navigability are based on sufficient facts and data, reliable, and relevant.

Texas makes several scattered claims that Captain Timmel's opinions regarding the barrier's impact on navigability are unreliable or irrelevant. These claims are unsupported by the record. Captain Timmel's report and testimony demonstrate that his opinions are based on sufficient facts and data, are reliable, and are relevant to resolving key issues in the litigation.

*1. The facts and data supporting Captain Timmel's opinions regarding the barriers' impact to navigability are known and available to Texas.*

Texas claims that the basis for Captain Timmel's opinions regarding the floating barriers' impact on navigation is wholly unknown to Texas. This is patently false. Texas argues that Captain Timmel testified that "he formed his opinions in this case about the buoys impeding navigability **prior** to being retained, based solely on images from undisclosed news articles that he read online." ECF No. 160 at 7 (emphasis in original). Texas attempts to reinforce this argument by claiming that Captain Timmel's opinion has been "unwavering." ECF No. 160 at 8.

Captain Timmel did not testify, and the record does not show, that he formed a final opinion in Fall 2023. Rather, Captain Timmel testified that before he was retained as an expert he did some internet research about the barrier and formed "initial opinion[s]" primarily by "visual inspection and photographs" from news articles online. Tex. Ex. D at 78:1-82:8. Captain Timmel further clarified that he "did not form any final opinions during that period, *id.* at 85:3-5, and that he "would never have [an] opinion based strictly on what [he] saw online," *id.* at 88:13-22. Captain Timmel also answered affirmatively that his Report contained "the facts or data considered by [him] in forming all of [his] opinions in this case." *Id.* at 117:14-18.

Captain Timmel's report produced on May 10, 2024, and supplemented on June 4, 2024, details numerous documents, photographs, videos, maps, and other materials that support the bases

7

of his opinions and he testified as much. Tex. Ex. B at 35-36; Tex. Ex. D at 117:14-18. Texas has access to all of the materials that Captain Timmel considered in forming his opinions as a result of discovery or because they are readily available on the internet. U.S. Ex. A. And despite Texas's claim that the basis for Captain Timmel's opinions are "wholly unknown," Texas questioned Captain Timmel extensively about the documents upon which he relied. *E.g.,* Tex. Ex. D at 77:8-13, 91:2-23, 121:15-123:13, 225:11-227:20. Texas's claim that Captain Timmel's bases for his opinions is "wholly unknown" to Texas is unavailing and unsupported by the record.

2. *Captain Timmel's opinions that the floating barrier is an "obstacle" and a "hazard to navigation" and relevant and reliable.*

Texas claims that Captain Timmel's opinions regarding the barrier as an "obstacle" to navigation and a "hazard to navigation" are unreliable. Texas claims that Captain Timmel improperly relied on dictionary definitions rather than legal definitions; that his opinions "are premised on a misunderstanding of the basic terms about which he opines;" and that he otherwise did not base his opinion on sufficient information. ECF No. 160 at 9-10.

Captain Timmel is not opining about terms; he is using his extensive marine experience to opine about whether the floating barrier constitutes an obstacle and a hazard to navigation. For reasons explained earlier, *supra* at 3-4, it would be impermissible for Captain Timmel to rely exclusively on legal definitions and interpretations for terms of art in the RHA. Captain Timmel's reliance on his experience with, and general understanding of, "obstacles" and "hazards" to navigation does not lead to the conclusion that he "applied the wrong standard." ECF No. 160 at 9.

Texas also claims that Captain Timmel lacked sufficient information to conclude that the barrier poses a hazard because Captain Timmel has no information about whether boats in fact travel through Eagle Pass at night in bad weather. ECF No. 160 at 9-10. This argument is a

8

strawman. In his Report, Captain Timmel explains his methodology for assessing hazard and the information he considered, which included a physical site inspection, conducting research on the barrier, and talking to mariners that have operated in the vicinity of the barrier. Tex. Ex. B at 28. Based on that information, he concluded that "[a] structure that escalates the probability of hard groundings, allisions, and collisions is most certainly a hazard to navigation." Tex. Ex. B at 29. He also concluded that "the lack of lights make it a particular hazard in "periods of restricted ability and [to see] at night." *Id.* Captain Timmel testified to these facts at his deposition. Tex. Ex. D. at 258:18-25, 264:19-265:4, 273:8-274:5, 285:20-286:9. Captain Timmel's opinions are reasonable conclusions based on sufficient facts and data, regardless of whether he knows of specific instances of boats traveling at night in bad weather.

