# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | |
| *Plaintiff*, | |
| v. | Case No. 1:23-cv-00853-DAE |
| GREG ABBOTT, in his capacity as GOVERNOR OF THE STATE OF TEXAS, and THE STATE OF TEXAS, | |
| *Defendants*. | |

## UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO EXCLUDE OR LIMIT THE EXPERT TESTIMONY OF TIMOTHY MACALLISTER

JAIME ESPARZA
UNITED STATES ATTORNEY

LANDON A. WADE
  Assistant United States Attorney
  Texas Bar No. 24098560
United States Attorney's Office
Western District of Texas
903 San Jacinto Blvd., Suite 334
Austin, TX 78701
(512) 370-1255 (tel)
(512) 916-5854 (fax)
Landon.wade@usdoj.gov

TODD KIM
ASSISTANT ATTORNEY GENERAL
Environment & Natural Resources Division

BRIAN H. LYNK
  Senior Trial Counsel
  DC Bar No. 459525
BRYAN J. HARRISON
  Trial Attorney
  FL Bar No. 106379
KIMERE J. KIMBALL
  Trial Attorney
  CA Bar No. 260660
ANDREW D. KNUDSEN
  Trial Attorney
  DC Bar No. 1019697
U.S. Department of Justice
Environmental Defense Section
P.O. Box 7611
Washington, DC 20044
(202) 514-6187 (Lynk)
(202) 514-8865 (fax)
Brian.lynk@usdoj.gov

Dated: July 18, 2024

*Counsel for the United States of America*

This Court should deny Texas's motion to preclude Mr. Timothy MacAllister from testifying as an expert witness. Texas fails to demonstrate that Mr. MacAllister does not qualify as an expert, that his opinions are unreliable, that his testimony is irrelevant, or that his testimony is more prejudicial than probative. *See* Fed. R. Evid. 401, 403, 702.

## BACKGROUND

This case is about a straightforward inquiry into whether Texas unlawfully built a structure in, or obstructed the navigable capacity of, the Rio Grande without first seeking a permit from the U.S. Army Corps of Engineers under the Rivers and Harbors Act ("RHA"). The United States identified Mr. MacAllister as an expert that can provide opinions on the current and potential future navigation of the Rio Grande.

Since 1995, Mr. MacAllister has been employed by the U.S. Army Corps of Engineers ("USACE"), and he currently serves as the Chief of Operations for the Fort Worth District. Tex. Ex. B at 2; Tex. Ex. C at 7:7-14. In past positions he has personally patrolled federal waters by motorboats, personal watercraft, and canoes. Tex. Ex. B at 2-3; Tex. Ex. C at 7:14-9:12. He has trained federal employees to effectively patrol federal waters and to maintain structures including dams and boat ramps.  Report at 2. In his current role, he oversees the management of 25 reservoirs and dams in support of flood risk management, hydropower generation, and recreation. Tex. Ex. B at 3; Tex. Ex. C at 8:15-19.

Mr. MacAllister offers three opinions regarding navigation on the Rio Grande:

- The Rio Grande, between river miles 275.5 to 610.0, has sufficient water flows to support navigation of the waterway by Class A and Class I vessels.[1]

---

[1] A Class A vessel is less than 16 feet in length. Tex. Ex. B at 5. Examples include canoes and kayaks. *Id.* A Class I Vessel is 16 feet to less than 26 feet in length. *Id.* Examples include Ski Bout and Run About. *Id.*

- The Rio Grande, between Eagle Pass, Texas and Laredo, Texas, is presently navigated by Class A and Class I vessels.

- Reasonable improvements can be made to the Rio Grande, between river miles 275.5 and 610.0, to enhance and incrementally improve navigation.

Tex. Ex. B at 12; *see also, e.g.,* Tex. Ex. C at 53:18-57:4, 74:14-78:22. These opinions are based on his experience and knowledge gained as a USACE employee, his personal observations from a site visit on May 21, 2024, and his review of various documents, such as navigability studies, storage dam operation information, and boating information. Tex. Ex. B at 11; *see also* Tex. Ex. C at 21:20-24; 27:21-25; 38:20-25; 53:11-54:4; 157:9-15.

