IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| *Plaintiff,* | |
| v. | CIVIL ACTION NO. 1:23-CV-00853 |
| **GREG ABBOTT, ET AL.,** | |
| *Defendants.* | |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO EXCLUDE
CERTAIN OPINIONS OF CAPTAIN THOMAS CIARAMETARO**

Defendants Greg Abbott, in his capacity as Governor of the State of Texas, and the State of Texas, hereby files the following Response to Plaintiff's Motion to Exclude Certain Opinions of Captain Thomas Ciarametaro and respectfully offer the following in support:

## BACKGROUND

On May 3, 2024, Plaintiff designated Captain John Timmel as a retained testifying expert on "the nature of the floating barrier system deployed in the Rio Grande by the State of Texas, and the floating barrier system's impact upon the navigability of the Rio Grande." Ex. A at 2.

On May 9, 2024, Plaintiff produced a report from Cpt. Timmel wherein he opined that the buoys at issue in this case constitute a structure, specifically a boom, and that the buoys obstruct navigation on the Rio Grande River. Ex. B.

In response, on June 7, 2024, Defendants designated Captain Thomas Ciarametaro as an expert to testify, *inter alia*, about "navigation… [and] the nature and impact of the buoys…." Ex. C at 4.

On June 14, 2024, Defendants produced an expert report by Cpt. Ciarametaro wherein he opined that, contrary to Cpt. Timmel's conclusions, the buoys at issue in this case do not constitute a structure (a boom or otherwise) and do not obstruct navigation on the Rio Grande River. Ex. D. at 28-34.

On July 9, 2024, Plaintiff's counsel deposed Cpt. Ciarametaro. Ex. E.

On July 17, 2024, Plaintiff moved to exclude Cpt. Ciarametaro's opinions: (1) that the buoys are not a structure because it was "dictated" by Defendants' counsel; (2) that the buoys are not a structure and do not obstruct navigation on the Rio Grande River because they are improper legal

1

conclusions[1]; and (3) that Plaintiff's proposal to improve the Rio Grande River is infeasible and that the buoys do not obstruct navigation on the Rio Grande River because he is unqualified to offer these opinions. ECF 170.

<strong>RESPONSE</strong>

**I.      Plaintiff Failed to Show Defendant's Counsel "Ghost-Wrote" Cpt. Ciarametaro's Report.**

Plaintiff argues that Cpt. Ciarametaro's opinions on whether the buoys are a structure under the RHA should be excluded because counsel for Defendants assisted him with writing his report. ECF 170 at 2-3.

"The party seeking to strike an expert's testimony [as dictated by counsel] has the burden of proving that the report was 'ghost-written.'" *Seitz v. Envirotech Sys. Worldwide Inc.*, No. H-02-4782, 2008 WL 656513, at *2 (S.D. Tex. Mar. 6, 2008). Rule 26(a)(2)(B) requires that an expert report be "prepared and signed by the witness," but an attorney may assist the expert in drafting the report:

> Rule 26(a)(2)(B) does not preclude counsel from providing assistance to experts in preparing the reports, and indeed, with experts such as automobile mechanics, this assistance may be needed. Nevertheless, the report, which is intended to set forth the substance of the direct examination, should be written in a manner that reflects the testimony to be given by the witness and it must be signed by the witness.

Fed. R. Civ. P. 26 advisory committee's note (1993).

---

[1] The Court should take note of the *in pari delicto* nature of Plaintiff's argument. Plaintiff designated an expert who opined on whether the buoys are a structure and obstruct navigation on the Rio Grande River. Exs. A at 2 & B at 18-32. But when Defendants designated an expert in response to opine on same—Plaintiff moved to exclude those opinions as improper legal conclusions. *Compare* Ex. B at 18-32 (Cpt. Timmel opining on subjects) *with* Ex. D. at 28-34 (Cpt. Ciarametaro opining on the same subjects) *and with* ECF 170 (moving to exclude Cpt. Ciarametaro opinions on the subjects as legal conclusions). Defendants ask that if the Court rules that Cpt. Ciarametaro's opinions on these subjects are excluded as improper legal conclusions that a reciprocal order be entered prohibiting Cpt. Timmel from testifying about the same subjects for exactly the same reasons.

