IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

UNITED STATES OF AMERICA,

    *Plaintiff,*

v.

GREG ABBOTT, ET AL.,

    *Defendants.*

CIVIL ACTION NO. AU:23-CV-00853-DAE

**DEFENDANTS' RESPONSE TO PLAINTIFF'S
MOTION TO COMPEL PRIVILEGED INFORMATION**

Defendants Greg Abbott, in his capacity as Governor of the State of Texas, and the State of Texas, hereby move that Plaintiff's Motion to Compel (ECF 164) be denied, or in the alternative, that the Court conduct *in camera* review of the privileged materials, and respectfully offer the following in support:

**BACKGROUND**

On or about June 4, 2024, Defendants' counsel emailed its retained experts a document consisting of an early *draft* omnibus expert report outline. The outline was created by Defendants' counsel and consisted of attorney mental impressions and opinions. The draft omnibus expert report outline was an early draft. It contained an incomplete section with some partial definitions. These draft definitions were subsequently copied-and-pasted into the body of an email and sent to Plaintiff's counsel at their request.

On July 1, 2024, Plaintiff deposed Dr. Heather Miller an expert retained by Defendants. This was Plaintiff's **first deposition** in the case. Dr. Miller testified that she saw, at one point, some definitions in a draft document from Defendants' counsel, but she went on to testify that she

1

did not rely on any of those definitions (indeed, she couldn't remember what they were).

Plaintiff's counsel deposed nine additional expert witnesses after Dr. Miller. None testified that they relied on any undisclosed assumptions or definitions received from Defendants' counsel. Those that relied, to any degree, on definitions provided by Defendants' counsel stated so in their expert reports and at their depositions.

Nonetheless, on July 16, 2024, Plaintiff filed a motion seeking to compel production of the privileged email and draft omnibus expert report outline created by Defendants' counsel. Plaintiff speculates that Defendants' experts may have secretly relied on undisclosed assumptions or definitions contained therein, ECF 164 at 1, despite conceding that none of the experts "so much as mention the email" nor the draft omnibus expert report outline as being relied on in forming their expert opinions in this case, *id*. at 3.

Defendants ask that the Court deny Plaintiff's request for privileged information.

## ARGUMENT

### I.      Defendants' Experts Did Not Rely on Undisclosed Assumptions or Definitions.

Plaintiff speculates that Defendants' testifying experts relied on undisclosed assumptions. ECF 164.

There is no evidence supporting this claim. Plaintiff's selective, cherry-picked, out-of-context quotes from two transcripts does not demonstrate that Defendants' experts relied on undisclosed assumptions. A complete reading of the deposition transcripts show that the experts did not rely on any undisclosed assumptions or definitions provided by Defendants' counsel.

Plaintiff's motion largely relies on mischaracterizing the testimony of Dr. Miller. She testified that the *only assumption* she was aware of in the case was the stretch of the river at issue

(River Miles 275.5 to 610). Miller Dep. 79:22-25. When Defendants retained experts in this case, they did not know what river miles were at issue. Plaintiff refused to disclose the exact stretch they contended was navigable in this case until May 3, 2024 (under threat of a motion to compel). Dr. Miller's testimony is referencing when she was told the exact stretch of the Rio Grande River to focus her research on.

Plaintiff misrepresents Dr. Miller's testimony to imply that Defendants provided an assumption that "only up-and down river traffic constituted navigation." ECF 164 at 6, citing Miller Dep. 81:6-9 (miscited by Plaintiff as 80:5-9). The testimony in question, seen as a more fulsome quote, consists of Dr. Miller denying that Texas provided any assumptions regarding types of watercrafts or transport that should she consider in forming her expert opinion. Miller Dep. 81:2-9.

As the Plaintiff admits, however, Dr. Miller testified that she did not use any definitions provided by Defendants in her report. ECF 164 at 6 (citing Miller Dep. 79:20-80:16). Plaintiff leaves out that Dr. Miller had no recollection of any definitions that Texas provided to her and did not rely on any assumptions or definitions provided by Defendants' counsel in forming her opinions in this case. Miller Dep. 80:2-4.

