IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff*,<br><br>v.<br><br>GREG ABBOTT, in his capacity as GOVERNOR OF THE STATE OF TEXAS, and THE STATE OF TEXAS,<br><br>*Defendants*. | Case No. 1:23-cv-00853-DAE |

UNITED STATES' REPLY IN SUPPORT OF MOTION
TO EXCLUDE CERTAIN OPINIONS
OF CAPTAIN THOMAS CIARAMETARO

JAIME ESPARZA
UNITED STATES ATTORNEY

LANDON A. WADE
   Assistant United States Attorney
   Texas Bar No. 24098560
United States Attorney's Office
Western District of Texas
903 San Jacinto Blvd., Suite 334
Austin, TX 78701
(512) 370-1255 (tel)
(512) 916-5854 (fax)
Landon.wade@usdoj.gov

TODD KIM
ASSISTANT ATTORNEY GENERAL
Environment & Natural Resources Division

BRIAN H. LYNK
   Senior Trial Counsel
   DC Bar No. 459525
BRYAN J. HARRISON
   Trial Attorney
   FL Bar No. 106379
KIMERE J. KIMBALL
   Trial Attorney
   CA Bar No. 260660
ANDREW D. KNUDSEN
   Trial Attorney
   DC Bar No. 1019697
U.S. Department of Justice
Environmental Defense Section
P.O. Box 7611
Washington, DC 20044
(202) 514-6187 (Lynk)
(202) 514-8865 (fax)
Brian.lynk@usdoj.gov

Dated:  July 22, 2024

*Counsel for the United States of America*

The United States filed a motion establishing that three opinions of Texas's proffered expert witness Captain Thomas Ciarametaro should be excluded pursuant to Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 589 (1993) and its progeny: (1) his opinion that Texas's floating barrier is not a "structure" under the Rivers and Harbors Act (RHA); (2) his opinion that improvements to the Rio Grande to allow navigation are infeasible and prohibitively costly; and (3) his opinion that Texas's floating barrier is not an obstruction under the RHA.  ECF No. 170.  Texas's opposition does not refute this showing.  ECF No. 177.

With respect to the "structure" opinion, Texas's opposition confirms that, within the relevant portion of Capt. Ciarametaro's report, everything but the introductory sentence and the conclusion came from counsel.  *See* ECF No. 177 at 3 (yellow highlighting the text that Capt. Ciarametaro testified he received from Texas counsel).  The introductory sentence contains only a cursory assertion: "Finally, the buoys are not other structures under the RHA."  *Id.*  The concluding sentence states:  "The buoys do not affect the course, location, or condition of the Rio Grande River in such a manner as to impact its navigable capacity, *for all the reasons discussed elsewhere in this report*; therefore, the buoys are not other structures."  *Id.* (emphasis added).  Thus, the only support Capt. Ciarametaro identified for his "structure" opinion, beyond the legal analysis he admits receiving from counsel, is his separate opinion that the barrier does not "affect the course, location, or condition" of the Rio Grande and therefore is not an "obstruction" —an opinion that also fails to qualify for admissibility under Rule 702 and *Daubert*.  *See* ECF No. 170 at 4; *infra* at 3-4.

Texas disputes that Capt. Ciarametero's "structure" opinion was ghostwritten.  ECF No. 177 at 3. Regardless of whether that label fits, what is indisputable is that Capt. Ciarametaro identifies no "reliable principles and methods" that he was qualified to use in his own capacity as

an expert witness, and that he actually applied, in reaching his opinion that the floating barrier is not a structure. Fed. R. Evid. 702; *see Kumho Tire Co. v. Carmichael*, 526 US 137, 147 (1999) (expert testimony must be "not only relevant, but reliable"); *Daubert, 509 U.S. at 589*. Rather, his structure opinion is based solely on: (1) the legal definitions he received from counsel; and (2) his analysis of a different issue altogether—whether the floating barrier is an obstruction. His opinion that the floating barrier is not a structure should therefore be excluded.

On the second contested opinion—that improvements to facilitate commercial navigation of the Rio Grande are infeasible and prohibitively costly—the United States' motion did not deny Capt. Ciarametaro's past involvement with dredging projects and with seeking RHA permits for them, which Texas's opposition emphasizes. ECF No. 177 at 8. Regardless of his experience with these matters, however, in *this* case Capt. Ciarametaro offers broad conclusions about the cost and feasibility of improvements to the Rio Grande for which neither his report nor his testimony identify a principled and methodological basis.

