IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** *Plaintiff,* v. **GREG ABBOTT, ET AL.,** *Defendants.* | **CIVIL ACTION NO. 1:23-CV-00853-DAE** |

**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO EXCLUDE OR LIMIT THE EXPERT TESTIMONY OF JOHN C. TIMMEL**

Defendants Greg Abbott, in his capacity as Governor of the State of Texas, and the State of Texas (together, "Texas") file this Reply in Support of Defendants' Motion to Exclude or Limit the Expert Witness Testimony of John C. Timmel. ECF No. 160. Plaintiff responded that Captain Timmel does possess specialized knowledge, his opinions are relevant and reliable despite utilizing different definitions than those that apply under the River and Harbors Act, and his opinions should not be excluded under *Daubert*. ECF No. 175. Defendants respectfully offer the following reply:

**ARGUMENT**

**I.     Captain Timmel's testimony is not relevant or reliable.**

Plaintiff offers the testimony of Captain John C. Timmel to bolster their assertions that the Rio Grande River, from river mile markers 275.5 to 610, is navigable and that the floating buoys at issue in this case are both a "boom" and an "other structure" under the Rivers and Harbors Appropriation Act of 1899 ("the RHA" or "the Act"). After reading publicly available news

1

articles and reading some online dictionary definitions, and before even laying eyes on the buoys in person, Captain Timmel reached exactly those conclusions. ECF No. 160-1 at 21, 78:1 - 80:7. However, Captain Timmel's predetermined opinions dictated the outcome of his analysis to such an extent that this Court should deem them inadmissible under Fed. R. Evid. 702. Captain Timmel's opinions simply repeat arguments that Plaintiff may make on its own.

Plaintiff argues that Captain Timmel relied on his specialized knowledge as a mariner to arrive at his conclusions that the floating buoys are a "boom" and an "other structure" under the RHA and that they obstruct navigation. *See* ECF No. 175 at 5-7. Yet in so arguing, Plaintiff highlights Captain Timmel's choice to rely on incorrect standards found within online dictionary definitions, rather than the appropriate standards and definitions applicable under the RHA.

To take just one example, Captain Timmel relied on the definition of "structure" he found on vocabulary.com, an online dictionary. ECF No. 160-2 at 21. He proffered that a structure is "something of many parts that is put together. A structure can be a skyscraper, an outhouse, your body, or a sentence." *Id*. Using this inapplicable definition of structure – rather than the correct definition under the RHA - would lead to the mistaken conclusion that a person wading or swimming in the Rio Grande would need to obtain a Section 10 permit from the Army Corps of Engineers before entering the river because the person's body is a "structure." Captain Timmel may have experience piloting vessels in rivers, but his report and deposition testimony make clear that his underlying assumptions about the meaning of relevant terms render his opinions not useful to the Court.

II. **Captain Timmel's proffered testimony would not assist the trier of fact.**

Plaintiff argues that "this is not a jury trial; the court is well equipped to make legal

conclusions and is not susceptible to confusing lay terms with terms of art under the RHA." ECF No. 175 at 11. But Defendants have demanded a trial by jury, and this Court has not denied that request. *See* ECF No. 123. Even if the Court does later deny the request, such a denial would not increase the reliability of Captain Timmel's opinions under *Daubert v. Merrill Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). Captain Timmel's reliance on inapplicable standards as the basis for his opinions render them speculative and irrelevant under Fed. R. Evid. 702. The likelihood that his testimony would confuse the factfinder is in tension with the objectives of expert testimony intended by Fed. R. Evid. 702. *See Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147 (1999) (noting that Federal Rule of evidence 702 imposes a special obligation on a trial judge to ensure that all expert testimony is relevant and reliable).

Captain Timmel's conclusion on navigability merely restates the conclusions of the U.S. Coast Guard and U.S. Army Corps of Engineers and will not assist the trier of fact. Captain Timmel admitted that in determining the Rio Grande River is navigable, he simply relied on the conclusions published by the Coast Guard and Army Corps of Engineers. *See* ECF No. 160-2 at 10-17; ECF No. 160-4 at 51, 199:1-17; 59, 230:17-24; 61, 239:8-16. "An expert who simply repeats the hearsay of the client who retained him, without any independent investigation or analysis, does not assist the trier of fact in understanding matters that require specialized knowledge." *Arista Records LLC v. Usenet.com, Inc.*, 608 F.Supp.2d 409, 429 (S.D.N.Y., 2009) Plaintiff may offer Coast Guard and Army Corps of Engineers determinations of navigability without any supporting opinion from Captain Timmel.

## Conclusion

WHEREFORE, Defendants respectfully request that the Court grant the Motion to

Exclude or Limit the Expert Testimony of John C. Timmel and grant such other and further relief as may be appropriate.

| | |
|---|---|
| Date: July 22, 2024 | Respectfully submitted, |

Ken Paxton
Attorney General of the State of Texas

Brent Webster
First Assistant Attorney General

Ralph Molina
Deputy Attorney General for Legal Strategy

Ryan Walters
Chief, Special Litigation Division

Office of the Attorney General
P. O. Box 12548, MC-009
Austin, TX 78711-2548
(512) 936-2172

/s/ Johnathan Stone
**Johnathan Stone**
Special Counsel
Tex. State Bar No. 24071779
Johnathan.stone@oag.texas.gov

David Bryant
Senior Special Counsel
Tex. State Bar No. 03281500
david.bryant@oag.texas.gov

Munera Al-Fuhaid
Special Counsel
Tex. State Bar No. 24094501
munera.al-fuhaid@oag.texas.gov

Kyle S. Tebo
Special Counsel
Tex. State Bar No. 24137691
kyle.tebo@oag.texas.gov

Zachary Berg
Special Counsel
Tex. State Bar. 24107706
Zachary.Berg@oag.texas.gov

**Counsel for Defendants**

### Certificate of Service

On July 22, 2024, this document was filed electronically through the Court's CM/ECF system, which automatically serves all counsel of record.

*s/ Johnathan Stone*
**Johnathan Stone**Special Counsel