IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff*,<br><br>v.<br><br>GREG ABBOTT, in his capacity as GOVERNOR OF THE STATE OF TEXAS, and THE STATE OF TEXAS,<br><br>*Defendants*. | Case No. 1:23-cv-00853-DAE |

**REPLY IN SUPPORT OF UNITED STATES' MOTION TO COMPEL**

JAIME ESPARZA
UNITED STATES ATTORNEY

LANDON A. WADE
  Assistant United States Attorney
  Texas Bar No. 24098560
United States Attorney's Office
Western District of Texas
903 San Jacinto Blvd., Suite 334
Austin, TX 78701
(512) 370-1255 (tel)
(512) 916-5854 (fax)
Landon.wade@usdoj.gov

TODD KIM
ASSISTANT ATTORNEY GENERAL
Environment & Natural Resources Division

BRIAN H. LYNK
  Senior Trial Counsel
  DC Bar No. 459525
BRYAN J. HARRISON
  Trial Attorney
  FL Bar No. 106379
KIMERE J. KIMBALL
  Trial Attorney
  CA Bar No. 260660
ANDREW D. KNUDSEN
  Trial Attorney
  DC Bar No. 1019697
U.S. Department of Justice
Environmental Defense Section
P.O. Box 7611
Washington, DC 20044
(202) 514-6187 (Lynk)
(202) 514-8865 (fax)
Brian.lynk@usdoj.gov

Dated:  July 22, 2024

*Counsel for the United States of America*

Texas cannot have it both ways. On the one hand it tries to invoke work-product protection by claiming its counsel sent retained experts "a document consisting of an early *draft*, omnibus expert report outline." ECF 180 at 1 (emphasis in original). As a threshold matter, this is the first time Texas has made this explicit claim; Texas made no such objection in response to the United States' Request for Production 12, which asked for "all documents and communications reflecting any assumption any expert Texas intends to call at trial . . . relies on to form any opinions . . . ." *See* ECF 164 Ex. 1 at 10. More to the point, Texas's circulation of a shell report would unavoidably raise the question of how much the Texas-provided assumptions shaped its experts' views. Texas correctly notes that several experts testified that they did not rely on these assumptions, *see* ECF 180 at 2-4, but without knowing exactly what Texas sent its experts the United States could not explore whether Texas's assumptions influenced those experts' opinions in ways they may not even have been aware of themselves. Thus, if this material is protected work product (which the United States does not concede), the United States has a "substantial need" for this material, which it cannot acquire by any other means. *See* Fed. R. Civ. P. 26(b)(3)(A)(ii).[1]

If, on the other hand, Texas's counsel sent its experts only assumptions and definitions, that is not protected work product and must be produced to the United States. *See* Fed. R. Civ. P. 26(b)(4)(C)(iii); *United States ex rel. Wall v. Vista Hospice Care*, 319 F.R.D. 498, 508 (N.D. Tex. 2016) (notwithstanding work-product protections Rule 26(b)(4)(C) required production of draft report sent from counsel to expert "to the extent that portions of the draft . . . identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed."). Texas's reliance on its experts' testimony that they did not rely on these assumptions,

---

[1] The United States requests that, at a minimum, the Court review the email (or emails, if there were multiple transmissions) in camera to ensure that the "copied-and-pasted," ECF 180 at 1, portion provided to the United States contains all the material the United States is entitled to.

ECF 180 at 5, again misses the point.[2]  Because the United States did not know (indeed, still does not know) precisely what Texas told its experts to assume, it could not probe those responses and explore how much Texas's one-sided view of the law may have affected each expert's opinion.  *See Antero Res. Corp. v. C&R Downhole Drilling, Inc.*, No. 16-cv-668-Y, 2017 WL 11685172 *3 (N.D. Tex. Feb. 24, 2017) (Rule 26(4)(C)(ii) required production of materials that expert viewed and considered notwithstanding expert's testimony that he did not rely on them); ECF 164 at 6.  For example, Dr. Douglas Shields testified at his deposition about his (mistaken) belief that "we have legislation in this country, the law of the land, that says water resources projects' benefits must exceed costs."  Shields Dep. 140:5-10.  This closely tracks the assumptions that Texas provided to its experts.  *See* ECF 164 Ex. 2 at 2 ¶ 3(i).  Because Texas did not disclose the correspondence the United States seeks production of here, the United States was unable to probe the extent to which Dr. Shields' opinions are informed by his own knowledge rather than Texas's biased views.

Likewise, Texas's claim that the United States "knew from the very first expert deposition about the privileged information it now seeks to compel," ECF 180 at 5, is disingenuous at best given that Texas has resolutely refused to produce the actual email (or emails) and produced its cut-and-paste version only after multiple requests by the United States.  ECF 164 at 2-3.  And in any event, Dr. Miller's testimony at that first deposition gave no indication that any of Texas's other expert witnesses—let alone *all* of them—had received any of the same information as Dr. Miller.

---

[2] Texas's assertion is also implausible.  For example, Dr. Iakovou's expert report adopts one of the definitions provided to him by Texas word-for-word.  *See* Iakovou Dep. 62:15-63:9, 169:16-170:5.  Dr. Iakovou's "categorical[]" denial that he relied on any assumptions provided by Texas, ECF 180 at 4, is not consistent with his report's clear reliance on definitions provided in the very correspondence the United States seeks here.

## CONCLUSION

For the reasons stated above and in the United States' motion, Texas should have to serve on the United States the original email or emails containing the assumptions in Ex. 2 to ECF 164.

Dated: July 22, 2024

| | |
|---|---|
| JAIME ESPARZA<br>UNITED STATES ATTORNEY | TODD KIM<br>ASSISTANT ATTORNEY GENERAL<br>Environment & Natural Resources Division |
| */s/ Landon A. Wade*<br>LANDON A. WADE<br>  Assistant United States Attorney<br>  Texas Bar No. 24098560<br>United States Attorney's Office<br>Western District of Texas<br>903 San Jacinto Blvd., Suite 334<br>Austin, TX 78701<br>(512) 370-1255 (tel)<br>(512) 916-5854 (fax)<br>Landon.wade@usdoj.gov | */s/ Andrew D. Knudsen*<br>ANDREW D. KNUDSEN<br>  Trial Attorney<br>  DC Bar No. 1019697<br>BRIAN H. LYNK<br>  Senior Trial Counsel<br>  DC Bar No. 459525<br>KIMERE J. KIMBALL<br>  Trial Attorney<br>  CA Bar No. 260660<br>BRYAN J. HARRISON<br>  Trial Attorney<br>  FL Bar No. 106379<br>U.S. Department of Justice<br>Environmental Defense Section<br>P.O. Box 7611<br>Washington, DC 20044<br>(202) 514-6187 (Lynk)<br>(202) 514-8865 (fax)<br>Brian.lynk@usdoj.gov<br>Kimere.kimball@usdoj.gov<br>Andrew.knudsen@usdoj.gov<br>Bryan.harrison@usdoj.gov<br><br>*Counsel for the United States of America* |

3

## CERTIFICATE OF SERVICE

    I certify that on July 22, 2024, a copy of this filing was served on counsel of record through the Court's electronic filing system.

                                                             /s/ *Andrew D. Knudsen*
                                                             Andrew D. Knudsen