IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>*Plaintiff,*<br><br>v.<br><br>**GREG ABBOTT, ET AL.,**<br><br>*Defendants.* | **CIVIL ACTION NO. 1:23-CV-00853** |

## DEFENDANTS' REPLY IN SUPPORT OF MOTION TO EXCLUDE OR LIMIT THE EXPERT WITNESS TESTIMONY OF ADRIAN CORTEZ

Defendants Greg Abbott, in his capacity as Governor of the State of Texas, and the State of Texas, hereby file the following reply in support of their Motion to Exclude or Limit the Expert Witness Testimony of Adrian Cortez and offer the following in support:

### REPLY

*Mr. Cortez testified that he has no expert opinions in this case.*

The burden is on Plaintiffs to prove by a preponderance of the evidence that Mr. Cortez is qualified as an expert and his opinions are admissible because they are reliable. Fed. R. Civ. P. 702 (the *proponent* of the witness bears the burden of proving that the expert is qualified, relied on sufficient facts or data, and applied reliable principals and methods to the facts in the case).

Plaintiff cannot meet this burden because (1) Mr. Cortez testified that he is not an expert on the subjects for which Plaintiff designated him to provide expert testimony; and (2) Mr. Cortez testified that he has no expert opinions in this case. But Plaintiff is eager to distract from Mr. Cortez's frank admissions by launching into an unresponsive digression on Mr. Cortez's credentials, access to official data, and ability to apply unnamed "reliable principals and methods."

ECF 151 at 6-7. Plaintiff also attempts to spin Mr. Cortez's self-disqualifications as "detailing facts that underlie his expert opinions." *Id.* at 5.

However, Mr. Cortez spoke for himself when, under oath, he clearly denied that he possessed expertise or had offered expert testimony. Texas's deposing attorney gave Mr. Cortez numerous opportunities to clarify the scope of his expertise. When he was asked directly to locate the opinions he expressed in his report, Mr. Cortez selected five propositions and narrowed the content of his expert opinion expressed therein to the degree to which they were true. ECF 130 Ex. D at 47-48, 185:24-186:5; 48, 187:1-1; 49, 190:2-24. Since the truth of these five statements is not in contention, they are not relevant. Additionally, Plaintiff's digression into Mr. Cortez's qualifications, data, and methods cannot get past the fact that the witness disavowed himself as an expert. Because Mr. Cortez has offered no opinions and was definite during his deposition that he is no expert, any dispute whether Mr. Cortez's credentials are adequate or whether his opinions applied reliable principals and methods is unnecessary. This Court should not second guess Mr. Cortez's confidence that he is not an expert.

*First*, Plaintiff argues that Mr. Cortez is qualified based on his knowledge and experience to testify as an expert on the subject of "regional hydrology, water flows on the River, and water management to support priority uses, including navigability." ECF 151 at 7. This is, notably, a *different* list of subjects than those disclosed in Mr. Cortez's expert designation, *see* ECF 130 Ex. A, and *different* list of subjects than those disclosed by Mr. Cortez at his deposition, *see* ECF 130 Ex. D at 27:6-18. To the extent there is *some* overlap between "regional hydrology" and Mr. Cortez's designated subjects, it is excludable because Mr. Cortez testified that he is not an expert on any of his designated subject matter. *Id.* at 33:14-25, 42:13-44:8, 47:23- 48:7, 51:11-52:13, 53:7-54:4, 56:2-

23, 79:5-81:12. Plaintiff's citation to the deposition transcript does nothing to undermine Mr. Cortez's testimony that he is not an expert witness. ECF 151 at 6-7. Mr. Cortez testified that he is not a licensed engineer, has never been employed as an engineer, and has no engineering opinions in this case. *Id.* at 8:12-9:24, 3-4, 9:7-10:6. Mr. Cortez testified that he is a "water accountant" and his job duties are to "keep an accurate accounting of the ownership of flows in the river, and it is the – my division's responsibility to make those determinations." *Id.* at 4, 10:15-11:13. Water accounting is unrelated to the designated expert subjects. *Id.* at 10:22-11:13 (explaining that water accountancy is tabulating ownership of the water flows of the Rio Grande). Moreover, Plaintiff's citations to the record purporting to prove Mr. Cortez is an expert appear to have been picked at random and are entirely unrelated to whether he has the knowledge, skill, experience, training, or education to render opinions in this case. *See* ECF 151 at 6-7 (citing Tex. Ex. D at 138:15-25, 140:11-25, 141:1-13 (a series of random exchanges)).

*Second*, Plaintiff's lengthy discussion of Mr. Cortez's purported credentials, access to high-quality data and competence in sound "principals and methods" is irrelevant without specifying *which* opinions he formed using his credentials, data and methods. Fed. R. Evid. 702. However, Mr. Cortez has *no* opinions that he considers to be based on expertise, so arguments as to the adequacy of his data and method are non-starters.

