UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **United States of America,**<br>    *Plaintiff*,<br><br>v.<br><br>**Greg Abbott, in his capacity as Governor of the State of Texas, and the State of Texas,**<br>    *Defendants*. | No. 1:23-cv-00853-DAE |

### DECLARATION OF DR. MARIA ELENA GINER, P.E.

I, Dr. Maria Elena Giner, P.E., pursuant to 28 U.S.C. 1746, am executing this declaration. I declare under penalty of perjury that the facts stated below are true and correct to the best of my personal knowledge and belief.

1. I am over 18 years of age, of sound mind, and otherwise competent to make this Declaration. I currently serve as the Commissioner of the International Boundary and Water Commission, United States and Mexico, United States Section (USIBWC). The USIBWC addresses matters along the entire U.S.-Mexico border, including Maverick County, Texas, where the floating barrier that is the subject of this action is currently located.

2. I am the head of the USIBWC and have responsibility for all operational, administrative, policy and all other matters for the USIBWC. When USIBWC acts in concert with the Mexican Section of the International Boundary and Water Commission, United States and Mexico (called "CILA" or the "Mexican Section"), the two Sections are acting as one international organization. In that capacity, I am a representative of the United States at the international organization and work with CILA to determine international organization policies and actions. I have served in this position since August 23, 2021.

3. I have personally reviewed the 60 documents listed on the June 13, 2024 privilege log as indicated below and in their unredacted form.

4. These documents contain deliberative, pre-decisional internal USIBWC discussions subject to the deliberative process privilege as indicated below.

a. The first category of documents contains USIBWC's internal discussions regarding the international agreement for Mexico's water deliveries to Texas ("Emergency Minute"), which was being negotiated at the time that Texas placed the floating barrier in question. The Emergency Minute is not yet finalized or executed, and negotiations remain ongoing. Divulsion of these internal, pre-decisional deliberations would chill the full and frank discussion of agency personnel, and could also harm USIBWC's negotiation position in these ongoing negotiations. The redacted internal discussions in the June 13 privilege log are:

   i. Internal discussions about and comments on Mexico's proposed language in the Emergency Minute. IBWC0000139[1].

   ii. Internal deliberation on the content of a draft presentation to Department of State regarding the U.S. role in the Emergency Minute and the draft presentation attached to the same email. IBWC0000153; IBWC0000155.

   iii. Internal discussion regarding the consistency of the draft minute received from Mexico with the US's version. IBWC0000237.

   iv. Internal discussion on the progress of the Emergency Minute and edits to the text of the draft Minute. IBWC0000291.

   v. Internal, pre-decisional deliberations regarding ongoing matters at Amistad, Nogales, Chihuahua, and Nuevo Laredo, and regarding a different Minute negotiation, all of which are unrelated to the floating barrier and/or Rio Grande Minute at issue in this litigation, but were in a document that also discussed responsive information. IBWC0000928.

b. A second category of documents, identified below, contains internal deliberations regarding the bi-national survey of the floating barrier, pre-decisional to that bi-national survey. Disclosure of this information would chill the agency personnel's full and frank discussions of the agency's operations and approaches to coordination with Mexico.

   i. Internal discussion on drafts of the bi-national survey prior to generation of the final version. IBWC0003864, IBWC0004495; IBWC0004501; IBWC0004506; IBWC0004511; IBWC0004516; IBWC0004521; IBWC0004526; IBWC0004530; IBWC0004570; IBWC0004574; IBWC0004585; IBWC0004608; IBWC0004630; IBWC0004633; IBWC0004636; IBWC0004675; IBWC0004679; IBWC0004682; IBWC0004685; IBWC0004688; IBWC0004722; IBWC0004880; IBWC0004882.

---

[1] All documents are identified by the starting Bates number of the record, but descriptions refer to either withholdings of the entire document or, if the document was produced with redactions, to all redactions for deliberative process privilege within the document.

      ii. Internal discussions regarding the methodology for the bi-national survey and Mexico's unilateral survey of the Texas buoys. IBWC0004495; IBWC0004313; IBWC0004516; IBWC0004746; IBWC0004750; IBWC0004874; IBWC0004877; IBWC0005023; IBWC0005026; IBWC0005029; IBWC0005031; IBWC0008521; IBWC0008759; IBWC0011572; IBWC0011926; IBWC0012281; IBWC0004311.

      iii. Internal discussion about and edits to the content of a draft letter to the Mexican Section regarding sharing the bi-national survey and securing permission from Mexican Section to release bi-national survey information. IBWC0004472; IBWC0004746; IBWC0004753; IBWC0004762; IBWC0004764.

      iv. Internal discussion on draft international correspondence regarding the binational survey.  IBWC0004928.

c. A third category of documents includes emails within USIBWC personnel deliberating the content of a response to a press inquiry, prior to the final version of that response, divulsion of which would chill agency personnel's full and frank discussions regarding agency positions. IBWC0004943; IBWC0004946; IBWC0004949.

d. A fourth category of documents includes internal, pre-decisional discussions between the USIBWC attorney and field personnel regarding a draft survey and the above-captioned litigation, divulsion of which would chill internal agency discussion and discussion with counsel regarding litigation.  These documents are also protected by the attorney-client communication privilege and work product doctrine. IBWC0004311; IBWC0005920; IBWC0005936; IBWC0005953; IBWC0006033; IBWC0006051.

e. The final category of documents is an email discussion between a USIBWC attorney and staff regarding matters at issue in the then-upcoming preliminary injunction hearing.  Divulsion of this information could chill full and frank discussion with counsel regarding litigation.  This document is attorney client communication privileged and protected by the work product doctrine, in addition to being deliberative privilege protected. IBWC0006225.

f. Additionally, one communication contains International Organization Immunity Act-protected communications from CILA. It was erroneously logged as Deliberative Process Privileged, but is properly withheld as an International Organization Immunity Act communication precluded from disclosure by that Act. IBWC0000614 .

5. To the best of my knowledge these documents have not been shared outside the executive branch.

6. The disclosure of these pre-decisional information would discourage frank and open discussion among agency staff in connection with USIBWC's decision-

making process.

7. Based on my actual personal consideration, I am formally asserting that is subject to the deliberative process privilege.

Executed on June 21, 2024, in El Paso, Texas.

Maria Elena Giner (Jun 21, 2024 17:05 MDT)

Dr. Maria Elena Giner, P.E.
Commissioner