IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    *Plaintiff,*<br>v.<br><br>GREG ABBOTT, ET AL.,<br>    *Defendants.* | CIVIL ACTION NO. AU:23-CV-00853-DAE |

**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO EXCLUDE OR LIMIT THE EXPERT TESTIMONY OF TIM MACALLISTER**

Defendants Greg Abbott, in his capacity as Governor of the State of Texas, and the State of Texas (together, "Texas") file this Reply in Support of Defendants' Motion to Exclude or Limit Expert Witness Testimony of Tim MacAllister. ECF No. 159.

I. **Mr. MacAllister lacks specialized knowledge regarding the Rio Grande River; regarding commercial navigation on the Rio Grande or elsewhere; and regarding necessary improvements to make a river navigable under the Rivers and Harbors Act.**

Plaintiff's argument that Mr. MacAllister has "specialized knowledge" is faulty because it is based entirely on his non-relevant personal and professional experiences.

Mr. MacAllister's purported expert analysis on navigability can be summarized as follows: (a) he has experience operating small boats that do not require much water; his experience is on reservoirs and rivers other than the Rio Grande; (b) the Rio Grande, in certain places at least, has enough water to operate small boats; and (c) small boats therefore can be operated on the Rio Grande, at least in certain areas (and at certain times of year).

This analysis constitutes two of the three conclusions Mr. MacAllister comes to in his May 29, 2024, report. But these small recreational boats, the Class A and Class I vessels that Mr.

MacAllister describes in his report as "canoes and kayaks…(and) fishing boats," (ECF No. 159.2 at 5) are not the kind of watercraft capable of use for the commercial trade and travel at issue in this case, *infra* at II. Mr. MacAllister's boating expertise is by Plaintiff's own admission related to small recreational watercraft, not vessels used to transport goods in commerce and trade. Thus, his experience is inapplicable and irrelevant here.

Additionally, while Mr. MacAllister works for the United States Army Corps of Engineers (USACE), he does not work (and has never worked) in the Regulatory Division of USACE that is the only Division of USACE that makes navigability determinations under the Rivers and Harbors Act.[1] *Id.* at 3. Mr. MacAllister has never made any such determinations of navigability. When asked about his role at the USACE, Mr. MacAllister stated "it's not my job to determine whether something is navigable, but it is my job to receive information that states it is, and then act appropriately within those bounds." ECF No. 159.3 at 9.

The third conclusion of Mr. MacAllister's report is that "reasonable improvements" can be made to the disputed part of the Rio Grande to "enhance and incrementally improve navigation." ECF No. 159.2 at 2. Mr. MacAllister applied no methodology to come to this conclusion, nor does he identify any data that he considered. He has no professional experience conducting water releases from dams (like the Amistad Dam) for navigation purposes or dredging waterways for navigation purposes. *Id.* at 2-3. Mr. MacAllister simply lacks any specialized knowledge or experience that could qualify him as an expert on any of the matters set forth in his report.

---

[1] Only the Regulatory Division of USACE has (or claims) any jurisdiction over the Rio Grande River. The division of the USACE in which Mr. MacAllister

**II.     Mr. MacAllister use of a non-RHA definition of "navigability" is a window into why his testimony as an expert should be excluded.**

Not surprisingly, Plaintiff can offer nothing to refute that Mr. MacAllister's opinions as to navigation are based on a plainly incorrect definition of that term that is dramatically broader than the correct definition under the Rivers and Harbors Act. Plaintiff simply asks this Court to ignore that massive error because it is "the Court's role to define and interpret legal stands and to apply those standards to the facts." Response at 4. But it is an expert witness's role to provide opinions that are *relevant* to the case. Without that, the witness's opinions are not helpful to the trier of fact and can only confuse and mislead. MacAllister's error makes his opinions inadmissible in this case.

**III.    Mr. MacAllister's opinion about reasonable improvements to the Rio Grande are irrelevant and unsupported.**

Mr. MacAllister's opinions is not based on any analysis of the Rio Grande. He simply offers his vague ipse dixit on some ways navigation in small recreational boats on the Rio Grande might be "incrementally" improved to a wholly undefined extent. This is a far cry from an admissible opinion that specified reasonable improvements would make the Rio Grande navigable under the Rivers and Harbors Act and would produce benefits equal to or greater than their costs within a specified time period. As a result, his opinion is irrelevant and inadmissible, and must be excluded.

**Conclusion**

WHEREFORE, Defendant respectfully request that the Court exclude the report and expert testimony of Tim MacAllister (or in the alternative limit it as the Court deems appropriate) and for such other and further relief as may be appropriate.

| | |
|---|---|
| Date: July 22, 2024 | Respectfully submitted, |
| | |
| Ken Paxton<br>Attorney General of the State of Texas | /s/ Johnathan Stone<br>**Johnathan Stone**<br>Special Counsel<br>Tex. State Bar No. 24071779 |
| Brent Webster<br>First Assistant Attorney General | Johnathan.stone@oag.texas.gov |
| Ralph Molina<br>Deputy Attorney General for Legal Strategy | David Bryant<br>Senior Special Counsel<br>Tex. State Bar No. 03281500<br>david.bryant@oag.texas.gov |
| Ryan Walters<br>Chief, Special Litigation Division | Munera Al-Fuhaid<br>Special Counsel<br>Tex. State Bar No. 24094501<br>munera.al-fuhaid@oag.texas.gov |
| Office of the Attorney General<br>P. O. Box 12548, MC-009<br>Austin, TX 78711-2548<br>(512) 936-2172 | Kyle S. Tebo<br>Special Counsel<br>Tex. State Bar No. 24137691<br>kyle.tebo@oag.texas.gov |
| | Zachary Berg<br>Special Counsel<br>Tex. State Bar. 24107706<br>Zachary.Berg@oag.texas.gov |
| | **Counsel for Defendants** |

### Certificate of Service

On July 22, 2024, this document was filed electronically through the Court's CM/ECF system, which automatically serves all counsel of record.

*s/ Johnathan Stone*
**Johnathan Stone**
Special Counsel