IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,**    *Plaintiff,* <br> v. <br> **GREG ABBOTT, ET AL.,**    *Defendants.* | **CIVIL ACTION NO. 1:23-CV-00853** |

**DEFENDANTS' REPLY TO PLAINTIFF'S CORRECTED OPPOSITION TO MOTION TO COMPEL DEPOSITION OF JUSTIN PETERS**

Plaintiff's Opposition has fallen back from the aggressive position Plaintiff took during Capt. Peters' deposition. At the deposition Texas's counsel asked the witness whether the subject matter listed in his Rule 26 disclosure was "all that you intend to testify at trial concerning" Peters Dep. at 53:24-25. In response to this and similar questions, Plaintiff's Counsel instructed the witness not to answer citing work-product privilege. *Id*. at 52:14-1653:5-7, 54:1-3. Now, in its Opposition, Plaintiff pliantly concedes that inquiry into the scope of the deponent's trial testimony would have been permissible had counsel for Texas clarified that he was not asking about confidential communications. ECF 178 at 3. But, at deposition, Texas's counsel *did* explain that he was not prying into "confidential discussions with DOJ attorneys" or otherwise attempting to learn Plaintiff's trial strategies. Peters Dep. at 53:24-54:1. Nevertheless, Plaintiff's counsel was adamant that any inquiry into the facts Capt. Peters would testify to at trial would be inherently revelatory of Plaintiff's legal strategy. Throughout Texas's questioning about the scope of Capt. Peters' testimony counsel for Plaintiff maintained its instruction not to answer, despite Texas's counsel providing extensive clarifications that he did not want the witness to disclose confidential conversations. *Id*. at 51:15-59:1.

The following exchange is illustrative of the position that Plaintiff took at deposition:

[Texas's counsel]:   I want to just make crystal clear that I'm not asking him about specific preparations. I am not trying to learn the US's legal strategy. I am just asking him about the subject matter of his testimony at trial; do you understand that?
[US's Counsel]:   The only thing he could possibly know about what he might be expected to testify to at trial is something he would know from his communications with counsel in

1

preparation for trial. It's not, you know, within the—the normal course of his duties. He's not deciding what to testify to. That's exclusively within the attorney's domain.

Peters Dep. at 55:17-56:5.

     Plaintiff now appears to have changed its tune and to argue that counsel for Texas did not adequately limit his questions to exclude confidential trial preparations. However, it is difficult to understand how Texas could have more clearly assured Plaintiff that it did not want the deponent to disclose privileged information. Texas's counsel was only interested in learning whether the witness would testify about the subject matter that had been disclosed or additional subjects. *See* Peters Dep. at 57:3-8 (Texas's Counsel: "I am just asking him about whether the subject matter for which he has been disclosed to testify at trial is the subject matter that he will testify concerning at trial"). He expressly said this to Plaintiff's counsel and the witness and clarified his question several times to remove any doubt that he was not asking about privileged conversations or legal strategies. In response, Plaintiff's counsel's privilege assertion was broad and inflexible.

     The only basis that Plaintiff's counsel provided for her assertion of privilege was work product. While Plaintiff is correct that conversations can fall under the work product privilege, they do so only to the extent they reveal the contents of "a lawyer's research, analysis of legal theories, mental impressions, notes, and memoranda of witnesses' statements from an opposing counsel's inquiries." *Dunn v. State Farm Fire & Cas. Co.*, 927 F.2d 869, 875 (5th Cir. 1991).

     Plaintiff argued that inquiry into the scope of a witness's trial testimony was absolutely privileged, but the facts a witness intends to testify about are not privileged. *Adams v. Mem'l Hermann*, 973 F.3d 343, 350 (5th Cir. 2020). The only basis that Plaintiff's counsel articulated were discussions that Plaintiff's attorneys had had with Capt. Peters about the scope and nature of his testimony. Since Texas did not inquire into these, Plaintiff did not have an adequate basis for its assertion of privilege.

     Finally, Plaintiff complains that Texas should have made greater efforts to reach an agreement with Plaintiff through conference before filing. Plaintiff does not deny that Texas conferred and does not admit that its assertion of privilege was mistaken. Further, Plaintiff does not represent that it would have accepted the costs for an additional deposition. The brief conference that the parties engaged in was enough for Texas to know that this was Plaintiff's

position. Since Plaintiff does not say that further conference might have changed its mind, Texas does not see why additional conference was warranted.

      Accordingly, the Court should order that Plaintiff produce Capt. Peters for a second deposition at Plaintiff's expense.

| | |
|---|---|
| Date: July 22, 2024 | Respectfully submitted, |
| Ken Paxton<br>Attorney General of the State of Texas | /s/ Johnathan Stone<br>**Johnathan Stone**<br>Special Counsel<br>Tex. State Bar No. 24071779<br>Johnathan.stone@oag.texas.gov |
| Brent Webster<br>First Assistant Attorney General | |
| Ralph Molina<br>Deputy Attorney General for Legal Strategy | David Bryant<br>Senior Special Counsel<br>Tex. State Bar No. 03281500<br>david.bryant@oag.texas.gov |
| Ryan Walters<br>Chief, Special Litigation Division | |
| Office of the Attorney General<br>P. O. Box 12548, MC-009<br>Austin, TX 78711-2548<br>(512) 936-2172 | Munera Al-Fuhaid<br>Special Counsel<br>Tex. State Bar No. 24094501<br>munera.al-fuhaid@oag.texas.gov |
| | Kyle S. Tebo<br>Special Counsel<br>Tex. State Bar No. 24137691<br>kyle.tebo@oag.texas.gov |
| | Zachary Berg<br>Special Counsel<br>Tex. State Bar. 24107706<br>Zachary.Berg@oag.texas.gov |
| | **Counsel for Defendants** |

### CERTIFICATE OF SERVICE

On July 22, 2024, this document was filed electronically through the Court's CM/ECF system, which automatically serves all counsel of record.

*s/ Johnathan Stone*
**Johnathan Stone**
Special Counsel

4