UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | No. 1:23-CV-853-DAE |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | |
| GREG ABBOTT, in his capacity as | § | |
| Governor of the State of Texas, and | § | |
| THE STATE OF TEXAS, | § | |
| | § | |
| Defendants. | § | |

ORDER

Before the Court is a Motion to Place the Case on the Jury Docket filed by Greg Abbott, in his official capacity as Governor of the State of Texas, and the State of Texas (collectively, "Defendants" or "Texas") on June 21, 2024 (Dkt. # 123) and a Motion to Dismiss Defendants' Counterclaim, Strike Defendants' Affirmative Defense, and Strike Defendants' Request for a Jury Trial filed by the United States ("Plaintiff" or "United States") on the same day. (Dkt. # 125.)

On June 22, 2024, the United States filed a response in opposition to Texas's motion to place the case on the jury docket. (Dkt. # 127.) Texas replied on June 27, 2024. (Dkt. # 135.)

Texas responded in opposition to the United States' Motion (Dkt. # 125) on July 5, 2024. (Dkt. # 150.) The United States replied on July 12, 2024. (Dkt. # 155.)

The Court finds these matters suitable for disposition without a hearing. For the reasons that follow, the Court **DENIES** Texas's Motion to Place the Case on the Jury Docket and **DENIES IN PART** and **GRANTS IN PART** the United States' Motion to Dismiss Defendants' Counterclaim, Strike Defendants' Affirmative Defense, and Strike Defendants' Request for a Jury Trial.

## BACKGROUND

This case arises from Texas's construction of a buoy barrier system across a roughly 1,000-foot stretch of the Rio Grande River near Eagle Pass, Texas. The full factual background is covered in detail in the Court's previous orders and incorporated by reference here. (See Dkt. # 114.)

I.   Procedural Background

On May 10, 2024, Texas filed its Original Answer to the United States' Amended Complaint, which included a counterclaim against the United States and a Jury Demand. (Dkt. # 118.) On May 24, 2024, Texas filed an Amended Answer. (Dkt. # 120.)

On June 21, 2024, Texas moved to place the case on the jury docket. (Dkt. # 123.) On June 22, 2024, the United States filed a response in opposition to

Texas's motion to place the case on the jury docket.  (Dkt. # 127.)  Texas replied on June 27, 2024.  (Dkt. # 135.)

Also on June 21, 2024, the United States filed a Motion to Dismiss Defendants' Counterclaim for a lack of jurisdiction, to strike the affirmative defense, and to strike Texas's jury demand and advisory jury request, the United States' "Omnibus Motion."  (Dkt. # 125.)  Texas moved to strike the United States' Omnibus Motion entirely on June 27, 2024, for failing to comply with the Court's scheduling order on dispositive motion deadlines.  (Dkt. # 132.)   The United States filed a memorandum in opposition to this motion on July 1, 2024.  (Dkt. # 140.)  Texas replied on July 8, 2024.  (Dkt. # 152.)  Texas responded in opposition to the merits of the United States' Omnibus Motion on July 5, 2024.  (Dkt. # 150.)  The United States replied on July 12, 2024.  (Dkt. # 155.)

## LEGAL STANDARD

I.      12(b)(1) Motion to Dismiss

"Federal courts are courts of limited jurisdiction."  Gunn v. Minton, 568 U.S. 251, 256 (2013).  A federal court properly dismisses a case, or a cause of action, for lack of subject matter jurisdiction when it lacks the statutory or constitutional power to adjudicate the case.  Home Builders Ass'n of Miss., Inc. v. City of Madison, 143 F.3d 1006, 1010 (5th Cir. 1998).  "[T]he burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction."  Ramming

v. United States, 281 F.3d 158, 161 (5th Cir. 2001), cert. denied, 536 U.S. 960 (2002).

In examining a Rule 12(b)(1) motion, the court will consider factual disputes and grant only if a party cannot prove any set of facts in support of his claim.  Home Builders Ass'n of Miss., 143 F.3d at 1010.  A claim must be stated with enough clarity to allow a court or opposing party to determine whether a claim is sufficiently alleged.  See Elliott v. Foufas, 867 F.2d 877, 880 (5th Cir. 1989).  The complaint or answer asserting counterclaims will "be construed in a light most favorable to the plaintiff, and the allegations contained therein ae to be taken as true."  Oppenheimer v. Prudential Sec. Inc., 94 F.3d 189, 194 (5th Cir. 1996).

