IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff*, v. GREG ABBOTT, in his capacity as GOVERNOR OF THE STATE OF TEXAS, and THE STATE OF TEXAS, *Defendants*. | Case No. 1:23-cv-00853-DAE |

**UNITED STATES' MOTION IN LIMINE TO PRECLUDE TEXAS FROM PRESENTING CUMULATIVE EXPERT TESTIMONY**

Despite this case being a straightforward question of whether Texas was required and failed to obtain a permit before construction of a 1000-foot long barrier in the Rio Grande, Texas has designated twelve experts, several of which have duplicative and overlapping opinions. In an effort to streamline this trial—which the Court set for four days—into a manageable set of evidence, the United States requests the Court preclude Texas's cumulative experts as follows:

In accordance with the Court's scheduling order (ECF 97), the United States asks the Court to issue an order precluding Texas from eliciting cumulative testimony from three of Texas's designated experts—Carlos Rubinstein, Herman Settemeyer, and Dr. Kathy Alexander—regarding their identical opinions about the supposed legal requirements of the United States to obtain Texas water rights under the Texas Water Code and Texas regulations; their identical opinions about the supposed impossibility of the United States make any improvement in aid of navigation because of the lack of available water rights; and their identical opinions about the

1

supposed impossibility of changing water preferences under various state laws and an international treaty.

## BACKGROUND

In its June 14, 2024 amended expert designations, Texas designated twelve experts, along with designating the United States' four experts. *See generally* Exhibit 1. Mr. Rubinstein, Mr. Settemeyer, and Dr. Alexander were each designated and "expected to testify regarding" a litany of nearly identical issues. *Compare id.* at 2 (Rubinstein) *with id.* at 2-3 (Settemeyer) *with id.* at 8-12 (Alexander). On June 14, 2024, Texas served the United States with a co-signed joint expert report from Messrs. Rubinstein and Settemeyer.[1] These experts' duplicative opinions—set forth in the co-signed report for Messrs. Rubinstein and Settemeyer and in the amended expert designations for Dr. Alexander, and confirmed at their depositions—relate to Texas water rights, the availability of such water rights for the purpose of navigation, and the supposed legal obligations of the United States to apply for and acquire Texas water rights from the Texas Commission on Environmental Quality ("TCEQ") for any federal projects in aid of navigation on the Rio Grande. *See* Exhibit 2, Alexander Dep. 31:25-32:18; 49:22-51:16; 69:2-70:6; 80:23-82:12, 87:16-19, 88:4-19; Exhibit 3, Rubinstein Dep. 108:23-110:9; 161:1-162:21; 208:3-19; Exhibit 4, Settemeyer Dep. 60:18-61:5; *see also* ECF 122-7 at 3, 15-16 (Rubinstein/Settemeyer joint expert report filed by Texas).

Mr. Rubinstein, Mr. Settemeyer, and Dr. Alexander all also express the same opinion that because water rights are required and no water rights are available, it would be impossible and

---

[1] Contrary to Fed. R. Civ. P. 26(a)(2)(B), Dr. Alexander never provided a written expert report, despite testifying at her deposition that her duties with TCEQ involve regularly providing expert testimony and despite Texas's amended designations noting that same point. *See* Exhibit 2, Alexander Dep. 24:13-19; *see also* Ex. 1 at 8.

unreasonable for the United States to make any improvement to the Rio Grande in aid of navigation.  *See* Alexander Dep. 56:10-58:17; Rubinstein Dep. 145:18-145:3; 178:12-16; Settemeyer Dep. 72:6-13.  Finally, Messrs. Rubinstein and Settemeyer are unequivocal in their opinion that it is unlikely for there to be any change in beneficial water use preferences within the Texas Water Code and TCEQ regulations, as well as within the 1944 Water Treaty.  *See, e.g.*, Rubinstein Dep. 146:24-149:2; Settemeyer Dep. 47:3-17.

