**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff*,<br><br>v.<br><br>GREG ABBOTT, in his capacity as<br>GOVERNOR OF THE STATE OF TEXAS,<br>and THE STATE OF TEXAS,<br><br>*Defendants*. | Case No. 1:23-cv-00853-DAE |

**UNITED STATES' MOTION *IN LIMINE* TO EXCLUDE EVIDENCE AND ARGUMENT
REGARDING ANY FLOATING BARRIER U.S. CUSTOMS AND BORDER
PROTECTION CONTEMPLATED BUT DID NOT BUILD**

In accordance with the Court's scheduling order (ECF 97), the United States respectfully

requests the Court issue an order precluding Defendants Governor Greg Abbott and the State of

Texas (collectively, "Texas") from eliciting testimony and/or introducing exhibits regarding any

floating barrier U.S. Customs and Border Protection ("CBP") may have contemplated, but

ultimately did not build.

<u>**Introduction**</u>

This matter concerns a straightforward question of whether Texas failed to obtain a

Rivers and Harbors Act permit from the U.S. Army Corps of Engineers before constructing

Texas's 1,000-foot Floating Barrier in the Rio Grande River.  Texas has repeatedly attempted to

introduce evidence regarding purportedly similar barriers CBP considered but never purchased,

much less deployed.  Because this information is both irrelevant to these proceedings; because,

as this Court already has held, CBP's considerations are protected by the United States'

deliberative process privilege; and because Texas's purported expert on this topic lacks either expertise or personal knowledge to testify to CBP's internal deliberations, the Court should preclude Texas from attempting to introduce this evidence at trial.

## **Factual Background**

In July 2023, Texas began constructing a 1000-foot floating barrier in the Rio Grande River (the "Floating Barrier"), without first obtaining a permit from the U.S. Army Corps of Engineers.  ECF 56 at 10:16-23, 12:3-9.  The United States filed suit on July 24, 2023, seeking an injunction to have the Floating Barrier removed from the Rio Grande River, and sought a preliminary injunction on July 26, 2023.  ECF 1; ECF 5.  On August 22, 2023, this Court held an evidentiary hearing regarding the United States' request for a preliminary injunction.  ECF 56. In that hearing, Texas attempted to elicit testimony from former CBP employee Loren Flossman regarding CBP's internal deliberations about procuring its own floating barriers, which this Court ruled violated CBP's deliberative process privilege.  ECF 56 at 94:18-95:8.

Despite this ruling, Texas now seeks to put forth a second former CBP employee, Michael Banks, as a purported "expert" in CBP's consideration of floating barriers.  Ex. 1 (Tex. Expert Discl.) at 12 ¶ 3.  Specifically, Texas asserts, as part of Mr. Banks's purported expertise, that he "is aware of [CBP] engaging in the process of putting the very [s]ame buoys in the Rio Grande River." Texas further disclosed Mr. Banks's personal opinion that "when the administration changed the buoy contracts were shelved.  The decision to shelve the buoys was not an operational, legal, or safety decision, but instead a political one."  *Id*.  At deposition, Mr. Banks admitted that his sole personal knowledge of CBP's consideration of floating barriers is based on only *two* conversations; that he was not personally involved with any decisionmaking; and that his knowledge comes, at least in part, from conversations with *other* retired CBP

personnel (who lack any authority to waive CBP's deliberative process privilege) since he left CBP.  Ex. 2 (Banks Dep.) 101:23-104:5, 106:24-107:17.

**Argument**

Despite this Court's ruling that CBP's internal deliberations regarding floating barriers that CBP never even purchased are protected by CBP's deliberative process privilege, Texas has demonstrated an intent to elicit testimony and introduce evidence and argument on this topic. Accordingly, the United States respectfully requests the Court enter an order precluding Texas from introducing evidence or argument regarding any consideration of floating barriers in which CBP engaged.  This information should be precluded from trial for at least three reasons:  (1) CBP's consideration of floating barriers is not relevant to this action; (2) CBP's consideration is protected by the deliberative process privilege; and (3) Mr. Banks lacks either personal knowledge or "expertise" to speak to CBP's internal decisionmaking.

