# EXHIBIT

# 4

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>GREG ABBOTT, in his capacity as GOVERNOR OF THE STATE OF TEXAS, and THE STATE OF TEXAS,<br><br>Defendant. | Civil Action No. 1:23-cv-00853-DAE |

## **DECLARATION OF DAVID S. BEMILLER**

I, David S. BeMiller, pursuant to 28 U.S.C. 1746, am executing this Declaration, and declare under penalty of perjury that the facts stated below are true and correct to the best of my personal knowledge and belief.

1. I am currently serving as the Deputy Chief of the U.S. Border Patrol (USBP) in Washington, D.C.  I have served in this position since March 24, 2024.  In my position as Deputy Chief, I am responsible for executing the missions of the U.S. Department of Homeland Security (DHS), U.S. Customs and Border Protection (CBP), and USBP. USBP is the primary federal law enforcement organization responsible for securing the U.S. borders between the ports of entry by preventing the entry of terrorists and their weapons and the illicit trafficking of people and contraband. USBP has a workforce of over 19,000 agents who patrol more than 6,000 miles of U.S. land borders.

2. I have personally reviewed the Identification of State Defendants' Anticipated Expert Witnesses, identifying Michael Banks as an anticipated expert, dated June 14, 2024, which states, in part that "[w]hile employed at CBP, Mr. Banks is aware of the agency engaging in the process of putting the very same buoys in the Rio Grande River, however when the administration changed the buoy contracts where shelved. The decision to shelve the buoys was not an operational, legal, or safety decision, but instead a political one."

3. I have also personally reviewed the testimony of Loren Flossman from August 22, 2023, in a prior hearing in this case.  During a portion of his testimony, Mr. Flossman attempted to testify concerning CBP's prior consideration of floating barriers.

4. The expert designation of Mr. Banks and the testimony of Mr. Flossman relate to CBP's internal deliberations regarding CBP's prior consideration of floating barriers and reflect pre-decisional information.  This information is deliberative and pre-decisional. To the extent there is any additional testimony regarding these internal discussions, it would likewise be deliberative and pre-decisional.

5. The disclosure of deliberative and pre-decisional information related to CBP's prior consideration of floating barriers would discourage and chill open, frank discussions on matters regarding agency operations between agency personnel, including between subordinates and superiors.

6. The disclosure of deliberative and pre-decisional information related to CBP's prior consideration of floating barriers would reveal internal agency deliberations and could negatively impact CBP's decision-making process in the future.

7. I declare, under penalty of perjury, that the foregoing is true and correct to the best of my knowledge and belief.

Executed this 26th day of July 2024.

_____
David S. BeMiller
Deputy Chief
U.S. Border Patrol