# U.S. EXHIBIT

# 1



# KEN PAXTON
ATTORNEY GENERAL OF TEXAS

June 14, 2024. *via Email*

**BRIAN H. LYNK**
Senior Trial Counsel
U.S. Department of Justice
Environmental Defense Section
P.O. Box 7611
Washington, DC 20044
Telephone: (202) 514-6187
Facsimile: (202) 514-8865
Brian.lynk@usdoj.gov
*Counsel for the United States of America*

   RE: *USA v. Abbott, et al.*, No. 1:23-cv-00853; In the U.S. District Court for the Western District of Texas, Austin Division; Identification of State Defendants' Anticipated Expert Witnesses.

Dear Mr. Lynk:

Defendants hereby identify the following individual as witnesses they may use at trial to present evidence under Fed. R. Evid. 702, 704, or 705, pursuant to Fed. R. Civ. P. 26(a)(2) and the Scheduling Order (ECF 97) entered on March 5, 2024:

1.  **Heather Lee Miller, Ph.D.**
   Vice President of Business Development and Principal Historian
   Historical Research Associates, Inc.
   C/o Johnathan Stone
   Special Counsel
   Special Litigation Division
   Office of the Attorney General of Texas
   P.O. Box 12548, Capitol Station
   Austin, Texas 78711
   Telephone: (512) 936-2613
   Johnathan.Stone@oag.texas.gov
   *Counsel for State Defendants*

   Dr. Miller is expected to testify regarding historical navigation on the Rio Grande River, including between Mile Markers 275.5 and 610. Dr. Miller may also testify as a rebuttal



expert on any other subjects for which the USA designates experts in this matter. A report containing Dr. Miller's expert opinions was produced on June 14, 2024.

2. **Carlos Rubinstein**
Principal at RSAH2O, LLC.
C/o Johnathan Stone
Special Counsel
Special Litigation Division
Office of the Attorney General of Texas
P.O. Box 12548, Capitol Station
Austin, Texas 78711
Telephone: (512) 936-2613
Johnathan.Stone@oag.texas.gov
*Counsel for State Defendants*

Mr. Rubinstein is expected to testify regarding hydrology, historical, current, and future water rights, water usage, water releases, commerce, trade, navigation, security, vessels, structures, the river conditions, weather conditions, the nature and impact of the buoys, governmental relations, implementation and the operation of relevant treaties, laws, regulations, and policies, relevant federal, state, local, and tribal entities, and the reasonableness of possible improvements to make the Rio Grande River suitable for navigation, including between Mile Markers 275.5 and 610. Mr. Rubinstein may also testify as a rebuttal expert on any other subjects for which the USA designates experts in this matter. A report containing Mr. Rubinstein's expert opinions was produced on June 14, 2024.

3. **Herman Settlemeyer, P.E.**
Principal at RSAH2O, LLC.
C/o Johnathan Stone
Special Counsel
Special Litigation Division
Office of the Attorney General of Texas
P.O. Box 12548, Capitol Station
Austin, Texas 78711
Telephone: (512) 936-2613
Johnathan.Stone@oag.texas.gov



*Counsel for State Defendants*

Mr. Settlemeyer is expected to testify regarding hydrology, hydraulics, engineering, historical, current, and future water rights, water usage, water releases, commerce, trade, navigation, security, vessels, structures, the river conditions, weather conditions, the nature and impact of the buoys, governmental relations, implementation and the operation of relevant treaties, laws, regulations, and policies, relevant federal, state, local, and tribal entities, and the reasonableness of possible improvements to make the Rio Grande River suitable for navigation, including between Mile Markers 275.5 and 610. Mr. Settlemeyer may also testify as a rebuttal expert on any other subjects for which the USA designates experts in this matter. A report containing Mr. Settlemeyer's expert opinions was produced on June 14, 2024.

4. **Ancil Taylor**
   Managing Partner of Ancil Taylor Dredging Consulting, LLC.
   C/o Johnathan Stone
   Special Counsel
   Special Litigation Division
   Office of the Attorney General of Texas
   P.O. Box 12548, Capitol Station
   Austin, Texas 78711
   Telephone: (512) 936-2613
   Johnathan.Stone@oag.texas.gov
   *Counsel for State Defendants*

Mr. Taylor is expected to testify regarding hydrology, dredging, locks, dams, pools, reservoirs, structures, construction, costs, bank conditions, silt, river conditions, permitting, regulations, and the reasonableness of possible improvements to make the Rio Grande River suitable for navigation, including between Mile Markers 275.5 and 610. Mr. Taylor may also testify as a rebuttal expert on any other subjects for which the USA designates experts in this matter. A report containing Mr. Taylor's expert opinions was produced on June 14, 2024.

