IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff*,<br><br>v.<br><br>GREG ABBOTT, in his capacity as GOVERNOR OF THE STATE OF TEXAS, and THE STATE OF TEXAS,<br><br>*Defendants*. | Case No. 1:23-cv-00853-DAE |

**Notice to the Court of Pretrial Disclosures**

Plaintiff the United States of America, by and through undersigned counsel, hereby submits the following Pretrial Disclosures, pursuant to Local Rule 16(e) and this Court's Order of March 5, 2024 (ECF No. 97). As discussed with Defendants, the parties are submitting today's filings separately. Attached to this Notice on Plaintiff's behalf are the following:

**(a) Exhibits**

See Attachment A, hereto.

**(b) Witnesses**

See Attachment B, hereto.

**(c) Deposition Designations**

See Attachment C, hereto.

**(d) Agreed Stipulations of the Parties**

See Attachment D, hereto.

**(e) Motions in Limine**

In order to reasonably streamline the trial proceedings in this matter, the United States is filing separately today the following motions in limine:

1.      The United moves to limit cumulative testimony of Carlos Rubinstein, Herman Settemeyer, and Kathy Alexander.  Based on their designations, reports, and deposition testimony, the three will provide redundant and cumulative testimony, consisting of identical opinions about the supposed legal requirements of water rights permitting, the unavailability of such water rights, the supposed impossibility of the United States to make any improvement in aid of navigation because of the unavailability of such water rights, and the supposed impossibility of changing water preferences under various laws and treaties.  The United States does not seek to exclude all three of them, but no more than one witness should be necessary to give these opinions.  ECF Nos. 193, 194 (proposed order).

2.      The United States moves to exclude any evidence or argument of any consideration United States Customs and Border Patrol may have engaged in regarding floating barriers, on the basis that such information is irrelevant to any claim or defense in this action; that such information is protected by the deliberative process privilege; and that Defendants lack any qualified evidence of any such consideration.  ECF No. 195.

3.      The United States moves to limit Michael Banks' opinion testimony to only lay testimony, as his opinions are not based on scientific, technical, or specialized expertise, nor are they based on reliable, reproduceable methods.  ECF No. 196.

**(f) Estimate of Trial Length**

Plaintiff anticipates two and a half days to present its case, plus possible additional rebuttal time.  This is exclusive of the time Defendants may require to present their case.

## SUMMARY OF PLAINTIFF'S CONTENTIONS

This is a straightforward civil enforcement case brought under Section 10 of the Rivers and Harbors Act (RHA), 33 U.S.C. § 403. Defendants stipulate that they installed a floating buoy barrier in the Rio Grande without seeking or obtaining a permit from the U.S. Army Corps of Engineers under Section 10. Nor did they have any other federal authorization. The evidence at trial will show that Defendants' action violated Section 10, and the harm caused by this violation and other equitable factors support a permanent injunction as requested in Paragraphs 46 a-b. and d.-e. of the First Amended Complaint. ECF 60 ¶ 46.a-b., d-e.

The relevant segment of the Rio Grande, specifically between mile markers 275.5 and 610 and inclusive of the area in the vicinity of the floating barrier, is a "navigable river" under Section 10. Texas' placement of the floating barrier violated and is violating Section 10—both its first clause ("obstruction . . . to the navigable capacity") and, independently, its second clause ("building of . . . structures"). 33 U.S.C. § 403.

Texas's affirmative defense, arguing the novel theory that Texas is exempt from Section 10 because it is "engag[ing] in War" in response to an "actual inva[sion]," U.S. Const. art. I, § 10, cl. 3, is without merit.

To the extent the Court considers equitable factors in determining whether to grant the injunctive relief requested by the United States in this civil enforcement action, the evidence at trial will show that they support permanent injunctive relief.

                                                  Respectfully submitted,

Dated:  July 26, 2024

| | |
|---|---|
| JAIME ESPARZA | TODD KIM |
| UNITED STATES ATTORNEY | ASSISTANT ATTORNEY GENERAL |
| | Environment & Natural Resources Division |

| | |
|---|---|
| /s/ Landon A. Wade<br>LANDON A. WADE<br>  Assistant United States Attorney<br>  Texas Bar No. 24098560<br>United States Attorney's Office<br>Western District of Texas<br>903 San Jacinto Blvd., Suite 334<br>Austin, TX 78701<br>(512) 370-1255 (tel)<br>(512) 916-5854 (fax)<br>Landon.wade@usdoj.gov | /s/ Brian H. Lynk<br>BRIAN H. LYNK<br>  Senior Trial Counsel<br>  DC Bar No. 459525<br>KIMERE J. KIMBALL<br>  Trial Attorney<br>  CA Bar No. 260660<br>ANDREW D. KNUDSEN<br>  Trial Attorney<br>  DC Bar No. 1019697<br>BRYAN J. HARRISON<br>Trial Attorney<br>  FL Bar No. 106379<br>U.S. Department of Justice<br>Environmental Defense Section<br>P.O. Box 7611<br>Washington, DC 20044<br>(202) 514-6187 (Lynk)<br>(202) 514-8865 (fax)<br>Brian.lynk@usdoj.gov<br>Kimere.kimball@usdoj.gov<br>Andrew.knudsen@usdoj.gov<br>Bryan.harrison@usdoj.gov<br><br>*Counsel for the United States of America* |

## **CERTIFICATE OF SERVICE**

    I certify that on July 26, 2024, a copy of this filing was served on counsel of record through the Court's electronic filing system.

*/s/ Brian H. Lynk*
Brian H. Lynk
