# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff*,<br><br>v.<br><br>GREG ABBOTT, in his capacity as GOVERNOR OF THE STATE OF TEXAS, and THE STATE OF TEXAS,<br><br>*Defendants*. | Case No. 1:23-cv-00853-DAE |

## UNITED STATES' RESPONSE TO MOTION FOR STAY

JAIME ESPARZA
UNITED STATES ATTORNEY

LANDON A. WADE
  Assistant United States Attorney
  Texas Bar No. 24098560
United States Attorney's Office
Western District of Texas
903 San Jacinto Blvd., Suite 334
Austin, TX 78701
(512) 370-1255 (tel)
(512) 916-5854 (fax)
Landon.wade@usdoj.gov

TODD KIM
ASSISTANT ATTORNEY GENERAL
Environment & Natural Resources Division

BRIAN H. LYNK
  Senior Trial Counsel
  DC Bar No. 459525
BRYAN J. HARRISON
  Trial Attorney
  FL Bar No. 106379
KIMERE J. KIMBALL
  Trial Attorney
  CA Bar No. 260660
ANDREW D. KNUDSEN
  Trial Attorney
  DC Bar No. 1019697
U.S. Department of Justice
Environmental Defense Section
P.O. Box 7611
Washington, DC 20044
(202) 514-6187 (Lynk)
(202) 514-8865 (fax)
Brian.lynk@usdoj.gov

Dated: July 30, 2024

*Counsel for the United States of America*

**ARGUMENT**

Texas has known for months this will be a bench trial. As Texas recognized, the scheduling order entered on March 5, 2024 made no provision for jury instructions, jury selection, or any other procedure appropriate to a jury trial. *See* Reply in Support of Motion to Place Case on Jury Docket, ECF 135 at 2. Texas first demanded a jury in its Answer and Counterclaim filed two months later, on May 10, 2024. ECF 118 at 1; *see also* Amended Answer and Counterclaim, ECF 120 at 1. But Texas made no effort, then or in the weeks that followed, to amend the existing scheduling order to accommodate a jury trial.

On June 21, Texas moved to place this case on the so-called "jury docket," noting that the case was set for trial on August 6 "without designation as a jury action." ECF 123 at 2. That same day, the United States moved to dismiss the counterclaim and affirmative defense on which Texas based its jury demand, as well as moving to strike the jury demand itself. ECF 125. The Court granted that motion in part on July 24, ruling that although Texas's affirmative defense stands, Texas does not have a right to a jury trial. ECF 190 at 12-16.

Five months after this matter was set as a bench trial, three months after demanding a jury, over a month after asking the Court to effectuate that demand, and five days after the Court properly declined to do so Texas suddenly claims an "emergency" requiring that trial be postponed for another mid-case petition to the Fifth Circuit. Despite recognizing that it has the burden of demonstrating good cause to delay trial, ECF 198 at 10, Texas spends less than half a page of its ten-page motion addressing the purported need for a postponement, offering no more than a conclusory assertion that moving forward with the long-planned bench trial will prejudice Texas. *Id.; see Devillier v. Texas*, No. 20-cv-00223, 2023 WL 2870716 (E.D. Tex. Apr. 10, 2023), *1 (party seeking to stay case bears heavy burden; "'[w]here a discretionary stay is proposed,

something close to genuine necessity should be the mother of its invocation'") (citing *Coastal (Bermuda) Ltd. v. E.W. Saybolt & Co.*, 761 F.2d 198, 204 (5th Cir. 1985). Texas fails to even mention the obvious prejudice to the United States and to the Court from a last-minute stay of the trial, let alone balance that prejudice against Texas's purported harms. *See Landis v. N. American Co.*, 299 U.S. 248, 254-55 (1936) (decision to stay proceedings "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance").

And to be clear, grinding to a halt this close to trial would cause significant prejudice. Even leaving aside the attorney and witness time spent on trial preparation, the United States has expended significant taxpayer funds relocating key trial staff to Austin, printing and shipping exhibits, and making other preparations necessary to be ready on August 6. Postponing trial would also needlessly delay resolution of the case, which has already taken longer than the Court initially contemplated.

