UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | No. 1:23-CV-853-DAE |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | |
| GREG ABBOTT, in his capacity as | § | |
| Governor of the State of Texas, and | § | |
| THE STATE OF TEXAS, | § | |
| | § | |
| Defendants. | § | |

ORDER

Before the Court is an Opposed Emergency Motion for a Continuance or Stay of Trial filed by Greg Abbott, in his official capacity as Governor of the State of Texas, and the State of Texas (collectively, "Defendants" or "Texas") on July 29, 2024. (Dkt. # 198.) Plaintiff United States filed a response on July 30, 2024. (Dkt. # 199.) For the following reasons, the Court **DENIES** Defendants' motion.

Texas asks the Court to continue or stay the pending trial to "give the United States Court of Appeals for the Fifth Circuit time to consider and rule on Texas's soon-to-be-filed petition for a writ of mandamus seeking to require trial by jury." (Dkt. # 198 at 2.) Texas "intends to seek similar relief from the Fifth

1

Circuit if this Court does not grant this motion by 5:00 p.m. on Tuesday, July 30, 2024." (Id.)

"Where a discretionary stay is proposed, something close to genuine necessity should be the mother of its invocation." Coastal (Bermuda) Ltd. v. E.W. Saybolt & Co., 761 F.2d 198, 204 (5th Cir. 1985). "Generally, the moving party bears a heavy burden to show why a stay should be granted absent statutory authorization, and a court should tailor its stay so as not to prejudice other litigants unduly." Id. (citing Nederlandse Erts-Tankersmaatschappij v. Isbrandtsen Co., 339 F.2d 440, 442 (2d Cir.1964)). In granting a motion to continue or stay a trial, a court must evaluate the totality of the circumstances, including the amount of time available, the moving party's responsibility for the situation, and the likelihood of prejudice. See United States v. Stalnaker, 571 F.3d 428, 439 (5th Cir. 2009).

Texas argues that a "bench trial would plainly prejudice Texas and its constitutional entitlement."[1] A lack of a jury is the single source of prejudice

---

[1] The Court notes that Texas also states that "[b]y rejecting [the right to a jury trial] so close to the trial date, this Court has made a continuance the only avenue to allow consideration of this issue." (Dkt. # 198 at 11.) The response and reply briefing to Texas's Motion to place this case on the jury docket and the United States' related Motion to strike Texas's jury demand was not completed until July 12, 2024. (See Dkt. # 155.) The Court ruled on both motions on July 25, 2024, less than two weeks later. (Dkt. # 191.) The Court wonders when it could have ruled on Texas's Motion so that a continuance would not have been, in Texas's

Texas identifies. Texas spends most of its motion laying out the grounds for its appeal to the Fifth Circuit and making the case that its petition for a writ of mandamus is meritorious. This Court cannot address the merits of Texas's appeal or whether Texas's writ should be granted, that is for the Fifth Circuit to address, and Texas does not ask the Court to reconsider its own order denying any right to a jury trial. (Dkt. # 191.) This Court can only address whether a discretionary stay is warranted. Texas does not explain the source of its sudden emergency when Texas has known about the August 6, 2024 trial date for months. (Dkt. # 97.) Nor does Texas address the prejudice the United States would face if the Court granted Texas's motion to continue or stay the trial. But the Court "must weigh competing interests and maintain an even balance." Landis v. N. American Co., 299 U.S. 248, 254-55 (1936).

        The United States explains that it has already "expended significant taxpayer funds relocating key trial staff to Austin, printing and shipping exhibits, and making other preparations necessary to be ready on August 6," 2024. (Dkt. # 199 at 2.) The attorneys and witnesses are ready for trial. (Id.) The United States argues it would suffer additional prejudice from delaying the resolution of the case,

---

perception, "the only avenue to allow consideration" of the issue. (Dkt. # 198 at 11.)

especially when resolution has already been delayed by months before. (Id.; see also Dkts. # 75, 84.) The balance of interests, as presented to the Court, weighs against a discretionary stay.

This case has never been scheduled for a jury trial. It has been set for a bench trial for months. Despite this, Texas moved for the case to be placed on the jury docket on June 21, 2024, months after the Court's scheduling order indicated there was no jury trial. (Dkts. # 123 at 2;135 at 2.) Texas filed its present emergency motion four days after the Court's order denying its motion for the case to be placed on the jury docket. (Dkt. # 198.) [2]

For these reasons, Defendants' Emergency Motion for a Continuance or Stay of Trial is **DENIED**. (Dkt. # 198.)

**IT IS SO ORDERED.**

Dated: July 30, 2024.

_____
David Alan Ezra
Senior United States District Judge

---

[2] Texas gave the Court a day to rule on the present motion, which took Texas itself four days to file. The United States had less than a day to file a response. This is not the first time Texas has imposed an artificial, incredibly compressed timeline on this Court before threatening to file an appeal or writ of mandamus before the Fifth Circuit. It should be clear that, in reality, Texas waited to file this motion until the eleventh hour in order to get an administrative stay of the case from the Fifth Circuit to delay trial, which it has virtually always been successful in obtaining in the past. (Dkt. # 53.)