UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | No. 1:23-CV-853-DAE |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | |
| GREG ABBOTT, in his capacity as Governor of the State of Texas, and THE STATE OF TEXAS, | § § § | |
| | § | |
| Defendants. | § § | |

### ADVISEMENT TO THE APPROPRIATE PANEL OF THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT AND TO THE PARTIES TO THIS LITIGATION

This Court has before it an Unopposed Motion for a Sixty-Day Stay of Proceedings and Continuance of Trial, filed by Plaintiff United States on August 1, 2024. (Dkt. # 201.) Given the unopposed nature of the motion and the late filing by the State of Texas of a petition for a writ of mandamus,[1] the Court is inclined to grant the Motion for Continuance so that the Fifth Circuit mandamus Panel may have sufficient time to address the merits of Texas's petition for writ of mandamus with the input of the United States.

---

[1] And by implication an administrative stay.

1

The Court accordingly has determined the best path forward is as following:

1. This Court will set a status conference with the parties on August 6, 2024, to determine, in light of the Fifth Circuit's very recent en banc decision in this matter, how best to proceed and follow those rulings from that opinion that constitute binding precedent.  Given the complexity of these issues, the Court sees this as an essential step to protect and effectuate the ruling of the en banc court while at the same time providing the Parties with a road map on which to proceed.

2. At this status conference, the Court will determine whether the parties' request for a continuance of proceedings, including continuing the start date of trial until Monday, October 7, 2024, and a deadline of Monday, September 23, 2024, to file a Joint Advisory communicating to the Court their respective positions on how to proceed in this matter, is warranted and appropriate. (See Dkt. # 201.)

3. Depending upon the ruling of the mandamus Panel and the advocacy at the status conference, this Court would expect to begin trial on October 8, 2024, in accordance with this Court's schedule and the Parties' request for a continuance.

Additionally, the State of Texas has indicated it believes it is entitled to a jury trial in part due to the potential of a monetary penalty being assessed for criminal violation of the Rivers and Harbors Act ("RHA").  Writ of Mandamus, No. 24-50620, Dkt. # 2.  However, this Court has received no indication whatsoever that the United States is bringing a criminal case and seeking related criminal penalties.  Currently, the United States is only seeking an affirmative injunction requiring the removal of the buoy barrier from the Rio Grande River where it is presently located.  Even if the United States were to change its view and seek a criminal penalty, that penalty could be and would be litigated in a separate criminal proceeding before a jury.[2]  The civil case is seeking a purely equitable

---

[2] Texas itself has admitted that Section 12 of the RHA authorizes "criminal penalties" only against "persons" and "corporations," which, all Parties agree, Texas is not.  (Dkt. # 62 at 2–3.)  Indeed, Texas's proposed reading of the RHA in its Motion to Dismiss left no room at all for a *civil* suit against a state under the RHA.  (Id.)  Contrary to Texas's argument in its writ of mandamus, the State is not being treated as an "ordinary RHA defendant" who can be imprisoned or subject to criminal penalties in the current civil suit.  Writ of Mandamus, No. 24-50620, Dkt. # 2 at 17, n. 2.  None of this Court's previous orders abrogated Texas's status as a sovereign state in this litigation or positioned it as a criminal defendant.  Rather, the Court explained that injunction relief under Section 12 is not "ancillary" to criminal proceedings, meaning the government may "sue civilly for removal of structures," which is separate from initiating criminal proceedings resulting in fines or imprisonment. (Dkt. # 114 at 8); Potomac River Ass'n, Inc. v. Lundeberg Maryland Seamanship Sch., Inc., 402 F. Supp. 344, 357 (D. Md. 1975) (noting the U.S. "has the authority to initiate criminal proceedings resulting in fines or imprisonment and may sue civilly for removal of structures"); see also, United States v. Kane, 461 F. Supp. 554, 555 (E.D.N.Y. 1978) (granting injunctive relief under Section 12 in a civil action alleging violation of Section 10); United States v. Bd. of Trustees of Florida Keys Cmty. College, 531 F. Supp. 267, 269 (S.D. Fla.

injunction and would proceed as a non-jury trial, for which it has been set since March 5, 2024 per the pretrial order, without dispute from the State of Texas at that time.  (Dkt. # 97.)

        This Court will of course await the ruling of the mandamus Panel and will respectfully follow whatever order the mandamus Panel issues.

Dated: August 1, 2024.

_____
David Alan Ezra
Senior United States District Judge

---

1981) (same).  The criminal penalties Texas cites as grounds for a jury trial are not available in the current civil suit.  These monetary penalties may only be imposed after a party is "deemed guilty of a misdemeanor," and "on conviction thereof shall be punished by a fine not exceeding $2,500 nor less than $500, or by imprisonment (in the case of a natural person) not exceeding one year, or by both such punishments."  33 U.S. Code § 406.