[1]UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    *Plaintiff*,<br><br>  v.<br><br>GREG ABBOTT, in his capacity as Governor of the State of Texas, and THE STATE OF TEXAS,<br>    *Defendants*. | No. 1:23-cv-00853-DAE |

**DEFENDANTS' OPPOSED MOTION TO PRECLUDE REBUTTAL
EXPERT WITNESS CHAPMAN FROM TESTIFYING
IN PLAINTIFF'S CASE-IN-CHIEF**

Defendants Greg Abbott, in his capacity as Governor of the State of Texas, and the State of Texas, hereby move to preclude Rebuttal Expert Witness Chapman from testifying in Plaintiff's Case-in-Chief, and offer the following in support:

**BACKGROUND AND SUMMARY OF MOTION**

On May 3, 2024, Plaintiff identified their four expert witnesses in this case. On May 9, 2024, as required by the agreed Scheduling Order (ECF 97), Plaintiff produced expert reports for each of its four expert witnesses. One of those four expert witnesses, Tim MacAllister, a longtime employee of the U. S. Army Corps of Engineers in its Fort Worth District, offered an expert opinion regarding possible "reasonable improvements" to the Rio

---

Grande River that he said could "incrementally" improve navigation on the Rio Grande. Mr. MacAllister's expert report cited as possible measures to make such "reasonable improvements" different practices for releases of water from Amistad Dam; dredging of shoals within the river; improved control of invasive plant species; and addition of riprap to river banks to promote bank stabilization. Defendants took the deposition of Mr. MacAllister on May 31, 2024, and the shortcomings in his expert opinion became painfully obvious.

On July 12, the deadline for designation of rebuttal expert witnesses, Plaintiff designated Michael D. Chapman as a rebuttal expert witness. Mr. Chapman, like Mr. MacAllister is a longtime employee of the U. S. Army Corps of Engineers, but in the Kansas City District. Mr. Chapman's rebuttal expert report extolled a *different* possible technique for making "reasonable improvements" to the Rio Grande that Mr. MacAllister never mentioned. This technique, which Mr. Chapman calls "river training" is one with which he has had experience on the Missouri River.  Mr. Chapman also offered some criticisms of the expert reports of certain of Defendants' expert witnesses.

In Plaintiff's list of expert witnesses at trial submitted on July 22, 2024, Plaintiff listed Mr. Chapman as a witness in its case-in-chief. (ECF 197). Defendants asked counsel for Plaintiff to confirm Defendants' understanding that Mr. Chapman, who designated only as a rebuttal expert witness, would be presented by Plaintiff at trial as a rebuttal expert witness and not in Plaintiff's case-in-chief. Plaintiff's counsel responded that this "is not the United States' understanding." Email dated July 31, 2024, from Brian Lynk to Kyle Tebo (Exhibit A hereto).

Defendants object to any attempt by Plaintiff to re-designate its expert rebuttal witness, Michael Chapman, as an expert witness in its case-in-chief. Plaintiff's apparent purpose in doing so would be to try to bolster its insufficient evidentiary showing on the issue of possible "reasonable improvements" to navigation in the Rio Grande. However, the "function of rebuttal testimony is to explain, repel, counteract, or disprove evidence of the adverse party." *Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 760 (8th Cir. 2006).

> As such, rebuttal evidence may be used to challenge the evidence or theory of an opponent – and not to establish a case-in-chief."

*Id.* citing *Cates v. Sears, Roebuck & Co.*, 928 F.2d 685 (5th Cir. 1991).

In *ProBatterSports, LLC v. Joyner Techs., Inc.*, 2007 U. S. Dist. LEXIS 69056, 2007 WL 2752080 (N. D. Iowa 2007), a similar gambit was tried and rejected. The Court said:

> The inescapable conclusion is that ProBatter is attempting to Circumvent the Scheduling Order by unilaterally redesignating McAlexander from a rebuttal witness to a case-in-chief expert witness . . . .

*Id.* at *13. Although the procedural context is slightly different here, the Court's conclusion in ProBatter is fully applicable here. To redesignate rebuttal expert witness Chapman as an expert witness in its case-in-chief, Plaintiff would have had to (1) seek the Court's permission to do so; (make a showing of good cause; and (3) show that such redesignation would not prejudice Defendants. *Id.* at *13-14.

Plaintiff has taken *none* of these necessary steps. If it attempted to do so, it would be confronted by the reality that Defendants would certainly be substantially prejudiced if Chapman were allowed to transform himself into an expert witness in Plaintiff's case-in-

3

chief. Chapman rebuttal expert report was disclosed to Plaintiff within a week of the close of discovery, so Defendants had no opportunity to rebut the new "river training." Theory he injected for the first time into this case. Indeed, Defendants had only a few days between disclosure of his expert report and their taking of Chapman's deposition on the very last day of discovery, July 19.

Just like the Court in *ProBatter*, this Court should "deny redesignation of . . . from rebuttal expert witness to case-in-chief expert witness" and require Plaintiff to (1) present Chapman (if at all) as a rebuttal expert witness after Plaintiff and Defendants have completed their respective cases-in-chief, and (2) limit Chapman's testimony to rebuttal of testimony of Defendants' expert witnesses, rather than allow him to inject into this case new theories, such as the "river training" theory, that Plaintiff's designated expert witnesses never mentioned in their expert reports. *See also Demetrius Cross v. Johnson*, 2023 U. S. Dist. LEXIS 228386, 22023 WL 8878224 (S. D. Fla. 2023) (disallowing affirmative expert "masquerading" as a rebuttal witness); *Travelers Prop. Cas. Co. of Am. v. Nat'l Union Ins. Co.*, 2008 U. S. Dist. LEXIS 133752 (W. D. Mo. 2008) (barring witness designate as rebuttal witness from being used in case-in-chief).

Accordingly Defendants respectfully request that the Court enter its order precluding expert rebuttal witness Michael Chapman from testifying at trial in Plaintiff's case-in-chief, and for such other relief as may be appropriate..

Date: August 5, 2024                    Respectfully submitted,

Ken Paxton                              */s/ David Bryant*
Attorney General of the State of Texas  David Bryant
                                        Senior Special Counsel
Brent Webster                           Tex. State Bar No. 03281500
First Assistant Attorney General        david.bryant@oag.texas.gov

Ralph Molina
Deputy Attorney General for Legal Strategy   Johnathan Stone
                                        Special Counsel
Ryan Walters                            Tex. State Bar No. 24071779
Chief, Special Litigation Division      Johnathan.stone@oag.texas.gov

Office of the Attorney General
P. O. Box 12548, MC-009                 Munera Al-Fuhaid
Austin, TX 78711-2548                   Special Counsel
(512) 936-2172                          Tex. State Bar No. 24094501
                                        munera.al-fuhaid@oag.texas.gov

                                        Kyle S. Tebo
                                        Special Counsel
                                        Tex. State Bar No. 24137691
                                        kyle.tebo@oag.texas.gov

                                        Zachary Berg
                                        Special Counsel
                                        Tex. State Bar. 24107706
                                        Zachary.Berg@oag.texas.gov

                                        **Counsel for Defendants**

**CERTIFICATE OF CONFERENCE**

I conferred with counsel of record for Plaintiff on August 2 and 5, 2024, and counsel advised Plaintiff was opposed to the relief requested.

*/s/ David Bryant*
David Bryant
Senior Special Counsel

**CERTIFICATE OF SERVICE**

On August 5, 2024, this document was served electronically (via CM/ECF) on all counsel of record via email.

*/s/ David Bryant*
David Bryant
Senior Special Counsel