IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    *Plaintiff,*<br><br>v.<br><br>GREG ABBOTT, ET AL.,<br><br>    *Defendants.* | CIVIL ACTION NO. 1:23-CV-00853-DAE |

## DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION
## TO PRECLUDE TESTIMONY AS CUMULATIVE

Intent on trivializing the nuances of Texas's case, Plaintiff has asked this Court to exclude the pertinent testimony of three expert witnesses before the Court has an opportunity to hear their testimony for itself. *See* ECF 193. Plaintiff ignores the significant differences and exaggerates the overlap between the three expert witnesses. The testimony of Kathy Alexander, Carlos Rubinstein and Herman Settemeyer, will *not* be cumulative. The Court should neither tie its hands ex ante nor deprive Texas of the opportunity to present a nuanced defense. It should deny Plaintiff's motion in limine.

### BACKGROUND

Dr. Alexander, Mr. Settemeyer, and Mr. Rubinstein, have unique expertise connected to the complex regulatory scheme that governs the waters of the Rio Grande River. Water in the international portion of the River is apportioned between the United States and Mexico in accordance with binational treaties. The United States's share is subject to state—not federal— law, which assigns authority to permit and adjudicate the beneficial use to the Texas Commission

1

on Environmental Quality ("TCEQ").[1] The business of assigning and monitoring water use rights is a complicated one, embracing both technical and legal-regulatory aspects. Because the Rio Grande is a scarce resource, water use must be carefully counted and prioritized. *See* ECF 122 Ex. 7 at 7-10 (outlining the administration of water use rights). TCEQ's water rights mission is to fit the legal scheme that governs the acquisition and enjoyment of property in the River's waters with that water's actual availability. *Id*. Necessarily, scientists, engineers and managers all contribute to this mission.

Texas retained Carlos Rubinstein and Herman Settemeyer as experts, and drawing on their expertise, they authored a joint expert report expressing ten discrete opinions. *See* ECF 122 Ex. 7. Both Mr. Rubinstein and Mr. Settemeyer offer these ten opinions, but they each arrive at them via their unique experience, skill and training.

Mr. Rubinstein was responsible for coordinating water releases and keeping track of real-time usage as the former Texas Rio Grande WaterMaster before rising to be Commissioner of TCEQ. *Id*. at 4. His experience falls on the managerial side of the intricacies of water rights regulation. His duties entailed extensive liaison with Mexico, the IBWC and other stake holders in the Rio Grande's waters.

Mr. Settemeyer is a registered agricultural engineer whose career has focused on water adjudication and the technical feasibility of water delivery infrastructure. *Id*. at 4-5; Settemeyer Depo. Tr. at 21:4-25:24.

Dr. Kathy Alexander is a current TCEQ technical advisor and, as someone deeply familiar with Texas water rights, qualified to offer expert testimony. Since she is not a compensated expert,

---

[1] The parties do not dispute that Texas state law governs the use of the American waters of the Rio Grande. Plaintiff's expert, Adrian Cortez, has mentioned this fact in his report. See ECF 122 Ex. 1 at 20.

Dr. Alexander was not required to submit a signed report and chose instead to write two succinct pages outlining her opinions. Dr. Alexander is a hydrologist who has served as a technical lead for TCEQ's water permitting process for many years. Alexander Depo. Tr. at 19:14-18. Her expertise encompasses the science of measuring water availability as well as the regulatory requirements for granting and modifying water rights. *Id*. at 25:21-27:4.

Plaintiff deposed all three experts. During these depositions, Plaintiff's deposing attorney put many of the same questions to each expert witness. The Court should disregard Plaintiff's feigned shock that the same questions elicited similar answers from these highly qualified experts who share contiguous but not coterminous domains of expertise.

## ARGUMENT

I.  **Motions in Limine are a Waste of Time for the Court and Parties in a Bench Trial**.

Motions in limine are widely recognized in the Fifth Circuit as unnecessary, a waste of time, or worse. As the court succinctly stated in *Cramer v. Sabine Transp. Co.*, 141 F. Supp. 2d 727, 733 (S. D. Tex. 2001) (emphasis added):

> **First, this is a bench trial, making any motion in limine *asinine on its face*. Motions in limine are intended to avoid prejudicial evidence from being so much as whispered before a jury prior to obtaining the Court's permission to broach the topic. In a bench trial, such procedures are unnecessary, as the Court can and does readily exclude from its consideration inappropriate evidence of whatever ilk.[2]**

This Court to deny Plaintiff's Motions in Limine, ECF 193, 195-96, for the same reasons. *See Windsor Vill. Condo. Owners' Ass'n v. Berkshire Hathaway Guard Ins. Co.*, 2023 U. S. Dist. LEXIS 72544, 2023 WL 3094068 (M. D. La. 2023) at *3 (Daubert motions and motions in limine are waste of judicial time and resources in a bench trial); *Ugarte v. Mid-America Metal Roofing &*

---

[2] Plaintiff's counsel was advised of this fact prior to filing the frivolous motions in limine—but inexplicably chose to file them anyway.

