IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff,* v. GREG ABBOTT, ET AL., *Defendants.* | CIVIL ACTION NO. 1:23-CV-00853-DAE |

**DEFENDANTS' RESPONSE IN OPPOSITION TO MOTION IN LIMINE
TO LIMIT MICHAEL BANKS'S TESTIMONY TO LAY TESTIMONY**

Defendants Governor Greg Abbott and the State of Texas respectfully respond in opposition to Plaintiff's Motion in Limine to Limit Michael Banks's Testimony to Lay Testimony, ECF 196, as follows:

## RESPONSE

**I.  Motions in Limine are a Waste of Time for the Court and Parties in a Bench Trial.**

Motions in limine are widely recognized in the Fifth Circuit as unnecessary, a waste of time, or worse. As the court succinctly stated in *Cramer v. Sabine Transp. Co.*, 141 F. Supp. 2d 727, 733 (S. D. Tex. 2001) (emphasis added):

> **First, this is a bench trial, making any motion in limine *asinine on its face*. Motions in limine are intended to avoid prejudicial evidence from being so much as whispered before a jury prior to obtaining the Court's permission to broach the topic. In a bench trial, such procedures are unnecessary, as the Court can and does readily exclude from its consideration inappropriate evidence of whatever ilk.**[1]

---

[1] Plaintiff's counsel was advised of this fact prior to filing the frivolous motions in limine—but inexplicably chose to file them anyway.

1

This Court to deny Plaintiff's Motions in Limine, ECF 193, 195-96, for the same reasons. *See Windsor Vill. Condo. Owners' Ass'n v. Berkshire Hathaway Guard Ins. Co.*, 2023 U. S. Dist. LEXIS 72544, 2023 WL 3094068 (M. D. La. 2023) at *3 (Daubert motions and motions in limine are waste of judicial time and resources in a bench trial); *Ugarte v. Mid-America Metal Roofing & Siding Installed,* 2021 U. S. Dist. LEXIS 249905, 2021 WL 6327683 (S. D. Tex. 2021) at *2-*3 (no practice is more misunderstood and abused than motions in limine, which are not favored); *Lyondell Chem. Co. v. Albemarle Corp.*, 2007 U. S. Dist. LEXIS 101638 (E. D. Tex. 2007) at *9-10 (motions in limine in bench trials disapproved and granting one is error, albeit not reversible error); *See also Flores v. Ramirez*, 2015 U. S. Dist. LEXIS, 2015 WL 1727843 at *7-8 (W. D. Tex. 2015) (excluding relevant evidence on the basis of unfair prejudice is a useless procedure in a bench trial).

**II.     *Daubert* Challenges Like This One Are Also Misplaced in a Bench Trial.**

The Fifth Circuit has long recognized that "[m]ost of the *Daubert* safeguards are not as essential in a case such as this where a district judge sits as the trier of fact in place of a jury." *Gibbs v. Gibbs*, 210 F.3d 491, 500 (5th Cir. 2000). In a bench trial, because there is no jury, "there is no risk of tainting the trial by exposing a jury to unreliable evidence." *Whitehouse Hotel, L. P. v. Comm'r*, 615 F.3d 321, 330 (5th Cir. 2010).  *See Palm Valley Health Care, Inc. v. Azar*, 947 F.3d 321, 329-30 (5th Cir. 2020).

Thus, less than a month ago, this Court in *LUCID Group USA, Inc. v. Johnston*, 2024 U. S. Dist. LEXIS 121758, 2024 WL 3404624 (W. D. Tex. 2024), began its *Daubert* analysis by noting that "[b]ecause this case will be tried to the District Court, not a jury, 'most of the safeguards provided for in Daubert are not as essential'." *Id.* at *7; *accord, Smith v. City of Bastrop*, 2021 U. S. Dist. LEXIS 8124, 2021 WL 148061 (W. D. Tex. 2020) at *7-8. As the *Lucid* Court noted, the

2

rejection of expert testimony is the exception rather than the rule; vigorous cross-examination and presentation of contrary evidence are the traditional and appropriate means for attacking shaky but admissible evidence. *Id*. These traditional tools will be fully available to Plaintiff if it wishes to attack Mr. Banks' testimony *at trial*; consequently, this Court should deny the motion in limine.

### III. Mr. Banks' Opinion Testimony, as well as his Fact Testimony, is Relevant and Admissible.

Michael Banks is the Special Adviser to the Governor of Texas on Border Matters, also known informally as the "Texas Border Czar". He has served in that position since January 2023, and thus was a firsthand witness to many of the events at issue in this case, including the placement of the Floating Buoy Barrier in the Rio Grande River and the results of Operation Lone Star. Mr. Banks assumed that important position after completing a 23-year career with the U. S. Border Patrol and serving ten years in the U. S. Navy in the military police. Hiss entire career has been in law enforcement.

In the U. S Border Patrol, Mr. Banks served in many positions that gave him direct and extensive experience with the Rio Grande River; with the trans-national crime that now pervades the Texas border area; and with the deterioration in conditions along the border in general, and in the Eagle Pass area in particular, in recent years. He has served as Agent in Charge of U. S. Border Patrol Offices on the Rio Grande twice in recent years (in McAllen and Weslaco). Mr. Banks also served as Acting Chief of Law Enforcement Operational Programs at U. S. Border Patrol Headquarters in Washington, D. C.  In his current role as Border Czar he travels along the Rio Grande over 90 percent of his time.

