**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | |
| *Plaintiff*, | |
| v. | Case No. 1:23-cv-00853-DAE |
| GREG ABBOTT, in his capacity as GOVERNOR OF THE STATE OF TEXAS, and THE STATE OF TEXAS, | |
| *Defendants*. | |

**UNITED STATES' OPPOSITION TO MOTION TO EXCLUDE RELIEF**

JAIME ESPARZA
UNITED STATES ATTORNEY

LANDON A. WADE
  Assistant United States Attorney
  Texas Bar No. 24098560
United States Attorney's Office
Western District of Texas
903 San Jacinto Blvd., Suite 334
Austin, TX 78701
(512) 370-1255 (tel)
(512) 916-5854 (fax)
Landon.wade@usdoj.gov

TODD KIM
ASSISTANT ATTORNEY GENERAL
Environment & Natural Resources Division

BRIAN H. LYNK
  Senior Trial Counsel
  DC Bar No. 459525
BRYAN J. HARRISON
  Trial Attorney
  FL Bar No. 106379
KIMERE J. KIMBALL
  Trial Attorney
  CA Bar No. 260660
ANDREW D. KNUDSEN
  Trial Attorney
  DC Bar No. 1019697
U.S. Department of Justice
Environmental Defense Section
P.O. Box 7611
Washington, DC 20044
(202) 514-6187 (Lynk)
(202) 514-8865 (fax)
Brian.lynk@usdoj.gov

Dated:  August 12, 2024

*Counsel for the United States of America*

Before this Court has even heard trial testimony and ruled on the merits, Texas seeks to "exclude" the United States' request for an injunction barring Texas from further violating the Rivers and Harbors Act by placing additional unpermitted obstructions or structures in waters of the United States.  ECF 147.[1]  Texas's attempt to prematurely cabin the Court's discretion to fashion appropriate equitable relief is inconsistent with the Supreme Court's conclusion that the United States is entitled to "a remedy that ensures the full effectiveness of the [Rivers and Harbors] Act," even if that remedy is not set forth specifically in the text of the Act.  *Wyandotte Transp. Co. v. United States*, 389 U.S. 191, 204 (1967).  Texas's motion should therefore be denied.

## ARGUMENT

Section 12 of the Rivers and Harbors Act (RHA) provides that a court may order the "removal of any structures or parts of structures erected in violation of" Section 10.  33 U.S.C. § 406.  Texas insists that this authorizes the Court only to order the unauthorized Floating Barrier removed; the Court cannot, according to Texas, bar Texas from placing more unpermitted structures or obstructions in the Rio Grande.  *See, e.g.,* ECF 147 at 5-6.  As a threshold matter, Texas's request to "exclude" even the possibility of granting such relief is premature.  There will be time enough to consider the appropriate scope of relief if and when the United States prevails

---

[1] Texas filed its motion to exclude injunctive relief on July 3, 2024.  The United States construed it as a motion in limine subject to the August 2, 2024, deadline for responding to such motions. *See* United States' Notice Regarding Motion to Exclude, ECF 148 at 2; *see also* ECF 97 (March 5, 2024, scheduling order).  The August 2nd deadline was then suspended after the United States moved for a stay and continuance of the district court proceedings.  At a status conference on August 6, 2024, as part of its re-setting of the trial date and amendment of other deadlines and procedures in the case, the Court ordered that the United States' response to the motion to exclude injunctive relief would be due on August 12, 2024.  Aug. 6, 2024, Tr. at 23.

on the merits.  *See S.E.C. v. Forex Asset Mgmt. LLC*, 242 F.3d 325, 331 (5th Cir. 2001) (the district court has broad discretion to shape equitable remedies).

In addition, the Supreme Court takes a relatively broad view of the equitable relief available under the RHA, including to remedy a Section 10 violation like the one the United States has alleged here.  *See Wyandotte, supra*; *see also United States v. Republic Steel Corp.*, 362 U.S. 482 (1960).  In *Republic Steel*, the Court held that the United States could seek removal of an "obstruction" caused by the deposit of industrial solids in a waterway even though the Act did not specifically authorize this relief.  *Id.* at 491-92.  The Court reasoned that Congress "has legislated and made its purpose clear," providing "enough federal law in s[ection] 10 from which appropriate remedies may be fashioned even though they rest on inferences."  *Id.* at 492.  To conclude otherwise would be to "impute to Congress a futility inconsistent with the great design of this legislation."  *Id.*; *see also Sanitary Dist. of Chi. v. United States*, 266 U.S. 405, 429 (1925) (the RHA is "a broad expression of policy in unmistakable terms").  Similarly, the fact that Section 12 does not expressly refer to prohibitory injunctions should not prevent the Court from entering one if appropriate following trial.

