**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br>*Plaintiff*,<br><br>**v.**<br><br>**GREG ABBOTT, IN HIS CAPACITY AS GOVERNOR OF THE STATE OF TEXAS, AND THE STATE OF TEXAS,**<br>***Defendants.*** | **No. 1:23-cv-00853-DAE** |

**DEFENDANTS' REPLY IN SUPPORT**
**OF MOTION TO EXCLUDE RELIEF**

Defendants Greg Abbott, in his capacity as Governor of the State of Texas, and the State of Texas, hereby file their Reply in Support of Motion to Exclude Relief as follows.

**1. The Motion to Exclude Relief is Not "Premature."**

Plaintiff complains that Defendants' Motion to Exclude Relief (ECF 147) is somehow "premature". United States' Opposition to Motion to Exclude Relief (ECF 216) ("Opp.") at 1-2. Defendants filed their Motion to Exclude on July 3, approximately a month before the then-scheduled trial date, allowing reasonable time for briefing and consideration by the Court. Plaintiff offers no evidence it has been prejudiced in the slightest.

This motion presents a question of law that will be unaffected by the evidence presented at trial, so there is no need for the Court to wait to hear that trial evidence before deciding this motion. Defendants have a strong due process interest in knowing, *before* they go to trial, what relief is being sought against them. In fairness, the Court should exclude *before* trial the injunctive relief sought by Plaintiff that is unavailable as a matter of law.

**2. Plaintiff's Reliance on *Wyandotte* is Misplaced and Section 12's Remedies are Exclusive.**

Congress in Section 12 of the Rivers and Harbors Act ("RHA"), 33 U. S. C. § 406, provided very specific remedies for violations of Sections 9, 10, or 11 of RHA: (a) a fine; (2) imprisonment (in the case of a natural person); and/or (3) "removal of any structures or parts of structures erected in violation of the provisions of the said sections may be enforced by the injunction of [the Court]." Congress neither provided or even suggested the availability of any other form of injunctive relief or any other remedy. There is no reference in the RHA to the Court acting as a "court of equity" or exercising "equitable powers".

Plaintiff points to no language in the RHA which permits the relief it seeks. Plaintiff provides no evidence that Congress in enacting the RHA in 1899 intended to clothe district courts with any powers other than the power to provide the judicial remedies Congress specified in Section 12. Plaintiff cites no legislative history even suggesting that Congress in the RHA intended to authorize any injunctive relief beyond the removal of an unlawful structure. Yet Plaintiff seeks extraordinarily broad forms of injunctive relief that Congress plainly did not provide for in the RHA.[1]

---

[1] Plaintiff in its First Amended Complaint (ECF 60) at 9-10 seeks (in addition to the removal injunction authorized by the RHA) to enjoin Defendants from

(1) constructing, installing, placing, or maintaining "structures" in "waters of the United States" (apparently anywhere);

(2) creating or maintaining "obstructions" in or "affecting" navigable waters of the United States (apparently anywhere).

In addition, Plaintiff sought two injunctions under its now-dismissed 1848 Treaty claim. Plaintiff (Opp. at 3 n.2) acknowledges these requests for injunctive relief are "no longer before this Court", and they therefore should be dismissed.

Without either statutory language or evidence of Congressional intent to support its argument, Plaintiff primarily relies on the case of *Wyandotte Transp. Co. v. United States*, 389 U. S. 191 (1967).[2] There the Supreme Court permitted the Government to pursue an *in personam* action against negligent barge owners, operators, and insurers to recover the Government's costs in locating, raising, and removing a sunken vessel. The Supreme Court in *Wyandotte* judicially created an implied right of action for the Government to obtain a remedy not set forth in the RHA. The Court opined that the remedies Congress provided for violations of § 15 of the RHA (a section not at issue in this case) – criminal prison terms and financial penalties that were too small to fully reimburse the Government – were inadequate. It then concluded that the Court could "divine the congressional intent in inferring the availability of that remedy from the prohibition of § 15." 389 U. S. at 204.

The era of expansive judicial creation of implied rights of action and remedies typified by *Wyandotte* has passed. At least three courts of appeal[3] have declined to apply *Wyandotte* because that case was decided before a shift by the Supreme Court in its approach to implied rights of action and remedies. In *United States v. City of Philadelphia*, 644 F.2d 187 (3d Cir. 1980), the Government relied on *Wyandotte* as authority for "inferring" a cause of action based on two criminal statutes.

---

[2] Plaintiff also refers to the 5-4 decision in *United States v. Republic Steel*, 362 U.S. 482 (1960), Opp. at 2, but that case merely construed "obstruction" in Section 10 of RHA broadly, and did not purport to create any implied rights of action or implied remedies.

