UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>GREG ABBOTT, in his capacity as Governor of the State of Texas, and THE STATE OF TEXAS,<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | No. 1:23-CV-853-DAE |

ORDER DENYING DEFENDANTS' MOTION TO EXCLUDE RELIEF FROM PRE-TRIAL ORDER

Before the Court is a Motion to Exclude Relief Requested by Plaintiff from Pre-Trial Order ("Motion"), filed on July 3, 2024, by Greg Abbott, in his official capacity as Governor of the State of Texas, and the State of Texas (collectively, "Defendants" or "Texas"). (Dkt. # 147.) The United States of America ("Plaintiff" or "United States") filed its Response in Opposition to the Motion on August 12, 2024. (Dkt. # 216.) Texas filed its Reply on August 16, 2024. (Dkt. # 220.)

The Court finds this matter suitable for disposition without a hearing. After carefully considering the filings and the relevant case law, the Court **DENIES** Texas's Motion to Exclude Relief for the reasons that follow.

BACKGROUND

This case arises from Texas's construction of a buoy barrier system across a roughly 1,000-foot stretch of the Rio Grande River near Eagle Pass, Texas. The full factual background is covered in detail in the Court's previous orders and incorporated by reference here. (See Dkt. # 114.)

The sole claim by the United States remaining for trial arises under Sections 10 and 12 of the Rivers and Harbors Act of 1899 ("RHA"), 33 U.S.C. §§ 403, 406. Section 12 of the RHA specifies the remedies available to the United States for violations of Section 10. The Act reads in relevant part: "the removal of any structures or parts of structures erected in violation of the said sections may be enforced by the injunction of any district court exercising jurisdiction in any district in which such structures may exist." 33 U.S.C. § 406.

At issue in this Motion is prospective injunctive relief sought by the United States. To remedy its RHA claim, the United States seeks an order: "[1] Enjoin[ing] Defendants from constructing, installing, placing, or maintaining structures in waters of the United States, except in compliance with the RHA and all other applicable law;" and "[2] [e]njoin[ing] Defendants from creating or maintaining obstructions in or affecting the navigable waters of the United States, except in compliance with the RHA and all other applicable law." (Dkt. # 60 at 9–10.)

## LEGAL STANDARD

### I. Equitable Remedies in General

Equitable remedies are appropriate where "in the particular case the threatening effects of a continuing violation . . . are such as only equitable process can prevent." Paine Lumber Co. v. Neal, 244 U.S. 459, 476 (1917). Equitable remedies have long been established as tools available to courts, predating the Founding. See Irvine v. Marshall, 61 U.S. 558, 565 (1857) ("[C]ases in equity are to be understood [as] suits in which relief is sought according to the principles and practice of the equity jurisdiction, as established in English jurisprudence.")

Discretion is a fundamental attribute of equity. United States v. Ramsey, 331 F.2d 824, 827 (5th Cir. 1964). A federal district court is a court of equity, and as such has broad powers of discretion. Id. The Supreme Court has made clear the "exercise of a court's equity powers . . . must be made on a case-by-case basis." Baggett v. Bullitt, 377 U.S. 360, 375 (1964). The essential nature of equity is that "is not subject to strict limitations, unless and until Congress acts directly to restrict it." United States v. Texas, 566 F. Supp. 3d 605, 644 (W.D. Tex. 2021).

### II. Equitable Remedies Under the Rivers and Harbors Act

Section 12 of the RHA provides that a court may order the "removal of any structures or parts of structures erected in violation of Section 10." 33 U.S.C

§ 406. In U.S. v. Republic Steel, the Supreme Court held "Congress has legislated and made its purpose clear; it has provided enough federal law in [Section 10 of the RHA] from which appropriate remedies may be fashioned even though they rest on inferences. Otherwise we impute to Congress a futility inconsistent with the great design of this legislation." 362 U.S. 482, 489 (1960).

