United States District Court
Western District of Texas
Austin Division

| | |
|---|---|
| **United States of America,**<br><br>*Plaintiff*,<br>v.<br>**Greg Abbott, in his capacity as Governor of the State of Texas, and the State of Texas,**<br><br>*Defendants*. | No. 1:23-cv-00853-DAE |

### PLAINTIFF'S FOURTH AMENDED RESPONSE TO DEFENDANTS' FIRST SET OF INTERROGATORIES TO PLAINTIFF

Pursuant to Federal Rules of Civil Procedure 26 and 33 and Local Rules CV-26 and CV-33, Plaintiff, the United States of America, hereby provides its fourth amended response to Defendants' First Set of Interrogatories to Plaintiff. The responses set forth below are based only on the information, facts, and documents currently available to the United States. The United States reserves the right to amend or supplement these responses as and when appropriate or necessary in accordance with Fed. R. Civ. P. 26, if different or additional information is subsequently discovered, or if there are changes in relevance, significance, or applicability of the information currently known. The United States further reserves the right to rely upon any such amended or supplemental interrogatory responses in any court filings and at trial.

### OBJECTIONS TO TEXAS'S DEFINITIONS

**DEFINITION A:**
"You" and "your" mean the party or persons to whom these interrogatories are addressed, as well as employees, agents, attorneys and all other persons acting or purporting to act for or on behalf of such party, whether authorized to do so or not.

**OBJECTIONS:**
The United States objects to Definition A as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it attempts to expand the scope of responding agencies well beyond the federal agencies involved in the above-captioned action, which are

1

whom the United States will or may call at trial, the United States will disclose its trial witness list by the Court ordered deadline of July 26, 2024. *Id.*

**INTERROGATORY 2:**
Identify the segments of the Rio Grande River that you contend are navigable, describe the factual basis for your contention, and identify all documents relied upon in support of your contention.

**OBJECTIONS AND RESPONSE TO INTERROGATORY 2**

The United States incorporates herein its Objections to Definitions A, C, E, G, and I. The United States further objects that Interrogatory 2 is overly broad, unduly burdensome, and disproportionate to the needs of the case to the extent it seeks "all documents relied upon." *See e.g., Barnett v. Magellan Health, Inc.*, Civil Action No. 17- 133-RLB, 2018 WL 2470727, at *4 (M.D. La. June 1, 2018). The United States further objects to this Interrogatory to the extent it seeks drafts of expert opinions or other information protected from disclosure by Fed. R. Civ. P. 26(b)(3)(A) and (B) and 26(b)(4).

Notwithstanding the foregoing objections, the United States has not withheld any information from its response to this interrogatory. The United States responds that the navigability of the *entire* Rio Grande is not at issue in this proceeding. *See, e.g.*, ECF 50 at 7 (Sept. 6, 2024 preliminary injunction order, noting "Texas disputes that the *relevant segment* of the Rio Grande is navigable") (emphasis added). The U.S. Army Corps of Engineers issued a finding in 1975, pursuant to its regulatory authority under the Rivers and Harbors Act, reaffirming that the segment of the Rio Grande from river mile 275.5 to river mile 610.0, which includes the stretch of the river in the vicinity of Eagle Pass, Texas and the Floating Barrier, is navigable. ECF 37-5; *see also* ECF 50 at 14-15 and n.11. Joe Shelnutt, an employee of the Corps, testified about this finding at the preliminary injunction hearing. *See, e.g.,* ECF 45 at 2 (written closing argument of the United States, summarizing Mr. Shelnutt's testimony). The U.S. Coast Guard also has issued a navigability finding for the Rio Grande. ECF 1-3 (attached to United States' original complaint in this case).

