IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff*,<br><br>v.<br><br>GREG ABBOTT, in his capacity as GOVERNOR OF THE STATE OF TEXAS, and THE STATE OF TEXAS,<br><br>*Defendants*. | Case No. 1:23-cv-00853-DAE |

**UNITED STATES' OBJECTION TO MAGISTRATE JUDGE'S ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL**

JAIME ESPARZA
UNITED STATES ATTORNEY

LANDON A. WADE
  Assistant United States Attorney
  Texas Bar No. 24098560
United States Attorney's Office
Western District of Texas
903 San Jacinto Blvd., Suite 334
Austin, TX 78701
(512) 370-1255 (tel)
(512) 916-5854 (fax)
Landon.wade@usdoj.gov

TODD KIM
ASSISTANT ATTORNEY GENERAL
Environment & Natural Resources Division

BRIAN H. LYNK
  Senior Trial Counsel
  DC Bar No. 459525
BRYAN J. HARRISON
  Trial Attorney
  FL Bar No. 106379
KIMERE J. KIMBALL
  Trial Attorney
  CA Bar No. 260660
ANDREW D. KNUDSEN
  Trial Attorney
  DC Bar No. 1019697
U.S. Department of Justice
Environmental Defense Section
P.O. Box 7611
Washington, DC 20044
(202) 514-6187 (Lynk)
(202) 514-8865 (fax)
Brian.lynk@usdoj.gov

Dated:  October 11, 2024

*Counsel for the United States of America*

Pursuant to 28 U.S.C. § 636 and Rule CV-72 and Appendix C of the Local Civil Rules of the Western District of Texas, Plaintiff the United States of America ("United States") files this objection to the Magistrate Judge's Order of July 25, 2024, granting in part and denying in part the United States' Motion to Compel (ECF 164).  Order, ECF 191.  The Magistrate Judge ordered Defendants, the State of Texas and Governor Greg Abbott ("Texas"), to produce copies of the two documents in question—consisting of a "proposed expert-report outline" containing key facts and assumptions given to Texas's expert witnesses and an email transmitting that document—to the United States by July 29, 2024, with redactions removing information purportedly protected by the work product doctrine.  *Id.* at 2.  However, a review of those documents (attached as Exhibits A and B) reveals that Texas also sent these supposedly privileged trial preparation documents to Rodney Scott, who is not a testifying expert witness, an attorney for Texas, or an employee of Texas, but rather an unaffiliated *fact witness* that Texas has represented it will call at trial.  The Magistrate Judge, who reviewed the documents *in camera* but had not seen Texas's initial disclosures or witness list, could not have been aware of this fact.  Because Texas's transmission of the documents to this non-client fact witness defeats any claim of work product privilege, the United States objects to the Magistrate Judge's Order and respectfully requests that the Court order Texas to produce unredacted versions of both documents.[1]

---

[1] This objection is timely under the Court's instructions at the August 6, 2024 status conference.  A party may appeal from a magistrate judge's order determining a non-dispositive motion within 14 days after the order, or within "a different time [as] prescribed by the magistrate judge or a judge."  W.D. Tex. Civ. R. App. C 4(a).  At the August 6 status conference, when asked whether the United States should proceed with filing this objection within the 14-day period prescribed by the Local Rules, the Court responded: "Don't do that.  Just hold it.  You can file it later."  Transcript, ECF 217 at 31:21-22.  The United States is filing this objection now so that the Court may have sufficient time to consider and rule on it before the October 28, 2024 deadline for the parties' trial exhibit lists.  *See* Order Resetting Bench Trial and Related Deadlines, ECF 214.

## BACKGROUND

### I. Texas's Refusal to Produce the Documents

In this Rivers and Harbors Act ("RHA") enforcement case, the United States alleges that Texas unlawfully built a structure in, and interfered with, the navigable capacity of waters of the United States without first seeking a permit from the U.S. Army Corps of Engineers. *See* 33 U.S.C. § 403; ECF 58-1 ¶¶ 11-16. A key issue in this case is whether the stretch of the Rio Grande in which Texas installed the floating barrier is navigable, thus bringing the Rio Grande within the ambit of the RHA. Both case law and regulation define navigable waters as those that are presently used, have or could have been used in the past, or with reasonable improvements would be susceptible for use to transport interstate or foreign commerce. *See* 33 C.F.R. § 329.4; *United States v. Abbott*, 110 F.4th 700 (5th Cir. 2024); ECF 227 (explaining United States' understanding of controlling aspects of the various opinions in *Abbott*). Texas has disclosed 12 experts, 11 of whom were identified as offering opinions on various aspects of commerce and navigability and 10 of whom provided expert reports on June 14, 2024. *See* ECF 122.

