# Exhibit C

Transcript of July 25, 2024 Motions Hearing (Excerpts)

```
                    IN THE UNITED STATES DISTRICT COURT
                     FOR THE WESTERN DISTRICT OF TEXAS
                              AUSTIN DIVISION

UNITED STATES OF AMERICA,             ) AU:23-CV-00853-DAE
                                      )
    Plaintiff,                        )
                                      )
v.                                    ) AUSTIN, TEXAS
                                      )
GREG ABBOTT, ET AL.,                  )
                                      )
    Defendants.                       ) JULY 25, 2024

           *********************************************
                    TRANSCRIPT OF MOTIONS HEARING
              BEFORE THE HONORABLE DUSTIN M. HOWELL
           *********************************************

FOR THE PLAINTIFF:   BRIAN H. LYNK, ANGELINE PURDY
                     U.S. DEPARTMENT OF JUSTICE
                     ENVIRONMENTAL DEFENSE SECTION
                     P.O. BOX 23986
                     WASHINGTON, D.C. 20026-3986

                     ANDREW D. KNUDSEN, BRYAN JAMES HARRISON,
                     KIMERE J. KIMBALL
                     U.S. DEPARTMENT OF JUSTICE
                     ENVIRONMENT & NATURAL RESOURCES
                     P.O. BOX 7611
                     WASHINGTON, D.C. 20044

FOR THE DEFENDANTS:  MONROE DAVID BRYANT, JR.,
                     MUNERA AL-FUHAID, JOHNATHAN STONE,
                     ZACHARY BERG, KYLE STEPHEN TEBO
                     OFFICE OF THE ATTORNEY GENERAL
                     PO BOX 12548
                     AUSTIN, TX 78711-2548

TRANSCRIBER:         ARLINDA RODRIGUEZ, CSR
                     501 WEST 5TH STREET, SUITE 4152
                     AUSTIN, TEXAS 78701
                     (512) 391-8791


Proceedings recorded by electronic sound recording, transcript

produced by computer.
```

1          (Proceedings began at 9:06 a.m.)
2               THE CLERK:  The Court calls the following for a
3     Zoom hearing on Pending Motions: 1:23-CV-00853,
4     *United States of America v. Greg Abbott, et al.*
5               THE COURT:  Thank you.  So we're here on
6     several discovery-related motions, I know some of which
7     are partially resolved, some of which the parties have
8     agreed to not argue on them here and just have the court
9     decide them on the papers.  I do intend to rule on all of
10    the pending motions that I set for this hearing here in
11    the hearing.  So I can give you a ruling without hearing
12    argument on the remaining issues, on the ones that
13    you-all have decided not to argue.  Or, if you've changed
14    your mind and you want to say your piece about any of
15    those pending issues, that's fine, too.
16              We've set the hearing for I believe four hours.
17    That should be more than enough, two hours per side, to
18    get through all this.  I do have a lunchtime meeting that
19    I can't get out of.  And so if we're still going at
20    11:25, we'll break and then we'll come back at 1:30 and
21    wrap things up.
22              With that, I will have counsel state your names
23    and who you represent.  And then once we've kind of done
24    those intros, I can give some initial thoughts that I
25    have on the pending motions.  To the extent that those

```
14:16:14   1   practical need to grant more deposition time,
14:16:19   2   particularly in light of the declaration that's been
14:16:22   3   offered and the fact that the State was able to explore
14:16:30   4   the sort of factual basis for testimony he's given.  I
14:16:33   5   don't find the United States' assertion of privilege here
14:16:37   6   or the work product doctrine to have been made in bad
14:16:40   7   faith such that it would justify shifting expenses.  And,
14:16:43   8   at the end of the day, based on what I've heard here, I
14:16:46   9   don't see that, given where we are in the trial schedule
14:16:51  10   and at the close of discovery, that ordering additional
14:16:55  11   deposition time would be a fruitful exercise.  So I am
14:16:59  12   going to deny the motion to compel filed at Docket 172.
14:17:09  13              The United States has motions of its own.  I've
14:17:15  14   already addressed the 30(b)(6) motion for protection, and
14:17:23  15   it looks to me like the sole remaining motion that we
14:17:31  16   have set today is the United States' motion that appears
14:17:41  17   at Docket 164 addressing Texas's withholding of
14:17:55  18   communications it had with its experts.
