**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

UNITED STATES OF AMERICA,

*Plaintiff*,

v.

GREG ABBOTT, in his capacity as
GOVERNOR OF THE STATE OF TEXAS,
and THE STATE OF TEXAS,

*Defendants*.

Case No. 1:23-cv-00853-DAE

**UNITED STATES' MOTION FOR RECONSIDERATION OF
ORDER GRANTING IN PART AND DENYING IN PART
PLAINTIFF'S MOTION TO COMPEL**

JAIME ESPARZA
UNITED STATES ATTORNEY

LANDON A. WADE
   Assistant United States Attorney
   Texas Bar No. 24098560
United States Attorney's Office
Western District of Texas
903 San Jacinto Blvd., Suite 334
Austin, TX 78701
(512) 370-1255 (tel)
(512) 916-5854 (fax)
Landon.wade@usdoj.gov

TODD KIM
ASSISTANT ATTORNEY GENERAL
Environment & Natural Resources Division

BRIAN H. LYNK
   Senior Trial Counsel
   DC Bar No. 459525
BRYAN J. HARRISON
   Trial Attorney
   FL Bar No. 106379
KIMERE J. KIMBALL
   Trial Attorney
   CA Bar No. 260660
ANDREW D. KNUDSEN
   Trial Attorney
   DC Bar No. 1019697
U.S. Department of Justice
Environmental Defense Section
P.O. Box 7611
Washington, DC 20044
(202) 514-6187 (Lynk)
(202) 514-8865 (fax)
Brian.lynk@usdoj.gov

Dated:  October 21, 2024

*Counsel for the United States of America*

Pursuant to the Court's Order of October 17, 2024, ECF 232, Plaintiff the United States of America ("United States") files this motion for reconsideration of the Magistrate Judge's Order of July 25, 2024, granting in part and denying in part the United States' Motion to Compel (ECF 164).  Order, ECF 191.  The Magistrate Judge ordered Defendants, the State of Texas and Governor Greg Abbott ("Texas"), to produce copies of the two documents in question— consisting of a "proposed expert-report outline" containing key facts and assumptions given to Texas's expert witnesses and an email transmitting that document—to the United States by July 29, 2024, with redactions removing information purportedly protected by the work product doctrine.  *Id.* at 2.

This motion for reconsideration is based on newly discovered information within those documents that was not available to the United States at the time the Magistrate Judge resolved the Motion to Compel.[1]  In reviewing the redacted documents produced by Texas (attached as Exhibits A and B), the United States discovered that Texas also sent these supposedly privileged trial preparation documents to Rodney Scott, who is not a testifying expert witness, an attorney for Texas, or an employee of Texas, but rather an unaffiliated *fact witness* that Texas has represented it will call at trial.  The Magistrate Judge, who reviewed these documents *in camera* but had not seen Texas's initial disclosures or witness list, could not have been aware of this fact. Because Texas's transmission of the documents to this non-client fact witness defeats any claim

---

[1] This objection is timely under the Court's October 17, 2024 Order.  ECF 232.  The United States initially filed this motion on October 11 as an objection to the Magistrate Judge's order under 28 U.S.C. § 636 and W.D. Tex. Civ. R. App. C 4(a).  ECF 231.  On October 17, the Court held that because the United States' arguments are based on new evidence that was unavailable at the time of the Magistrate Judge's ruling, "the appropriate course of action is for the United States to refile its submission as a motion for reconsideration, rather than proceeding with this objection."  ECF 232 at 2.  Per the Court's instructions, the United States is refiling this submission within three days of the October 17 order.  *See* Fed. R. Civ. P. 6(a)(1).

of work product privilege, the United States respectfully requests that the Court: (1) vacate the portion of its July 25, 2024 Order partially denying the United States' Motion to Compel; (2) grant the United States' Motion to Compel in full; and (3) order Texas to produce unredacted versions of both documents.

