UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **United States of America,**<br>    *Plaintiff*,<br><br>  v.<br><br>**Greg Abbott, in his capacity as Governor of the State of Texas, and the State of Texas,**<br>    *Defendants*. | No. 1:23-cv-00853-DAE |

### DEFENDANTS' OPPOSED MOTION TO PRECLUDE REBUTTAL EXPERT WITNESS CHAPMAN FROM TESTIFYING OTHER THAN IN REBUTTAL

Defendants Greg Abbott, in his capacity as Governor of the State of Texas, and the State of Texas (collectively "Texas"), hereby move to preclude Rebuttal Expert Witness Chapman from testifying in Plaintiff's case-in-chief and other than in rebuttal of testimony at trial of Texas's witnesses.[1] Permitting Plaintiff to re-purpose its rebuttal expert witness as an expert witness in its case-in-chief would violate the Scheduling Order in this case, unfairly prejudice Texas, and violate Rule 26(a)(2)(D). Texas offers the following in support:

### BACKGROUND AND SUMMARY OF MOTION

On May 3, 2024, Plaintiff identified its expert witnesses in this case. See Exhibit A. On May 9, 2024, as required by the agreed Scheduling Order (ECF 97), Plaintiff produced to Texas expert

---

[1] Defendants filed an earlier version of this motion on August 5, 2024 (ECF 206). At the Status Conference on August 6, this and other motions were withdrawn without prejudice. The Court advised that such motions could be filed later and would not be considered time barred.

1

reports for each of its expert witnesses. These witnesses did not include Rebuttal Expert Witness Chapman.

One of the four expert witnesses designated by Plaintiff was Tim MacAllister, a longtime employee of the U. S. Army Corps of Engineers in its Fort Worth District, offered an Expert Report regarding possible "reasonable improvements" to the Rio Grande River that he said could "incrementally" improve navigation on the Rio Grande to an unspecified extent. See Exhibit B hereto (MacAllister Expert Report). Mr. MacAllister's expert report cited as possible measures to make such "reasonable improvements" the following: (1) changes in practices as to releases of water from Amistad Dam; (2) dredging of unspecified shoals within the Rio Grande River; (3) improved control of invasive plant species along the Rio Grande riverbank; and (4) addition of riprap to Rio Grande river banks to promote bank stabilization.

Defendants took the deposition of Mr. MacAllister on May 31, 2024. See Exhibit C (MacAllister Deposition Transcript). The serious shortcomings in his expert opinion quickly became obvious. Among other things, Mr. MacAllister did no work and had no opinion regarding: (a) the costs of any of the improvements he proposed[2]; (b) quantification of any possible benefits of the improvements he proposed[3]; or (c) whether there would be a balance between the benefits

---

[2]   Mr. MacAllister testified as to the possible improvements that "I did not develop any cost estimates for these", and that he was not aware of anyone else estimating such costs. MacAllister Dep. at 50.

[3]   Mr. MacAllister testified that he did not attempt to do any "quantification of any economic benefits from doing any or all of the improvements set forth in your expert report" and was not aware of anyone else doing so. *See* MacAllister Dep. at 50-51, 136.

and costs of the improvements he proposed at a time when the improvements would be useful.[4] However, such a showing is required by the Fifth Circuit's *en banc* opinion in this case. *United States v. Abbott*, 110 F.4th 700, 716-18 (5th Cir. 2024), as well as the Supreme Court's decision in *United States v. Appalachian Elec. Power Co.*, 311 U. S. 377, 407-09 (1940).

Mr. MacAllister also was unable to state whether or to what extent the improvements he proposed would increase commercial navigation in the Rio Grande River ("I did not consider that whatsoever", MacAllister Dep. at 51). Finally, Mr. MacAllister had no opinion as to *when* the improvements he proposed could or should be made ("I didn't study any of that", MacAllister Dep. at 52, 141).

On July 5, 2024, the deadline for designation of *rebuttal* expert witnesses, Plaintiff designated Michael D. Chapman as a rebuttal expert witness.[5] (Exhibit D). The Scheduling Order made clear that the July 5 deadline applied to "any new experts offered solely for rebuttal purposes", whereas the earlier May 3 deadline applied to "case-in-chief experts". ECF 97, at 1, 2. Plaintiff's July 5 designation represented that "the United States anticipates offering [Chapman] *solely for rebuttal purposes*" (emphasis added). Plaintiff further represented that "Mr. Chapman is expected to offer expert testimony *in rebuttal* to the testimony of [several of Texas's expert

---

[4]    Mr. MacAllister testified that he was instructed simply to *assume* that benefits of the improvements he proposed would equal or outweigh the costs of any improvements proposed in his expert report. (MacAllister Dep. at 136-37).

