IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   *Plaintiff,*<br><br>v.<br><br>GREG ABBOTT, et al.,<br><br>   *Defendants.* | CIVIL ACTION NO. 1:23-CV-00853-DAE |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR RECONSIDERATION OF MAGISTRATE JUDGE'S ORDER DENYING IN PART PLAINTIFF'S MOTION TO COMPEL**

Defendants Greg Abbott, in his capacity as Governor of the State of Texas, and the State of Texas, hereby move that Plaintiff's Motion for Reconsideration (ECF 233) should be denied, because Magistrate Judge Dustin M. Howell's July 25, 2024 Order (ECF 191) was correctly decided, and respectfully offer the following in support:

## BACKGROUND

On June 4, 2024, Defendants' counsel emailed its retained experts a document consisting of an early draft omnibus expert report outline. The outline was created by Defendants' counsel and consisted of attorney mental impressions and opinions and some draft definitions. These draft definitions were subsequently sent to Plaintiff's counsel at their request.

On July 16, 2024, Plaintiff filed a motion seeking to compel production of the entire email and draft omnibus expert report outline created by Defendants' counsel. ECF 164. After the parties briefed the issue, Magistrate Judge Howell reviewed the documents *in camera* and determined which parts were and were not protected by attorney work-product. A July 25, 2024 Hearing was held before Magistrate Judge Howell on ECF 164 and other discovery motions. Magistrate Judge Howell ordered Defendants to produce the email with only the body redacted, as well as the outline, excepting those portions the Court determined were privileged, by close of

business on Monday, July 29, 2024. ECF 191. *See also* ECF 233.3 at 117–23. Defendants produced the email and outline as ordered.

Plaintiff now moves for Reconsideration under Fed. R. Civ. P 54(b), which governs such motions prior to an entry of final judgment. "A motion for reconsideration does not support old arguments that are reconfigured." *Adams v. United Association of Journeymen and Apprentices of the Plumbing and Pipefitting Industry of the United States and Canada, AFL-CIO, Local 198*, 495 F.Supp.3d 392, 396 (M.D.La., 2020) (citing *Resolution Trust Corp. v. Holmes*, 846 F. Supp. 1310, 1316, n.18 (S.D. Tex. 1994)).

Plaintiff uses as a basis for their Motion the "new" information that Rodney Scott[1] was one of the recipients of the June 4, 2024 email. Plaintiff notes that Mr. Scott was not previously identified as a testifying expert and on July 26, 2024, was listed by Defendants as a will-call fact witness. ECF 233 at 6. From this, Plaintiff asserts that the entire June 4, 2024 communication was not privileged. Plaintiff alleges that "because Texas sent these documents to a non-client, nonexpert third party fact witness along with its experts—a consideration of which neither the United States nor the Magistrate Judge could have been aware—Texas cannot plausibly claim that privilege." *Id.* at 7.

The Court should disregard Plaintiff's erroneous assumption that because Rodney Scott had not been disclosed as a testifying expert, he could not have been a retained expert. Had Plaintiff conferred with Defendants before filing this Motion for Reconsideration, it could have been avoided.

## ARGUMENT

### I.    Mr. Scott was a consulting expert to Defendants on June 4, 2024. The challenged communication is therefore protected by the work-product privilege.

Mr. Scott was retained by Defendants as a consulting expert in the present matter, effective May 6, 2024. *See* Ex. A (Decl. of Johnathan Stone). Mr. Scott was a consulting expert at the time

---

[1] Rodney Scott is the former hear of U.S. Customs and Border Patrol and a nationally recognized expert on border issues who has testified before Congress on that subject.

of the June 4, 2024 communication, which is why he was included on a communication that went only to Defendants' experts.

Magistrate Judge Howell found that parts of the email and outline directed to the experts were privileged and should be redacted under Federal R. Civ. P. 26(b)(4)(B) and/or Fed. R. Civ. P. 26(b)(4)(C). ECF 231.3 at 115–16. Plaintiff notes that this determination was based on the understanding that the June 4, 2024 email was between Defendants' counsel and its experts. *See supra* ¶ 2. That understanding by Magistrate Judge Howell was accurate. Mr. Scott was a consulting expert at the time of the communication at issue, and the ruling Plaintiff attacks was correct.

