IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff*,<br><br>v.<br><br>GREG ABBOTT, in his capacity as GOVERNOR OF THE STATE OF TEXAS, and THE STATE OF TEXAS,<br><br>*Defendants*. | Case No. 1:23-cv-00853-DAE |

**Notice to the Court of Plaintiff's Pretrial Disclosures**

Plaintiff the United States of America, by and through undersigned counsel, hereby submits the following Pretrial Disclosures, pursuant to Local Rule 16(e) and this Court's Order Resetting Bench Trial and Related Deadlines (ECF 214). As discussed with Defendants prior to the parties' original submission of pre-trial disclosures on July 26, 2024, the parties are submitting today's filings separately. Attached to this Notice on the United States's behalf are the following:

**(a) Exhibits**

See Attachment 1, hereto.

**(b) Witnesses**

See Attachment 2, hereto.

**(c) Deposition Designations**

See Attachment 3, hereto.

**(d) Agreed Stipulations of the Parties**

See Attachment 4, hereto.

**(e) Estimate of Trial Length**

The United States anticipates two to two and a half days to present its case, inclusive of any cross and re-direct, plus possible additional rebuttal time.  This is exclusive of the time Defendants may require to present their case.

Defendants informed the Court and the United States by email on October 24, 2024, that they will require more than a week to present their case.  The United States notes that the issues on which it will present trial evidence are narrower, following the Fifth Circuit's recent en banc decision, than the parties originally had anticipated when their filed their first set of pre-trial submissions on July 26, 2024.  *See United States v. Abbott*, 110 F.4th 700 (5th Cir. July 30, 2024).  Specifically, in light of that decision, the United States has proposed no findings of fact or conclusions of law that the Rio Grande may be determined a "navigable" water subject to Section 10 of the Rivers and Harbors Act based on "susceptibility to commercial navigation with reasonable improvements" now or in the future.  *See id.* at 717-18; *see also* ECF 227 at 14-15; ECF 236 at 1-3.  Instead, the United States now only proposes findings and conclusions that the Rio Grande may be determined a navigable water based on evidence that it "historically was used or could have been used for commercial navigation."  *See Abbott*, 110 F.4th at 710-11; ECF 236 ¶¶ 8-14, 47-67, 139-41.  This narrowing of trial contentions and evidence renders irrelevant a substantial part of both parties' originally anticipated expert testimony, and thus should shorten the trial.  The United States will meet and confer with Texas on whether the parties agree on how this change in the United States' case affects the scope of the parties' trial presentations.

**SUMMARY OF PLAINTIFF'S CONTENTIONS**

This is a straightforward civil enforcement case brought under Section 10 of the Rivers and Harbors Act (RHA), 33 U.S.C. § 403.  Defendants stipulate that they installed a floating buoy barrier in the Rio Grande without seeking or obtaining a permit from the U.S. Army Corps of Engineers under Section 10.  Nor did they have any other federal authorization.  The evidence at trial will show that Defendants' action violated Section 10, and the harm caused by this violation and other equitable factors support a permanent injunction as requested in Paragraphs 46 a-b. and d.-e. of the First Amended Complaint.  ECF 60 ¶ 46.a-b., d-e.

The relevant segment of the Rio Grande, specifically between mile markers 275.5 and 610 and inclusive of the area in the vicinity of the floating barrier, is a "navigable river" and a navigable "water of the United States" under Section 10.  Texas' placement of the floating barrier violated and is violating Section 10—both its first clause ("obstruction . . . to the navigable capacity") and, independently, its second clause ("building of . . . structures").  33 U.S.C. § 403.

Texas's affirmative defense, arguing the novel theory that Texas is exempt from Section 10 because it is "engag[ing] in War" in response to an "actual inva[sion]," U.S. Const. art. I, § 10, cl. 3, is without merit.

To the extent the Court considers equitable factors in determining whether to grant the injunctive relief requested by the United States in this civil enforcement action, the evidence at trial will show that they support permanent injunctive relief.

A complete statement of the United States' pre-trial proposed findings of fact and conclusions of law is set forth in ECF 236.  The United States also submitted a brief addressing the Fifth Circuit's en banc decision.  ECF 227.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated:  October 28, 2024 |  |
| JAIME ESPARZA<br>UNITED STATES ATTORNEY | TODD KIM<br>ASSISTANT ATTORNEY GENERAL<br>Environment & Natural Resources Division |
| /s/ Landon A. Wade<br>LANDON A. WADE<br>  Assistant United States Attorney<br>  Texas Bar No. 24098560<br>United States Attorney's Office<br>Western District of Texas<br>903 San Jacinto Blvd., Suite 334<br>Austin, TX 78701<br>(512) 370-1255 (tel)<br>(512) 916-5854 (fax)<br>Landon.wade@usdoj.gov | /s/ Brian H. Lynk<br>BRIAN H. LYNK<br>  Senior Trial Counsel<br>  NY Bar No. 2868743<br>KIMERE J. KIMBALL<br>  Trial Attorney<br>  CA Bar No. 260660<br>ANDREW D. KNUDSEN<br>  Trial Attorney<br>  DC Bar No. 1019697<br>BRYAN J. HARRISON<br>Trial Attorney<br>  FL Bar No. 106379<br>U.S. Department of Justice<br>Environmental Defense Section<br>P.O. Box 7611<br>Washington, DC 20044<br>(202) 514-6187 (Lynk)<br>(202) 514-8865 (fax)<br>Brian.lynk@usdoj.gov<br>Kimere.kimball@usdoj.gov<br>Andrew.knudsen@usdoj.gov<br>Bryan.harrison@usdoj.gov<br><br>*Counsel for the United States of America* |

**<u>CERTIFICATE OF SERVICE</u>**

I certify that on October 28, 2024, a copy of this filing was served on counsel of record through the Court's electronic filing system.

<u>*/s/ Brian H. Lynk*</u>
Brian H. Lynk
