IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff*,<br><br>v.<br><br>GREG ABBOTT, in his capacity as GOVERNOR OF THE STATE OF TEXAS, and THE STATE OF TEXAS,<br><br>*Defendants*. | Case No. 1:23-cv-00853-DAE |

**UNITED STATES' RESPONSE TO TEXAS'S MOTION TO PRECLUDE MICHAEL CHAPMAN FROM TESTIFYING OTHER THAN IN REBUTTAL**

JAIME ESPARZA
UNITED STATES ATTORNEY

LANDON A. WADE
  Assistant United States Attorney
  Texas Bar No. 24098560
United States Attorney's Office
Western District of Texas
903 San Jacinto Blvd., Suite 334
Austin, TX 78701
(512) 370-1255 (tel)
(512) 916-5854 (fax)
Landon.wade@usdoj.gov

TODD KIM
ASSISTANT ATTORNEY GENERAL
Environment & Natural Resources Division

BRIAN H. LYNK
  Senior Trial Counsel
  NY Bar No. 2868743
BRYAN J. HARRISON
  Trial Attorney
  FL Bar No. 106379
KIMERE J. KIMBALL
  Trial Attorney
  CA Bar No. 260660
ANDREW D. KNUDSEN
  Trial Attorney
  DC Bar No. 1019697
U.S. Department of Justice
Environmental Defense Section
P.O. Box 7611
Washington, DC 20044
(202) 514-6187 (Lynk)
(202) 514-8865 (fax)
Brian.lynk@usdoj.gov

Dated:  October 29, 2024

*Counsel for the United States of America*

There is no bright-line rule that precludes redesignation of an expert witness from rebuttal to case-in-chief expert, provided the expert testimony (as here) goes directly to the proponent's affirmative case. Mr. Chapman is expected to testify on the limited issue of the Rio Grande's physical characteristics, which will inform the Court's consideration of other evidence the United States intends to present showing that the relevant stretch of the river[1] historically was used or could have been used in interstate or foreign commerce. ECF 236 ¶¶ 59-67 (proposed findings of fact based on Mr. Chapman's testimony); *see also id.* ¶¶ 47-58 (proposed findings based on other evidence on this issue). This is an issue squarely presented by the United States' case-in-chief. *Id.* ¶¶ 8-14, 139-41.

In addition, Mr. Chapman's redesignation from rebuttal to case-in-chief expert does not prejudice Texas. Texas has been aware of Mr. Chapman's opinions regarding the river's characteristics for more than three months, and Texas deposed Mr. Chapman in July. Importantly, the United States will not present evidence at this trial on whether the river can be determined navigable based on susceptibility to commercial navigation now or in the future with "reasonable improvements." *See* ECF 236 at 1-3. Therefore, Mr. Chapman's opinions are limited to the river's physical characteristics, an issue that Texas's own experts also addressed. The Court should permit Mr. Chapman to serve as an expert in the United States' case-in-chief and deny Texas's motion to preclude him from doing so.

## BACKGROUND

The United States identified Mr. Chapman as a rebuttal witness on July 5, 2024. Tex. Ex. D. On July 12, 2024, the United States produced Mr. Chapman's rebuttal report. U.S. Ex. A.

---

[1] The relevant stretch of the Rio Grande is between mile marker 275.5 and 610, which is where the Floating Barrier is located. ECF 236 ¶¶ 12-14. All references to the Rio Grande in this motion are in reference to the "relevant stretch."

1

Mr. Chapman's report included a number of opinions that Texas's experts' assessments of "reasonable improvements" for future navigation were flawed. Tex. Ex. E at 4. His opinions were informed by the "physical nature of the Rio Grande River and floodplain" and similar rivers. Tex. Ex. E at 6. This included his impressions of the Rio Grande based on a June 2024 site visit and his understanding of the river's average depths, average flows, river stability, and river morphology, among other things, in the general vicinity of the Floating Barrier. *Id.* at 7-12. Mr. Chapman's report also addressed his experience with other rivers having similar characteristics to the Rio Grande that are maintained for commercial navigation. *Id.* at 16-19 (discussing the Missouri and Mississippi rivers).

