IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff*,<br><br>v.<br><br>GREG ABBOTT, in his capacity as GOVERNOR OF THE STATE OF TEXAS, and THE STATE OF TEXAS,<br><br>*Defendants*. | Case No. 1:23-cv-00853-DAE |

**UNITED STATES' REPLY IN SUPPORT OF
MOTION FOR RECONSIDERATION OF ORDER GRANTING IN PART AND
DENYING IN PART PLAINTIFF'S MOTION TO COMPEL**

JAIME ESPARZA
UNITED STATES ATTORNEY

LANDON A. WADE
  Assistant United States Attorney
  Texas Bar No. 24098560
United States Attorney's Office
Western District of Texas
903 San Jacinto Blvd., Suite 334
Austin, TX 78701
(512) 370-1255 (tel)
(512) 916-5854 (fax)
Landon.wade@usdoj.gov

TODD KIM
ASSISTANT ATTORNEY GENERAL
Environment & Natural Resources Division

BRIAN H. LYNK
  Senior Trial Counsel
  DC Bar No. 459525
BRYAN J. HARRISON
  Trial Attorney
  FL Bar No. 106379
KIMERE J. KIMBALL
  Trial Attorney
  CA Bar No. 260660
ANDREW D. KNUDSEN
  Trial Attorney
  DC Bar No. 1019697
U.S. Department of Justice
Environmental Defense Section
P.O. Box 7611
Washington, DC 20044
(202) 514-6187 (Lynk)
Brian.lynk@usdoj.gov

Dated:  October 31, 2024

*Counsel for the United States of America*

Yet again, Texas has shifted its explanation for refusing to produce unredacted copies of the June 4, 2024 communications sought here (ECF 233-1 (the "Email") and ECF 233-2 (the "Outline")) to the United States. First, Texas argued that these documents did not contain any facts or assumptions relied on by its testifying experts, claiming that the United States' arguments to the contrary were based on a "conspiracy theory." ECF 180 at 5; ECF 164-4 at 13 (claiming that no expert relied on any terms provided by Texas). Then, Texas argued that these documents actually constituted a "draft expert report" protected from disclosure under Federal Rule of Civil Procedure 26(b)(4)(B) and were "communications between testifying experts and attorneys" under Rule 26(b)(4)(C). ECF 180 at 4. After Texas was ordered to produce redacted copies of the Email and Outline, it became clear that these documents were sent not only to testifying experts, but also to a third-party *fact* witness that Texas intends to call at trial, Rodney Scott. ECF 233 at 1. Texas now claims that its disclosure of these documents to Mr. Scott did not waive any privilege because Mr. Scott has also been "retained as a Consulting Expert" by Texas in addition to his designation as a fact witness. Opp'n, ECF 239 at 2-3; Decl. of Johnathan Stone, ECF 239-1 at ¶ 3.

This new argument is unavailing. Because Texas has failed to show that it sent the Email and Outline to Mr. Scott in his capacity as a consulting expert—an unlikely proposition given the disconnect between these documents and Mr. Scott's areas of experience—it cannot claim that the work product privilege applies to those communications. And in any event, the United States has shown a substantial need for unredacted copies of these documents, which has only been heightened by the knowledge that Mr. Scott is both a fact witness and a retained consultant of Texas. Accordingly, the Court should grant the United States' Motion to Reconsider.

1

I.  **Because These Documents Were Not Provided to Mr. Scott in His Capacity as a Consulting Expert, Any Privilege Has Been Waived.**

Texas now claims that even though Mr. Scott is a fact witness and not a testifying expert, Texas's disclosure of the Email and Outline to him did not waive any work product privilege applicable to those documents because Mr. Scott was purportedly "retained as a Consulting Expert" at the time.  ECF 239 at 2-3; ECF 239-1 at ¶ 3.  But even if Texas has retained Mr. Scott as a consulting expert in this case,[1] Texas's communications with him are not covered by the work product privilege unless they fall within the scope of matters on which he was consulting.  Because the Email and Outline concern matters that cannot plausibly be within Mr. Scott's expertise, Texas's disclosure of these materials waived any applicable privilege.

