UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** *Plaintiff*, <br><br> v. <br><br> **GREG ABBOTT, in his capacity as Governor of the State of Texas, and THE STATE OF TEXAS,** *Defendants*. | No. 1:23-cv-00853-DAE |

**DEFENDANTS' MOTION TO CLARIFY**

Defendants Greg Abbott, in his official capacity as Governor of Texas, and the State of Texas (collectively "Texas") move the Court to announce this Court's view of the Fifth Circuit opinion that governs this trial and any further proceedings herein, and would show as follows:

On July 30, 2024, the en banc Fifth Circuit issued its decision reversing this Court's preliminary injunction. *United States v. Abbott*, 110 F. 4th 700 (5th Cir. 2024) (en banc). At a Status Conference on August 6, 2024, this Court raised questions about the effects of that decision, including questions about which Fifth Circuit opinion was controlling on remand, and indicated that that "we need to look at [this issue] very carefully." *See* Hearing Tr. at 2–5 (W.D. Tex. Aug. 6, 2024).

Accordingly, the Court stated that "the parties are going to have to address" the issue, *id.* at 4, and this Court would "need to make a ruling on" that question, *id.* at 18. At the time, the Court rightly stressed the importance of "mak[ing] a decision on this [question] *prior to trial*. I don't think we want to go to trial not knowing" which opinion controls. *Id.* at 15 (emphasis added).

1

To that end, this Court ordered the parties to file supplemental briefs simultaneously on September 20, 2024, analyzing the en banc Fifth Circuit's decision and explaining which opinion controls. *Id.* at 16. Later, in response to an unopposed motion, ECF 222, this Court extended by one week "the deadline for the parties to submit briefs regarding the *en banc* decision," past the scheduled issuance of the en banc Fifth Circuit's mandate. ECF 223 (W.D. Tex. Sept. 18, 2024). That mandate did provide additional clarity on the question of which opinion controls by directing that further proceedings in this Court should be consistent with the "majority opinion" of the en banc Fifth Circuit. ECF 224 (W.D. Tex. Sept. 23, 2024). On September 27, 2024, the parties simultaneously submitted extensive briefing on this question. *See* Supplemental Brief for Plaintiff, ECF 227 (W.D. Tex. Sept. 27, 2024); Supplemental Brief for Defendants, ECF 228 (W.D. Tex. Sept. 27, 2024).

The parties are busily preparing for the trial of this case, which is set to commence next week, on November 7, 2024. *See* ECF 214 (W.D. Tex. Aug. 6, 2024). Plaintiff appears to anticipate presenting evidence and testimony on issues that Texas strongly believes are precluded by the law-of-the-case doctrine based on the controlling en banc Fifth Circuit opinion by Judge Willett. To cite just one example, Plaintiff has identified numerous proposed Exhibits relating to cross-river activities that allegedly occurred more than one hundred years ago, at a location other than the current site of the Floating Buoy Barrier. Texas believes that such exhibits, and related testimony and evidence, are irrelevant and should be excluded at trial based on the law of the case established in Judge Willett's majority opinion for the en banc Fifth Circuit. *See* ECF 228 at 6, 14, 19–20.

Despite previously indicating that it would "need to make a ruling on" this issue "prior to trial," so that the parties do not "go to trial not knowing" which Fifth Circuit opinion controls,

Hearing Tr. at 15, 18, the Court has not yet issued a ruling on this important question. Accordingly, Texas respectfully requests that the Court follow through on announcing before trial—and preferably as soon as possible—which Fifth Circuit opinion this Court believes will control these proceedings on remand and provide the law of the case, for the benefit of all parties and an orderly trial.

Date: November 1, 2024

Ken Paxton
Attorney General of the State of Texas

Brent Webster
First Assistant Attorney General

Ralph Molina
Deputy First Assistant Attorney General

Austin Kinghorn
Attorney General for Legal Strategy

Ryan D. Walters
Chief, Special Litigation Division

OFFICE OF THE ATTORNEY GENERAL
P. O. Box 12548, MC-009
Austin, TX 78711-2548
(512) 936-2172

Respectfully submitted.

/s/ David Bryant
David Bryant
Senior Special Counsel
Tex. State Bar No. 03281500
david.bryant@oag.texas.gov

Johnathan Stone
Chief, Consumer Protection Division
Tex. State Bar No. 24071779
Johnathan.stone@oag.texas.gov

Munera Al-Fuhaid
Special Counsel
Tex. State Bar No. 24094501
munera.al-fuhaid@oag.texas.gov

Kyle S. Tebo
Special Counsel
Tex. State Bar No. 24137691
kyle.tebo@oag.texas.gov

Zachary Berg
Special Counsel
Tex. State Bar. 24107706
Zachary.Berg@oag.texas.gov

Counsel for Defendants

### CERTIFICATE OF CONFERENCE

On November 1, 2024, I inquired of counsel for Plaintiff via email its position on this motion. Plaintiff's counsel responded that they take no position regarding this motion.

*/s/ David Bryant*
David Bryant
Senior Special Counsel

### CERTIFICATE OF SERVICE

On November 1, 2024, this document was served on all counsel of record via email.

*/s/ David Bryant*
David Bryant
Senior Special Counsel