For these reasons, the Court should reject Texas's claims that Captain Timmel's opinions are unreliable or not based on sufficient facts and data.

**C. Captain Timmel's opinions are not potentially prejudicial to Texas or confusing to the trier in fact.**

Texas further argues that, even if Captain Timmel's testimony is relevant and reliable, it should nonetheless be excluded pursuant to Federal Rule of Evidence 403. Rule 403 provides that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." The bar for excluding such evidence is high and the scope is narrow. *United States v. El-Mezain*, 664 F.3d 467, 508 (5th Cir. 2011) (cautioning that "district courts should exclude evidence under Rule 403 in very few circumstances").

Texas argues that Captain Timmel's testimony regarding the nature of the "buoys" "will confuse and mislead" the fact finder "by applying the wrong definitions of terms, conflating

9

layman's definitions with those contained in the RHA." ECF No. 160 at 5. Texas similarly argues that Captain Timmel's testimony regarding "navigability" will be unfairly prejudicial and confuse the factfinder. *Id.* at 7. This is not a jury trial; the court is well equipped to make legal conclusions and is not susceptible to confusing lay terms with terms of art under the RHA.

Texas also argues that Captain Timmel's testimony regarding navigability is prejudicial because he relied "**solely** on the conclusions published by Plaintiff." ECF No. 160. at 7. Not only is this argument in tension with Texas's assertion that Captain Timmel relied solely on internet articles he read in Fall 2023, *see supra* at 3-4, but it's also incorrect and has no basis in the record, as explained in section A.

Finally, Texas claims that Captain Timmel's opinion concluding that the barriers "diminish the navigable capacity of the Rio Grande" are prejudicial to Texas because the opinion is based on an "anonymous observation from a federal employee" that was never disclosed to Texas in discovery. ECF No. 160 at 10. Captain Timmel's opinion is not based exclusively on an "anonymous observation," and that information was disclosed to Texas as required by Federal Rule of Civil Procedure 26. Second, Captain Timmel's opinion about diminished navigable capacity is supported by his personal experience, his understanding of the barrier as an obstruction, and boating safety considerations (like speed and risk of collision). *See, e.g.,* Tex. Ex. B at 27, 30-31; Tex. Ex. C at 211:4-214:0, 215:3-216:1, 273:15-274:5.

The Court should not exclude Captain Timmel's testimony based on Rule 403.

## CONCLUSION

For all of these reasons, the court should deny Texas's motion to exclude or limit the expert testimony of Captain Timmel.

Dated: July 18, 2024

| | |
|---|---|
| JAIME ESPARZA<br>UNITED STATES ATTORNEY | TODD KIM<br>ASSISTANT ATTORNEY GENERAL<br>Environment & Natural Resources Division |
| */s/ Landon A. Wade*<br>LANDON A. WADE<br>  Assistant United States Attorney<br>  Texas Bar No. 24098560<br>United States Attorney's Office<br>Western District of Texas<br>903 San Jacinto Blvd., Suite 334<br>Austin, TX 78701<br>(512) 370-1255 (tel)<br>(512) 916-5854 (fax)<br>Landon.wade@usdoj.gov | */s/ Andrew D. Knudsen*<br>ANDREW D. KNUDSEN<br>  Trial Attorney<br>  DC Bar No. 1019697<br>BRIAN H. LYNK<br>  Senior Trial Counsel<br>  DC Bar No. 459525<br>KIMERE J. KIMBALL<br>  Trial Attorney<br>  CA Bar No. 260660<br>BRYAN J. HARRISON<br>  Trial Attorney<br>  FL Bar No. 106379<br>U.S. Department of Justice<br>Environmental Defense Section<br>P.O. Box 7611<br>Washington, DC 20044<br>(202) 514-6187 (Lynk)<br>(202) 514-8865 (fax)<br>Brian.lynk@usdoj.gov<br>Kimere.kimball@usdoj.gov<br>Andrew.knudsen@usdoj.gov<br>Bryan.harrison@usdoj.gov<br><br>*Counsel for the United States of America* |

**CERTIFICATE OF SERVICE**

I certify that on July 18, 2024, a copy of this filing was served on counsel of record through the Court's electronic filing system.

*/s/ Andrew D. Knudsen*
Andrew D. Knudsen