## LEGAL STANDARD

The court has broad discretion to determine the admission or exclusion of expert testimony. *See Shelter Ins. Cos. v. Ford Motor Co.*, No. 06-60295, 2006 WL 3780474, at *2 (5th Cir. Dec. 18, 2006). The judge serves as a gatekeeper, to ensure that expert testimony is "not only relevant, but reliable." *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147 (1999); *United States v. Ebron*, 683 F.3d 105, 139 (5th Cir. 2012). "The proponent has the burden of establishing, by a preponderance of the evidence, that the pertinent admissibility requirements are met." *United States v. Fullwood*, 342 F.3d 409, 412 (5th Cir. 2003). Federal Rule of Evidence 702 provides that a witness may provide an expert opinion if "it is more likely than not that: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact at issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case."

"While an expert opinion 'is not objectionable just because it embraces an ultimate issue' to be decided by the trier of fact, Fed. R. Evid. 704(a), experts may not offer legal opinions or advise the Court on how the law should be interpreted or applied to the facts in the case." *Aguilar v. Collazo-Diaz*, No. SA-22-cv-00642-XR, 2023 WL 6277372, *6 (W.D. Tex., Sept. 25, 2023); *see also McGowan v. S. Methodist Univ.*, No. 3:18-CV-00141-N, 2024 WL 946954, at *5 (N.D. Tex. Mar. 4, 2024) (experts "may never render conclusions of law") (citations omitted).

Only relevant evidence is admissible. Relevant evidence is evidence that has "any tendency to make a fact more or less probable than it would be without the evidence." Fed. R. Evid. 401(a). Even if evidence is relevant, the court may in its discretion "exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

## ARGUMENT

Mr. MacAllister offers relevant testimony that goes directly to core issues in this case—whether the Rio Grande is susceptible to navigation or could be made so with reasonable improvements, thus bringing that water within the ambit of the RHA. Texas's attempts to discount Mr. MacAllister's opinions are misguided and incorrect.

Of particular concern is Texas's assertion that Mr. MacAllister must consider legal standards under the RHA in order for his opinions to be relevant and reliable. Texas is wrong. For the purpose of the RHA, a river is navigable if the river can (1) be or have been (2) used or susceptible to use (3) in the ordinary or customary modes of trade and travel on water in (4) domestic or foreign commerce. *See* 33 C.F.R. § 329.4; Order (ECF No. 50) at 10 (quoting *Miami Valley Conservancy Dist. v. Alexander*, 692 F.2d 447, 450 (6th Cir. 1982)). Determining whether

a water is navigable is not a purely legal issue, though; it is a question of fact. *See Dardar v. Lafourche Realty Co.,* 55 F.3d 1082, 1085 (5th Cir. 1995); *see also United States v. Appalachian Elec. Power Co.*, 311 U.S. 377, 404 (1940) (navigability standards and conclusion as to navigability "involve questions of law inseparable from the particular facts to which they are applied").

Texas repeatedly argues that Mr. MacAllister used the wrong standards in arriving at his opinions because Mr. MacAllister did not use RHA-specific legal standards. ECF No. 159 at 6-9. This is not a basis for excluding expert opinions in their entirety.[2] It is the Court's role to define and interpret legal standards and apply those standards to the facts; indeed, experts are prohibited from offering legal conclusions. *Aguilar v. Collazo-Diaz*, 2023 WL 6277372, at *6. Mr. MacAllister's opinions thus do not purport to conclude that certain waters are navigable within the meaning of the RHA; rather, he offers expert testimony for the Court to consider in making its navigability finding. Mr. MacAllister's opinions about the types of vessels that can and currently navigate the Rio Grande and the types of "reasonable improvements" that could enhance navigation on the River all aid the Court in determining if the Rio Grande is navigable under the RHA. *See, generally*, Tex. Ex. B.

As discussed below, Texas has not shown that Mr. MacAllister's opinions are unreliable, irrelevant, or unduly prejudicial or confusing. Texas also fails to demonstrate that Mr. MacAllister lacks the specialized knowledge required of experts designated under Federal Rule of Evidence 702. The Court should deny Texas's motion seeking to exclude Mr. MacAllister as an expert on these topics.

---

[2] The United States does not agree, and does not concede, that Texas has correctly stated the governing law for navigability under the RHA in its motion to exclude Mr. MacAllister's testimony. *See, generally*, ECF No. 159.