2

"[A]s long as the substance of the opinions is from the expert, the attorney's involvement in the written expression of those opinions does not make them inadmissible." *Seitz v. Envirotech Sys. Worldwide Inc.*, No. H-02-4782, 2008 WL 656513, at *2 (S.D. Tex. Mar. 6, 2008). However, "[p]reparing the expert's opinion from whole cloth and then asking the expert to sign it if he or she wishes to adopt it conflicts with Rule 26(a)(2)(B)'s requirement that the expert 'prepare' the report. Preparation implies involvement other than perusing a report drafted by someone else and signing one's name at the bottom to signify agreement." *Id.*; *Tech Pharmacy Services, LLC v. Alixa Rx LLC*, 2017 WL 3388020, at *2 (E.D.Tex., 2017).

Here, the bases for Plaintiff's claim that undersigned counsel "dictated" Cpt. Ciarametaro's opinions in this case, ECF 170 at 2, is Cpt. Ciarametaro's testimony that undersigned counsel assisted him with the following paragraph in his 32-page expert report highlighted below:

> Finally, the buoys are not other structures under the RHA. ==""Structures" means "any pier, boat dock, boat ramp, wharf, dolphin, weir, boom, breakwater, bulkhead, revetment, riprap, jetty, artificial island, artificial reef, permanent mooring structure, power transmission line, permanently moored floating vessel, piling, aid to navigation, or any other obstacle or obstruction." 33 C.F.R. § 322.2(b); *United States v. Hall*, 63 F.472, 474 (1st Cir. 1894) (describing "structures" as "all obstructions of a permanent nature."). Structures must affect the course, location, or condition of a waterway in such a manner as to impact on its navigable capacity. 33 C.F.R. § 322.3(a); 33 U.S.C. § 403.== The buoys do not affect the course, location, or condition of the Rio Grande River in such a manner as to impact its navigable capacity, for all the reasons discussed elsewhere in this report; therefore, the buoys are not other structures.

Ex. D at 32.

Plaintiff has not and cannot prove that Defendants' counsel ghost-wrote Cpt. Ciarametaro's expert report. First, contrary to Plaintiff's assertion, the highlighted portion is not an opinion—it is the definition of "structure" contained in the RHA. Second, the inclusion of two sentences in a 32-page report falls far below the standard showing that the report was ghost-written and presented

3

to Cpt. Ciarametaro to sign. In *Tech Pharmacy Services, LLC*, the trial court held that an expert was substantially involved in the drafting of his report where counsel wrote the report and the expert made edits and agreed with its conclusions. 2017 WL 3388020, at *2. The trial court found nothing untoward in 5/43 paragraphs in the expert report containing language duplicative from defense counsels prior briefing. *Id*. Here, the two objectionable sentences in Cpt. Ciarametaro's 32-page report aren't even from Defense counsel's prior briefings—they are from the RHA (the statute at issue in this lawsuit).

The Court should deny this frivolous argument and assess the costs of responding to this defamatory claim against Plaintiff and/or Plaintiff's counsel.

## II.     Cpt. Ciarametaro's Opinions are Not Legal Conclusions.

Plaintiff contends that Cpt. Timmel's opinions on whether the buoys are a structure and obstruct navigation on the Rio Grande River are permissible, but when Cpt. Ciarametaro opines on the same subjects his opinions are impermissible legal conclusions. ECF 170.

While an expert opinion "is not objectionable just because it embraces an ultimate issue" to be decided by the trier of fact, Fed. R. Evid. 704(a), experts may not offer legal opinions or advise the Court on how the law should be interpreted or applied to the facts in the case. *See Estate of Sowell*, 198 F.3d at 171; *Snap-Drape, Inc. v. C.I.R.*, 98 F.3d 194, 198 (5th Cir. 1996) (experts may not render conclusions of law). Such testimony "both invades the court's province and is irrelevant." *Owen v. Kerr–McGee Corp.*, 698 F.2d 236, 240 (5th Cir. 1983).

However, when opinion testimony combines both law and fact, the question is "whether the opinion will 'help the trier of fact to understand the evidence or to determine a fact in issue.'" 29 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 6284 (2d ed.)