As Plaintiff also admits, Dr. Eleftherios Iakovou testified that he did not rely upon any definitions provided by Texas. ECF No. 164 at 6, citing Iakovou Dep. 168:23-25. Dr. Iakovou admitted that Texas provided him with one term that he was not familiar, "highway of commerce," but he detailed the steps he took to personalize his knowledge of the term before including it in his report:

> So I did my due diligence. For example, I found a couple of books on Amazon dating, I
> believe, 18-something, 1880 and then 1920. I looked at the definitions and, clearly, what I

saw is, you know -- by the way, this is the time where the federal government in the U.S. was funding, specifically, for example, inland waterways to grow commerce, right? To grow commerce how? North/south, right? And then rail comes and it goes west/east, and rail picks up most of the capabilities of inland. So that's a term, it was used by the Feds and federal agencies in the earlier times. The books that I found on Amazon, which I kind of liked it because I was able to understand a little bit, where is this coming from? Archaic, of course. But the actual definitions that I found, and one of them was provided by counselor from before, is absolutely nothing but the intermodal logistics infrastructure networks of today. In other words, we're talking about corridors of rail, ocean, waterborne, tracks, right? How they connect together to serve commerce, global and increasingly fragmented centralized/decentralized supply chains. And I believe that's the only term that I wasn't aware of that was given to me.

Iakovou Dep. 54:25-56:1.

When asked by Plaintiff whether attorneys from the State of Texas ever told him to make any assumptions for the purpose of the case, Dr. Iakovou replied, "I would like to be on record, categorically, no. Categorically, no." Iakovou Dep. 182:13-21. When asked by Plaintiff whether he had been asked to assume that navigable waters must be part of a highway of commerce, Dr. Iakovou replied, "No, I had - no, no, no. Nobody asked me to assume anything." Iakovou Dep. 171:15-19.

## II.    The Email and Draft Expert Report Outline are Protected by the Attorney-Client and Attorney Work-Product Privileges.

Federal R. Civ. P. 26(b)(4)(B) protects from disclosure drafts of any expert report regardless of the form in which the draft is recorded. The document Plaintiff seeks is an early draft omnibus outline of the expert reports created by Defendants' counsel and attached to a one-sentence email. This email and draft outline are entitled to attorney work-product privilege. They were created by Defendants' counsel and consist of mental impressions and opinions, except for the definitions portion (which was already emailed to Plaintiff's counsel).

Additionally, Fed. R. Civ. P. 26(b)(4)(C) protects from disclosure all communications between testifying experts and attorneys, except to the limited extent those communications relate

4

to compensation, identifying facts and data that the expert considered in forming their opinions, or "identify assumptions that the party's attorney provided and that the expert *relied on* in forming the opinions to be expressed."

Plaintiff's counsel has not and cannot identify **any experts** who testified that they were provided with undisclosed assumptions from Defendants' counsel that they relied on in forming their opinions. Plaintiff's conspiracy theory is unsupported by any evidence. Ms. Miller was **the first deposition** taken by Plaintiff's counsel in this case—and Plaintiff learned during it that some definitions had been shared at one point with some of the witnesses. In other words, Plaintiff knew from the very first expert deposition about the privileged information it now seeks to compel the production of. Plaintiff took nine more expert depositions and could not find a single expert who testified they relied on undisclosed assumptions. Plaintiff's conspiracy theory that Defendants' experts secretly relied on undisclosed assumptions is unsupported by any evidence—just the pure conjecture of Plaintiff's counsel.

## CONCLUSION

WHEREFORE, Defendant respectfully request that the Court deny plaintiff's motion to compel OR in the alternative order in camera review of the email to determine whether Defendants assert of privilege is appropriate, and for such other and further relief as may be appropriate.

Date: July 18, 2024

Ken Paxton
Attorney General of the State of Texas

Brent Webster
First Assistant Attorney General

Ralph Molina
Deputy Attorney General for Legal Strategy

Ryan Walters
Chief, Special Litigation Division

Office of the Attorney General
P. O. Box 12548, MC-009
Austin, TX 78711-2548
(512) 936-2172

Respectfully submitted,

*/s/ Johnathan Stone*
**Johnathan Stone**
Special Counsel
Tex. State Bar No. 24071779
Johnathan.stone@oag.texas.gov

David Bryant
Senior Special Counsel
Tex. State Bar No. 03281500
david.bryant@oag.texas.gov

Munera Al-Fuhaid
Special Counsel
Tex. State Bar No. 24094501
munera.al-fuhaid@oag.texas.gov

Kyle S. Tebo
Special Counsel
Tex. State Bar No. 24137691
kyle.tebo@oag.texas.gov

Zachary Berg
Special Counsel
Tex. State Bar. 24107706
Zachary.Berg@oag.texas.gov

**Counsel for Defendants**

## CERTIFICATE OF SERVICE

On July 18, 2024, this document was filed electronically through the Court's CM/ECF system, which automatically serves all counsel of record.

*s/ Johnathan Stone*
**Johnathan Stone**
Special Counsel