In particular, while Capt. Ciarametaro claims that there are only two possible ways to improve the Rio Grande's navigability—dredging, or locks and dams, ECF No. 170-2 at 15—he did little or nothing to concretely consider and evaluate the necessity and associated cost of either option before reaching the conclusion that both are infeasible and prohibitively costly. For example, in reaching his opinions about the feasibility and costliness of dredging as an option for improving the Rio Grande's navigability, Capt. Ciarametaro:

- Did not quantify the scale of dredging that would be required, though he admits it "is quantifiable, for sure," *id.* at 15;
- Did not even attempt to "conceptually identify what would be the scale of the project," *id.* at 16;

- Did not attempt to quantify the cost of the project, *id.*;

- Did not attempt to define any threshold for what quantity of commercial navigation would be "sufficient to make the project worthwhile," *id.*; and

- Did not attempt to quantify the threshold at which the resources needed for infrastructure to support such a project would become "impractical" as he states, in conclusory fashion, in his report, *id.* at 17.

Capt. Ciarametaro's basis for opining about locks and dams as a navigability improvement option is even *more* lacking. Texas's opposition identifies nothing that Capt. Ciarametaro did to support any specific opinions about their cost and feasibility, beyond reviewing a portion of the work of a different proffered expert, Ancil Taylor. Nor is there any evidence that Capt. Ciametaro has experience with locks and dams that would even qualify him to offer an opinion.

In short, Capt. Ciarametaro may well be "qualified" to testify about dredging (although not locks and dams) in some capacity, but he did not substantiate the specific *opinions* that his report indicates he is offering in this case about the feasibility or cost of navigability improvements to the Rio Grande. These opinions should be excluded because they lack the indicia of reliability that Rule 702 and the caselaw require.

With respect to the final contested opinion relating to the issue of obstruction, Texas attacks a straw man by arguing that whether Capt. Ciarametaro considered "evidence of commercial navigation" prior to the date of this site visit should not affect the admissibility of his opinion. ECF No. 177 at 10. This argument missed the point. Capt. Ciametaro offers an opinion that goes well beyond impacts on "commercial navigation." He opines that in the roughly one year since it was first placed in the Rio Grande, the floating barrier has had *no effect* on "the course, location, or condition of the Rio Grande." ECF No. 170 at 4. Such an opinion cannot be reliably

based on a single day's observation made 11 months after the barrier was placed, plus one video taken days later, while admittedly failing to consider any data from the first 11 months. *Id.*

For all of these reasons and those set forth in ECF No. 170, the court should exclude the expert testimony identified above and in ECF No. 170.

Respectfully submitted,

Dated:  July 22, 2024

| | |
|---|---|
| JAIME ESPARZA<br>UNITED STATES ATTORNEY | TODD KIM<br>ASSISTANT ATTORNEY GENERAL<br>Environment & Natural Resources Division |
| */s/ Landon A. Wade*<br>LANDON A. WADE<br>  Assistant United States Attorney<br>  Texas Bar No. 24098560<br>United States Attorney's Office<br>Western District of Texas<br>903 San Jacinto Blvd., Suite 334<br>Austin, TX 78701<br>(512) 370-1255 (tel)<br>(512) 916-5854 (fax)<br>Landon.wade@usdoj.gov | */s/ Brian H. Lynk*<br>ANDREW D. KNUDSEN<br>  Trial Attorney<br>  DC Bar No. 1019697<br>BRIAN H. LYNK<br>  Senior Trial Counsel<br>  DC Bar No. 459525<br>KIMERE J. KIMBALL<br>  Trial Attorney<br>  CA Bar No. 260660<br>BRYAN J. HARRISON<br>  Trial Attorney<br>  FL Bar No. 106379<br>U.S. Department of Justice<br>Environmental Defense Section<br>P.O. Box 7611<br>Washington, DC 20044<br>(202) 514-6187 (Lynk)<br>(202) 514-8865 (fax)<br>Brian.lynk@usdoj.gov<br>Kimere.kimball@usdoj.gov<br>Andrew.knudsen@usdoj.gov<br>Bryan.harrison@usdoj.gov<br><br>*Counsel for the United States of America* |

**CERTIFICATE OF SERVICE**

    I certify that on July 22, 2024, a copy of this filing was served on counsel of record through the Court's electronic filing system.

                                                      */s Brian H. Lynk*
                                                      Brian H. Lynk