*Third*, because Mr. Cortez admitted he has not provided any expert testimony relevant to this case, he has not provided any testimony showing that he employed reliable principals and methods to the facts and data in forming his opinions. Fed. R. Evid. 702. Take, for instance, Plaintiff's contention that "the inferences [Mr. Cortez] drew from those facts are reasonable—for example, after reviewing water data pre- and post-construction of the Amistad Dam, Mr. Cortez

3

opines that the 'flow regime of the Rio Grande has been highly modified over time.'" *Id*. **This is a breathtaking statement**. No review of facts or data is necessary to know that damming a river modifies its flow. A layman could provide the same testimony. *See Peters v. Five Star Marine Serv.*, 898 F.2d 448, 450 (5th Cir. 1990) (ruling that expert testimony unnecessary where jury can "adeptly assess [the] situation using only their common experience and knowledge"). It should be excluded because it is also *purely* factual evidence—not an expert opinion. Fed. R. Evid. 702. It should also be excluded because it utterly irrelevant to any of the claims or defenses in this case. Fed. R. Evid. 401. Alternatively, even if it were relevant, it should still be excluded because its admission would waste valuable trial time explaining obvious background information. Fed. R. Evid. 403. Mr. Cortez's "opinions" in this case are just "fact testimony"—something that is apparent to both Mr. Cortez and Defendants.

***Defendants will be materially prejudiced if Mr. Cortez is permitted to offer undisclosed expert opinions at trial.***

Even if Mr. Cortez is qualified and his opinions are relevant and reliable, his testimony may still be excluded under Rule 403 "if its probative value is substantially outweighed by a danger of ... unfair prejudice." Fed. R. Evid. 403. The probative value of Mr. Cortez's opinions are unknown because he has no opinions. To the extent he forms new ones or has been hiding behind the log with the intent to spring his opinions on Defendants for the first time at trial, the danger of unfair prejudice to Defendants is grave. Defendants cannot prepare to defend against opinions held by Mr. Cortez which were withheld in his expert designation, in his expert report, and at his deposition. Defendants will almost certainly need their own experts to prepare and respond, but will have no opportunity to review the opinions, the facts and data upon which those opinions rely,

4

nor the methodology or principals applied to the facts and data in forming the opinions until they are already in front of a jury.

***Plaintiff has not identified good cause for Mr. Cortez to testify about undisclosed subjects beyond the scope of his expert designation.***

A witness's testimony that falls outside the confines of disclosure in Rule 26(a) may be allowed under Rule 37(c)(1) if "the failure was substantially justified or is harmless." Fed. R. Civ. P. 36(c)(1). The Fifth Circuit employs a four-factor test in determining whether the failure to disclose is harmless: "(1) the importance of the witness's testimony; (2) the prejudice to the opposing party of allowing the witness to testify; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation, if any, for the party's failure to [comply with 26(a)'s disclosure requirement]." *United States v. $9,041,598.68*, 163 F.3d 238, 252 (5th Cir. 1998); *E.E.O.C. v. General Dynamics Corp.*, 999 F.2d 113, 115 (5th Cir. 1993) (same). Here, the importance of Mr. Cortez's undisclosed opinions is unknown. The prejudice to Defendants is grave, as they will need their own experts to respond but will not even learn Mr. Cortez's opinions until after the trial has begun and the jury empaneled. There is no possibility of curing the problem by granting a continuance, nor has either party requested one. Finally, no explanation has been provided by Plaintiff for withholding the information prior to trial, not only in the designation but in Mr. Cortez's report and at his deposition.

Mr. Cortez was unwilling to hold himself out as an expert on any of the subjects for which he was designated. He forthrightly stated that he had not provided expert opinion on those subjects or any other with five exceptions irrelevant to this case. This Court should heed the Mr. Cortez's own statements about his qualifications by excluding him as an expert.

Date: July 22, 2024

Ken Paxton
Attorney General of the State of Texas

Brent Webster
First Assistant Attorney General

Ralph Molina
Deputy Attorney General for Legal Strategy

Ryan Walters
Chief, Special Litigation Division

Office of the Attorney General
P. O. Box 12548, MC-009
Austin, TX 78711-2548
(512) 936-2172

Respectfully submitted,

*/s/ Johnathan Stone*
**Johnathan Stone**
Special Counsel
Tex. State Bar No. 24071779
Johnathan.stone@oag.texas.gov

David Bryant
Senior Special Counsel
Tex. State Bar No. 03281500
david.bryant@oag.texas.gov

Munera Al-Fuhaid
Special Counsel
Tex. State Bar No. 24094501
munera.al-fuhaid@oag.texas.gov

Kyle S. Tebo
Special Counsel
Tex. State Bar No. 24137691
kyle.tebo@oag.texas.gov

Zachary Berg
Special Counsel
Tex. State Bar. 24107706
Zachary.Berg@oag.texas.gov

**Counsel for Defendants**

## CERTIFICATE OF SERVICE

On July 22, 2024, this document was filed electronically through the Court's CM/ECF system, which automatically serves all counsel of record.

*s/ Johnathan Stone*
**Johnathan Stone**
Special Counsel