II.     Motion to Strike

Rule 12(f) provides a party may move to strike any "insufficient defense, or any redundant, immaterial, impertinent or scandalous matter" from pleadings.  Fed. R. Civ. Pro. 12(f).  Striking a pleading is a drastic measure and disfavored.  Augustus v. Bd. of Pub. Instruction of Escambia Cty., Fla., 306 F.2d 862, 868 (5th Cir. 1962).

DISCUSSION

The Court first addresses the United States' concerns about Texas's Motion to Strike (Dkt. # 132) as permitting duplicative filings.  (Dkt. # 140 at 5.)

The Court then addresses Texas's concerns about the timeliness of the United States' Motion. (See Dkt. # 132.) The Court finally moves to the merits.

I.  Texas's Motion to Strike is Not Strictly Prohibited or Improper as Styled

Texas filed a Motion to Strike (Dkt. # 132) the United States' Motion to Dismiss portion of the United States' Omnibus Motion. (Dkt. # 125.) The United States argues the filing of a motion to strike a motion is inappropriate and that to the extent the Court considers the motion, it should consider it as Texas's response in opposition to the Omnibus Motion. (Dkt. # 140 at 5.)

A motion to strike a motion to dismiss as untimely is not unheard of. In Puckett v. United States, the court explained there has been divergent treatment among courts regarding motions to strike a motion to dismiss, but then found it appropriate to rule on the merits of a motion to strike a motion to dismiss for untimeliness. 82 F. Supp. 2d 660, 662–63 (S.D. Tex. 1999), aff'd sub nom, Puckett v. C.I.R., 213 F.3d 636 (5th Cir. 2000).

Here, Texas's Motion to Strike addresses only the timeliness of the United States' Motion to Dismiss. The State does not address the merits of the Motion to Dismiss or the merits of the other motions in the Omnibus Motion.

The United States argues that the Court allowing Texas to file both a Motion to Strike and a response in opposition would allow "duplicative filings." (Dkt. # 140 at 5.) Rather than being duplicative, however, the two filings cover

different grounds.  The Motion to Strike presents Texas's arguments on the timeliness of the Motion to Dismiss.  (Dkt. #132.)  Texas's Memorandum in Opposition presents Texas's arguments on the merits for the entirety of the Omnibus Motion, not only to the Motion to Dismiss.  (Dkt. # 150.)  The Court finds that "Texas has meritorious responses…that deserve fair consideration," and will therefore consider both Texas's Memorandum in Opposition to the Omnibus Motion and the Motion to Strike.  (Dkt. # 152 at 4.)

II.     The United States' Motion to Dismiss Survives

Texas argues that the United States violated this Court's Scheduling Order in filing a dispositive motion after the agreed deadline without showing excusable neglect or good cause to do so, as required under Rule 6(b).  (Dkt. # 132.)

The United States filed an omnibus motion containing: (1) a motion to dismiss Texas's counterclaim under Rule 12(b)(1) for a lack of subject matter jurisdiction, (2) a motion to strike Texas's affirmative defense under Rule 12(f), and (3) a response in opposition to Texas's demand for a jury trial and alternative demand for an advisory jury.  (Dkt. #125.)  Texas moves to strike the Motion to Dismiss under 12(b)(1) from this motion.[1]

---

[1] As the United States argues and Texas does not refute, the United States has a right to respond to Texas's Motion to Place the Case on the Jury Docket, and its doing so does not violate the scheduling order.  (Dkts. ## 132; 140.)  With respect

The Court must dismiss an action "at any time that it lacks subject-matter jurisdiction." Fed. R. Civ. Pro. 12(h)(3). Lack of subject matter jurisdiction may be raised by a district court sua sponte, and "courts have an independent obligation to determine whether subject matter jurisdiction exists, even in the absence of a challenge from any party." Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583 (1999). Therefore, even if the Court strikes the United States' Motion to Dismiss under 12(b)(1) as untimely, the Court must still consider whether it has subject matter jurisdiction over Texas's counterclaim. As a result, the Court considers the federal government's arguments about subject matter jurisdiction and Texas's response thereto in assessing its ability to preside over Texas's counterclaim.[2]

---

to Plaintiff's Motion to Strike Defendants' Affirmative Defense, such motions filed pursuant to Rule 12(f) are not dispositive motions bound by the scheduling order dispositive motion deadline because their resolution does not dispose of the entire case as a Motion to Dismiss may. (See Dkt. # 132 at 2 (collecting cases stating that a Motion to Dismiss is a dispositive motion.)).