At their depositions, both Mr. Rubinstein and Mr. Settemeyer acknowledged that their expert opinions are identical, that their co-signed expert report was jointly prepared and the opinions within are indistinguishable, that they agreed on all opinions and did not disagree on any opinions included or otherwise, that there are no opinions unique to either of them, and that the facts and bases underlying their opinions are the same.  *See* Exhibit 2, Rubinstein Dep. 48:11-23; 49:8-14; 49:18-22; 203:13-16; Exhibit 3, Settemeyer Dep. 29:12-30:25; 31:1-5; 36:3-6, 60:11-15.  For example, Mr. Rubinstein was asked and answered:

> Q. For each of these ten [opinions], if we need to go through them we can, but is your opinion and Mr. Settemeyer's opinion the same?
>
> A. They are, yes, sir.
>
> Q. So you are both expressing the same opinion as to all ten of these opinions?
>
> A. Yes, sir.

Rubinstein Dep. 49:8-14.  And Mr. Settemeyer was similarly asked and answered:

> Q. Sure. Is there any difference in the opinions expressed -- summarized 1 through 10 on Page 3 that you have that are different than Mr. Rubinstein's?
>
> A. No. These -- these summary of opinions that we put in our report are -- are the opinions of both authors.
>
> Q. Are any of the opinions unique to just you?
>
> A. No.

3

Settemeyer Dep. 30:16-25; 35:11-36:6.

## ARGUMENT

Expert testimony may be excluded pursuant to Rule 403. *Target Strike, Inc. v. Marston & Marston, Inc.*, No. AS-10-CV-0188-OLG(NN), 2011 WL 1212736, at *2 (W.D. Tex. Mar. 24, 2011). Where "the witnesses proffered" are "prepared to give the same testimony already introduced[,]" a court may exclude the testimony of these witnesses. *Meadows & Walker Drilling Co. v. Phillips Petroleum Co.*, 417 F.2d 378, 382 (5th Cir. 1969). "It is well established that evidence which is merely repetitious and cumulative of testimony already introduced may be excluded by the court." *Id.* (citing cases).

When the testimony would be "superfluous, cumulative, or unjustified[,]" a district court does not abuse its discretion in limiting the number of experts testifying. *Harvey v. Andrist*, 754 F.2d 569, 572 (5th Cir. 1985); *see also First Nat'l Bank of Louisville v. Lustig*, 96 F.3d 1554 (5th Cir. 1996) (excluding experts testimony as cumulative where those experts "would have opined" on the same "series of events" as another expert); *Leefe v. Air Logistics, Inc.*, 876 F.2d 409 (5th Cir. 1989) (discouraging parties from "parading additional experts before the court in the hope that the added testimony will improve on some element of the testimony by the [other] expert"); *Meadows & Walker Drilling Co. v. Phillips Petroleum Co.*, 417 F.2d 378, 382 (5th Cir. 1969) (excluding the same testimony that had been introduced).

This Court need not hear the same repeated and cumulative testimony three times. All three of these proffered expert witnesses have signaled in deposition testimony that they will be giving the same testimony. It is true that courts facing this issue are typically deciding to limit further testimony on testimony already provided during trial. Here, however, Texas has designated an unusually high number of experts for an otherwise simple case, and waiting until

one or all are about to testify to address this obvious problem of cumulative testimony would needlessly lengthen trial. It is well within the Court's discretion to preclude this repetitious and cumulative testimony. *See Meadows & Walker Drilling*, 417 F.2d at 382.

Nor are these three experts reaching the same conclusion or opinion by different means or methods. All three are basing their opinions on their current or former experience at TCEQ. Alexander Dep. 51:8-22; Rubinstein Dep. 218:8-14; Settemeyer 68:21-69:2. Both Messrs. Rubinstein and Settemeyer rely on the same facts and bases to come to their indistinguishable opinions. *See* Settemeyer Dep. 60:11-14. All three are relying on the same Texas Water Code provisions and TCEQ regulations to form the same opinion that the United States is legally obligated to obtain Texas water rights. All three are also relying on the same interpretation of these Texas Water Code provisions and TCEQ regulations to form the same opinion that the United States cannot obtain any Texas water rights. All three then rely on these two premises to arrive at their final identical opinion: that it would be impossible and unreasonable for the United States to make any improvement to the Rio Grande in aid of navigation because the United States does not have and cannot obtain Texas water rights. *See, e.g.*, Alexander Dep. 32:9-12; 56:24-57:13; Rubinstein Dep. 161:1-162:21.