**I.      CBP's Internal Consideration—and Ultimate Rejection—of Floating Barriers Is Irrelevant to this Proceeding.**

First, any internal consideration of floating barriers CBP may have had is irrelevant to this proceeding because the sole question at issue is whether *Texas* was required—and failed—to obtain a Rivers and Harbors Act permit prior to constructing its Floating Barrier in the Rio Grande River.  CBP's internal considerations could not have any bearing on this requirement for Texas, and introduction of this evidence would cause undue delay.

For evidence to be relevant under the Federal Rules, it must satisfy two criteria: "(a) it has any tendency to make a fact more or less probable than it would be without the evidence" *and* "(b) the fact is of consequence in determining the action."  Fed. R. Evid. 401.  "Irrelevant evidence is not admissible."  Fed. R. Evid. 402; *see also Painter v. Suire*, 650 F. App'x 219, 225 (5th Cir. 2016) (upholding district court's exclusion of evidence that was only "tangentially

3

related" to the claim at issue).  Moreover, even if relevant, the Court may exclude evidence if its "probative value is substantially outweighed by a danger of . . . undue delay [or] wasting time . . . ."  Fed. R. Evid. 403.

It is undisputed that CBP has never placed any floating barriers in the Rio Grande River, much less done so without a Rivers and Harbors Act permit.  *See* Ex. 2 (Banks Dep.) 106:24-107:1; ECF 56 at 95:12-24; EX. 3 (Enriquez Decl.) ⁋ 7.  Because only Texas's failure to obtain a permit for *its* Floating Barrier is at issue, nothing regarding CBP's internal deliberations about potential other barriers bears on any fact "of consequence in determining the [above-captioned] action."  Fed. R. Evid. 401.  Any such evidence or argument should therefore be excluded.

CBP's internal consideration of floating barriers is further irrelevant to whether *Texas* is required to obtain a Rivers and Harbors Act permit because, unlike Texas, CBP has explicit statutory authority to construct barriers along the border without a Rivers and Harbors Act permit if the Secretary of Homeland Security issues a waiver of that Act under Section 102(c) of the Illegal Immigration Reform and Immigrant Responsibility Act ("IIRIRA"), as amended.  *See* PL 109-13 Sec. 102; Ex. 3 (Enriquez Decl.) ⁋ 8.  Texas has no equivalent authority.  Accordingly, *any* consideration of floating barriers by any DHS component has no bearing on Texas's legal obligation to obtain a permit prior to constructing the Floating Barrier in this litigation, and any argument and evidence on this topic should be excluded under Federal Rules of Evidence 401 and 402.

Moreover, allowing Texas to present evidence and argument regarding any CBP consideration of floating barriers would unduly delay proceedings and waste time.  In addition to the time Texas's affirmative evidence on this topic would require, the United States would be forced to put on additional witnesses to correct the testimony of Texas's witnesses, who appear to

misremember critical details regarding CBP's internal deliberations (to the extent those details were ever known to the witnesses).  For example, Mr. Banks testified both that he had no involvement in CBP's procurement process and that CBP had signed and later canceled a contract for a floating barrier.  Ex. 2 (Banks Dep.) 102:22-103:15.  Not only are these statements inconsistent, but the second is inaccurate; no contract was ever even executed, let alone canceled.  Ex. 3 (Enriquez Decl.) ¶ 6.  To avoid unnecessarily multiplying proceedings with witnesses testifying to these irrelevant issues, the Court should preclude Texas from offering evidence (including through eliciting testimony) or argument regarding CBP's consideration of floating barriers.

## II.     CBP's Consideration of Floating Barriers Is Protected by the Deliberative Process Privilege.

The deliberative process privilege shields "an agency's preliminary thinking about a problem" to protect "internal communications consisting of advice, recommendations, opinions, and other material reflecting deliberative or policy-making processes." *U.S. Fish & Wildlife Serv. v. Sierra Club, Inc.*, 592 U.S. 261, 266 (2021); *Strokes v. Brennan*, 476 F.2d 699, 703-04 (5th Cir. 1973).  To be protected, the communications must be both deliberative and predecisional.  *Sierra Club*, 592 U.S. at 268.