5. **F. Douglas "Doug" Shields, Jr., Ph.D., P.E., D.WRE**
   Principal and Hydraulic Engineer, Shields Engineering, LLC
   C/o Johnathan Stone



**KEN PAXTON**
ATTORNEY GENERAL OF TEXAS

Special Counsel
Special Litigation Division
Office of the Attorney General of Texas
P.O. Box 12548, Capitol Station
Austin, Texas 78711
Telephone: (512) 936-2613
Johnathan.Stone@oag.texas.gov
*Counsel for State Defendants*

Dr. Shields is expected to testify regarding hydrology, hydraulics, engineering, dredging, locks, dams, pools, reservoirs, structures, construction, bank conditions, silt, river conditions, water rights, water usage, costs, benefits, water releases, commerce, trade, navigation, security, vessels, structures, the river conditions, weather conditions, the nature and impact of the buoys, governmental relations, implementation and the operation of relevant treaties, laws, regulations, and policies, relevant federal, state, local, and tribal entities, and the reasonableness of possible improvements to make the Rio Grande River suitable for navigation, including between Mile Markers 275.5 and 610. Dr. Shields may also testify as a rebuttal expert on any other subjects for which the USA designates experts in this matter. A report containing Mr. Shield's expert opinions was produced on June 14, 2024.

6. **Thomas "T. J." Ciarametaro**
   Owner of Five Fathoms Consulting, LLC
   C/o Johnathan Stone
   Special Counsel
   Special Litigation Division
   Office of the Attorney General of Texas
   P.O. Box 12548, Capitol Station
   Austin, Texas 78711
   Telephone: (512) 936-2613
   Johnathan.Stone@oag.texas.gov
   *Counsel for State Defendants*

Cpt. Ciarametaro is expected to testify regarding law enforcement, national security, dredging, locks, dams, pools, reservoirs, structures, construction, river conditions, harbors, water rights, water usage, water releases, benefits, commerce, trade, navigation, security,



vessels, structures, the river conditions, weather conditions, safety, the nature and impact of the buoys, governmental relations, implementation and the operation of relevant treaties, laws, regulations, and policies, relevant federal, state, local, and tribal entities, and the reasonableness of possible improvements to make the Rio Grande River suitable for navigation, including between Mile Markers 275.5 and 610. Cpt. Ciarametaro may also testify as a rebuttal expert on any other subjects for which the USA designates experts in this matter. A report containing Cpt. Ciarametaro's expert opinions was produced on June 14, 2024.

7. **Eleftherios "Lefteris" Iakovou, Ph.D.**
Professor and Holder of the Harvey Hubbell Professorship of Industrial Distribution
Department of Engineering Technology and Industrial Distribution Texas A&M University
C/o Johnathan Stone
Special Counsel
Special Litigation Division
Office of the Attorney General of Texas
P.O. Box 12548, Capitol Station
Austin, Texas 78711
Telephone: (512) 936-2613
Johnathan.Stone@oag.texas.gov
*Counsel for State Defendants*

Dr. Iakovou is expected to testify regarding supply chains, trade, engineering, commerce, economics, distribution, transportation, manufacturing, production, shipping, intermodal and maritime logistics, carver conditions, costs, benefits, national security, infrastructure, highways of commerce, governmental relations, implementation and the operation of relevant treaties, laws, regulations, and policies, relevant federal, state, local, and tribal entities, and the reasonableness of possible improvements to make the Rio Grande River suitable for navigation, including between Mile Markers 275.5 and 610. Dr. Iakovou may also testify as a rebuttal expert on any other subjects for which the USA designates experts in this matter. A report containing Dr. Iakovou's expert opinions was produced on June 14, 2024.

8. **Tong Zhao, Ph.D., P.E., P.S.P., C.C.P., C.F.C.C.**
Senior Director of Delta Consulting Group.