Far from justifying a stay of proceedings, the bulk of Texas's "emergency" motion re-argues its meritless jury demand; it is, in effect, a motion for reconsideration, not a motion for stay. Specifically, Texas argues that it is entitled to a jury because: (1) the Rivers and Harbors Act "lays out a criminal scheme that includes punitive fines"; and (2) the United States' claim is analogous to a common-law ejectment action. ECF 198 at 2; *see generally id.* at 2-8. As to the first point, the United States has already confirmed (as if it needed confirming) that "this is not a case seeking criminal RHA penalties." ECF 125 at 17-18; *see also* ECF 63 at 4-8 (opposing Texas's argument that this civil suit for injunctive relief should be deemed "ancillary" to the statute's criminal penalty provisions); ECF 114 at 7-11 (agreeing with the United States' position and denying Texas's motion to dismiss the RHA claim based on that argument). More specifically, to avoid any confusion, the United States emphasizes here that the complaint's citation of 28 U.S.C. § 1355 and

2

its "catchall" prayer for relief, ECF 60 ¶¶ 6, 46.h, are not intended as a basis to recover *any* fines, penalties or other monetary relief, whether criminal or civil.  And as to the second point, the Court correctly held that a Rivers and Harbors Act Section 10 claim is an equitable one that "in no way resembles" the common-law legal claim Texas attempted to compare it to.  ECF 190 at 13; *see generally* ECF 125 at 16-18, ECF 155 at 7-9.[1]

A stay of proceedings a mere week before trial would significantly prejudice the United States and needlessly delay resolution of this case, and Texas's desire to rehash meritless arguments properly rejected by the Court is no justification for causing such harm.  Nor has Texas explained why the consequences of its own delay create an "emergency" warranting immediate relief.  Texas's motion should therefore be denied.  *See Devillier*, 2023 WL 2870716, *1 (court states it is "at a complete loss why a stay is necessary in this matter" where case had been on file three years and parties had been preparing diligently; Texas's motion for indefinite stay of pretrial proceedings denied).

## CONCLUSION

For the foregoing reasons, Texas's Motion for Stay (ECF 198) should be denied.

Dated:  July 30, 2024

| | |
|---|---|
| JAIME ESPARZA<br>UNITED STATES ATTORNEY | TODD KIM<br>ASSISTANT ATTORNEY GENERAL<br>Environment & Natural Resources Division |
| /s/ Landon A. Wade<br>LANDON A. WADE<br>  Assistant United States Attorney | /s/ Brian H. Lynk<br>BRIAN H. LYNK<br>  Senior Trial Counsel |

---

[1] The United States reserves the right to address Texas's arguments in more detail in any further briefing in this Court or the Fifth Circuit.  Given that Texas gave this Court a "deadline" of barely more than 24 hours to dispose of Texas's motion, the United States has filed this response under extraordinary time pressure.

3

Texas Bar No. 24098560  
United States Attorney's Office  
Western District of Texas  
903 San Jacinto Blvd., Suite 334  
Austin, TX 78701  
(512) 370-1255 (tel)  
(512) 916-5854 (fax)  
Landon.wade@usdoj.gov  

DC Bar No. 459525  
ANDREW D. KNUDSEN  
  Trial Attorney  
  DC Bar No. 1019697  
KIMERE J. KIMBALL  
  Trial Attorney  
  CA Bar No. 260660  
BRYAN J. HARRISON  
  Trial Attorney  
  FL Bar No. 106379  
U.S. Department of Justice  
Environmental Defense Section  
P.O. Box 7611  
Washington, DC 20044  
(202) 514-6187 (Lynk)  
(202) 514-8865 (fax)  
Brian.lynk@usdoj.gov  
Kimere.kimball@usdoj.gov  
Andrew.knudsen@usdoj.gov  
Bryan.harrison@usdoj.gov  

*Counsel for the United States of America*

## CERTIFICATE OF SERVICE

I certify that on July 30, 2024, a copy of this filing was served on counsel of record through the Court's electronic filing system.

                                                                                   */s Brian H. Lynk*
                                                                                  Brian H. Lynk