*Siding Installed,* 2021 U. S. Dist. LEXIS 249905, 2021 WL 6327683 (S. D. Tex. 2021) at *2-*3 (no practice is more misunderstood and abused than motions in limine, which are not favored); *Lyondell Chem. Co. v. Albemarle Corp.*, 2007 U. S. Dist. LEXIS 101638 (E. D. Tex. 2007) at *9-10 (motions in limine in bench trials disapproved and granting one is error, albeit not reversible error); *See also Flores v. Ramirez*, 2015 U. S. Dist. LEXIS, 2015 WL 1727843 (W. D. Tex. 2015) at *7-8, (excluding relevant evidence on the basis of unfair prejudice is a useless procedure in a bench trial).

## II.   Defendants' Expert Witnesses' Testimony is Not Cumulative.

"Motions in limine are not favored in this Court. Virtually any objection to the admissibility of evidence can and should be handled in the old-fashioned way: counsel objecting at the time the evidence is offered, thereby allowing the Court to rule on the objection in the context of the trial." *Louis Vuitton Malletier v. Eisenhauer Rd. Flea Mkt., Inc.*, No. SA-11-CA-124, 2012 WL 13034079 at *1 (W.D. Tex. Jan. 4, 2012); *Ugarte v. Mid-Am. Metal Roofing & Siding Installed, LLC*, No. 3:20-CV-00080, 2021 WL 6327683 at *1 (S.D. Tex. Oct. 19, 2021) (similar); *Willis v. USAA Cas. Ins. Co.*, No. 2:22-CV-02762, 2024 WL 1996211 at *1, *4 (W.D. La. May 6, 2024); *cf. Collins v. Wayne Corp.*, 621 F.2d 777, 784 (5th Cir. 1980) ("Motions in limine are frequently made in the abstract and in anticipation of some hypothetical circumstance that may not develop at trial").

Rule 403 allows the trial court to exclude relevant testimony whose "probative value is substantially outweighed by a danger of…needlessly presenting cumulative evidence." Fed. R. Evid. 403; *Aetna Cas. & Sur. Co. v. Guynes*, 713 F.2d 1187, 1193 (5th Cir. 1983). "Because Rule 403 requires the exclusion of relevant evidence, it is an extraordinary measure that should be used sparingly." *United States v. Morris*, 79 F.3d 409, 412 (5th Cir. 1996) (citing *United States v. Pace*, 10 F.3d 1106, 1115 (5th Cir.1993), *cert. denied*, 511 U.S. 1149 (1994)) (other citation omitted). Testimony

is "needlessly cumulative" when it would "cover[] the same ground as the testimony" of other witnesses at trial. *First Nat. Bank of Louisville v. Lustig*, 96 F.3d 1554, 1575 (5th Cir. 1996). Only "testimony which is merely repetitious and cumulative of testimony already introduced may be excluded by the trial court in its discretion." *Harvey v. Andrist*, 754 F.2d 569, 572 (5th Cir. 1985). The total number of witnesses proffered by one side is not a standalone reason to find their testimony cumulative. *Leefe v. Air Logistics, Inc.*, 876 F.2d 409, 411 (5th Cir. 1989).

Multiple experts may testify to the same conclusions if they have "approached their analysis…from different vantage points." *Sanchez v. Swift Transp. Co. of Arizona, LLC*, No. 4:15CV15-LG, 2017 WL 5643554 at *3 (W.D. Tex. July 19, 2017); *Parker v. John W. Stone Oil Distributors, L.L.C.*, No. CV 18-3666, 2019 WL 3891574 at *3 (E.D. La. Aug. 19, 2019). Courts within the Fifth Circuit have ruled against precluding expert testimony offered by experts from related but distinguishable fields. *Barnett v. Nat'l Cont'l Ins. Co.*, No. 3:17-CV-153-JWD-EWD, 2019 WL 13113723 at *1 (M.D. La. Jan. 8, 2019) (allowing the testimony of six experts about related issues, including two practitioners of the same specialty); *Harmeyer v. Dohm*, No. CIV.A. 06-4220, 2007 WL 4294667 at *4 (E.D. La. Mar. 7, 2007) (permitting the testimony of both a psychologist and psychiatrist on similar issues); *John W. Stone Oil Distributors,* 2019 WL 3891574 at *4. Similarly, witnesses with similar expertise are permitted to testify when they focus on "different aspects" of an issue or event. *Howard v. Offshore Liftboats, LLC*, No. CV 13-4811, 2016 WL 483164 at *3 (E.D. La. Feb. 5, 2016).