Mr. Banks has testified twice within the last year before Chief Judge Moses in the United States District Court for the Western District of Texas in *State of Texas v. Dept. of Homeland*

3

*Security, et a*l., Case No. 2:23-cv-55-AM. In its Memorandum Opinion and Order in that case, ECF 57, the Court cited Mr. Banks' testimony several times. Defendants in that case made no objections to Mr. Banks' qualifications to testify in that case.

Indeed, it's hard to imagine anyone more qualified by training and professional experience to assess the conditions along the Rio Grande and the Texas Border; the need for the Floating Buoy Barriers to deter and prevent trans-national crime; and the safety and effectiveness of the Floating Buoy Barrier over the past year when it has been in the Rio Grande. Plaintiff nevertheless claims that Mr. Banks is qualified to testify only as to facts, and not to express any opinions on these matters. Their main argument is that the topics which Mr. Banks may express opinions do not require "scientific, technical, or other specialized knowledge" and are not based on tested scientific methodologies.

Plaintiff understandably is eager to block Mr. Banks' opinion testimony that is adverse to their claims in this case, but they could not be more mistaken. Mr. Banks plainly *does* possess highly specialized knowledge on the subjects on which he will testify. Certainly Mr. Banks' knowledge on these subjects is far superior to that of any witness Plaintiff will offer, and will be helpful to the Court as trier of fact.

Contrary to Plaintiff's argument, witnesses who have such specialized and relevant experience are qualified to provide relevant opinion testimony even though the subjects of their testimony are not scientific or technical in nature. *E.g., United States v. Simmons,* 470 F. 3d 1115, 1123 (5th Cir. 2006) (naturally occurring circumstances may preclude "methodological precision); *Narcisse v. All Ways Transp., LLC*, 2023 U.S. Dist. LEXIS 169134, 2023 WL 6544930 (M. D. La. 2023) at *4-7 (where expert's testimony does not rest on traditional scientific methods, it may be

based on practical experience rather than scientific analysis). Thus, an expert on law enforcement may qualify by *experience* and *training* to provide admissible expert testimony on that subject. *E.g., Rodriguez v. City of Austin*, 2023 U. S. Dist. LEXIS 163085, 2023 WL 5983900 (W. D. Tex. 2023); *Ariwodo v. U. S. Customs & Border Enf.*, 2007 U. S. Dist. LEXIS 11553, 72 Fed. R. Evid. Serv. 9560) (S. D. Tex. 2007).

Mr. Banks' specialized law enforcement experience that pertains specifically to the matters at issue in this case qualifies him to provide expert testimony in this case under the flexible reliability standard of *Kumho Tire Co. v. Carmichael*, 526 U. S. 137, 141 (1999). But even if that were not the case, Mr. Banks would qualify to provide the same opinion testimony under Federal Rule of Evidence 701. Rule 701 of the Federal Rules of Evidence permits lay opinion testimony that is rationally based on the witness's perception. *E.g., Mississippi Chem. Corp v. Dresser-Rand Co.*, 287 F.3d 359, 373 (5th Cir. 2002); *Soden v. Freightliner Corp.*, 714 F.2d 498, 501 (5th Cir. 1983). Whether one characterizes Mr. Banks as an expert witness or as a lay witness whose opinions are admissible at trial based on his "personal knowledge and experience gained while employed", *United States v. Valencia*, 600 F.3d 389, 416 (5th Cir. 2010), his potential opinion testimony is fully admissible. *E.g., Versai Mgmt. Corp. v. Clarendon Amer. Ins. Co.,* 597 F.3d 729, 737 (5th Cir. 2010).

In this non-jury bench trial, there is no need to guard against confusion or over-reliance by a jury on an "expert" opinion. The Court should admit Mr. Banks' testimony at trial – both his factual testimony and his opinions – and after hearing it (and Plaintiff's cross-examination) give it the weight the Court believes it deserves. There is no justification for excluding relevant testimony and risking potential reversal for abuse of discretion if on appellate review that exclusion is deemed incorrect.

## CONCLUSION

WHEREFORE, Defendants respectfully request that the Court deny the Motion in Limine as to Michael Banks and grant such other and for any further relief as may be appropriate.

| | |
|---|---|
| Date: August 5, 2024 | Respectfully submitted, |
| | |
| Ken Paxton | */s/ Johnathan Stone* |
| Attorney General of the State of Texas | **Johnathan Stone** |
| | Special Counsel |
| Brent Webster | Tex. State Bar No. 24071779 |
| First Assistant Attorney General | Johnathan.stone@oag.texas.gov |
| | |
| Ralph Molina | David Bryant |
| Deputy Attorney General for Legal Strategy | Senior Special Counsel |
| | Tex. State Bar No. 03281500 |
| Ryan Walters | david.bryant@oag.texas.gov |
| Chief, Special Litigation Division | |
| | Munera Al-Fuhaid |
| Office of the Attorney General | Special Counsel |
| P. O. Box 12548, MC-009 | Tex. State Bar No. 24094501 |
| Austin, TX 78711-2548 | munera.al-fuhaid@oag.texas.gov |
| (512) 936-2172 | |
| | Kyle S. Tebo |
| | Special Counsel |
| | Tex. State Bar No. 24137691 |
| | kyle.tebo@oag.texas.gov |
| | |
| | Zachary Berg |
| | Special Counsel |
| | Tex. State Bar. 24107706 |
| | Zachary.Berg@oag.texas.gov |
| | |
| | **Counsel for Defendants** |

## CERTIFICATE OF SERVICE

On August 5, 2024, this document was filed electronically through the Court's CM/ECF system, which automatically serves all counsel of record.

*s/ Johnathan Stone*
**Johnathan Stone**
Special Counsel