Even apart from this long-standing precedent, review of the statutory text fails to support Texas's cribbed reading.  Congress did not contemplate an equitable authority so ineffectual that this Court could not prevent an enjoined defendant from installing new prohibited structures. Section 10 expressly makes it unlawful not just to "build" but to "*commence* the building of" any structure covered by the second clause of that provision.  33 U.S.C. § 403 (emphasis added).  Thus, prohibitory relief is available under Section 12 to enforce this prohibition, as the Court need not await the installation of an offending structure in the Rio Grande before issuing an injunction if it is unlawful to "commence" such activity.  *Id.*

Indeed, this is a particularly appropriate case in which the Court should consider a forward-looking injunction—not one, as Texas contends, precluding Texas from constructing "any structure in any navigable waterway anywhere," ECF 147 at 2, but one precluding it from doing so unlawfully.  Specifically, the United States seeks an order:

- Enjoining Texas from constructing, installing, placing, or maintaining structures in waters of the United States, except in compliance with the RHA and all other applicable law; and

- Enjoining Texas from creating or maintaining obstructions in or affecting the navigable waters of the United States, except in compliance with the RHA and all other applicable law.

ECF 60  at 9-10 (First Am. Compl. ¶ 46.a, b).[2]  There is a clear need for this relief.  Texas has stated that the existing Floating Barrier was merely the first of many, and that it intends to continue placing unpermitted buoy barriers in multiple portions of the Rio Grande.  ECF 5 at 3, 16.  If it prevails on the merits, the United States will be entitled to forward-looking relief that will preclude Texas from again violating RHA Section 10 in the same manner; otherwise, the United States will be forced to proceed anew against Texas every time it places a new unauthorized barrier.  *Cf. TransUnion v. Ramirez*, 594 U.S. 413, 435 (2021) ("As this Court has recognized, a person

---

[2] When the United States amended its Complaint to add Count II—a claim invoking the 1848 Treaty of Guadalupe Hildalgo—it also added two requests for relief associated with that claim. The first sought to enjoin Texas from "constructing any work that may impede or interrupt, in whole or in part, navigation of the Rio Grande, except in compliance with the 1848 Treaty and all other applicable laws," while the second sought to compel "remov[al of] the unauthorized work in the Rio Grande that is impeding and/or interrupting navigation on the river pursuant to the 1848 Treaty." ECF 58-1 at 10 (First Am. Compl. ¶ 46.c, f.).  The United States agrees that, following the dismissal with prejudice of its treaty claim (ECF 114 at 41), these two requests for relief are no longer before this Court.  *Accord* ECF 147 at 2.  The United States reserves its right to appeal the dismissal ruling following entry of final judgment.

exposed to a risk of future harm may pursue forward-looking, injunctive relief to prevent the harm from occurring[.]").

The cases Texas cites do not support excluding any possibility of a forward-looking injunction, particularly before the Court has even heard, let alone decided, the merits. Texas principally relies on *In re Barnacle Maritime Mgmt.*, 233 F.3d 865 (5th Cir. 2000), a case that involved neither injunctive relief nor Section 10 of the RHA. *See* ECF 147 at 4-5. *Barnacle* arose when a tow boat owned by the plaintiff pushed a barge into the federally owned Columbia Lock and Dam, causing over $1 million in damage. *Barnacle*, 233 F.3d at 867. Barnacle filed a suit seeking to limit its liability and the United States counterclaimed under Sections 14 and 16 of the RHA.[3] *Id.* In brief, Section 14 makes it unlawful to damage works built by the United States to improve navigable waters, and Section 16 sets out remedies for violations of Section 14 that include proceeding in rem against any vessel causing such damages. 33 U.S.C. §§ 408, 412. Instead of proceeding solely in rem against the vessel, the United States also sought damages from the vessel owner. *Barnacle*, 233 F.3d at 867. The district court concluded that an implied, in personam damages remedy was available to the United States, but the Fifth Circuit reversed, finding that "the plain language of [33 U.S.C.] § 408, . . . and § 412 does not give the United States a civil in personam remedy against a violator of § 408." 233 F.3d at 870. Not only does *Barnacle's* holding concerning the availability of implied *damages* remedies have no application in the present case—where only injunctive relief, not damages, is sought, and the dispute is over the scope of injunctive relief, not its availability—but, even as to monetary relief, subsequent Fifth Circuit caselaw has limited *Barnacle's* applicability specifically to claims under Section 14. *See In re S.*

---

[3] Texas errs in describing RHA Section 15, 33 U.S.C. § 409, as a basis for the suit in *Barnacle*. ECF 147 at 4.