[3] *See also United States v. Jantran*, 782 F.3d 1177, 1182 (10th Cir. 2015) (*Wyandotte* limited to § 409 of RHA); *In re Ingram Barge Co.,* 102 F. Supp. 3d 1008 (N. D. Ill. 2015) (*Wyandotte* limited to § 409 of RHA); *United States v. Tug Sundial*, 861 F. Supp. 2d 1208, 1217 (D. Ore. 2012) (finding argument based on *Wyandotte* "unpersuasive" ).

The Third Circuit cited subsequent Supreme Court decisions such as *Transamerica Mtge. Advisers, Inc. v. Lewis*, 444 U.S. 11 (1979), in which the "central inquiry" and "ultimate question" is Congressional intent. Id. at 191-92.

> [W]e think that *Wyandotte* represents merely one step in the development of the current standards for inferring rights of action and that the unrefined analysis employed in *Wyandotte* is no longer an accurate statement of the law.

In *Gov't of Guam v. American President Lines*, 28 F.3d 142 (D. C. Cir. 1994), shippers relied on *Wyandotte* when they sought an implied remedy for alleged unlawful rates charged to them under two statutes, The District of Columbia Circuit stated:

> Many of the cases relied on by appellants for inferring a cause of action were decided before *Cort v. Ash*, [422 U. S. 66] (1975)] and *Karahalios v. National Fed'n of Fed. Employees*, [489 U. S. 527 (1989), where the Supreme Court made clear its shift in emphasis from its prior standard to evidence of congressional intent to imply a private right of action.

*Wyandotte* was deemed "irrelevant in light of the shift in the Supreme Court's position."28 F.3d at 148 n.6. Similarly, the Eighth Circuit in *Am. River Transp. Co. v. U. S.*, 800 F.3d 428, 434 (8th Cir. 2015), rejected an argument in which the Government relied on *Wyandotte*.

> Post-*Wyandotte*, the Supreme Court has altered its statutory-interpretation analysis and its approach to implying the existence of remedies that Congress has not expressly created. The Court's retreat from implying remedies in accordance with the principles laid out in [*Wyandotte*] cautions against simply extending *Wyandotte* by analogy and reading an *in personam* cause of action into § 408.

Thus, it is no surprise that the Fifth Circuit in *Barnacle Marine Mgmt. v. United States*, 233 F.3d 865, 870 (5th Cir. 2000), also declined the Government's invitation to follow *Wyandotte*. Plaintiff tries to distinguish *Barnacle* as an implied *damages* remedy case, but that was not the

ground of decision stated by the Fifth Circuit. Instead, the Court stated its decision "was consistent with a number of recent Supreme Court decisions holding that we should be reluctant to imply a remedy broader than Congress has expressly provided."[4]

*Wyandotte* cannot help Plaintiff here. Plaintiff simply failed to show either statutory language or indicia of Congressional intent in the RHA to support its attempt to imply statutory remedies Congress did not provide in Section 12 of the RHA. Those remedies therefore are exclusive. *See Armstrong v. Excep. Child Ctr., Inc.*, 575 U.S 320, 327-28 (2015) (express provision to enforce rule shows Congress intended to preclude others; courts of equity can't disregard statutory remedy limits). The motion to exclude should be granted.

---

[4] Plaintiff mischaracterizes Texas as claiming that "the RHA prohibits forward-looking injunctive relief", Opp. at 5. Texas instead says the RHA specifies no injunctive relief beyond structure removal, and there is no evidence of Congressional intent to imply added remedies.

Date: August 16, 2024

Respectfully submitted,

/s/ *David Bryant*
**DAVID BRYANT**
Senior Special Counsel
Tex. State Bar No. 03281500

**KEN PAXTON**
Attorney General of the State of Texas

**BRENT WEBSTER**
First Assistant Attorney General

**RALPH MOLINA**
Deputy First Assistant Attorney General

**RYAN D. WALTERS**
Chief, Special Litigation Division

**RYAN. G. KERCHER**
Deputy Chief, Special Litigation Division

**OFFICE OF THE ATTORNEY GENERAL**
P. O. Box 12548, MC-009
Austin, TX 78711-2548
(512) 936-2172

david.bryant@oag.texas.gov
johnathan.stone@oag.texas.gov
munera.al-fuhaid@oag.texas.gov
zachary.berg@oag.texas.gov
kyle.tebo@oag.texas.gov

**JOHNATHAN STONE**
Special Counsel
Tex. State Bar No. 24071779

**MUNERA AL-FUHAID**
Special Counsel
Tex. State Bar No. 24094501

**ZACHARY BERG**
Special Counsel
Tex. State Bar No. 24107706

**KYLE S. TEBO**
Special Counsel
Tex. State Bar No. 24137691

**COUNSEL FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I certify that a true and accurate copy of the foregoing document was filed electronically (via CM/ECF) on August 16, 2024 and that all counsel of record were served by CM/ECF.

/s/ *David Bryant*
**DAVID BRYANT**