## DISCUSSION

### I. Texas's Motion to Exclude Relief is Premature

Texas contends that the Court should, before trial, exclude the injunctive relief sought by the United States on the grounds that it is "unavailable as a matter of law." (Dkt. # 220 at 1). For the reasons discussed in the following section, the Court declines to find that the relief sought by the United States is unavailable as a matter of law. Additionally, the Court finds Texas's motion to be premature.

Given the Court's broad discretion in shaping equitable remedies, Texas's motion to exclude the United States' requested injunctive relief before the full presentation of evidence at trial is premature. Courts must have the flexibility to assess the appropriateness of equitable relief based on the complete record, which cannot be adequately determined at this pre-trial stage. Texas contends that the United States has requested injunctive relief "far broader" than the affirmative injunction provided for by the RHA. See id. Yet, as a court of equity, the Court

has discretion to shape the scope of any potential injunction granted to the United States, should the United States ultimately prevail in this case.

Moreover, the Supreme Court has made clear the "exercise of a court's equity powers . . . must be made on a case-by-case basis." See Baggett, 377 U.S. at 375. Thus, the Court need not pre-emptively exclude the United States' requested relief before a trial has been held on the merits. If the Court finds at trial, after all evidence has been presented, that the injunctive relief requested by the United States is overly broad in scope, the Court may then exercise its discretionary power as a court of equity.

II.     The United States' Requested Relief is Not Unavailable as a Matter of Law

The United States seeks an order (1) enjoining Texas from "constructing, installing, placing, or maintaining structures in waters of the United States, except in compliance with the RHA and all other applicable law"; and (2) enjoining Texas from "creating or maintaining obstructions in or affecting the navigable waters of the United States, except in compliance with the RHA and all other applicable law." (Dkt. # 60 at 9-10.) Texas argues that such relief is improper, under a theory that the RHA only permits the removal of structures or obstructions after they have been placed in navigable waters and does not authorize the Court to preemptively enjoin such actions. (See Dkt. # 147 at 2-3.)

Here, Texas has failed to produce any case law that supports its contention that a forward-looking injunction is unavailable as a matter of law under the RHA. Texas's argument predominantly depends on In re Barnacle Maritime Mgmt., 233 F.3d 865 (5th Cir. 2000), a case in which injunctive relief was not sought and which does not pertain to Sections 10 or 12 of the RHA. Rather, Barnacle concerned the availability of implied damages under two other sections of the RHA, Sections 14 and 16. See id. at 867. Because the relief at issue in this motion is equitable in nature and pertains to Sections 10 and 12 of the RHA, the Court does not find Texas's reliance on Barnacle to be persuasive.

Moreover, Texas has provided no case law supporting its theory that prospective injunctive relief preventing future violation of the RHA exceeds the bounds of congressional intent. The Supreme Court has emphasized that "[u]nless a statute in so many words, or by a necessary and inescapable inference, restricts the court's jurisdiction in equity, the full scope of that jurisdiction is to be recognized and applied." Porter v. Warner Holding Co., 328 U.S. 395, 398, (1946). Here, Texas has provided no such inescapable inference that the Court lacks jurisdiction in equity to issue prospective relief at its discretion.

Texas's assertion that the absence of explicit language in the RHA limits this Court's equitable powers is also unpersuasive. (Dkt. # 220 at 2.) To the contrary, the absence of restrictive language in the statute supports the Court's

broad authority to issue injunctions as necessary to enforce compliance with federal law.  See United States v. Texas, 566 F. Supp. 3d at 644.  ("It is the essential nature of equity that it is not subject to strict limitations, unless and until Congress acts directly to restrict it.")  Texas's argument fails to acknowledge that the Court's authority in equity is inherent and predates the RHA, tracing back to the English courts of equity.  The equitable jurisdiction of this Court is not confined by the text of the RHA, but is a well-established aspect of federal judicial power, as recognized by both historical and contemporary legal principles.  See Irvine, 61 U.S. at 565.