For purposes of this case, the United States contends that the segment of the Rio Grande described in the Corps' 1975 finding, *i.e.*, from river mile 275.5 to river mile 610.0, including the stretch of the river in the vicinity of Eagle Pass, Texas, and the location where Texas installed the Floating Barrier, is navigable. The United States has explained the legal and factual basis for this contention in numerous briefs filed in this Court and in the Fifth Circuit in the appeal from this Court's preliminary injunction order. *See, e.g.,* ECF 37 at 2-6 & nn.1-5 (United States' reply in support of motion for preliminary injunction); ECF 45 at 1-5 & n.1 (United States' written closing argument following preliminary injunction hearing); ECF 63 at 8-9 (United States' memorandum in opposition to Defendants' motion to dismiss 1st amended complaint); Dkt. No. 195 in *United States v. Abbott*, No. 23-50632 (5th Cir. Mar. 18, 2024), at 10-28 (United States' supplemental *en banc* appellee brief). The United States incorporates by reference herein these briefs and any authorities and evidence cited therein to establish the navigability of the relevant segment of the Rio Grande, as well as the pertinent portion of the Court's April 26, 2024 opinion denying Defendants' motion to dismiss the RHA claim. ECF 114 at 11-19.

**SIGNED AS TO THE OBJECTIONS ONLY:**

Dated: August 1, 2024

| | |
|---|---|
| JAIME ESPARZA<br>UNITED STATES ATTORNEY | TODD KIM<br>ASSISTANT ATTORNEY GENERAL<br>Environment & Natural Resources Division |
| */s/ Landon A. Wade*<br>LANDON A. WADE<br>  Assistant United States Attorney<br>  Texas Bar No. 24098560<br>United States Attorney's Office<br>Western District of Texas<br>903 San Jacinto Blvd., Suite 334<br>Austin, TX 78701<br>(512) 370-1255 (tel)<br>(512) 916-5854 (fax)<br>Landon.wade@usdoj.gov | /s/ *Brian H. Lynk*<br>BRIAN H. LYNK<br>  Senior Trial Counsel<br>  DC Bar No. 459525<br>BRYAN J. HARRISON<br>  Trial Attorney<br>  FL Bar No. 106379<br>KIMERE J. KIMBALL<br>  Trial Attorney<br>  CA Bar No. 260660<br>ANDREW D. KNUDSEN<br>  Trial Attorney<br>  DC Bar No. 1019697<br>U.S. Department of Justice<br>Environmental Defense Section<br>P.O. Box 7611<br>Washington, DC 20044<br>(202) 514-6187 (Lynk)<br>(202) 514-8865 (fax)<br>Brian.lynk@usdoj.gov<br>Bryan.harrison@usdoj.gov<br>Kimere.kimball@usdoj.gov<br>Andrew.knudsen@usdoj.gov<br><br>*Counsel for the United States of America* |

25

**CERTIFICATE OF SERVICE**

I certify that on August 1, 2024, a copy of the above-captioned document was served on counsel of record via email.

*/s/ Brian H. Lynk*
Brian H. Lynk

United States District Court
Western District of Texas
Austin Division

| | |
|---|---|
| United States of America,<br><br>  *Plaintiff*,<br>       v.<br>Greg Abbott, in his capacity as Governor of the State of Texas, and the State of Texas,<br><br>  *Defendants*. | No. 1:23-cv-00853-DAE |

### PLAINTIFF'S THIRD AMENDED RESPONSE TO DEFENDANTS' FIRST SET OF INTERROGATORIES TO PLAINTIFF

Pursuant to Federal Rules of Civil Procedure 26 and 33 and Local Rules CV-26 and CV-33, Plaintiff, the United States of America, hereby provides its second amended response to Defendants' First Set of Interrogatories to Plaintiff. Discovery in connection with the above-captioned matter is ongoing. As such, the responses set forth below are based only on the information, facts, and documents currently available to the United States. The United States therefore reserves the right to amend or supplement these responses as and when appropriate or necessary in accordance with Fed. R. Civ. P. 26, if different or additional information is subsequently discovered or if there are changes in relevance, significance, or applicability of the information currently known. The United States further reserves the right to rely upon any such amended or supplemental interrogatory responses in any court filings and at trial.

### OBJECTIONS TO TEXAS'S DEFINITIONS

**DEFINITION A:**
"You" and "your" mean the party or persons to whom these interrogatories are addressed, as well as employees, agents, attorneys and all other persons acting or purporting to act for or on behalf of such party, whether authorized to do so or not.