In its July 1, 2024 deposition of Dr. Heather Miller, the United States first learned that Texas had provided at least one of its experts with a document identifying a series of assumptions, defining certain terms, and setting forth Texas's view of the law the Court will apply in determining navigability. The deponent testified that she not only received these definitions from Texas but (mistakenly) understood that the parties had agreed on them. ECF 164-5, Miller Dep. 79:20-80:16. The United States promptly requested a copy of the definitions within that same deposition, but received no response until July 11. *See* ECF 164-2.

From July 1 to July 11, the United States completed *all* of its remaining depositions of Texas's expert witnesses, none except the very last of whom so much as mentioned receiving this document from Texas. When directly asked whether Texas had provided them with any facts or

assumptions, or whether anyone else had assisted in writing their expert reports, none of these experts acknowledged receiving these definitions or a draft outline from Texas. Nor did Texas produce these documents in response to the United States' request for production of "all documents and communications reflecting any assumptions any expert Texas intends to call … relies on to form any opinions the expert expresses in any expert report and/or intends to express at trial in the above-captioned matter." ECF 164-1 at 10.

Finally, in its July 11, 2024 deposition of Dr. Eleftherios Iakovou (which was the last deposition of Texas's expert witnesses), the United States learned that Texas had also sent the list of definitions and legal assumptions to most (if not all) of Texas's experts. *See* ECF 164-4, Iakovou Dep. 54:20-24, 167:7-25. During that deposition, counsel for Texas sent the United States an email containing a modified *excerpt* from the document it had sent to its expert witnesses, *see* ECF 164-2, but continued to refuse to produce the original document, ECF 164-4, Iakovou Dep. 175:3-10. Counsel for Texas did not cite any particular privilege, including attorney work product, in refusing to produce the document. *Id.*

## II. The United States' Motion to Compel Production of the Documents

On July 16, 2024, the United States filed a motion to compel production of the email or emails in which Texas set forth the definitions and assumptions provided to its experts. ECF 164. In its motion, the United States argued that Texas was required to produce these documents under Rule 26(a) because they provided facts and assumptions to Texas's experts and under Rule 34 because they were responsive to the United States' request for production. Texas's failure to produce these documents was prejudicial because the United States was unable to probe whether and to what extent the information provided by Texas influenced its experts' opinions. *See* ECF 164 at 3-6.

In its July 19, 2024 response, Texas asserted for the first time that the document provided to its experts was an "early *draft* omnibus expert report outline" that was sent from "Defendants' counsel [to] its retained experts." ECF 180 at 1 (emphasis in original). Texas did not disclose that in addition to its "retained experts," the outline was also sent to a non-client, non-expert third party fact witness. Texas asserted for the first time that this outline and the email transmitting it are "entitled to attorney work-product privilege" and constitute "communications between testifying experts and attorneys" protected from disclosure under Federal Rule of Civil Procedure 26(b)(4)(C). *Id.* at 4-5. Texas argued that none of its experts relied on the assumptions provided in the outline (despite the fact that at least two experts copied some of these definitions directly into their reports without acknowledging they were received from Texas), but did not address whether the outline contained any facts or data that its experts considered. *Id.* at 2-4 (arguing no experts relied on assumptions in outline); *but see* ECF 164 at 5-6 and ECF 183 at 2 (rebutting Texas's claim that experts did not rely on outline); ECF 164-3, Ciarametaro Dep. 121:20-122:7 (confirming portions of Ciarametaro report that quoted terms from Texas email); ECF 164-4, Iakovou Dep. 175:3-10 (confirming Iakovou report quoted definition of "commercial navigation" from Texas email).

The United States' Motion to Compel was referred to Magistrate Judge Howell. Text Order (July 17, 2024). The Motion to Compel was heard at a July 25, 2024 virtual hearing. After conducting *in camera* review of unredacted copies of Texas's expert report outline and cover email, Magistrate Judge Howell partially granted the Motion to Compel and ordered Texas to produce copies of these documents with redactions to remove purportedly work product-protected information to the United States by 5:00 p.m. Central Daylight Time on Monday, July 29, 2024. Order at 2. Magistrate Judge Howell concluded that Texas was obligated to disclose

to the United States the portion of its "expert outline" providing a list of definitions and assumptions.  Tr. of Mots. Hrg. before the Hon. Dustin M. Howell, 117:19-118:3 (July 25, 2024) (attached as Exhibit C).  After reviewing the unredacted document, he also determined that it contained certain additional facts provided to Texas's experts that had not been disclosed to the United States, and required Texas to produce those.  *Id.* at 118:4-19.  Magistrate Judge Howell found that Texas could redact the remainder of the "expert outline" before producing it.  *Id.* at 118:18-119:3.  Finally, he concluded that the United States was entitled to a redacted copy of Texas's transmittal email showing the recipients, sender, and transmission date of the "expert report outline."  *Id.* at 120:2-122:2.