14:18:00  19              Based on my review of the parties' arguments
14:18:03  20   and their briefs and my in-camera review of the documents
14:18:07  21   that have been withheld, all of this looks to be governed
14:18:11  22   by Rule 26(b)(4)(B) and (C).  So 26(b)(4)(B) says that
14:18:30  23   trial -- you know, the topic is trial preparation and
14:18:33  24   protection for draft reports or disclosures and states
14:18:37  25   that Rule 26(b)(3)(A) and (B) protect drafts of any
```

```
14:18:43   1   report or disclosure required under 26(a)(2) regardless
14:18:50   2   of the form in which the draft is recorded.  So I think
14:18:53   3   that broadly states that, you know, draft expert reports
14:18:58   4   are protected under this rule.
14:19:02   5              However, subpart (C) then, the next provision,
14:19:07   6   has a carve-out for trial preparation protection for
14:19:12   7   communications between an attorney and expert witnesses
14:19:15   8   and goes on to state that communications between a
14:19:21   9   party's attorney and their expert witness are protected,
14:19:26  10   except to the extent that (1) the communication relates
14:19:39  11   to the compensation for the expert's study or
14:19:46  12   testimony -- that's not applicable here -- (2) the
14:19:49  13   communication identifies facts or data that the party's
14:19:56  14   attorney provided and that the expert considered in
14:20:04  15   forming the opinions to be expressed or (3) identifies
14:20:13  16   assumptions that the party's attorney provided and that
14:20:15  17   the expert relied on in forming the opinions.
14:20:19  18              After reviewing the documents that the State
14:20:24  19   submitted for in-camera review, there are basically two
14:20:28  20   documents.  There is the -- and correct me if I'm wrong
14:20:31  21   here.  There is the transmission email where the attorney
14:20:34  22   is actually sending to the experts this outline.  And in
14:20:41  23   my review of these rules, I think the transmission email
14:20:45  24   itself is protected and does not need to be disclosed.
14:20:51  25              As for the outline, I think I previewed this at
```

```
14:21:00   1   the beginning of the hearing, but I find that -- and I'll
14:21:04   2   hear argument on this either way.  But, I mean, I think
14:21:07   3   I'm kind of in the only -- kind of the best position to
14:21:10   4   make this assessment, having conducted the in-camera
14:21:13   5   review.  But, basically, I find that the outline is
14:21:16   6   partially protected.  And so what I did was I went
14:21:20   7   through the document which is -- bear with me here.
14:21:41   8              MR. BERG:  Your Honor, if you've premarked
14:21:42   9   redactions, if we were to have any argument, could we do
14:21:46  10   so before -- it seemed like you might be going towards
14:21:50  11   just calling up the document on your screen.
14:21:53  12              THE COURT:  Yeah.  I'm not going to open
14:21:56  13   anything for everybody to look at.  I just want to kind
14:21:59  14   of review.  And, actually, there may be one other
14:22:02  15   document that I need to address.  But if you'll give me
14:22:05  16   just a second here.  I'm not going to share a screen with
14:22:08  17   the unredacted document.  But ...
14:22:14  18              MR. BERG:  Thank you, Your Honor.
14:22:15  19              THE COURT:  And the -- basically, the
14:22:17  20   attachment is called Omnibus Expert Reports Outlined, and
14:22:25  21   it is 17 pages long.  What I've concluded is there is a
14:22:32  22   section at the beginning of the document that spans from
14:22:37  23   kind of the bottom third of page 1 all the way through
14:22:41  24   the top kind of quarter of page 5 that is a list of
14:22:51  25   definitions and assumptions.
```

```
14:22:53   1           And I find that those -- all of that material
14:23:01   2   falls within 24(b)(C)(ii) and (iii), I'm sorry --
14:23:11   3   24(b)(4)(C)(ii) and (iii).
14:23:14   4           And then going further down through the
14:23:23   5   document, there are -- there are a couple of lines that
14:23:28   6   are repeated with respect to multiple experts
14:23:33   7   addressing -- basically providing facts to the experts,
14:23:46   8   saying that the United States has -- there are basically
14:23:53   9   two facts.  One is the USA has two penstock operations
14:24:02  10   with a maximum capacity of 3400 CFS.  And then a little
14:24:08  11   later in the next paragraph, it says, if the USA and
14:24:12  12   Mexico ran all penstocks at a maximum capacity, they
14:24:21  13   could release 8400 CFS, per Mr. Cortez.  That particular
14:24:33  14   line is repeated several times.  I find that also falls
14:24:36  15   within this (c)(ii) and (iii) exception.