## BACKGROUND

### I.    Texas's Refusal to Produce the Documents

In this Rivers and Harbors Act ("RHA") enforcement case, the United States alleges that Texas unlawfully built a structure in, and interfered with, the navigable capacity of waters of the United States without first seeking a permit from the U.S. Army Corps of Engineers.  *See* 33 U.S.C. § 403; ECF 58-1 ¶¶ 11-16.  A key issue in this case is whether the stretch of the Rio Grande in which Texas installed the floating barrier is navigable, thus bringing the Rio Grande within the ambit of the RHA.  Both case law and regulation define navigable waters as those that are presently used, have or could have been used in the past, or with reasonable improvements would be susceptible for use to transport interstate or foreign commerce.  *See* 33 C.F.R. § 329.4; *United States v. Abbott*, 110 F.4th 700 (5th Cir. 2024); ECF 227 (explaining United States' understanding of controlling aspects of the various opinions in *Abbott*).  Texas has disclosed 12 experts, 11 of whom were identified as offering opinions on various aspects of commerce and navigability and 10 of whom provided expert reports on June 14, 2024.  *See* ECF 122.

In its July 1, 2024 deposition of Dr. Heather Miller, the United States first learned that Texas had provided at least one of its experts with a document identifying a series of assumptions, defining certain terms, and setting forth Texas's view of the law the Court will apply in determining navigability.  The deponent testified that she not only received these definitions from Texas but (mistakenly) understood that the parties had agreed on them.  ECF

164-5, Miller Dep. 79:20-80:16.  The United States promptly requested a copy of the definitions within that same deposition, but received no response until July 11.  *See* ECF 164-2.

From July 1 to July 11, the United States completed *all* of its remaining depositions of Texas's expert witnesses, none except the very last of whom so much as mentioned receiving this document from Texas.  When directly asked whether Texas had provided them with any facts or assumptions, or whether anyone else had assisted in writing their expert reports, none of these experts acknowledged receiving these definitions or a draft outline from Texas.  Nor did Texas produce these documents in response to the United States' request for production of "all documents and communications reflecting any assumptions any expert Texas intends to call … relies on to form any opinions the expert expresses in any expert report and/or intends to express at trial in the above-captioned matter."  ECF 164-1 at 10.

Finally, in its July 11, 2024 deposition of Dr. Eleftherios Iakovou (which was the last deposition of Texas's expert witnesses), the United States learned that Texas had also sent the list of definitions and legal assumptions to most (if not all) of Texas's experts.  *See* ECF 164-4, Iakovou Dep. 54:20-24, 167:7-25.  Dr. Iakovou was unable to recall all of the other recipients of that list.  *Id.*  During that deposition, counsel for Texas sent the United States an email containing a modified *excerpt* from the document it had sent to its expert witnesses, *see* ECF 164-2, but continued to refuse to produce the original document, ECF 164-4, Iakovou Dep. 175:3-10.  The excerpt did not disclose the recipients of the original document.  *See* ECF 164-2.  Counsel for Texas did not cite any particular privilege, including attorney work product, in refusing to produce the document.

II.     **The United States' Motion to Compel Production of the Documents**

On July 16, 2024, the United States filed a motion to compel production of the email or emails in which Texas set forth the definitions and assumptions provided to its experts.  ECF 164.  In its motion, the United States argued that Texas was required to produce these documents under Rule 26(a) because they provided facts and assumptions to Texas's experts and under Rule 34 because they were responsive to the United States' request for production.  Texas's failure to produce these documents was prejudicial because the United States was unable to probe whether and to what extent the information provided by Texas influenced its experts' opinions.  *See* ECF 164 at 3-6.