[5]    Mr. Chapman, like Mr. MacAllister, was a longtime employee of the U. S. Army Corps of Engineers, but in the Kansas City District rather than the Fort Worth District. He has retired from the Corps of Engineers since he testified at his deposition on May 31, 2024.

witnesses]" (emphasis added). When Plaintiff produced Mr. Chapman's Expert Report, it was prominently labelled "Rebuttal Expert Report." (Exhibit E).

Mr. Chapman's rebuttal expert report extolled a *different* possible technique for making "reasonable improvements" to the Rio Grande that neither Mr. MacAllister nor any other expert witness for Plaintiff (or any expert witness for Texas) Texas in this case had ever mentioned in their expert reports or depositions. This technique, which Mr. Chapman calls "river training," is one with which he has had some experience on the Missouri River. Mr. Chapman also offered criticisms of the expert reports of several of Defendants' expert witnesses.

In Plaintiff's list of its expert witnesses at trial submitted on July 22, 2024, Plaintiff listed Mr. Chapman as a witness in its *case-in-chief*. (ECF 197). Defendants asked counsel for Plaintiff to confirm Defendants' understanding that Mr. Chapman, who Plaintiff designated only as a rebuttal expert witness, would be presented by Plaintiff at trial as a rebuttal expert witness and not in Plaintiff's case-in-chief. Plaintiff's counsel responded that this "is not the United States' understanding." Email dated July 31, 2024, from Brian Lynk to Kyle Tebo (Exhibit E hereto). Counsel for Plaintiff has since re-affirmed it intends to present Mr. Chapman as an expert witness in its case-in-chief.

I.  **The Court Should Preclude Mr. Chapman from Testifying at Trial in Plaintiff's Case-in-Chief.**

Defendants object to any attempt by Plaintiff to re-designate or re-purpose its expert rebuttal witness, Michael Chapman, as an expert witness in its case-in-chief. Plaintiff's apparent purpose in doing so would be to try to bolster what Defendants believe is a legally insufficient evidentiary showing to carry its burden of proof on the issue of possible "reasonable improvements" to the Rio Grande River that could render the River navigable at some hypothetical

4

future date. The "function of rebuttal testimony is to explain, repel, counteract, or disprove evidence of the adverse party." *Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 760 (8th Cir. 2006).

> As such, rebuttal evidence may be used to challenge the evidence or theory of an opponent – and not to establish a case-in-chief."

*Id.,* citing *Cates v. Sears, Roebuck & Co.*, 928 F.2d 679, 685 (5th Cir. 1991).

In *ProBatterSports, LLC v. Joyner Techs., Inc.*, 2007 U. S. Dist. LEXIS 69056, 2007 WL 2752080 (N. D. Iowa 2007), a similar gambit was tried and rejected. The Court said:

> The inescapable conclusion is that ProBatter is attempting to circumvent the Scheduling Order by unilaterally redesignating McAlexander from a rebuttal witness to a case-in-chief expert witness . . ..

*Id.* at *13.

The Court's conclusion in *ProBatter* is fully applicable here. Allowing Plaintiff to redesignate rebuttal expert witness Chapman as an expert witness in its case-in-chief would Violate the Federal Rules and be substantially and unfairly prejudicial to Texas. The Scheduling Order required the parties to list the expert witnesses in their respective cases in chief at a time that would allow the opposing parties to secure rebuttal experts. Texas had no chance to do so with respect to Mr. Chapman, because Plaintiff failed to designate him as a witness in its case-in-chief as required by the Scheduling Order. Fed. R. Civ. P 26(a)(2)(D) requires that "the parties must make [expert] disclosures at the time and in the sequence that the court orders".

Chapman's rebuttal expert report was only disclosed by Plaintiff to Texas on July 12, within a week of the July 19th close of discovery.  As a result, Texas had no opportunity to locate expert witnesses to rebut the new "river training" theory Mr. Chapman then injected for the first time into this case. Indeed, Texas had only a few days between Plaintiff's disclosure of Chapman's

5

expert report and their taking of Chapman's deposition on the very last day of discovery in this case, July 19th.

As a matter of fairness, this Court should exercise its discretion to deny Plaintiff's effort to "unilaterally redesignat[e] [Chapman] . . . from rebuttal expert witness to case-in-chief expert witness", *ProBatter Sports*, and require Plaintiff to (1) present Chapman (if at all) as a rebuttal expert witness *after* Plaintiff and Defendants have completed their respective cases-in-chief. *See also Demetrius Cross v. Johnson*, 2023 U. S. Dist. LEXIS 228386, 22023 WL 8878224 (S. D. Fla. 2023) (disallowing affirmative expert "masquerading" as a rebuttal witness).

II. **The Court Should Also Limit Mr. Chapman's Rebuttal Testimony to Rebuttal of Texas's Witnesses and Not Allow Him to Testify as to His New "River Training" Theory.**

Rebuttal "is not to be used as a continuation of the case-in-chief." *Cates v. Sears Roebuck & Co.*, 928 F.2d 679, 685 (5th Cir. 1991). As stated by the Fifth Circuit in *Sierra Club, Lone Star Chapter v. Cedar Point Oil Co., Inc.*, 73 F.3d 546, 571 (5th Cir. 1996):

> The purpose of rebuttal and supplementary disclosures is just that – to rebut and supplement. These disclosures are not intended to provide an extension of the deadline by which a party must deliver the lion's share of its expert information.