"The work product privilege additionally protects the work of consulting experts." *Dresser–Rand Company v. Schutte & Koerting Acquisition Company*, 242 F.Supp.3d 576, 577 (S.D.Tex., 2017) (citing *Shields v. Sturm, Ruger & Co.*, 864 F.2d 379, 382 (5th Cir. 1989)). The work-product privilege exists "to promote the adversary system by safeguarding the fruits of an attorney's trial preparations from the discovery attempts of the opponent." *U.S. v. American Tel. and Tel. Co.*, 642 F.2d 1285, 1299, 206 U.S.App.D.C. 317, 331 (C.A.D.C., 1980). As a consulting expert, Mr. Scott was also covered by the work-product privilege. Therefore, his inclusion as one of the recipients of the June 4, 2024 email does not waive the privilege.

## II. Defendants' work-product privilege should not yield.

Plaintiff alternatively argues that, even if the Court finds that the communication to Defendants' experts on June 4, 2024 was privileged under the work-product privilege, that the privilege should yield under Fed. R. Civ. P. 26(b)(3)(A). ECF 233 at 9. Plaintiff identifies Fed. R. Civ. P. 26(b)(3)(A)(ii) which provides that a party may obtain materials prepared for trial if (1) it "has substantial need" and (2) it "cannot, without undue hardship, obtain their substantial equivalent by other means." This is however the incorrect standard.

Because the June 4, 2024 communication was made to Mr. Scott in his role as a consulting expert, not as a testifying expert, the correct standard for review is instead Fed. R. Civ.

P. 26(B)(4)(D). A party may only "discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or to prepare for trial and who is not expected to be called as a witness at trial . . . (i) as provided in Rule 35(b); or (ii) on showing exceptional circumstances under which it is impracticable for the party to obtain facts or opinions on the same subject by other means." Rule 35(b) pertains to the reports of an examiner retained for the purpose of providing physical and mental examinations and is not applicable here. Nor has Plaintiff has not shown "exceptional circumstances" for why the privilege should yield.

Instead, Plaintiff only argues that it needs the information "so that it may determine on cross-examination what information is directly attributable to Mr. Scott's own knowledge and what was provided to him by Texas." ECF 233 at 9. Mr. Scott's testimony at trial however, is on Defendants' Invasion defense, is not related to any information shared with him in the June 4, 2024 communication, which relates to navigability and the Rivers and Harbors Act. Plaintiff further admits that Mr. Scott was properly disclosed as a person likely to have discoverable information relevant to Defendants' claims and defenses on June 12, 2024. ECF 233 at 6. As Plaintiff notes, it could have chosen to depose Mr. Scott during the discovery period. *Id.* at 9. A deposition would have been a proper forum for Plaintiff to question Mr. Scott about the nature and source of his personal knowledge relevant to this case. Plaintiff chose not to depose Mr. Scott.

## CONCLUSION

WHEREFORE, Defendants respectfully request that the Court issue an order denying Plaintiff's Motion for Reconsideration (ECF 233) of Magistrate Judge Howell's July 25, 2024 Order (ECF 191) on Plaintiff's motion to compel (ECF 164), and for such other and further relief as may be appropriate.

Dated October 28, 2024.

KEN PAXTON
Attorney General of the State of Texas

BRENT WEBSTER
First Assistant Attorney General

RALPH MOLINA
Deputy First Assistant Attorney General

AUSTIN KINGHORN
Deputy Attorney General for Legal Strategy

RYAN WALTERS
Chief, Special Litigation Division

OFFICE OF THE ATTORNEY GENERAL OF TEXAS
P. O. Box 12548, MC-009
Austin, TX 78711-2548
(512) 936-2172

Respectfully submitted,

*/s/ David Bryant*
**DAVID BRYANT**
Senior Special Counsel
Texas State Bar No. 03281500
david.bryant@oag.texas.gov

**JOHNATHAN STONE**
Special Counsel
Texas State Bar No. 24071779
Johnathan.stone@oag.texas.gov

**MUNERA AL-FUHAID**
Special Counsel
Texas State Bar No. 24094501
munera.al-fuhaid@oag.texas.gov

**KYLE S. TEBO**
Special Counsel
Texas State Bar No. 24137691
kyle.tebo@oag.texas.gov

**ZACHARY BERG**
Special Counsel
Texas State Bar. 24107706
Zachary.Berg@oag.texas.gov

COUNSEL FOR DEFENDANTS

## CERTIFICATE OF SERVICE

On October 28, 2024, this document was filed electronically through the Court's CM/ECF system, which automatically serves all counsel of record.

*/s/ David Bryant*
**DAVID BRYANT**
Senior Special Counsel