On July 19, 2024, Texas deposed Mr. Chapman. U.S. Ex. B, Deposition of Michael Chapman (Excerpts) ("Chapman Depo."). Texas asked Mr. Chapman about aspects of his report that concerned Eagle Pass, the Rio Grande, and the floodplain. *See, e.g.,* U.S. Ex. B, Chapman Depo. at 145:1-149:12, 151:25-153:3. Texas also asked Mr. Chapman about his assumptions that the "Rio Grande from Del Rio to Laredo, Texas has physical characteristics similar to the inspected reach near Eagle Pass," *id.* at 153:4-13; tributaries that enter the Rio Grande, *id.* at 154:5-16; and the "composition of the riverbed material," *id.* at 55:4-25. Mr. Chapman also answered questions about his understanding of "commercial navigation" on similar rivers, like the Missouri and Mississippi Rivers. *Id.* at 89:18-23, 105:22-107:4, 181:20-182:4.

Eleven days later, the Fifth Circuit issued its en banc opinion. *See United States v. Abbott*, 110 F.4th 700 (5th Cir. 2024); *see also* ECF 227 (United States' brief discussing the en banc opinion). In light of this opinion, the United States decided to not argue at this trial that the Rio Grande should be determined "navigable" and subject to Section 10 of the Rivers and Harbors Act based on susceptibility to future commercial navigation with reasonable

improvements. ECF 236 at 1-3; *see also Abbott*, 110 F.4th at 717-18; ECF 227 at 14-15 (discussing this part of the en banc opinion). Rather, the United States' case-in-chief will establish that the relevant stretch of the Rio Grande is navigable because it was historically used or could have been used in interstate or foreign commerce in its natural condition. ECF 236 ¶¶ 8-14, 47-67, 139-41; *see also Abbott*, 110 F.4th at 710-11, 713.

Trial is scheduled to begin on November 7, 2024.

**ARGUMENT**

The Court has broad discretion to admit or exclude expert testimony. *See Shelter Ins. Co. v. Ford Motor Co.*, No. 06-60295, 2006 WL 3780474, at *2 (5th Cir. Dec. 18, 2006). Expert testimony must be relevant and reliable. *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 141 (1999). Relevant evidence is evidence that "has a tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Fed. R. Evid. 401. "'To assess whether an expert's testimony is relevant, the court considers whether the testimony 'logically advances a material aspect of the proposing party's case.'" *Patterson v. Six Flags Theme Parks Inc.*, No. 2:21-cv-02398, 2024 WL 2112376, at *2 (E.D. Cal. May 9, 2024) (citing *Daubert v. Merrell Dow Pharms., Inc.* (*Daubert II*), 43 F.3d 1311, 1315 (9th Cir. 1995)).

An "affirmative" expert is generally one whose testimony is expected to help establish a claim for which the proponent has the burden of proof. *See Charalambopouls v. Grammer*, No. 3:14-CV-2424-D, 2017 WL 930819, at *1 & n.1 (N.D. Tex. Mar. 8, 2017); *Terpin v. AT&T Mobility, LLC*, 18-cv-06975-ODW-KS, 2023 WL 3431906, at *7 (C.D. Cal. Mar. 20, 2023). "The function of rebuttal testimony is to explain, repel, counteract or disprove evidence of the adverse party." *Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 759 (8th Cir. 2006). Courts

do not typically permit experts to offer rebuttal testimony that should more properly be offered as part of the party's case-in-chief. *See, e.g., id.* at 760-61; *Crawford-Brunt v. Kruskall*, 489 F. Supp. 3d 4, 9-10 (D. Mass. 2020); *Terpin*, 2023 WL 3431906, at *7.