At the outset, the specific protections from disclosure claimed by Texas—Federal Rules of Civil Procedure 26(b)(4)(B) and (C)— do not protect communications with consulting experts.  ECF 239 at 3.  By their own terms, these rules apply to documents and communications between attorneys and any testifying experts identified under Rule 26(a)(2).  *See* Fed. R. Civ. P. 26(b)(4)(B) (addressing reports or disclosures "required under Rule 26(a)(2)"), 26(b)(4)(C) (addressing "communications between the party's attorney and any witness required to provide a report under Rule 26(a)(2)(B)"); *see also id.* Advisory Committee's Note, 2010 amendments (stating "[t]he rule does not itself protect communications between counsel and other expert witnesses" besides testifying experts who must provide written reports).  Texas did not identify Mr. Scott as a testifying expert witness in its June 14, 2024 expert disclosures.[2]  ECF 122.

---

[1] The declaration submitted with Texas's Opposition does not specify whether Mr. Scott was retained as a consulting expert for purposes of *this* litigation or some other case.

[2] As a result, Mr. Scott is precluded from presenting expert opinion testimony at trial in this case. Fed. R. Civ. P. 26(a)(2).

Accordingly, Texas must look elsewhere to justify any privilege that it asserts over its transmission of the Email and Outline to Mr. Scott.

While courts as a general matter extend the work product privilege to communications between an attorney and a consulting expert, Mr. Scott is both a retained consultant *and* a fact witness that Texas anticipates calling at trial.  *See* ECF 240 at 2.  Where a consulting expert wears "two hats" in this manner, courts must distinguish between information and communications that were exchanged in the witness's role as a consultant and those that were not.  *See Employees Committed for Justice v. Eastman Kodak Co.*, 251 F.R.D. 101, 104 (W.D.N.Y. 2008); *Salzman v. Henderson*, No. 2:07-cv-00854, 2009 WL 5197129, at *1-2 (D. Utah Dec. 22, 2009); *Jones v. Celebration Cruise Operator, Inc.*, No. 11-cv-61308, 2012 WL 1029469, at *3 (S.D. Fl. Mar. 26, 2012); *Gerber Scientific Int'l, Inc. v. Roland DGA Corp.*, No. 3:06-cv-2024, 2010 WL 3803206, at *6 (D. Conn. Sept. 20, 2010).  In such cases, the work product privilege only extends to "those materials generated or considered uniquely in the expert's role as consultant." *Employees Committed for Justice*, 251 F.R.D. at 104.  To determine which "hat" the witness was wearing, the appropriate test is "whether the documents reviewed or generated by the expert could reasonably be viewed as germane to the subject matter on which the expert has offered an opinion." *Salzman*, 2009 WL 5197129 at *2 (citing *Oklahoma v. Tyson Foods Inc.*, No. 05-cv-329, 2009 WL 1578937 (N.D. Okla. 2009)).  "Any ambiguity as to the role played by the expert when reviewing or generating documents should be resolved in favor of the party seeking disclosure." *Employees Committed for Justice*, 251 F.R.D. at 104 (quoting *B.C.F. Oil Ref., Inc. v. Consol. Edison Co. of N.Y.*, 171 F.R.D. 57, 62 (S.D.N.Y. 1997)).

Here, Mr. Scott was not acting in his role as consulting expert when Texas transmitted the Email and Outline to him because these documents concern matters outside of his experience.

Texas's Opposition and supporting declaration do not specify the matters on which Mr. Scott was retained to consult. However, Texas states that the Email and Outline relate only to the issues of "navigability and the Rivers and Harbors Act." ECF 239 at 4. It is implausible that Texas retained Mr. Scott as a consulting expert on either issue, as he has no apparent experience or expertise regarding these matters. According to Texas, Mr. Scott is the "former hea[d] of U.S. Customs and Border Patrol" and is an "expert on border issues." *Id.* at 2. Furthermore, Texas asserts that the information contained in the Email and Outline "is not the subject of Mr. Scott's testimony at trial," which instead will be limited to Texas's "Invasion defense" under the United States Constitution. *Id.* at 4; ECF 239-1 at ¶ 5. To the extent there is any ambiguity as to whether Mr. Scott received these documents in his capacity as a consulting expert, it "should be resolved in favor of the party seeking disclosure." *Employees Committed for Justice*, 251 F.R.D. at 104.

Accordingly, the Court should find that Mr. Scott was not wearing his consulting expert "hat" when he received the Email and Outline from Texas. Because Texas's communications with Mr. Scott on this issue were not covered by the work product privilege, its disclosure of these documents was no different than if it had shared them with any other third-party fact witness. Thus, any work product privilege applicable to the Email and Outline has been waived.

## II. Even if the Work Product Privilege Applies, the Court Should Order Texas to Produce The Email and Outline to the United States Without Redactions.