**A. Mr. MacAllister possesses the requisite "specialized knowledge" to qualify as an expert.**

Mr. MacAllister possesses "scientific, technical, or other specialized knowledge" as required by Fed. R. Evid. 702(a). "[T]o qualify as an expert, the witness must have such knowledge or experience in [his] field . . . to make it appear that his opinion or inference will probably aid the trier in his search for truth." *United States v. Hicks*, 389 F.3d 514, 524 (5th Cir. 2004) (internal quotations omitted).

Mr. MacAllister has "specialized knowledge" pertaining to both navigability and the potential for "reasonable improvements." Regarding, navigability, Mr. MacAllister has both personal and professional experience operating Class A and Class I vessels in shallow waters. Tex Ex. B at 2-4; Ex. C at 17:4-8, 46:4-49:21. He has experience patrolling in waters with as little as 6 inches of water depth and offers information about the types of boats that can operate in shallow water. Tex. Ex. B at 2-4. Indeed, these experiences inform his opinions and testimony regarding navigability of the relevant stretch of the Rio Grande. Tex. Ex. C at 46:22-47:9. He testified regarding minimum river depths necessary for small vessels to access the Rio Grande, and additionally, about specific sections of the Rio Grande, that he personally observed, where certain vessels could or could not access the river Tex. Ex. C at 55:25-57:11.

Texas claims that Mr. MacAllister is not qualified because he "had never even been on a vessel on the Rio Grande River prior to writing the report." ECF No. 159 at 4. However, "there is no requirement that an expert derive his opinion from 'first-hand knowledge or observation.'" *See Deshotel v. Wal-Mart La., L.L.C.*, 850 F.3d 742, 746-47 (5th Cir. 2017). Mr. MacAllister's expertise derives from many years of boating in rivers similar to the Rio Grande and his familiarity with vessels that can navigate shallow water depths, as described above. Nonetheless, Mr.

MacAllister has in fact visited the site, as Texas admits.[3] ECF No. 159 at 4; Tex. Ex. B at 11, 13 (stating MacAllister's site visit "reaffirm[ed] the opinions stated" in his original report); Tex. Ex. C at 17:4-20. At that time, he personally traveled the river in an airboat. Tex. Ex. C at 20:10-12, 21:2-24. Although he did not visit the site prior to initially writing his report, he may testify to matters to which he has first-hand knowledge that he can employ in forming certain opinions. *See* Fed. R. Evid. 701 (allowing opinion testimony for lay witnesses).

Mr. MacAllister likewise has specialized knowledge regarding "reasonable improvements" that can improve navigability. He has professional experience overseeing the management of dams and reservoirs to control water flows, Tex. Ex. C at 7:12-25, 8:15-19; 15:15-18, 22:21-23:9, as well as with dredging projects, at 7:12-25, 12:15-24. As a park ranger, he personally conducted maintenance activities, such as providing access to dam structures and removing trash/debris. Tex. Ex. B at 2. Based in part on these experiences, he offers practical knowledge about improvements to the Rio Grande that can support navigability. Indeed, many of his suggested improvements align with his experience, and he explains in his report those connections. For example, with respect to "[c]learing/dredging of shoals, or sandbars," Mr. MacAllister offered an anecdote, explaining how dredging improved navigability and water flow for Fisher Lake, which is within his purview as part of his district. Tex Ex. B at 2, 6-7.

Texas's assertion that Mr. MacAllister doesn't have the requisite experience is unavailing. Mr. MacAllister does not need specific experience with issuing navigability determinations under the RHA, issuing permits, training related to navigation on the Rio Grande River, or experience with commercial navigation. ECF No. 159 at 3-4. Such experience is not necessary; Mr.

---

[3] Mr. MacAllister visited the site in advance of his deposition. Texas was notified and had an opportunity to question Mr. MacAllister about that visit in deposition.

MacAllister is not opining on whether a Section 10 permit should be issued or whether the Corps should make a navigability determination. Rather, he's opining on what types of boats can currently navigate the Rio Grande and what reasonable improvements could be made to support potential future navigation. *See, generally*, Tex. Ex. B. Experts are permitted to testify to matters that are "within their general expertise," *Suzlon Wind Energy Corp. v. Shippers Stevedoring Co.*, 662 F. Supp. 2d 623, 665 (S.D. Tex. 2009), and navigability and "reasonable improvements" are matters for which he has developed specialized knowledge over his 29-year career with the Army Corps. The Court should not exclude Mr. MacAllister's testimony on this basis.