(quoting Fed. R. Civ. P. 702); *Aguilar v. Collazo-Diaz*, 2023 WL 6277372, at *6 (W.D.Tex., 2023) But "there is often a fine line between admissible expert testimony pertaining to inferences that can be drawn from the facts of the case and inadmissible legal conclusions." *United States v. Oti*, 872 F.3d 678, 692 (5th Cir. 2017). "Whether an opinion can be viewed as a legal conclusion ... depends in large part upon the question asked." *See Tolan v. City of Bellaire*, No. H-09-1234, 2015 WL 12765413, at *3 (S.D. Tex. Aug. 28, 2015) (citing *United States v. Perkins*, 470 F.3d 150, 159–90 (4th Cir. 2006)).

The trial court expects expert testimony to assist the trier-of-fact with determining whether the buoys are a structure, ECF 114 at 21 n.7 (observing when partially granting motion to dismiss that "[a]t trial, production of evidence and **expert testimony could demonstrate the buoy barrier is a boom, other structure, or no structure**."), and whether they obstruct navigation on the Rio Grande River, *see* ECF 50 at 14 (relying in part on expert testimony when determining whether buoys obstruct navigation during preliminary injunction proceedings). It is standard practice in RHA suits to assist the factfinder. *See e.g. U.S. v. Hernandez*, 979 F.Supp. 70, 78 (D.Puerto Rico,1997) (experts testifying whether houseboats were structures and obstructed navigable capacity of waterway); *U.S. v. Ohio Barge Lines, Inc.*, 607 F.2d 624, 632-633 (C.A.Pa., 1979); *U.S. v. Weisman*, 489 F.Supp. 1331, 1338-39 (D.C.Fla., 1980); *U.S. v. Board of Trustees of Fla. Keys Community College*, 531 F.Supp. 267, 271 (D.C.Fla., 1981); *Norfolk & Western Co. v. U. S.*, 641 F.2d 1201, 1205 (C.A.Ohio, 1980). In *Agri-Trans Corp. v. Gladders Barge Line, Inc.*, for instance, the trial court relied on the uncontradicted expert testimony that a sunken AT-104 was an obstruction to navigation or navigable capacity under the RHA. 721 F.2d 1005, 1008 (C.A.Miss.,1983). Defendants could cite numerous cases where Courts permitted expert testimony to assist the

factfinder with understanding the evidence and facts in an RHA suit. *See U.S. v. Armco Steel Corp.*, 333 F.Supp. 1073, 1076 (D.C.Tex., 1971); *U. S. v. Rohm & Haas Co.*, 353 F.Supp. 993, 994 (D.C.Tex., 1973) (same); *Lykes Bros., Inc. v. U.S. Army Corps of Engineers*, 64 F.3d 630, 636 (C.A.11 (Fla.),1995) (experts opining on whether soil samples showed historical navigability through Cowbone Marsh for the purposes of the RHA).

Experts are essential to resolving RHA disputes. As the trial court observed in *U. S. v. Crow, Pope & Land Enterprises, Inc.*, "[e]ven a cursory reading of the evidence upon which [RHA navigability judicial] decisions were based reveals the frequently astounding amount of factual information, expert testimony and historical data ordinarily recited in support of the court's findings." 340 F.Supp. 25, 31 (D.C.Ga., 1972). The trial court went on to express deep frustration with the parties' failure to retain experts to assist the Court with understanding the evidence and facts at issue. It observed, for example, with respect to whether the proposed improvements were reasonable such that the waterway could be deemed navigable for the purposes of the RHA that "**without the guidance of experts in the field, the court cannot independently take judicial notice that improvements, of unknown cost, would be reasonable**." *Id*. at 36 (emphasis added).

Captain Ciarametaro will assist the Court in deciding whether the buoys are boom, other structure, or not a structure, and whether they obstruct navigation on the Rio Grande River. ECF 114 at 21 n.7; ECF 50 at 14; *see also Boone v. U.S.*, 725 F.Supp. 1509, 1510 (D.Hawaii,1989) (David Ezra) (Judge Ezra relying on expert testimony relating to navigability when deciding an RHA suit). Thus, to the extent his opinions on whether the buoys are a structure and obstruct navigability on the Rio Grande River rely, in part, on the definitions of those terms provided in the RHA, it is permissible because it will assist the factfinder in understanding the evidence and facts in the case.