[2] Texas cites Grisham v. Valenciano, No. SA-21-CV-00983-JKP, 2022 WL 2019290, at *1 (W.D. Tex. June 6, 2022) to argue that "where a 12(b)(1) is 'untimely filed' under Rule 6(b) it 'must be dismissed as a matter of law.'" (Dkt. # 152 at 2.) The Court notes this a complete misrepresentation of Grisham. In Grisham, the court addressed when the 60-day clock to respond to a pleading is triggered after a party waives service under Rule 12(a)(1). 2022 WL 2019290, at *1. The Court found that the "60-day clock is triggered when the request for waiver is sent, not when the waiver is filed with the Court." Id. The Motion to Dismiss in Grisham was therefore due 60 days after waiver was sent on October

III.   Texas's Counterclaim is Dismissed as Redundant

The Court finds that Texas's counterclaim should be stricken as redundant.  The Court therefore need not address the issue of sovereign immunity.

"Courts may dismiss as redundant declaratory-judgment claims that seek nothing more than to litigate substantive claims already at issue in a lawsuit." Le-Vel Brands, LLC v. DMS Nat. Health, LLC, No. 4:20-CV-398-SDJ, 2021 WL 3048445, at *2 (E.D. Tex. July 20, 2021) (citing Higher Perpetual Energy, LLC v. Higher Power Energy, LLC, No. 4:17-CV-00414, 2018 WL 3031780, at *7 (E.D. Tex. June 18, 2018) (collecting cases)) (dismissing as redundant Defendants' declaratory judgment counterclaim because resolution of Plaintiff's infringement claims, including assertion for injunctive relief would "necessarily resolve" Defendants' counterclaim).  Courts in the Fifth Circuit accordingly "typically dismiss declaratory judgment counterclaims that are mirror images of claims or that raise issues that turn on disputed facts that will be resolved in the underlying lawsuit." Meridian Sec. Ins. v. Morris, No. 5:22-CV-151-RWS-JBB, 2023 WL 5313905, at *3 (E.D. Tex. Aug. 1, 2023), report and recommendation adopted, No.

---

20, 2021, making the deadline to file December 20, 2021.  "Therefore, the Motion to Dismiss was untimely filed on December 23, 2021 and must be dismissed as a matter of law."  Id.  Far from applying to a 12(b)(1) motion to dismiss based on a lack of subject matter jurisdiction, Grisham never once even mentions "jurisdiction" of any kind.  Striking a Motion to Dismiss as untimely under Rule

5:22-CV-151-RWS-JBB, 2023 WL 5309892 (E.D. Tex. Aug. 17, 2023) (collecting cases where declaratory judgment actions were dismissed because they would naturally be resolved by resolution of the counterparty's claims). In Meridian, the court dismissed a declaratory judgment counterclaim as redundant because "resolution of Plaintiff's claim, along with [Defendants'] affirmative defenses, will necessarily resolve all issues raised by the declaratory judgment claim." Id. at *4. In that case, Plaintiff would only have prevailed on its claim for declaratory judgment by showing the Defendants' affirmative defenses did not have merit, and Plaintiff could not prevail on its claim if Defendants' affirmative defenses did have merit. Id. The Meridian court therefore found that the declaratory judgment counterclaim should be dismissed as redundant. Id.; accord Le-Vel Brands, 2021 WL 3048445, at *2.

Resolution of Texas's affirmative defense and the United States' claim will resolve all issues raised by Texas's declaratory judgment claim. In litigating Texas's affirmative defense, the State will cover the same ground regarding an alleged paramilitary invasion that it would present in support of its counterclaim. And resolving the United States' claim under the RHA will require presentation of evidence and determinations on the navigability of the Rio Grande

---

12(a)(1) is entirely separate from challenging the Court's own ability to hear a case under 12(b)(1). Texas is misplaced to cite Grisham in the current case.

River and, consequently, whether Texas may lawfully maintain the buoy barrier or similar structures within the River. The United States cannot prevail on its claim if Texas's affirmative defense has merit, exactly as was the case in Meridian, 2023 WL 5313905, at *4.

Taken together, resolution of the United States' substantive claim, along with Texas's affirmative defense, will "necessarily resolve all issues raise by the declaratory-judgment counterclaim." Id. at *4 (citing Le-Vel Brands, L.L.C. v. DMS Nat. Health, L.L.C., No. 4:20-CV-398-SDJ, 2021 WL 3048445, at *2 (E.D. Tex. July 20, 2021)). Texas's counterclaim does not raise any issues not addressed by either the United States' claim or its own affirmative defense. The Court therefore declines to exercise its discretion to hear Texas's declaratory judgment counterclaim and strikes it as redundant.