These three experts share not only identical opinions, but also an internally inconsistent approach to hypotheticals about water rights. They fended off hypothetical questions about water rights, insisting they could not speculate without information concerning a specific project. And yet they unequivocally testified that water rights would be required for *any* hypothetical federal project on the Rio Grande. *See* Alexander Dep. 70:1-72:20 (demurring on answering hypothetical on water rights requirements by noting that "can't really answer those types of questions without the specific projects in front of me"); Rubinstein 116:7-17 (claiming that "it

depends" when answering hypothetical on whether water right required). For example, Dr. Alexander testified that she could not speculate regarding water rights requirements "without the specific project in front of me," but then unequivocally asserted that water rights would be required for *any* federal project on the Rio Grande and unequivocally asserted that no water rights would be required by Texas for the floating barrier. *See* Alexander Dep. 70:1-72:20.

This is a straightforward case set for a four-day bench trial.[2] The United States will present a streamlined and focused case-in-chief on the single issue—whether Texas failed to obtain a required permit before constructing the Floating Barrier—using the fewest number of witnesses and experts necessary. In doing so, the United States will avoid duplicative and cumulative testimony. Texas, meanwhile, seeks to have a dozen experts testify on wide-ranging topics, including several opinions that are identical and cumulative three times over. This Court is within its discretion to preclude such superfluous testimony.

## **CONCLUSION**

For the foregoing reasons, the Court should preclude Texas from eliciting cumulative expert testimony from three of Texas's designated experts—Carlos Rubinstein, Herman Settemeyer, and Kathy Alexander—regarding their identical opinions about the supposed legal requirements of the United States to obtain Texas water rights under the Texas Water Code and Texas regulations; their identical opinions about the supposed impossibility of the United States make any improvement in aid of navigation because of the lack of available water rights; and their identical opinions about the supposed impossibility of changing water preferences under various state laws and an international treaty.

---

[2] Texas claims that this motion is a "waste of time." ECF 192 at 1. However, the United States' requested relief seeks to do exactly the opposite by precluding testimony that is already known to be cumulative and duplicative.

                                          Respectfully submitted,

Dated: July 26, 2024

| | |
|---|---|
| JAIME ESPARZA<br>UNITED STATES ATTORNEY | TODD KIM<br>ASSISTANT ATTORNEY GENERAL<br>Environment & Natural Resources Division |
| */s/ Landon Wade*<br>LANDON WADE<br>  Assistant United States Attorney<br>  Texas Bar No. 24098560<br>United States Attorney's Office<br>Western District of Texas<br>903 San Jacinto Blvd., Ste. 334<br>Austin, TX 78701<br>(512) 370-1255 (tel.)<br>(512) 916-5854 (fax)<br>landon.wade@usdoj.gov | */s/ Bryan J. Harrison*<br>BRIAN H. LYNK<br>  Senior Trial Counsel<br>  DC Bar No. 459525<br>KIMERE J. KIMBALL<br>  Trial Attorney<br>  CA Bar No. 260660<br>ANDREW D. KNUDSEN<br>  Trial Attorney<br>  DC Bar No. 1019697<br>BRYAN J. HARRISON<br>  Trial Attorney<br>  FL Bar No. 106379<br>U.S. Department of Justice<br>Environmental Defense Section<br>P.O. Box 7611<br>Washington, DC 20044<br>(202) 514-6187 (Lynk)<br>(202) 514-8865 (fax)<br>Brian.lynk@usdoj.gov<br>Andrew.knudsen@usdoj.gov<br>Kimere.kimball@usdoj.gov<br>Bryan.harrison@usdoj.gov<br><br>*Counsel for the United States of America* |

**CERTIFICATE OF CONFERENCE**

Pursuant to W.D. Tex. Rule CV-7(G), I certify that on July 26,2024, counsel for the United States advised counsel for Texas of its intent to file this motion and gave Texas a summary of the bases for its motion. Counsel for Texas responded that Texas opposes the United States' requested relief.

*/s/ Bryan J. Harrison*
Bryan J. Harrison

**CERTIFICATE OF SERVICE**

I certify that on July 26, 2024, a copy of this filing was served on counsel of record through the Court's electronic filing system.

*/s/ Bryan J. Harrison*
Bryan J. Harrison