As this Court correctly held at the preliminary injunction evidentiary hearing, CBP's internal deliberations are protected by the deliberative process privilege.  ECF 56 94:22-95:8.  Because CBP still has not even procured, much less deploy, any floating barriers, any internal CBP communications regarding such barriers are necessarily pre-decisional.  Ex. 3 (Enriquez Decl.) ¶¶ 6-7; Ex. 4 (BeMiller Decl.) ¶¶ 2-6.  And any communications concerning the *potential* procurement or deployment of such a barrier would have been deliberative to that decision.  Ex.

5

4 (BeMiller Decl.) ¶ 4.  The deliberative process privilege thus protects all such communications from disclosure.

III.    **Mr. Banks Lacks Either Personal Knowledge or Expertise to Testify Regarding CBP's Consideration of Floating Barriers.**

Finally, although Mr. Banks has been disclosed as an expert in CBP's internal deliberations regarding floating barriers, Ex. 1 (Tex. Expert Disc.) at 12, Mr. Banks should not be allowed to testify regarding CBP's consideration because he lacks both expertise in and personal knowledge of these considerations.

First, as fully explained in the United States' Motion *in Limine* to Limit Michael Banks's Testimony to Lay Testimony, filed concurrently with this motion, Mr. Banks lacks any scientific, technical, or specialized knowledge in CBP's internal consideration of floating barriers.  Mr. Banks testified that his knowledge of CBP's consideration of floating barriers was based on two conversations four years ago while he was employed by CBP and subsequent conversations with former CBP employees.  Ex. 2 (Banks Dep.) 101:23-104:5, 106:24-107:17.  Mr. Banks's mere recitation of his understanding from *other* people is neither scientific, technical, nor specialized, nor is it based on "reliable principles and methods" such that it could be considered expert testimony.  Fed. R. Evid. 702.

Second, Mr. Banks's testimony cannot be admitted as lay testimony because he lacks the requisite personal knowledge.  To testify as a lay witness, "[a] witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter."  Fed. R. Evid. 602.  By his own admission, Mr. Banks's knowledge comes not from his own experience but rather that of *other* unidentified individuals purportedly involved in decision-making.  Ex. 2 (Banks Dep.) 101:23-104:5, 106:24-107:17.  He thus lacks the requisite personal knowledge to testify on this topic.

Mr. Banks thus should be precluded from testifying—either as a lay or expert witness—regarding any consideration of floating barriers by CBP.

**<u>Conclusion</u>**

For the foregoing reasons, the Court should preclude Texas from introducing any argument or evidence regarding CBP's consideration of floating barriers.

Respectfully submitted,

Dated:  July 26, 2024

JAIME ESPARZA
UNITED STATES ATTORNEY

*/s/ Landon Wade*
LANDON WADE
  Assistant United States Attorney
  Texas Bar No. 24098560
United States Attorney's Office
Western District of Texas
903 San Jacinto Blvd., Ste. 334
Austin, TX 78701
(512) 370-1255 (tel.)
(512) 916-5854 (fax)
landon.wade@usdoj.gov

TODD KIM
ASSISTANT ATTORNEY GENERAL
Environment & Natural Resources Division

*/s/ Kimere J. Kimball*
BRIAN H. LYNK
  Senior Trial Counsel
  DC Bar No. 459525
KIMERE J. KIMBALL
  Trial Attorney
  CA Bar No. 260660
ANDREW D. KNUDSEN
  Trial Attorney
  DC Bar No. 1019697
BRYAN J. HARRISON
  Trial Attorney
  FL Bar No. 106379
U.S. Department of Justice
Environmental Defense Section
P.O. Box 7611
Washington, DC 20044
(202) 514-6187 (Lynk)
(202) 514-8865 (fax)
Brian.lynk@usdoj.gov
Andrew.knudsen@usdoj.gov
Kimere.kimball@usdoj.gov
Bryan.harrison@usdoj.gov

*Counsel for the United States of America*

7

**CERTIFICATE OF SERVICE**

I certify that on this date a copy of this filing was served on all counsel of record using this Court's electronic filing system.

*/s/ Kimere J. Kimball*
Kimere J. Kimball

**CERTIFICATE OF CONFERENCE**

Pursuant to W.D. Tex. Rule CV-7(G), I certify that on July 26,2024, counsel for the United States advised counsel for Texas of its intent to file this motion and gave Texas a summary of the bases for its motion.  Counsel for Texas responded that Texas opposes the United States' requested relief.

*/s/ Kimere J. Kimball*
KIMERE J. KIMBALL