Case 1:23-cv-00853-DAE   Document 196-2   Filed 07/26/24   Page 7 of 16



C/o Johnathan Stone
Special Counsel
Special Litigation Division
Office of the Attorney General of Texas
P.O. Box 12548, Capitol Station
Austin, Texas 78711
Telephone: (512) 936-2613
Johnathan.Stone@oag.texas.gov
*Counsel for State Defendants*

Dr. Zhao is expected to testify regarding costs, benefits, economics, engineering, construction, forensics, environmental impacts, trade, commerce, river conditions, transportation, navigation, national security, infrastructure, highways of commerce, governmental relations, permitting, implementation and the operation of relevant treaties, laws, regulations, and policies, relevant federal, state, local, and tribal entities, and the reasonableness of possible improvements to make the Rio Grande River suitable for navigation, including between Mile Markers 275.5 and 610. Dr. Zhao may also testify as a rebuttal expert on any other subjects for which the USA designates experts in this matter. A report containing Dr. Zhao's expert opinions was produced on June 14, 2024.

9. **Christina Magers, C.W.B.**
Environmental Scientist at Balcones Field Services
C/o Johnathan Stone
Special Counsel
Special Litigation Division
Office of the Attorney General of Texas
P.O. Box 12548, Capitol Station
Austin, Texas 78711
Telephone: (512) 936-2613
Johnathan.Stone@oag.texas.gov
*Counsel for State Defendants*

Ms. Magers is expected to testify regarding biology, ecology, regulatory frameworks, environmental resources, human and land use, topography, geology, soils, tributaries, reservoirs, aquifers, wetlands, wild and scenic rivers, flood zones, floodplain management, farmland, threatened and endangered species, biological resources, cultural resources, air



quality, noise, socioeconomics, transportation and circulation, utilities, hazardous materials and waste, indirect and cumulative considerations, benefits, economics, construction, environmental impacts, commerce, river conditions, navigation, national security, infrastructure, highways of commerce, water rights, water usage, water releases, governmental relations, permitting, implementation and the operation of relevant treaties, laws, regulations, and policies, relevant federal, state, local, and tribal entities, and the reasonableness of possible improvements to make the Rio Grande River suitable for navigation, including between Mile Markers 275.5 and 610. Ms. Magers may also testify as a rebuttal expert on any other subjects for which the USA designates experts in this matter. A report containing Ms. Mager's expert opinions was produced on June 14, 2024.

10. **Cassandra "Sandi" K. Hart, M.S.**
    Senior Environment Project Manager at Coastal Environments, Inc.
    C/o Johnathan Stone
    Special Counsel
    Special Litigation Division
    Office of the Attorney General of Texas
    P.O. Box 12548, Capitol Station
    Austin, Texas 78711
    Telephone: (512) 936-2613
    [Johnathan.Stone@oag.texas.gov](mailto:Johnathan.Stone@oag.texas.gov)
    *Counsel for State Defendants*

    Ms. Hart is expected to testify regarding biology, ecology, regulatory frameworks, environmental resources, human and land use, topography, geology, soils, tributaries, reservoirs, aquifers, wetlands, wild and scenic rivers, flood zones, floodplain management, farmland, threatened and endangered species, biological resources, cultural resources, air quality, noise, socioeconomics, transportation and circulation, utilities, hazardous materials and waste, indirect and cumulative considerations, benefits, economics, construction, environmental impacts, commerce, river conditions, navigation, national security, infrastructure, highways of commerce, water rights, water usage, water releases, governmental relations, permitting, implementation and the operation of relevant treaties, laws, regulations, and policies, relevant federal, state, local, and tribal entities, and the reasonableness of possible improvements to make the Rio Grande River suitable for navigation, including between Mile Markers 275.5 and 610. Ms. Hart may also testify as a



rebuttal expert on any other subjects for which the USA designates experts in this matter. A report containing Ms. Hart's expert opinions was produced on June 14, 2024.