Plaintiff fixates on isolated portions of each expert's deposition testimony in an attempt to show that they will offer repetitious testimony at trial. According to Plaintiff, during deposition, the three experts stated identical opinions concerning three topics: (1) "the supposed legal

5

requirements of the United States to obtain Texas water rights under the Texas Water Code and Texas regulations;" (2) "the supposed impossibility of the United States make any improvement in aid of navigation because of the lack of available water rights;" and (3) "the supposed impossibility of changing water preferences under various state laws and an international treaty." ECF 193 at 1-2. It is on these three topics that Plaintiff asks the Court to curtail testimony. *See* ECF 194 at 1. Plaintiff points to deposition testimony where all three separately express similar conclusions concerning 1-3. ECF 193 at 2.

However, the deposition citations Plaintiff relies on do little more than point out that the three experts agree on the broad strokes of water rights requirements in the context of navigational use. In those portions of the deposition the experts were asked general questions that elicited their overall assessments as to the availability of new water and the salience of the Texas Water Code. *See* ECF 193 at 2-3 (citing experts' deposition transcripts for evidence of duplicative testimony). That these experts agree on general points does not suffice to prove that their testimony will be cumulative. Indeed, the only example that Plaintiff gives of deposition testimony where all three experts endorse a shared opinion is their conclusion that navigation would require rights to use Rio Grande water. *Id.* at 3 (citing Alexander Dep. 56:10-58:17; Rubinstein Dep. 145:18-145:3;[3] 178:12-16; Settemeyer Dep. 72:6-13). This is nearly a truism—navigation uses water; if that water is regulated, navigation will require rights to water use—and certainly known to anyone with a career related to Texas water. Plaintiff cites a handful of other deposition portions where two of three experts overlap but these likewise indicate agreement on general conclusions. *See* ECF 193 at 2.

---

[3] This citation appears to be defective. Moreover, Rubinstein Depo. Tr. 145:18-146:3 records Mr. Rubinstein's testimony on the effects of siltation on water availability—testimony that only he has shared pretrial.

Plaintiff needs to show that each expert is poised to provide nearly identical testimony if called to the stand and that burden is not borne out by showing (a few) common conclusions.

Further, the amount of overlap among the experts is limited. At deposition there were several topics that only Mr. Rubinstein testified about. Rubinstein Depo. Tr. at 19:4-22:2 (effect of Mexican non-compliance on water supply); 150:21-151:21 (security of improvements); 145:18-147:2 (effect of silt on water flows); 185:10-187:19 (prevalence of non-riverine modes of commerce). Only Mr. Settemeyer participated in the original adjudication of the Rio Grande, Settemeyer Depo. Tr. 28:3-15. Mr. Rubinstein and Mr. Settemeyer both have experience liaising with their Mexican and federal counterparts, but Dr. Alexander does not. Mr Rubinstein especially has extensive knowledge of the international agreements that apply to the Rio Grande and their practical realities. *See e.g.*, Rubinstein Depo. Tr. at 180:11-182:13. Only Dr. Alexander is a hydrologist, Alexander Depo. Tr. at 19:14-18, making her most able to speak to the scientific basis of water availability. Further Dr. Alexander is unique because she is testifying in a vicarious capacity as a current employee of TCEQ, so only she can provide the organizations current-day opinions on the issues.

Where the experts do overlap, they rely on importantly different methods and histories of experience. *Sanchez*, 2017 WL 5643554 at *3. Plaintiff makes much out of Mr. Rubinstein's and Mr. Settemeyer's decision to write a shared report wherein they jointly offered their opinions. ECF 193 at 2. This will not make their testimony redundant, however, since they will defend their opinions on the basis of expertise that is unique to them. *See Cedar Ridge, LLC v. Landmark Am. Ins. Co.*, 2014 WL 722219 at *3 (E.D. La. Feb. 21, 2014) (overlapping expert testimony would be cumulative only when one expert had "not done his own work, observations, or applications of facts") (citation omitted). Mr. Settemeyer's background as an engineer makes him better suited to make the case

for technical-facing opinions, whereas Mr. Rubinstein's tenure presiding over TCEQ and serving as the former WaterMaster allows him to address the managerial aspects of water regulation.