*Scrap Material Co.*, 541 F.3d 584, 592-95 (5th Cir. 2008) (following *Wyandotte* and pre-*Barnacle*

Fifth Circuit decisions concerning RHA Section 15, 33 U.S.C. § 409, to hold that an in personam

damages remedy is available for violations of that section).

Texas's other cases similarly fail to support its view that the RHA prohibits forward-

looking injunctive relief for violations of Section 10 or that the availability of such relief may not

be implied.  *United States v. Jantran, Inc.*, 782 F.3d 1177 (10th Cir. 2015), like *Barnacle*, only

held that there is no in personam damages remedy for violations of Section 14 (33 U.S.C. § 408).

782 F.3d at 1182-83.  As the Fifth Circuit had done in *Southern Scrap Metal*, the Tenth Circuit in

*Jantran* distinguished Section 14 from Section 15 (33 U.S.C. § 409), noting "the Supreme Court

found in *Wyandotte* that the Act impliedly authorizes injunctive relief and in personam damages

actions for violations of § 409." 782 F.3d at 1181.  The Eighth Circuit's opinion in *In re Am. River*

*Transp. Co.*, 800 F.3d 428 (8th Cir. 2015), likewise concerned in personam damages under Section

14 and thus offers no support for Texas's argument.  *Id.* at 433-36.

The remainder of the cases Texas cites do not involve the RHA, and do not consider the

proper scope of statutorily authorized injunctive relief.  Instead, they all involve parties seeking

relief different *in kind*, not just scope, from that provided in a given statute.[4]  This RHA lawsuit

presents no such issue.

---

[4] *See, e.g., Sandoz Inc. v. Amgen Inc.*, 582 U.S. 1 (2017) (holding injunctive relief was not available where statute prescribed a different remedy); *Karahalios v. Nat'l Fed'n of Fed. Emps., Loc. 1263*, 489 U.S. 527, 529 (1989) (holding plaintiff had no private cause of action under Civil Service Reform Act where that act "vested exclusive enforcement authority . . . in the Federal Labor Relations Authority"); *Northwest Airlines v. Transp. Workers Union*, 451 U.S. 77, 93 (1981) (declining to imply private cause of action under Equal Pay Act or Title VII of Civil Rights Act where statutes "make express provision for private enforcement in certain carefully defined circumstances, and provide for enforcement at the instance of the Federal government in other circumstances").  *But see Shinault v. American Airlines*, 936 F.2d 796 (5th Cir. 1991) (finding an implied private cause of action under the Air Carrier Access Act, which included no remedy provision).

## CONCLUSION

For the foregoing reasons, Texas's Motion to Exclude Relief (ECF 147) should be denied.

Dated:  August 12, 2024

| | |
|---|---|
| JAIME ESPARZA | TODD KIM |
| UNITED STATES ATTORNEY | ASSISTANT ATTORNEY GENERAL |
| | Environment & Natural Resources Division |

 */s/ Landon A. Wade*　　　　　　    */s/ Brian H. Lynk*　　　　

LANDON A. WADE
  Assistant United States Attorney
  Texas Bar No. 24098560
United States Attorney's Office
Western District of Texas
903 San Jacinto Blvd., Suite 334
Austin, TX 78701
(512) 370-1255 (tel)
(512) 916-5854 (fax)
Landon.wade@usdoj.gov

BRIAN H. LYNK
  Senior Trial Counsel
  DC Bar No. 459525
ANDREW D. KNUDSEN
  Trial Attorney
  DC Bar No. 1019697
KIMERE J. KIMBALL
  Trial Attorney
  CA Bar No. 260660
BRYAN J. HARRISON
  Trial Attorney
  FL Bar No. 106379
U.S. Department of Justice
Environmental Defense Section
P.O. Box 7611
Washington, DC 20044
(202) 514-6187 (Lynk)
(202) 514-8865 (fax)
Brian.lynk@usdoj.gov
Kimere.kimball@usdoj.gov
Andrew.knudsen@usdoj.gov
Bryan.harrison@usdoj.gov

*Counsel for the United States of America*

6

## **CERTIFICATE OF SERVICE**

I certify that on August 12, 2024, a copy of this filing was served on counsel of record through the Court's electronic filing system.

_/s Brian H. Lynk_____
Brian H. Lynk