        The natural role of a court sitting in equity is to prevent future harm from occurring.  See, e.g. United States v. W. T. Grant Co., 345 U.S. 629, 633 (1953) ("Along with its power to hear the case, the court's power to grant injunctive relief survives discontinuance of the illegal conduct.")  Texas argues that the United States "provides no evidence that Congress in enacting the RHA in 1899 intended to clothe district courts with any powers other than the power to provide the judicial remedies Congress specified in Section 12."  (Dkt. # 220 at 2).  To construe Section 12 of the RHA as Texas suggests, would be to ignore basic principles of equity and strip the Court of its discretionary role as an adjudicator.

        Equitable remedies such as prospective injunctive relief are particularly appropriate where there are "threatening effects of a continuing

violation." See Paine Lumber Co., 244 U.S. at 476.  Were this Court to grant Texas's motion to exclude relief and foreclose any possibility of forward-looking injunctive relief under Section 12 of the RHA, Texas could simply remove the existing buoy barrier system if the United States were to prevail at trial, only to later re-implement an identical system.  Surely Congress did not intend such a result when it enacted the RHA.

In United States v. Republic Steel Corp., a case arising under the RHA, the Supreme Court held that the United States could seek removal of an "obstruction" caused by the deposit of industrial solids in a waterway even though the Act did not explicitly authorize this relief.  362 U.S. 482 at 491-92.  The Court reasoned that Congress "has legislated and made its purpose clear," providing "enough federal law in s[ection] 10 from which appropriate remedies may be fashioned even though they rest on inferences."  Id. at 492.  The Court emphasized that to conclude otherwise would be to "impute to Congress a futility inconsistent with the great design of this legislation."  Id.  Similarly, to conclude as Texas requests that Congress intended to prohibit prospective injunctive relief as a remedy to violations of the RHA merely because the Act does not refer to the Court as acting as a "court of equity" is wholly inconsistent with the sweeping design of the RHA.

Following Republic Steel, the federal courts have not limited enforcement of the RHA to the criminal and injunctive remedies provided in Section 12. See, e.g. United States v. Illinois Terminal R. Co., 501 F. Supp. 18, 21 (E.D. Mo. 1980); United States v. New York Cent. R. Co., 252 F. Supp. 508, 511 (D. Mass. 1965), aff'd, 358 F.2d 747 (1st Cir. 1966). For example, in United States v. Wyandotte Transportation Co., the Supreme Court held that the United States could pursue in personam claims under the RHA against parties responsible for negligently sinking a vessel, beyond the remedies explicitly provided by the Act. 389 U.S. 191, 207-08 (1967). The Court emphasized that denying such remedies would undercut the statute's purpose and leave the government unfairly burdened with the costs of maintaining navigable waterways. Id. at 204. To interpret the RHA as Texas requests would "withhold from the Government a remedy that ensures the full effectiveness of the Act," the very outcome the Supreme Court sought to avoid in Wyandotte. Id.

In Texas's efforts to diminish Wyandotte, it further relies on language in Barnacle in which the Fifth Circuit stated that its "decision [was] consistent with a number of recent Supreme Court decisions holding that we should be reluctant to imply a remedy broader than Congress expressly provided." See Barnacle, 233 F.3d at 870. (Dkt. # 220 at 5.) Nevertheless, reluctance alone provides insufficient

grounds to pre-emptively exclude relief as a matter of law before a trial has been held.

At present, Texas has failed to provide sufficient legal support for its argument that the Court should exclude the relief requested by the United States prior to trial. In the interest of exercising judicial restraint, the Court declines to take such a drastic measure.

CONCLUSION

For the foregoing reasons, the Court **DENIES** Texas's Motion to Exclude Relief. (Dkt. # 147.)

**IT IS SO ORDERED.**

**DATED**: Austin, Texas, August 30, 2024.

David Alan Ezra
Senior United States District Judge