**OBJECTIONS:**
The United States objects to Definition A as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it attempts to expand the scope of responding agencies well beyond the federal agencies involved in the above-captioned action, which are

1

whom the United States will or may call at trial, the United States will disclose its trial witness list by the Court ordered deadline of July 26, 2024. *Id.*

**INTERROGATORY 2:**

Identify the segments of the Rio Grande River that you contend are navigable, describe the factual basis for your contention, and identify all documents relied upon in support of your contention.

**OBJECTIONS AND RESPONSE TO INTERROGATORY 2**

The United States incorporates herein its Objections to Definitions A, C, E, G, and I. The United States further objects that Interrogatory 2 is overly broad, unduly burdensome, and disproportionate to the needs of the case to the extent it seeks "all documents relied upon." *See e.g., Barnett v. Magellan Health, Inc.*, Civil Action No. 17- 133-RLB, 2018 WL 2470727, at *4 (M.D. La. June 1, 2018). The United States further objects to this Interrogatory to the extent it seeks drafts of expert opinions or other information protected from disclosure by Fed. R. Civ. P. 26(b)(3)(A) and (B) and 26(b)(4).

Notwithstanding the foregoing objections, the United States has not withheld any information from its response to this interrogatory. The United States responds that the navigability of the *entire* Rio Grande is not at issue in this proceeding. *See, e.g.*, ECF 50 at 7 (Sept. 6, 2024 preliminary injunction order, noting "Texas disputes that the *relevant segment* of the Rio Grande is navigable") (emphasis added). The U.S. Army Corps of Engineers issued a finding in 1975, pursuant to its regulatory authority under the Rivers and Harbors Act, reaffirming that the segment of the Rio Grande from river mile 275.5 to river mile 610.0, which includes the stretch of the river in the vicinity of Eagle Pass, Texas and the Floating Barrier, is navigable. ECF 37-5; *see also* ECF 50 at 14-15 and n.11. Joe Shelnutt, an employee of the Corps, testified about this finding at the preliminary injunction hearing. *See, e.g.,* ECF 45 at 2 (written closing argument of the United States, summarizing Mr. Shelnutt's testimony). The U.S. Coast Guard also has issued a navigability finding for the Rio Grande. ECF 1-3 (attached to United States' original complaint in this case).

For purposes of this case, the United States contends that the segment of the Rio Grande described in the Corps' 1975 finding, *i.e.*, from river mile 275.5 to river mile 610.0, including the stretch of the river in the vicinity of Eagle Pass, Texas, and the location where Texas installed the Floating Barrier, is navigable. The United States has explained the legal and factual basis for this contention in numerous briefs filed in this Court and in the Fifth Circuit in the appeal from this Court's preliminary injunction order. *See, e.g.,* ECF 37 at 2-6 & nn.1-5 (United States' reply in support of motion for preliminary injunction); ECF 45 at 1-5 & n.1 (United States' written closing argument following preliminary injunction hearing); ECF 63 at 8-9 (United States' memorandum in opposition to Defendants' motion to dismiss 1st amended complaint); Dkt. No. 195 in *United States v. Abbott*, No. 23-50632 (5th Cir. Mar. 18, 2024), at 10-28 (United States' supplemental *en banc* appellee brief). The United States incorporates by reference herein these briefs and any authorities and evidence cited therein to establish the navigability of the relevant segment of the Rio Grande, as well as the pertinent portion of the Court's April 26, 2024 opinion denying Defendants' motion to dismiss the RHA claim. ECF 114 at 11-19.