**III.    Texas's Production of the Redacted Documents**

Texas provided redacted copies of the expert report outline and cover email to the United States on July 29.  The "Omnibus Expert Reports Outline" includes a section labeled "Terms Sheet and Assumptions (definitions, unless specified otherwise in reports)."  Ex. B at STATE_017061-65.  It also discloses two additional factual assertions directed to various experts.  *Id.* at STATE_017066-76.  The remainder of the 17-page document is redacted.

The cover email transmitting the "Omnibus Expert Reports Outline"—which the United States did not see until July 29, 2024—lists the following recipients who were disclosed as expert witnesses by Texas: Heather Miller, Herman Settemeyer, Carlos Rubinstein, TJ Ciarametaro, Eleftherios Iakovou, Doug Shields, Ancil Taylor, Cassandra Hart, Tong Zhao, and Christine Magers.  Ex. A; *see* ECF 122 (identifying Texas's anticipated expert witnesses).  In addition, the email lists Rodney Scott as a recipient of Texas's "Omnibus Expert Reports Outline."  Ex. A (listing Mr. Scott along with expert witnesses in "CC:" line).  Mr. Scott has not been identified as one of Texas's expert witnesses.  Instead, Texas listed him in their July 26,

5

2024 witness list as a *fact* witness whom they "currently anticipate that they **will call**." ECF 192 at 4. According to Texas's initial disclosures under Rule 26, Mr. Scott is not an employee of any Texas agency, and thus is not a client of the Texas Attorney General's Office, but instead is a "Former Chief of the U.S. Border Patrol" who may have information "relating to border security, law enforcement, the buoys, governmental relations, and the Rio Grande River." Defs.' Am. Initial Disclosures 6 (June 12, 2024) (attached as Exhibit D).

## ARGUMENT

The United States objects to the portion of the Magistrate Judge's Order denying in part the United States' Motion to Compel (ECF 164). The only privilege that Texas cited in opposition to the Motion to Compel is the attorney work product privilege. ECF 180. But because Texas sent these documents to a non-client, non-expert third party *fact* witness along with its experts—a consideration of which the Magistrate Judge likely was not aware—it cannot plausibly claim that privilege. And in any event, the United States is entitled to know if Texas has told a third party fact witness how he should think about and frame a case in which he is testifying. Accordingly, the Magistrate Judge's ruling is clearly erroneous[2] and contrary to law, 28 U.S.C. § 636, and the Court should vacate that portion of the July 25, 2024 Order and grant the United States' Motion to Compel.

"The privilege derived from the work-product doctrine is not absolute. Like other qualified privileges, it may be waived." *United States v. Nobles*, 422 U.S. 225, 239 (1975).

---

[2] Although the fact that Texas included Mr. Scott in these communications with its experts was not raised before the Magistrate Judge, that is because Texas itself withheld this information. This Court has the discretion to consider new evidence when reviewing a magistrate judge's order for clear error. *Guilbeau v. Schlumberger Tech. Corp.*, No. 21-cv-0142-JKP-ESC, 2024 WL 940244, *3 (W.D. Tex. Mar. 5, 2024) (citing *Freeman v. Cnty. of Bexar*, 142 F.3d 848 (5th Cir. 1998)).

What constitutes a waiver of this privilege "depends, of course, upon the circumstances." *Id.* at 239 n.14. One method of waiving the work product privilege is "disclosure to a third party." *Doe 1 v. Baylor Univ.*, 335 F.R.D. 476, 487 (W.D. Tex. 2020).

Here, the documents at issue were not merely sent from "Defendants' counsel [to] its retained experts," as Texas previously represented to the Court. ECF 180 at 1. Defendants' counsel also sent these documents to Mr. Rodney Scott, who is neither a testifying expert witness, an attorney for Defendants, nor an employee of the State of Texas. Mr. Scott is simply a third-party fact witness. That disclosure destroys Texas's claim of privilege over these documents. Texas's communications with Mr. Scott himself are plainly not privileged, and Texas's inclusion of its experts in a non-privileged communication cannot cloak that communication in privilege.