14:24:44  16           There are a couple of other places where there
14:24:47  17   are facts summarized that I find fall within this
14:24:54  18   exception.  Otherwise, I find everything else I find to
14:25:01  19   be protected under 26(b).
14:25:03  20           And so what I've done is, with this Word
14:25:06  21   document, I've highlighted the matters that I think the
14:25:10  22   State can properly redact before providing -- serving on
14:25:17  23   the United States.  And so my intent is to have
14:25:23  24   Ms. Taylor or Ms. Landeros, one of our courtroom
14:25:29  25   deputies, email this document that I highlighted so that
```

```
14:25:33   1   the State can PDF it and redact it consistent with my
14:25:38   2   highlights and serve it on the U.S.  That is where I land
14:25:48   3   with the expert report outline.
14:25:51   4              There is also a disputed email regarding the
14:25:59   5   Miller deposition, but it's unclear if these have already
14:26:02   6   been served on the other side or not.
14:26:14   7              MR. BERG:  So these are the definitions that
14:26:16   8   appear, Your Honor, on pages 1 through 5 of the outline,
14:26:22   9   copied and pasted.  So Plaintiff has already been
14:26:27  10   provided with these definitions, and those are the ones
14:26:30  11   that are in the -- what is titled the Miller Email.
14:26:36  12              THE COURT:  Okay.  Well, to the extent that
14:26:38  13   they are identical, that's fine.  And, Mr. Lynk, I will
14:26:42  14   give you a chance to speak, too, here.  But I just want
14:26:45  15   to -- I think it's appropriate for this 17-page document,
14:26:51  16   even if there is overlap between what you've already
14:26:53  17   provided and what appears in this 17-page outline, I
14:27:02  18   think it's appropriate to apply redactions as I have set
14:27:08  19   out in the email that you'll receive, because there is
14:27:15  20   additional information that I've concluded fall within
14:27:17  21   the exceptions.
14:27:18  22              Any further comment?  Well, let me hear from
14:27:22  23   Mr. Lynk, and then, Mr. Berg, I'll hear any further
14:27:25  24   response you have to what Mr. Lynk said or any
14:27:28  25   observations regarding the redactions that I've decided
```

```
14:27:31   1   are appropriate here.  Mr. Lynk?
14:27:33   2                MR. LYNK:  Your Honor, I wanted to clarify.  So
14:27:35   3   I understand you've got the two documents, and out of the
14:27:39   4   17-page one, you're highlighting what portions would be
14:27:43   5   made visible in the copy produced to us and what could --
14:27:47   6   or you're making clear for Texas what portions they would
14:27:51   7   need to make visible to us and what portions could still
14:27:53   8   be redacted.
14:27:55   9                The email that provided the 17-page Document to
14:27:59  10   the experts, are you ordering the release of that, at
14:28:05  11   least in redacted form?  It would be important to know
14:28:11  12   from whence it came and to whom and what date.
14:28:16  13                THE COURT:  Well, I guess I'm -- my initial
14:28:20  14   conclusion was that the transmission email was -- fell
14:28:25  15   within 26(b)(3) or -- yeah.  It's hard to keep these
14:28:31  16   rules straight -- 26(b)(4)(C) and maybe (b)(4)(B).
14:28:44  17                MR. LYNK:  It may be that there is content in
14:28:48  18   the email as to which you're correct.  But the question
14:28:51  19   is just the actual sending of this material and, again,
14:28:58  20   to whom it was sent.  Because we did make a great effort
14:29:01  21   in depositions as we started to become aware of this to
14:29:06  22   try to figure out which experts received this, but we
14:29:09  23   still at the end of the day weren't clear.  And that at
14:29:13  24   least would become clear if the email were produced, even
14:29:17  25   if it's redacted as to content.
```

```
14:29:19   1              THE COURT:  I think you may be right, Mr. Lynk.
14:29:22   2   I'll invite argument from Mr. Berg on that, that maybe a
14:29:25   3   redaction -- a redacted copy of the email where we're
14:29:28   4   just -- where basically there is sort of a -- right --
14:29:39   5   that the content of the email, except for the signature
14:29:43   6   line can be redacted.  But, otherwise, recipients and
14:29:50   7   when it was sent, I'm not sure that that necessarily is
14:29:53   8   entitled to the (b)(4) or (b)(3) protection.  But I'll
14:29:58   9   invite argument from Mr. Berg on that.