In its July 19, 2024 response, Texas asserted for the first time that the document provided to its experts was an "early *draft* omnibus expert report outline" that was sent from "Defendants' counsel [to] its retained experts."  ECF 180 at 1 (emphasis in original).  Texas did not disclose that in addition to its "retained experts," the outline was also sent to a non-client, non-expert third party fact witness.  Texas asserted for the first time that this outline and the email transmitting it are "entitled to attorney work-product privilege" and constitute "communications between testifying experts and attorneys" protected from disclosure under Federal Rule of Civil Procedure 26(b)(4)(C).  *Id.* at 4-5.  Texas argued that none of its experts relied on the assumptions provided in the outline (despite the fact that at least two experts copied some of these definitions directly into their reports without acknowledging they were received from Texas), but did not address whether the outline contained any facts or data that its experts considered.  *Id.* at 2-4 (arguing no experts relied on assumptions in outline); *but see* ECF 164 at 5-6 and ECF 183 at 2 (rebutting Texas's claim that experts did not rely on outline); ECF 164-3, Ciarametaro Dep. 121:20-122:7 (confirming portions of Ciarametaro report that quoted terms

from Texas email); ECF 164-4, Iakovou Dep. 175:3-10 (confirming Iakovou report quoted definition of "commercial navigation" from Texas email).

The United States' Motion to Compel was referred to Magistrate Judge Howell.  Text Order (July 17, 2024).  The Motion to Compel was heard at a July 25, 2024 virtual hearing. After conducting *in camera* review of unredacted copies of Texas's expert report outline and cover email, Magistrate Judge Howell partially granted the Motion to Compel and ordered Texas to produce copies of these documents with redactions to remove purportedly work product-protected information to the United States by 5:00 p.m. Central Daylight Time on Monday, July 29, 2024.  Order at 2.  Magistrate Judge Howell concluded that Texas was obligated to disclose to the United States the portion of its "expert outline" providing a list of definitions and assumptions.  Tr. of Mots. Hrg. before the Hon. Dustin M. Howell, 117:19-118:3 (July 25, 2024) (attached as Exhibit C).  After reviewing the unredacted document, he also determined that it contained certain additional facts provided to Texas's experts that had not been disclosed to the United States, and required Texas to produce those.  *Id.* at 118:4-19.  Magistrate Judge Howell found that Texas could redact the remainder of the "expert outline" before producing it.  *Id.* at 118:18-119:3.  Finally, he concluded that the United States was entitled to a redacted copy of Texas's transmittal email showing the recipients, sender, and transmission date of the "expert report outline."  *Id.* at 120:2-122:2.

### III.   Texas's Production of the Redacted Documents

Texas provided redacted copies of the expert report outline and cover email to the United States on July 29.  The "Omnibus Expert Reports Outline" includes a section labeled "Terms Sheet and Assumptions (definitions, unless specified otherwise in reports)."  Ex. B at

STATE_017061-65.  It also discloses two additional factual assertions directed to various experts.  *Id.* at STATE_017066-76.  The remainder of the 17-page document is redacted.

The cover email transmitting the "Omnibus Expert Reports Outline"—which the United States did not see until July 29, 2024—lists the following recipients who were disclosed as expert witnesses by Texas: Heather Miller, Herman Settemeyer, Carlos Rubinstein, TJ Ciarametaro, Eleftherios Iakovou, Doug Shields, Ancil Taylor, Cassandra Hart, Tong Zhao, and Christine Magers.  Ex. A; *see* ECF 122 (identifying Texas's anticipated expert witnesses).  In addition, the email lists Rodney Scott as a recipient of Texas's "Omnibus Expert Reports Outline."  Ex. A (listing Mr. Scott along with expert witnesses in "CC:" line).  Mr. Scott has not been identified as one of Texas's expert witnesses.  Instead, Texas listed him in their July 26, 2024 witness list as a *fact* witness whom they "currently anticipate that they **will call**."  ECF 192 at 4.  According to Texas's initial disclosures under Rule 26, Mr. Scott is not an employee of any Texas agency, and thus is not a client of the Texas Attorney General's Office, but instead is a "Former Chief of the U.S. Border Patrol" who may have information "relating to border security, law enforcement, the buoys, governmental relations, and the Rio Grande River."  Defs.' Am. Initial Disclosures 6 (June 12, 2024) (attached as Exhibit D).