Thus, rebuttal evidence is "allowed to counter new facts presented in the defendant's presentation of proof or to rebut evidence unavailable earlier through no fault of the plaintiff." *McAfee v. Murray Ohio Mfg., Inc.*, 66 Fed. App'x 523 *7 (5th Cir. 2003).

Rebuttal testimony is *not* "an opportunity for the correction of any oversights in the plaintiff's case in chief," or "for presenting new arguments". *Grove City Vet. Servs., LLC v. Charter Practices, Int'l, LLC*, 2016 U. S. Dist. LEXIS 52646 (D. Ore. 2016), quoting *Crowley v. Chait*, 322 F. Supp. 2d 530, 551 (D. N. J. 2004*); 1-800 Contacts, Inc. v. Lens.com, Inc.*, 755 F. Supp.

6

2d 1151, 1167 (D. Utah 2010). Yet that is what Plaintiff seeks to accomplish by presenting the testimony of rebuttal witness Chapman in Plaintiff's case-in-chief. Yet Mr. Chapman's "river training" theory is just such a "new argument" that was not presented by any of Plaintiff's expert witnesses designated in its case-in-chief, and is not mentioned in any of their expert reports. The Court should not allow Plaintiff to inject this new argument into the case through its rebuttal expert witness.

The principle that a designated rebuttal witness cannot be re-purposed to bolster a failing or deficient case-in-chief is upheld by courts across the nation. *See, e.g.*, *Kuecker Logistics Grp., Inc. v. Greater Omaha Packing Co.*, 2024 U. S. Dist. LEXIS 6547 (D. Neb. 2024) at **25-27; *Alsadi v. Intel Corp.*, 2019 U. S. Dist. LEXIS, 2019 WL 4849482 (D. Ariz. 2019) at **33-39; *Estate of Bruess v. Blount Int'l, Inc.*, 2011 U. S. Dist. LEXIS, 2011 WL 2680760 (N. D. Iowa 2011) at **33-37; *Travelers Prop. Cas. Co. of Am. v. Nat'l Union Ins. Co.*, 2008 U. S. Dist. LEXIS 133752 (W. D. Mo. 2008) at **3-7. *See also Demetrius Cross v. Johnson*, 2023 U. S. Dist. LEXIS 228386, 22023 WL 8878224 (S. D. Fla. 2023) (disallowing affirmative expert "masquerading" as a rebuttal witness). Texas asks that this Court do the same.

Accordingly, Texas respectfully requests that the Court upon hearing enter its order (a) precluding rebuttal expert witness Michael Chapman from testifying at trial in Plaintiff's case-in-chief; (b) limit Mr. Chapman's testimony to rebuttal of testimony of Defendants' expert witnesses, rather than allow him to inject into this case new theories, such as the "river training" theory, that Plaintiff's designated expert witnesses never mentioned in their expert reports or deposition testimony; and grant such other relief as may be appropriate.

Date: October 24, 2024                                   Respectfully submitted,

Ken Paxton  
Attorney General of the State of Texas

/s/ *David Bryant*
David Bryant  
Senior Special Counsel  
Tex. State Bar No. 03281500  
david.bryant@oag.texas.gov

Brent Webster  
First Assistant Attorney General

Ralph Molina  
Deputy First Assistant Attorney General

Johnathan Stone  
Chief, Consumer Protection Division  
Tex. State Bar No. 24071779  
Johnathan.stone@oag.texas.gov

Austin Kinghorn  
Attorney General for Legal Strategy

Ryan D. Walters  
Chief, Special Litigation Division

Munera Al-Fuhaid  
Special Counsel  
Tex. State Bar No. 24094501  
munera.al-fuhaid@oag.texas.gov

Office of the Attorney General  
P. O. Box 12548, MC-009  
Austin, TX 78711-2548  
(512) 936-2172

Kyle S. Tebo  
Special Counsel  
Tex. State Bar No. 24137691  
kyle.tebo@oag.texas.gov

Zachary Berg  
Special Counsel  
Tex. State Bar. 24107706  
Zachary.Berg@oag.texas.gov

**Counsel for Defendants**

### CERTIFICATE OF CONFERENCE

On October 22-23, 2024, I conferred with counsel for Plaintiff via email and counsel for Plaintiff stated that Plaintiff is opposed to this motion.

/s/ *David Bryant*
David Bryant  
Senior Special Counsel

### CERTIFICATE OF SERVICE

On October 24, 2024, this document was served on all counsel of record via email.

/s/ *David Bryant*
David Bryant  
Senior Special Counsel

8