An expert initially designated for rebuttal only may, however, be permitted to testify in a party's case-in-chief in some circumstances. *See Charalambopoulos,* 2017 WL 930819, at *2, *5. In deciding whether it is permissible to allow redesignation of an expert from rebuttal to affirmative expert, the court may consider: "(1) the explanation for the failure to identify the witness, (2) the importance of the testimony, (3) the potential prejudice in allowing the testimony, and (4) the availability of a continuance to cure such prejudice." *Id.* at *6; *see also Crawford-Brunt*, 489 F. Supp. 3d at 8-9 (discussing similar factors).

Mr. Chapman's opinions are properly presented as affirmative testimony in support of the United States' case-in-chief, and Texas is not prejudiced by Mr. Chapman's redesignation. Although Mr. Chapman was initially, and properly, identified as a rebuttal witness in July, the circumstances of this litigation have changed following the Fifth Circuit's en banc opinion. As discussed in Section A, a subset of Mr. Chapman's opinions—those concerning the physical characteristics of the Rio Grande—are of particular importance to historic navigability and the United States' case-in-chief. And as discussed in Section B, Texas will suffer no prejudice, negating any need to delay the case with a continuance.

### A. Chapman's testimony goes directly to the United States affirmative case.

Texas argues that the United States is offering improper rebuttal testimony as part of its case-in-chief "to carry its burden of proof on the issue of possible 'reasonable improvements' to the Rio Grande River" and to improperly offer affirmative evidence as to "river training." ECF 235 at 4-5, 7. Not so. In light of developments in the litigation, particularly the Fifth Circuit's

4

en banc opinion, the United States would like to redesignate Mr. Chapman to offer expert opinions that go directly to an issue for which the United States has the burden of proof: historic navigability.[2] Mr. Chapman offers expertise on the physical characteristics of the river that is relevant to evaluating whether the river historically was used or could have been used for commercial navigation. *See, e.g.,* U.S. Ex. B, Chapman Depo. at 58:5-59:4 (discussing observations of the river at time of his site visit); 103:21-104:4, 106:9-18 (discussing opinions that address the hydrology and morphology of the river); 89:18-23, 105:22-107:4, 181:20-182:21 (discussing Missouri River as similar to Rio Grande and allowing for navigation); *see also Abbott*, 110 F.4th at 710-11.

Mr. Chapman's opinions are also particularly important for assessing the navigability of the Rio Grande within the 1,000-foot stretch of river where Texas's Floating Barrier is placed. The Fifth Circuit's lead opinion addressed navigability only with respect to the "1,000 foot segment" where the barrier is located. *Abbott*, 110 F.4th at 710; *but see* 110 F.4th at 753-55 (Douglas, J. dissenting) (disagreeing with the majority's "segment-by-segment" approach to navigation). The United States disagrees that the relevant stretch of the river for purposes of determining if it is a navigable water under RHA section 10 is limited to just that 1,000 feet, and contends that this aspect of the lead opinion is not a majority holding and thus not controlling law in this Court. ECF 227 at 15-18; ECF 236 ¶¶ 12-14. However, if the Court determines that

---

[2] The United States included Mr. Chapman on its list of "will call" witnesses for the previously scheduled trial date, when the issue of susceptibility to current and future navigation was still a contested trial issue. ECF 197-2. At that time, Texas moved for the same relief it seeks now, limiting his testimony to rebuttal. ECF 206 (filed Aug. 6, 2024). Texas orally withdrew that motion without prejudice to re-filing, after the Court announced at a status conference the same day that it would postpone the trial for 90 days to enable evaluation of the en banc Fifth Circuit decision. *See* ECF 212.5 (oral order mooting motions). The United States subsequently narrowed its trial contentions as summarized above. Thus, Texas's original description of his anticipated case-in-chief testimony is no longer accurate.

the 1,000 feet is the relevant stretch for purposes of determining if the river is a navigable water, Mr. Chapman's opinions are even more consequential because Mr. Chapman can speak directly to the physical characteristics of the river at the location of the Floating Barrier. *See, e.g.,* Tex. Ex. E at 7-12; U.S. Ex. B, Chapman Depo. at 58:5-59:20, 105:5-17, 153:4-154:4.