Even assuming the work product privilege applies to the Email and Outline and was not waived by their disclosure to Mr. Scott, Texas should be required to produce these documents because the United States has shown that it has a substantial need for them and cannot obtain their equivalent without undue hardship. ECF 233 at 9; Fed. R. Civ. P. 26(b)(3)(A).

4

Texas claims that Rule 26(b)(3)(A) is inapplicable here because Mr. Scott was retained as a consulting expert, and that the United States must instead satisfy the standard set forth in Rule 26(b)(4)(D). ECF 239 at 3-4. Texas is mistaken. As an initial matter, as shown above, Mr. Scott was not acting in his capacity as a consulting expert when Texas disclosed the Email and Outline to him. But in any event, Rule 26(b)(4)(D) is inapplicable here because it applies only to discovery of "facts known or opinions held by" a consulting expert through "interrogatories or deposition." Fed. R. Civ. P. 26(b)(4)(D); *see Davidson v. Alltrade Tools, LLC*, 2019 WL 13194143, at *2 (N.D. Tex. May 10, 2019) (finding Rule 26(b)(4)(D) inapplicable where party sought production of video depicting consulting expert's inspection of evidence, but did not seek to elicit consulting expert's factual knowledge or opinions). The United States is not seeking to propound interrogatories or depose Mr. Scott as to his subjective knowledge or opinions. This motion seeks production of specific *documents* that Texas provided to a fact witness it expects to call at trial. *See* ECF 233 at 9. Thus, to the extent work product privilege applies, Rule 26(b)(3)(A) provides the proper standard for whether Texas must nonetheless produce the Email and Outline to the United States.

Texas's Opposition only sharpens the United States' need to review unredacted versions of the Email and Outline sent to Mr. Scott. As noted in the Motion, the United States has a substantial need to know what facts and assumptions about this case Texas has provided to a non-client fact witness that it intends to call at trial in support of its arguments. ECF 233 at 9. That need is even greater now that Texas has admitted Mr. Scott is not only a fact witness, but also a consultant retained by Texas to work on its behalf. ECF 239-1 at ¶ 3. The disclosure of this relationship raises questions about the reliability of Mr. Scott's fact testimony that justify production of the Email and Outline to the United States. *See Secure Energy, Inc v. Coal*

*Synthetics*, No. 4:08-cv-01719, 2010 WL 199953, at *6 (E.D. Mo. Jan. 13, 2010) ("Defendants have a right to inquire regarding Sega's work as a non-testifying consulting expert because it might affect Sega's motive and credibility regarding its testimony as a fact witness").

## CONCLUSION

For the foregoing reasons, the Court should grant the United States' Motion (ECF 233).

Dated:  October 31, 2024

| | |
|---|---|
| JAIME ESPARZA<br>UNITED STATES ATTORNEY | TODD KIM<br>ASSISTANT ATTORNEY GENERAL<br>Environment & Natural Resources Division |
| */s/ Landon A. Wade*<br>LANDON A. WADE<br>  Assistant United States Attorney<br>  Texas Bar No. 24098560<br>United States Attorney's Office<br>Western District of Texas<br>903 San Jacinto Blvd., Suite 334<br>Austin, TX 78701<br>(512) 370-1255 (tel)<br>(512) 916-5854 (fax)<br>Landon.wade@usdoj.gov | */s/ Andrew D. Knudsen*<br>BRIAN H. LYNK<br>  Senior Trial Counsel<br>  DC Bar No. 459525<br>BRYAN J. HARRISON<br>  Trial Attorney<br>  FL Bar No. 106379<br>KIMERE J. KIMBALL<br>  Trial Attorney<br>  CA Bar No. 260660<br>ANDREW D. KNUDSEN<br>  Trial Attorney<br>  DC Bar No. 1019697<br>U.S. Department of Justice<br>Environmental Defense Section<br>P.O. Box 7611<br>Washington, DC 20044<br>(202) 514-6187 (Lynk)<br>(202) 514-8865 (fax)<br>Brian.lynk@usdoj.gov<br>Kimere.kimball@usdoj.gov<br>Andrew.knudsen@usdoj.gov<br>Bryan.harrison@usdoj.gov<br><br>*Counsel for the United States of America* |

**CERTIFICATE OF SERVICE**

    I certify that on October 31, 2024, a copy of this filing was served on counsel of record through the Court's electronic filing system.

                                                              /s Andrew D. Knudsen
                                                              Andrew D. Knudsen