> **B. Mr. MacAllister's opinions about current and future navigation on the Rio Grande are relevant and can assist in resolving a fact-in-issue in the case.**

Mr. MacAllister's opinions regarding the current and future navigable capacity of the Rio Grande are directly relevant to this case. *See* Fed R. Evid. 401. Texas's arguments that his opinions are flawed and not relevant fail.

Texas attempts to discount Mr. MacAllister's opinions by claiming that Mr. MacAllister is not qualified to make navigability determinations pursuant to the RHA and goes on to argue that Mr. MacAllister fails to opine on specific issues, like commercial navigation, that in Texas's opinion are necessary to determine navigability in this case. As explained above, this argument is flawed and doesn't discount Mr. MacAllister's opinions regarding navigability. *See supra* at 3-4. Mr. MacAllister doesn't purport to be an expert in navigability determinations under the RHA. Instead, Mr. MacAllister is offering expert opinions on what types of vessels can and do operate on the relevant stretch of the Rio Grande. Mr. MacAllister's opinions about navigability are rooted in his experiences navigating shallow rivers, like the Rio Grande. Tex. Ex. B at 2-4; Tex. Ex. C at 46:22-47:9; 55:25-57:11. Mr. MacAllister offers opinions about minimum water depths necessary to operate Class A and Class I vessels and opines that the relevant stretch of the Rio Grande can

support navigation of such vehicles. *See* Tex. Ex. B at 4-5. He explains the factors that are relevant to making this assessment, like vessel drafts, vessel propulsion types, and water flows. *Id.*; Tex. Ex. C at 55:25-57:11. Mr. MacAllister's knowledge of navigability and colloquial understanding of that term are perfectly appropriate to support his opinions about current and potential future navigation, which is directly relevant to whether the Rio Grande is susceptible to navigation—a central issue in the case. *See* Fed. R. Evid. 401.

Likewise, there is no basis for Texas's claim that these opinions would confuse or mislead the trier-of-fact. *See* ECF No. 159 at 6; Fed. R. Evid. 403. This is not a jury trial; the court is well equipped to make legal conclusions and is not susceptible to confusing lay terms with terms of art under the RHA. Texas does not satisfy the high-bar for excluding evidence pursuant to Rule 403. *See United States v. El-Mezain*, 664 F.3d 467, 508 (5th Cir. 2011) (cautioning that "district courts should exclude evidence under Rule 403 in very few circumstances").

**C.    Mr. MacAllister's Opinions about Reasonable Improvements are Relevant.**

Texas argues that Mr. MacAllister's opinions about "reasonable improvements" are not relevant or reliable because they do not reflect Texas's view of the governing law. ECF No. 159 at 8. As discussed above, this position is misguided and incorrect. *See supra* at 3-4. Mr. MacAllister's opinion about "reasonable improvements" to enhance navigability of the river is based on his experience and knowledge and should not be improperly limited by Texas's view of the governing precedent. Mr. MacAllister is not offering opinions regarding *specific* projects and *specific* design specifications, scope, costs, and benefits, as Texas claims he must. ECF No. 159 at 8-9. Such specificity is not required for Mr. MacAllister's opinions to be relevant and reliable. Rather, Mr. MacAllister opines on practical considerations that can suffice for "reasonable

improvements"—such as managing water flow by the operation of dams, dredging to remove shoals and sandbars, removing snags and other debris, and building a boat ramp.

Texas also claims that Mr. MacAllister's opinions are unreliable (and irrelevant) because they are to some extent based on assumptions—e.g., that funds are available to cover costs of a project or that all regulatory authorizations are obtainable to conduct a project. Contrary to Texas's assertion, the fact that Mr. MacAllister made *some* assumptions does not mean that he "assumed all facts, data, and analyses" such that his opinions did not rely on sufficient data. ECF No. 159 at 9-10 (emphasis added).  "[A]n expert's reliance on assumptions does not itself make the expert opinion unreliable or inadmissible." *Veroblue Farms USA, Inc. v. Wulf*, No. 3:19-cv-764-X, 2023 WL 348963, at *8 (N.D. Tex., Jan. 20, 2023). Mr. MacAllister testified "the only assumptions that I was given was that I had funding and authorizations to go do so, treaties, I didn't have to worry about that. So could incremental increases to the ability to utilize the river be achieved." Tex. Ex. C at 44:25-45:3. As explained above, Mr. MacAllister is not opining on *specific* projects that would allegedly satisfy RHA legal requirements asserted by Texas. Rather, Mr. MacAllister is opining on practical considerations that would constitute "reasonable improvements" to make the river more accessible by vessels, and therefore, improve future navigability. Tex Ex. B at 6-7; *supra* at 5. The assumptions Mr. MacAllister was given permitted him to focus his opinions on improvements that are technically feasible. To the extent Texas takes issue with the factors that are relevant to assessing what constitutes a "reasonable improvement," such concerns speak to weight not admissibility. *See Suzlon Wind Energy Corp.*, 662 F. Supp. 2d at 667.