Captain Ciarametaro is not providing legal conclusions in this case. *See* Ex. E at 39, 150:1-17 (testifying that he is not a legal expert and all legal opinions in this case are up to the Court). He is testifying as a lifelong mariner based on his training, knowledge, education, and experience, and after conducting a site visit, as to whether he believes the buoys are a structure and whether they obstruct navigation. His opinions do not go to the ultimate issues in this suit (at most they will assist with 2/5 of the necessary elements to establish an RHA claim). His opinions were not based solely on the application of facts to statutory definitions in the RHA. *See id*. at 16, 58:5-11 ("I was given some definitions in which I did not rely on. Due to my experience, education and training, I came to my own conclusions.") & 58:18-21 ("There are, I believe, two definitions in here which were given to me by the State of Texas, but I did not solely rely on them to make my determinations.").

Ultimately, Captain Ciarametaro concluded that the buoys are *not* a structure because they are not permanently moored and that they do not affect the course, location, or condition of the Rio Grande Rive in such a manner as to impact on its navigable capacity. Ex. D. at 28-32. He reached this conclusion in part by relying on his prior experience placing strings of attached buoys in navigable waters without the need for a Section 10 permit from USACE. See Ex. E at 39-40, 153:10-156:17. He personally visited the buoys, traveled around them in a vessel, and spoke with individuals who operate vessels in their vicinity in concluding that they do not obstruct navigation. His opinions in this case are not legal conclusions, but rather the expert opinions of a lifelong mariner who conducted a physical site visit and has 18-years of training, knowledge, education, and experience on the subjects at issue. Ex. E at 40, 156:14- 157:13. They will assist the factfinder in this case and should be permitted. Ex. E at 33, 126:24-127:20 (Cpt. Ciarametaro testifying that he did

not rely on the RHA definitions, but they are concurrent with his own independent conclusions in this case).

### III. Captain Ciarametaro is Qualified to Offer Expert Opinions.

Plaintiff argues that Cpt. Ciarametaro is unqualified to offer opinions on whether the improvements proposed by Plaintiff are reasonable and whether the buoys are an obstacle to navigation or the navigable capacity of the Rio Grande River. ECF 170.

"A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise…." Fed. R. Evid. 702.

Captain Ciarametaro is qualified to offer opinions on whether the improvements proposed by Plaintiff to make the Rio Grande River navigable are reasonable. "What is a 'reasonable' improvement is always a matter of degree; there **must be a balance between cost and need at a time when the improvement would be (or would have been) useful**… The determination of reasonable improvement is often similar to the cost analyses presently made in Corps of Engineers [feasibility] studies." 33 C.F.R. § 329.8(b) (emphasis added). Captain Ciarametaro served as Harbormaster for the City of Gloucester for eight years where he oversaw projects involving federal, state, and local funds and permit applications. See Ex. D at 37. He was personally involved with $10 million in project developments, including dredging projects in navigable waters subject to USACE permit requirements. *Id.* He is intimately familiar with the RHA permitting process and project feasibility studies. *Id.* He is not an economist nor is he opining in this case "from an economist's point of view." ECF 170 at 3-4. Instead, he is testifying from 18-years' worth of knowledge, skill, experience, training, and education about the reasonableness of the costs of improving the Rio Grande River in relation to the projected benefits identified by Plaintiff—exactly the type of decisions and calculations he made on a regular basis when deciding what projects to

move forward with as the Harbormaster of a major U.S. port. His testimony will assist the factfinder in this case with deciding the reasonableness of the proposed improvements.

Captain Ciarametaro is qualified to offer opinions on whether the buoys are an obstacle to navigation or the navigable capacity of the Rio Grande River. He has 18-years of education, training background, and experiences as a professional mariner. Ex. D at 3. He is a licensed Captain and licensed Harbormaster and holds many other maritime-related licenses and certificates. *Id*. at 3-4, 36-40. He is an 11-year U.S. Coast Guard active-duty veteran and holds a 100 G.T Masters U.S. Merchant Marine license. *Id*. at 36. He conducted a site visit to the buoys, navigated around them in a vessel, interviewed others who operate vessels in the vicinity of the buoys, and reviewed ariel footage of the river taken in May 2024 from River Miles 275.5 to 610. *Id*. at 4. The Captain is imminently qualified to testify on the subject of whether the buoys obstruct navigation or the navigable capacity of the Rio Grande River.