IV.   Texas's Affirmative Defense is Sufficient

A court may strike a defense under Rule 12(f) where it "cannot, as a matter of law, succeed under any circumstance." United States v. Renda, 709 F.3d 472, 479 (5th Cir. 2013). When a party moves to strike a defense as "insufficient" under Rule 12(f), district courts have treated the standard as substantially the same as for a Rule 12(b) motion to dismiss. See, e.g., In re Gabapentin Patent Litig., 648 F. Supp. 2d 641, 647 (D.N.J. 2009); Cobra Cap. LLC v. Stover Indus., Inc., No. 06-C-2822, 2007 WL 844635, at *1 n.1 (N.D. Ill. Mar. 14, 2007). "[I]t is improper

for a court to grant a motion to strike if the 'affirmative defense raises either a question of fact or a question of law.'" Le-Vel Brands, 2021 WL 3048445, at *4 (quoting Mosser v. Aetna Life Ins., No. 4:15-cv-00430-ALM-KPJ, 2018 WL 3301808, at *2 (E.D. Tex. Mar. 9, 2018), report and recommendation adopted, 2018 WL 1517032 (E.D. Tex. Mar. 28, 2018)).

It would be an incredible stretch for the Court to hold that there is no possible way for Texas to succeed on its affirmative defense or that its affirmative defense raises no question or fact or law.  Renda, 709 F.3d at 479; Le-Vel Brands, 2021 WL 3048445, at *4 (quoting Mosser, 2018 WL 3301808, at *2).  The United States argues that a defense is "particularly vulnerable" to a Rule 12(f) motion where it "has been eliminated on a previous motion."  5C Wright & Miller, Federal Practice & Procedure, § 1381 (3d Ed. 2024); see Renda, 709 F.3d at 485.  But here, the Court has not had the opportunity to reject the alleged invasion defense after considering the entire record of evidence.  As Texas explains, this Court's previous rulings "found Texas's constitutional arguments wanting but never in a procedural context that would create res judicata."  (Dkt. # 150 at 8.)  The Court may therefore consider Texas's invasion arguments anew.  (Id.)

Texas argues there is a possibility that it could overcome the Court's prior rulings at trial by introducing "evidence of terrorist incursions and paramilitary forces crossing the border."  (Id. at 9.)  The State simultaneously

argues that the "invasion" raises a non-justiciable political question.[3]  (Id. at 6.) The Court finds Texas could, as a matter of law, succeed in either asserting the invasion is a non-justiciable political question or by presenting evidence that the immigration at the border does amount to the military invasion contemplated by the Founders, making the Court's prior order to the contrary obsolete.  It is therefore inappropriate to strike Texas's affirmative defense pursuant to Rule 12(f), especially when Rule 12(f) motions to strike are disfavored and rarely granted. FDIC v. Niblo, 821 F. Supp. 441, 449 (N.D. Tex. 1993) (citing Augustus v. Bd. of Pub. Instr. of Escambia County, 306 F.2d 862, 868 (5th Cir.1962)); see also Joe Hand Promotions, Inc. v. HRA Zone, LLC, No. A-13-CA_359, 2013 WL 5707810, at *2 (W.D. Tex. Oct. 18, 2013) (citing Augustus, 306 F.2d at 868) (finding courts are "very reluctant to determine" issues of legal sufficiency on a motion to strike). Texas's affirmative defense stands.

V.      Texas Has No Right to a Jury Trial

Both parties agree that the Seventh Amendment does not guarantee a jury trial for equitable cases.  (Dkts. ## 155 at 7;150 at 12); see also U.S. Const. Amend. VII; Securities & Exch. Comm'n v. Jarkesy, No. 22-859, 2024 WL

---

[3] Texas would not need to introduce evidence on a question this Court cannot constitutionally answer, making the State's dual argument that the question of an invasion is non-justiciable and that the State can overcome prior rulings with evidence of paramilitary invasions interesting.

3187811, at *2 (June 27, 2024); Tex. v. Ysleta del Sur Pueblo, 369 F. Supp. 3d 760 (W.D. Tex. 2019).  Texas instead argues that the United States' demand for an injunction pursuant to the RHA is akin to an ejection action at common law, transforming a suit in equity to a legal action.  (Dkt. # 150 at 13–14.)

At common law, ejectment was a mixed action for "the recovery of the possession of land and for the damages for the unlawful detention of its possession." Ejectment, Black's Law Dictionary (2d ed. 1910); Ejectment, Webster's Dictionary (19130.  "The action was highly fictitious, being in theory only for the recovery of a term for years, and brought by a purely fictitious person, as lessee in a supposed lease from the real party in interest." Ejectment, Black's Law Dictionary (2d ed. 1910) (collecting cases.)  "[T]his convenient form of suit came to be adopted as the usual method of trying titles to land." Id.