11. **Kathy Alexander, Ph.D.**
Senior Policy and Technical Analyst at the Water Availability Division, Texas Commission on Environmental Quality
C/o Johnathan Stone
Special Counsel
Special Litigation Division
Office of the Attorney General of Texas
P.O. Box 12548, Capitol Station
Austin, Texas 78711
Telephone: (512) 936-2613
Johnathan.Stone@oag.texas.gov
*Counsel for State Defendants*

Dr. Alexander is not retained or specially employed to provide expert testimony in this case. Dr. Alexander is person whose duties regularly involve giving expert testimony in matters relating to water rights permitting and management in Texas. Dr. Alexander is expected to testify regarding water rights permitting in the State of Texas, which includes issues such as interbasin transfers, water availability determinations, and Texas' hydrology, regulatory frameworks, historical, current, and future water rights, water usage, water releases, river conditions, navigation, historic water rights permitting, ~~the river~~ conditions on the Rio Grande Basin and its USA tributaries, weather conditions, implementation and the operation of relevant treaties, laws, regulations, and policies, relevant federal, state, local, and tribal entities, and the reasonableness of possible improvements to make the Rio Grande River suitable for navigation as proposed by the USA, including between Mile Markers 275.5 and 610. Dr. Alexander may also testify as a rebuttal expert on any other subjects for which the USA designates experts in this matter.

Pursuant to Fed. R. Civ. P. 26(a)(2) and the Scheduling Order (ECF 97) entered on March 5, 2024, Dr. Alexander provided the information required by Fed. R. Civ. P. 26(a)(2)(C) on June 14, 2024.



Dr. Alexander's expert opinions in this case are, generally, as follows:

1. State water is defined by Texas law as "the ordinary flow, underflow, and tides of every flowing river, natural stream, and lake, and of every bay or arm of the Gulf of Mexico, and the storm water, floodwater, and rainwater of every river, natural stream, canyon, ravine, depression, and watershed in the state" and is the property of the state.[1] The U.S. share of water flowing in the Rio Grande is state water. State water may be used for the beneficial purposes of use defined in the Texas Water Code and TCEQ's rules.[2] The State of Texas has primary jurisdiction over the allocation and management of state surface water and a Texas water right is required to use state surface water unless the use falls under specific statutory exemptions.[3] Although an existing water right can be subsequently changed, changing a water right requires the water right holder to initiate an amendment to the water right.[4]

2. Navigation is a beneficial use of instream flows in Texas' rivers.[5] There are water rights in the State of Texas that include navigation as an authorized beneficial purpose of use; however, none of those water rights are in the Rio Grande. In water rights that authorize navigation, navigation is not the only beneficial use authorized in the water right. Navigation is an incidental use whereby water that is diverted or released for other purposes could also be used to support navigation as part of the water right holder's operations. The use of water for navigation would not be in addition to the authorized beneficial purposes of use in the water right such as municipal, agricultural, or industrial use.

3. Water rights in other parts of the state include provisions to protect navigation use, such as subordination of other uses to navigation or cancellation of the water right if the water is needed for navigation. These provisions were included in the water right at the time the water right was originally granted.

4. TCEQ's Water Rights Permitting program manages the water rights permitting process, which includes issuing new water rights or amending existing water rights.

---

[1] Texas Water Code Section 11.021.
[2] Texas Water Code Section 11.023 and Title 30 Texas Administrative Code Section 297.43.
[3] Texas Water Code Section 11.121
[4] Texas Water Code Section 11.122
[5] Title 30, Texas Administrative Code Sections 297.43(a)(6) and 297.1(26).



        TCEQ's Rio Grande Watermaster program monitors, enforces, and manages water rights.[6]

5. Releasing water solely for the purpose of raising the water depth in the Rio Grande for purposes of navigation is not reasonable because a Texas water right would be required[7] and acquiring a Texas water right would not be possible for the following reasons:

    a. There is no water available for a new appropriation of water in the Rio Grande;

    b. Even if water was found to be available, TCEQ cannot grant a new water right solely for navigation purposes;[8]

    c. There are no water rights on the Rio Grande that authorize navigation use; and

    d. Existing water rights could be amended to add navigation as a purpose of use; however, the water right holder(s) would need to initiate the amendment process.[9]

6. Dredging and bank stabilization could require a water right from TCEQ if any aspect of the project involved storing, taking, or diverting state water. TCEQ has issued water rights for these types of projects; however, acquiring a new or amended water right in the Rio Grande would not be reasonable as outlined in Statement 5. Even if weirs, debris, and other obstacles were removed, releasing water solely for the purpose of raising the water depth in the Rio Grande is also not reasonable because a Texas water right would be required and acquiring a new Texas water right for navigation or raising water depths would not be possible.