Finally, deposition testimony is not the measure of testimony at trial. Testimony reflects the questions asked; repetitious questions elicit repetitious answers. Courts are aware that experts in related fields may provide the same answers to many of the same questions only to diverge on subtler points. *John W. Stone Oil Distributors,* 2019 WL 3891574 at *4. Plaintiff's attorney directed largely the same generic questions to all three deponents. During trial Texas will ask more variegated questions attuned to the nuanced differences between the three experts. Plaintiff exaggerates the number of repetitious responses it elicited during deposition and moreover should consider that those repetitious deposition responses it did receive are simply due to its repetitious questioning.

Plaintiff also argues on the basis of deposition testimony that the three experts have the same "approach to hypotheticals about water rights," ECF 193 at 4, and that they must have arrived at their opinions using the same experience, skills or training because they all have a history of employment by the same state agency, TCEQ, and all referred to the body of law that governs the US share of the waters of the Rio Grande. *Id.*

These are preposterous and hypocritical arguments. A common employer does not imply a risk of cumulative testimony.[4] This is especially true of TCEQ, a vast organization that employs thousands of people, houses a diverse array of expertise and offers several distinct career paths. Plaintiff argues that because all three witnesses relied in part on the experience they gathered during their tenures at TCEQ, they relied on identical bases to form their opinions. But Plaintiff is

---

[4] Two of Plaintiff's experts, Chapman and MacAllister, are employed by the U.S. Army Corps of Engineers and similarly concluded that the Rio Grande River could be made navigable with reasonable improvements.

wrong to infer that the three experts gained the same sort of experience during their markedly different tenures at TCEQ. Mr. Rubinstein served as a commissioner, in effect co-leading the agency for four years, as well as a Rio Grande WaterMaster charged with scheduling water release requests. ECF 122 Ex. 7 at 4. Dr. Alexander is a hydrologist and technical lead who has spent her time at TCEQ supervising and advising water rights permitting. Mr. Settemeyer adjudicated water rights to large stretches of the Rio Grande and supervised portions of its water delivery infrastructure. ECF 122 Ex. 7 at 4. Nor does their common use of the Texas Water Code make the basis of their opinions identical. The Code is the primary legal source governing the usage of the waters in Texas; any opinions having to do with use of the United States share of the water in the Rio Grande River cannot avoid interacting with it.

Plaintiff's complaint about the experts' approach to the hypotheticals *proposed by Plaintiff's experts* in this case is also meritless. The experts testified that the waters of the Rio Grande are already fully appropriated so that there is no unclaimed water available for new use. This fact alone entails that any project that requires unallocated water is impossible regardless of the project's details and is therefore not evidence of a duplicative "approach to hypotheticals."

## CONCLUSION

"Given the guidance from the Fifth Circuit to exclude evidence under Rule 403 only sparingly, the Court [should] not arbitrarily limit" Texas "to just one expert." *Marquette Transp. Co. Gulf-Inland, LLC v. Navigation Mar. Bulgarea*, No. CV 19-10927, 2022 WL 158681 at *5 (E.D. La. Jan. 18, 2022). Any danger of repetitious testimony is minute and easily redressable at trial and therefore does not call for precluding probative evidence. Defendants ask that this Court DENY Plaintiff's Motions in Limine, ECF 193, 195-96.

| | |
|---|---|
| Date: August 5, 2024 | Respectfully submitted, |
| | |
| Ken Paxton<br>Attorney General of the State of Texas | */s/ Johnathan Stone*<br>**Johnathan Stone**<br>Special Counsel<br>Tex. State Bar No. 24071779<br>Johnathan.stone@oag.texas.gov |
| Brent Webster<br>First Assistant Attorney General | |
| Ralph Molina<br>Deputy Attorney General for Legal Strategy | David Bryant<br>Senior Special Counsel<br>Tex. State Bar No. 03281500<br>david.bryant@oag.texas.gov |
| Ryan Walters<br>Chief, Special Litigation Division | Munera Al-Fuhaid<br>Special Counsel<br>Tex. State Bar No. 24094501<br>munera.al-fuhaid@oag.texas.gov |
| Office of the Attorney General<br>P. O. Box 12548, MC-009<br>Austin, TX 78711-2548<br>(512) 936-2172 | Kyle S. Tebo<br>Special Counsel<br>Tex. State Bar No. 24137691<br>kyle.tebo@oag.texas.gov |
| | Zachary Berg<br>Special Counsel<br>Tex. State Bar. 24107706<br>Zachary.Berg@oag.texas.gov |
| | **Counsel for Defendants** |

## CERTIFICATE OF SERVICE

On August 5, 2024, this document was filed electronically through the Court's CM/ECF system, which automatically serves all counsel of record.

*s/ Johnathan Stone*
**Johnathan Stone**
Special Counsel

10