**SIGNED AS TO THE OBJECTIONS ONLY:**

Dated: July 22, 2024

| | |
|---|---|
| JAIME ESPARZA<br>UNITED STATES ATTORNEY | TODD KIM<br>ASSISTANT ATTORNEY GENERAL<br>Environment & Natural Resources Division |
| */s/ Landon A. Wade*<br>LANDON A. WADE<br>  Assistant United States Attorney<br>  Texas Bar No. 24098560<br>United States Attorney's Office<br>Western District of Texas<br>903 San Jacinto Blvd., Suite 334<br>Austin, TX 78701<br>(512) 370-1255 (tel)<br>(512) 916-5854 (fax)<br>Landon.wade@usdoj.gov | /s/  *Brian H. Lynk*<br>BRIAN H. LYNK<br>  Senior Trial Counsel<br>  DC Bar No. 459525<br>BRYAN J. HARRISON<br>  Trial Attorney<br>  FL Bar No. 106379<br>KIMERE J. KIMBALL<br>  Trial Attorney<br>  CA Bar No. 260660<br>ANDREW D. KNUDSEN<br>  Trial Attorney<br>  DC Bar No. 1019697<br>U.S. Department of Justice<br>Environmental Defense Section<br>P.O. Box 7611<br>Washington, DC 20044<br>(202) 514-6187 (Lynk)<br>(202) 514-8865 (fax)<br>Brian.lynk@usdoj.gov<br>Bryan.harrison@usdoj.gov<br>Kimere.kimball@usdoj.gov<br>Andrew.knudsen@usdoj.gov<br><br>*Counsel for the United States of America* |

25

**CERTIFICATE OF SERVICE**

    I certify that on July 22, 2024, a copy of the above-captioned document was served on counsel of record via email.

*/s/ Brian H. Lynk*
Brian H. Lynk

United States District Court
Western District of Texas
Austin Division

**United States of America,**

  *Plaintiff*,

    v.

**Greg Abbott, in his capacity as Governor of the State of Texas, and the State of Texas,**

  *Defendants*.

No. 1:23-cv-00853-DAE

### PLAINTIFF'S AMENDED RESPONSE TO DEFENDANTS' FIRST SET OF INTERROGATORIES TO PLAINTIFF

    Pursuant to Federal Rules of Civil Procedure 26 and 33 and Local Rules CV-26 and CV-33, Plaintiff, the United States of America, hereby responds to Defendants' First Set of Interrogatories to Plaintiff.  Discovery in connection with the above-captioned matter is ongoing.  Both Parties withheld their initial production of documents pending their negotiation of a necessary stipulation and proposed protective order establishing procedures for review, production, and protection of potentially relevant or responsive information.  The Parties jointly moved on Friday, April 26, 2024, for entry of that proposed order.  The Parties have agreed that, following the Court's approval and entry of a finalized version of the proposed order, each Party will initiate a rolling production of documents which may continue in the remaining course of discovery.  The Parties also have not yet exchanged initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) as of today's date, and have agreed to do so by Monday, May 6, 2024.  Additionally, neither party has yet disclosed expert reports pursuant to Fed. R. Civ. P. 26(a)(2)(B), and the United States' expert reports are due Friday, May 10, 2024, by Court order.  ECF 97.  As such, the responses set forth below are based only on the information, facts, and documents currently available to the United States.  The United States therefore reserves the right to amend or

1

*See, e.g.*, *United States v. Texas*, No. 1:24-CV-8-DAE, 2024 WL 861526, at *27 (W.D. Tx. Feb. 29, 2024).

**DEFINITION R:**
To the extent that terms are not defined, please use their ordinary meaning.

**OBJECTIONS AND RESPONSES TO DEFENDANTS' INTERROGATORIES**

**INTERROGATORY 1:**
Identify all persons who you believe have knowledge of relevant facts and identify the issues about which you believe they have knowledge.

**OBJECTIONS AND RESPONSE TO INTERROGATORY 1:**
The United States incorporates herein its Objections to Definitions A and D. The United States objects to Interrogatory 1 to the extent that it seeks the identification of information protected by a discovery privilege such as the attorney-client privilege, attorney work product privilege, deliberative process privilege, law enforcement privilege or other executive privileges, or that is otherwise protected from disclosure. The United States also objects to this request because it improperly requires the United States to marshal its evidence, and to the extent it seeks information the disclosure of which is presumptively not required under Fed. R. Civ. P. 26(a)(3)(A).