Texas may argue that its work product should still be protected from disclosure notwithstanding its intentional dissemination to a third-party fact witness. While work product protection "is not automatically waived" by *every* disclosure to a third party, *see Ferko v. NASCAR, Inc.*, 218 F.R.D. 125, 136 (E.D. Tex. 2003), the circumstances here justify a finding of waiver. Disclosure to a third party "does waive protection if it 'has substantially increased the opportunities for potential adversaries to obtain the information.'" *Ecuadorian Plaintiffs v. Chevron Corp.*, 619 F.3d 373, 378 (5th Cir. 2010) (quoting 8 Wright & Miller, *Federal Practice & Procedure* § 2024 (3d ed. 2010)); *see also Ferko*, 218 F.R.D. at 136 (privilege waived if work product is "treated in a manner that substantially increases the likelihood that an adversary will come into possession of the material"). Texas's transmission of these documents to Mr. Scott created a high level for potential exposure of the information to the United States. Mr. Scott is not just any third party, but a fact witness whom Texas identified in its amended initial

7

disclosures as "likely to have discoverable information that may be used to support a claim or defense." Ex. D at 6; *see also* ECF 192 at 4 (listing Mr. Scott among witnesses Texas intended to call at trial as of July 26); *Nobles*, 422 U.S. at 239 (holding that party waived work product privilege over information given to investigator when it elected to present him as a witness). If counsel for the United States had deposed Mr. Scott during the discovery period, they could have asked whether Mr. Scott had any communications with or received any materials from Texas, which would have exposed the existence and possibly the content of these documents. Accordingly, Texas's disclosure of these documents to Mr. Scott "substantially increased the likelihood" of the United States obtaining the information they contain, thus waiving any attorney work product privilege.

      In any event, even if the privilege was not waived through disclosure, the Court should order Texas to produce unredacted copies of Exhibits A and B because the United States has a "substantial need" for their contents and cannot obtain their equivalent prior to trial without undue hardship. Fed. R. Civ. P. 26(b)(3)(A); *see Doe I*, 335 F.R.D. at 488 n.14 (noting substantial need is an "independent basis for obtaining work product" separate from waiver). In these documents, Texas has communicated facts, assumptions, and legal theories about this case to a non-client *fact witness* that it intends to call at trial in support of its arguments. As the document makes clear, Texas itself views the document as containing "assumptions" witnesses should consider when forming their views of this case. Ex. B at STATE_017061. The United States has a substantial need to know what information Texas conveyed to this witness so that it may determine on cross-examination what information is directly attributable to Mr. Scott's own knowledge and what was provided to him by Texas.

## CONCLUSION

For the foregoing reasons, the United States respectfully requests that the Court: (1) sustain the United States' objections; (2) vacate that portion of the Magistrate Judge's July 25, 2024 order denying in part the United States' Motion to Compel (ECF 164); (3) grant the United States' Motion to Compel (ECF 164) in full; and (4) compel Texas to produce unredacted copies of the documents attached as Exhibits A and B hereto.

Dated: October 11, 2024

| | |
|---|---|
| JAIME ESPARZA<br>UNITED STATES ATTORNEY | TODD KIM<br>ASSISTANT ATTORNEY GENERAL<br>Environment & Natural Resources Division |
| /s/ Landon A. Wade<br>LANDON A. WADE<br>  Assistant United States Attorney<br>  Texas Bar No. 24098560<br>United States Attorney's Office<br>Western District of Texas<br>903 San Jacinto Blvd., Suite 334<br>Austin, TX 78701<br>(512) 370-1255 (tel)<br>(512) 916-5854 (fax)<br>Landon.wade@usdoj.gov | /s/ Andrew D. Knudsen<br>BRIAN H. LYNK<br>  Senior Trial Counsel<br>  DC Bar No. 459525<br>BRYAN J. HARRISON<br>  Trial Attorney<br>  FL Bar No. 106379<br>KIMERE J. KIMBALL<br>  Trial Attorney<br>  CA Bar No. 260660<br>ANDREW D. KNUDSEN<br>  Trial Attorney<br>  DC Bar No. 1019697<br>U.S. Department of Justice<br>Environmental Defense Section<br>P.O. Box 7611<br>Washington, DC 20044<br>(202) 514-6187 (Lynk)<br>(202) 514-8865 (fax)<br>Brian.lynk@usdoj.gov<br>Kimere.kimball@usdoj.gov<br>Andrew.knudsen@usdoj.gov<br>Bryan.harrison@usdoj.gov<br><br>*Counsel for the United States of America* |

## **CERTIFICATE OF SERVICE**

I certify that on October 11, 2024, a copy of this filing was served on counsel of record through the Court's electronic filing system.

>  */s Andrew D. Knudsen*
>  Andrew D. Knudsen