14:30:00  10              Any further comment, Mr. Lynk?
14:30:02  11              MR. LYNK:  No, Your Honor.
14:30:04  12              THE COURT:  Okay.  Mr. Berg?
14:30:07  13              MR. BERG:  Yeah, Your Honor.  That's what I was
14:30:10  14   about to suggest myself.  We have no objections to
14:30:12  15   providing a redacted email showing recipients and sender.
14:30:36  16              MR. LYNK:  The date we were interested as well.
14:30:40  17              THE COURT:  What's that?
14:30:41  18              MR. LYNK:  The date as well.
14:30:45  19              MR. BERG:  Yeah.  We won't redact that either.
14:30:47  20              THE COURT:  Right.  So, I mean, it should be
14:30:49  21   everything but the text in the body of the email that
14:30:53  22   appears between the very first, you know, space and the
14:30:57  23   signature line.  I think you can include the signature
14:31:00  24   line even though it's consistent with the sender that
14:31:03  25   would also appear.  But I think you have what you need to
```

```
14:31:06   1  prepare a redacted copy to serve with respect to the
14:31:09   2  transmission email.
14:31:10   3             And after the conclusion of this hearing,
14:31:12   4  Ms. Taylor will email you my highlighted draft of the --
14:31:16   5  my highlighted copy of the outline.  And my highlights
14:31:19   6  represent what you need to -- you may properly redact.
14:31:24   7  That should be clear to you when you see it.
14:31:28   8             MR. BERG:  Yeah.  We, after your comments this
14:31:31   9  morning, looked through and also identified the penstock
14:31:35  10  language.  I'm not sure what other language you didn't
14:31:38  11  quite touch on, but we're looking forward to your ruling
14:31:43  12  on it.
14:31:43  13             THE COURT:  It should be pretty
14:31:45  14  straightforward.  I mean, really, the only other language
14:31:49  15  is -- where am I?  I closed it -- on page 8 under
14:32:13  16  heading, there are -- it starts at the bottom quarter of
14:32:19  17  page 8.  There is a heading that says Summary of Facts,
14:32:26  18  and it states facts provided by the lawyers.  And then
14:32:29  19  the next heading is Summary of Expert Opinions.
14:32:34  20             I found those to be data or assumptions being
14:32:39  21  communicated.  That's the only other thing that I didn't
14:32:41  22  specifically call out when I was discussing the
14:32:44  23  potential ...
14:32:48  24             MR. BERG:  I would agree with you on the
14:32:50  25  summary of facts.  I'm not sure if the next section
```

```
14:32:54   1   provides facts, data, or assumptions.  I'm guessing
14:33:06   2   you're thinking those are assumptions provided?
14:33:14   3            THE COURT:  Yes.
14:33:30   4            MR. LYNK:  Another question, Your Honor.  Will
14:33:31   5   you clarify as to by when they will need to send these to
14:33:34   6   the United States?
14:33:36   7            THE COURT:  I mean, I don't think it will take
14:33:38   8   long to do this.  It's late in the afternoon on Thursday.
14:33:42   9   I think end of business on Monday.  Get it to the other
14:33:48  10   side within a week from when the trial starts.  And I
14:33:50  11   don't think there's going to be any great revelations to
14:33:52  12   be determined from this production.  But I don't think
14:33:55  13   that's -- that gives everybody, you know, a couple of
14:33:59  14   business days to do it.  I mean, this is probably a
14:34:01  15   15-minute task to generate a redacted copy here.  But at
14:34:09  16   least that gives you a couple of days.  I know you-all
14:34:15  17   have got a lot of other stuff going on.
14:34:18  18            MR. BERG:  End of day Monday would be great,
14:34:23  19   yeah.
14:34:23  20            THE COURT:  Okay.  By my reckoning, that is
14:34:29  21   everything.  Am I wrong about that?
14:34:39  22            MR. BERG:  That's all we have, Your Honor.
14:34:41  23            THE COURT:  Mr. Lynk?
14:34:42  24            MR. LYNK:  That is all from the United States
14:34:49  25   as well.  Thank you for your time today.
```