## ARGUMENT

The United States respectfully moves for reconsideration of the portion of the Magistrate Judge's Order denying in part the United States' Motion to Compel (ECF 164).  Federal Rule of Civil Procedure 54(b) allows the Court to revise any order that "adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties any time prior to the entry of a final judgment in the case."  *Fed. Ins. Co. v. C.D. Henderson Inc.*, No. 07-cv-982-SS, 2009 WL 10670098, at *2 (W.D. Tex. Feb. 20, 2009) (citations omitted); *see also Grp. Dealer Svcs., Inc. v.*

*Sw. Bell Mobile Systems, Inc.*, No. 00-cv-03181-OG, 2001 WL 1910565 (W.D. Tex. Sept. 19, 2001) (stating district court "has the inherent power to modify, vacate, or set aside interlocutory orders when the interest of justice require and will often accept such motions in the interest of substantial justice") (citations omitted).  Motions for reconsideration "are appropriate to correct manifest errors of law or fact or to present newly discovered evidence." *Fed. Ins. Co.*, 2009 WL 10670098 at \*2; *Daniels v. Bowles*, No. 03-cv-1555, 2004 WL 1810658, at \*1 (N.D. Tex. Aug. 9, 2004).

Reconsideration is appropriate here based on new evidence regarding the recipients of Texas's "expert report outline" that was previously unavailable to the United States and the Court.  The only privilege that Texas cited in opposition to the Motion to Compel is the attorney work product privilege.  ECF 180.  But because Texas sent these documents to a non-client, non-expert third party *fact* witness along with its experts—a consideration of which neither the United States nor the Magistrate Judge could have been aware—Texas cannot plausibly claim that privilege.  And in any event, the United States is entitled to know if Texas has told a third party fact witness how he should think about and frame a case in which he is testifying.  Accordingly, the Court should reconsider its July 25, 2024 Order and grant the United States' Motion to Compel in full.

"The privilege derived from the work-product doctrine is not absolute.  Like other qualified privileges, it may be waived." *United States v. Nobles*, 422 U.S. 225, 239 (1975).  What constitutes a waiver of this privilege "depends, of course, upon the circumstances." *Id.* at 239 n.14.  One method of waiving the work product privilege is "disclosure to a third party." *Doe 1 v. Baylor Univ.*, 335 F.R.D. 476, 487 (W.D. Tex. 2020).

7

Here, the documents at issue were not merely sent from "Defendants' counsel [to] its retained experts," as Texas previously represented to the Court.  ECF 180 at 1.  Defendants' counsel also sent these documents to Mr. Rodney Scott, who is neither a testifying expert witness, an attorney for Defendants, nor an employee of the State of Texas.  Mr. Scott is simply a third-party fact witness.  That disclosure destroys Texas's claim of privilege over these documents.  Texas's communications with Mr. Scott himself are plainly not privileged, and Texas's inclusion of its experts in a non-privileged communication cannot cloak that communication in privilege.

Texas may argue that its work product should still be protected from disclosure notwithstanding its intentional dissemination to a third-party fact witness.  While work product protection "is not automatically waived" by *every* disclosure to a third party, *see Ferko v. NASCAR, Inc.*, 218 F.R.D. 125, 136 (E.D. Tex. 2003), the circumstances here justify a finding of waiver.  Disclosure to a third party "does waive protection if it 'has substantially increased the opportunities for potential adversaries to obtain the information.'"  *Ecuadorian Plaintiffs v. Chevron Corp.*, 619 F.3d 373, 378 (5th Cir. 2010) (quoting 8 Wright & Miller, *Federal Practice & Procedure* § 2024 (3d ed. 2010)); *see also Ferko*, 218 F.R.D. at 136 (privilege waived if work product is "treated in a manner that substantially increases the likelihood that an adversary will come into possession of the material").  Texas's transmission of these documents to Mr. Scott created a high level for potential exposure of the information to the United States.  Mr. Scott is not just any third party, but a fact witness whom Texas identified in its amended initial disclosures as "likely to have discoverable information that may be used to support a claim or defense."  Ex. D at 6; *see also* ECF 192 at 4 (listing Mr. Scott among witnesses Texas intended to call at trial as of July 26); *Nobles*, 422 U.S. at 239 (holding that party waived work product