Texas claims that *ProBatter Sports, LLC v. Joyner Technologies, Inc.*, 05-cv-2045-LRR, 2007 WL 2752080 (N.D. Iowa Sept. 18, 2007), is "fully applicable here," but Texas is mistaken. In *ProBatter*, the plaintiff failed to identify *any* experts by the expert disclosure deadline. *Id.* at *1. Despite the plaintiff's failure to provide any justification for this oversight, the court extended deadlines to identify expert witnesses by several months. *Id.* Plaintiff then identified a rebuttal expert. *Id.* at *2. Shortly thereafter, the Plaintiff attempted to use its rebuttal witness as part of its affirmative case, *without any notice* to the opposing party or the court. *Id.* at *3. More specifically, plaintiff's rebuttal expert prepared an affidavit that plaintiff attached to its summary judgment motion. *Id.* The defendant argued that the affidavit "was an illegitimate attempt . . . to convert [the expert] from a rebuttal expert witness into a case-in-chief expert." *Id.* at *3. The court agreed. *Id.* at *4.

The circumstances here bear no resemblance to *ProBatter*. The United States has not submitted any late-breaking affidavit. The testimony it seeks to offer from Mr. Chapman at trial consists of opinions already disclosed months ago in his expert report and about which Texas thoroughly deposed him in July. *See generally* Tex. Ex. E; U.S. Ex. B, Chapman Depo. Nor did the United States fail initially to designate experts, like the plaintiff in *ProBatter*. *See* 2007 WL 2752080, at *1 (noting that Plaintiff failed to disclose its expert witnesses "without any justification"). The United States met all deadlines in the Court's scheduling order. ECF 97. The United States initially disclosed four experts on May 3, 2024, Tex. Ex. A; produced those

6

experts' reports on May 10, 2024, U.S. Ex. C; identified rebuttal experts, including Mr. Chapman, by July 5, 2024, Tex. Ex. D; and produced rebuttal reports, including Mr. Chapman's, by July 12, U.S. Ex. A.  Despite Texas's insistence that Mr. Chapman should have been identified in May rather than July, the circumstances do not demonstrate any disregard for the discovery process that would warrant limiting Mr. Chapman's testimony.  *ProBatter* is not on point here.

### B.  Redesignating Chapman to a case-in-chief expert does not prejudice Texas.

As already noted, Texas's objection to Mr. Chapman's redesignation is founded on their assumption that he will be offered to "bolster" the United States' case with regard to "possible 'reasonable improvements' to the Rio Grande . . ." ECF 235 at 4-5; *supra* at 4-5 & n.2.  That is not the case.  Again, in light of the Fifth Circuit's en banc opinion—which was issued after discovery closed—the United States will not present evidence at this trial that the river is navigable based on susceptibility to commercial navigation now or in the future with "reasonable improvements."  ECF 236 at 1-3.  Thus, Mr. Chapman will testify as a case-in-chief expert solely as to the physical characteristics of the Rio Grande.  *Supra* at 1, 5.  Because his testimony is significantly narrowed, and Mr. Chapman is not offering any new opinions, there is even less cause for concern that designating Mr. Chapman as an affirmative expert would somehow prejudice Texas, and Texas has made no such showing.

The "timing" of disclosure rather than the "content" of the disclosure is significant in assessing whether Texas is prejudiced by Mr. Chapman's redesignation. *See Charalambopoulos*, 2017 WL 930819, at *4.  "The *timing* of the disclosure results in prejudice when, for instance, the opposing party must incur unreasonable additional costs that could have been avoided by an earlier disclosure, or the party is precluded under the scheduling order from developing and

7

presenting rebuttal evidence." *Id.* (citing *Hoffman v. L&M Arts,* 3:10-cv-0953-D, 2013 WL 81578, at *2 (N.D. Tex. Jan. 8, 2013) (Fitzwater, C.J.) (emphasis in original).