Mr. MacAllister's opinions are reliable, relevant, and based on sufficient facts and specialized knowledge. *See, e.g.,* Tex. Ex. B at 2-3, 6-7, 11; Tex. Ex. C at 21:20-24, 27:21-25, 38:20-25, 53:12-54:4, 157:9-15. Mr. MacAllister's opinions should not be excluded on this basis.

### D.  Mr. MacAllister's Opinions are Reliable Pursuant to *Daubert* and its Progeny.

Mr. MacAllister's opinions satisfy the flexible reliability standard of 702. *See Kumho Tire Co.*, 526 U.S. at 142. Texas claims that Mr. MacAllister's opinions are nothing more than his *ipse dixit*. Tex. Mot. at 10. Texas's rigid view of *Daubert* and reliability is unavailing. Whether evidence is reliable often depends on the circumstances of a particular case. *Kumho Tire Co.*, 526 U.S. at 150. "[A] trial court not only has broad latitude in determining whether an expert's testimony is reliable, but also in deciding *how* to determine the testimony's reliability." *Hangarter*, 373 F.3d at 1017 (internal quotations omitted). Depending on the nature of the testimony, traditional *Daubert* factors (peer review, publication, potential error rate, etc.) may not be the relevant measure of reliability. *Id.*; *see also Kumho Tire*, 526 U.S at 150.

Here, the reliability of testimony "depends heavily on the *knowledge and experience* of the expert, rather than the methodology or theory behind it." *See Hangarter*, 373 F.3d at 1017 (internal citations omitted). As described at length above, Mr. MacAllister has ample experience as an Army Corps employee and the knowledge he has gained during his employment informs his opinions about current and future navigability of the Rio Grande, as well as the reasonableness of certain improvements to enhance navigability. Texas's claim that Mr. MacAllister has "no independent knowledge, skill, experience, training, or education qualifying him to testify as an expert," ECF No. 159 at 10, is not supported by the record. The knowledge and experience that Mr. MacAllister brought to bear in forming his opinions satisfies *Daubert* and its progeny.

## CONCLUSION

For all of these reasons, the court should deny Texas's motion to exclude or limit the expert testimony of Mr. MacAllister.

 Dated:  July 18, 2024

JAIME ESPARZA
UNITED STATES ATTORNEY

/s/ Landon A. Wade
LANDON A. WADE
  Assistant United States Attorney
  Texas Bar No. 24098560
United States Attorney's Office
Western District of Texas
903 San Jacinto Blvd., Suite 334
Austin, TX 78701
(512) 370-1255 (tel)
(512) 916-5854 (fax)
Landon.wade@usdoj.gov

TODD KIM
ASSISTANT ATTORNEY GENERAL
Environment & Natural Resources Division

/s/ Andrew D. Knudsen
ANDREW D. KNUDSEN
  Trial Attorney
  DC Bar No. 1019697
BRIAN H. LYNK
  Senior Trial Counsel
  DC Bar No. 459525
KIMERE J. KIMBALL
  Trial Attorney
  CA Bar No. 260660
BRYAN J. HARRISON
  Trial Attorney
  FL Bar No. 106379
U.S. Department of Justice
Environmental Defense Section
P.O. Box 7611
Washington, DC 20044
(202) 514-6187 (Lynk)
(202) 514-8865 (fax)
Brian.lynk@usdoj.gov
Kimere.kimball@usdoj.gov
Andrew.knudsen@usdoj.gov
Bryan.harrison@usdoj.gov

*Counsel for the United States of America*

11

## **CERTIFICATE OF SERVICE**

I certify that on July 18, 2024, a copy of this filing was served on counsel of record through the Court's electronic filing system.

*/s/ Andrew D. Knudsen*
Andrew D. Knudsen