Plaintiff's motion to exclude Cpt. Ciarametaro's opinions because he did not consider the impact of the buoys over the past year and in their original location prior to being relocated fails because it does not explain why such considerations are relevant and why they do not go to the weight of his testimony. Plaintiff's expert, Cpt. Timmel, failed to consider either when offering his opinions in this case (opinions that Cpt. Ciarametaro responded to). *See* Ex. B (Cpt. Timmel's expert report). In the event this Court excludes Cpt. Ciarametaro's opinions because he failed to consider the buoys original location and their impact over the past year, Defendants ask that it enter a reciprocal order excluding Cpt. Timmel's opinions on the buoys impact to navigability and the navigable capacity of the Rio Grande River for the same reasons.

The Court, however, should not enter such an order because the impact of the buoys to navigability prior to being relocated several weeks after their installation a year ago is entirely irrelevant to whether Plaintiff is entitled to injunctive relief ordering their removal from where they are *currently located*. And whether Cpt. Ciarametaro considered all evidence of the buoys impact to commercial navigation over the past year is no more than a desperate attempt to shift the burden of proving the existence of commercial navigation onto Defendants. **No documentary evidence has been produced by Plaintiff in discovery showing any impact from the buoys on commercial navigation on the Rio Grande River over the past year nor on the course, location, and condition of the Rio Grande River**. None. If such evidence existed then Plaintiff's counsel could have and would have confronted Cpt. Ciarametaro with it at his deposition. Plaintiff didn't because it can't. This Court should disregard Plaintiff's effort to exclude Cpt. Ciarametaro for failing to consider evidence that does not exist—and was not considered by its own experts.[2] *See* Ex. E at 39, 150:25-152:6 (Cpt. Ciarametaro testifying about the basis for his opinions that the buoys do not impact the course, location, and condition of the Rio Grande River).

This Court should deny Plaintiff's request to exclude Cpt. Ciarametaro's opinions.

---

[2] To the extent Plaintiff argues Cpt. Ciarametaro failed to consider non-commercial navigation over the past year and the course, location and condition of the river, Cpt Ciarametaro read all of Plaintiff's expert reports, reviewed the evidence relied on for those reports, and attended the deposition of Cpt. Timmel. So, he necessarily considered the same evidence considered by Cpt. Timmel in addition to all of the evidence he independently reviewed. He also conducted a site visit and navigated on a vessel on the Rio Grande River around the buoys, interviewed locals, and watched an ariel video of the entire reach taken in May 2024. Plaintiff's claim that Cpt. Ciarametaro lacks sufficient data and facts to opine on buoys impact on the course, location, and condition of the river is pure conjecture and unsupported by any evidence or rebuttal opinion from Cpt. Timmel.

## CONCLUSION

For all the foregoing reasons, Cpt. Ciarametaro's opinion testimony should NOT be excluded. Defendants ask that this Court deny Plaintiff's Motion to Exclude Certain Opinions of Thomas Ciarametaro and0020for any further relief to which they are justly entitled.

Date: July 18, 2024

Respectfully submitted,

Ken Paxton
Attorney General of the State of Texas

Brent Webster
First Assistant Attorney General

Ralph Molina
Deputy Attorney General for Legal Strategy

Ryan Walters
Chief, Special Litigation Division

Office of the Attorney General
P. O. Box 12548, MC-009
Austin, TX 78711-2548
(512) 936-217

*/s/ Johnathan Stone*
**Johnathan Stone**
Special Counsel
Tex. State Bar No. 24071779
Johnathan.stone@oag.texas.gov

David Bryant
Senior Special Counsel
Tex. State Bar No. 03281500
david.bryant@oag.texas.gov

Munera Al-Fuhaid
Special Counsel
Tex. State Bar No. 24094501
munera.al-fuhaid@oag.texas.gov

Kyle S. Tebo
Special Counsel
Tex. State Bar No. 24137691
kyle.tebo@oag.texas.gov

Zachary Berg
Special Counsel
Tex. State Bar. 24107706
Zachary.Berg@oag.texas.gov

**Counsel for Defendants**

## CERTIFICATE OF SERVICE

On July 18, 2024, this document was filed electronically through the Court's CM/ECF system, which automatically serves all counsel of record.

*s/ Johnathan Stone*
**Johnathan Stone**
Special Counsel