This case in no way resembles the common law ejectment action.  The United States brings no claim for damages.  This is a purely equitable action, not a mixed one, as was the case with ejectment at common law.  See Ejectment, Black's Law Dictionary (2d ed. 1910) (establishing that ejection was the only mixed action at common law).  And the United States is not trying its title to the Rio Grande River, attempting to recover possession of real property, or bringing a claim as a wrongfully ejected lessee.  Nor is Texas positioned as a party claiming ownership of the Rio Grande River.  A common law ejectment action bears no resemblance to

the current suit, except that the equitable remedy requested would see Texas's buoy barrier removed from the Rio Grande River, but on entirely different grounds: a Congressional mandate to keep navigable waterways accessible to all, not a right to possession of real property. (Dkt. # 155 at 8.)

Moreover, the cases that Texas relies on to make this RHA enforcement action out to be analogous to a common law ejection are inapt. Oregon v. Corvallis Sand & Gravel, 429 U.S. 363 (1977), concerned ownership of a riverbed, while Pernell v. Southall Realty, 416 U.S. 363 (1974), involved an attempt to recover possession of real property. Neither is applicable here, where the United States is not advancing an alleged federal property right in the Rio Grande River. And in New York v. DeLyser, 759 F. Supp. 982 (W.D.N.Y. 1991), the RHA claim did not survive past the motion to dismiss stage. These cases are neither persuasive nor applicable here.

Finding the current suit is not analogous to common law ejectment, the Court denies Texas's request for a jury trial. The United States asks for an injunction, which is considered to be equitable relief. Great-W. Life & Annuity Ins. v. Knudson, 534 U.S. 204, 211, (2002) ("In any event, injunction is inherently an equitable remedy.") Texas v. Ysleta del Sur Pueblo, 369 F. Supp. 3d 760, 767 (W.D. Tex. 2019) (finding "all remedies sought in this litigation are equitable" where Texas sought an injunction and declaratory judgment and the opposing party

sought declaratory judgment). There exists no right to a jury trial for suits at equity involving such relief. United States v. Reddoch, 467 F.2d 897, 899 (5th Cir. 1972) ("This being a suit for injunctive relief, not one at common law, there was no right to a jury trial."); Ysleta, 369 F. Supp. 3d at 767 (same).

VI.     The Court Declines to Appoint an Advisory Jury

Texas requests an advisory jury pursuant to Fed. R. Civ. P. 39(a) "on any and all issues not triable by jury as of right." (Dkt. # 120 at 6–7.)

"The case law is abundantly clear: it is completely discretionary with the trial judge whether or not to use an advisory jury, and the exercise of this discretion is not reviewable." Springer v. Rodriguez, No. 5:15-CV-108, 2019 WL 4417805, at *2 (S.D. Tex. Aug. 20, 2019), report and recommendation adopted, No. 5:15-CV-108, 2019 WL 4418276 (S.D. Tex. Sept. 16, 2019) (quoting 9 Charles Alan Wright and Arthur R. Miller, Federal Practice and Procedure § 2335 (3d ed. 2019)) (internal quotations omitted). The Court declines to exercise this discretion here. The Court is "unpersuaded that an advisory jury's assistance would be helpful in deciding this case's complex" legal and factual issues. Seven Seas Petroleum, Inc. v. CIBC World Markets Corp., No. CIV.A. 4:08-3048, 2012 WL 175415, at *4 (S.D. Tex. Jan. 20, 2012). Texas's motion to empanel an advisory jury is denied.

## CONCLUSION

For the foregoing reasons, the Court **ORDERS** as follows:

1. The Court **DENIES** Texas's Motion to place the case on the jury docket. (Dkt. # 123.)

2. The Court **DENIES IN PART** and **GRANTS IN PART** the United States' Motion to Dismiss Defendants' Counterclaim, to strike the affirmative defense, and to strike Texas's jury demand and advisory jury request. (Dkt. # 125.) The Court **GRANTS** the United States' Motion to Dismiss Defendants' Counterclaim, **DENIES** the United States' Motion to strike Texas's affirmative defense, and **GRANTS** the motion to strike Texas's jury demand and advisory jury request.

3. The Court **DENIES** Texas's Motion to Strike. (Dkt. # 132.)

**IT IS SO ORDERED.**

Dated: July 24, 2024.

_____
David Alan Ezra
Senior United States District Judge