7. Dredging and debris removal coupled with creating a system of locks and dams would require a water right from the TCEQ. Dredging alone may require a water right from TCEQ as discussed in Statement 6. A Texas water right authorizing a new appropriation of water would be required for each dam and lock, and the reservoirs created by them. Acquiring a new water right for maintaining locks, dams,

---

[6] Title 30 Texas Administrative Code Chapters 295, 297, and 303. See also Chapter 7 of TCEQ's Sunset Self-Evaluation Report for a more complete description of program functions. The report is available at https://www.tceq.texas.gov/agency/sunset/sunset-self-evaluation-2021
[7] Texas Water Code Section 11.121
[8] Texas Water Code Section 11.0235(d)
[9] Texas Water Code Section 11.122



and reservoirs would not be reasonable because acquiring a new Texas water right would not be possible.

12. **Michael Banks**
Special Advisor to the Governor of Texas on Border Matters
C/o Johnathan Stone
Special Counsel
Special Litigation Division
Office of the Attorney General of Texas
P.O. Box 12548, Capitol Station
Austin, Texas 78711
Telephone: (512) 936-2613
Johnathan.Stone@oag.texas.gov
*Counsel for State Defendants*

Mr. Banks is not retained or specially employed to provide expert testimony in this case or a person whose duties regularly involve giving expert testimony. Mr. Banks is expected to testify regarding border security, including whether the buoys are effective deterrent to transnational crime and illegal immigration, whether the buoys pose a danger to the public or law enforcement, whether the buoys inhibit the ability to for federal and state law enforcement to perform their job duties, and the conditions at the border necessitating installation of the buoys.

Pursuant to Fed. R. Civ. P. 26(a)(2) and the Scheduling Order (ECF 97) entered on March 5, 2024, Mr. Banks provided the information required by Fed. R. Civ. P. 26(a)(2)(C) on June 14, 2024.

Mr. Bank's expert opinions in this case are, generally, as follows:

1. The buoys are an extremely effective deterrent against transnational crime and have proven to be incredibly effective in preventing the illegal entry of persons, guns, drugs, and goods into Texas. Current deployed buoys are monitored 24 hours a day 7 days a week, and there have been 0 observed illegal crossing over the buoys since they were placed in the river.

2. It is my view, that buoys do not pose a danger to the public or law enforcement. The Rio Grande River has numerous natural dangers, including the currents, depth,



rocks, debris (both sunken and floating), large boulders. As a moving body of water, the river is constantly changing. Each of these changes present a danger to boats operating on the river. That buoys, on the other hand, are affixed and constant so their location is marked on maps, GPS systems, and known to locals and law enforcement. Additionally, the buoys are bright orange for visual identification, which prevents collision by passing vessels. The buoys run perpendicular to the banks of the rive to ensure the water flow and navigation of vessels up and down the river is unimpeded.

3. In my opinion, the buoys do not inhibit law enforcement from doing their jobs. Federal law enforcement can access the river from both sides of the buoys, just as state law enforcement, local law enforcement, local fire department, news crews, and maintenance workers do. The buoys assist law enforcement in preforming their job, as no illegal cross border activity has happened at this portion of the border, instead the buoys have funneled that traffic and proven to be a force multiplier. While employed at CBP, Mr. Banks is aware of the agency engaging in the process of putting the very came buoys in the Rio Grande River, however when the administration changed the buoy contracts where shelved. The decision to shelve the buoys was not an operational, legal, or safety decision, but instead a political one.

4. The conditions in recent years in the Rio Grande area where the buoys are located have deteriorated to such an extent that placing the buoys was necessary. Over the last three and a half years, the Eagle Pass area has become not only a major public safety issue, but also a humanitarian crisis. The Del Rio Sector, where the buoys are located, saw a 547% increase in cross border related deaths over the last three and a half-year period. Prior to the installation of the buoys there were thousands of illegal immigrants huddled under a bridge, with thousands more held in retention pounds adjacent to the bridge, and thousands more still crossing with federal law enforcement doing nothing to stop this flow.

5. In my opinion, the buoys are a safe and effective means of preventing the entry of illegal persons, drugs, guns, and goods into Texas, and preventing drownings by those crossing illegally into the United States.