Subject to and without waiving the foregoing objections, the United States responds that persons with knowledge, and information about the issues for which they are believed to have knowledge, were identified in the Parties' filings in connection with the preliminary injunction hearing held in this case on August 22, 2023, including but not limited to the Parties' witness lists and exhibits to that hearing. Additional information about persons with knowledge was provided in testimony during that hearing and in the three depositions that preceded it. Further information will be provided by the United States' initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1), and may also be produced in the United States' rolling production of documents responsive to Texas's Request for Production of Documents. All such disclosures and documents are incorporated by reference into the United States' response to Interrogatory 1. To the extent this Interrogatory seeks disclosure of the United States' experts, the United States will disclose any expert reports for its case in chief by the Court ordered deadline of May 10, 2024, and any additional expert reports offered solely for rebuttal purposes by the deadline of July 12, 2024. ECF 97. To the extent this Interrogatory seeks disclosure of persons whom the United States will or may call at trial, the United States will disclose its trial witness list by the Court ordered deadline of July 26, 2024. *Id.*

**INTERROGATORY 2:**
Identify the segments of the Rio Grande River that you contend are navigable, describe the factual basis for your contention, and identify all documents relied upon in support of your contention.

**OBJECTIONS AND RESPONSE TO INTERROGATORY 2**
The United States incorporates herein its Objections to Definitions A, C, E, G, and I. The United States objects to Interrogatory 2 because it improperly requires the United States to marshal

8

its evidence, and to the extent it seeks information the disclosure of which is presumptively not required under Fed. R. Civ. P. 26(a)(3)(A). The United States further objects that Interrogatory 2 is overly broad, unduly burdensome, and disproportionate to the needs of the case to the extent it seeks "all documents relied upon." *See e.g., Barnett v. Magellan Health, Inc.*, Civil Action No. 17-133-RLB, 2018 WL 2470727, at *4 (M.D. La. June 1, 2018). The United States also objects to this interrogatory because it seeks the premature disclosure of expert opinions, and data considered in forming such opinions, that are not due for disclosure to Defendants under the Court's Scheduling Order until May 10, 2024. The United States further objects to this Interrogatory to the extent it seeks drafts of expert opinions or other information protected from disclosure by Fed. R. Civ. P. 26(b)(3)(A) and (B) and 26(b)(4).

Subject to and without waiving the above objections, the United States responds that the navigability of the *entire* Rio Grande is not at issue in this proceeding. *See, e.g.*, ECF 50 at 7 (Sept. 6, 2024 preliminary injunction order, noting "Texas disputes that the *relevant segment* of the Rio Grande is navigable") (emphasis added). The U.S. Army Corps of Engineers issued a finding in 1975, pursuant to its regulatory authority under the Rivers and Harbors Act, reaffirming that the segment of the Rio Grande from river mile 275.5 to river mile 610.0, which includes the stretch of the river in the vicinity of Eagle Pass, Texas and the Floating Barrier, is navigable. ECF 37-5; *see also* ECF 50 at 14-15 and n.11. Joe Shelnutt, an employee of the Corps, testified about this finding at the preliminary injunction hearing. *See, e.g.,* ECF 45 at 2 (written closing argument of the United States, summarizing Mr. Shelnutt's testimony). The U.S. Coast Guard also has issued a navigability finding for the Rio Grande. ECF 1-3 (attached to United States' original complaint in this case).

==For purposes of this case, the United States contends that the segment of the Rio Grande described in the Corps' 1975 finding, *i.e.*, from river mile 275.5 to river mile 610.0, including the stretch of the river in the vicinity of Eagle Pass, Texas, and the location where Texas installed the Floating Barrier, is navigable==. The United States has explained the legal and factual basis for this contention in numerous briefs filed in this Court and in the Fifth Circuit in the appeal from this Court's preliminary injunction order. *See, e.g.*, ECF 37 at 2-6 & nn.1-5 (United States' reply in support of motion for preliminary injunction); ECF 45 at 1-5 & n.1 (United States' written closing argument following preliminary injunction hearing); ECF 63 at 8-9 (United States' memorandum in opposition to Defendants' motion to dismiss 1st amended complaint); Dkt. No. 195 in *United States v. Abbott*, No. 23-50632 (5th Cir. Mar. 18, 2024), at 10-28 (United States' supplemental *en banc* appellee brief). The United States incorporates by reference herein these briefs and any authorities and evidence cited therein to establish the navigability of the relevant segment of the Rio Grande, as well as the pertinent portion of the Court's April 26, 2024 opinion denying Defendants' motion to dismiss the RHA claim. ECF 114 at 11-19.