privilege over information given to investigator when it elected to present him as a witness). If counsel for the United States had deposed Mr. Scott during the discovery period, they could have asked whether Mr. Scott had any communications with or received any materials from Texas, which would have exposed the existence and possibly the content of these documents. Accordingly, Texas's disclosure of these documents to Mr. Scott "substantially increased the likelihood" of the United States obtaining the information they contain, thus waiving any attorney work product privilege.

In any event, even if the privilege was not waived through disclosure, the Court should order Texas to produce unredacted copies of Exhibits A and B because the United States has a "substantial need" for their contents and cannot obtain their equivalent prior to trial without undue hardship. Fed. R. Civ. P. 26(b)(3)(A); *see Doe I*, 335 F.R.D. at 488 n.14 (noting substantial need is an "independent basis for obtaining work product" separate from waiver). In these documents, Texas has communicated facts, assumptions, and legal theories about this case to a non-client *fact witness* that it intends to call at trial in support of its arguments. As the document makes clear, Texas itself views the document as containing "assumptions" witnesses should consider when forming their views of this case. Ex. B at STATE_017061. The United States has a substantial need to know what information Texas conveyed to this witness so that it may determine on cross-examination what information is directly attributable to Mr. Scott's own knowledge and what was provided to him by Texas.

## CONCLUSION

For the foregoing reasons, the United States respectfully requests that the Court: (1) vacate the portion of its July 25, 2024 Order partially denying the United States' Motion to

Compel; (2) grant the United States' Motion to Compel in full; and (3) order Texas to produce

unredacted versions of both documents.

Dated:  October 21, 2024

JAIME ESPARZA                                    TODD KIM
UNITED STATES ATTORNEY             ASSISTANT ATTORNEY GENERAL
                                                              Environment & Natural Resources Division


 */s/ Landon A. Wade*                             */s/ Andrew D. Knudsen*
LANDON A. WADE                              BRIAN H. LYNK
  Assistant United States Attorney            Senior Trial Counsel
  Texas Bar No. 24098560                      DC Bar No. 459525
United States Attorney's Office             BRYAN J. HARRISON
Western District of Texas                     Trial Attorney
903 San Jacinto Blvd., Suite 334             FL Bar No. 106379
Austin, TX 78701                             KIMERE J. KIMBALL
(512) 370-1255 (tel)                           Trial Attorney
(512) 916-5854 (fax)                           CA Bar No. 260660
Landon.wade@usdoj.gov                      ANDREW D. KNUDSEN
                                                              Trial Attorney
                                                              DC Bar No. 1019697
                                                            U.S. Department of Justice
                                                            Environmental Defense Section
                                                            P.O. Box 7611
                                                            Washington, DC 20044
                                                            (202) 514-6187 (Lynk)
                                                            (202) 514-8865 (fax)
                                                            Brian.lynk@usdoj.gov
                                                            Kimere.kimball@usdoj.gov
                                                            Andrew.knudsen@usdoj.gov
                                                            Bryan.harrison@usdoj.gov

                                                            *Counsel for the United States of America*

**<u>CERTIFICATE OF SERVICE</u>**

I certify that on October 21, 2024, a copy of this filing was served on counsel of record through the Court's electronic filing system.

<u>*/s Andrew D. Knudsen*_____</u>
Andrew D. Knudsen