As in *Charalambopoulous*, Texas is not prejudiced by the timing of disclosure. The United States timely identified Mr. Chapman as a rebuttal witness and timely produced his rebuttal report. *See* Tex. Ex. D; Tex. Ex. E. Texas has had a full opportunity to engage with Mr. Chapman's opinions. Texas was afforded seven hours on the record to depose Mr. Chapman and used nearly all of that time. Subsequently, Texas has had nearly four additional months to prepare to cross-examine Mr. Chapman at trial. Texas also had an opportunity to develop its own expert evidence on the physical characteristics of the river, and indeed Texas will present an expert at trial on that very topic. *See* U.S. Ex. D, Deposition of Ancil Taylor (Excerpts), 80:14-83:21, 129:10-130:23, 146:3-149:15. This is not a situation where "late" identification of an affirmative expert deprives a party of a fair opportunity to engage with or develop evidence to refute that expert's opinions. *Contrast with Crawford-Brunt*, 489 F. Supp. 3d at 9 (finding substantial prejudice where the defendant did not have an opportunity to depose the witness); *Cross v. Johnson*, No. 23-CV-60393, 2023 WL 8878224, at *1 (S.D. Fla. Dec. 22, 2023).

## CONCLUSION

Mr. Chapman's opinions are important to the United States' case-in-chief and will help the Court resolve the threshold issue of whether the relevant stretch of the Rio Grande is a navigable water under RHA Section 10 based on how the river historically was used or could have been used. Mr. Chapman's testimony on the river's physical characteristics is relevant to that inquiry, and is especially important to the United States' case-in-chief if the Court concludes it is bound by the Fifth Circuit's en banc opinion to make this determination specifically with respect to the 1,000-foot stretch where the Floating Barrier resides. Moreover, while limiting

Mr. Chapman to rebuttal testimony would substantially impact the United States' case-in-chief, *allowing* his affirmative case-in-chief testimony would not prejudice Texas at all for the reasons shown above.  Thus, the United States should not be penalized and prevented from offering affirmative trial evidence to address a potential change in the applicable law that occurred after discovery closed.  For all these reasons, the Court should deny Texas's motion.

                                        Respectfully submitted,

Dated:  October 29, 2024

| | |
|---|---|
| JAIME ESPARZA<br>UNITED STATES ATTORNEY | TODD KIM<br>ASSISTANT ATTORNEY GENERAL<br>Environment & Natural Resources Division |
| */s/ Landon A. Wade*<br>LANDON A. WADE<br>  Assistant United States Attorney<br>  Texas Bar No. 24098560<br>United States Attorney's Office<br>Western District of Texas<br>903 San Jacinto Blvd., Suite 334<br>Austin, TX 78701<br>(512) 370-1255 (tel)<br>(512) 916-5854 (fax)<br>Landon.wade@usdoj.gov | */s/ Brian H. Lynk*<br>BRIAN H. LYNK<br>  Senior Trial Counsel<br>  NY Bar No. 2868743<br>BRYAN J. HARRISON<br>  Trial Attorney<br>  FL Bar No. 106379<br>KIMERE J. KIMBALL<br>  Trial Attorney<br>  CA Bar No. 260660<br>ANDREW D. KNUDSEN<br>  Trial Attorney<br>  DC Bar No. 1019697<br>U.S. Department of Justice<br>Environmental Defense Section<br>P.O. Box 7611<br>Washington, DC 20044<br>(202) 514-6187 (Lynk)<br>(202) 514-8865 (fax)<br>Brian.lynk@usdoj.gov<br>Kimere.kimball@usdoj.gov<br>Andrew.knudsen@usdoj.gov<br>Bryan.harrison@usdoj.gov<br><br>*Counsel for the United States of America* |

## **CERTIFICATE OF SERVICE**

I certify that on October 29, 2024, a copy of this filing was served on counsel of record through the Court's electronic filing system.

*/s Brian H. Lynk*
Brian H. Lynk