13. **Adrian Cortez**
    Hydrologist at the International Boundary & Water Commission—U.S. Section
    C/o Brian H. Lynk
    Senior Trial Counsel
    U.S. Department of Justice



Environmental Defense Section
P.O. Box 7611
Washington, DC 20044
Telephone: (202) 514-6187
Facsimile: (202) 514-8865
Brian.lynk@usdoj.gov
*Counsel for the United States of America*

Defendants dispute that Mr. Cortez is an expert on any matter relevant to this case; however, in the event that he is found to be a qualified expert, Defendants cross designate Mr. Cortez as an expert on the treaty and regulatory requirements necessary to make the Rio Grande River navigable between Mile Markers 275.5 and 610, the length of time it will take to drain the Amistad Reservoir of water to make the Rio Grande River navigable between Mile Markers 275.5 and 610, the amount of water necessary to overcome the weirs and Maverick Dam such that the Rio Grande River is navigable between Mile Markers 275.5 and 610, that the Rio Grande River is not a highway of commerce between Mile Markers 275.5 and 610, that vessels carrying commercial cargo cannot navigate between Mile Markers 275.5 and 610, and the absence of any lawful commercial navigation occurring between Mile Marker 275.5 to Mile Marker 610.

14. **Benjamin Johnson, Ph.D.**
    Professor of History at Loyola University Chicago
    C/o Brian H. Lynk
    Senior Trial Counsel
    U.S. Department of Justice
    Environmental Defense Section
    P.O. Box 7611
    Washington, DC 20044
    Telephone: (202) 514-6187
    Facsimile: (202) 514-8865
    Brian.lynk@usdoj.gov
    *Counsel for the United States of America*

Defendants dispute that Dr. Johnson is an expert on any matter relevant to this case; however, in the event that he is found to be a qualified expert, Defendants cross designate Dr. Johnson as an expert on the absence of sustained historical commercial navigation



traveling up and down the Rio Grande River, including between Mile Marker 275.5 to Mile Marker 610.

15. **Timothy MacAllister**
    Chief of Operations for the Fort Worth
    District, U.S. Army Corps of Engineers.
    C/o Brian H. Lynk
    Senior Trial Counsel
    U.S. Department of Justice
    Environmental Defense Section
    P.O. Box 7611
    Washington, DC 20044
    Telephone: (202) 514-6187
    Facsimile: (202) 514-8865
    Brian.lynk@usdoj.gov
    *Counsel for the United States of America*

    Defendants dispute that Mr. MacAllister is an expert on any matter relevant to this case; however, in the event that he is found to be a qualified expert, Defendants cross designate Mr. MacAllister an expert on the treaty and regulatory requirements necessary to make the Rio Grande River navigable between Mile Markers 275.5 and 610, that the Rio Grande River is not a highway of commerce between Mile Markers 275.5 and 610, the absence of any lawful commercial navigation occurring between Mile Marker 275.5 to Mile Marker 610, and that vessels carrying commercial cargo cannot navigate between Mile Markers 275.5 and 610.

16. **John C. Timmel**
    Owner of Starboard Ten, Inc.
    District, U.S. Army Corps of Engineers.
    C/o Brian H. Lynk
    Senior Trial Counsel
    U.S. Department of Justice
    Environmental Defense Section
    P.O. Box 7611
    Washington, DC 20044
    Telephone: (202) 514-6187



Facsimile: (202) 514-8865
Brian.lynk@usdoj.gov
*Counsel for the United States of America*

Defendants dispute that Mr. Timmel is an expert on any matter relevant to this case; however, in the event that he is found to be a qualified expert, Defendants cross designate Mr. Timmel as an expert on the absence of any lawful commercial navigation occurring between Mile Marker 275.5 to Mile Marker 610, that vessels carrying commercial cargo cannot navigate between Mile Markers 275.5 and 610, that the Rio Grande River is not a highway of commerce between Mile Markers 275.5 and 610, the absences of any commercial navigation in the vicinity of the buoys, the unlawfulness of international commercial navigation that does not enter through a designated port of entry, that the buoys do not constitute a hazard at night without lights if vessels do not operate in their vicinity at night, and that the buoys do not obstruct vessels traveling up and down the Rio Grande River that pass on the side closest to Mexico.

Defendants reserve the right to supplement, amend, or modify their expert disclosures, reports, and opinions.

Kind regards,

/s/ *Johnathan Stone*
**JOHNATHAN STONE**
Special Counsel
Tex. State Bar No. 24071779
Special Litigation Division
Office of the Attorney General of Texas
P.O. Box 12548, Capitol Station
Austin, Texas 78711
Telephone: (512) 936-2613
Johnathan.Stone@oag.texas.gov

*Counsel for State Defendants*