Additionally, further information will be produced in the United States' rolling production of documents responsive to Texas's Request for Production of Documents. All such documents are incorporated by reference into the United States' response to Interrogatory 2.

The United States further responds that it has identified to Plaintiff its intent to serve expert reports addressing, *inter alia,* historical navigation on the Rio Grande in the vicinity of Eagle Pass, Texas; the nature of the floating barrier system deployed in the Rio Grande by the State of Texas,

**SIGNED AS TO THE OBJECTIONS ONLY:**

Dated:  May 3, 2024

| | |
|---|---|
| JAIME ESPARZA<br>UNITED STATES ATTORNEY | TODD KIM<br>ASSISTANT ATTORNEY GENERAL<br>Environment & Natural Resources Division |
| */s/ Landon A. Wade*<br>LANDON A. WADE<br>  Assistant United States Attorney<br>  Texas Bar No. 24098560<br>United States Attorney's Office<br>Western District of Texas<br>903 San Jacinto Blvd., Suite 334<br>Austin, TX 78701<br>(512) 370-1255 (tel)<br>(512) 916-5854 (fax)<br>Landon.wade@usdoj.gov | /s/  *Brian H. Lynk*<br>BRIAN H. LYNK<br>  Senior Trial Counsel<br>  DC Bar No. 459525<br>BRYAN J. HARRISON<br>  Trial Attorney<br>  FL Bar No. 106379<br>KIMERE J. KIMBALL<br>  Trial Attorney<br>  CA Bar No. 260660<br>ANDREW D. KNUDSEN<br>  Trial Attorney<br>  DC Bar No. 1019697<br>U.S. Department of Justice<br>Environmental Defense Section<br>P.O. Box 7611<br>Washington, DC 20044<br>(202) 514-6187 (Lynk)<br>(202) 514-8865 (fax)<br>Brian.lynk@usdoj.gov<br>Bryan.harrison@usdoj.gov<br>Kimere.kimball@usdoj.gov<br>Andrew.knudsen@usdoj.gov<br><br>*Counsel for the United States of America* |

For the United States Army Corps of Engineers

As to the answers to Interrogatories 1, 2, 6 & 7:

Dated: May 3, 2024

*Neil Lebsock*

Neil Lebsock
U.S. Army Corps of Engineers, Fort Worth District
Chief, Compliance and Enforcement Branch

As to the answer to Interrogatory 8:

Dated: May ___, 2024

David M. Wethington
Chief, Future Directions Branch

As to the answer to Interrogatory 9:

Dated: May 3, 2024

Brandon Wadlington
Chief, NEPA & Natural Resources Section
Southwestern Regional Planning and Environmental Center

For the U.S. Section of the International Boundary and Water Commission

As to the answers to Interrogatories 1, 2, 8 & 9:

Dated: May 3, 2024

*Isela Canava*

Isela Canava
Principal Engineer, Operations Department
U.S. Section, IBWC

                                      For the United States Department of State

                                      As to the answers to Interrogatories 1, 2, & 8:

Dated: May 3, 2024                 */s/ James Bischoff*
                                      James Bischoff
                                      Assistant Legal Adviser for
                                      Western Hemisphere Affairs (L/WHA)
                                      Office of the Legal Adviser

For the United States Coast Guard

As to the answers to Interrogatories 1 & 2:

Dated: May 5, 2024

*[signature]*
Brandy Parker, Captain

**CERTIFICATE OF SERVICE**

I certify that on May 3, 2024, a copy of the above-captioned document was served on counsel of record via email.

*/s/ Brian H. Lynk*
Brian H. Lynk
